ORIGINAL

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 29 2017

at ___ o'clock and 50 min P M.
SUE BEITIA, CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. CR17-101 LEK |
| | ) | |
| vs. | ) | MOTION FOR CONSTITUTIONAL |
| | ) | CHALLENGE TO GRAND JURY |
| ANTHONY WILLIAMS | ) | RULE 6(D) OF THE FEDERAL |
| Defendant. | ) | RULES OF CRIMINAL PROCEDURE |

## MOTION FOR CONSTITUTIONAL CHALLENGE TO GRAND JURY RULE 6(D) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

COMES NOW defendant, ANTHONY WILLIAMS, a legal fiction, by and through his undersigned common law counsel and submits this Motion For Constitutional Challenge To Grand Jury Rule 6(d) of the Fed. R. Crim. P. In support of this motion the defendant states the following:

1. Defendant has a Fourteenth Amendment right to the equal protection of the law and Rule 6(d) of the Fed. R. Crim. P. gives an unfair advantage to the government by allowing the government's attorney to be present during the grand jury session but not allowing either the attorney for the defendant or the defendant himself to be present to present his cause before the grand jury.

2. The grand jury by nature was formed to be independent of all three branches of government but the present operation and procedures of the grand jury is under the direct control and manipulation of the government and therefore it is almost always guaranteed that the government will get an indictment because they are the only one that is allowed to present evidence to the grand jury and have the propensity to manipulate the grand jury by

1

presenting fabricated evidence which is not subject to challenge in order to procure an indictment. "As the Supreme Court has noted, 'the Founders thought the grand jury so essential to basic liberties that they provided in the Fifth Amendment that federal prosecution for serious crimes can only be instituted by "a presentment or indictment of a Grand Jury." ' United States v Calandra, 414 US 338, 343, ... [38 L Ed 2d 561, 94 S Ct 613] (1974). Before the grand jury the prosecutor has the dual role of pressing for an indictment and of being the grand jury adviser. In case of conflict, the latter duty must take precedence. United States v Remington, 208 F.2d 567, 573-74 (2d Cir 1953) (L. Hand, J., dissenting), cert denied, 347 US 913 ... [98 L Ed 1069, 74 S Ct 476] (1954)."The ex parte character of grand jury proceedings makes it peculiarly important for a federal prosecutor to remember that, in the familiar phrase, the interest of the United States 'in a criminal prosecution is not that it shall win a case, but that justice shall be done.' [504 US 64] Berger v United States, 295 US 78, 88 ... [79 L Ed 1314, 55 S Ct 629] (1935)." Id., at 628-629.9 <*pg. 376> .

3. Rule 6(d) of the Federal Rules of Criminal Procedure clearly violates the guarantees and protections of the Fourteenth Amendment and therefore is repugnant to the constitution. "Every legislative act is to be presumed to be constitutional exercise of legislative power until contrary is clearly established." Close v Glenwood Cemetery (1883) 107 US 466, 17 Otto 466, 27 L Ed 408, 2 S Ct 267. "United States Supreme Court gives narrower scope for operation of presumption of constitutionality when legislation appears on its face to violate specific prohibition of the Constitution." Ex parte Mitsuye Endo (1944) 323 US 283, 89 L Ed 243, 65 S Ct 208. "Presumption that statute is enacted in good faith, for purpose expressed in title, cannot control final determination whether it is repugnant to Constitution." Minnesota v Barber (1890) 136 US 313, 34 L Ed 455, 10 S Ct 862.

4. Defendant request that he be provided with the transcripts of the grand jury to ensure that there was no prosecutorial misconduct in order to procure an indictment. The U.S. Supreme Court ruled in United States v. Williams, 504 U.S. 68, 54, 112 S. Ct. 1735, 118 L. Ed. 2D 352 (1992). "We do not protect the integrity and independence of the grand jury by closing our eyes to the countless forms of prosecutorial misconduct that may occur inside the secrecy of the grand jury room."

5. However, the grand jury of today is not independent and informed but an arm of the prosecution which has the propensity to manipulate the grand jury in issuing an indictment irregardless of sufficient probable cause to do so because of the prosecutions exclusive access to the grand jury that the accused has been denied. After all, the grand jury is not merely an investigatory body; it also serves as a "protector of citizens against arbitrary and oppressive governmental action." United States v Calandra, 414 US, at 343, 38 L Ed 2d 561, 94 S Ct 613. Explaining why the grand jury must be both "independent" and "informed," the Court wrote in Wood v Georgia, 370 US 375, 8 L Ed 2d 569, 82 S Ct 1364 (1962): "Historically, this body has been regarded as a primary security to the innocent against hasty, malicious and oppressive persecution; it serves the invaluable function in our society of standing between the accuser and the accused, whether the latter be an individual, minority group, or other, to determine whether a charge is founded upon reason or was dictated by an intimidating power or by malice and personal ill will." Id., at 390, 8 L Ed 2d 569, 82 S Ct 1364.

6. The prosecution of these charges the defendant contends are malicious and the result of prosecutorial misconduct when the prosecutor knows that the defendant is a civil rights activist and an upstanding pillar in the community and did not commit any crime of mail

3

fraud nor wire fraud and has mislead the grand jury into believing such and the prosecutor having evidence within it's possession which would negate the guilt of the defendant. The court in United States v. Williams supra, at 504 US 69, addressing whether the prosecutor has a duty to present all exculpatory evidence has clearly stated that the prosecutor is not required to place all exculpatory evidence before the grand jury. A grand jury proceeding is an ex parte investigatory proceeding to determine whether there is probable cause to believe a violation of the criminal laws has occurred, not a trial. Requiring the prosecutor to ferret out and present all evidence that could be used at trial to create a reasonable doubt as to the defendant's guilt would be inconsistent with the purpose of the grand jury proceeding and would place significant burdens on the investigation. ***But that does not mean that the prosecutor may mislead the grand jury into believing that there is probable cause to indict by withholding clear evidence to the contrary.*** I thus agree with the Department of Justice that "when a prosecutor conducting a grand jury inquiry is personally aware of substantial evidence which directly negates the guilt of a subject of the investigation, the prosecutor must present or otherwise disclose [504 US 70] such evidence to the grand jury before seeking an indictment against such a person." U. S. Dept. of Justice, United States Attorneys' Manual, ¶ 9-11.233, p 88 (1988).(emphasis added)

RELIEF

WHEREFORE, defendant moves this court to grant this motion dismiss the indictment and give defendant an opportunity to present his case before the grand jury in the interest of justice and as a constitutional mandate under the Fourteenth Amendment.

Executed this 25th day of September 2017.

Respectfully submitted,

*Anthony Williams* (signature)

Anthony Williams
Fed.#05963122
FDC – HAWAII
P.O. Box 30080
Honolulu, Hawaii

Common Law Counsel For Defendant

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent by U.S. Mail to the following recipients on the 25th day of September 2017.

US Attorney's Office

Honolulu, Hawaii