LARS ROBERT ISAACSON
Hawai'i Bar Number: 5314
Attorney at Law
547 Halekauwila Street, Suite 102
Honolulu, Hawai'i 96813
Phone: 808-497-3811
Fax: 866-616-2132
E-mail: Hawaii.defender@earthlink.net
Standby Counsel for Defendant Anthony T. Williams

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY T. WILLIAMS,<br><br>Defendant. | CR NO. 17-00101 LEK<br><br>DECLARATION OF COUNSEL; EXHIBIT "A;" CERTIFICATE OF SERVICE |

DECLARATION OF COUNSEL

**Comes now** standby defense counsel Lars Robert Isaacson, and hereby provides the following Declaration of Counsel concerning this case.

I, LARS ISAACSON, hereby declare as follows:

1. I have been appointed standby attorney for Mr. Williams in the above-entitled manner, and have been encouraged and empowered to assist him in the preparation of his defense.

2. Attached as Exhibit "A" is a document entitled *Notice of Authorities in*

*Support of Motion to Compel*" that was given to me by Mr. Williams at FDC Honolulu on December 8, 2017 for filing with this court.

I declare under penalty of perjury that the foregoing statements are true and correct, to the best of my knowledge, information, and belief.

Dated December 8, 2017

                              Respectfully submitted,

                              /s/   Lars Robert Isaacson
                              LARS ROBERT ISAACSON
                              Standby Counsel for Mr. Williams

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

UNITED STATES OF AMERICA           CASE NO.: 17-00101 LEK
V.                                 COMMON LAW JURISDICTION
ANTHONY WILLIAMS                   UCC 1-103.6

NOTICE OF AUTHORITIES IN SUPPORT
OF MOTION TO COMPEL

COMES NOW, defendant by and through undersigned common law counsel, Private Attorney General Anthony Williams, who is a servant of the Most High Yahweh-Elohim and Yahshua the Mahshyah and submits this Notice of Authorities In Support of Motion To Compel, an enumerated answer for each request with the corresponding and applicable authorities.

1. Pro Se Phone — Defendant relies upon Title 28 CFR 540.102 and Title 28 CFR 540.103 which states," staff may not monitor an inmate's properly placed call to an attorney. The warden shall notify an inmate of the proper procedures to have an unmonitored telephone conversation with an attorney. The warden may not apply frequency limitations on inmate telephone calls to attorneys when the inmate demonstrates that communication with attorneys by correspondence, visiting, or normal telephone use is not adequate.

2. Printer — Defendant relies upon the U.S. Supreme Court rulings Bounds v. Smith, 430 U.S. 817, 52 L Ed 2d 72, 97 S.Ct. 1491 which states in part at 430 U.S. 819 that "each library would stock legal forms and writing paper and have typewriters and use of copying machines."

Attorney Rodrigues previously argued that the FDC has gone beyond federal standards in providing a law library for inmates to do research and type their motions on the typewriter that is provided. Whether FDC has a law library and a typewriter for inmates to draft motions and a computer terminal to do research is not in dispute. What is in dispute is that the law library that has been provided for inmates is severly inadequate. Bounds supra, provides that prisons must provide adequate law libraries and a law library that deprives an inmate from drafting and saving his motions or research he has done can not be considered an adequate law library. When Bounds supra, was decided there were no personal computers (PC) to draft and save motions, therefore the only available technological means for drafting motions were the use of typewriters and one had to then make copies of the said motion by use of a copy machine. With the invention of the PC this allowed one to not only have the ability to type up their motions, but they could go back and edit the same motion without having to re-type the whole document which was not only more convenient but expedient in that it reduced and eliminated the retyping of an entire motion in order to make additions or deletions to the motion. The computers at the FDC have word processing capabilities but have been deliberately disabled in order to force inmate to use an obsolete, antiquated and out dated typewriter (which by the way has no correction capability), or have to use the trulincs email system which inmates have to pay every time they log in to the email system and then pay again to print out the motion they typed. There is no copy and paste feature with the trulincs system and the ability to copy information from the Lexis Nexis program onto the trulincs email is not available.

