IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR NO. 17-00101 LEK |
| | ) | |
| Plaintiff, | ) | ORDER (1) DENYING DEFENDANT'S |
| | ) | MOTION FOR CLERK TO ISSUE BLANK |
| vs. | ) | SUBPOENAS; (2) GRANTING IN PART |
| | ) | AND DENYING IN PART DEFENDANT'S |
| ANTHONY WILLIAMS, | ) | MOTION TO COMPEL; AND (3) |
| | ) | DENYING DEFENDANT'S MOTION FOR |
| Defendant. | ) | FUNDS TO HIRE A PRIVATE |
| | ) | INVESTIGATOR |
| _____ | ) | |

ORDER (1) DENYING DEFENDANT'S MOTION FOR CLERK TO ISSUE
BLANK SUBPOENAS; (2) GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO COMPEL; AND (3) DENYING DEFENDANT'S
MOTION FOR FUNDS TO HIRE A PRIVATE INVESTIGATOR

Before the Court are three motions filed by Defendant

Anthony Williams: (1) Motion For Clerk to Issue Blank Subpoenas,

filed on November 13, 2017; (2) Motion To Compel, filed on

November 29, 2017; and (3) Motion For Funds to Hire a Private

Investigator, filed on December 1, 2017.  ECF Nos. 60, 65, 68.

The United States filed a Response to Defendant's Motion to

Compel on December 14, 2017.  ECF No. 73.  A hearing on all three

motions was held on December 15, 2017.  ECF No. 74.  After

careful consideration of the submissions of the parties, the

arguments of counsel, and the relevant legal authority, the Court

DENIES Defendant's Motion For Clerk to Issue Blank Subpoenas,

GRANTS IN PART AND DENIES IN PART Defendant's Motion to Compel,

and DENIES Defendant's Motion For Funds to Hire a Private

Investigator.

DISCUSSION

### I.   Motion For Clerk To Issue Defendant Blank Subpoenas

Defendant's Motion for the Clerk to Issue Defendant Blank Subpoenas is DENIED.

### II.   Motion to Compel

### A.   Printer

Defendant has been provided access to a computer on which he may review discovery.  The Court ORDERS the Federal Bureau of Prisons ("BOP") to provide a printer for Defendant to use in conjunction with this computer.  If there is a technological reason why this cannot be done, the BOP shall file a detailed explanation of its inability to comply no later than December 22, 2017.

### B.   Word Processing Capabilities

The BOP shall allow Lars R. Isaacson, Esq., stand-by counsel for Defendant, to provide a blank CD for Defendant to use in conjunction with the computer provided for discovery review. Defendant may use the CD for word processing purposes and for saving his legal work done in preparation of his defense.  The BOP shall make such changes as are necessary to the computer provided for discovery review to allow Defendant to save his word processing work on the CD.  If there is a technological reason why this cannot be done, the BOP shall file a detailed explanation of their inability to comply no later than December 22, 2017.

### C.   Remaining Requests

The remaining items requested in Defendant's Motion to Compel are DENIED.  At the hearing on December 15, 2017, the BOP indicated the following to the Court:  Defendant has direct access to call his stand-by counsel, Mr. Isaacson, via the detention center's telephone system; Defendant has access to legal research, including the ability to utilize LexisNexis; Defendant may receive legal material from outside the facility; and Defendant is allowed visitors pursuant to standard BOP policy.  The Court finds that Defendant has not shown a sufficient need or basis for his own private cell.  The Court therefore DENIES all remaining requests in Defendant's Motion to Compel.

### III.   Motion For Funds to Hire a Private Investigator

Finally, Defendant seeks funds to hire a private investigator.  Under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, a person "who is financially unable to obtain investigative ... services necessary for adequate representation may request them in an ex parte application."  Id., §3006A(e)(1). If the court finds "that the services are necessary and that the person is financially unable to obtain them, the court ... shall authorize counsel to obtain the services."  Id.  A pro se defendant may also make a request for investigative services. See United States v. Schulze, CR No. 02-00090-01 DAE, 2007 WL 1080103, *3 (D. Haw. Apr. 9, 2007) (citing United States v.

3

Hamlet, 456 F.2d 1284, 1284 (5th Cir. 1972)).

Whether to provide an investigator is a decision that lies within the court's discretion.  United States v. Labansat, 94 F.3d 527, 530 (9th Cir. 1996).  A court is required to authorize investigative services only on "a timely request in circumstances in which a reasonable attorney would engage such services for a client having the independent financial means to pay for them."  United States v. Bass, 477 F.2d 723, 725 (9th Cir. 1973); see also United States v. Fields, 722 F.2d 549, 551 (9th Cir. 1983) (to show that he is entitled to investigative services, a defendant seeking investigative services "must demonstrate that reasonably competent retained counsel would require the investigative work sought for preparation of a defense for a client with the means to pay for it").  A defendant must establish by clear and convincing evidence the prejudice that would be caused by the court's failure to appoint an investigator.  United States v. Brewer, 783 F.2d 841, 843 (9th Cir. 1986)

Defendant has provided no evidence to establish that an investigator is necessary.  Defendant merely states that "there is evidence and documents that are imperative to obtain and only a hired private investigator can obtain," and "there are witnesses vital to the defense that an investigator would be able to locate in order to have them present for trial to give their testimony."  ECF No. 68.  These statement alone, with no

additional details or facts, make it impossible for the Court to determine the need for investigative services.  Defendant's Motion For Funds to Hire a Private Investigator is DENIED without prejudice.

CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

1.   Defendant's Motion For Clerk to Issue Defendant Blank Subpoenas is DENIED.

2.   Defendant's Motion to Compel is GRANTED IN PART and DENIED IN PART as follows:

(A) Defendant's Request for a printer is GRANTED as follows: the BOP shall provide a printer for Defendant to use in conjunction with the computer provided to Defendant for discovery review.

(B) Defendant's Request for word processing capabilities is GRANTED as follows: the BOP shall allow Defendant's stand-by counsel to provide a blank CD for Defendant to use in conjunction with the computer provided for discovery review; Defendant may use the CD for word processing purposes and for saving his legal work done in preparation of his defense; and the BOP shall make such changes as are necessary to the computer provided for discovery review to allow Defendant to save his word processing work on the CD.

(C) All remaining items requested in Defendant's Motion to Compel are DENIED.

       3.    Defendant's Motion For Funds to Hire a Private Investigator is DENIED.

       IT IS SO ORDERED.

       DATED AT HONOLULU, HAWAII, DECEMBER 18, 2017.



                             Richard L. Puglisi
                             United States Magistrate Judge


**United States V. Williams, CR NO. 17-00101 LEK; ORDER DENYING DEFENDANT'S MOTION FOR CLERK TO ISSUE DEFENDANT BLANK SUBPOENAS; GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL; AND DENYING DEFENDANT'S MOTION FOR FUNDS TO HIRE A PRIVATE INVESTIGATOR**