ELLIOT ENOKI #1528
Acting United States Attorney
District of Hawaii

AMALIA FENTON
RON JOHNSON  #4532
Assistant United States Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
Fax:  (808) 541-2958
E-Mail: amalia.fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00101 LEK |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S APPEAL AND |
| | ) | REQUEST TO THE DISTRICT COURT |
| | ) | TO RECONSIDER A PRETRIAL |
| vs. | ) | MATTER DETERMINED BY THE |
| | ) | MAGISTRATE JUDGE; MEMORANDUM |
| | ) | OF POINTS AND AUTHORITIES; |
| ANTHONY WILLIAMS   (01), | ) | DECLARATIONS OF ANNELIZABETH W. |
| | ) | CARD AND JONATHAN SIMO; |
| Defendant. | ) | CERTIFICATE OF SERVICE |
| _____ | ) | |

GOVERNMENT'S APPEAL AND REQUEST TO THE DISTRICT COURT TO
RECONSIDER A PRETRIAL MATTER DETERMINED BY THE MAGISTRATE JUDGE

   The United States hereby files this Appeal and Request to

the District Court and accompanying memorandum of points and

authorities pursuant to Criminal Local Rule 57.3(b).  This

Appeal is timely in that it is filed 11 days after the filing of

the Magistrate Judge's written order, filed December 18, 2017.
(Dkt. No. 75).

The government moves for the District Court to reconsider
Magistrate Judge Puglisi's December 18, 2017 Order granting in
part and denying in part Defendant William's Motion to Compel.
For the reasons set forth below, the District Court should
reconsider the matter and deny Defendant's Motion to Compel in
its entirety.

**BACKGROUND**

I.   <u>Defendant's Motion and the Government's Response</u>

The defendant filed his Motion to Compel on November 29,
2017.  (Dkt. No. 65).  In his motion, the defendant, who is
currently housed at the Federal Detention Center ("FDC") in
Honolulu, asked that the Court compel the government to, among
other things, provide him with his own dedicated printer, a
dedicated computer with both LexisNexis access and word
processing capabilities, and the ability to save draft
documents.  On December 8, 2017, the defendant filed a Notice of
Authorities in Support of Motion to Compel, in which he set
forth in more detail his requests.  (Dkt. No. 71).

On December 14, 2017, the government filed a response to
the defendant's motion.  (Dkt. No. 73).  In its response, the
government detailed the accommodations already being provided to

2

the defendant at the FDC that comport with constitutional
requirements and amply enable the defendant to prepare his
defense.  The government therefore requested that the Magistrate
Judge deny the defendant's motion.

II.  <u>The Magistrate Judge's Order</u>

On December 18, 2017, the Magistrate Judge issued its Order
(1) Denying Defendant's Motion for Clerk to Issue Blank
Subpoenas; (2) Granting in Part and Denying in Part Defendant's
Motion to Compel; and (3) Denying Defendant's Motion for Funds
to Hire a Private Investigators, issued on December 18, 2017.
(Dkt. No. 75).  As is relevant to this appeal, the order
mandated the Bureau of Prisons ("BOP") to (1) provide the
defendant with a printer to use in conjunction with the computer
used to view discovery, (2) enable the defendant to perform word
processing on the same computer he uses to view discovery, and
(3) allow stand-by counsel to provide defendant with a blank CD
to be used for word processing purposes.  (Dkt. No. 348 at 2).
It is this portion of the Magistrate Judge's December 18, 2017
Order the Government asks the Court to reconsider.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The District Court should deny the defendant's Motion to
Compel in its entirety.  The United States is currently
exceeding constitutional standards for the provision of legal

access to the defendant, and the additional technology-related
accommodations ordered by the Magistrate Judge would raise
serious administrative and security concerns at FDC Honolulu.

I.   The Defendant Has Adequate Access to the Court

Inmates have a constitutional right to access to the court.
United States v. Bounds, 430 U.S. 817, 817 (1977).  This right
is not unlimited however; Bounds simply requires that inmates
have "a reasonably adequate opportunity to present claimed
violations of fundamental constitutional rights to the courts."
Lewis v. Casey, 518 U.S. 343, 343 (1996) (quoting Bounds, 430
U.S. at 825).  Thus, to establish a Bounds violation, an inmate
must demonstrate that the alleged shortcomings in legal access
provided in a correctional facility have or are actually
hindering his efforts to pursue legal claims.  Id.; see also,
e.g., Vigliotto v. Terry, 873 F.2d 1201, 1202-03 (9th Cir.
1989).

