1           IN THE UNITED STATES DISTRICT COURT

2              FOR THE DISTRICT OF HAWAII

3
    UNITED STATES OF AMERICA,      ) CR 17-00101 LEK
4                                  )
                 Plaintiff,        ) Honolulu, Hawaii
5                                  ) October 20, 2017
        vs.                        )
6                                  ) MOTION HEARING FOR BILL OF
    ANTHONY T. WILLIAMS,           ) PARTICULARS
7                                  )
                 Defendant.        )
8   _____)

9
                    TRANSCRIPT OF PROCEEDINGS
10         BEFORE THE HONORABLE RICHARD L. PUGLISI
                UNITED STATES MAGISTRATE JUDGE
11
    APPEARANCES:
12
    For the Government:        ROBERT G. JOHNSON, AUSA
13                             Office of the United States Attorney
                               PJKK Federal Building
14                             300 Ala Moana Boulevard, Suite 6100
                               Honolulu, Hawaii 96850
15
    Also Present:             TIMOTHY A. RODRIGUES, BOP
16

17  For the Defendant:        ANTHONY T. WILLIAMS, *Pro Se*

18  Standby Counsel:          LARS ROBERT ISAACSON, ESQ.
                              547 Halekauwila Street, Suite 102
19                            Honolulu, Hawaii 96813

20

21  Official Court Reporter:  Debra Read, CSR CRR RMR RDR
                              United States District Court
22                            300 Ala Moana Boulevard
                              Honolulu, Hawaii 96850
23

24
    Proceedings recorded by electronic sound recording; transcript
25  produced with computer-aided transcription (CAT).


                    UNITED STATES DISTRICT COURT

```
 1   FRIDAY, OCTOBER 20, 2017                        11:08 A.M.
 2            THE COURTROOM MANAGER:  Criminal 17-00101 United
 3   States of America versus Anthony Williams.
 4        This case is called for a Hearing for a Motion of Bill of
 5   Particulars.
 6        Appearances, please.
 7            MR. JOHNSON:  Good morning, Your Honor.
 8         Ronald Johnson, Assistant United States Attorney, on
 9   behalf of the government.
10            THE COURT:  Good morning.
11        Good morning, Mr. Williams.  This is your motion for a
12   bill of particulars.  I have reviewed your motion and I've
13   noted that after your motion was filed, you did receive
14   extensive discovery and the indexing of that discovery; is that
15   correct?
16            THE DEFENDANT:  Yes, sir.
17            MR. ISAACSON:  Your Honor, for the record, I'm Lars
18   Isaacson, Standby Counsel, here at counsel table.
19            THE COURT:  Yes, sir.  Thank you, Mr. Isaacson.
20        And have you had the ability, Mr. Williams, to review the
21   discovery in the --
22            THE DEFENDANT:  Yesterday was the first time I was
23   able to go down to the law library to review the DVDs.  The
24   only thing I was able to access was the audio and the video.
25   The actual documents, it gave a error -- I wrote down the error
```

1    that it gave me.  It says, "This operation has been cancelled

2    due to restrictions in effect on this computer.  Please contact

3    your system administrator."

4         So when I talked to Ms. Camillo who is the education

5    supervisor, she said that the disc was, I guess, put in certain

6    ways where I can't access it on their computer and I would have

7    to get with whoever gave me the DVDs, that they would have to

8    correct that, either put all the documents in a PDF file where

9    I can pull it up because their system will not pull up those

10   documents on that computer.

11        So I haven't been able to see none of the documents as far

12   as discovery.  I'm just able to hear some of the audio and the

13   videos, but none of the documents that in discovery that I was

14   able to view.

15             THE COURT:  Okay.  And you're going to need what to

16   view them?

17             THE DEFENDANT:  She said they'll probably have to

18   have like the documents put on PDF file where I can see it on

19   PDF.  But whatever type of program they have the DVDs on, that

20   computer don't have that program.  It's not accessible, so I

21   can't open any of those documents.

22             THE COURT:  Mr. Johnson?

23             MR. JOHNSON:  Yes, Your Honor.  Your Honor, the

24   discovery issues are the subject matter of a hearing that began

25   before Judge Chang and he's monitoring this.  I believe we're

1    due to get back together I think on the 23rd on that matter.

2        And Tim Rodrigues, who is the chief counsel for the

3    Federal Detention Center here, has been working with the staff

4    and with Mr. Williams to give him access and to make sure

5    things are working.  There's been numerous letters and

6    communications back and forth between Mr. Isaacson and

7    Mr. Rodrigues, and Mr. Williams has been discussing these

8    matters with the personnel at FDC, so that's part of what we're

9    trying to work out.

