IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 17-00101 LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ANTHONY WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR CONSTITUTIONAL
CHALLENGE TO GRAND JURY RULE 6(D) OF THE FEDERAL RULES OF
CRIMINAL PROCEDURE AND DEFENDANT'S MOTION FOR ORDER OF DISMISSAL**

Before the Court are pro se Defendant Anthony T.

Williams's ("Defendant") Motion for Constitutional Challenge to

Grand Jury Rule 6(d) of the Federal Rules of Criminal Procedure

("Grand Jury Motion") and Motion for Order of Dismissal ("Motion

to Dismiss"), both filed on September 29, 2017. [Dkt. nos. 37,

38.] On October 25, 2017, Plaintiff the United States of America

("the Government") filed a memorandum in opposition to each

motion ("Grand Jury Opposition" and "Dismissal Opposition").

[Dkt. nos. 55, 56.] The Court finds these matters suitable for

disposition without a hearing pursuant to Rule LR7.2(d) of the

Local Rules of Practice of the United States District Court for

the District of Hawai`i ("Local Rules"). Defendant's Grand Jury

Motion and Motion to Dismiss are hereby denied for the reasons

set forth below.

**BACKGROUND**

On February 15, 2017, the grand jury returned an Indictment against Defendant and Anabel Cabebe ("Cabebe") for eleven counts of wire fraud, in violation of 18 U.S.C. § 1343, and nineteen counts of mail fraud, in violation of 18 U.S.C. § 1341. [Dkt. no. 1.] Cabebe had her initial appearance on February 22, 2017. [Minutes, filed 2/22/17 (dkt. no. 6).]

On July 10, 2017, the Government filed an application for a writ of habeas corpus ad prosequendum ("Application"), and a magistrate judge issued the writ. [Dkt. nos. 22, 23.] According to the Application, Defendant was detained in the Florida State Prison, and the Government therefore requested the writ to order the prison warden to produce Defendant for his arraignment and plea hearing in this case on September 6, 2017. [Application at 1-2.] At the Government's request, Defendant's arraignment and plea hearing was continued to September 25, 2017.[1] [EO, filed 8/31/17 (dkt. no. 24).] On September 25, 2017, Defendant requested to proceed pro se, and the arraignment and plea hearing was continued to September 29, 2017. [Minutes, filed 9/25/17 (dkt. no. 30).] On September 29, 2017, the

---

[1] The Government describes a reason for this continuance, [Dismissal Opp. at 4,] but the Government did not provide a declaration or any supporting documentation of the reason. The EO continuing the arraignment and plea hearing does not specify the reason for the continuance. The Government's representation in the Dismissal Opposition is not evidence and has not been considered.

magistrate judge ruled that Defendant would be permitted to represent himself and appointed Lars Isaacson, Esq., as standby counsel.  Defendant was arraigned, and he acknowledged that he understood the charges and denied them, but he refused to enter a plea.  A plea of not guilty was entered over Defendant's objection.  In addition, the magistrate judge granted the Government's oral request to declare the case complex.  [Minutes, filed 9/29/17 (dkt. no. 35) ("Arraignment Minutes"), at 1-2.] The instant motions followed.

In the Grand Jury Motion, Defendant argues Fed. R. Crim. P. 6(d) is unconstitutional because it gives the Government an unfair advantage over the potential defendant.  Defendant contends the Indictment should be dismissed and he should be allowed to present his case before the grand jury before it determines whether an indictment should be returned.

In the Motion to Dismiss, Defendant argues the Indictment should be dismissed for various reasons, including: 1) the Government has failed to produce discovery; 2) the Government failed to prosecute the case, while Defendant was "detained for 8 (eight) months without bond nor without being taken to court for arraignment nor a preliminary hearing." [Motion to Dismiss at 3.]

**DISCUSSION**

I.  **Grand Jury Motion**

Rule 6(d)(1) states: "The following persons may be present while the grand jury is in session: attorneys for the government, the witness being questioned, interpreters when needed, and a court reporter or an operator of a recording device."[2]  Defendant's argument that Rule 6(d)(1) is unconstitutional because neither a potential defendant nor his counsel are allowed to be present at grand jury proceedings is without merit.  The United States Supreme Court has recognized: "It is axiomatic that the grand jury sits not to determine guilt or innocence, but to assess whether there is adequate basis for bringing a criminal charge.  That has always been so; and to make the assessment it has always been thought sufficient to hear only the prosecutor's side."  United States v. Williams, 504 U.S. 36, 51 (1992) (citation omitted).

