KENJI M. PRICE #10523
United States Attorney
District of Hawaii

RONALD G. JOHNSON #4532
Assistant U.S. Attorney
PJKK Federal Building, Room 6-100
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail:    Ron.Johnson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRIC COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00101-01 LEK |
|---|---|---|
| Plaintiff, | ) ) | GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS FOR |
| vs. | ) ) | ORDER TO SHOW CAUSE AND TO OBTAIN LEGAL SUPPLIES AT |
| ANTHONY WILLIAMS,      (01) | ) ) | GOVERNMENTS EXPENSE; CERTIFICATE OF SERVICE |
| Defendant. | ) ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS FOR
ORDER TO SHOW CAUSE AND TO OBTAIN LEGAL SUPPLIES
AT GOVERNEMENT'S EXPENSE**

On January 17, 2018, Defendant, Anthony Williams', filed a Motion For Injunction Against FDC For Retaliation.  The Motion is broken down into two sections, his statement of facts consisting of 11 paragraphs and a Section entitled Relief Sought consisting of nine paragraphs.  The United States responded to

Defendant's Motion for Injunction on February 1, 2018, (document #98) which has not been ruled upon to date.

It must be noted, that Defendant's Motion for Injunction references his previously filed Motion to Compel, which was heard and ruled upon by Magistrate Judge Puglisi and then appealed by the United States. The Honorable Leslie E. Kobayashi, United States District Court Judge, heard arguments on the appeal and reconsideration. The District Court indicated that it was going to review the transcripts of the prior hearings before issuing an order and took the matter under advisement. A ruling from the District Court is forthcoming on the appeal and reconsideration.

Many of the issues raised within Defendant's Motion For Order To Show Cause And Request For Expedited Hearing, filed February 22, 2018, (document #117) have been previously raised or are of the same type as those previously raised in his motion for injunctive relief and his motion to compel. The issues raised clearly fall in the category of conditions of confinement and Defendant is requesting injunctive relief.

As previously noted in the various responses of the United States, conditions of confinement should be left to the sound discretion of the BOP. The BOP has already explained FDC Honolulu's procedures to the defendant, and how they may best accommodate his requests. "Prison administrators . . . should

be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.  Bell v. Wolfish, 441 U.S. 520, 547, 99 S. Ct. 1861, 1878, 60 L. Ed. 2d 447 (1979); see also Florence v. Bd. of Chosen Freeholders of Cty. of Burlington, 566 U.S. 318, 132 S. Ct. 1510, 1512, 182 L. Ed. 2d 566 (2012).  The Court should give the Bureau of Prisons (BOP) the "wide-ranging deference" it is due in this instance and refuse to replace BOP's judgement with that of the Court.  Defendant has also not demonstrated that he has exhausted the administrative remedies available within the BOP system prior to requesting relief.

In the case at bar, the BOP has provided Defendant, Anthony Williams, with services and facilities far in excess of those that are constitutionally required.  The Defendant is objecting to the conditions of his confinement and the resources that he has been provided.

The issues raised within Defendant's Motion for Order to Show Cause are the same as or inextricably intertwined with those that have been presented to the District Court within his Motion for Injunction and his Motion to Compel.  For this reason, this Honorable Court should refer this matter to the District Court that is currently considering these issues,

thereby allowing the District Court to address these further claims and requests for injunctive relief.

Defendant's Motion For Funds should be granted in the discretion of the Court based upon the Court's assessment of Defendant's needs. Defendant currently has access to computerized legal research at the Federal Detention Center.

## Conclusion

For the aforementioned reasons, the Court should refer Defendant's Motion for Order to Show Cause to the District Court, as it is a request for injunctive relief, which covers or touches on many of the issues previously raised. The Court should at its Discretion grant funds to cover appropriate legal supplies.

DATED: March 1, 2018, at Honolulu, Hawaii.

Respectfully Submitted,

KENJI M. PRICE
United States Attorney
District of Hawaii

By  /s/ Ronald G. Johnson
    RONALD G. JOHNSON
    Assistant U.S. Attorney

    Attorneys for Plaintiff
    UNITED STATES OF AMERICA

UNITED STATES v. ANTHONY WILLIAMS
Cr. No. 17-00101-01 LEK
"Government's Response to Defendant's Motions for Order to Show Cause and Motion for Funds to Purchase Legal Supplies at Government's Expense"

4

CERTIFICATE OF SERVICE

      I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

    Lars Isaacson, Esq.

Served by First Class Mail:

    Anthony Williams
    Register No. 05963-122
    Inmate Mail
    FDC Honolulu
    PO Box 30080
    Honolulu, HI   96820

      DATED:  March 1, 2018, at Honolulu, Hawaii.

                                          /s/ Dawn Aihara