IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR NO. 17-00101 LEK-KJM |
| | ) |
| Plaintiff, | ) ORDER DENYING (1) MOTION FOR |
| | ) ORDER TO SHOW CAUSE, AND (2) |
| vs. | ) EX PARTE APPLICATION AND |
| | ) MOTION FOR FUNDS TO |
| ANTHONY WILLIAMS, | ) PURCHASE LEGAL SUPPLIES AT |
| | ) GOVERNMENT'S EXPENSE |
| Defendant. | ) |
| | ) |

ORDER DENYING (1) MOTION FOR ORDER TO SHOW CAUSE, AND
(2) EX PARTE APPLICATION AND MOTION FOR FUNDS TO PURCHASE
LEGAL SUPPLIES AT GOVERNMENT'S EXPENSE

Defendant Anthony Williams filed two motions that are before the Court: (1) Motion for Order to Show Cause and request for Expedited Hearing ("Show Cause Motion"); and (2) Ex Parte Application and Motion for Funds to Purchase Legal Supplies at Governments Expense ("Legal Supplies Motion").  ECF Nos. 117, 120. The Government filed a response to both motions on March 1, 2018.  ECF No. 125.  The Court held a hearing on the motions on March 2, 2018.  ECF No. 126. Williams submitted additional Exhibits to the Show Cause Motion after the hearing.  ECF No. 130.  After careful consideration of the submissions of the parties, the arguments of counsel, and the relevant legal authority, the Court DENIES the Show Cause Motion and the Legal Supplies Motion.

DISCUSSION

I.      Show Cause Motion

The Show Cause Motion asserts that the Bureau of Prisons, Federal Detention Center Honolulu ("BOP") is imposing conditions of confinement upon Williams that violate his civil rights and interfere with his ability to defend himself.  ECF No. 117.  Williams alleges that he has been held in the Special Housing Unit ("SHU"), which is akin to solitary confinement, since February 14, 2018.  *Id.* at 3.  Williams further alleges that BOP is interfering with his incoming and outgoing U.S. mail, as well as delaying incoming and outgoing emails through Corrlinks, the BOP email system.  *Id.* at 4.  Williams also asserts that the BOP is wrongly refusing him visitation by a Ms. Thomas.  *Id.* at 3-4.  Lastly, Williams asks the Court to dismiss BOP's pending infractions against him.  *Id.* at 4.

The Show Cause Motion overlaps in part with Williams' Motion for Preliminary Injunction against FDC for Retaliation ("PI Motion), which is currently pending before the district court.  *See* ECF Nos. 87, 98, 119.  In the PI Motion, Williams seeks an injunction against, inter alia, (i) improper opening of his legal mail, (ii) delay in his incoming and outgoing email, and (iii) retaliatory disciplinary actions taken against him.  ECF No. 87 at 1-3; ECF No. 119 at 2-9.  Because these particular issues are already before the district court, this Court will not address them herein.

The remaining issues Williams has not expressly raised in his PI Motion are (i) Williams' confinement in the SHU, and (ii) Williams' visitation by Ms. Thomas.

A.  Williams Must Exhaust His Administrative Remedies

Williams' Show Cause Motion challenges the conditions of his confinement. The Court finds that Williams must exhaust the BOP administrative process before challenging such conditions in this Court.

"The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006) (quoting *McKart v. United States*, 395 U.S. 185, 193 (1969)). "The doctrine provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" *McKart*, 395 at 193 (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51(1938)).

"The exhaustion of administrative remedies serves two important purposes. First, exhaustion "gives an agency 'an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court,' and it discourages 'disregard of [the agency's] procedures.'" *Woodford*, 548 U.S. at 89 (alterations in original) (quoting *McCarthy v. Madigan*, 503 U.S. 140 (1992)). Second, "exhaustion promotes efficiency" because "[c]laims generally can be

resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id.*  Only if a district judge holds that "the prisoner has exhausted available administrative remedies, that administrative remedies are not available, or that a prisoner's failure to exhaust available remedies should be excused" may the case proceed to the merits.  *Albino v. Baca*, 747 F.3d 1162, 1171 (2014).

Here, Williams has not made a sufficient showing of any of the foregoing.  Accordingly, this Court may not proceed to the merits of Williams' claims.

In order to properly exhaust available administrative remedies with the Bureau of Prisons, an inmate must proceed through the Administrative Remedy Program.  *See* 28 C.F.R. §§ 542.10-542.19; *see also*, Bureau of Prisons Program Statement on Administrative Remedy Program, January 6, 2014 available at https://www.bop.gov/policy/progstat/1330_018.pdf.  "The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to *any aspect* of his/her own confinement." 28 CFR § 542.10(a) (emphasis added).

