cc: lek [illegible]
Mr. Williams.

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

UNITED STATES OF AMERICA

vs.

ANTHONY WILLIAMS

CASE NO. 17-00101LEK

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
MAR 07 2018
at 4 o'clock and 30 min. P.M.
SUE BEITIA, CLERK

Notes: Entire double-side doc copied + mail to Mr. Williams -J
Date: 03/08/2018

## MOTION IN OPPOSITION TO DENIAL OF SPEEDY TRIAL AND PRE-TRIAL RELEASE

COMES NOW, defendant, by and through the undersigned Common law counsel, who is a servant of the Most High Yahueh Elohim and Yahshua the Mahshyah and submits this Motion In Opposition To Denial of Speedy Trial. In support of this motion, defendant states the following facts:

1. The defendant has been held for this charge under indictment since February 15, 2017 and has not been taken to trial as it is mandated by the Sixth Amendment to the U.S. Constitution and Title 18 USC § 3161 and the Speedy Trial Act of 1974 passed by Congress.

2. The government asserts that the case against the defendant is complex and needs a continuance, relying upon the fact that they have compiled 50,000 pages of discovery which they reason is complex. Defendant objects to this assertion and disputes that a case is complex based upon the fact that the government choose to copy a bunch emails, letters and other documents, many of which are duplicated numerous times to make the discovery appear larger than it really is.

3. The defendant asserts that the case is not complex nor unusual as the defendant is charged with mail fraud and wire fraud which are not unusual and complex charges and there is not a high number of defendants, nor existence of novel questions of fact or law that it would be unreasonable to expect adequate preparation for trial.

4. The defendant also brings attention to the fact that the government has had at least since February to be prepared

for trial and even longer when you consider the fact that the government raided defendant's office in October 2015 and illegally confiscated all of defendants computers, office files, client files and all relevant documents to file the bogus charges of mail and wire fraud against the defendant.

5. Defendant contends that the case is not complex if the government was able to present whatever evidence they claim to have presented to the grand jury and the grand jury was able to return an indictment upon that evidence, it wouldn't be farfetched that a jury would be able to come to the same conclusion if the facts presented it were the same as were presented to the grand jury.

6. Defendant contends that the government had ample time to be prepared for trial and its lack of diligent preparation is a bar to them being granted a continuation in violation of 18 USC 3161 (7)(c) and violation of defendants speedy trial right.

7. The government attempted to use as a reason that the speedy trial of the defendant has been delayed because defendant was incarcerated on other charges in the state of Florida and that the government had to wait for the conclusion of that case. However, the Florida case was concluded on June 23, 2017 and the government could have secured the presence of the defendant immediately therewith. Instead the government waited until July 21, 2017 to secure custody of the defendant and further delayed the appearance of the defendant by transferring him to two (2) other facilities from Miami instead of transporting defendant to Hawaii without undue delay. The supreme court determined in the following cases, in which an accused was confined in the criminal system of another jurisdiction, that inordinate delay

in criminal proceedings caused in part by the confinement violated the accused's right to a speedy trial under the federal Constitution's Sixth Amendment. In Smith v. Hooey (1969) 393 US 374, 89 S. Ct. 575, 21 L Ed 2d 607, 1969 U.S. Lexis 2781, where a prisoner in a federal penitentiary in Kansas had been indicted in Texas on a charge of theft and where he had repeatedly demanded, during a 6-year period following that indictment, that he be brought to trial in a Texas Court, the Supreme Court indicated that Texas had failed to perform it's duty under the Federal Constitutions Sixth Amendment to make a diligent, good-faith effort to bring the prisoner before a Texas court for trial. Rejecting the view that a person already in prison under a lawful sentence was hardly in a position to suffer from undue and oppressive incarceration prior to trial, the Supreme Court noted that 1) the possibility that a defendant already in prison could receive a sentence at least partially concurring with the one he was serving might be forever lost if trial of the pending charge was postponed; 2) under procedures "now" widely practiced, the duration of his present imprisonment might be increased, and the conditions under which he would serve his sentence greatly worsened by the pendency of another criminal charge outstanding against him; and 3) an outstanding untried charge could have fully as depressive an effect upon a prisoner as upon a person who was at large. Moreover, the Court observed that the possibility that long delay would impair the ability of an accused to defend himself was markedly increased when the accused was incarcerated in another jurisdiction, and that, confined in a prison far from the place where the offense covered by the outstanding charge allegedly took place, the accused would be impaired in his ability to confer with potential defense witnesses or even to keep track of their whereabouts. Setting aside an order dismissing a writ of mandamus to compel dismissal of the Texas charges against the prisoner, the Court indicated that 1) Texas had conceded that if it had made an effort to secure the prisoner's appearance in Texas, then he would have been produced there for trial; and 2) it

