ORIGINAL

KENJI M. PRICE #10523
United States Attorney
District of Hawaii

MICHAEL NAMMAR
Acting Chief, Public Corruption
And Fraud Section

RONALD G. JOHNSON #4532
Assistant U.S. Attorney
PJKK Federal Building, Room 6-100
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:  Ron.Johnson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 28 2018

at __1__ o'clock and __05__ min __ M. ____
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00101 LEK |
| | ) | |
| Plaintiff, | ) | SUPERSEDING INDICTMENT |
| | ) | |
| vs. | ) | [18 U.S.C. §§ 1341, |
| | ) | & 1343] |
| ANTHONY T. WILLIAMS, (01) | ) | |
| ANABEL CABEBE, (02) | ) | |
| BARBARA WILLIAMS, (03) | ) | |
| | ) | |
| Defendants. | ) | |

**SUPERSEDING INDICTMENT**

**Counts 1-15**

(Wire Fraud, 18 U.S.C. § 1343)

The Grand Jury charges:

**Introduction**

At all times relevant to this Indictment:

1.     Mortgage Enterprise Investments (MEI) was a business owned and operated by defendant, Anthony T. Williams, which was registered on or about June 24, 2013, with the State of Hawaii, Department of Commerce and Consumer Affairs (DCCA). The application for registration of trade name was filed by Anthony T. Williams, on June 1, 2013.  The listed officers of MEI were Anthony T. Williams, Chief Executive Officer (CEO), Founder, Partner and Barbara Williams, the Chief Financial Officer (CFO).  The application listed the purpose of MEI as mortgage and foreclosure assistance.

2.     According to its Web site, The Common Law Office of America (CLOA) was an office that employs Private Attorney Generals (PAGs) and offers services to its clients that include, but are not limited to:  mortgage reduction, foreclosure assistance, UCC filings, document writing, and Power of Attorney.  Anthony T. Williams was the owner and operator of CLOA.

3.     According to corporate documents filed with the State of Hawaii, the business address for the Honolulu office of CLOA was P.O. Box 31285, Honolulu, Hawaii 96820.  According to DCCA's Business Registration Division records, CLOA was not a registered business in the State of Hawaii.

2

4.    Defendant, Anthony T. Williams, would identify
himself as a Private Attorney General.  He carried an
identification card identifying himself as a Private Attorney
General, from the United States Office of the Private Attorney
General, citing "42 USC 1988."  The identification also claimed
that the holder had diplomatic immunity and stated, "Do Not
Detain-Do Not Arrest."

5.    Defendant, Anthony T. Williams, was identified as
an attorney in fact on informational materials for CLOA.  In
addition, Anthony T. Williams, utilized the email address,
awilliams@usacommonlaw.com when conducting business on behalf of
MEI and CLOA.  Anthony T. Williams was not a licensed attorney
in the State of Hawaii, who was permitted to practice law and
provide legal advice to clients.

6.    Defendant, Anthony T. Williams, in Hawaii and
various other states, introduced and advertised MEI and CLOA,
and the services and products they allegedly provided.  Anthony
T. Williams, would sign up new clients and look for recruiters
who, through word of mouth, could bring in additional clients to
MEI and CLOA.

7.    In mid-2013, Defendant, Anabel Cabebe, was a
homeowner and client of MEI, who later became a recruiter for
MEI.  Anabel Cabebe signed on with the MEI program and later
organized meetings and brought new clients to the program.

3

Anabel Cabebe notarized documents for MEI and collected a fee
for her service.  Anabel Cabebe would also earn a referral fee
from Defendant, Anthony T. Williams, for bringing in new clients
to MEI.  She also participated in the daily operations of MEI by
collecting payments and assisting clients in completing the
paperwork necessary to join the program.  Defendant Cabebe would
allow Anthony T. Williams to utilize a portion of a building
owned by her, located at 1604 Democrat Street, Honolulu, Hawaii
96819, to conduct MEI/CLOA business, and to keep and store
business and personal items.

