KENJI M. PRICE #10523
United States Attorney
District of Hawaii

RONALD G. JOHNSON #4532
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Ron.Johnson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    vs.<br><br>ANTHONY T. WILLIAMS, (01),<br><br>        Defendant. | ) CR. NO. 17-00101-01 LEK<br>)<br>) UNITED STATES' OPPOSITION TO<br>) DEFENDANT'S MOTION IN<br>) OPPOSITION TO DENIAL OF<br>) SPEEDY TRIAL AND PRE-TRIAL<br>) RELEASE; EXHIBITS 1-7;<br>) CERTIFICATE OF SERVICE<br>)<br>)<br>)<br>) |

UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION IN
OPPOSITION TO DENIAL OF SPEEDY TRIAL AND PRE-TRIAL RELEASE

I.  **INTRODUCTION**

On March 7, 2018, Defendant Anthony T. Williams ("Defendant") filed Motion in Opposition to Denial of Speedy Trial and Pre-Trial Release ("Motion"). Dkt. No. 133. In his Motion, Defendant asserts that he has been unlawfully denied bail. Dkt. No. 133 at 6. He also argues that his speedy trial rights under the Sixth Amendment of U.S. Constitution and 18 U.S.C. § 3161 have been violated. *Id.* at 1. This Court should deny Defendant's Motion because (1) Magistrate Judge Kenneth Mansfield correctly ruled that Defendant should be held without bail pending trial and (2) Defendant's Speedy Trial rights have not been violated. Defendant raised many of the same claims in his Motion for Order of Dismissal, filed on September 29, 2017. Dkt. No. 38. The United States filed its opposition to Defendant's motion on October 25, 2017. Dkt. No. 56. This Honorable Court denied Defendant's Motion for Order of Dismissal on February 7, 2018. Dkt. No. 104.

II. **ARGUMENT**

A.  **Pretrial Detention Without Bail**

Defendant's arguments that his pretrial detention is without justification is without merit. Dkt. No. 133 at 6. On September 28, 2017, the United States filed a Memorandum in Support of the Motion to Detain Defendant Without Bail with exhibits A through F. Dkt. No. 34. Magistrate Judge Kenneth Mansfield, granted

the United States Motion to Detain Defendant Without Bail.  Dkt. No. 35.  In so doing Judge Mansfield, found by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and/or the community, and by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required, should the defendant be released.  Exhibit 1 at 2-3.  In addition the Court correctly noted that Defendant was in custody in this district based upon the issuance of a writ and that he was currently serving a term of imprisonment for his Florida conviction.  *Id*. at 3.  *See also*, Exhibit 2, Transcript of proceedings on September 29, 2017, at 24-29.

     Magistrate Judge Mansfield properly considered, the Indictment, the United States Memorandum in Support of the Motion to Detain Defendant Without Bail, the arguments of the parties, and the U.S. Pretrial Services report.  Exhibit 1 at 1-2).  Judge Mansfield properly ruled in this instance and realized that he could not release Defendant from custody due to Defendant's continued service of his Florida sentence.

     Additionally, as this Court pointed out in its Order Denying Defendant's Motion for Constitutional Challenge to Grand Jury Rule 6(D) of the Federal Rules Of Criminal Procedure and Defendant's Motion for Order of Dismissal Order Denying Defendant's Motion (Dkt. No. 104), Defendant has not presented any

basis that warrants reversing the magistrate court's granting of the government's motion to detain Defendant without bail. Dkt. No. 104 at 11-12. Nonetheless, Defendant continues to claim his detention without bail is prejudicial and done with ill intent. Dkt. No. at 133 at 6. Defendant is present in the District of Hawaii on a writ (Dkt. Nos. 23, 28) and he can not be released unless and until his Florida sentence is overturned or satisfied.

### B. Complex Case

On September 29, 2017, the United States requested that the instant case be declared complex and stated the supporting reasons to the Court. Michael Green, Esq., attorney for Defendant Anabel Cabebe, joined in stating his belief that the case was complex and that the time for motions and trial should be extended. Defendant Anthony Williams objected based upon his speedy trial right. Exhibit 2 at 18- 21.

Magistrate Judge Mansfield ruled that the case was complex based upon the reasons asserted by the government and joined by Mr. Green. Exhibit 2 at 21. The Court properly found this case complex based on its review of the Indictment, the fact that it was a large mortgage rescue scheme, the number of properties/victims, the voluminous nature of the discovery, and the difficulties of defending a complex fraud case. Exhibit 3 at 2. This case was properly declared complex, by

Magistrate Judge Mansfield, and Defendant has not presented any evidence that would affect that determination.

