KENJI M. PRICE #10523
United States Attorney
District of Hawaii

RONALD G. JOHNSON #4532
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-Mail: Ron.Johnson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY T. WILLIAMS, (01)<br><br>Defendant. | CR. NO. 17-00101-01 LEK<br><br>UNITED STATES' OPPOSITION TO JUDICIAL NOTICE; CERTIFICATE OF SERVICE |

UNITED STATES' OPPOSITION TO JUDICIAL NOTICE

On April 5, 2018, Defendant Anthony Williams filed his Sworn Motion Establishing Undisputed Facts and Request for Judicial Notice (Dkt. No. 176) and a Second Request for mandatory Judicial Notice (Dkt. No. 178). On April 18, 2018, Defendant filed a Third Request for Mandatory Judicial Notice (Dkt. No.

221) and in that motion incorporated by reference his Second Request for Mandatory Judicial Notice (Dkt. No. 221-2 at 3). In each of Defendant's motions, he sets forth his version of the facts related to his case. In his Second Request for Mandatory Judicial Notice (Dkt. No. 178), Defendant references numerous documents in Exhibit A, paragraphs 1 through 13, which he requests this Court take judicial notice of (Dkt. No. 178-2 at 2-4). Defendant then also includes as Attachments A and B documents that were provided to him in discovery, bearing bates stamp numbers WILLIAMS_ET_AL 033090 - 91, 033126 –140, O33069 – 72, 033143 – 145, 035046-47. In his Third Request for Mandatory Judicial Notice, Defendant includes a written list and Exhibit A, which appears to be a two-page letter to the State of Hawaii, Department of Commerce and Consumer Affairs (DCCA), and a one page fax cover sheet. Defendant asserts that the facts stated in his motions are undisputed and the Court should judicially notice them.

Defendant previously made a similar argument in his Motion for Rebuttal to Sworn Statement of Anthony Williams (Dkt. No. 146), were he sought to have the United States rebut each point with documented evidence or have it be deemed true and undisputed. The United States opposed that motion, noting that Fed. R. Civ. P. 36, Request for Admissions, is a civil rule and the Federal Rules of Civil Procedure do not apply to criminal cases. To the extent that Defendant is again trying to

obtain admissions, the United States again argues that the rules do not provide for requests for admission. *See* United States' Opposition to Motion for Rebuttal to Sworn Declaration of Anthony Williams (Dkt. no. 217).

Defendant requests in each motion that the Court take mandatory judicial notice, pursuant to Federal Rules of Evidence Rule 201, of his written submissions along with the documents that he has referenced and attached to his motions. Federal Rules of Evidence, Rule 201, reads in pertinent part:

> Rule 201. Judicial Notice of Adjudicative Facts
> (a) Scope. This rule governs judicial notice of an adjudicative fact only, not a legislative fact.
> (b) Kinds of Facts That May Be Judicially Noticed. The court may judicially notice a fact that is not subject to reasonable dispute because it:
> (1) is generally known within the trial court's territorial jurisdiction; or
> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
> (c) Taking Notice. The court:
> (1) may take judicial notice on its own; or
> (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.
> (d) Timing. The court may take judicial notice at any stage of the proceeding.

In the instant case, Defendant seeks to have this Court accept as true and undisputed his version of the facts surrounding the transactions at the core of the criminal charges. Defendant submits his own written statement of the facts and claims that the facts are undisputed. Defendant makes this claim because he

realizes that, "The Court may judicially notice a fact **that is not subject to reasonable dispute** because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1) and (2). Defendant then comes to the conclusion that because he claims the facts are undisputed this Court "must" take judicial notice of that information since "the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

The content of Defendant's written declaration, affidavit, or signed motion is subject to dispute and cannot be said to be "generally known within the trial court's territorial jurisdiction" and cannot "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Defendant himself is not a source whose accuracy cannot reasonably be questioned. His representations are in stark contrast to the facts as presented in the Superseding Indictment. In addition, he has received discovery in the case at bar which contains information in direct conflict with his version of the events. Again he seeks to have the United States deemed to have admitted his version of the events and declares them undisputed. This is a modified version of his attempt to bind the United States to a version of the events as admitted if they are not rebutted point by point.

Defendant's statements of adjudicative fact are clearly subject to reasonable dispute and as such should be developed at trial in the ordinary manner.

> The usual method of establishing adjudicative facts is through the introduction of evidence, ordinarily consisting of the testimony of witnesses. If particular facts are outside the area of reasonable controversy, this process is dispensed with as unnecessary. A high degree of indisputability is the essential prerequisite

Fed. R. Evid. 201(a), Advisory Committee's Notes.

