IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ANTHONY T. WILLIAMS (01),<br><br>　　　　Defendant. | CR. NO. 17-00101 LEK<br><br>**ORDER DENYING MOTION FOR DISQUALIFICATION OF JUDGE LESLIE KOBAYASHI** |

## INTRODUCTION

Defendant Anthony T. Williams, proceeding pro se, moves to disqualify Judge Leslie E. Kobayashi under 28 U.S.C. §§ 144 and 455.[1] Because Williams identifies no valid basis on which to remove Judge Kobayashi from this case, the Motion is DENIED.

## BACKGROUND

This case involves a mortgage rescue scheme covering approximately 200 properties and/or victims. On February 15, 2017, the grand jury indicted Defendants Anthony Williams and Annabel Cabebe on 11 counts of wire fraud, in

---

[1]Because Section 144 requires that another judge be assigned to consider Defendant's Motion to Disqualify, Judge Kobayashi referred the motion to Chief Judge J. Michael Seabright for reassignment. Dkt. No. 243. On April 27, 2018, the Motion for Disqualification was assigned to the undersigned; the case remains assigned to Judge Kobayashi pending a ruling on the Motion for Disqualification. Dkt. No. 245.

violation of 18 U.S.C. § 1343, and 19 counts of mail fraud, in violation of 18 U.S.C. § 1341. On March 28, 2018, the grand jury returned a Superseding Indictment against Defendants Williams, Cabebe, and Barbara Williams on 15 counts of wire fraud and 17 counts of mail fraud.[2] Dkt. No. 154.

On September 29, 2017, Magistrate Judge Kenneth Mansfield granted the government's Motion to Detain Williams Without Bail.[3] Dkt. No. 35. On March 19, 2018, Williams filed a Motion for Disqualification of Magistrate Judge

---

[2]The Superseding Indictment describes Defendants' businesses Mortgage Enterprise Investments ("MEI") and The Common Law Office of America ("CLOA") and the roles each of the Defendants played: Williams was the CEO of MEI, Barbara Williams was its CFO, and Cabebe organized meetings, brought in new clients, and notarized documents. Williams registered MEI with the Hawaii Department of Commerce and Consumer Affairs ("DCCA") on or about June 24, 2013, but never obtained the required licenses pursuant to Hawaii Revised Statutes, Chapter 454, to provide services as a mortgage loan originator, mortgage servicer, or mortgage servicer loan modification company. Dkt. No. 154. On September 29, 2017, the Magistrate Judge designated this case complex. Dkt. No. 187.

[3]In reaching that determination, the court considered the fact that Williams was:

> convicted of felony offenses under number 17-74 CF 10A, in Broward County Florida. Defendant was convicted of, grand theft and unlawful filing or false documents or records against property, and was sentenced to 15 years imprisonment to be followed by 15 years of probation. Defendant was transported to Hawaii on a Writ and is currently serving his Florida sentence.
>
> Defendant was convicted of the unlicensed practice of law and false official statement, in Broward County, Florida, in case number 15-14566 CF 10A. Defendant also had a probation violation for a felony offense.
>
> On September 25, 2017, defendant indicated that he did not recognize the jurisdiction of this Court or the United States and that he was a sovereign. Defendant has a criminal history, which includes arrests for crimes of violence and failure to appear, with convictions for felony theft, and the offenses noted above.

Dkt. No. 189.

Kenneth Mansfield, which is currently pending before Judge Kobayashi.[4]  Dkt. No. 147.

Trial in this matter is currently set for December 18, 2018.  Dkt. No. 235.

## **DISCUSSION**

Judge Kobayashi's rulings on the unceasing series of motions and appeals filed by Williams cannot form the basis of a motion to disqualify—on their own, they are not proof of bias or misconduct.  Nor, after a careful review of the record, has Judge Kobayashi "display[ed] a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Liteky v. United States*, 510 U.S. 540, 555

