KENJI M. PRICE                    #10523
United States Attorney
District of Hawaii

RONALD G. JOHNSON        #4532
GREGG PARIS YATES         #8225
Assistant United States Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
Fax:             (808) 541-2958
E-Mail:         Ron.Johnson@usdoj.gov
                    Gregg.Yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00101 LEK |
| | ) | |
| Plaintiff, | ) | UNITED STATES'S RESPONSE TO |
| | ) | DEFENDANT'S MOTION TO APPEAL |
| vs. | ) | ORDER DENYING MOTION FOR |
| | ) | DISQUALIFICATION OF JUDGE |
| ANTHONY T. WILLIAMS, | ) | LESLIE KOBAYASHI; CERTIFICATE |
| | ) | OF SERVICE |
| Defendant. | ) | |
| | ) | |

UNITED STATES'S RESPONSE TO DEFENDANT'S
MOTION TO APPEAL ORDER DENYING MOTION
<u>FOR DISQUALIFICATION OF JUDGE LESLIE KOBAYASHI</u>

The government respectfully submits this brief in opposition to Defendant

Anthony T. Williams's (Defendant) "Motion to Appeal Order Denying Motion for

Disqualification of Judge Leslie Kobayashi" (Df. Mot. Appeal Disqual.).  ECF No. 299.  Defendant's motion should be denied.  On June 5, 2018, the Court denied Defendant's motion to disqualify Judge Kobayashi from this prosecution.  ECF No. 257.  Such an Order denying disqualification is not reviewable until after judgment.  Moreover, reconsideration of the June 5, 2018 Order is not appropriate because there has been no discovery of new material facts or intervening change in law, and the June 5, 2018 Order contains no manifest error of law or facts.

It should be highlighted at the outset that Defendant's instant motion appears to be the latest of numerous arguments made to the Court and to Bureau of Prisons (BOP) staff that rest upon a fundamental misunderstanding of Defendant's rights deriving from previous orders of this Court and representations made by a BOP attorney at hearings.  Namely, Defendant's instant motion seeks review of Judge Kobayashi's disqualification in part because her bias and prejudice was revealed by her disregarding "two previous rulings of magistrates who sat through several proceedings and ruled in favor of the undersigned."  Mot. Appeal Disqual. Exh. A p. 2.  This grievance forms the basis of Defendant's related Appeal of Magistrate Judge Decision, filed three days after the instant motion.  ECF No. 300.  Moreover, as noted by Associate Warden AnnElizabeth Card of the Federal Detention Center Honolulu, Defendant has similarly referenced these purported "previous rulings of magistrates" in making demands upon BOP staff.  *See* ECF No. 292-2 (Exh. A to

Declaration of AnnElizabeth Card, United States's Response to Defendant's Fourth Motion for Order to Show Cause and Request for Expedited Hearing, Exh. A p.6 ("My order from the court is for me to have access to my discs all day as I had since October of last year. . . .")). The government will respond to Defendant's mischaracterization of the prior rulings of this Court in its response to Defendant's magistrate appeal.  ECF No. 304.

## BACKGROUND

On April 26, 2018, Defendant filed a motion to disqualify the trial court judge, the Hon. Leslie E. Kobayashi, because Defendant alleged he "cannot have a fair trial in front of [her]."  Defendant's Motion for Disqualification of Judge Leslie Kobayashi (Df. Mot. Disqualification) Exh. A ¶ 1, ECF No. 241.  Defendant cited the trial judge's denial of "all motions . . . without issuing the requisite findings of facts and conclusions of law," the trial judge's failure to rule upon Defendant's pending motions, allegations that the trial judge "displayed prejudice and bias against the Affiant," and the fact that the trial judge presided over other cases involving the states of Hawaii, Georgia, Florida, the Federal Government, and a foreclosure case of one of his clients.  *Id.* Exh. A ¶¶ 2-6.

On April 27, 2018 the trial judge referred Defendant's motion for disqualification to another District Judge, Hon. Derrick K. Watson.  ECF No. 245. On June 5, 2018, the Court denied Defendant's motion.  ECF No. 257.

On July 31, 2018, Defendant filed the instant motion to "appeal order denying motion for disqualification of Judge Leslie Kobayashi."

## ARGUMENT

I.  Defendant's Has No Right To Appeal The Court's Order Denying Disqualification Of The Trial Judge Until After Judgment

Defendant erroneously styles his motion as one to appeal the June 5, 2018 Order denying his motion to disqualify the trial judge from this matter.  As an initial matter, to the extent that any appeal of an order of this Court is proper, jurisdiction over such an appeal rests with the U.S. Court of Appeals for the Ninth Circuit.  28 U.S.C. §§ 1291, 1292, 1294.

In any event, the June 5, 2018 Order may not be appealed at this time because it is not a final order.  *United States v. Washington*, 573 F.2d 1121, 1122 (9th Cir. 1978) ("Since the district court's ruling on the motion [to disqualify the trial judge] was not a final order under 28 U.S.C. § 1291 nor an order certified under 28 U.S.C. § 1292(b), the appeal should be dismissed."); s*ee, e.g.*, *In re Cement Antitrust Litig. Etc.*, 688 F.2d 1297, 1313 (9th Cir. 1982) (reviewing order denying motion to disqualify); *see also* 12 Moore's Federal Practice – Civil § 63.71 (2018) ("An order denying a motion to recuse is interlocutory and therefore not immediately appealable.").  Therefore, any appeal of the June 5, 2018 matter must wait until after judgment.

