KENJI M. PRICE #10523
United States Attorney
District of Hawaii

RONALD G. JOHNSON #4532
GREGG PARIS YATES #8225
Assistant United States Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Fax: (808) 541-2958
E-Mail: Ron.Johnson@usdoj.gov
Gregg.Yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY T. WILLIAMS,<br><br>Defendant. | CR. NO. 17-00101 LEK<br><br>UNITED STATES'S RESPONSE TO DEFENDANT'S APPEAL AND REQUEST TO DISTRICT COURT TO RECONSIDER A PRETRIAL MATTER DETERMINED BY THE MAGISTRATE JUDGE; CERTIFICATE OF SERVICE |

UNITED STATES'S RESPONSE TO DEFENDANT'S
APPEAL AND REQUEST TO DISTRICT COURT TO RECONSIDER A
PRETRIAL MATTER DETERMINED BY THE MAGISTRATE JUDGE

The government respectfully submits this brief in opposition to Defendant Anthony Williams's (Defendant) "Appeal and Request to District Court to

Reconsider a Pretrial Matter Determined by the Magistrate Judge" (Df. Appeal re 4th OSC Mot.). ECF No. 300. On July 23, 2018, the Court heard arguments on Defendant's Fourth Motion for Order to Show Cause (Df. 4th OSC Mot.) regarding Defendant's demand for: (1) 24-hour access to CDs containing discovery from this litigation; and (2) the right to have office supplies provided by his counsel, instead of by the Bureau of Prisons (BOP). ECF No. 295. On July 25, 2018, the Court, Magistrate Judge Barry M. Kurren, denied the motion. ECF No. 297.

Defendant now appeals the decision of the Magistrate Judge only with respect to his access to discovery disks. First, Defendant argues that the July 25, 2018 Order contradicts earlier orders of this Court and representations of the government. Second, Defendant argues that the Court's order requiring that the BOP permit Defendant at least two hours per day to view the contents of his discovery upon request violates his right to prepare for trial. Finally, Defendant argues that BOP's limitations upon his access to his discovery were unwarranted by any action committed by Defendant.

For the reasons below, Defendant's appeal of the Magistrate Judge's July 25, 2018 Order should be denied.

## ARGUMENT

Contrary to Defendant's conclusory arguments otherwise, the July 25, 2018 Order: (1) was consistent with all previous orders of the Court and representations

of the government; (2) correctly recognizes that Defendant has had constitutionally adequate access to the materials necessary to prepare a defense for trial. Defendant's allegation that his access to his discovery disks has changed is irrelevant, and is disputed in any event.

## I. Legal Standard

A Magistrate Judge of this Court may hear and determine any pretrial matter pending before this Court, other than certain dispositive motions. 28 U.S.C. § 636(b)(1); Local Rule 57.3(a) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii (D. Haw. L.R.). Any party may appeal from a pretrial non-dispositive matter referred to a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A). D. Haw. L.R. 57.3(b).

The review by the District Court of a Magistrate Judge's Order as to a non-dispositive matter is deferential: "A judge of the [District Court] may reconsider any [nondispositive pretrial matter] where it has been shown that the magistrate's order is clearly erroneous or contrary to law." § 636(b)(1)(A). Therefore, decisions by the Magistrate Judge on nondispositive matters "are essentially final decisions of the district court which may be appealed in due course with other issues." *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001), *quoting United States v. Brown*, 79 F.3d 1499, 1504 (7th Cir. 1996).

II. The July 25, 2018 Order Is Consistent With The Earlier Discovery Orders Of This Court And The Representations Of The Government

A. The July 25, 2018 Order Is Not Affected By The December 18, 2017 Order Granting Defendant Limited Rights To A Printer And Writeable CD, Which Has Been Stayed

Defendant's motion claims that the July 25, 2018 Order contradicts earlier rulings of this Court. In particular, Defendant claims that this Court has previously ruled that he is entitled to greater access to his discovery to prepare for litigation:

> During the scheduled hearing, Attorney Rodrigues and Annelizabeth Card lied and misrepresented to the Court the things that they had deprived the undersigned of and *Judge Kurren totally disregarded the facts and previous orders of Judge Puglisi and Chang and ordered the undersigned to an even more limited access to his discovery discs to only 2 hours when the undersigned sends an email request. Judge Puglisi and Judge Chang had at least four (4) hearings to decide the issues involved and ruled that the access BOP was giving the undersigned was inadequate and therefore issued oral and written orders for the BOP to accommodate the undersigned*. However, in one hearing Judge Kurren disregarded two previous judges ruling and a pending order and has violated the undersigned[']s right by divesting him of the tools and access that he had access to for 9 months.

