KENJI M. PRICE                    #10523
United States Attorney
District of Hawaii

RONALD G. JOHNSON           #4532
GREGG PARIS YATES           #8225
Assistant United States Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
Fax:            (808) 541-2958
E-Mail:       Ron.Johnson@usdoj.gov
                  Gregg.Yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00101 LEK |
| | ) | |
| Plaintiff, | ) | UNITED STATES'S RESPONSE TO |
| | ) | DEFENDANT'S MOTION TO DISMISS |
| vs. | ) | SUPERSEDING INDICTMENT; |
| | ) | CERTIFICATE OF SERVICE |
| ANTHONY T. WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ................................................................. i

ARGUMENT ................................................................................... 2

I.      Legal Standard ....................................................................... 2

II.     Response to Argument 1: Defendant's Right To Speedy
        Trial Pursuant The Sixth Amendment Have Not Been Violated ............... 2

        A.      No Speedy Trial Act Violation........................................ 3

        B.      No Sixth Amendment Violation....................................... 6

III.    Response to Argument 2: The Government Has No
        Obligation to Present Exculpatory Evidence to the Grand Jury ............... 10

IV.     Response to Argument 4: The Double Jeopardy Clause Does
        Not Bar This Federal Prosecution After Defendant Had Been
        Convicted In Florida .................................................................. 13

 V.     Responses Arguments 3 and 5: The Government Need Not
        Prove The Charges In The Indictment Until Trial ..................................... 15

        CONCLUSION ................................................................... 17

## TABLE OF AUTHORITIES

Page(s)

*Abbate v. United States*,
    359 U.S. 187 (1959) .................................................................... 14, 15

*Barker v. Wingo*,
    407 U.S. 514 (1972) ............................................................................ 6

*Dep't of Revenue v. Kurth Ranch*,
    511 U.S. 767, 769 n. 1 (1994) ......................................................... 14

*Heath v. Alabama*,
    474 U.S. 82 (1985) .......................................................................... 14

*Russell v. United States*,
    369 U.S. 749 (1962) ........................................................................ 16

*United States v. Ameline*,
    409 F.3d 1073 (9th Cir. 2005) ........................................................ 13

*United States v. Buffington*,
    815 F.2d 1292 (9th Cir. 1987) ........................................................ 11

*United States v. Calandra*,
    414 U.S. 338 (1974) .................................................................. 11, 12

*United States v. Gregory*,
    322 F.3d 1157 (9th Cir. 2003) ...................................... 6, 7, 9, 10, 11

*United States v. Hearst*,
    638 F.2d 1190 (9th Cir. 1980) .......................................................... 2

*United States v. Lam*,
    251 F.3d 852 (9th Cir. 2001) ............................................................ 6

*United States v. Li, 2016 F.3d*
    56, 62 (1st Cir. 2000) ........................................................................ 2

*United States v. Sears, Roebuck & Co.*,
    877 F.2d 734 (9th Cir. 1989) ............................................................ 7

*United States v. Simmons*,
    536 F.2d 827 (9th Cir. 1976) ............................................................ 7

i

*United States v. Turner*,
   926 F.2d 883 (9th Cir. 1991) ............................................................................. 9

*United States v. Williams*,
   504 U.S. 36 (1992) ........................................................................................... 12

*United States v. Y. Hata & Co.*,
   535 F.2d 508 (9th Cir. 1976) ........................................................................... 11

*Westinghouse Elec. Co. v. General Circuit Breaker & Elec. Supply, Inc.*,
   106 F.3d 894 (9th Cir. 1997) ........................................................................... 16

Rules and Statutes

Fed. R. Crim. Proc. 7 ....................................................................................... 16

Fed. R. Crim. Proc. Rule 12, ............................................................................. 2

18 U.S.C. § 3161 ................................................................................. 3, 4, 5, 8, 9

Miscellaneous

U.S. Const. amend. VI ............................................................................. 6, 14, 16

