IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 17-00101 LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ANTHONY WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER GRANTING THE GOVERNMENT'S APPEAL AND REQUEST TO RECONSIDER A PRETRIAL MATTER DETERMINED BY THE MAGISTRATE JUDGE**

On December 18, 2017, the magistrate judge filed his Order (1) Denying Defendant's Motion for Clerk to Issue Blank Subpoenas; (2) Granting in Part and Denying in Part Defendant's Motion to Compel; and (3) Denying Defendant's Motion for Funds to Hire a Private Investigator ("12/18/17 Order"). [Dkt. no. 75.] Plaintiff the United States of America ("the Government") filed its Appeal and Request to Reconsider a Pretrial Matter Determined by the Magistrate Judge ("Appeal") on December 29, 2017. [Dkt. no. 79.] Pro se Defendant Anthony Williams ("Defendant") filed a "Motion in Opposition" to the Appeal on January 11, 2018.[1] [Dkt. no. 84.] The Court construes this document as Defendant's memorandum in opposition. The Appeal came on for hearing on January 29, 2018. The Government's Appeal is hereby granted for the reasons set forth below.

---

[1] Defendant also has stand-by counsel, Lars Isaacson, Esq.

**BACKGROUND**

On February 15, 2017, Defendant was indicted for eleven counts of wire fraud, in violation of 18 U.S.C. § 1343, and nineteen counts of mail fraud, in violation of 18 U.S.C. § 1341. [Indictment (dkt. no. 1).] After the filing of the documents relevant to the instant Appeal, a Superseding Indictment was filed, charging Defendant with fifteen counts of wire fraud and seventeen counts of mail fraud. [Superseding Indictment, filed 3/28/18 (dkt. no. 154).] At all times relevant to the instant Appeal, Defendant has been in custody at the Federal Detention Center – Honolulu ("FDC Honolulu"). See, e.g., Minutes of arraignment and plea, filed 9/29/17 (dkt. no. 35) (noting that Defendant was in custody, granting the motion to detain Defendant without bail, and directing stand-by counsel to contact FDC Honolulu regarding computer access for Defendant).

The 12/18/17 Order addressed the following motions: 1) Defendant's Motion for Clerk to Issue Defendant Blank Subpoenas ("Subpoena Motion"); [filed 11/13/17 (dkt. no. 60);] 2) Defendant's Motion to Compel; [filed 11/29/17 (dkt. no. 65);] and 3) Defendant's Motion for Funds to Hire a Private Investigator ("Investigator Motion"), [filed 12/1/17 (dkt.

no. 68)].[2] The Motion to Compel sought an order compelling the Government to:

1. Provide a pro se phone in order that Mr. Williams will be able to call his standby attorney, witnesses and others in the preparation of his defense for trial and to communicate with the court in order to schedule hearings.

2. Provide a printer to print out legal documents necessary for his defense and to have copies of motions to be sent to the proper recipients.

3. Update the computer that has been provided so that Mr. Williams can save the documents that he drafts. (Currently Word is provided on the computer but the computer reboots every 2 hours and deletes everything that was saved.)

4. Provide the Lexis Nexis program on the dedicated computer so that Mr. Williams doesn't have to leave the computer terminal and go down stairs to wait in line just to do legal research.

5. Allow Mr. Williams to have any materials necessary for his legal defense to be obtained from the outside as it is mandated by 28 CFR § 543.11(d)(2).

6. Allow Mr. Williams to have visitors whether they be family, friends or business associates as it is outlined in 28 CFR § 540.44(a)(b)(c) and 28 CFR § 540.45(a).

7. Allow Mr. Williams to have his own cell in order to be able to stay up late to do law work in an orderly manner.

---

[2] Because Defendant did not file a timely challenge to either the denial of the Subpoena Motion or the denial of the Investigator Motion, the substance of those motions will not be addressed in the instant Order.

>     8.  Compel the [Federal Bureau of Investigation] to answer the written deposition submitted to them on September 29, 2017.

[Motion to Compel at 1.]  The Government filed its Response to Defendant's Motion to Compel on December 14, 2017.  [Dkt. nos. 73.]  On December 15, 2017, the magistrate judge held a hearing on the Motion to Compel, and a representative of the Federal Bureau of Prisons ("BOP") was present at the hearing.  [Dkt. no. 74 (Minutes).]

