```
            IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,    )    CR 17-00101(01) LEK
                             )
         Plaintiff,          )
                             )
    vs.                      )
                             )
ANTHONY WILLIAMS,            )
                             )
         Defendant.          )
_____)
```

## ORDER DENYING DEFENDANT'S MOTION FOR
## DISQUALIFICATION OF JUDGE KENNETH MANSFIELD

Before the Court is pro se Defendant Anthony Williams's ("Defendant") Motion for Disqualification of Judge Kenneth Mansfield ("Motion"), filed on March 19, 2018.[1] [Dkt. no. 147.] Plaintiff the United State of America ("the Government") filed its memorandum in opposition on April 17, 2018. [Dkt. no. 218.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). Defendant's Motion is hereby denied for the reasons set forth below.

### BACKGROUND

Defendant has been charged with fifteen counts of wire fraud, in violation of 18 U.S.C. § 1343, and seventeen counts of mail fraud, in violation of 18 U.S.C. § 1341. [Superseding

---

[1] Defendant also has stand-by counsel, Lars Isaacson, Esq.

Indictment, filed 3/28/18 (dkt. no. 154).] Judge Mansfield has presided over several proceedings in this case, including: Defendant's arraignment and plea hearings for the original Indictment; and the hearing on Defendant's Motion for Order to Show Cause and Request for Expedited Hearing ("OSC Motion") and Motion for Funds to Purchase Legal Supplies at Government Expense ("Supplies Motion").[2] [Minutes, filed 9/25/17 (dkt. no. 30); Minutes, filed 9/29/17 (dkt. no. 35); Minutes, filed 3/2/18 (dkt. no. 126).] Judge Mansfield denied both the OSC Motion and the Supplies Motion. [Order, filed 3/7/18 (dkt. no. 132) ("3/7/18 Order").] At the September 29, 2017 hearing, Judge Mansfield also: declared the case complex over Defendant's objections; granted the Government's motion to detain Defendant without bail; and denied as moot Defendant's motion for the appointment of counsel and Defendant's motion for discovery. [Minutes, filed 9/29/17 (dkt. no. 35), at 2.] Judge Mansfield has also taken other actions in this case, which do not appear to be at issue in the instant Motion, including: signing forms approving payments to Mr. Isaacson; [dkt. nos. 48, 50;] and granting Defendant's motion for leave to file exhibits in support of the OSC Motion, [dkt. no. 130 (entering order granting motion for leave)].

---

[2] Defendant filed the OSC Motion and the Supplies Motion on February 22, 2018. [Dkt. nos. 117, 120.]

In the instant Motion, Defendant alleges he cannot have a fair hearing in front of Judge Mansfield because "Judge Mansfield has shown extreme bias and prejudice against" him because he is a pro se defendant and because of Defendant's race, color, and/or nationality. [Motion, Aff. at ¶¶ 1-2, 6.] According to Defendant, Judge Mansfield has not shown him the same courtesy he shows the Government's attorneys. [Id. at ¶ 2.] Defendant contends that, at the March 2, 2018 hearing on the OSC Motion and the Supplies Motion, Judge Mansfield's disposition toward him "was one of contempt, aggravation, vexation and intolerance," and Judge Mansfield seemed disinterested in Defendant's arguments and evidence. [Id. at ¶¶ 3-4.] He further contends Judge Mansfield's demeanor toward him has always been negative, and he has never believed that Judge Mansfield was impartial. [Id. at ¶ 5.] Defendant also states he filed "an opposition" – *i.e.*, a motion for reconsideration – of the 3/7/18 Order, but he believes Judge Mansfield will uphold his rulings because of his bias/prejudice. [Id. at ¶ 7.]

**STANDARD**

Defendant contends Judge Mansfield must be disqualified, pursuant to either 28 U.S.C. § 144 or 28 U.S.C. § 455. Section 144 states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either

> against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall b
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.  A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Section 455 provides, in relevant part:

> (a)  Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b)  He shall also disqualify himself in the following circumstances:
>
>> (1)  Where he has a personal bias or prejudice concerning a party[.]

In denying Defendant's prior motion to disqualify this Court, [filed 3/19/18 (dkt. no. 147),] the district court described the standards applicable to motions brought pursuant to § 144 and § 455.

> "Under both recusal statutes, the substantive standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008) (quotation marks and alterations omitted), *abrogated on other grounds by* Simmons v. Himmelreich, 136 S. Ct. 1843 (June 6, 2016).  "The 'reasonable person' is not someone who is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer. . . .  The standard must not be so broadly construed that it becomes, in

effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008) (internal citation and quotation marks omitted).

