KENJI M. PRICE                  #10523
United States Attorney
District of Hawaii

RONALD G. JOHNSON         #4532
GREGG PARIS YATES         #8225
Assistant United States Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
Fax:            (808) 541-2958
E-Mail:      Ron.Johnson@usdoj.gov
                 Gregg.Yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 17-00101 LEK |
| | ) |
| Plaintiff, | ) UNITED STATES'S RESPONSE TO |
| | ) DEFENDANT'S FIFTH MOTION FOR |
| vs. | ) ORDER TO SHOW CAUSE AND |
| | ) REQUEST FOR EXPEDITED |
| ANTHONY T. WILLIAMS, | ) HEARING; CERTIFICATE OF |
| | ) SERVICE |
| Defendant. | ) |
| | ) |

### UNITED STATES'S RESPONSE TO DEFENDANT'S FIFTH MOTION FOR ORDER TO SHOW CAUSE AND REQUEST FOR EXPEDITED HEARING

The government respectfully submits this brief in response to Defendant

Anthony T. Williams's (Defendant) Fifth Motion for Order to Show Cause and

Request for Expedited Hearing (5th OSC Motion).  Defendant's moves the Court

to "to allow him to be able to keep the 50,000 plus documents of discovery in this

case in his cell."  Def. 5th OSC Mot. 1.  The motion apparently follows a request

made in an August 2, 2018 letter written by Defendant's standby counsel Lars

Isaacson, Esq., to BOP attorney Timothy Rodrigues seeking to "clarify exactly

how much paper discovery I could send him for his preparation in this case?"  5th

OSC Mot. Exh. A.  Defendant claims that this letter went unanswered.  Declaration

of Counsel in Supp. of 5th OSC Motion ¶ 3.

The motion should be denied.  First, Defendant has alleged no actual injury

that derives from the purported deprivation of his discovery on paper.  Second,

Defendant is required, but has failed, to follow the grievance procedures of the

Bureau of Prisons (BOP) Federal Detention Center, Honolulu (FDC Honolulu),

where he is being detained, for his request before raising this issue here.

I.      Defendant Has Not Suffered Actual Injury From
        Being Deprived Of His Discovery In A Particular Medium

The 5th OSC Motion should be dismissed because it claims that Defendant

was deprived of access to discovery by the alternative means of printed paper, but

fails to allege that this deprivation has caused him any actual injury.  *Lewis v.*

*Casey*, 518 U.S. 343, 349-50 (1996).  Defendant already has access to his

discovery electronically for at least two hours per day, upon request.  Order

Denying Defendant's Fourth Motion for Order to Show Cause, ECF No. 297.

Defendant has already placed before the Court, and this Court has conclusively decided, that two hours of access to his discovery electronically, upon request, is constitutionally adequate, and that greater access is not required. *See* Declaration of Lars Isaacson in Support of Defendant's Fourth Motion for Order to Show Cause (Def. 4th OSC Motion) ¶ 9, ECF No. 287-1 ("The denial of. . . Williams' access to discovery is troubling and raises issues of due process and fair trial and is apparently a violation of Rule 16 . . . ."); United States's Response to Defendant's Fourth Motion for Order to Show Cause 5-8 (addressing constitutional arguments), ECF No. 292; Order Denying Defendant's Fourth Motion for Order to Show Cause, ECF No. 297.  Thus, Defendant cannot claim that he is being injured by the fact that he is not being presented with his discovery on an alternative medium, and the 5th OSC Motion does not allege any actual injury.

However, in the absence of actual injury, Defendant may not claim a violation of his right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 349-50 (1996).  ("The requirement that an inmate alleging a violation of *Bounds* [pertaining to a right of access to the courts] must show actual injury derives ultimately from the doctrine of standing. . . .").

II.   Defendant Has Failed To Follow BOP's
      Grievance Procedures Relating To His Claim

Moreover, the 5th OSC Motion should be denied because Defendant has failed to initiate or follow the BOP's grievance procedures.  At heart, the 5th OSC

Motion impermissibly seeks an Order from this Court requiring that the BOP give Defendant access to paper copies of his discovery in his cell.

As noted above, Defendant already has constitutionally adequate access to his discovery. In the absence of a constitutional claim, the Defendant's 5th OSC Motion just challenges the conditions of Defendant's confinement in a manner similar to motions that this Court has rejected in the past. *See* March 7, 2018 Order Denying (1) Motion for Order to Show Cause, and (2) Ex Parte Application and Motion for Funds to Purchase Legal Supplies. ECF No. 132. Just as this Court has ruled upon those motions, *see id.*, Defendant must exhaust his administrative remedies with respect to challenges to the conditions of his confinement before approaching the Court.

