# MINUTES

CASE NUMBER:     CR NO. 17-00101LEK

CASE NAME:       USA vs. (01) ANTHONY T. WILLIAMS

ATTYS FOR PLA:

ATTYS FOR DEFT:

INTERPRETER:

    JUDGE:     Leslie E. Kobayashi          REPORTER:

    DATE:      09/28/2018                   TIME:

COURT ACTION:  EO: COURT ORDER DENYING DEFENDANT'S "MOTION FOR REBUTTAL TO SWORN DECLARATION OF ANTHONY WILLIAMS"

    On March 19, 2018, pro se Defendant Anthony T. Williams ("Defendant") filed his "Motion for Rebuttal to Sworn Declaration of Anthony Williams" ("Motion"). [Dkt. no. 146.] Plaintiff the United States of America ("the Government") filed its memorandum in opposition on April 17, 2018. [Dkt. no. 217.] The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d).

    The Motion asks this Court to require the Government "to answer point by point with clear verified documented evidence rebutting each point in [Defendant's] declaration by affidavit or declaration sworn under oath, under penalty of perjury." [Dkt. no. 146 at 1.] Defendant argues the failure to do so as to any point should be deemed an admission of that point.

    The instant Motion is essentially a discovery request. Fed. R. Crim. P. 16 governs the discovery in this case, including the Government's disclosure obligations. See Fed. R. Crim. P. 1(a)(1) ("These rules govern the procedure in all criminal proceedings in the United States district courts."). There is no provision in Rule 16 allowing for the type of discovery Defendant seeks in the instant Motion.

    Defendant may be attempting to obtain admissions pursuant to Fed. R. Civ. P. 36. However, that rule does not apply in this case. See United States v. Kaialau, CR. NO. 07-00108-DAE, 2012 WL 13059716, at *2 (D. Hawai`i Dec. 14, 2012) ("the Federal Rules of Civil Procedure do not apply to criminal cases" (some citations omitted) (citing Fed. R. Civ. P. 1; United States v. Andrade-Larrios, 39 F.3d 986, 988 (9th Cir. 1994)); see also United States v. Colima-Monge, 978 F. Supp. 941, 943 (D. Or. 1997) ("This is a

criminal case; the Federal Rules of Civil Procedure do not apply.").

To the extent Defendant believes the Government has failed to comply with its disclosure obligations, Defendant must file a motion to compel. See Fed. R. Crim. P. 12(b)(3) ("The following . . . objections[] and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits: . . . (E) discovery under Rule 16."). Because Defendant is pro se, this Court must liberally construe the Motion. Cf. United States v. Seesing, 234 F.3d 456, 462 (9th Cir. 2000) (stating, in the context of a 28 U.S.C. § 2255 motion, "[p]ro se complaints and motions from prisoners are to be liberally construed"). However, even liberally construed, the instant Motion is not a motion to compel. In order to bring a motion to compel, Defendant must identify the specific disclosure obligation he believes the Government has not complied with.

For all of these reasons, the instant Motion is HEREBY DENIED.

IT IS SO ORDERED.

Submitted by: Warren N. Nakamura, Courtroom Manager