IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 17-00101 LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ANTHONY WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S APPEAL OF ORDER DENYING (1) MOTION FOR ORDER TO SHOW CAUSE, AND (2) EX PARTE APPLICATION AND MOTION FOR FUNDS TO PURCHASE LEGAL SUPPLIES AT GOVERNMENT'S EXPENSE**

On March 7, 2018, United States Magistrate Judge Kenneth J. Mansfield filed his Order (1) Denying Motion for Order to Show Cause, and (2) Ex Parte Application and Motion for Funds to Purchase Legal Supplies at Government's Expense ("3/7/18 Order"). [Dkt. no. 132.] On March 20, 2018, pro se Defendant Anthony T. Williams ("Defendant") filed an appeal of the 3/7/18 Order ("Appeal"). [Dkt. no. 144.] Plaintiff the United States of America ("the Government") did not file a response to Defendant's Appeal. The Court has considered the Appeal as a non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). Defendant's Appeal is hereby denied, and the 3/7/18 Order is affirmed for the reasons set forth below.

**BACKGROUND**

On February 15, 2017, Defendant was indicted for eleven counts of wire fraud, in violation of 18 U.S.C. § 1343, and nineteen counts of mail fraud, in violation of 18 U.S.C. § 1341. [Indictment (dkt. no. 1).] On March 28, 2018, a Superseding Indictment was filed, charging Defendant with fifteen counts of wire fraud and seventeen counts of mail fraud. [Dkt. no. 154.] At all times relevant to the instant Appeal, Defendant has been in custody at the Federal Detention Center – Honolulu ("FDC Honolulu").

On February 22, 2018, Defendant filed: 1) a "Motion for Order to Show Cause and Request for Expedited Hearing" ("OSC Motion"); and 2) "Ex Parte Application and Motion for Funds to Purchase Legal Supplies at Governments [sic] Expense" ("Supplies Motion"). [Dkt. nos. 117, 120.] The factual and procedural background of the OSC Motion and the Supplies Motion is set forth in the 3/7/18 Order and will not be repeated here.

In denying the OSC Motion, Judge Mansfield declined to address the issues in the OSC Motion that overlapped with the issues Defendant addressed in his previous motion seeking a preliminary injunction against FDC - Honolulu.[1] [3/7/18 Order at

---

[1] On January 17, 2018, Defendant filed his "Motion for Injunction Against FDC for Retaliation" ("Injunction Motion"). [Dkt. no. 87.] The Injunction Motion is currently pending before this Court.

2.] The only other issues in the OSC Motion were: Defendant's challenge to his confinement in the FDC - Honolulu Special Housing Unit ("SHU"); and his argument that the Bureau of Prisons ("BOP") was wrongfully refusing to allow a "Ms. Thomas" to visit him.[2] [Id. at 2-3.] The Judge Mansfield denied the OSC Motion as to both of these issues because Defendant did not show that he exhausted his administrative remedies. [Id. at 4-5.]

Judge Mansfield denied the Supplies Motion because: 1) Defendant's requests in the Supplies Motion overlapped with Defendant's requests in an earlier Motion to Compel, which United States Magistrate Judge Richard L. Puglisi had ruled upon and which were on appeal to this Court;[3] and 2) Defendant failed to exhaust his administrative remedies as any requests in the Supplies Motion that were not addressed in the Motion to Compel. [Id. at 6-7.]

---

[2] Defendant asserts Ms. Thomas "is a business visitor as defined in 28 C.F.R. 540.55(a)." [OSC Motion, Decl. of Counsel at ¶ 4.c.]

[3] Defendant filed the Motion to Compel on November 29, 2017. [Dkt. no. 65.] Judge Puglisi granted the Motion to Compel in part and denied it in part in an order issued on December 18, 2017 ("12/18/17 Order"). [Dkt. no. 75.] The Government appealed the portion of the 12/18/17 Order granting the Motion to Compel in part. [Dkt. no. 79.] On September 5, 2018, this Court granted the Government's appeal and rejected and/or reversed the portion of the 12/18/17 Order granting the Motion to Compel in part. [Dkt. no. 310.] The portions of the Motion to Compel that were granted in the 12/18/17 Order were therefore denied.

