# MINUTES

| | |
|---|---|
| CASE NUMBER: | CR NO. 17-00101LEK |
| CASE NAME: | USA vs. (01) ANTHONY T. WILLIAMS |
| ATTYS FOR PLA: | |
| ATTYS FOR DEFT: | |
| INTERPRETER: | |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | REPORTER: | |
| DATE: | 09/28/2018 | TIME: | |

COURT ACTION:  EO: COURT ORDER DENYING DEFENDANT'S "MOTION TO APPEAL ORDER DENYING MOTION FOR DISQUALIFICATION OF JUDGE LESLIE KOBAYASHI"

     On June 5, 2018, another district judge in this district issued an Order Denying Motion for Disqualification of Judge Leslie Kobayashi ("6/5/18 Order").  [Dkt. no. 257.]  On July 31, 2018 pro se Defendant Anthony T. Williams ("Defendant") filed a motion seeking leave to appeal the 6/5/18 Order ("Motion").  [Dkt. no. 299.]  Plaintiff the United States of America ("the Government") filed a memorandum in opposition on August 21, 2018.  [Dkt. no. 303.]  The Court finds the Motion suitable for disposition without a hearing, pursuant to Local Rule 7.2(d).

     The Ninth Circuit Court of Appeals will have jurisdiction over the "final decision[]" in this case.  See 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States.").  The 6/5/18 Order, however, is not a final order.  See United States v. Kanahele, No. 96-10075, 1996 WL 713061, at *1 (9th Cir. Dec. 6, 1996) ("We must dismiss the appeal from the denial of the motion to recuse Judge Gillmor because 'denial of a motion to disqualify [the trial judge] is not a final order' under 28 U.S.C. § 1291." (alteration in Kanahele) (quoting United States v. Washington, 573 F.2d 1121, 1122 (9th Cir. 1978))).

     28 U.S.C. § 1292(b) allows for the certification of interlocutory appeals in **civil** cases.  An interlocutory appeal is not available in criminal cases, but it may be possible for Defendant to seek a writ of mandamus.  Cf. United States v. Guerrero, 693 F.3d 990, 998 (9th Cir. 2012) ("Although an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) or defiance of a discovery order is not available in a criminal proceeding, a writ of mandamus may sometimes be, as is a protective order that limits the scope of disclosure

and the admissibility of the communications in future criminal proceedings.").

Defendant's Motion is therefore DENIED. This Court emphasizes that it makes no findings or conclusions about the merits of Defendant's challenge to the 6/5/18 Order.

IT IS SO ORDERED.

Submitted by: Warren N. Nakamura, Courtroom Manager