# LARS ROBERT ISAACSON
## ATTORNEY AT LAW

1100 ALAKEA STREET, 20TH FLOOR
HONOLULU, HAWAII 96813
PHONE: 808-497-3811   FAX: 866-616-2132
EMAIL: HAWAII.DEFENDER@EARTHLINK.NET

October 16, 2018

Hon. Leslie Kobayashi
United States District Judge
300 Ala Moana Blvd.
Honolulu, HI 96813

Re:   *United States v. Anthony T. Williams, Cr. No. 17-00101 LEK,* United States District Court, District of Hawai'i.

Dear Judge Kobayashi,

I am standby counsel for Mr. Williams, but he has asked me to assist in attempting to find someone locally to do a competency evaluation. I have provided two names of qualified persons to the Government willing to do this examination at FDC Honolulu, Drs. Marvin Acklin and Tanya D'Avanzo. The Government has objected to Dr. Acklin for a reason having to do with some issue in their office. I have not yet received a response regarding Dr. D'Avanzo's qualifications. Her CV is attached as Exhibit "A."

It should be pointed out that there is no requirement that Mr. Williams be sent to the mainland for a competency evaluation. *See* 18 U.S.C.A. § 4241 ("(b) Psychiatric or psychological examination and report.--Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247 (b) and (c)").

Further, sending Mr. Williams to the mainland will undoubtedly delay the proceedings and possibly the trial, to Mr. Williams' detriment. The evaluation would be due within 30 days, but often it is extended and there is no remedy that I am aware of if the report is not provided within 30 days. *See United States v. Hancock,* 962 F.Supp. 1291, 1293-94 (D.Hawaii 1997)(Defendant correctly states that § 4247(b) sets out a thirty-day limit (that may be extended) for a competency examination. That thirty day limit however applies only to § 4247, not to the STA [Speedy Trial Act]. The STA provision concerning the exclusion of time spent on a competency examination conspicuously omits any time limit. . . . The Ninth Circuit has interpreted

this silence as creating no limitation to the time excludable for a competency examination. *See United States v. Miranda,* 986 F.2d 1283 (9th Cir.1993)").

Additionally, sending the Defendant to the mainland for an examination would seem to run counter the policies behind USAM 64. *See* Exhibit "B" attached to this letter.

Sincerely yours,

_____
LARS ROBERT ISAACSON