

**U.S. Department of Justice**

*United States Attorney*
*District of Hawaii*

PJKK Federal Building
300 Ala Moana Blvd., Room 6-100
Honolulu, Hawaii 96850

October 23, 2018

R E C E I V E D
U. S. DISTRICT JUDGE

OCT. 2 4 2018

at _____ o'clock and _____ min. ____ M.
DISTRICT OF HAWAII

Honorable Leslie E. Kobayashi
United States District Judge
300 Ala Moana Boulevard
Honolulu, Hawaii 96850

> Re:   United States v. Anthony Williams, Anabel Cabebe, Barbara
> Williams, <u>Crim. No. 17-00101 LEK</u>

Dear Judge Kobayashi:

This letter responds to the Court's Order, dated October 16, 2018, seeking a proposal for the competency evaluation of Defendant Anthony Williams, pursuant to 18 U.S.C. § 4241, at the Federal Detention Center, Honolulu.   As permitted by the Court at the status conference of the parties on October 16, 2018, this letter also sets forth the government's objection to the appointment of Dr. Tanya D'Avanzo, whom Defendant proposed just prior to the October 16, 2018 status conference, and the government renews its request for a competency evaluation conducted by the Bureau of Prisons (BOP) for the reasons below. Should the Court order the parties to proceed with a competency evaluation conducted by Dr. D'Avanzo, a proposed schedule is set forth below.

I.   <u>D'Avanzo Expertise and Evaluation Schedule</u>

The government has conferred with Dr. D'Avanzo, a Clinical Neuropsychologist, who provided an updated *curriculum vitae*.   Attachment A. In addition to the experience listed on her CV, Dr. D'Avanzo has indicated that she has experience that is relevant to a Court-ordered competency evaluation: Dr. D'Avanzo has performed mental health evaluations that have been referred to her by Hawaii State courts approximately twice a month for ten years.   Dr. D'Avanzo estimates that a half to one-third of these evaluations involve a defendant's fitness to proceed with prosecution, pursuant to Hawaii Revised Statutes § 704-404.

Dr. D'Avanzo describes the Hawaii State court fitness-to-proceed evaluation process as follows. Forensic examiners from a three-person panel, including at least one psychiatrist and one licensed psychologist, separately interview the defendant. Following these interviews, the defendant is referred to Dr. D'Avanzo. Over two-and-a-half hours, Dr. D'Avanzo conducts a clinical interview and formal psychological testing of the defendant. Based upon this evaluation, Dr. D'Avanzo prepares a 3-4 page report to submit to the three-person panel. The panel then prepares its own recommendation to the court. For the proposed competency evaluation, Dr. D'Avanzo envisions conducting a similar interview and testing as she would for a referral, and preparing a similar report, which she will submit directly to this Court.

Should this Court proceed with a competency evaluation conducted by Dr. D'Avanzo, the earliest she is available to conduct her evaluation would be the week of November 26, 2018. Dr. D'Avanzo indicates that she can have a report prepared by December 14, 2018.

II.    Government Objection to Dr. D'Avanzo

By this Court's leave, granted October 16, 2018, the government objects to the appointment of Dr. D'Avanzo to conduct Defendant Anthony Williams's competency evaluation, and renews its proposal for a full evaluation of Defendant by BOP, as set forth in its letter dated October 15, 2018. In sum, the brief evaluation procedure outlined by Dr. D'Avanzo will not be adequate for the unique challenge presented by Defendant Williams, whose competency is at issue and yet who continues to represent himself in this prosecution.

The government takes issue with the brevity and limited scope of Dr. D'Avanzo's evaluation. As noted above, Dr. D'Avanzo's exposure to Defendant lasts only two-and-a-half hours, and consists solely of an interview and testing, and not any prolonged observation. We note that the evaluation that Dr. D'Avanzo proposes to conduct falls short of the fitness-to-proceed procedures that Dr. D'Avanzo typically follows for her state referrals, as set forth in Haw. Rev. Stat. § 704-404. These procedures envision separate interviews with three mental health professionals before Dr. D'Avanzo conducts her own interview and testing, and then involves review of Dr. D'Avanzo's findings by the panel. Dr. D'Avanzo has interviewed defendants and provided recommendations to the court directly, without a three-person panel, but does so rarely, in less than 10% of her referrals.

The findings of this evaluation are all the more important in this case because Defendant is proceeding *pro se*.   Although the issue to be evaluated in the proposed proceeding is Defendant's competency to stand trial, the underlying findings are necessarily relevant to whether Defendant can reasonably represent himself and present an adequate defense at trial.   "[T]he Constitution permits judges to take realistic account of the particular defendant's mental capacities by asking whether a defendant seeks to conduct his own defense at trial is mentally competent to do so."   *Indiana v. Edwards*, 554 U.S. 164, 177-78 (2008).   Thus, a person may be competent to stand trial, but "still suffer from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves."   *Id.*

At Defendant's arraignment and plea, on September 29, 2017, this Court, Magistrate Judge Kenneth J. Mansfield, found that Defendant was capable of representing himself based solely upon an in-court colloquy.   ECF No. 35.   In the year since that proceeding, however, Defendant demonstrated that he may not be competent to conduct trial proceedings by himself.   Defendant has filed 54 motions and 16 filings for miscellaneous relief, often invoking religious authorities and leveling *ad hominem* attacks against the prosecution and the Court, while advancing legally frivolous theories.

In order to protect the legal process at trial, the government reserves the right to re-visit whether Defendant may represent himself after the competency evaluation report is completed.   This makes a comprehensive competency evaluation by an experienced evaluator all the more important.   Dr. D'Avanzo has never been asked to evaluate whether a defendant may proceed *pro se*.   Moreover, Dr. D'Avanzo has not been qualified as an expert in any court on the issue of competency or a defendant's fitness to proceed with prosecution.   Finally, Dr. D'Avanzo has not conducted any Federal competency evaluations, nor has she been qualified as an expert in Federal court.

We note for the Court that we had invited Dr. Lesli Johnson, BOP Forensic Psychologist, who has extensive experience conducting Federal competency evaluations and who has been qualified as an expert to testify regarding competency in Federal court, about traveling to the Federal Detention Center, Honolulu to conduct an evaluation similar to the evaluation proposed by Dr. D'Avanzo.   Dr. Johnson indicated that she would not feel comfortable

conducting such an evaluation without extended observation of Defendant, in light of his *pro se* status.

As noted, the government's proposed competency evaluation procedure is set forth in its October 15, 2018 letter. Should the Court remand Defendant Williams to the BOP for evaluation at the Metropolitan Detention Center, Los Angeles, the government will endeavor to facilitate and expedite the evaluation to ensure that it is completed promptly. Otherwise, we will arrange for the competency evaluation consistent with the Court's direction.

Very truly yours,

KENJI M. PRICE
United States Attorney
District of Hawaii

By _____
GREGG PARIS YATES
Assistant U.S. Attorney

cc: Defendant Anthony Williams
Lars Isaacson, Esq., standby counsel for Defendant Anthony Williams
Michael Jay Green, Esq., counsel for Defendant Anabel Cabebe
Birney Bervar, Esq., counsel for Defendant Barbara Williams

4