KENJI M. PRICE                    #10523
United States Attorney
District of Hawaii

RONALD G. JOHNSON         #4532
GREGG PARIS YATES         #8225
Assistant United States Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
Fax:            (808) 541-2958
E-Mail:        Ron.Johnson@usdoj.gov
                    Gregg.Yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) CR. NO. 17-00101 LEK |
|---|---|
| Plaintiff, | ) <br> ) UNITED STATES'S RESPONSE TO <br> ) DEFENDANT'S MOTION FOR ORDER |
| vs. | ) OF CONTEMPT AGAINST THE <br> ) FEDERAL BUREAU OF |
| ANTHONY T. WILLIAMS  (1), | ) INVESTIGATION; CERTIFICATE OF <br> ) SERVICE |
| Defendant. | ) <br> ) <br> ) |

UNITED STATES'S RESPONSE TO
DEFENDANT'S MOTION FOR ORDER OF CONTEMPT
AGAINST THE FEDERAL BUREAU OF INVESTIGATION

Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure (Fed. R. Crim. Proc.), the government respectfully submits this response to Defendant Anthony T. Williams's (Defendant) "Motion for Order of Contempt Against the Federal Bureau of Investigation."

This motion and all of Defendant's recent motions for orders for contempt [ECF No. 349, 350, 357, 361, 363] arise from Defendant's attempt to circumvent the rules of discovery in the Federal Rules of Criminal Procedure and to utilize subpoenas *duces tecum* directly against various Federal and state agencies to pursue broad discovery requests, without notifying the counsel for the government, the United States Attorney and the undersigned counsel (USAO).

Defendant's motion should be denied. The Court should quash the subpoena and deny this motion because the subpoena is defective insofar as its demands lack specificity and seek broad discovery into matters that are not relevant or admissible. Moreover, the government has been producing responsive documents, including case files from a prior investigation in Florida involving unrelated acts against different victims, to Defendant in the regular course of discovery.

## BACKGROUND

On February 22, 2018, the clerk of the Court issued a subpoena to Defendant Williams for service to the "Custodian of Records, Federal Bureau of

Investigation, 91-1300 Enterprise Street, Kapolei, HI 96707." The subpoena bore a return date of March 15, 2018.

On March 7, 2018, the Federal Bureau of Investigation (FBI) received Defendant's subpoena. On March 15, 2018, FBI Chief Division Counsel Melissa Reynolds called Defendant's standby counsel, Lars Isaacson and left a voice mail indicating that records sought by the subpoena were being produced as part of the discovery process, and asking for clarification regarding the subpoena. Attachment A. Mr. Isaacson did not respond.

On April 5, 2018, Ms. Reynolds sent Mr. Isaacson an e-mail that reiterated and memorialized the FBI's position and concerns. *Id.* Mr. Isaacson responded that Ms. Reynolds explaining that he was standby counsel and that he was "instructed by the court to assist Mr. Williams in his endeavors to obtain materials for his defense."

On August 27, 2018, Mr. Isaacson sent Ms. Reynolds a demand e-mail for the FBI's response to Defendant's subpoena. Ms. Reynolds referred Mr. Isaacson to counsel for the government.

On September 18, 2018, the government sent out the first production of documents that pertained to subjects described in Defendant's subpoena to the FBI.

On October 2, 2018, Mr. Isaacson sent the government an e-mail indicating that he had misplaced the FBI subpoena response and requesting another copy. On October 5, 2018, the government re-sent this production to Mr. Isaacson.

Throughout this time, the counsel for the government met-and-conferred with Mr. Isaacson in person, on the telephone, and via e-mail regarding the government's production of documents in response to Defendant's discovery requests and his subpoena to the FBI.

According to Mr. Isaacson, on October 15, 2018, Defendant instructed him to file a motion for order of contempt against the FBI. ECF No. 363-1 at 4. An attachment to Defendant's motion explains that the government's production has been deficient because it failed to include "documents I made which I filed complaints and had clients file complaints for fraud against the banks, mortgage companies and certain individuals." ECF No. 363-3, Exhibit E. On October 29, 2018, Mr. Isaacson filed the instant motion.

On November 5, 2018, the government sent out its second production of documents that pertained to subjects described in the subpoena to the FBI.

The government is currently in the process of redacting personal identifiable information from another set of potentially responsive documents and anticipates making another production within the next two weeks.

The government is also in the process of reviewing and producing certain digital evidence that it obtained as part of a prior investigation of Defendant in Florida, related to Defendant's actions within the state of Florida in connection with his entities Mortgage Enterprises Inc. and Common Law Office of America.