3. <u>Update the Computer</u> — Defendant relies upon information taken from the July 7, 2014 BOP RFI for support services, hardware and software for inmate electronic discovery which states in part, "The device should have the ability to receive updates to read additional types of data needed." The computer that has been provided is not set up to receive updates and has been configured to delete anything saved on the device every two hours. It specifically outlines the word processing formats that should be available to be updated on the computer in which Microsoft word is one of the formats that is listed. (See Exhibit   ). Access to this software is tantamount for inmates to have meaningful access to the courts. In <u>Younger v. Gilmore</u>, 404 U.S. 15, 30 L Ed 2d 142, 92 S.Ct. 250, the U.S. Supreme court ruled that, "The fundamental constitutional right of access to the courts held to <u>require prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law</u>." A law library cannot be deemed adequate when it deprives inmates of some of the basic functions and use of a computer by deliberately deleting those functions which are vital and necessary to drafting sufficient legal documents. The computers should possess the most recent versions of the available software and have the ability to be updated when new and improved versions are made available. No one would expect an attorney at law to operate using outdated equipment from the 1970's or software that is thirty (30) years old. This would severly handicap an attorney to do effective and adequate research in order to proffer a sufficient defense to protect the rights of clients. How much more would this be a detriment to a pro se defendant? This is provided for all inmates at the Pahrump, NV facility not just for pro se defendants.

4. <u>Lexis Nexis Program</u> – Defendant relies upon the fact that all of the other computers that inmates have access to have the Lexis Nexis program installed. Since Mr. Williams has been provided a computer to view his discovery, it is not outside the scope or ability of the FDC to have the program installed on the same computer so that Mr. Williams can view his discovery and do his legal research all on the same computer. This was provided at the facility in Pahrump, Nevada.

5. <u>Legal Materials From Outside Sources</u> – Defendant relies upon Title 28 CFR § 543.11 (d) (1) which states, "An inmate may solicit or purchase legal materials from outside the institution. The inmate may receive the legal materials in accordance with the provisions on incoming publications or correspondence (see 28 CFR part 540, subparts B and F) or through an authorized attorney visit from a retained attorney. The legal materials are subject to inspection and may be read or copied unless they are received through an authorized attorney visit from a retained attorney, or are properly sent as special mail (for example, mail from a court or from an attorney), in which case they may be inspected for contraband or for the purpose of verifying that the mail qualifies as special mail." Any legal materials that the FDC can not or will not provide, then Mr. Williams request that he does not be hindered from obtaining these materials from outside sources.

6. <u>Visitors</u> – Defendant relies upon Title 28 CFR § 540.44(a)(b)(c) and Title 28 CFR § 540.45(a). (See Exhibit    ). Mr. Williams has been denied visitation by any visitors which is prejudicial and a violation of the aforementioned titles and the Fourteenth Amendment which guarantees equal protection of the law for all Americans. Some of these visitors are necessary for the

preparation of trial and to maintain his business.

7. <u>Single Cell Occupancy</u> — Defendant relies upon the fact of several factors which include: 1) There are approximately twenty (20) empty cells currently in the unit Mr. Williams is housed in; 2) There are several inmates who currently have their own cell; 3) The amount of law work that Mr. Williams possess is not conducive for double occupancy without causing space issues for the other inmate; 4) It causes a conflict with cellmates because of the late night hours Mr. Williams stays up going through his law work which requires the light to be on when the other cellmate wants them off to go to sleep and 5) There is an empty cell next to the office that has been provided for Mr. Williams which would not disrupt the orderly management of the unit nor would it disrupt the count procedures because the officers have to pass this room in order to complete their count and would not have to go out of their way to facilitate this move.

8. <u>Answering of Deposition By FBI</u> — Defendant relies upon Federal Rules of Criminal Procedure Rule 15(a)(1) wherein it states, "A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice. If the court orders the deposition to be taken, it may also require the deponent to produce at the deposition any designated material that is not privileged, including any book, paper, document, record, recording, or data." The deposition of the FBI is vital to my defense in obtaining documents, files and records they have relevant to my case.

WHEREFORE, based on the foregoing authorities defendant moves the court to issue an order compelling the government to do the enumerated actions outlined in the Motion to Compel. Done this 2nd day of December 2017.

Righteously Submitted,

Anthony Williams
Anthony Williams
Private Attorney General
P.O. Box 30080
Honolulu, Hawaii [96820]

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent by U.S. mail to the following:

US Attorneys Office
Ronald Johnson
PJKK Federal Bldg, Room 6-100
300 Ala Moana Blvd.
Honolulu, Hawaii 96850

this 8th day of December 2017.

Anthony Williams

## CERTIFICATE OF SERVICE

On December 8, 2017, a copy of the foregoing was served on all parties of record by electronic filing.

                        Respectfully submitted,

                        /s/   Lars Robert Isaacson
                        LARS ROBERT ISAACSON
                        Standby Counsel for Mr. Williams