The defendant can demonstrate no such violation here.  To
the contrary, he has been more than adequately equipped with the
tools necessary for pursuing his legal claims and preparing his
defense.  The defendant is permitted daily review of discovery
materials on a standalone computer located in his housing unit,
and unlimited LexisNexis legal research at a separate computer.
See Declaration of AnnElizabeth W. Card ("Card Decl.") at ¶ 3;

4

Declaration of Jonathan Simo ("Simo Decl.") at ¶ 7; Government's

Response to Defendant's Motion to Compel (Dkt. No. 73) at 4-7.

He has access to a printer he can use in conjunction with his

legal research.  Card Decl. at ¶ 3.  He also has access to a

typewriter, a word processing substitute with "save" capability,

stamps, envelopes, writing tools, and paper.  Id.  He may

request use of the photocopier in the FDC's Education

Department, or can request that his stand-by attorney (with whom

he can meet any day of the week) make copies of documents for

him.  Id.

    In light of these facts, and given (as discussed below) the

real security concerns involved, there is simply no

constitutional basis for the Court to impose additional onerous

requirements on the FDC.  Rather, because the defendant already

has legal access above and beyond that which is constitutionally

required, the Court should deny the defendant's Motion to Compel

in its entirety.

II.  The Technology-Related Accommodations Ordered by the
     Magistrate Judge Raise Legitimate and Serious
     Administrative and Security Concerns

    Not only does the defendant's current access exceed

constitutional requirements, the technology-related

accommodations mandated in the Magistrate Judge's order raise

serious administrative and security concerns for the BOP and FDC Honolulu.

The Supreme Court has emphasized that courts must grant correctional facilities great latitude in fashioning internal regulations to ensure security within those institutions. Florence v. Bd. of Chosen Freeholders of Cty. of Burlington, 566 U.S. 318, 326 (2012) ("Maintaining safety and order at these institutions requires the expertise of correctional officials, who must have substantial discretion to devise reasonable solutions to the problems they face."); see also Lewis, 518 U.S. at 361-62 (Courts should not "becom[e] enmeshed in the minutiae of prison operations."); Turner v. Safley, 482 U.S. 78, 84-85 (1987) (emphasizing that courts should grant great deference to prison officials' judgments regarding security issues).  Indeed, "in the absence of substantial evidence in the record to indicate that officials have exaggerated their response to [legitimate security interests,] courts should ordinary defer to their expert judgment in such matters."  Florence, 566 U.S. at 328 (quoting Block v. Rutherford, 468 U.S. 576, 584-85 (1984)).

Here, the BOP's objection to the Magistrate Judge's order compelling it to provide certain technology-related accommodations to the defendant is grounded in a number of legitimate concerns.

6

First, for management and security reasons, BOP strives to
establish uniform legal access procedures for all inmates.  In
light of this, the Magistrate Judge's order would essentially
compel sweeping changes to BOP's national procedures for inmate
review of discovery materials.[1]  Card Decl at ¶ 5; Simo Decl. at
¶¶ 7-9 & Ex. A.  This would be a significant drain on BOP
resources and prove nearly impossible given limited space in BOP
facilities.  See Card Decl. at ¶¶ 4, 7-8.  The changes to the e-
discovery workstations would require installation by mainland
BOP IT Specialists, and a full reworking of the security
features of all e-discovery workstations.  Simo Decl. at ¶¶ 8-10
& Ex. A.  In sum, the unintended consequence of the Magistrate
Judge's order would be the creation of a new, unworkable set of
mandates for the use of technology in BOP facilities.  Such a
result is exactly what the Supreme Court cautioned against in
Turner and its progeny.  See Turner, 482 U.S. at 89 ("[P]rison
administrators, and not the courts, are to make the difficult
judgments concerning institutional operations." (alterations
omitted)).

_____

1 Indeed, in response to this case, other inmates have already
filed motions requesting similar technology-related
accommodations.  Card Decl. at ¶ 10.

Moreover, there are real security risks associated with providing inmates with their own printers, blank CDs, and word processing software.  The provision of blank CDs and printers to inmates would create a risk of physical harm to other inmates and BOP employees: discs and printer components can easily be taken, hidden, and used as weapons.  Card Decl. at ¶¶ 13-16. The additional administrative burden of attempting to account for and regulate these new items of contraband would be substantial.  Id.  Further, access to word processing programs and saving functions would allow inmates to make configuration changes and otherwise compromise secure BOP computer systems. Simo Decl. at ¶ 10-14.  The BOP recognizes that some degree of inmate access to technology is necessary given the realities of modern litigation.  Id. at ¶¶ 5-6.  In response to this, BOP has established highly technical national procedures to allow adequate access while also effectively addressing legitimate security concerns.  Id. at ¶ 6 & Ex. A.  The Magistrate Judge's order would upset this carefully considered approach.