10        He has been moved so that he has access to legal research.

11    He's also been given access to a computer that can review these

12    discs.  If there's a system problem, Mr. Rodrigues will look

13    into that, and, you know, we want to make sure that he has full

14    access to everything we provided.

15        It's over 53,000 pages.  We provide an extensive index of

16    the materials there, and it's a speaking indictment so, you

17    know, in terms of the bill of particulars, we think that he

18    needs to be able to understand what he has before he complains

19    that he doesn't understand.

20        THE COURT:  Right.  And Judge Chang is holding a

21    hearing, you said, on Monday the 23rd?

22        MR. JOHNSON:  I believe so.  I believe

23    Mr. Isaacson's in agreement with that.  We're coming back in

24    and we're probably going to be meeting again with Mr. Rodrigues

25    from the FDC.  This has been an ongoing effort to make sure

1    that he has enough time and access to legal research to

2    represent himself.

3         THE COURT:  All right.  Mr. Williams, in looking at

4    whether a bill of particulars is ordered in any given case,

5    courts generally consider whether a defendant has been advised

6    adequately of the charges, primarily through discovery.  And so

7    you're in fairly extensive discovery right now, and with over

8    50,000 documents, you really need to go through -- excuse

9    me -- that discovery prior to any determination that you don't

10   understand what you've been charged with.

11        Do you understand that?

12        THE DEFENDANT:  Well, sir, with the indictment, what

13   they're charging me with in the indictment and what they're

14   actually alleging in the indictment are totally different

15   things.  And to give you an example, in the indictment they put

16   that I misrepresented what I could do for clients, which I

17   never did.  My company's application is very specific to each

18   client what we could and couldn't do.  But I wasn't charged

19   with anything like that in the indictment.

20        What the indictment charges on the mail fraud, they're

21   charging me 12 counts of -- really not charging me -- they got

22   12 counts of mail fraud where a client mailed their payment.

23   So they're charging me for the client mailing the payment.

24   This one client, their 12 payments, they're charging me with 12

25   counts.

1        One client they charged me with four counts of them

2   mailing their payment.

3        Another count they're charging me a count of mail fraud is

4   actually a letter from one of my client's former mortgage

5   companies to me because I have the power of attorney.  So

6   they're charging me with mail fraud on the mortgage company

7   sending me a letter in response to a letter that was sent.  And

8   so they're charging me with a letter that the mortgage company

9   sent.

10        And none of that is alleged in the indictment, but that's

11   what I'm being charged with.  And so that's the reason why in

12   my bill of particular I basically put -- you know, I state,

13   "What acts of the defendant the government contends constituted

14   mail fraud or wire fraud.  With respect to each act, state, A,

15   the nature of the act, the place where it occurred, and, C, the

16   date on which it occurred, and also, 19, state whether the

17   government claimed that the defendant was aided or assisted in

18   committing mail fraud or wire fraud, and if so claimed,

19   specify, A, the names and addresses of the persons who gave the

20   defendant aid and assistance, B, the nature of the acts the

21   government claims aided and assisted the defendant, C, the

22   places where these allegedly occurred and the dates for each of

23   these acts," and it's not specifically said in that indictment.

24        In the indictment it has 12 payments of one client that

25   mailed to our corporate office, 4 payments that were mailed, a

UNITED STATES DISTRICT COURT

1    letter from the mortgage company.  And then on the wire fraud

2    they're alleging emails from me and my mom constitute wire

3    fraud, and emails from my employees to me constitute wire

4    fraud, which there was nothing fraudulent in the emails.  It

5    was just basically questions and I'm answering questions,

6    so -- and that wasn't alleged in the body of the indictment,

7    but that's what I'm being charged with.

8         So I'm saying I need particular what I'm being charged

9    with because what they got in the body of the indictment has

10   none of those things in there at all.

11          THE COURT:  Well, just from your very extensive

12   recitation of those transactions over the last two minutes, it

13   seems like you know exactly what you've been charged with.

14          THE DEFENDANT:  No.  I'm saying if you read the

15   indictment, sir --

16          THE COURT:  Well, let me just stop you there 'cause

17   the indictment does not have to contain every single minute

18   fact and detail of the charge.  That's just not the law.

19          THE DEFENDANT:  Right.  But it doesn't contain any.

20   What they're charging me with as far as the counts and what's

21   in the indictment, they don't correspond to each other and

22   that's what I'm saying.  If they would correspond to each

23   other, then I could see that, but they don't.

24        You got 19 counts of mail fraud what has nothing to do

25   with the body of the indictment, and 11 counts of wire fraud

1   which has nothing to do with the body of the indictment at all.

2   If you read the indictment, then you could understand what I'm

3   saying.