Similarly, Defendant's argument that Rule 6(d)(1) is unconstitutional because it allows an attorney for the Government to be present has also been rejected by other courts.  See, e.g., Willis v. United States, No. 3:11-cv-332-RJC, 2012 WL 181420, at *3 (W.D.N.C. Jan. 23, 2012) (ruling that § 2255 petitioner "has not shown how the presence of government attorneys during grand

---

[2] Rule 6(d)(2) addresses the grand jury's deliberations and voting and is not relevant to the Grand Jury Motion.

4

jury proceedings violates the Constitution"). This Court agrees
and rejects Defendant's argument.

Defendant also alleges that the Indictment should be
dismissed because the charges against him are "the result of
prosecutorial misconduct" before the grand jury. [Grand Jury
Motion at 3.]

> Bank of Nova Scotia v. United States, 487 U.S.
> 250, 108 S. Ct. 2369, 101 L. Ed. 2d 228 (1988),
> makes clear that the [courts'] supervisory power
> can be used to dismiss an indictment because of
> misconduct before the grand jury, at least where
> that misconduct amounts to a violation of one of
> those "few, clear rules which were carefully
> drafted and approved by this Court and by Congress
> to ensure the integrity of the grand jury's
> functions," United States v. Mechanik, 475 U.S.
> 66, 74, 106 S. Ct. 938, 943, 89 L. Ed. 2d 50
> (1986) (O'CONNOR, J., concurring in judgment).

Williams, 504 U.S. at 46. Rule 6(d) is one of those "few, clear
rules." Id. at 46 n.6.

Defendant contends the Government misled the grand jury
to obtain the Indictment and withheld from the grand jury
"evidence within its possession which would negate the guilt of
the defendant." [Grand Jury Motion at 4.] First, Defendant does
not identify any specific exculpatory evidence that the
Government could have presented to the grand jury. Moreover,
there is no court rule or statute requiring the Government to
present exculpatory evidence to the grand jury. This Court
cannot create such a duty by dismissing the Indictment against
Defendant. See Williams, 504 U.S. at 55 (holding "courts have no

authority to prescribe such a duty pursuant to their inherent supervisory authority over their own proceedings" and reversing the dismissal of the defendant's indictment based on the government's failure to present exculpatory evidence to the grand jury). Defendant's argument that the Government committed misconduct by failing to present exculpatory evidence to the grand jury is therefore rejected.

Defendant also requests a transcript of the grand jury proceeding "to ensure that there was no prosecutorial misconduct in order to procure an indictment." [Grand Jury Motion at 3.] In order to obtain a grand jury transcript, a defendant must show "a particularized or compelling need for the transcripts sufficient to outweigh the policy of grand jury secrecy." United States v. Graham, 630 F. App'x 712, 715 (9th Cir. 2015). Defendant's claim that reviewing the transcript is the only way to ensure that there was no Government misconduct is insufficient to meet this standard. See id. ("it was insufficient for [the defendant] to assert she had 'no way of knowing whether prosecutorial misconduct occurred'" (citing United States v. DeTar, 832 F.2d 1110, 1113 (9th Cir. 1987))). Defendant's request for the grand jury transcripts is therefore denied.

All of Defendant's arguments in the Grand Jury Motion, including those not expressly addressed in this Order, are rejected, and the Grand Jury Motion is denied.

## II.   **Motion to Dismiss**

The primary arguments in the Motion to Dismiss are:
1) no evidence has been presented against Defendant; 2) the
Government has not fulfilled its discovery obligations; and
3) the Government unnecessarily delayed giving Defendant notice
of the charges against him and bringing him to this district
court for arraignment.

Defendant's first argument fails because a motion to
dismiss the indictment is not the proper way to seek review of
the Government's evidence against the defendant.