Under the BOP grievance process, the inmate must first seek informal resolution of the issue of concern at his institution of confinement. *Id.* § 542.13.  In this case, the institution is FDC Honolulu.  If no informal resolution is reached, the inmate must file a formal request ("BP-9") with the Warden.  *Id.* § 542.14.  If the

Warden denies a remedy, the inmate may then appeal first to the Regional Director ("BP-10"), within 20 days of receiving the Warden's response, and thereafter to the General Counsel in Washington, D.C. ("BP-11"), within 30 days of receiving the Regional Director's response. *Id.* § 542.15. A final decision from the Office of General Counsel completes the BOP's Administrative Remedy Process. *Id.* § 542.15(a). Accordingly, the administrative process is not complete until (1) the Office of the General Counsel replies on the merits to the inmate's appeal, or (2) the response is not forthcoming within the time allotted for reply. *See id.* § 542.18.

Because Williams has not established that he has completed the administrative process related to (i) his confinement in the SHU; or (ii) visitation by Ms. Thomas, the Court DENIES the Show Cause Motion.

  II. Legal Supplies Motion

Williams' Legal Supplies Motion asks the Court to order the Government to provide him with necessary funds to purchase the following sixteen legal supplies:

1. File Folders
2. Page dividers
3. Exhibit tabs
4. 4 packages of 500 sheet printer pager
5. Mouse pad
6. Calendar
7. West Laws Legal Research Disc
8. Corpus Juris Secundum Vol. 7.
9. Black's Law Dictionary 3rd or 4th Edition
10. Stapler
11. 3 Books of stamps
12. Hand pad for typing

      13.    4 desktop in boxes
      14.    Federal Rules of Criminal Procedure 2017
      15.    Federal Rules of Evidence 2017
      16.    Chart Posters

ECF No. 120. Williams asserts that he needs these items to "organize his research, research thoroughly the laws and rulings governing his charges and to be properly prepared to present his case at trial." *Id.* Williams adds that he will leave most of these items with BOP at the conclusion of his case, making them available for other inmates. *Id.*

The Legal Supplies Motion has some commonality with Williams' Motion to Compel, which he filed November 29, 2017, inasmuch as both motions seek legal defense supplies. ECF Nos. 65, 73, 75, 79. The Motion to Compel is currently on appeal to the district court. ECF Nos. 79, 96. In the Motion to Compel, Williams requested, among other things, that he be provided a variety of supplies, including a phone, printer, and computer. ECF No. 65. Those specific items, though, are not included in the Legal Supplies Motion. In the Motion to Compel, Williams also asks that he be allowed to have "any necessary materials necessary for his legal defense" though he did not expressly ask that the Government be ordered to provide him these items. *Id.* Because of these material differences, the Court will address the Legal Supplies Motion, except for the request for stamps, which is already before the district court on the PI Motion. *See* ECF 119 at 4, 7 (arguing that FDC does not provide stamps to inmates).

Williams has failed to exhaust the administrative remedies available to him for the items he seeks in the Legal Supplies Motion.  In fact, on the Motion to Compel, the BOP represented that, if Williams establishes indigency, it would provide him with adequate supplies to ensure his access to Court:

> To the extent the defendant becomes indigent, BOP will provide him with writing utensils, paper, stamps, envelopes, copies, and other adequate amenities to ensure his access to the court remains unhindered.

ECF No. 73 at 4-5.  The BOP added, though, that it did believe Williams is indigent:

> <u>Indigence</u>: BOP ensures indigent inmates are provided stamps, envelopes, writing tools, paper, and other basic provisions for constitutionally adequate access to the courts. Defendant Williams is far from indigent. He has received over $700 in deposits during his relatively short time in federal custody. He spent almost all on music. Inmate Williams amassed an extensive collection, including recordings from Beyonce, Eminem, Mariah Carey, Tupac Shakur, and others. He may request a refund for the music at any time to enlarge his account balance.

ECF No. 73-1 at ¶ 17.  Williams needs to exhaust the administrative process regarding this issue before the Court is able to address it.  Accordingly, the Court DENIES the Legal Supplies Motion.

Because Williams has expressed difficulty in obtaining the necessary administrative paperwork, the Court directs the BOP to provide Williams with ten (10) copies each of the BP-9, BP-10 and BP-11 within ten (10) days of the date of

this Order.  The Court also directs the Government to provide the BOP with a copy of this Order within two (2) days of the date of this Order.

    IT IS SO ORDERED.

    DATED:  Honolulu, Hawai'i, March 7, 2018.



    /S/ Kenneth J. Mansfield
    Kenneth J. Mansfield
    United States Magistrate Judge

CR NO. 17-00101 LEK-KJM; *USA v. Williams*; ORDER DENYING (1) MOTION FOR ORDER TO SHOW CAUSE, AND (2) EX PARTE APPLICATION AND MOTION FOR FUNDS TO PURCHASE LEGAL SUPPLIES AT GOVERNMENT'S EXPENSE