did not appear that Texas had made such an effort.

b) The Supreme Court held in Dickey v. Florida (1970) 398 US 30, 90 S.Ct. 1564, 26 LEd 2d 26, 1970 U.S. Lexis 38, that the circumstances surrounding a 7-year delay in bringing a defendant to trial on robbery charge indicated that the defendant's right under the Federal Constitution's Sixth Amendment to a speedy trial had been violated. The record indicated that the defendant had originally been taken into custody in connection with an unrelated federal crime shortly after an armed robbery had occurred at a Florida motel, and while he was in custody, state authorities secured an arrest warrant charging him with the robbery. He was later convicted and imprisoned for the federal crime, and a formal detainer was lodged against him in connection with the state robbery charges. While serving his federal sentence in a prison in another state, he unsuccessfully made repeated requests that the Florida state courts either secure his return for a trial or withdraw the detainer for failure to provide him a speedy trial. After more than 7 years had passed since the occurrence of the robbery, a state prosecuting attorney secured the accused's return to Florida and filed an information charging him with the robbery. Reversing a judgment that affirmed the defendant's robbery conviction, the Supreme Court held that 1) no valid reason existed for the prosecution's deferring the trial in face of the accused diligent and repeated efforts to secure his constitutional right to a speedy trial; 2) there was abundant evidence in the record that the delay had caused prejudice to the accused as a result of the death of two potential witnesses, the unavailability of another potential witness, and the loss of police records; and 3) because of the delay and its consequent prejudice, the accused was entitled to have any further proceedings arising out of the robbery charges dismissed.

c) In United States v. Mauro (1978) 436 US 340, 98 S Ct 1834, 56 L Ed 2d 329, 1978 U.S. Lexis 93, in which the Supreme Court, although not called upon to decide a question of violation of the federal Constitution's Sixth Amendment right to a speedy trial, noted that a prosecuting authority was not relieved of its obligation to provide a defendant a speedy trial just because the defendant was in custody elsewhere.

8. The Supreme Court has indicated in the following cases that dismissal of the charges against an accused is the only possible remedy for denial of the accused's speedy-trial right under the federal Constitution's Sixth Amendment.

a) In Barker v. Wingo (1972) 407 US 514, 92 S.Ct. 2182, 33 L Ed 2d 101, 1972 US Lexis 34, the Supreme Court stated that the only possible remedy for the denial of an indicted accused's right of speedy trial under the federal Constitution's Sixth Amendment was dismissal of the indictment. The court acknowledged that this was a serious consequence because it meant that an accused who might be guilty of a serious crime would go free without having been tried. However, the Court concluded that, although the remedy of dismissal of the indictment was more serious than an exclusionary rule or a reversal for a new trial, it was the only possible remedy.

b) The Supreme Court held in Strunk v. United States (1973) 412 US 434, 93 S.Ct. 2260, 37 L Ed 2d 56, 1973 US Lexis 54, that, in light of the policies underlying the federal Constitution's Sixth Amendment right to a speedy trial, dismissal of the charges against an accused who had been convicted of transporting a stolen automobile in interstate commerce was the only possible remedy for denying the accused a speedy trial. The court reversed a judgment under which the accused's remedy for the unnecessary delay that had been found to have occurred prior to his arraignment was a sentence reduction.