8.   Barbara Williams was a resident of Killeen,
Texas.  MEI lists an address of P.O. Box 1215, Killeen, Texas,
76540, for the mailing of documents and the submission of
payments.  Barbara Williams worked for MEI since 2012 from her
Killeen, Texas residence and formed a partnership with Anthony
T. Williams in 2013.  Barbara Williams opened an account at
Extraco Bank in Killeen, Texas.  On behalf of MEI, Barbara
Williams would send and receive emails, send and receive mail,
make and receive phone calls, maintain MEI paperwork, receive
payments, make deposits, cash checks, and make withdrawals.

9.   MEI and CLOA did business in Hawaii, Texas,
Florida, and other states, at the direction and under the
control of Anthony T. Williams and Barbara Williams.

4

10.   MEI, Anthony T. Williams and Barbara Williams, while conducting business in Hawaii, never obtained the required licenses pursuant to Hawaii Revised Statutes, Chapter 454, to provide services as a: mortgage loan originator; mortgage loan originator company; mortgage servicer; or mortgage servicer loan modification.

## The Scheme and Artifice to Defraud

11.   From a precise earlier date unknown, but by in or about May of 2013, and continuing through on or about December 2016, in the District of Hawaii and elsewhere, defendants, ANTHONY T. WILLIAMS, BARBARA WILLIAMS and ANABEL CABEBE, and others, with the intent to defraud, knowingly devised a scheme and artifice to defraud, and to obtain money from others, by means of materially false and fraudulent pretenses, representations and promises, as well as omissions of material fact, well knowing at the time that such pretenses, representations, and promises, were false when made.  Such false statements, representations, promises and omissions of material fact included the following:

## MEI and CLOA

12.   From in or about May 2013, to and including December of 2016, Defendant, Anthony T. Williams, on behalf of MEI and CLOA, falsely told potential clients, that through MEI and CLOA, he could cut their mortgage balances by one-half, cut

5

their monthly mortgage payments by one-half, and reduce the current mortgage loan pay-off terms by one-half. In truth and fact, MEI, Anthony T. Williams, and Barbara Williams, did not hold the licenses or have the ability, to provide a new mortgage, service a pre-existing mortgage, or provide loan modification services to the homeowners.

13. Defendants, Anthony T. Williams and Barbara Williams, through MEI, provided a 100% money back guarantee, that if they were not able to reduce the homeowner's payment by one-half and the current loan payoff term by one-half, the homeowner would be refunded their initial file set up fee if it was paid in full at the time of initiation of the file. In truth and fact, MEI, Anthony T. Williams, Anabel Cabebe, and Barbara Williams, did not reduce the loan pay-off term or the monthly payment because they converted the money paid by homeowners to their own use, and they did not refund the homeowners money as promised when the original lender would seek to foreclose as a remedy against the homeowner.

14. Defendants, Anthony T. Williams and Barbara Williams, through MEI, represented to the homeowners that their original mortgage had been discharged or replaced and that a modified or new lower cost loan was in place, which was held by MEI. Anthony T. Williams instructed homeowners to make all future payments to MEI and if their original lender contacted

them to refer the matter to CLOA.  In truth and fact, the
original lenders mortgage had not been discharged or replaced
and MEI did not have an actual lower cost mortgage in place.
All payments made to MEI were converted to the use of the
Defendants and were not used to pay the mortgage on the
homeowner's property.

15.  The homeowners were presented with the MEI
"Homeowner Service Guarantee Agreement" (HSGA), which placed
into writing the 100% "Money Back Guarantee."  The HSGA
guarantees that MEI will reduce the "monthly payment by one-half
(1/2)" and reduce the "current mortgage loan pay-off term by
one-half (1/2)."  It also states that the "100% Money Back
Guarantee to me as a ("Homeowner") is to ensure that I incur no
risk if Mortgage Enterprise Investments ("MEI") is unsuccessful
in reducing my monthly payment and payoff time."  In truth and
fact, the HSGA is a false document and no such guarantee can be
made, as MEI was not a licensed mortgage company with the
ability to create, service, or modify loans, and MEI and the
Defendants did not pay off the original mortgage.  MEI and the
Defendants merely began collecting half the original mortgage
payment and converted the money to their own use, causing the
original mortgage to become increasingly delinquent.