### C. Speedy Trial

Defendant seems to be arguing that his speedy trial rights have been violated because his trial was continued to May 15, 2018, over his objection. However, there is no violation of the Speedy Trial Act ("STA") under 18 U.S.C. § 3161 because all time is properly excludable and therefore it is tolled under the STA. Therefore, no more than 70 unexcluded days will have passed between Defendant's first appearance and the commencement of trial. Furthermore, there is no violation of Defendant's Sixth Amendment right to a speedy trial.

#### 1. 18 U.S.C. § 3161

The Speedy Trial Act ("STA"), 18 U.S.C. § 3161, provides that when a defendant enters a plea of not guilty, the trial of the defendant shall commence within seventy days of either (1) the filing of the indictment or (2) the defendant's first appearance, whichever is later. 18 U.S.C. § 3161(c)(1). The STA is violated if within the 70-day period, as extended by any excludable delay, the trial does not commence. *See* 18 U.S.C. § 3161(c)(1).

"The defendant has the burden of proving that the delay meets the criteria for dismissal." *United States v. Medina*, 524 F.3d 974, 981 (9th Cir. 2008); *see also*, 18 U.S.C. § 3162(a)(2) ("The defendant shall have the burden of proof of

supporting" a motion to dismiss for a Speedy Trial Act violation.).  However, the government has the burden of going forward with any exclusion under 18 U.S.C. § 3161(h)(3).  *See* 18 U.S.C. § 3162(a)(2).

Defendant has not produced any evidence to show what time was or was not excluded from the 70-day time limit, nor has he shown that any time was excluded improperly.  However, as the government will establish, there are excludable days, which will allow for the commencement of Defendant's trial within 70 days of his initial appearance.  Those excludable days were a result of the filing of pretrial motions and no further non-excludable days have passed since his initial appearance on September 25, 2017, because all delays were excluded by the exceptions described in 18 U.S.C. § 3161(h).

     **a.**     <u>**18 U.S.C § 3161(h)(1)(D) – Pretrial Motions**</u>

Section 3161(h)(1)(D) excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."  The exclusion of pretrial motion delay has been described as "automatic."  In *United States v. Tinklenberg*, 563 U.S. 647 (2011), the Court held that pretrial motion delay "does not contain [a] causation requirement."  *Id*. at 650.  That is, a pretrial motion generates excludable delay "irrespective of whether it actually causes, or is expected to cause, delay in starting a trial."  *Id*.  District courts should not be burdened with "the task of determining

whether the period described would or did actually cause a postponement of the trial in the particular case." *Id*. at 655.  "We think it clear that Congress intended [3161(h)(1)](D) to apply automatically." *Id*.; *see also*, *id*. at 656-57 (collecting cases); *United States v. Pete*, 525 F.3d 844, 852 (9th Cir. 2008) ("We now hold that, like the exception under § 3161(h)(1)(F) for pretrial motions, the exclusion of time under § 3161(h)(1)(E) for an 'interlocutory appeal' need not actually cause any delay to create excludable time; the exclusion is automatic.").

Section 3161(h)(1)(D) covers "any pretrial motion." *United States v. Daychild*, 357 F.3d 1082, 1095 (9th Cir.2004) ("For purposes of calculating time under the Speedy Trial Act, it does not matter what type of pretrial motion is filed to invoke the exclusion of [§ 3161(h)(1)(D)], because the language of the statutory exclusion for delay, from the filing of the motion until its prompt disposition, is unqualified as to the type of motion."); *United States v. Dirden*, 38 F.3d 1131 (10th Cir. 1994) (18 U.S.C. § 3161(h)(1)(D) must be read in conjunction with 18 U.S.C. § 3161(h)(1)(H) which allows an exclusion of up to 30 days while a district court has a motion under advisement; 30-day under advisement period did not begin to run until date magistrate judge received transcript of hearing on suppression motion).