Defendant can cross-examine any and all witnesses called by the United States and is free to call witnesses or testify in his own defense. The Court should not judicially notice the adjudicative facts stated by Defendant in his motions in the form of a declaration, affidavit, or signed statement.

The statements are hearsay and as such cannot be entered into evidence without an exception. A defendant's prior statements, not used against him, are not admissible under the hearsay exception Fed. R. Evid. 801(d)(2)(A). Defendant's "self-inculpatory statements, when offered by the government are admissions by a party-opponent and are therefore not hearsay, *see* Fed. R. Evid. 801(d)(2), but the non-self-inculpatory statements are inadmissible hearsay." *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000). A defendant's placement of his exculpatory statements "before the jury without subjecting [himself] to cross-examination," is "precisely what the hearsay rule forbids." *Id.*

Defendant should not be able to obtain mandatory judicial notice of his statements and then have them offered with an instruction to the jury that it "may or may not accept the noticed fact as conclusive." Fed. R. Evid. 201(f). Defendant's written statements are subject to "reasonable dispute" and therefore are not the proper subject of judicial notice.

Apart from his own written statements, the other category of information that Defendant seeks to have judicially noticed are documents or filings that he claims to have made. Defendant lists out numerous filings in his Second Request for mandatory Judicial Notice (Dkt. No. 178-2 at 2-33). Defendant does not actually provide copies of the documents and filings that he cites to and certainly has not provided the Court with a certified copy of those documents to insure that they are true and correct copies "not subject to reasonable dispute" from a source "whose accuracy cannot reasonably be questioned." The copies of documents that defendant did provide as Exhibits A and B come from the discovery provided to Defendant and are not certified. In addition, the documents do not appear to bear a mark, seal or other indication that they were actually filed as Defendant indicates.

In Defendant's Third Request for Mandatory Judicial Notice, he attached as Exhibit A, a fax cover sheet prepared by him and a two-page letter to the DCCA produced by him. The United States is unaware of whether these documents were

received by Defendant in connection with a subpoena sent to the DCCA. If the documents have been certified or authenticated by the DCCA, or they originated from U.S. Bankruptcy Court-Hawaii as indicated at the bottom of the document. Defendant appears to have authored the document and should not be able to introduce non-self-inculpatory hearsay on his own behalf by requesting that this Court take mandatory judicial notice of it. The documents that Defendant seeks to have judicially noticed appear, by his own descriptions, have been produced or completed by himself. The facts contained within the documents in question are subject to reasonable dispute and are not facts that the Court may properly judicially notice.

The Ninth Circuit Court of Appeals in, *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011), when the government asked it to judicially notice a plea colloquy, stated:

> Second, we take judicial notice of a fact only if it is "not subject to reasonable dispute." Id. (citing Fed.R.Evid. 201(b)). Here, the language of the colloquy is subject to varying interpretations, and there is a reasonable dispute as to what the plea colloquy establishes.

When the Court is being asked to judicially notice an adjudicative fact or facts they cannot be subject to reasonable dispute. See, *United States v. Wilson*, 631 F.2d 118, 120 (9th Cir. 1980) ("There being no other indication that the facts asserted by the Government are true, much less that they are 'not subject to reasonable

dispute,' as required by Rule 201, they are not proper subjects of judicial notice."); *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001) (A court, then, may take judicial notice of undisputed facts contained in public records, but it may not take judicial notice of disputed ones.).

In the case at bar, Defendant has failed to produce many of the documents that he wants judicially noticed. The Court cannot judicially notice the documents and the facts they contain without having them before it for review. The few Exhibits that have been presented for judicial notice were produced by Defendant. The facts contained in the documents, authored by Defendant, are subject to "reasonable dispute" and cannot "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

## CONCLUSION

The facts presented to the Court for judicial notice by Defendant are clearly in dispute. In addition, they are not "generally known within the trial court's territorial jurisdiction" or capable of being "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Based upon the

//

//

foregoing the United States respectfully requests that this Court deny Defendant's requests for mandatory judicial notice.

DATED: May 1, 2018, at Honolulu, Hawaii.

Respectfully Submitted,

KENJI M. PRICE
United States Attorney
District of Hawaii

By /s/ Ronald G. Johnson
RONALD G. JOHNSON
Assistant U. S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

Lars Isaacson, Esq.

Attorney for Defendant
ANTHONY T. WILLIAMS

Served by First Class Mail:

Anthony T. Williams
Register No. 05963-122
Inmate Mail
FDC Honolulu
PO Box 30080
Honolulu, HI 96820

DATED: May 1, 2018, at Honolulu, Hawaii.

/s/ Dawn Aihara