---

[4]The following is a non-exhaustive list of motions filed by Williams, stayed during the pendency of the motions to disqualify Judge Kobayashi and Judge Mansfield (Dkt. No. 247): Appeal of Magistrate Judge Decision, Dkt. No. 79; Motion For Injunction Against FDC For Retaliation, Dkt. No. 87; Appeal of Magistrate Decision re 132 Order on Motion for Miscellaneous Relief, Dkt. No. 144; Motion For Rebuttal To Sworn Declaration Of Anthony Williams, Dkt. No. 146; Amended Second Motion for Order to Show Cause re 167, Dkt. No. 171; Motion for Government To Provide Criminal History of Defendant, Dkt. No. 173; Motion For Notice Of The Government's Intent To Use Evidence, Dkt. No. 174; Sworn Motion Establishing Undisputed Facts And Request For Judicial Notice, Dkt. No. 176; Second Request For Mandatory Judicial Notice, Dkt. No. 178; Motion For Exposition Of Spiritual Warfare, Dkt. No. 179; Amended Motion to Show Cause re 195 Third Motion to Show Cause, Dkt. No. 196; Motion To Determine Bankruptcy Status of the United States, Dkt. No. 219; Motion To Compel The Government Of The United States To Answer Whether They Are Bound By Federal Law, Dkt. No. 220; Motion For Third Request For Mandatory Judicial Notice, Dkt. No. 221; Sworn Motion For Non-Bar Counsel, Dkt. No. 236; Motion For Recognition As A Private Attorney General And A Sovereign, Dkt. No. 237; Second Motion For Exposition Of Spiritual Warfare, Dkt. No. 238; Motion Seeking Inspection Of Grand Jury Minutes, Attendance And Voting Records, Dkt. No. 239; Motion For Funds To Pay For Printing Of Legal Documents And Use Of The Trulincs System, Dkt. No. 240; Sworn Motion To Disbar Ronald Johnson For Prosecutorial Misconduct and Racism, Dkt. No. 242.  The government, on April 11, 2018, filed a Motion for Judicial Determination of the Mental Competency of the Accused, Dkt. No. 197, which is also stayed pending a ruling on the present Motion for Disqualification.  *See* Dkt. No. 243.

(1994). Williams seeks to disqualify Judge Kobayashi based on nothing more than conclusory and unsupported statements of bias.

Because a reasonable person with knowledge of all facts of this case would have no reason to conclude that Judge Kobayashi's impartiality might reasonably be questioned, Williams' Motion is DENIED.

## I. Applicable Legal Standards

Williams brings his Motion pursuant to 28 U.S.C. §§ 144 and 455. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Section 455 provides, in relevant part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

>    (b) He shall also disqualify himself in the following circumstances:
>
>       (1) Where he has a personal bias or prejudice concerning a party[.]

"Under both recusal statutes, the substantive standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (quotation marks and alterations omitted), *abrogated on other grounds by Simmons v. Himmelreich*, 136 S. Ct. 1843 (June 6, 2016). "The 'reasonable person' is not someone who is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer. . . . The standard must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (internal citation and quotation marks omitted).

Further, the alleged bias "must usually stem from an extrajudicial source." *Pesnell*, 543 F.3d at 1044. In *Liteky v. United States*, the Supreme Court stated:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . . In and of themselves . . . they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. . . . Second, opinions formed by the judge on

5

> the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

510 U.S. 540, 555 (1994).

"[E]xpressions of impatience, dissatisfaction, annoyance, and even anger are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration." *Pesnell*, 543 F.3d at 1044 (internal quotation marks omitted) (quoting *Liteky*, 510 U.S. at 555–56). As detailed below, Williams fails to meet the relevant standards.

## II. <u>**Williams' Motion Is Denied**</u>

Williams raises multiple allegations regarding Judge Kobayashi's rulings and conduct during proceedings, which he claims evidence bias and favoritism toward the government. The accusations demonstrate Williams' suspicion:

- "Judge Kobayashi has denied all motions submitted by Affiant without issuing the requisite findings of fact and conclusions of law to validate and substantiate her denial." Williams Aff. ¶ 2.

6

- "Judge Kobayashi [has] displayed prejudice and bias against the Affiant in favor of the prosecution by being condescending to Affiant and arguing the prosecution's argument that Affiant is not entitled to adequate computer word processing and saving capabilities by stating affiant can continue to write his motions and have copies made as the prosecutor suggested." Williams Aff. ¶ 3.
- "Judge Kobayashi [has] failed consistently to rule on pending motions of Affiant . . . the government appealed to Judge Kobayashi who has had since January to make a ruling but has failed to make a ruling either way which has caused immeasurable harm to Affiant in that he still is deprived of basic necessities to prepare for trial[.]" Williams Aff. ¶ 4.
- "Judge Kobayashi presided over a federal lawsuit filed against the State of Hawaii, State of Florida, State of Georgia, FBI, Attorney General and other defendants and dismissed the lawsuit stating that it didn't have merit when the same lawsuit was first filed in the District of Columbia, which the judge found the lawsuit did have merit but stated it was filed in the wrong district and transferred to Hawaii." Williams Aff. ¶ 5.
- "Judge Kobayashi presided over a foreclosure case of one of Affiant's clients who sued Deutsche Bank for fraud and Kobayashi dismissed her complaint

disregarding all of the evidence the Affiant presented on the client's behalf to prove the bank committed fraud." Williams Aff. ¶ 6. These allegations of bias are plainly insufficient. The Court addresses each in turn.