II. <u>Reconsideration Of The Order Denying Disqualification Is Untimely</u>

This Court should not reconsider the June 5, 2018 Order. Motions to reconsider are proper in criminal cases. *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003). Reconsideration in the criminal context is governed by the rules that govern equivalent motions in civil proceedings. *Id.*; *United States v. Hee*, 2015 U.S. Dist. LEXIS 145406 *31, 32 (D. Haw. Oct. 27, 2015).

Local Rule 60.1 of the Rules of the U.S. District Court for the District of Hawaii indicates that motions for reconsideration of interlocutory orders may be brought only upon the following grounds:

> (a) Discovery of new material facts not previously available;
> (b) Intervening change in law;
> (c) Manifest error of law or facts.

Of these grounds, only (c), relating to "manifest error of law or facts" applies here. Defendant has alleged no new material facts or any intervening change in applicable law at issue here.

L.R. 60.1 also makes clear that "[m]otions asserted under Subsection (c) of this rule must be filed and served not more than fourteen (14) days after the court's written order is filed." The District Court filed its Order denying Defendant's motion to disqualify on June 6, 2018. Defendant's instant motion to appeal the Order, however, was filed on July 31, 2018, more than 55 days after the Court's order. Accordingly Defendant's motion is not timely and should be dismissed.

III.  No Manifest Error Of Law Or Fact Supports Reconsideration
      <u>Of The Court's Order Denying Disqualification Of The Trial Judge</u>

Separate and apart from the untimeliness of Defendant's motion, the Court should not reconsider the June 5, 2018 Order denying Defendant's motion to disqualify Judge Kobayashi because there has been no discovery of new material facts or intervening change of law, and the Order contains no "manifest error of law or fact."  Defendant's motion misunderstands 28 U.S.C. §§ 144 and 455.

Motions for disqualification of a trial judge are governed by 28 U.S.C. §§ 144 and 455.  Sections 455(a) and 455(b)(1) require that a trial judge disqualify him or herself from "any proceeding in which his impartiality might reasonably be questioned" and "where he has a personal bias or prejudice concerning a party."  Thus, section 455 puts the onus for disqualification upon the trial judge.

By contrast, section 144 explains that whenever a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."  Section 144 envisions a two-step process:  first, a trial judge must determine whether the allegations in the affidavit are legally sufficient to support disqualification.  If, as a matter of law, the allegations in the affidavit are not legally sufficient, the trial judge him or herself may deny the motion.  *Willenbring v. United States*, 306 F.2d 944, 945-46 (9th Cir. 1962).  However,

should a trial judge determine that the allegations in the affidavit are legally sufficient to support disqualification, "such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." *Id.* At this second stage, the other judge weighs the evidence to determine whether bias or prejudice exists, and therefore, whether disqualification is appropriate. In this matter, the Court assigned Defendant's motion for disqualification to District Judge Derrick K. Watson, ECF No. 243, who considered the parties' briefing and issued the June 5, 2018 Order.

Defendant's motion labors under a different conception of Sections 144 and 455. Instead of the two-step process of section 144, Defendant believes that it is his subjective feeling alone about the bias and prejudice of the judge that dictates whether the judge must be disqualified:

> Regardless of how other parties may feel, they can't not [*sic*] say whether a movant feels a judge has been biased or prejudice[d] against them. The undersigned reiterates he does not feel he can have a fair trial with Judge Kobayashi because her deportment, disposition, biased rulings gives the undersigned reason to believe he can not have a fair trial in front of this judge.

Df. Appeal Disqualification Exh. A 4. This is not the law.

Reconsideration is plainly not appropriate here. In the nearly two months since June 5, 2018 Order was issued, there have been no new material facts or intervening change of law that affect the reasoning of the order. Moreover,

7

Defendant has alleged no "manifest error of law or facts" to support reconsideration under a proper reading of section 144.  Instead, Defendant merely reiterates the claim from his motion that Judge Kobayashi exhibited bias and prejudice because she has been ruling against his numerous motions.  Mot. Appeal Disqualification Exh. A p. 2.  In particular, Defendant cites "two previous rulings" of a Magistrate Judge of this Court, which were "in favor of the undersigned for the requested relief," and argues that "when that ruling was appealed by the government . . . , [Judge] Kobayashi disregarded their rulings and . . . took the position of the government . . . ."  *Id.*  However, "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."  *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

       The June 5, 2018 Order reviewed the transcripts of hearings before the trial judge where Williams was present and found that "Williams was treated respectfully" by the trial judge.  ECF No. 257 at 10.  In light of the fact that a "judge's conduct during the proceedings should not, except in the rarest of circumstances form the sole basis for recusal under § 455(a)," *United States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008), there was no manifest error in the June 5, 2018 Order.

The government believes that the Court's order is rooted in law and is well-reasoned and the government reiterates all the arguments it made in its brief in opposition to Defendant's motion to disqualify the trial judge.

## CONCLUSION

For the foregoing reasons, the government respectfully opposes the Defendant's Motion to Appeal Order Denying Motion for Disqualification of Judge Leslie Kobayashi and requests that the Motion be denied.

DATED: August 21, 2018, at Honolulu, Hawaii.

        KENJI M. PRICE
        United States Attorney
        District of Hawaii


        By */s/ Gregg Paris Yates*
          GREGG PARIS YATES
          Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

<u>Served Electronically through CM/ECF:</u>

Lars Isaacson, Esq.                    hawaii.defender@earthlink.net

Attorney for Defendant
ANTHONY T. WILLIAMS

Served by First Class Mail:

Anthony T. Williams
Register No. 05963-122
Inmate Mail
FDC Honolulu
PO Box 30080
Honolulu, HI 96820

DATED: August 21, 2018, at Honolulu, Hawaii.

*/s/ Gregg Paris Yates*
U.S. Attorney's Office
District of Hawaii