Df. Appeal re 4th OSC Mot. Exh. A p.2 (emphasis added). Defendant repeats this claim that he had two favorable prior rulings in his Motion to Appeal Order Denying Disqualification of Judge Leslie Kobayashi, which was filed three days

prior to this instant motion. ECF No. 299-2 at p. 3 (Motion to Appeal Exh. A p. 3). Defendant cites no specific order in conflict with the July 25, 2018 Order.[1]

Contrary to Defendant's claim otherwise, the July 25, 2018 Order is consistent with all previous orders of this Court. Defendant has prevailed upon only one discovery motion to date. *See* Order Granting in Part and Denying in Part Defendant's Motion to Compel, December 18, 2017 (December 18, 2017 Order), ECF No. 75. In that Order, the Court, Magistrate Judge Richard L. Puglisi, ordered BOP to "provide a printer for Defendant to use in conjunction with the computer" that Defendant uses to review discovery. December 18, 2017 Order 2. Moreover, the December 18, 2017 Order ordered the BOP to "allow Lars R. Isaacson, Esq., stand-by counsel for Defendant, to provide a blank CD for Defendant to use in conjunction with the computer provided for discovery review," and to make technical accommodations to ensure that Defendant had the ability to save to the CD. *Id.*

---

[1] Defendant regularly repeats this claim that this Court has granted him greater privileges to access his discovery to BOP staff at the Federal Detention Center, Honolulu, and uses it as a cudgel to make demands upon BOP staff. *See* ECF No. 292-2 (Exh. A to Declaration of AnnElizabeth Card, United States's Response to Defendant's Fourth Motion for Order to Show Cause and Request for Expedited Hearing, p.6 ("*My order from the court is for me to have access to my discs all day as I had since October of last year*. . . . I need my discs every day when I wake up until lock down and 8:45 pm."); 06/27/2018 A. Williams e-mail to Unit Manager Liaison, Exh. A p. 5 ("I am the wrong one to play these stupid games with *as I have already had this racist facility in court numerous times and have a court order mandating my daily access to my discs 7 days a week*.") (emphasis added)).

The December 18, 2017 Order, which pertains to the use of a printer and a writeable CD, is irrelevant to this appeal, which pertains to access to discovery disks. Moreover, the December 18, 2017 Order has been stayed, ECF No. 77, and therefore has no force or effect to contradict the July 25, 2018 Order that is the subject of this appeal. The Court has yet to issue a decision upon that appeal. Accordingly, the July 25, 2018 Order does not contradict any prior Court order.

B. The July 25, 2018 Order Is Not Inconsistent With The Representations Of The Government At The October 6, 2017 Status Conference, Which Defendant Mischaracterizes To Support His Demand For Unfettered Access To His Discovery Disks

Defendant's appeal also erroneously claims that the July 25, 2018 Order contradicts an assurance made by the government during past discovery hearings relating to its obligation to provide Defendant access to discovery:

> Several hearings were administered in the presence of Judge Puglisi and Judge Chang. During those proceedings it was agreed upon that the undersigned was entitled to have access to his discovery discs, a dedicated computer to view them on, an office to view them and draft legal documents.

Appeal Exh. A p. 3-4.

The government is not aware of any promise made to Defendant in open court that he would have 24-hour access to discovery; the one related reference that the government is aware of makes no such promise. On October 6, 2017, at a status conference before Magistrate Judge Kevin S. C. Chang, BOP attorney

Timothy Rodrigues outlined the electronic discovery procedures at the Federal Detention Center (FDC) Honolulu:

> The first document, Your Honor, is a memorandum from our warden regarding electronic discovery procedures at the FDC, and this was issued earlier this year. And it does specify that CDs and DVDs are acceptable and that's the format which the government and defense counsel can send materials to the defendant. These materials can be reviewed during a legal visit. There are several computers in the attorney-client visitation rooms and they can also be mailed or left in person.
>
> And responding to some of the specific questions that were provided to me from defense counsel, the discs will be stored with the defendant's unit team. He can retrieve them at his option, simply go into the unit team and checking them out. The reason they're not provided and able to be stored in a cell is they can easily be broken, used as weapons, but they will be available all day. And I have confirmed that he is in our pretrial unit which does have a dedicated discovery review PC in the unit, and as far as I know, no one else is making use of it at this time. He can use it. He can print, through a request of the staff, at $0.10 a page.