## UNITED STATES'S RESPONSE TO DEFENDANT'S
## MOTION TO DISMISS SUPERSEDING INDICTMENT

The government respectfully submits this brief in opposition to Defendant Anthony T. Williams's (Defendant) "Sworn Motion to Dismiss Superseding Indictment (Mot. Dismiss).  ECF No. 294.  Defendant's motion consists of a (1) a 13-page "Sworn Motion to Dismiss Superseding Indictment (Motion Brief)," Mot. Dismiss Exhibit (Exh.) A1; (2) an 11-page "Memorandum of Law in Support of Sworn Motion to Dismiss Indictment," *id.* Exhibit (Exh.) A2; (3) a 6-page "Declaration of Anthony Williams (Williams Declaration)," *id.* Exh. A3; and (4) seven exhibits totaling 114 pages, *id.* Exh. B2-C1.  Within these filings, only the Memorandum of Law contains legal arguments requiring response.  The Motion Brief and Williams Declaration consist entirely of factual allegations or Defendant's responses to the allegations in the Superseding Indictment.

The Memorandum of Law (Motion to Dismiss) contains four arguments, all of which fail to support dismissal of the Superseding Indictment.  First, Defendant argues that the Court violated his right to a speedy trial by twice continuing the trial date at the request of the co-defendants.  Second, Defendant argues that the prosecution misled the grand jury by failing to present to it two exculpatory documents before the grand jury returned its Superseding Indictment.  Third, Defendant argues that the government failed to prove the charges in the Superseding Indictment and that the government failed to respond to the affidavits

submitted by Defendant in support of his myriad motions.  Finally, Defendant

argues that the Double Jeopardy Clause bars the Federal government from

prosecuting him because the State of Florida had convicted Defendant for the same

"business practices."  Defendant fundamentally misunderstands criminal procedure

and does not support dismissal of the Superseding Indictment.

ARGUMENT

I.   Legal Standard

In Federal criminal cases, all defenses and objections based on defects in the

institution of the prosecution or non-jurisdictional defects in the indictment must

be raised before trial or else are waived.  *United States v. Hearst*, 638 F.2d 1190,

1196 (9th Cir. 1980).  Rule 12(b) of the Federal Rules of Criminal Procedure

provides for motions relating to a "defect in instituting the prosecution," including

"a violation of the constitutional right to a speedy trial" and "an error in the grand

jury proceeding."  Fed. R. Crim. Proc. Rule 12(b)(3)(A)(iii), (v).  However,

because the public maintains an abiding interest in the administration of criminal

justice, dismissal of an indictment is an extraordinary step.  *United States v. Li,*

*2016 F.3d* 56, 62 (1st Cir. 2000).

II.   Response to Argument 1: Defendant's Right To Speedy
      Trial Pursuant The Sixth Amendment Have Not Been Violated

Defendant's rights to a speedy trial have not been violated by the current

trial schedule, as argued in the motion to dismiss.  Df. Mot. Dismiss Exh. A-2 pp.

2

2-3.  Defendant's speedy trial rights derive from two sources: the Sixth

Amendment and the Speedy Trial Act, Section 3161 of Title 18 of the United

States Code.  The Court's two orders continuing the trial date and excluding time

from the Speedy Trial Act calculation do not run afoul of either authority.  Because

the motion practice pursuant to the Speedy Trial Act is relevant to both analyses,

we address the Speedy Trial Act first.

A. <u>No Speedy Trial Act Violation</u>

Defendant can establish no violation of the Speedy Trial Act.  Section 3161

of Title 18 of the United States Code provides that "the trial of a defendant charged

in an . . . indictment with the commission of an offense shall commence within

seventy days from the filing date (and making public) of the . . . indictment, or

from the date the defendant has appeared before a judicial officer of the court in

which such charge is pending, whichever date last occurs."  18 U.S.C.

§ 3161(c)(1).