Based on the submissions and the representations at the hearing, the magistrate judge found that "Defendant has been provided access to a computer on which he may review discovery" ("Discovery Computer").  [12/18/17 Order at 2.]  Further, based on representations by the BOP, the magistrate judge found: "Defendant has direct access to call his stand-by counsel, Mr. Isaacson, via the detention center's telephone system; Defendant has access to legal research, including the ability to utilize LexisNexis; Defendant may receive legal material from outside the facility; and Defendant is allowed visitors pursuant to standard BOP policy."  [Id. at 3.]

The magistrate judge granted the Motion to Compel insofar as he ordered the BOP: 1) to allow Defendant access to a printer in conjunction with his use of the Discovery Computer; 2) to provide Defendant with a compact disc ("CD") to use in conjunction with his use of the Discovery Computer and to perform

word processing; and 3) to "make such changes as are necessary to the computer provided for discovery review to allow Defendant to save his word processing work on the CD." [Id. at 2.] The magistrate judge ordered the BOP to "file a detailed explanation," by December 22, 2017, if there were any technological reasons why it could not comply with these orders. [Id.] The magistrate judge denied all of Defendant's other requests in the Motion to Compel.[3] [Id. at 3.]

The Government moved for, and the magistrate judge granted, a stay of the 12/18/17 Order, in light of the Government's intent to appeal the order. [Dkt. nos. 76, 77.]

In the Appeal, the Government argues this Court should reverse the 12/18/17 Order and deny Defendant's Motion to Compel in its entirety. The Government contends that Defendant is already being provided with constitutionally adequate access to the courts. Moreover, the Government contends "the technology-related accommodations mandated in the Magistrate Judge's order raise serious administrative and security concerns for" FDC Honolulu and all BOP facilities. [Appeal at 5-6, 10.] In support of this contention, the Government filed, *inter alia*, an extensive declaration by an Associate Warden at FDC Honolulu. [Appeal, Decl. of Annelizabeth W. Card, PhD.]

---

[3] Because Defendant did not file a timely challenge to the denial of the other requests in the Motion to Compel, the merits of those requests will not be addressed in the instant Order.

**STANDARD**

### I.  Appeal of a Magistrate Judge's Order

The Government has styled its challenge to the 12/18/17 Order as an appeal of a nondispositive pretrial matter.

> Pursuant to 28 U.S.C. § 636(b)(1) and Criminal Local Rule 57.3(b), a party may appeal to a district judge any pretrial nondispositive matter determined by a magistrate judge.  Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge's order may be reversed by the district court only if it is "clearly erroneous or contrary to law."  The threshold of the "clearly erroneous" test is high.  United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."); see also Thorp v. Kepoo, 100 F. Supp. 2d 1258, 1260 (D. Hawai`i 2000) (the clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed").

United States v. Wong, Cr. No. 12-00645 LEK, 2012 WL 5464178, at *2 (D. Hawai`i Nov. 8, 2012).  However, Defendant argues that, without the accommodations required in the 12/18/17 Order, he "can't properly put forth an adequate rebuttal" to the criminal charges against him.  [Mem. in Opp. at 2.[4]]  Defendant effectively argues that, if this Court reverses the 12/18/17 Order and deprives him of those accommodations, this Court's

---

[4] Defendant's memorandum in opposition does not have page numbers.  All citations to the memorandum in opposition refer to the page numbers assigned in the district court's electronic case filing system.

ruling may be dispositve of the entire case because the lack of such accommodations would prevent him from preparing an adequate defense.  This Court therefore construes the portion of the 12/18/17 Order at issue in the Appeal as findings and recommendations on a case-dispositve motion.

**II.  Review of Findings and Recommendations**

A district judge may designate a magistrate judge to conduct hearings and to submit proposed findings of fact and recommendations for certain dispositve motions in criminal cases, including "a motion . . . to dismiss or quash an indictment or information made by the defendant[ or] to suppress evidence in a criminal case."  § 636(b)(1)(A)-(B).  Section 636(b)(1) states:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

The United States Supreme Court has stated that § 636(b)(1) "permits the district court to give to the magistrate's proposed findings of fact and recommendations such weight as their merit commands and the sound discretion of the judge warrants." United States v. Raddatz, 447 U.S. 667, 683 (1980) (brackets, citation,

and internal quotation marks omitted). However, drawing an analogy to the judicial review of findings by administrative agencies, the Supreme Court cautioned that the

> judicial duty to exercise an independent judgment does not require or justify disregard of the weight which may properly attach to findings [by an administrative body] upon hearing and evidence. On the contrary, the judicial duty is performed in the light of the proceedings already had and may be greatly facilitated by the assembling and analysis of the facts in the course of the legislative determination.