Further, the alleged bias "must usually stem from an extrajudicial source." Pesnell, 543 F.3d at 1044.  In Liteky v. United States, the Supreme Court stated:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . . [sic]  In and of themselves . . . they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. . . .  Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.  Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.  They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

 510 U.S. 540, 555 (1994).

"[E]xpressions of impatience, dissatisfaction, annoyance, and even anger are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration."  Pesnell, 543 F.3d at 1044 (internal quotation marks omitted) (quoting Liteky, 510 U.S. at 555-56). . . .

5

United States v. Williams, CR. NO. 17-00101 LEK (01), 2018 WL 2709312, at *2-3 (D. Hawai`i June 5, 2018) (alterations in Williams).

## DISCUSSION

### I. Adverse Rulings

Defendant argues Judge Mansfield's rulings against him are evidence of Judge Mansfield's bias and prejudice and are grounds for disqualification. Defendant relies primarily on the rulings in the 3/8/18 Order, but also other adverse rulings by Judge Mansfield. However,

> it is well-established that "[u]nfavorable rulings alone are legally insufficient to require recusal, even when the number of such unfavorable rulings is extraordinarily high on a statistical basis." Beverly Hills Bancorp v. Hine, 752 F.2d 1334, 1341 (9th Cir. 1984) (citation omitted); see also Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999) ("[Appellant's] allegations stem entirely from the district court judge's adverse rulings. That is not an adequate basis for recusal."). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555 (emphasis added).

Williams, 2018 WL 2709312, at *3 (alterations and emphasis in Williams). To the extent Defendant wishes to challenge the rulings that Judge Mansfield made, he must file a timely appeal. Defendant's disagreement with Judge Mansfield's rulings is not grounds for disqualification. See id.

## II. In-Court Proceedings

The remainder of the arguments in Defendant's Motion relate to Judge Mansfield's allegedly negative demeanor and actions toward him during court proceedings. Defendant has not presented any evidence of Judge Mansfield's alleged bias or prejudice during proceedings in this case. This Court has reviewed the transcripts for the September 25, 2017, September 29, 2017, and March 2, 2018 hearings. [Trans. of 9/25/17 Hrg. ("9/25/17 Trans."), filed 4/5/18 (dkt. no. 177); Trans. of 9/29/17 Hrg. ("9/29/17 Trans."), filed 4/4/18 (dkt. no. 164); Trans. of 3/2/18 Hrg. ("3/2/18 Trans."), filed 4/4/18 (dkt. no. 166).] Nothing in those proceedings suggests that Judge Mansfield holds "deep-seated favoritism or antagonism that would make fair judgment impossible." See Liteky, 510 U.S. at 555. To the contrary, they show that Judge Mansfield treated Defendant respectfully, in the same manner that he treated the attorneys. For example, during the September 29, 2017 hearing, Judge Mansfield consistently addressed Defendant as "sir" or "Mr. Williams," and he addressed the attorneys in the same manner – as "sir" or "Mr. Isaacson" and "Mr. Johnson."[3] See, e.g., 9/29/17 Trans. at 3-5, 9-10, 16. In conducting the colloquy with Defendant to determine whether he should be allowed to proceed

---

[3] Ronald Johnson is one of the Assistant United States Attorneys assigned to this case.

pro se, Judge Mansfield told Defendant, "I'm confident you know what you're doing." [Id. at 4.] Further, Judge Mansfield was patient with Defendant when Defendant would try to make arguments that went beyond the scope of Judge Mansfield's question to him or when Defendant would interrupt Mr. Johnson. See, e.g., id. at 12, 19-21. Judge Mansfield presided over the September 25, 2017 hearing and the March 2, 2018 hearing in the same manner. See generally 9/25/17 Trans.; 3/2/18 Trans. Thus, nothing in the transcripts of the proceedings before Judge Mansfield supports Defendant's argument that Judge Mansfield has a bias or prejudice in this case.

Further, even if there was some aspect of Judge Mansfield's demeanor or actions during those proceedings that is not apparent from the transcripts, it would not support disqualification in this case. This district court has recognized that "the 'judge's conduct during the proceedings should not, except in the "rarest of circumstances" form the sole basis for recusal under § 455(a).'" Williams, 2018 WL 2709312, at *4 (citing Holland, 519 F.3d 909, 913-14). Defendant has failed to show that Judge Mansfield's demeanor and actions during the proceedings in this case fall within the "rarest of circumstances" that warrant disqualification.

Thus, this Court rejects all of Defendant's arguments in support of his request to have Judge Mansfield disqualified.

8

No "reasonable person with knowledge of all the facts would conclude that [Judge Mansfield's] impartiality might reasonably be questioned." See Pesnell, 543 F.3d at 1043.

### CONCLUSION

On the basis of the foregoing, Defendant's Motion for Disqualification of Judge Kenneth Mansfield, filed March 19, 2018, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 26, 2018.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**USA VS. ANTHONY WILLIAMS; CR 17-00101(01) LEK; ORDER DENYING DEFENDANT'S MOTION FOR DISQUALIFICATION OF JUDGE KENNETH MANSFIELD**