Defendant has failed to exhaust his administrative remedies. "The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law." *Woodford v. Ngo*, 468 U.S. 81, 88 (2006) (*quoting McKart v. United States*, 395 U.S. 185, 193 (1969)). "The doctrine provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *McKart*, 395 U.S. at 193 (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50, 51 (1938)).

Here, as with his previous motion for funds to pay for legal supplies, *see* ECF No. 132, Defendant has failed to show that he has exhausted the available

administrative remedies with the BOP.  To exhaust his administrative remedies,
Defendant must proceed through the Administrative Remedy Program.  *See* 28
C.F.R. §§ 542.10-542.19; Bureau of Prisons Program Statement on Administrative
Remedy Program, Jan. 6, 2014 *avail. at*
https://www.bop.gov/policy/progstat/1330_018.pdf.

This Court previously outlined the BOP grievance process in its March 7,
2018 Order, ECF No. 132 at 4-5.  Under the BOP grievance process, the inmate
must first seek informal resolution of the issue of concern at his institution of
confinement, the Federal Detention Center, Honolulu.  *Id.*  § 542.13.  If no
informal resolution is reached, the inmate must file a formal request ("BP-9") with
the Warden.  *Id.* § 542.14.  If the Warden denies the remedy, the inmate may
appeal first to the Regional Director ("BP-10"), within 20 days of receiving the
Warden's response, and thereafter to the General Counsel in Washington, D.C.
("BP-11"), within 30 days of receiving the Regional Director's response.  *Id.*
§ 542.15.  Administrative exhaustion does not take place until a final decision is
received from the Office of General Counsel, or until a response is not forthcoming
within the time allotted for reply.  *Id.* §§ 542.15(a); 542.18.

Defendant's current motion makes no showing that Defendant exhausted his
administrative remedies.  Rather, the motion merely attaches a single letter, written
by his standby counsel to BOP Senior Attorney Timothy Rodrigues.  Def. 5th OSC

Mot. Exh. A.  Standby counsel indicates that Mr. Rodrigues had not responded to his letter.  Decl. of Counsel in supp. Def. 5th OSC Mot. ¶ 3.  However, both Defendant and Mr. Isaacson have been on notice since March 7, 2018 that they are required to exhaust Defendant's administrative remedies before seeking redress from this Court.  ECF No. 132.  Because Defendant has failed to do so, the motion should be denied.

Should Defendant wish to review his discovery on an alternative medium such as paper, and to keep such discovery in his cell, he must make this request to the BOP and, if denied, he must utilize the BOP grievance procedures, as described above.  FDC Honolulu will permit as much as three cubic feet of legal materials in an inmate's cell at any given time, which corresponds with at least twelve banker's boxes; FDC Honolulu will permit additional legal materials kept in storage.  However, it should be known that FDC Honolulu has strict restrictions with respect to delivery of paper to inmates, which may affect how much standby counsel can send to Defendant at any time.  *See* BOP Mail Management Policy, https://www.bop.gov/policy/progstat/5800_016.pdf.[1]

---

[1]  We fully anticipate that Defendant will have a disagreement with the BOP's mailing policies and the manner in which they restrict his ability to receive printed pages in large increments.  However, even with respect to this future disagreement, Defendant must follow the BOP's grievance procedures before returning to this Court.

<u>CONCLUSION</u>

For the reasons above, the government respectfully requests that the Court

deny the Defendant's 5th OSC Motion.

DATED:  September 27, 2018, at Honolulu, Hawaii.

KENJI M. PRICE
United States Attorney
District of Hawaii


By */s/ Gregg Paris Yates*
    GREGG PARIS YATES
    Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

Served Electronically through CM/ECF:

Lars Isaacson, Esq.
hawaii.defender@earthlink.net

Attorney for Defendant
ANTHONY T. WILLIAMS

Served by First Class Mail:

Anthony T. Williams
Register No. 05963-122
Inmate Mail
FDC Honolulu
PO Box 30080
Honolulu, HI 96820

DATED:  September 27, 2018, at Honolulu, Hawaii.

/s/ Melena Malunao
U.S. Attorney's Office
District of Hawaii