In the instant Appeal, Defendant's stand-by counsel states he "believes that Mr. Williams is attempting to file his own appeal by U.S. Mail, and this [Appeal] is being filed to make sure that no deadlines are missed." [Appeal at 2.] However, Defendant did not file his own appeal of the 3/7/18 Order.

## STANDARD

The following standards apply to a district judge's review of a magistrate judge's order on a nondispositive pretrial matter.

> Pursuant to 28 U.S.C. § 636(b)(1) and Criminal Local Rule 57.3(b), a party may appeal to a district judge any pretrial nondispositive matter determined by a magistrate judge. Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge's order may be reversed by the district court only if it is "clearly erroneous or contrary to law." The threshold of the "clearly erroneous" test is high. United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."); see also Thorp v. Kepoo, 100 F. Supp. 2d 1258, 1260 (D. Hawai`i 2000) (the clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed").

United States v. Wong, Cr. No. 12-00645 LEK, 2012 WL 5464178, at *2 (D. Hawai`i Nov. 8, 2012).

## DISCUSSION

Stand-by counsel apparently filed the Appeal because he believed that: 1) Defendant intended to file his own appeal of

4

the 3/7/18 Order; and 2) it was likely that Defendant's own appeal would not be filed by the applicable deadline.[4] Thus, the Appeal does not have "[a] memorandum of points and authorities or supporting memorandum of law," as required by Criminal Local Rule 57.3(b). It appears that it was stand-by counsel's intent that, when Defendant filed it, Defendant's own appeal would be treated as the required memorandum.

Because Defendant did not ultimately file his own appeal of the 3/7/18 Order, this Court cannot determine neither what portions of the 3/7/18 Order Defendant is challenging nor what authority he relies upon to support his position that there are errors of law or fact in the 3/7/18 Order. This Court could deny the Appeal on that basis alone. However, for the sake of completeness, this Court will construe the Appeal as arguing that the 3/7/18 Order, in its entirety, is clearly erroneous or contrary to law.

First, this Court agrees with Judge Mansfield that the OSC Motion and the Supplies Motion were not the proper vehicles to address matters that were previously raised in Defendant's Injunction Motion and Defendant's Motion to Compel. Judge

---

[4] The Criminal Local Rules of Practice for the United States District Court for the District of Hawaii ("Criminal Local Rules") provide that an appeal from a magistrate judge's order on a nondispositive matter "shall be filed within fourteen (14) days after being served with a copy of a written order or after the oral order is stated on the record, or at some other time the court sets." Local Rule CrimLR57.3(b).

Mansfield did not commit a clear error of fact or a legal error when he decided not to address either the requests in the OSC Motion that were duplicative of requests in the Injunction Motion or the requests in the Supplies Motion that were duplicative of requests in the Motion to Compel.

Second, this Court agrees with Judge Mansfield that the other requests in the OSC Motion and the Supplies Motion required administrative exhaustion before they could be presented in this district court. See generally 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Defendant has not established that any exception to the exhaustion requirement applies to his requests in the OSC Motion and the Supplies Motion. See Terrell v. Brewer, 935 F.2d 1015, 1019 (9th Cir. 1991) ("Exhaustion is not required if: (1) administrative remedies would be futile; (2) the actions of the agency clearly and unambiguously violate statutory or constitutional rights; or (3) the administrative procedure is clearly shown to be inadequate to prevent irreparable injury.").

Defendant has failed to show that any part of the 3/7/18 Order is clearly erroneous or contrary to law. This Court

therefore concludes that there is no basis to reverse any part the 3/7/18 Order.

## CONCLUSION

On the basis of the foregoing, Defendant's appeal, filed March 20, 2018, of Judge Mansfield's March 7, 2018 Order (1) Denying Motion for Order to Show Cause, and (2) Ex Parte Application and Motion for Funds to Purchase Legal Supplies at Government's Expense is HEREBY DENIED.  The 3/7/18 Order is HEREBY AFFIRMED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 28, 2018.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**UNITED STATES OF AMERICA VS. ANTHONY T. WILLIAMS; CR 17-00101 (01) LEK; ORDER DENYING DEFENDANT'S APPEAL OF ORDER DENYING (1) MOTION FOR ORDER TO SHOW CAUSE, AND (2) EX PARTE APPLICATION AND MOTION FOR FUNDS TO PURCHASE LEGAL SUPPLIES AT GOVERNMENT'S EXPENSE**