## ARGUMENT

I. Legal Standard

Criminal defendants have the right to the government's assistance in compelling the attendance of favorable witnesses at trial and the right to put before a jury evidence that might influence the determination of guilt. *Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987). Pursuant to Fed. R. Crim. Proc. 17(a), a defendant in a criminal proceeding may request a blank subpoena from the clerk of the Court, who must issue a signed and sealed subpoena for the defendant to serve. The subpoena "may order the witness to produce any books, papers, documents, data or other objects the subpoena designates," and "may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." Rule 17(c)(1).

Should the recipient of a subpoena, "without adequate excuse, disobey[] a subpoena issued by a federal court in that district," a magistrate judge may hold that recipient in contempt. Fed. R. Crim. Proc. Rule 17(g). However, the subpoena must be valid in its entirety in order for a recipient to be held in

contempt. *Bowman Dairy Co.*, 341 U.S. at 221; *In re Grand Jury Subpoena*, 829 F.2d 1291, 1293 (4th Cir. 1987).

II.     Defendant Is Misusing A Rule 17(c) Subpoena To Obtain Discovery

This motion is inappropriate because the underlying document requests are straightforward discovery requests in response to which the government has been producing documents in the regular course of discovery. Defendant has been misusing and abusing the Court's Rule 17(c) trial subpoena process as a burdensome alternative means of obtaining discovery from the government and third-party agencies with little to no connection to these proceedings.

Fed. R. Crim. Proc. Rule 16, together with *United States v. Brady*, 397 U.S. 742 (1970), *United States v. Giglio*, 405 U.S. 150 (1972), and 18 U.S.C. § 3500, generally governs discovery from the government in criminal cases. In a criminal matter, the discovery mechanisms available to Defendant, as well as the universe of discoverable information, are limited. *See United States v. Andrade-Larrios*, 39 F.3d 986, 988 (9th Cir. 1994) ("[T]he Federal Rules of Civil Procedure do not apply in criminal cases."); *United States v. $119,984*, 304 F.3d 165, 176 n.10 (2d Cir. 2002). The limitations on criminal discovery exist to "prevent perjury and manufactured evidence, to protect potential witness[es] from harassment and intimidation, and to level the playing field between the government and the defendant, who would be shielded from certain discovery by the Fifth

Amendment." *SEC v. Nicolas*, 569 F. Supp. 2d 1065, 1071-72 (C.D. Cal. 2008), *citing Campbell v. Eastland*, 307 F.2d 478, 487 n.12 (1962).

Rule 17(c) subpoenas do not "provide an additional means of discovery," but rather exist to "expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). Rule 17(c) permits a defendant to use the Court's subpoena power to request materials or testimony directly from third-party witnesses. Fed. R. Crim. Proc. 17(c)(1); *United States v. Sleugh*, 896 F.3d 1007, 1012 (9th Cir. 2018). For this reason, Rule 17(c) has strict requirements for subpoenas to be supported by (1) relevancy; (2) admissibility; and (3) specificity. *United States v. Nixon*, 418 U.S. 683, 700 (1974).

### III. Defendant's Subpoena To The FBI Is Defective

Defendant's motion should be denied because Defendant is improperly attempting to obtain broad discovery from the government with a subpoena, which is ill-suited for that purpose and is therefore defective on its face. Materials sought under a Rule 17(c) subpoena must be supported by (1) relevancy; (2) admissibility; and (3) specificity. *United States v. Nixon*, 418 U.S. 683, 700 (1974). The party requesting the subpoena bears the burden to demonstrate to the Court that the information he seeks meets these criteria. *United States v. Vought*, 69 F.3d 1498, 1501-02 (9th Cir. 1995).

7

Defendant's attempt to obtain discovery by utilizing a Rule 17(c) subpoena fails precisely because discovery requests for broad categories of documents are incompatible with Rule 17(c)'s specificity requirement. For the subpoena to be valid, Defendant must demonstrate that the subpoena requests only "certain documents or sharply defined groups of documents," *id.*, to prevent the subpoena from being converted into a license for a "fishing expedition." *Bowman Dairy Co.*, 341 U.S. at 221.

Defendant's subpoena, however, is far broader than Rule 17(c)'s specificity requirement permits. For instance, the subpoena asks for all "Records of FBI Agent Jamie Lynn Stranahan, Miami, Florida," including "records of Anthony T. Williams visiting FBI offices and complaints made by Mr. Anthony T. Williams," and "Records of FBI Agent Joseph Lavelle, Miami Florida," including records of Defendant "being subject of investigation. . . ." *Id.* Similarly, Defendant's Rule 17(c) subpoena asks for the "[a]ll the letters and documents sent to (or by) the FBI by (or to) Anthony T. Williams," and his entities "concerning Mr. Williams's business practices. . . ." ECF No. 363-2, Exh. A at 2. Requesting entire files instead of specific documents is an indication of an impermissible fishing expedition. *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984).