Granting inmates access to blank CDs and printers in conjunction with computers used to view e-discovery could also lead to the dissemination of highly sensitive co-defendant, victim, and witness information throughout the FDC population and elsewhere.  Card Decl. at ¶ 11.  This may put third parties

at risk or enable inmates to criminally exploit information gleaned in discovery.  Id.  It is for this reason that BOP currently strictly regulates how inmates are permitted to view and possess discovery materials.  See id. at ¶¶ 11-12; Simo Decl., Ex. B.

Moreover, granting inmates access to word processing software, blank CDs, and printers would allow inmates to use these technologies for criminal purposes such as the creation of forged or fraudulent legal and financial documents.  Id. at ¶¶ 17-21.  This is not a mere hypothetical: inmates in other facilities given access to basic word processing and printing functions have created and filed false documents in a number of cases.  See id. & Exs. A & B.  This is of particular concern with the defendant, who is a Sovereign Citizen[2] and has already

---

2 See e.g. Southern Poverty Law Center, HATEWATCH: Sovereign Citizen Faces Unlawful Practice of Law Charge in Florida, June 16, 2017, *available at* https://www.splcenter.org/hatewatch/2017/06/16/sovereign-citizen-faces-unlawful-practice-law-charge-florida (describing inmate Williams as a Sovereign Citizen who makes use of "the most-common sovereign citizen techniques"); ABC News 7 Miami, South Florida Sovereign Citizen Found Guilty of Practicing Law without a License, March 2, 2016, *available at* http://wsvn.com/news/south-florida-sovereign-citizen-found-guilty-of-practicing-law-without-a-license/ (same); ABC News 7 Miami, Sovereign Citizen Busted for Practicing Law Without a License, November 10, 2015, *available at* http://wsvn.com/news/sovereign-citizen-busted-for-practicing-law-without-a-license/ (same); Hawaii News Now, EXCLUSIVE: FBI Investigating Maui Mortgage Scam, October 13, 2015, available at

shown himself capable of making fraudulent documents using only a consumer printer and word processing software.  Id. at ¶¶ 22-23 & Ex. C.  The defendant's status as a Sovereign Citizen compounds the risk of harm in providing him with access to document-making equipment, as Sovereign Citizens are known to routinely use the filing of false liens and other purported legal documents for purposes of harassment.  Id. at ¶¶ 24-32 & Ex. D; Simo Decl. at ¶ 15.  In light of the threats the defendant has already made against BOP staff, the BOP's policy of limiting his access to certain technological accommodations is highly reasonable and motivated by legitimate and very real security concerns.  Card Decl. at ¶¶ 30-32.

In sum, the provision of the technology-related accommodations set forth in the Magistrate Judge's order would be unworkable and give rise to serious security risks at FDC Honolulu and BOP facilities nationwide.  Because the defendant already has ample access to the tools necessary to petition the

---

http://www.hawaiinewsnow.com/story/ 30255286/exclusive-fbi-investigating-maui-mortgage-scam ("Williams is a member of the sovereign citizens movement on the Mainland and calls himself a private attorney general for the Common Law Office of America"); NBC News 4 Nashville, FBI Warns Police of Growing Sovereign Citizen Movement, July 8, 2013, available at (http://www.wsmv.com/story/22788061/fbi-warns-police-of-growing-sovereign-citizen-movement) (casting inmate Williams as one of several "self-proclaimed sovereign citizens who believe the law doesn't apply to them").

court and prepare his defense, the Court should reconsider the

Magistrate Judge's December 18, 2017 Order and deny the

defendant's Motion to Compel in its entirety.

DATED: December 29, 2017, Honolulu, Hawaii.

ELLIOT ENOKI
Acting United States Attorney
District of Hawaii


By    /s/ Amalia L. Fenton
     AMALIA FENTON
     RON JOHNSON
     Assistant U.S. Attorneys

11

## CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at his last known address:

Served via U.S. Mail

Mr. Anthony T. Williams
#05963-122
FDC Honolulu
Inmate Mail/Parcels
P.O. Box 30080
Honolulu, HI  96820
(808) 838-4200

   Pro Se

   DATED:  December 29, 2017, at Honolulu, Hawaii.


   /s/ Rowena Kang_____
   U.S. Attorney's Office