4       But it has nothing to do with the counts that they're

5   charging me.  They're charging 30 counts of felony charges with

6   19 mail fraud and 11 wire fraud, but none of those charges are

7   in the body of the indictment.  What they're saying I did,

8   they're not listed as any of those counts.

9       THE COURT:  Well, I do think that you do need to go

10  through the discovery, which you haven't gone through yet.

11      THE DEFENDANT:  Well, I haven't been able to 'cause

12  I can't access it.

13      THE COURT:  Yeah.  And just to verify, is

14  Judge Chang addressing those issues on Monday, Mr. Johnson?

15      MR. JOHNSON:  Yes, Your Honor.  We're back in court

16  and we've been in correspondence with Tim Rodrigues from FDC

17  who's working on all these issues, and Judge Chang will be

18  getting an update on Monday.

19      And Judge Chang may, you know, ask us to reconvene again.

20  He's been monitoring this.  It first came up in front of

21  Judge Chang and so he has us coming back before him on Monday

22  on the issue of discovery, and access computer time, legal

23  research, and that sort of stuff.

24      THE COURT:  All right.  Well, Mr. Williams, I'm

25  going to -- I'm not going to rule on your motion for a bill of

1   particulars right now since Judge Chang is involved in

2   monitoring your discovery.

3       But at this point in time, if I did rule on the motion,

4   I'd deny it because a indictment does not need to contain every

5   single fact that the government will prove in order to satisfy

6   constitutional standards.  Actually in the indictment it

7   doesn't, that's definitely not the law.

8       What is required is that you understand what you are being

9   charged with.  And from just the example that you gave me

10  earlier, it not only seems to me that you understand what

11  you're being charged with, you are very articulate and specific

12  in looking at each of the government's allegations and knowing

13  what you've been charged with.

14      So -- but I won't rule on your motion and particularly

15  since Judge Chang is in the middle of monitoring your

16  discovery.  So do you understand my position?

17          THE DEFENDANT:  I do.  But like I was saying, they

18  don't allege anything as far as what I'm being charged with.

19  That's the confusion where I'm trying to prepare defense to

20  something that was written in the indictment but that I'm not

21  charged with.  And that's the whole confusion about this

22  indictment because the counts that they're charging me with is

23  not in the body of the indictment at all, not even half of

24  them, not even a quarter of them.

25      What they're charging me with is something totally

1  different from to what they stipulated in the indictment.  But

2  they didn't indict me on what they said I did wrong in the

3  indictment.  They got me charged with 30 counts of something

4  other than what they charged me in the indictment, and that's

5  why I put this bill of particulars so I can get exactly what

6  they're saying I did for people sending a payment to our

7  corporate office.  How is that mail fraud on my part and how

8  was it mail fraud for a mortgage company to mail a letter to

9  me?  What did I do that constitute mail fraud so I can prepare

10  a defense against a mortgage company mailing a letter to me

11  that I got a power of attorney for?  That's all I'm saying.

12          THE COURT:  Right.  Well, we'll set the motion for

13  bill of particulars for Monday.

14          MR. JOHNSON:  Okay.

15          THE COURT:  But all I'm telling you, Mr. Williams,

16  is they don't need to explain it in that detail for you.  All

17  right?

18      So -- but, I haven't been involved in the discovery

19  process and I think that would be helpful in ruling on the

20  motion.  So you'll be back here on Monday.

21          THE DEFENDANT:  Okay.  I know I probably won't be

22  able to view the DVDs by Monday because I can't access it, so I

23  won't still have an opportunity to have -- to be -- you know,

24  having looked at the discovery by Monday, so I still won't be

25  able to know what's actually in the discovery yet.

```
 1              THE COURT:  All right.  Well, I understand that, but
 2   apparently Judge Chang has previously set this for Monday and I
 3   think it's a good idea to proceed as scheduled.
 4              MR. JOHNSON:  We also have a final pretrial
 5   conference on Monday, combined.
 6              THE COURT:  Oh, all right.  Thank you, Mr. Williams.
 7              MR. JOHNSON:  Thank you, Your Honor.
 8              THE COURT:  Thank you.
 9              (Proceedings concluded at 11:22 A.M.)
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                    TRANSCRIBER'S CERTIFICATE

 2

 3              I, DEBRA READ, court approved transcriber, United

 4    States District Court, District of Hawaii, do hereby certify

 5    that the foregoing is a correct transcript from the official

 6    electronic sound recording of the proceedings in the

 7    above-entitled matter and that the transcript page format is in

 8    conformance with the regulations of the Judicial Conference of

 9    the United States.

10
               DATED at Honolulu, Hawaii, January 31, 2018.
11

12
                         /s/ Debra Read
13
                    DEBRA READ, CSR CRR RMR RDR
14

15

16

17

18

19

20

21

22

23

24

25
```

**UNITED STATES DISTRICT COURT**