> An indictment that tracks the offense in the
> words of the statute is sufficient if those words
> fully, directly, and expressly set forth all the
> elements necessary to constitute the offense
> intended to be proved.  See Hamling v. United
> States, 418 U.S. 87, 117-18, 94 S. Ct. 2887, 41 L.
> Ed. 2d 590 (1974); United States v. Tavelman, 650
> F.2d 1133, 1137 (9th Cir. 1981).  "While the
> indictment may be insufficient if it fails to
> allege an essential element of the offense,
> nevertheless the indictment should be read in its
> entirety, construed according to common sense and
> interpreted to include facts which are necessarily
> implied."  United States v. Drew, 722 F.2d 551,
> 552 (9th Cir. 1983) (citations omitted) . . . .
>
> "[A] Rule 12(b) motion to dismiss[3] is not
> the proper way to raise a factual defense."
> [United States v.] Nukida, 8 F.3d [665,] 669 [(9th
> Cir. 1993)].  Specifically, a defendant may not
> properly challenge an indictment, sufficient on
> its face, on the ground that the allegations are

---

[3] Fed. R. Crim. P. 12(b)(a) states, in pertinent part: "A
party may raise by pretrial motion any defense, objection, or
request that the court can determine without a trial on the
merits."

> not supported by adequate evidence. <u>United States
> v. Jensen</u>, 93 F.3d 667, 669 (9th Cir. 1996).
> Therefore, a motion to dismiss an indictment may
> not be used as a device for summary trial of the
> evidence. [<u>United States v.</u>] <u>Boren</u>, 278 F.3d
> [911,] 914 [(9th Cir. 2002)]; <u>Jensen</u>, 93 F.3d at
> 669.

<u>United States v. Ho</u>, 651 F. Supp. 2d 1191, 1194 (D. Hawai`i

2009).  The Indictment in this case is sufficient on its face.

Therefore, to the extent the Motion to Dismiss seeks dismissal of

the Indictment because the Government lacks sufficient evidence

to support the charges in the Indictment, the Motion to Dismiss

is denied.

        To the extent Defendant seeks dismissal because the

Government has not provided him with any discovery, the Motion is

denied because the Government has provided discovery to

Defendant.  <u>See, e.g.</u>, Order (1) Denying Defendant's Motion for

Clerk to Issue Blank Subpoenas; (2) Granting in Part and Denying

in Part Defendant's Motion to Compel; and (3) Denying Defendant's

Motion for Funds to Hire a Private Investigator, filed 12/18/17

(dkt. no. 75), at 2 ("Defendant has been provided access to a

computer on which he may review discovery.").  If Defendant still

believes there is additional discovery the Government has failed

to provide and that the failure to produce such discovery

warrants dismissal of the Indictment, Defendant may file a new

motion to dismiss describing the specific discovery he believes

the Government has withheld.

As to Defendant's argument regarding undue delay, this Court has the discretion to dismiss the Indictment if there was "unnecessary delay" in bringing Defendant to trial – in particular, as to notice of the charges against him and bringing him before a magistrate judge for arraignment.  See Fed. R. Crim. P. 48(b)(3).[4]  Under Rule 48(b)(3), the district court has the discretion to dismiss an indictment "even when the prosecutorial delay does not amount to a violation of the Sixth Amendment." United States v. Jiang, 214 F.3d 1099, 1101 (9th Cir. 2000). However, dismissal should only be granted "in extreme circumstances," and cannot be imposed "without first satisfying the requirements of caution and forewarning."  Id. (citations and quotation marks omitted).  In the instant case, there is no evidence those requirements were met, but, even if they were, this case does not present the type of extreme circumstances that warrant Rule 48(b)(3) dismissal because the delay in this case was justified.

At the arraignment and plea hearing, Defendant was informed of the nature of the allegations against him, and he

---

[4] The Motion to Dismiss states that it is brought "in accord with Rule 41 for involuntary dismissal due to lack of prosecution."  [Motion to Dismiss at 2.]  This appears to refer to Fed. R. Civ. P. 41(b), which states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  But the Federal Rules of Civil Procedure are inapplicable to this case.  The Motion to Dismiss is construed as seeking dismissal pursuant to Fed. R. Crim. P. 48(b)(3).

confirmed that he understood the charges.  [Arraignment Minutes
at 2.]  Further, Defendant was aware of the charges against him
well in advance of his arraignment.  See, e.g., Motion for
Discovery, filed 4/4/17 (dkt. no. 15) (requesting "all the
information regarding the charges of wire fraud and mail fraud,
which includes but not limited to the indictment").