c) In Betterman v. Montana, 136 S. Ct. 1609, 194 L.Ed 2d 723, 2016 US Lexis 3349, 84 U.S.L.W. 4293, 26 Fla. L. Weekly Fed. S 164, the Supreme Court has not read the Speedy Trial Clause to call for a flexible or tailored remedy. Instead violation of the right demands termination

of the prosecution. Reflecting the concern that a presumptively innocent person should not languish under an unresolved charge, the speedy trial clause guarantees the accused the right to a speedy trial.

9. The defendant's right to a speedy trial has been violated and has caused immeasurable and irreversable harm, in that defendant because of the detainer by the government was not allowed to attend the funeral of his older sister who passed away March 20, 2017. Further, defendant has been unlawfully denied bail based on unsupported statements by the government who didn't provide sufficient facts which the court could rely on in order to falsely determine defendant is a threat to the safety of the community and a flight risk when defendant offered recent sufficient evidence that when he was facing life imprisonment and received bail, did not attempt to flee but appeared at all hearings until the case was dismissed. Not only defendant's right to a speedy trial has been violated but his right not to be pretrial detained without justifiable cause has also been violated. The denial of these rights ~~were done~~ are prejudicial and was done with the intent in mind to further cause financial harm, public embarrassment, emotion distress, mental anguish and deprivation of life and liberty of the defendant.

10. Defendant received an email from his only daughter expressing her depression because of his incarceration and had contemplated suicide and has had to be placed on medication. (See Attached email) Exhibit A

11. The charges defendant is being charged with are not violent and there are no victims or anyone who would be in danger if defendant was released on bail. The government relied on a letter that was sent to defendants probation officer which was misinterpreted as a threat but perusal of the whole letter would have eradicated that erroneous assumption, and is the reason defendant wasn't charged with threatening a public official even though the detective ~~state of florida~~ attempted to erroneously charge him with it, but was denied by his supervisor.

12. According to the governments background report defendant has been charged with 34 felonies but was only convicted of two, of which both are pending appeal and expected to be reversed by the Fourth District Court of Appeal. The plethora of felonies charged against the defendant that were dropped or dismissed conclusively shows a pattern of harrassment, false arrest, false imprisonment and public embarrassment defendant has been subjected to as a result of him exposing corruption in the judicial system and law enforcement agencies in Florida and Hawaii and consequently these are the only 2 states that have charged the defendant with charges stemming from assisting people and exposing their corruption.

13. Defendant's Co-defendant is from the Phillippines and received a bond and wasn't considered a flight risk when she could easily go back to the Phillippines if she desired to. Defendant has nothing in his record that would indicate he is a flight risk but on the contrary his record reflects a willingness to show up for court to expose the corruption in the judicial system as he has always done.

14. The government did not provide any evidence nor justifiable reason for not being prepared for trial nor did they provide any evidence that defendant is a danger to the community or a flight risk.

## CONCLUSION

WHEREFORE, for the foregoing reasons defendant moves the court to follow the constitutional mandate for speedy trial and because plaintiff failed to try defendant within the constitutional and statutory time limit, dismiss the case with prejudice and order defendant's immediate release from custody.

Righteously Submitted,

Anthony Williams

Lamentations 3:35-36, "To deny a man justice in the presence of the Most High, to subvert a man in his lawsuit, Yahueh does not approve."

## CERTIFICATE OF SERVICE

I hereby certify that I could not serve a copy of the foregoing motion on the US attorney because I have been deprived of the right to have copies made to send. Therefore, I request that the clerk send an electronic copy to the US attorneys office. Thanks. Executed this 4th day of March 2018.

Anthony Williams
Private Attorney General
#05963-122
P.O. Box 30080
Honolulu, HI 96820