16.  The MEI application included a "Homeowners
Guaranteed Services" Form 330 (HGS Form 330), which promised

free or discounted legal services by CLOA.  Anthony T. Williams
advised clients that if they receive any communication from
their mortgage lender, notifying them of delinquency of loan
payments, to refer their lender to CLOA and their legal
representative, Anthony Williams.  When this occurred, CLOA
would send a letter to the lender and inform them that they are
prohibited from contacting CLOA's client and that the lender
will be fined $1,000 for every contact moving forward.  In truth
and fact Anthony T. Williams was not a licensed attorney in the
State of Hawaii and could not represent the homeowner in legal
matters.  CLOA had no legal right to assess a fine of $1,000 to
the original lender.

17.  Anthony T. Williams would instruct MEI clients to
cease all payments to their mortgage lender and begin making all
future mortgage payments to MEI.  CLOA prepared the mortgage
paperwork, filed it with the State of Hawaii Bureau of
Conveyances (BOC), and instructed the BOC to mail the BOC-
recorded copy to MEI at P.O. Box 1215, Killeen, Texas 76540, as
MEI is alleged to be the new mortgage holder.  In truth and
fact, the original lender still held a valid mortgage on the
homeowner's property, which had not been discharged, replaced,
or made null and void, and MEI had not created a new mortgage or
modified the loan.

18.   Defendants filed false documents for homeowners, entitled UCC Financing Statement and Mortgage which included a Note, with the State of Hawaii, Bureau of Conveyances (BOC), indicating that the original loan had been discharged or replaced and made null and void.  The alleged mortgagee on the Mortgage document is MEI.  In truth and fact MEI had not discharged or replaced the mortgage held by the original lender, provided a new loan, or a modification of the terms of the original loan.  MEI, Anthony T. Williams, and Barbara Williams, were not licensed or permitted to perform those services in the State of Hawaii, by the DCCA, Division of Financial Institutions.

19.   MEI would send a letter to the homeowner, which thanked them for "allowing us to procure your mortgage to reduce your payment and your payoff time."  The MEI letter indicated that former mortgage company no longer had an interest in the homeowner's property and that MEI "will litigate on your behalf to the full extent of the law."  The letter further instructed the homeowner what amount to send as their new monthly payment to MEI, at P.O. Box 1215 Killen Texas, 76549.  In truth and fact, MEI did not procure the homeowner's mortgage and there would be no reduction in payment or payoff time.  The original mortgage company still had a security interest in the homeowner's property.  Anthony T. Williams could not litigate on

the homeowner's behalf because he was not a licensed attorney in the State of Hawaii.  MEI and the Defendants began collecting half the original mortgage payment and converted the money to their own use, causing the original mortgage to become increasingly delinquent.

20.  MEI, mailed and emailed, homeowners false Quarterly statements that the Defendants produced.  The statements contained, among other things, the balance of the purported mortgage and the amount of each monthly payment received by MEI from the homeowner.  In truth and fact, MEI did not procure a new mortgage or procure the homeowner's original mortgage and reduce it, therefore all numbers provided were false.  MEI, Anthony T. Williams, and Barbara Williams, are not licensed in the State of Hawaii, by the DCCA, Division of Financial Institutions, to create, service, or modify loans, and MEI and the Defendants did not pay off the original mortgage.