Prior to Defendant making his initial appearance, he filed two motions.  Dkt. Nos. 14 and 15.  The Court held these motions in abeyance until Defendant had his

7

initial appearance. *See* Dkt. No. 18. On September 29, 2017, Defendant was arraigned and filed three other motions. Dkt. Nos. 37-39. Therefore, Defendant had pretrial motions pending from the date of his initial appearance. On February 7, 2018, this Court ruled on Defendant's Motion for Constitutional Challenge to Grand Jury Rule 6(D) of the Federal Rules of Criminal Procedure (Dkt. No. 37) and Defendant's Motion for Order of Dismissal (Dkt. No. 38). *See* Dkt. No. 104. Prior to February 7, 2018, on January 17, 2018, Defendant filed a Motion for Injunction Against FDC for Retaliation. This motion is still pending. There are still other motions Defendant filed (Dkt. No. 117 filed on February 22, 2018; Dkt. No. 133 filed on March 7, 2018; and Dkt. Nos. 146 and 147 filed on March 19, 2018) that are pending. Therefore, the time from when Defendant had his initial appearance to now (because there are pending pretrial motions) should be excluded under 18 U.S.C. § 3161(h)(1)(D).

      **b.**     <u>**18 U.S.C. § 3161(h)(7) – Complex Case Designation**</u>

In *Zedner v. United States*, 547 U.S. 489 (2006), the Supreme Court observed that the STA "recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." *Id*. at 497. "Much of the Act's flexibility is furnished by § 3161(h)([7]), which governs ends-of-justice continuances." *Id.* at 498. "This provision gives the district court discretion . . . to accommodate limited delays for case-specific needs." *Id*. at 499. "Congress

clearly meant to give district judges a measure of flexibility in accommodating unusual, complex, and difficult case." *Id*. at 508. And it knew "that the many sound grounds for granting ends-of-justice continuances could not be rigidly structured." *Id*. The *Zedner* Court characterized section 3161(h)(7)'s flexibility and provision of broad discretion to district judges as "substantive open-endedness." *Id*. at 509. "The exclusion of delay resulting from an ends-of-justice continuance is the most open-ended type of exclusion recognized under the Act . . . ." *Id*.

Magistrate Judge Mansfield declared this case complex and granted a continuance under § 3161(h)(7) to Defendant (02) Anabel Cabebe and set Defendant (01) Williams' trial date in the normal course on November 21, 2017. This was a continuance as to Defendant (02), but not as to Defendant (01) Williams. Exhibit 2 at 23-24, 30; Exhibit 3; and Exhibit 4.

While Defendant (01), Williams, objected based upon speedy trial grounds to the case being declared complex, his co-defendant agreed with government that the case should be designated complex. Defendant Williams case was set in the normal course well within the 70-day limit.

Moreover, even if this continuance had pushed Williams case out past the 70-day limit there is an argument that the time could be tolled. Section 3161(h)(7) provides that a court shall exclude a reasonable period of delay "when the

9

defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." Therefore, "an exclusion to one defendant applies to all co-defendants." *United States v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1993).

On September 29, 2017, the magistrate court designated this case complex. Dkt. No. 187. Accordingly, the Court excluded the time from October 17, 2017 to November 21, 2017 under the STA. Dkt. No. 189; Exhibit 4. On October 23, 2017, Codefendant Cabebe moved to continue trial over Defendant's objection. Dkt. No. 190; Exhibits 5 and 6. The Court found that given the case was complex and Co-defendant's counsel needed more time to prepare the time from November 21, 2017 to May 15, 2018 would be excluded under the STA. Dkt. No. 190; Exhibits 5 and 6. Therefore, after considering this excludable time (October 17, 2017 to May 15, 2018), 70 days have not passed since Defendant's initial appearance and the projected trial date of May 15, 2018.

### 2. Relationship Between the Speedy Trial Act and the Speedy Trial Clause of the Sixth Amendment

"The purpose of the [STA's 70-day rule] is 'to quantify and make effective the Sixth Amendment right to a speedy trial.'" *United States v. Moran*, 998 F.2d 1368, 1370 (6th Cir. 1993) citing *Henderson v. United States*, 476 U.S. 321, 333, 106 S. Ct. 1871, 1878, 90 L.Ed.2d 299 (1986) (White, J., dissenting). Thus, if the STA has not been violated, it would be "unusual" for a court to decide that the

Sixth Amendment right to a speedy trial has been violated. *See United States v. Rojas*, 812 F.3d 382, 410 (5th Cir.), cert. denied, 136 S. Ct. 2420-21, 2423 (2016); *United States v. Rice*, 746 F.3d 1074, 1081 (D.C. Cir. 2014); *United States v. DeGarmo*, 450 F.3d 360, 364 (8th Cir. 2006); *United States v. Bieganowski*, 313 F.3d 264, 284 (5th Cir. 2002); *United States v. O'Dell*, 247 F.3d 655, 666-67 (6th Cir. 2001); *United States v. Salimonu*, 182 F.3d 63, 69 (1st Cir. 1999); United States v. Nabors, 901 F.2d 1351, 1356 (6th Cir. 1990); *United States v. DeJesus*, 887 F.2d 114, 116 n.1 (6th Cir. 1989); *United States v. Thirion*, 813 F.2d 146, 154 (8th Cir. 1987).