### A. No Evidence of Bias in Adverse Rulings

Williams' primary argument appears to be that Judge Kobayashi has exhibited bias against him through various adverse rulings. He asserts that she: denied all motions without issuing the requisite detailed findings to substantiate her denial; failed to timely rule on one of several pending appeals; dismissed a civil action filed by Williams, Civ. No. 16-00411 LEK-RLP, and dismissed another civil action in which he professes to have presented evidence on behalf of his "client," Civ. No. 14-00342 LEK-RLP.

Even assuming that Williams has accurately represented the nature of the purportedly adverse rulings—and it does not appear based upon the records in the file and submitted by the government that this is in fact so—it is well-established that "[u]nfavorable rulings alone are legally insufficient to require recusal, even when the number of such unfavorable rulings is extraordinarily high on a statistical basis." *Beverly Hills Bancorp v. Hine*, 752 F.2d 1334, 1341 (9th Cir. 1984) (citation omitted); *see also Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) ("[Appellant's] allegations stem entirely from the district court judge's adverse

8

rulings. That is not an adequate basis for recusal."). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, *or of prior proceedings*, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555 (emphasis added).

Williams' disagreement with any adverse rulings should be raised in a proper appeal, not in a motion to disqualify.[5]

### B. No Evidence of Condescension or Bias During Proceedings

Williams also points to Judge Kobayashi's comments or demeanor during a hearing, and asserts that she was "condescending to" him. *See* Williams Aff. ¶ 3.

Williams, however, has provided no evidence of the alleged condescension. The Court has reviewed the transcript of the January 29, 2018 hearing before Judge Kobayashi on the appeal of the Magistrate Judge's order regarding Williams' access to courts, computer word processing and saving capabilities. Dkt. No. 256-1. Contrary to Williams' assertions, the transcript evidences patience and fairness by

---

[5] To the extent Williams takes issue with the pace of the court's rulings on his continuous motions and appeals, the delay cited suggests neither evidence of bias nor any other ground for disqualification. The Court need not act immediately on each pending request, "nor act upon verbal inquiries/requests at hearings or conferences, particularly when such inquiries/requests have no legal basis. Plaintiff's misunderstanding of the law and the remedies to which he is entitled should not be imputed to the Court as a failure to act." *Di Giustino v. SmarteCarte Co., Inc.*, No. CV 16-00192 LEK-KSC, 2018 WL 1440214, at *7 (D. Haw. Mar. 22, 2018).

9

Judge Kobayashi towards both Williams and the government, by among other things, giving each side the same time limit for oral argument, and offering to allow more time for Williams to submit supplemental briefing if he elected to do so. The transcript from this particular proceeding, the only one offered to this Court by either side, reveals that Williams was treated respectfully.

Moreover, the "judge's conduct during the proceedings should not, except in the 'rarest of circumstances' form the sole basis for recusal under § 455(a)." *Holland*, 519 F.3d 909, 913-14 (citation omitted).[6] In view of the record before the Court, Williams fails to demonstrate that Judge Kobayashi's actions during the course of these proceedings are within the "rarest of circumstances" that would warrant her recusal or disqualification.

---

[6]The following "circumstances" do not ordinarily mandate recusal:

> (1) Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters; (2) the mere fact that a judge has previously expressed an opinion on a point of law or has expressed a dedication to upholding the law or a determination to impose severe punishment within the limits of the law upon those found guilty of a particular offense; (3) prior rulings in the proceeding, or another proceeding, solely because they were adverse; (4) mere familiarity with the defendant(s), or the type of charge, or kind of defense presented; (5) baseless personal attacks on or suits against the judge by a party; (6) reporters' personal opinions or characterizations appearing in the media, media notoriety, and reports in the media purporting to be factual, such as quotes attributed to the judge or others, but which are in fact false or materially inaccurate or misleading; and (7) threats or other attempts to intimidate the judge.

*Clemens v. U.S. Dist. Court for Cent. Dist. of Cal.*, 428 F.3d 1175, 1178–79 (9th Cir. 2005) (citation omitted).

## CONCLUSION

Williams' reliance on adverse rulings, perceived delays in ruling, and an allegedly condescending demeanor as the basis for his request is unfounded—none of his assertions would lead a reasonable person with knowledge of all the facts to conclude that Judge Kobayashi's impartiality might reasonably be questioned. Accordingly, Defendant's Motion for Disqualification of Judge Leslie Kobayashi, Dkt. No. 241, is DENIED.

IT IS SO ORDERED.

DATED: June 5, 2018 at Honolulu, Hawaiʻi.

Derrick K. Watson
United States District Judge

---

*U.S. v. Williams*; CR. No. 17-00101-01 LEK; **ORDER DENYING DEFENDANT'S MOTION FOR DISQUALIFICATION OF JUDGE LESLIE KOBAYASHI**