No 287-2 at p. 1-3.

Thus, Mr. Rodrigues broadly described FDC Honolulu's policy with respect to an inmate's access to litigation discovery; he did not promise special accommodations or discovery access privileges to Defendant, as Defendant persistently claims. As explained by Mr. Rodrigues, all FDC Honolulu pretrial inmates have access to a single discovery computer to view the discovery in their

respective cases.  However, this does not imply unfettered access of every inmate to the discovery terminal, as there are many inmates.

Moreover, Mr. Rodrigues did not purport to detail all of the FDC Honolulu's procedures for an inmate to request use of BOP resources to review one's litigation discovery at the October 6, 2017 hearing.  As detailed in the government's brief in opposition to Defendant's 4th OSC Motion and the attached Declaration of Associate Warden AnnElizabeth Card, Defendant's disks are viewable in a separated, dedicated room at FDC Honolulu that is open every day to all inmates, both those housed in general population and at the Special Housing Unit.  ECF No. 292-1 (Card Decl. ¶¶ 9, 12, 14, 15).  Disks are kept by Defendant's Unit Team primarily to limit their uncontrolled circulation in the housing unit, as they can be shattered and used as weapons.  ECF No. 292-1 (Card Decl. ¶¶ 22).  Inmates are required to view their discovery alone in an e-discovery room to ensure the confidentiality of their review.  ECF No. 292-1 (Card Decl. ¶¶ 16, 24).  To view the disks and to utilize the e-discovery room, Defendant must e-mail a request to the unit team from any computer terminal in the housing unit.  *Id.*  The requesting inmate has at least a two-hour block of time to review his requested discovery in the e-discovery room, or longer depending upon the availability of the room.  This process ensures that inmates have equal and orderly access to their discovery when multiple inmates request to view discovery on the same day.  *Id.*  Defendant was

aware of this procedure before he filed his 4th OSC Motion, and had followed it in the past. ECF No. 292-1 (Card Decl. ¶¶ 17, 18); ECF No. 292-3 (Exh. C (e-discovery log showing Defendant signed out disks on June 20 and 29, 2018)).

As outlined in the government's brief in response to the Defendant's 4th OSC Motion, Defendant refused to follow these procedures and instead filed his 4th OSC Motion to gain unfettered access to his discovery and the discovery terminal, which necessarily impacts the access of all other inmates to their own discovery. The July 25, 2018 Order denied Defendant's motion and ordered that Defendant follow the BOP procedure to request and reserve time to view his discovery disks. The July 25, 2018 Order is not inconsistent with the Government's October 6, 2017 representation.

In light of the forgoing, the July 25, 2018 Order is not clearly erroneous or contrary to law and should be affirmed.

III. The Magistrate Judge's Decision Correctly Determined Defendant Has Had Constitutionally Adequate Access To His Discovery Disks

The July 25, 2018 Order correctly determined that Defendant's access to his discovery to prepare for trial was well within the requirements of the Constitution, and was therefore neither clearly erroneous, nor contrary to law. In essence, Defendant's claim is that anything short of all-day access to the sole discovery terminal at FDC Honolulu and his discovery disks is a violation of his Constitutional right of access to the Courts. This is baseless.

The Fifth Amendment Due Process Clause guarantees a right of access to the court. *Storseth v. Spellman*, 654 F.2d 1349, 1352 (9th Cir. 1981). Appointed counsel offers a meaningful, and certainly the best avenue of access to an indigent inmate. *Id.* at 1353. "An attorney is in a better position than the inmate . . . to promote efficient and skillful handling of the inmate's case." *Id.*, *quoting Bounds*, 430 U.S. at 831. A court-appointed attorney has unlimited access to an inmate's discovery and to legal research, in addition to his/her own legal expertise. The offer of court-appointed counsel to represent Defendant satisfies the government's Constitutional obligation to provide meaningful access to the courts. *United States v. Wilson*, 690 F.2d 1267, 1272 (9th Cir. 1982). Defendant has been offered court-appointed counsel, but has invoked his statutory and Sixth Amendment right to waive the advantages of counsel and represent himself. 28 U.S.C. § 1654; *Faretta v. California*, 422 U.S. 806 (1975).