As relevant here, continuances of the trial date are available pursuant to the

Speedy Trial Act, with periods of excusable delay excluded from this 70-day

calculation, among other reasons:  (1) upon request of the defendant or his counsel

or a request by the government or its counsel, if the Court finds that the ends of

justice are served by a continuance, § 3161(h)(7)(A); or (2) in a case that is

deemed complex due to the number of defendants, the nature of the prosecution, or

the existence of novel questions of fact or law, such that it is unreasonable to expect adequate preparation for pretrial proceedings.  § 3161(h)(7)(B)(ii).

The Court has continued the trial date in this matter just twice after setting the initial trial date, in accordance with the Speedy Trial Act.  ECF Nos. 35 (EP), 188 (Order); 54 (EP), 190 (Order); 235 (EP).   The Court did so after finding that this case is complex and upon the request of the co-defendants.

The trial date was set on September 29, 2017, at Defendant's arraignment and plea.  The government and co-defendant Anabel Cabebe separately argued for the case to be designated as complex, pursuant to § 3161(h)(7)(B)(ii), and for the trial date to be set more than 70 days in the future.  ECF No. 35.  Over Defendant's objection, the Court found the case complex in light of the 19 counts, the scope of charged scheme, involving 200 properties/victims and participants in three states, and the size of initial discovery, involving 50,000 pages of documents.  Order Continuing Trial Date 2, ECF No. 188.  The Court then set the trial date for November 21, 2017, and excluded the period in between October 17, 2017 and November 21, 2017 from the time within which trial must commence under the Speedy Trial Act.  *Id.* 3.

The Court first continued the trial date on October 23, 2017 after a status conference.  Co-defendant Cabebe moved to continue trial; the government did not object.  ECF No. 54.  The basis for Cabebe's motion for continuance was that

4

Cabebe and her attorney, as well as Defendant's own standby counsel, Lars

Isaacson, all had not had adequate time to prepare for trial and Cabebe and her

attorney required additional time to prepare.  Order Continuing Trial Date and

Excluding Time Under The Speedy Trial Act 2-3, ECF No. 90.   Accordingly, over

Defendant's objection, the Court continued the trial from November 21, 2017 to

May 15, 2018, and excluded the period between these dates from the time within

which trial must commence under the Speedy Trial Act.  *Id.* 3.

The Court second continued the trial date on April 25, 2018.  On March 28,

2018, the grand jury returned a Superseding Indictment, adding co-defendant

Barbara Williams.  ECF No. 154.  Co-defendant Barbara Williams appeared before

the Court on April 25, 2018 with her attorney.  Ms. Williams's attorney objected to

the May 15, 2018 trial date, which was less than 30 days from her initial

appearance, as required by § 3161(c)(2).  Because the case had been found to be

complex, and the fact that Ms. Williams's attorney needed additional time for

effective preparation, the Court found that the ends of justice was served by a

continuance of the trial date, and continued the trial date from May 15, 2018 to

December 18, 2018, and excluded the period in between these dates from the time

within which trial must commence under the Speedy Trial Act.  April 25, 2018

Transcript of Scheduling Conference Regarding Trial Schedule 7-9, ECF No. 250.

Thus, pursuant to §§ 3161(h)(7)(A) and 3161(h)(7)(B)(ii), the Court made

appropriate findings to support two continuances of the trial date to accommodate

co-defendants Cabebe and Ms. Williams in preparation for a complex case.  The

government has not requested a continuance of the trial date as of this brief.

Because all the time from October 17, 2017 through December 18, 2018 has been

excluded at the request of co-defendants, Defendant's rights pursuant to the

Speedy Trial Act have been preserved.

    B. <u>No Sixth Amendment Violation</u>

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the

accused shall enjoy the right to a speedy and public trial."  U.S. Const. amend. VI.

To determine whether a Sixth Amendment violation has taken place, the Court

applies a four-factor balance test set forth in *Barker v. Wingo*, 407 U.S. 514 (1972).