Id. (quoting St. Joseph Stock Yards Co. v. United States, 298 U.S. 38, 53 (1936)).

## DISCUSSION

The Ninth Circuit has stated:

> an incarcerated pro se defendant has a constitutional right of access to the courts. See Bounds v. Smith, 430 U.S. 817, 821, 97 S. Ct. 1491, 1494, 52 L. Ed. 2d 72 (1977); King [v. Atiyeh], 814 F.2d [565,] 568 [(9th Cir. 1987)] ("Indigent inmates have a constitutional right to meaningful access to the courts.["]) (quoting Bounds).[5] This right requires prison authorities to assist inmates in the preparation of legal papers by providing access to law libraries or assistance from trained legal personnel. Bounds, 430 U.S. at 828, 97 S. Ct. at 1498; Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 856 (9th Cir. 1985); 28 C.F.R. § 543.11(a).

---

[5] Bounds was overruled on other grounds by Lewis v. Casey, 518 U.S. 343, 354 (1996), and King was overruled on other grounds by Lacey v. Maricopa County, 693 F.3d 896, 925-28 (9th Cir. 2012) (en banc).

Eldridge v. Block, 832 F.2d 1132, 1138 (9th Cir. 1987) (some citations omitted).  The denial of access to legal materials and the courts violates the defendant's rights under the First and Sixth Amendments.  See United States v. Cottrell, 367 F. App'x 743, 745 (9th Cir. 2010) (citing Lewis v. Casey, 518 U.S. 343, 384, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996) (holding the fundamental right of access to the courts means "the opportunity to prepare, serve and file whatever pleadings or other documents are necessary . . . [in] court proceedings affecting one's personal liberty"); United States v. Sarno, 73 F.3d 1470, 1491 (9th Cir. 1995) (discussing pro se defendant's Sixth Amendment right of access to materials to prepare a defense)).  However, "[t]here is no violation of these rights where the defendant is given reasonable access to legal tools and has the opportunity to present all of his nonfrivolous claims to the court."  Id. (citing Lewis, 518 U.S. at 352-53, 116 S. Ct. 2174; Sarno, 73 F.3d at 1491-92).

        Under a de novo review, this Court finds, based on the materials submitted in connection with the Motion to Compel and the Appeal, as well as this Court's familiarity with the proceedings in this case, that Defendant has more than adequate access to: 1) a computer for research and to review discovery; and 2) a typewriter and a copier to prepare his legal filings.  Moreover, he has stand-by counsel to assist him.  This Court

therefore concludes that Defendant has access to sufficient materials "to prepare, serve and file whatever pleadings or other documents are necessary" to prepare his defense. See Lewis, 518 U.S. at 384. Further, this Court concludes that the magistrate judge's orders regarding the printer and the CD are not warranted in this case because the penological concerns raised by the provision of those materials to Defendant outweigh Defendant's need for a printer and word processing.

Alternatively, even if this Court applies the standard applicable to an appeal of a magistrate judge's nondispositive order, this Court would reverse the contested portions of the 12/18/17 Order on the ground that they are contrary to the applicable law, for the reasons discussed above.

## **CONCLUSION**

On the basis of the foregoing, the Government's December 29, 2017 Appeal and Request to Reconsider a Pretrial Matter Determined by the Magistrate Judge – whether it is construed as an appeal from a nondispositive pretrial order or as objections to findings and recommendations on a dispositive matter – is HEREBY GRANTED. The portion of the magistrate judge's December 18, 2017 order granting Defendant's Motion to Compel, filed November 29, 2017, is HEREBY REJECTED AND/OR REVERSED. The portions of Defendant's Motion to Compel that the magistrate judge granted are HEREBY DENIED.

The instant Order does not affect any other portions of the magistrate judge's December 18, 2017 order.  All portions of the magistrate judge's December 18, 2017 order, except for the portion requiring the BOP to provide Defendant with a printer and a CD, remain in effect.  In other words, the BOP is not required to provide Defendant with either access to a printer or the use of a CD.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 5, 2018.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**USA VS. ANTHONY WILLIAMS; CR 17-00101(01) LEK; ORDER GRANTING THE GOVERNMENT'S APPEAL AND REQUEST TO RECONSIDER A PRETRIAL MATTER DETERMINED BY THE MAGISTRATE JUDGE**