Defendant's motion further reveals the lack of specificity in the subpoena. Defendant claims that the FBI should be found in contempt because it failed to

produce "documents I made which I filed complaints and had clients file complaints for fraud against the banks, mortgage companies and certain individuals." ECF No. 363-3 at p. 42, Exh. E.  However, from this description, it is impossible to determine what particular documents Defendant is referring to. Defendant does not identify a date range for the documents, any client, any bank or mortgage company, the subject matter of the complaints, or any other identifying information about these purported missing documents.  In short, this description does not provide "the subpoenaed party or other party having standing with enough knowledge about what documents are being requested so as to lodge any objections on relevancy or admissibility." *King*, 164 F.R.D. at 545.

Moreover, Defendant's Rule 17(c) subpoena seeks information that is plainly irrelevant to the wire fraud charges in the Superseding Indictment.  For his subpoena to be upheld, Defendant must show that there is a sufficient likelihood that the requested material is relevant to the offenses charged in the indictment and contains evidence admissible with respect to the offenses charged. *Nixon*, 418 U.S. at 700.  Conclusory allegations of relevance and admissibility are insufficient. *United States v. King*, 164 F.R.D. 542, 545 (D. Kan. 1996).  Defendant's subpoena, however, seeks "[m]emoranda, notifications, policies, training program materials, rules and other writings or directives in effect during February 15, 2017, describing the practices and procedures to be used when investigating persons suspected of

mail and wire fraud." The policies and procedures used by law enforcement are legal authorities to which Defendant is not entitled and which are not relevant to any charge or defense in the Superseding Indictment.

In short, Defendant's subpoena lacks the requisite specificity for Rule 17(c) and seeks irrelevant information, and is therefore defective. Because the subpoena is defective, Defendant's motion must be denied. *Bowman Dairy Co.*, 341 U.S. at 221 ("One should not be held in contempt under a subpoena that is part good and part bad."); *In re Grand Jury Subpoena*, 829 F.2d 1291, 1293 (4th Cir. 1987).

IV.   The Government Has Been Producing Information That Is Also Responsive To Defendant's Subpoena Through The Discovery Process

This motion is baseless and should be denied for the additional reason that the government has been producing responsive documents from both the investigation in Hawaii that resulted in the Superseding Indictment and from the previous Federal investigation of Defendant in Florida involving other unrelated acts, as part of discovery.

For instance, Defendant's motion complains that the government has failed to produce "documents [Defendant] made which [Defendant] filed complaints and had clients file complaints for fraud against the banks, mortgage companies and certain individuals." As noted, Defendant does not provide any further identifying information to clarify what documents he seeks or his basis for seeking them.

10

Nonetheless, the government has met or is meeting its discovery obligations. The government has produced FBI reports and documents from both the Federal investigations in Hawaii and Florida containing or referencing Defendant's name. The government has also produced records that it obtained from Hawaii state agencies relating to complaints against Defendant. If the "complaints" that Defendant references in his motion are among those files from these investigations, they have been or are being produced. If these "complaints" are not among these files, they are not in the possession, custody, or control of the government, and the government is not under an obligation to procure them.

However, because Defendant's motion, like the underlying subpoena, lacks specificity, the government is unable to ascertain what particular documents Defendant claims are in the government's possession, but that the government has failed to produce. This is an additional ground upon which to deny the motion.

///
///
///
///
///
///
///

## CONCLUSION

In light of the foregoing, the government respectfully requests that this Court deny Defendant's motion for an order of contempt against the FBI.

DATED:  November 9, 2018, at Honolulu, Hawaii.

                                      KENJI M. PRICE
                                      United States Attorney
                                      District of Hawaii

                                  By */s/ Gregg Paris Yates*
                                      GREGG PARIS YATES
                                      Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

Served Electronically through CM/ECF:

Lars Isaacson, Esq.
hawaii.defender@earthlink.net

Standby Attorney for Defendant
ANTHONY T. WILLIAMS


Michael Jay Green, Esq.
michaeljgreen@hawaii.rr.com

Attorney for Defendant
ANABEL CABEBE


Birney B. Bervar
bbb@bervar-jones.com

Attorney for Defendant
BARBARA WILLIAMS

Defendant to be served by First Class Mail on November 13, 2018:

Anthony T. Williams
Register No. 05963-122
Inmate Mail
FDC Honolulu
PO Box 30080
Honolulu, HI 96820

DATED: November 9, 2018, at Honolulu, Hawaii.

*/s/ Gregg Paris Yates*
U.S. Attorney's Office
District of Hawaii