        The Government has presented evidence that, at the time
of the Indictment, Defendant was in custody in Florida pending
trial.  [Dismissal Opp, Exh. A (Judgment, filed on 6/23/17 in
Broward County, Florida).]  Defendant was tried and convicted of
one count of grand theft and two counts of unlawful filing of
false documents or records against property.  [Id.]  He was
sentenced to fifteen years of imprisonment, and fifteen years of
probation.]  [Dismissal Opp., Exh. B (Sentence as to Count I in
the Broward County case).]  As previously noted, the Government
filed the Application on July 10, 2017, which this Court finds
was a reasonable period time after the judgment was entered in
the Broward County case.  Defendant "was picked up by the U.S.
Marshals on July 21, 2017 from the South Florida Reception
Center."  [Motion to Dismiss, dkt. no. 38-1 at ¶ 1.]  In the
course of transport to this district, Defendant was held at three
different facilities.  [Id. at ¶ 5.]  Defendant appeared before a
magistrate judge on September 25, 2017, and the arraignment and
plea hearing was continued to September 29, 2017, due to issues

related to Defendant's statement of his intention to proceed pro
se.  Although there was a significant amount of time between the
return of the Indictment and Defendant's arraignment, this Court
finds that there was no unnecessary delay under the circumstances
of this case.  The Motion to Dismiss is denied as to Defendant's
argument that the Indictment should be dismissed because of
unnecessary delay in notifying Defendant of the charges against
him and in bringing him to this district court for arraignment.

        Defendant also makes several other arguments in support
of dismissal which warrant only brief discussion.  To the extent
Defendant argues that the delay in this case violated his
constitutional rights, because he has not established the lower
standard of Rule 48(b)(3) delay, he also fails to establish delay
in violation of his constitutional rights.  Defendant argues that
he was deprived of his right to an arraignment where he did not
waive his right to be present, but Defendant was present at his
September 29, 2017 arraignment.  Defendant argues that he was
denied a preliminary hearing, in violation of Fed. R. Crim.
P. 5.1, but a preliminary hearing was not required because
Defendant was indicted.  See Rule 5.1(a)(2).  Defendant argues
that he is being held without bail, in violation of the Eighth
Amendment and the Bail Reform Act of 1984.  However, the
Government filed a Motion to Detain Defendant Without Bail, and
the magistrate judge granted the motion.  [Dkt. nos. 32 (motion),

11

33 (mem. in supp.); Arraignment Minutes at 2.] Defendant did not appeal that ruling and, even if the Motion to Dismiss could be construed as an appeal of that ruling, Defendant has not presented any ground that warrants reversing the magistrate judge's ruling. Defendant argues that his Sixth Amendment right to counsel was violated because he did not have the opportunity to consult with counsel until the arraignment. This argument fails because this Court has ruled the delay between the return of the indictment and the arraignment did not violate Defendant's rights. Defendant argues his funds have been illegally frozen. This argument is rejected because he neither provides any specific information nor submits any evidence in support of this allegation. Finally, this district court has uniformly rejected arguments like Defendant's claim that this district court does not have authority over him because he is "a sovereign," [Motion to Dismiss, dkt. no. 38-1 at ¶ 11]. See, e.g., United States v. Alexio, CR No. 13-01017 JMS, 2015 WL 4069160, at *4 (D. Hawai`i July 2, 2015) ("This court, like many other courts across the United States, concludes that '"sovereign citizens," like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside.'" (quoting Paul v. New York, 2013 WL 5973138, at *3 (E.D.N.Y. Nov. 5, 2013))). Any other argument in the Motion to Dismiss that is not specifically addressed in this Order is also rejected.

Defendant has failed to present any ground that warrants dismissal of the Indictment.  The Motion to Dismiss is therefore denied.

### **CONCLUSION**

On the basis of the foregoing, Defendant's Motion for Constitutional Challenge to Grand Jury Rule 6(d) of the Federal Rules of Criminal Procedure and Motion for Order of Dismissal, both filed September 29, 2017, are HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 7, 2018.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**USA VS. ANTHONY WILLIAMS**; CR 17-00101 LEK; ORDER DENYING
DEFENDANT'S MOTION FOR CONSTITUTIONAL CHALLENGE TO GRAND JURY
RULE 6(D) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE AND
DEFENDANT'S MOTION FOR ORDER OF DISMISSAL