21.  MEI and Defendants sent monthly billing statements via mail to the homeowners with payment stubs. Homeowners would send checks for the new payment amount by mail to MEI, at P.O. Box 1215 Killen, Texas 76549.  The Defendants failed to inform the homeowners that there was no MEI mortgage on their home and that the original lenders mortgage was still valid, thereby causing the original mortgage to become increasingly delinquent.

**The Homeowners**

22.  In 2013, M.V., a homeowner in Hawaii, was told that his mortgage payment would be cut in half if he enrolled in the MEI program.  M.V. paid $900 and on or about June 12, 2013, M.V. completed the MEI application and other documents which included the "Homeowners Guaranteed Services" Form 330.  On or about December 4, 2013, Defendants filed a false UCC Financing Statement on behalf of M.V. with the BOC.  M.V. received a letter dated August 28, 2013, from MEI, thanking him for "allowing us to procure your mortgage to reduce your payment and your payoff time."  MEI indicated that M.V.'s former mortgage company no longer had an interest in his property and that MEI "will litigate on your behalf to the full extent of the law." The letter further instructed M.V. to send his new monthly payment of $886.04 to MEI, at P.O. Box 1215 Killen Texas, 76549. M.V. sent monthly checks for the new payment amount by mail to MEI, at P.O. Box 1215 Killen, Texas 76549.  From on or about September 2014 to and including October 2015, false MEI quarterly statements were produced and sent to M.V.  In truth and fact, MEI did not procure M.V.'s mortgage and there would be no reduction in payment or payoff time.  The original mortgage company still had a security interest in M.V's property. Anthony T. Williams could not litigate on M.V.'s behalf because he was not a licensed attorney in the State of Hawaii.  MEI and

11

the Defendants began collecting half the original mortgage payment and converted the money to their own use, causing the original mortgage to become increasingly delinquent.

23.   In May of 2013, E.S. and A.S., homeowners in Hawaii, were introduced to an associate of Anthony T. Williams, who presented the MEI mortgage reduction program to them.  E.S. and A.S. were told that their mortgage payment would be cut in half and the term of their loan could be reduced from 30 years to 15 years, if they enrolled in the MEI program.  On or about May 28, 2013, E.S. and A.S. met with Anthony T. Williams, paid him a fee, and filled out the MEI application form and documents that were provided to them, which included the HSGA and HGS Form 330.  Anabel Cabebe collected a fee for notarizing several of the documents associated with the MEI application.  E.S. and A.S. received a letter dated May 28, 2013, from MEI, thanking them for "allowing us to procure your mortgage to reduce your payment and your payoff time."  MEI indicated that their former mortgage company no longer had an interest in their property and that MEI "will litigate on your behalf to the full extent of the law."  The letter further instructed E.S. and A.S. to send their new monthly payment of $2095.22 to MEI, at P.O. Box 1215 Killen Texas, 76549.  In truth and fact, the HSGA and HGS Form 330, are false documents and no such guarantees could be made, as MEI, Anthony T. Williams, and Barbara Williams, were not licensed in

12

the State of Hawaii, by the DCCA, Division of Financial
Institutions, to create, service, or modify loans and Anthony T.
Williams was not a licensed attorney in the State of Hawaii and
could not represent the homeowner in legal matters.

24.  On or about December 4, 2013, a false UCC
Financing Statement was filed on behalf of E.S. and A.S. with
the BOC by MEI and the Defendants.  On or about May 8, 2015,
E.S. and A.S., signed a document entitled "MORTGAGE," which was
filed on May 26, 2015 with the BOC.  This false document states
that it makes null and void the original mortgage instrument
recorded in the State of Hawaii, Bureau of Conveyance and any
other instrument preceding it.  The document included a "NOTE"
purporting to set out the terms of the loan and repayment to
MEI.  The mortgage and the note were notarized by Anabel Cabebe
for a fee.  E.S. and A.S. mailed monthly checks for the new
payment amount, to MEI, at P.O. Box 1215 Killen, Texas 76549.
The Defendants failed to inform E.S. and A.S. that there was no
MEI mortgage on their home and that the original lenders
mortgage was still valid, thereby causing the original mortgage
to become increasingly delinquent.