### 3.     Sixth Amendment

Defendant does not have a basis for his Sixth Amendment Speedy Trial claim.

In *Barker v. Wingo*, 407 U.S. 514 (1972), the Supreme Court announced a four-part balancing test to determine whether a post-charge, pretrial delay violates the Speedy Trial Clause. That test assesses "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* at 530. "None of these factors are either a necessary or sufficient condition to a finding of a deprivation of the right to a speedy trial." *United States v. Williams*, 782 F.2d 1462, 1465 (9th Cir. 1985).

//

1. **Length of Delay**

"The length of the delay can generally be considered a triggering mechanism." *See Barker*, 407 U.S. at 530. "The length of delay is measured from the earlier of the date of indictment or arrest to the defendant's trial." *United States v. Bass*, 460 F.3d 830, 836 (6th Cir. 2006).

"Thus, our first inquiry is whether there was a presumptively prejudicial delay to warrant further investigation of the Barker factors." *Norris v. Schotten*, 146 F.3d 314, 326-27 (6th Cir. 1998). "In Doggett[],the Supreme Court noted that, in general, a delay that approaches one year is considered presumptively prejudicial, depending on the nature and seriousness of the charges. [505 U.S.] at 652 n. 1. Norris v. Schotten, 146 F.3d 314, 327 (6th Cir. 1998).

Here, Defendant was indicted on September 15, 2017. Dkt. No. 1. Trial is set for May 15, 2018. Dkt. No. 54.

2. **Reason for Delay**

The United States previously documented the delay created by Defendant's pending Florida charges and his subsequent conviction and sentencing. Dkt. Nos. 34, 55 and 56. The fact that a writ was obtained to secure his presence in the district. Dkt. No. 23. That Defendant was arrested upon the writ. Dkt. No. 28. At the request of Ms. Sharon Kanakaole, United States Marshal's Service, via email, the United States requested a short continuance of Defendant's Arraignment and

Plea from September 6 to September 25, 2017, due to Defendant's in ability to travel.  Exhibit 7.  Defendant made his initial appearance in Honolulu on September 25, 2017.  Dkt. Nos. 30-31.  This Court previously ruled on this issue that there was no violation of the Defendant's rights.  Dkt. No. 104 at 12.

This case was declared complex because it involved a mortgage rescue scheme, charged in 11 Counts of wire fraud and 19 Counts of mail fraud, which covers approximately 200 properties/victims with over 53,000 pages of discovery having been provided, which included information from Hawaii, Texas, and Florida.  Exhibits 2 and 3.

### 3.     Defendant's Assertion of Right to Speedy Trial

Defendant asserted his right to speedy trial when he filed his Motion for Order to Dismiss.  Dkt. No. 38.

### 4.     Prejudice to Defendant

As to the criterion of actual prejudice, the Supreme Court has elaborated:

> Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests:  (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired.  Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.  If witnesses die or disappear during a delay, the prejudice is obvious.  There is also prejudice if defense witnesses are unable to recall accurately events of the distant past.  Loss of memory, however, is not always reflected in the record because what has been forgotten can rarely be shown.

*Barker*, 407 U.S. at 532.

Defendant is not subject to release as he is serving a 15-year sentence in Florida, and therefore is not subject to oppressive pretrial incarceration. Defendant is currently incarcerated as a result of his Florida conviction, so there is no additional anxiety or concern created by his detention on the current charges. Defendant has not demonstrated how his defense would be impaired, as he was brought to the district without unnecessary delay. Dkt. No. 104 at 11-12. Defendant has not alleged any facts that would constitute actual prejudice.

## IV.   **CONCLUSION**

Based upon the forgoing, as well as the records and documents in this case, the United States respectfully requests that Defendant's Motion in Opposition to Denial of Speedy Trial and Pre-Trial Release be denied.

DATED: April 6, 2018, at Honolulu, Hawaii.

Respectfully Submitted,

KENJI M. PRICE
United States Attorney
District of Hawaii


By /s/ Ronald G. Johnson
   RONALD G. JOHNSON
   Assistant U.S. Attorney

   Attorneys for Plaintiff
   UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

    Lars Isaacson, Esq.

    Attorney for Defendant
    ANTHONY T. WILLIAMS

    DATED:  April 6, 2018, at Honolulu, Hawaii.

    /s/ Dawn Aihara