Having waived his right to Court-appointed counsel, Defendant must accept the consequences and limitations of his decision. "When an adequate method of access is provided and an inmate does not avail himself of it, he may not insist on an avenue of his choosing[,]" as Defendant attempts to do here. *Storseth*, 654 F.3d at 1353. In prison, Defendant's access to his discovery is limited: the Sixth Amendment demands that an incarcerated *pro se* defendant be afforded reasonable access to 'law books, witnesses, or other tools to prepare a defense." *Milton v.*

*Morris*, 767 F.2d 1443, 1446 (9th Cir. 1985). However, Defendant's right of access must be balanced against the legitimate security needs or resource constraints of the prison. *United States v. Robinson*, 913 F.2d 712, 717 (9th Cir. 1990), *cert. denied*, 498 U.S. 1104 (1991). BOP has a legitimate security interest in controlling access to removable media such as CDs to prevent unmonitored inmate communication or conversion of the CDs into weapons. Similarly, BOP has an interest in maintaining inmate safety by limiting access to the e-discovery room to one inmate at a time. BOP's use of a request process for e-discovery review ensures resources are accounted for and equally accessible to all inmates.

BOP has provided Defendant sufficient access to his discovery to pass Sixth Amendment muster. Defendant has had access to his discovery disks at FDC Honolulu since the government produced them. Both during his time in the Special Housing Unit and while in general population, Defendant could request both his discovery disks as well as time in a dedicated e-discovery room. According to FDC Honolulu procedures, Defendant could reserve the discovery room for two hour periods every day; Defendant has not alleged anywhere that he has been denied a viewing time upon his written request. Moreover, the July 25, 2018 Order guarantees Defendant at least one two-hour block of time per day, upon his written request.

The Ninth Circuit has approved far more severe restrictions upon an incarcerated defendant's access to discovery. In *United States v. Sarno*, the Ninth Circuit found no abuse of discretion when an incarcerated defendant was provided only twenty hours to review 250,000 pages of discovery in preparation for trial. 73 F.3d 1470, 1492 (9th Cir. 1982). To date, Defendant has already been provided his discovery disks for use at the FDC Honolulu e-discovery terminal for sixty-one hours between May 8, 2018 and June 29, 2018. ECF No. 292-1 (Card Decl. ¶ 12).

IV. Defendant's Claim That His Access To Discovery Was Limited By BOP Is Disputed And Irrelevant

Defendant argues that "there was no action committed by the undersign[ed] to warrant changing the access he previously had to be prepared for trial." Df. Appeal 4th OSC Mot. Exh. A p. 5. It is not clear what this refers to.

Defendant's accommodations at BOP have necessarily changed during his incarceration, as he was moved into and out of Special Housing Unit for discipline. However, throughout this time, Defendant has had Constitutionally adequate access to materials necessary to prepare for his defense. ECF No. 292-1 (Card Decl. ¶¶ 7-12). Moreover, the July 25, 2018 Order provides a requirement that Defendant have access to his discovery disks for at least two hours per day, upon his properly submitted request. The fact that BOP may alter his accommodations otherwise is irrelevant to this appeal. Defendant's right of access to the Courts must be balanced against the legitimate security needs or resource constraints of

the prison. *United States v. Robinson*, 913 F.2d 712, 717 (9th Cir. 1990), *cert. denied*, 498 U.S. 1104 (1991).

In light of the foregoing, Defendant's appeal should be denied. The July 25, 2018 Order is consistent with all prior orders of this Court and representations of counsel and preserves Defendant's right to access his discovery within the requirements of the Constitution. Defendant has access to court-appointed legal counsel, and through him, 24-hour access to the discovery in this litigation, as well as to legal research, and the expertise of legal counsel. Having rejected this representation, Defendant is now dissatisfied that his incarceration limits his ability to prepare for a defense. As BOP's limitations are well within the requirements of the Constitution, the July 25, 2018 Order is neither clearly erroneous nor contrary to law.

## CONCLUSION

The government respectfully opposes the Defendant's Appeal and Request to District Court to Reconsider a Pretrial Matter Determined by Magistrate Judge and requests that the Appeal be denied.

DATED: August 21, 2018, at Honolulu, Hawaii.

    KENJI M. PRICE
    United States Attorney
    District of Hawaii

    By */s/ Gregg Paris Yates*

GREGG PARIS YATES
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

Served Electronically through CM/ECF:

Lars Isaacson, Esq. hawaii.defender@earthlink.net

Attorney for Defendant
ANTHONY T. WILLIAMS

Served by First Class Mail:

Anthony T. Williams
Register No. 05963-122
Inmate Mail
FDC Honolulu
PO Box 30080
Honolulu, HI 96820

DATED: August 21, 2018, at Honolulu, Hawaii.

*/s/ Melena Malunao*
U.S. Attorney's Office
District of Hawaii