These factors are: (1) the length of the delay; (2) the reason for the delay; (3) the

defendant's assertion of his right to a speedy trial; and (4) the prejudice to the

defendant."  *United States v. Gregory*, 322 F.3d 1157, 1161 (9th Cir. 2003).   None

of the four factors is a "necessary or sufficient condition to the finding of a

deprivation of the right of speedy trial."   *United States v. Lam*, 251 F.3d 852, 855-

56 (9th Cir. 2001).  "Rather, they are related factors and must be considered

together with such other circumstances as may be relevant."  *Id.*

Application of the *Barker* factors demonstrates that there has been no

Constitutional violation here.  The first factor, relating to the length of the delay at

issue, does not weigh heavily in Defendant's favor.  Under the Sixth Amendment,

delay is measured from the time of the indictment to the time of trial.  *United*

*States v. Sears, Roebuck & Co.*, 877 F.2d 734, 739 (9th Cir. 1989).  If the delay

passes "a threshold point of presumptively prejudicial delay," which courts have

generally found to be approaching one year, the Court must weigh whether the

delay should weigh in the defendant's favor. *Gregory*, 322 F.3d at 1162.  Here,

approximately 22 months separate the initial indictment against Defendant and the

current trial date.  The Ninth Circuit has found that a period of 22 months is not

excessively long, and will "not weigh heavily" in a defendant's favor.  *Gregory*,

322 F.3d at 1162.

The second factor, relating to the reason for the delay, weighs strongly in

favor of the government.  This factor weighs against the government when the

delay is the result of deliberate delay or negligence on the part of the government.

*Id.* (negligence); *United States v. Simmons*, 536 F.2d 827, 831 (9th Cir. 1976).  The

case at bar presents no such issue of negligence because the length of time between

indictment and trial date has not been driven at all by the government.  First, seven

months between the February 15, 2017 indictment and September 25, 2017 initial

appearance elapsed because Defendant was detained, and tried and convicted in the

7

State of Florida for grand theft.  Memorandum in Support of Motion to Detain

Defendant Without Bail Exh. A, ECF No. 34-1 (June 23, 2017 Judgment)

Second, the length of time between indictment and trial is driven by the

complex nature of the charges.  The Superseding Indictment contains 32 counts of

mail and wire fraud and alleges a complicated mortgage fraud scheme across three

states, Hawaii, Texas, and Florida that lasted from May 2013 through December

2016.  The scheme had as many as 200 victims.  Moreover, there has been

voluminous discovery provided to date.  As a result of this, the government and

defendant Annabel Cabebe moved to have this case deemed complex, pursuant to

18 U.S.C. § 3161(h)(7)(B)(ii).  The Court granted the motion on April 6, 2018.

ECF No. 187.

Third, the government has been quite diligent in the prosecution of this

matter.  The government has <u>not once</u> filed for a continuance of the trial date in

this matter.  Therefore, none of the extended pretrial period is attributable to the

government.  Nonetheless, the government has been stymied been a barrage of

aggressive motion practice from Defendant.  By the government's review of the

docket, Defendant has filed no fewer than 50 motions, and 16 other filings seeking

miscellaneous relief.  By contrast, the government has filed just 5 motions in this

matter, which include two standard motions to detain.  The Speedy Trial Act

expressly recognizes pretrial motion practice as a basis for exclusion of time.  18

8

U.S.C. § 3161(h)(1)(D).  Because the volume of pretrial motions before this Court is Defendant's own doing, any delay in the prosecution of this matter as a result strongly weighs against the Defendant.

The third factor, relating to defendant's assertion his Speedy Trial Act rights, weighs neither for nor against Defendant.  *United States v. Turner*, 926 F.2d 883, 889 (9th Cir. 1991) ("[W]hile an improper or untimely assertion of speedy trial rights may weigh in favor of rejecting a defendant's motion to dismiss for violation of these rights, the mere fact of proper, timely assertion does not warrant dismissal."); *Gregory*, 322 F.3d at 1162 ("Gregory's prompt assertion of his speedy trial right weighs neither for or against Gregory.").