25.  On or about June 20, 2013, R.L and M.L.,
homeowners in Hawaii, met with Anthony T. Williams, paid him a
fee, and filled out the MEI application and documents that were
provided to them.  The MEI application and documents offered a

13

mortgage reduction program and were signed by Anthony T.
Williams.  Anabel Cabebe collected a fee for notarizing several
of the documents associated with the application.  The
application included the HSGA and the HGS Form 330.  In truth
and fact, the HSGA and HGS Form 330, are false documents and no
such guarantees could be made, as MEI, Anthony T. Williams, and
Barbara Williams, were not licensed in the State of Hawaii, by
the DCCA, Division of Financial Institutions, to create,
service, or modify loans and Anthony T. Williams was not a
licensed attorney in the State of Hawaii and could not represent
the homeowner in legal matters.

26.  On or about October 23, 2013, a false UCC
Financing Statement was filed on behalf of R.L. and M.L. with
the BOC by MEI and the Defendants.  On or about December 30,
2014, R.L. and M.L., signed a false document entitled
"MORTGAGE," which was filed on January 6, 2015 with the BOC.
This false document states that it makes null and void the
original mortgage instrument recorded in the State of Hawaii,
Bureau of Conveyance and any other instrument preceding it.  The
document included a "NOTE" purporting to set out the terms of
the loan and repayment to MEI.  The mortgage and the note were
notarized by Anabel Cabebe for a fee.  R.L. and M.L. paid their
new monthly mortgage payments, to MEI.  The Defendants failed to
inform R.L. and M.L. that there was no MEI mortgage on their

home and that the original lenders mortgage was still valid,
thereby causing the original mortgage to become increasingly
delinquent.

27.  In July of 2013, the MEI mortgage reduction
program was presented to L.T., a homeowner in Hawaii.  L.T. was
told that her mortgage payment would be cut in half, the term
would be reduced by half, and the program was 100% refundable.
L.T. signed up for the MEI mortgage reduction program.  On or
about September 29, 2014, Defendants caused to be produced a
false MEI statement which was sent to L.T.  In truth and fact,
MEI and the Defendants could not offer a mortgage reduction
program in Hawaii as MEI, Anthony T. Williams, and Barbara
Williams, were not licensed to do so.

28.  On or about June 19, 2015, L.T. signed a false
document entitled "MORTGAGE," which was filed on June 26, 2015,
with the BOC.  The document states that it replaces and makes
null and void the original mortgage instrument recorded in the
State of Hawaii, BOC and any other instrument preceding it.  The
document included a "NOTE" purporting to set out the terms of
the loan and repayment.  The mortgage and the note were
notarized by Anabel Cabebe for a fee.  Starting in June of 2015,
L.T. paid three monthly MEI mortgage payments directly to Anabel
Cabebe, who would collect them and then send them to Anthony T.
Williams.  The Defendants failed to inform L.T. that there was

15

no MEI mortgage on her home and that the original lenders
mortgage was still valid, thereby causing the original mortgage
to become increasingly delinquent.

29.   In approximately mid 2013 J.A., a homeowner in
Hawaii, was told about the MEI mortgage reduction program by
Defendant, Anabel Cabebe, who encouraged J.A. to attend a
meeting.   J.A. attended the meeting and heard Anthony T.
Williams speak about the MEI program and how it could cut
mortgage payments in half and reduce the overall principal.