Finally, the fourth factor relating to prejudice to the Defendant does not weigh in Defendant's favor.  Where a delay is attributable to government negligence, Defendant must demonstrate that he suffered actual prejudice as a result.  *Gregory*, 322 F.3d at 1162-63.  Separate and apart from the fact that the length of the pretrial period at issue is the result of the complexity of the case and Defendant's own actions and not the result of government negligence, Defendant cannot demonstrate actual prejudice.

Actual prejudice is typically demonstrated in three ways: oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the accused's defense will be impaired.  *Id.* at 1163.  Defendant cannot demonstrate

9

actual prejudice as a result of any long pretrial delay, even in light of his pretrial

detention because, but for his indictment in this matter, Defendant would still have

been incarcerated.  As noted in the government's motion to detain, Defendant was

convicted of grand theft and sentenced to fifteen years imprisonment on June 23,

2017.  Government's Motion to Detain 2, Exhs. A-C, ECF No. 34.  Defendant was

committed to the custody of State of Florida Department of Corrections on that

date.  *Id.*  It was only after his conviction that the government filed an application

for writ of habeas corpus ad prosequendum on July 10, 2017.  ECF No. 22.  In

light of his Florida conviction and sentence, his current pretrial detention cannot be

considered "oppressive."  Moreover, the length of the pretrial period here is not

related in any way to the preparation of a defense.

In sum, the *Barker* factors weigh strongly in the government's favor in light

of the complex nature of this case, which is already the subject of a Court finding,

and Defendant's pretrial motion practice, and the absence of actual prejudice

against Defendant.  Accordingly, Defendant can demonstrate no Sixth Amendment

violation of his speedy trial right.

III.    Response to Argument 2: The Government Has No
        Obligation To Present Exculpatory Evidence To The Grand Jury

Defendant erroneously argues that this matter should be dismissed because

the government failed to show the grand jury two documents that tend to negate his

guilt, and that the government therefore misled the grand jury and fraudulently

obtained an indictment.  Df. Mot. Dismiss Exh. A-2 p.3.  In particular, Defendant

argues that the fraud charges within the Superseding Indictment are invalid

because that "[t]he prosecutor had a duty to show the grand jury" a "Foreclosure

Disclosure Form" that he provided to the victims that states "that no guarantees can

be made," as well as a "Certificate of Exemption" from a third-party source that

"verified that there was nothing fraudulent about [his company's] mortgage

documents." *Id.* pp. 3-4.

An indictment that is regular on its face and returned by a legally constituted

and unbiased grand jury is presumed to be valid; the party challenging this

presumption faces a heavy burden.  *United States v. Buffington*, 815 F.2d 1292,

1304 (9th Cir. 1987), *citing Costello v. United States*, 350 U.S. 359, 363 (1956).

The failure of a prosecutor to present exculpatory evidence to a grand jury does not

invalidate an indictment and does not meet a defendant's heavy burden to

challenge the presumption of validity.  *Buffington*, 815 F.2d at 1304; *United States*

*v. Y. Hata & Co.*, 535 F.2d 508, 512 (9th Cir. 1976) (rejecting proposition that "the

prosecution must present the grand jury with evidence it may have which would

tend to negate guilt.").  "A grand jury proceeding is not an adversary hearing in

which the guilt or innocence of the accused is adjudicated." *United States v.*

*Calandra*, 414 U.S. 338, 343-44 (1974).  "Rather, it is an *ex parte* investigation to

determine whether a crime has been committed and whether criminal proceedings should be instituted against any person." *Id.*

Defendant cites language from the United States Attorneys' Manual that cautions "that when a prosecutor conducting a grand jury inquiry is personally aware of substantial evidence which directly negates the guilt of a subject of the investigation, the prosecutor must present or otherwise disclose such evidence to the grand jury before seeking an indictment against such a person." Df. Mot. Dismiss Exh. A-2 p.4. This language is unhelpful to Defendant and is taken out of context from Justice Stevens's dissenting opinion in *United States v. Williams*, 504 U.S. 36 (1992), which itself references U.S. Attorney's Manual Sect. 9-11.233.