30.   Approximately one week later J.A. went to Anthony
T. Williams' office on Democrat Street, in Honolulu, to sign up
for the MEI program.   J.A. met with Anthony T. Williams and
presented her original mortgage to him.   J.A. also completed the
MEI application packet and provided Anthony T. Williams with a
check for $1,000.   J.A. was then instructed by Anthony T.
Williams to stop payments to her current lender, and told she
did not have to pay MEI until Anthony T. Williams had drafted
and filed the proper paperwork.   On or about June 17, 2015, J.A.
and M.A. signed a false document entitled "MORTGAGE", which was
filed on June 25, 2015 with the BOC.   The document states that
it replaces and makes null and void the original mortgage
instrument recorded in the State of Hawaii, BOC and any other
instrument proceeding it.   The document included a "NOTE"
purporting to set out the terms of the loan and repayment.   The

16

MORTGAGE and the NOTE were notarized by Anabel Cabebe for a fee. In June or July of 2015, J.A. and M.A. made two monthly mortgage payments by check, payable to MEI.  The Defendants failed to inform J.A. and M.A. that there was no MEI mortgage on their home and that the original lenders mortgage was still valid, thereby causing the original mortgage to become increasingly delinquent.

31.  Defendants did not inform the homeowners that the original mortgages on the homeowner's properties were not paid off and their loans were not modified as promised.  The Defendants did not inform the homeowners that the payments being made to MEI were being used to pay the Defendants' personal expenses, and were deposited into a MEI account with First Hawaiian bank account and later a MEI bank account in Texas.

32.  At all times during this scheme, Defendants failed to advise the homeowners that they were not actually creating, servicing, or modifying the mortgage on their homes and that the document entitled "Mortgage" that was being filed with the BOC was false.

### The Wire Communications

33.  On or about the dates stated, within the District of Hawaii and elsewhere, for the purpose of executing, and attempting to execute, the aforesaid scheme and artifice to defraud, Defendants, ANTHONY T. WILLIAMS, ANABEL CABEBE, and

17

BARBARA WILLIAMS, did knowingly transmit, and cause to be

transmitted, in interstate and foreign commerce, by means of

wire communications, certain signs, signals and sounds, that is,

the following wirings, with each such wire communication

constituting a separate count of this Indictment:

| Count | Date | Wire Communication |
|-------|------|--------------------|
| 1 | 07/08/2013 | Email from Barbara Williams to Anthony Williams regarding customers that have paid for July |
| 2 | 07/10/2013 | Email from Barbara Williams to Anthony Williams regarding customer payments that continue for July |
| 3 | 07/13/2013 | Email from Anthony T. Williams to Barbara Williams regarding the SOSDirect user information. |
| 4 | 09/06/2013 | Email from K.F. to Defendant, Anthony T. Williams, dated 9/6/13, concerning questions on behalf of some clients |
| 5 | 09/06/2013 | Email from Anthony T. Williams to K.F. regarding questions about the program |
| 6 | 09/08/2013 | Email from Anthony T. Williams to E.W. regarding MEI and CLOA |
| 7 | 09/22/2013 | Moneygram wiring sent from M.J.C. in Honolulu to Barbara Williams in Texas |
| 8 | 10/11/2013 | Moneygram wiring sent from M.J.C. in Honolulu to Barbara Williams in Texas |
| 9 | 11/23/2014 | Email from M.V. to Anthony T. Williams regarding December payment |
| 10 | 11/26/2014 | Email Anthony T. Williams to M.V. regarding payment to Texas by mail |
| 11 | 11/27/2014 | Email from M.V. to Anthony T. Williams regarding late mailing of payment |
| 12 | 11/27/2014 | Email from Anthony T. Williams to M.V. regarding payment |
| 13 | 05/27/2015 | Email from M.L. to Anthony T. Williams regarding litigation of their property |
| 14 | 05/28/2015 | Email from Anthony T. Williams to M.L. asking them to remove their attorney |
| 15 | 05/03/2015 | Email from Anthony T. Williams to E.W. regarding client's money and CLOA |

All in violation of Title 18, United States Code, Section 1343.

### Counts 16 - 32

(Mail Fraud, 18 U.S.C. § 1341)

The Grand Jury Further Charges:

34.    The Grand Jury re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 32, of the Introduction and The Scheme and Artifice to Defraud sections of this Indictment, as if fully set forth herein.