In fact, Justice Stevens's *Williams* dissent states the general rule that "the prosecutor is not required to place all exculpatory evidence before the grand jury" because [r]equiring the prosecutor to ferret out and present all evidence that could be used at trial to create a reasonable doubt as to the defendant's guilt would be inconsistent with the purpose of the grand jury proceeding and would place significant burdens on the investigation." *Williams*, 504 U.S. at 69 (J. Stevens, dissenting). However, Justice Stevens proposed carving out from this general practice instances where "clear evidence" exists that "directly negates the guilt of a subject of the investigation," such that grand jury could not find probable cause that a crime had been committed. *Id.*

12

Justice Stevens's opinion is not the majority opinion of the Supreme Court and is not binding upon this Court. *United States v. Ameline*, 409 F.3d 1073, 1083 n.5 (9th Cir. 2005). Indeed, the United States Attorney's Manual upon which Justice Stevens relies expressly notes that "failure to follow the Department's policy should not result in dismissal of an indictment," but rather may be appropriate for professional conduct review. U.S. Attorney's Manual Sect. 9-11.233. In any event, the evidence that Defendant claims is exculpatory does not fall within Justice Stevens's proposal. Boilerplate language in a mortgage application form that "no guarantees can be made" or a stamp of approval from a third-party organization do not "directly negate" Defendant's *mens rea* in connection with the wire and mail fraud charges in the Superseding Indictment.

In sum, the fact that the government did not present all the evidence that Defendant wishes does not support dismissal of the Superseding Indictment.

IV.   Response to Argument 4: The Double Jeopardy Clause Does Not Bar This Federal Prosecution After Defendant Had Been Convicted In Florida

Defendant erroneously argues that the indictment should be dismissed because it runs afoul of the Double Jeopardy Clause. In particular, Defendant asserts that "he was previously tried and convicted . . . in the State of Florida" "for conducting the same business using the same documents and process in Florida" including the filing of the mortgage documents, UCC filings and the MEI program that the government has indicted [Defendant] on [in the Superseding Indictment]."

13

Df. Mot. Dismiss Exh. A-2 p. 5-6.  Defendant argues that his prior Florida state court conviction bars this prosecution.

The Double Jeopardy Clause does not bar Defendant's prosecution.  The Double Jeopardy provides that "no person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb."  U.S. Const. amend. V.   It prohibits a "second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense." *Dep't of Revenue v. Kurth Ranch*, 511 U.S. 767, 769 n. 1 (1994).  The Double Jeopardy Clause, however, does not bar successive prosecutions by multiple sovereigns for a single act.  *Heath v. Alabama*, 474 U.S. 82, 88 (1985). Accordingly, even if Defendant is being tried for the same single act of mortgage fraud in this Court that he was tried and convicted of in a Florida state court, Defendant is subject to the successive prosecution.  *Abbate v. United States*, 359 U.S. 187, 195-96 (1959) (Double Jeopardy Clause does not prohibit successive prosecutions in state and Federal court).