### The Mailings

35.    On or about the dates stated, in the District of Hawaii and elsewhere, for the purposes of executing or attempting to execute the above-described scheme and artifice to defraud, Defendants, ANTHONY T. WILLIAMS, ANABEL CABEBE, and BARBARA WILLIAMS, knowingly caused to be delivered by mail and a private and commercial interstate carrier according to the direction thereon, the following matter, with each constituting a separate count of this Indictment:

| Count | Approximate Mailing Date | Description |
|-------|--------------------------|-------------|
| 16 | 05/16/13 | Letter from Anthony T. Williams to Barbara Williams, test of certified mail non-payment of postal fees |
| 17 | 06/13/2013 | Mortgage Payment mailed to MEI, P.O. Box 1215, Killeen, TX 76540 by E.S. and A.S. |
| 18 | 07/06/2013 | Mortgage Payment mailed to MEI, P.O. Box 1215, Killeen, TX 76540 by E.S. and A.S. |
| 19 | 09/27/2013 | Mortgage Payment mailed to MEI, P.O. Box 1215, Killeen, TX 76540 by E.S. and A.S. |

| Count | Approximate Mailing Date | Description |
|---|---|---|
| 20 | 11/01/2013 | Mortgage Payment mailed to MEI, P.O. Box 1215, Killeen, TX 76540 by E.S. and A.S. |
| 21 | 11/28/2014 | Mortgage payment mailed to MEI, P.O. Box 1215, Killeen, TX 76540 by M.V. in Hawaii |
| 22 | 01/06/2015 | Mortgage payment mailed to MEI, P.O. Box 1215, Killeen, TX 76540 by M.V. in Hawaii |
| 23 | 01/29/2015 | Mortgage payment mailed to MEI, P.O. Box 1215, Killeen, TX 76540 by M.V. in Hawaii |
| 24 | 02/28/2015 | Mortgage payment mailed to MEI, P.O. Box 1215, Killeen, TX 76540 by M.V. in Hawaii |
| 25 | 03/31/2015 | Mortgage payment mailed to MEI, P.O. Box 1215, Killeen, TX 76540 by M.V. in Hawaii |
| 26 | 04/29/2015 | Mortgage payment mailed to MEI, P.O. Box 1215, Killeen, TX 76540 by M.V. in Hawaii |
| 27 | 05/27/2015 | Mortgage payment mailed to MEI, P.O. Box 1215, Killeen, TX 76540 by M.V. in Hawaii |
| 28 | 06/27/2015 | Mortgage payment mailed to MEI, P.O. Box 1215, Killeen, TX 76540 by M.V. in Hawaii |
| 29 | 07/25/2015 | Mortgage payment mailed to MEI, P.O. Box 1215, Killeen, TX 76540 by M.V. in Hawaii |
| 30 | 08/28/2015 | Mortgage payment mailed to MEI, P.O. Box 1215, Killeen, TX 76540 by M.V. in Hawaii |
| 31 | 09/28/2015 | Mortgage payment mailed to MEI, P.O. Box 1215, Killeen, TX 76540 by M.V. in Hawaii |
| 32 | 10/28/2015 | Mortgage payment mailed to MEI, P.O. Box 1215, Killeen, TX 76540 by M.V. in Hawaii |

//

//

//

//

//

//

//

//

//

All in violation of Title 18, United States Code, Section 1341.

DATED:   March 28, 2018, Honolulu, Hawaii.

A TRUE BILL

_____/s/ Foreperson_____
FOREPERSON, GRAND JURY

KENJI M. PRICE
United States Attorney
District of Hawaii

_____
MICHAEL NAMMAR
Acting Chief, Public Corruption
And Fraud Section

_____
RONALD G. JOHNSON
Assistant U.S. Attorney

UNITED STATES vs. ANTHONY WILLIAMS, ET AL.
Cr. No. 17-00101 LEK
"Superseding Indictment"