In any event, the Double Jeopardy Clause has no application here, where Defendant is being prosecuted for *different* acts in Florida and in Federal court.  On June 23, 2017, Defendant was convicted of Grand Theft, in violation of Fl. Stat. §§ 812.014(1)(a), (1)(b) and (2)(a).  Mem. in Supp. Mot. Detain Def. Without Bail Exh. A, ECF No. 34-1 (June 23, 2017 Judgment).  Count I of the Criminal Warrant

14

to Arrest filed in Broward County Circuit Court explains that Defendant was

charged with "money and/or real property" with a value of $100,000 or more from

Bank of America, which took place between January 1, 2015 and September 18,

2016 in Broward County, Florida.  Exhibit A (Warrant to Arrest).  By contrast, the

Superseding Indictment in this matter charges 32 counts of wire and mail fraud

which victimized individual homeowners, 18 of which pre-date the theft period

charged in the Florida Criminal Information, and all of which took place in the

District of Hawaii.  As the two proceedings appear to target different conduct

against different victims on different dates, Double Jeopardy does not apply.

V.   Responses Arguments 3 and 5: The Government Need
     Not Prove The Charges In The Indictment Until Trial

Defendant's remaining arguments do not support dismissal because they

erroneously ask this Court to usurp the role of a Federal petit jury and make

findings upon contested issues of fact prior to trial.  Defendant alleges that he

"filed numerous affidavits and declarations with his motions that have never been

contested nor rebutted by the government," and argues that "[e]very fact was

clearly outlined in the affidavits and declarations and since they have not been

rebutted or contradicted, they remain as fact and true on the record."  Df. Mot.

Dismiss Exh. A-2 pp.4-5.  Defendant does not specify or explain what specific

facts he argues should be found based upon his affidavits.  Later, Defendant argues

"[t]he government fails miserably in the indictment to show forth and prove how

15

any of the homeowners lost money or their property through false

misrepresentations through mail and wire." *Id.* 7.

Both Defendant's arguments relating to proof are founded upon a

misunderstanding of the purpose of an indictment and trial, and the roles of this

Court and a petit jury.  The Sixth Amendment provides that "[i]n all criminal

prosecutions, the accused shall enjoy the right to a speedy and public trial, by an

impartial jury of the State and district wherein the crime shall have been

committed, . . . and to be informed of the nature and cause of the accusation. . . ."

U.S. Const. amend. VI.

As this Court is aware, the indictment provides notice of the nature and

cause of the accusation, by way of "a plain, concise, and definite written statement

of the essential facts constituting the offense charged."  Fed. R. Crim. Proc.

7(c)(1).  An indictment must "contain[] the elements of the offense to be charged,

and sufficiently apprises the defendant of what he must be prepared to meet, and

secondly, in case any other proceedings are taken against him for a similar offence,

whether the record shows with accuracy to what extent he may plead a former

acquittal or conviction."  *Russell v. United States*, 369 U.S. 749, 763-64 (1962).

The government has the burden to prove these charges at trial to a petit jury,

unless Defendant chooses to waive a jury trial.  At a jury trial, "juries find the facts

and judge determine the law."  *Westinghouse Elec. Co. v. General Circuit Breaker*

16

*& Elec. Supply, Inc.*, 106 F.3d 894, 906 (9th Cir. 1997).  It is not for this Court to make pretrial factual determinations regarding the elements of the charges, as Defendant urges this Court to do.

CONCLUSION

For the foregoing reasons, the government respectfully opposes the Defendant's Motion to Dismiss the Superseding Indictment and requests that the Motion be denied.

DATED:  August 31, 2018, at Honolulu, Hawaii.

KENJI M. PRICE
United States Attorney
District of Hawaii


By */s/ Gregg Paris Yates*
   GREGG PARIS YATES
   Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the dates and by the methods of service noted

below, a true and correct copy of the foregoing was served on the following by the

method indicated on the date of filing:

<u>Served Electronically through CM/ECF:</u>

Lars Isaacson, Esq.
hawaii.defender@earthlink.net

Attorney for Defendant
ANTHONY T. WILLIAMS

Served by First Class Mail:

Anthony T. Williams
Register No. 05963-122
Inmate Mail
FDC Honolulu
PO Box 30080
Honolulu, HI 96820

DATED:  August 31, 2018, at Honolulu, Hawaii.


*/s/ Gregg Paris Yates*
U.S. Attorney's Office
District of Hawaii