KENJI M. PRICE                    #10523
United States Attorney
District of Hawaii

RONALD G. JOHNSON          #4532
GREGG PARIS YATES          #8225
Assistant United States Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
Fax:             (808) 541-2958
E-Mail:      Ron.Johnson@usdoj.gov
                 Gregg.Yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ANTHONY T. WILLIAMS,<br><br>　　　　Defendant. | ) CR. NO. 17-00101 LEK<br>)<br>) UNITED STATES'S RESPONSE TO<br>) DEFENDANT'S MOTION TO SEVER<br>) HIS TRIAL FROM THE TRIAL OF CO-<br>) DEFENDANTS AND FOR LEAVE TO<br>) RE-NEW; CERTIFICATE OF SERVICE<br>)<br>)<br>)<br>) |

## UNITED STATES'S RESPONSE TO
## DEFENDANT'S MOTION TO SEVER HIS TRIAL FROM THE
## TRIAL OF CO-DEFENDANTS AND FOR LEAVE TO RE-NEW

Pursuant to Rules 8(b) and 14(a) of the Federal Rules of Criminal Procedure (Fed. R. Crim. Proc.), the government respectfully responds to Defendant's Motion to Sever His Trial From The Trial of Co-Defendants And For Leave to Re-New (Motion to Sever or Mot. Sever).  For the reasons below, Defendant's motion should be denied.

## ARGUMENT

The Superseding Indictment charges Defendants Anthony Williams, Anabel Cabebe, and Barbara Williams with wire and mail fraud charges in connection with a scheme to defraud homeowners with a promise of mortgage payment reduction services.  Defendants all acted in concert to facilitate the scheme and are properly joined pursuant to Fed. R. Crim. Proc. Rule 8(b).  However, despite the clear presumption of joint trials, Defendant Anthony Williams now approaches this Court and seeks to encumber the Court's docket with multiple repeated trials, to consume significant Court and staff resources, to recruit and burden multiple sets of jurors from the community, and force numerous witnesses, including victims, to testify several times to the same facts.

Rule 14(a) envisions such an ordeal only when the moving defendant carries the heavy burden of proving that a joint trial would result in manifest prejudice.  Defendant's conclusory arguments and baseless allegations do not support

severance when weighed against the burden upon the government of multiple trials and the interest of judicial economy.

I.     Legal Standard

Fed. R. Crim. Proc. Rule 8(b) governs joinder of defendants in a criminal matter:

> The indictment. . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.  The defendants may be charged in one or more counts together or separately.  All defendants need not be charged in each count.

Rule 8(b) is "construed liberally in favor of joinder" in order to achieve its goal . . . to maximize trial convenience and efficiency with a minimum of prejudice.  *United States v. Sarkisian*, 197 F.3d 966, 975 (9th Cir. 1999); *see also United States v. Martin*, 567 F.2d 849, 853 (9th Cir. 1977) ("The purpose of rule 8(b), rather than the formalities of pleading, controls the analysis of whether joinder was proper in a given case.").

Pursuant to Rule 14(a), the Court may "sever the defendants' trials" if the "joinder of . . . defendants in an indictment . . . appears to prejudice a defendant or the government. . . ."   The test for severance is "whether joinder is so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion."  *United States v Kenny*, 645 F.2d

1323, 1345 (9th Cir. 1981); *United States v. Galindo*, 243 F.R.D. 660, 662 (D. Haw. 2007).

II.   The Three Defendants Are Properly Joined Pursuant To Rule 8(b)

Pursuant to Rule 8(b), joinder of Defendants Anthony Williams, Anabel Cabebe, and Barbara Williams is proper because each participated in the same series of acts or transactions constituting the offenses charged in the SI, namely wire and mail fraud in connection with a scheme to defraud victim homeowners by convincing them to make mortgage payments to Defendant Anthony Williams or his company for mortgage payment reduction and related services that Defendants did not provide.  Whether the offenses charged against multiple defendants constitute a "series of acts or transactions" turns on the degree to which they are related.  *United States v. Satterfied*, 548 F.2d 1341, 1344 (9th Cir. 1977).  That relation is often established by showing that substantially the same facts must be adduced to prove each of the joined offenses.  *Id.*

Moreover, in determining what constitutes a "series of acts or transactions," the Ninth Circuit looks for a "logical relationship" between the acts.  *Sarkisian*, 197 F.3d at 975.  The necessary "logical relationship" can be shown by the existence of a common plan, scheme, or conspiracy."  *Sarkisian*, 197 F.3d at 976 quoting *United States v. Ford*, 632 F.2d 1354, 1371-72 (9th Cir. 1980), overruled on other grounds, *United States v. DeBright*, 730 F.2d 1255 (9th Cir. 1984).

A. <u>Superseding Indictment Allegations</u>

The Superseding Indictment (SI) alleges that Defendants Anthony Williams,

Anabel Cabebe, and Barbara Williams were part of the same common plan,

scheme, and conspiracy.  On March 28, 2018, the grand jury for the District of

Hawaii returned a 32-count Superseding Indictment, which charged Defendants

with 15 counts of wire fraud and an additional 17 counts of mail fraud.  SI 1, ECF

No. 154.  The Superseding Indictment charges that from May of 2013 to December

2016, in the District of Hawaii, Defendant Anthony Williams, operated two

entities, Mortgage Enterprise Investments (MEI) and Common Law Office of

America (CLOA).  *Id.* 5.

Defendant Anthony Williams falsely told potential clients that he could cut

their mortgage balances in half, cut their mortgage payments in half, and reduce

their current mortgage loan pay-off terms by one half in return for their directing

their mortgage payments to him or his companies instead of to the mortgage

lender. *Id.* 5-6.  However, Defendant, MEI, and CLOA did not hold the licenses or

have the ability to provide a new mortgage, service an existing mortgage, or

provide loan modification services to the homeowners.  *Id.* 6.

Defendants Anthony and Barbara Williams also told their clients that they

offered a 100% money back guarantee, so that in the event that they were not able

to reduce the client's mortgage payment or loan pay-off term by one-half,

Defendants falsely claimed they would refund their clients' fee. *Id.* However, in addition to failing to reduce their clients' mortgage obligations or terms, Defendants failed to refund the fees paid by the homeowners as promised when the original lender sought to foreclose as a remedy against the homeowner. *Id.*

Once homeowners retained MEI, Defendants Anthony and Barbara Williams falsely represented to them that their original mortgages had been discharged or replaced and that a modified or lower cost loan was in place, which was held by MEI. SI 6-7. In fact, the homeowners' mortgages had not been discharged or replaced and MEI did not put lower cost mortgages in place for the homeowners. *Id.* MEI collected payments from the homeowners and Defendant Barbara Williams deposited the funds into bank accounts controlled by Defendant Anthony Williams. *Id.* 4, 7.

MEI also sent letters to the homeowners confirming that their original lenders no longer had an interest in the homeowner's property and that MEI would litigate on the homeowner's behalf to the full extent of the law. *Id.* 9-10. Moreover, MEI mailed and e-mailed the homeowners false quarterly statements that contained, among other things, the balance of the purported mortgage and the amount of each monthly payment received by MEI from the homeowner. *Id.* 10. MEI also sent monthly billing statements via mail with payment stubs. *Id.* The

homeowners would then send their payments to MEI, at an address in Killen, Texas.  SI 10.

Both Defendants Cabebe and Barbara Williams played active roles in MEI's operations.  Initially an MEI client, Cabebe began working for Anthony Williams in 2013.  *Id.* 3-4.  Cabebe recruited other clients in the community for MEI, and made many of the same promises to these clients that Anthony Williams made to her, knowing that these promises were false.  *Id.*  Cabebe also assisted the clients with applying for MEI assistance.  *Id.* 4. Cabebe notarized mortgages for clients for a fee.  *Id.* 4, 14.  Finally, Cabebe permitted Anthony Williams to operate MEI from her property.  *Id.* 4.

Defendant Barbara Williams also played an integral role in MEI's operation. Barbara Williams collected the payments submitted by homeowners to a post office box in Texas, and deposited these checks into a bank account controlled by her and Anthony Williams.  *Id.* 4.  Barbara Williams tracked payments made by MEI clients and communicated with Anthony Williams regarding MEI client accounts.  SI 4.

B.  The Superseding Indictment Alleges That The
Defendants Participated In The Same Series of
Acts Or Transactions Constituting The Charged Offenses

The Superseding Indictment supports Rule 8(b) joinder of the Defendants because they all knowingly participated in MEI's operation and the conspiracy to

defraud homeowners and lenders. *Patterson*, 819 F.2d at 1502. The same facts

regarding MEI's operations will be necessary to prove the wire fraud and mail

fraud charges. *Satterfield*, 548 F.2d at 1344.

Defendant Anthony Williams was the driving force behind MEI. However,

Defendants Anabel Cabebe and Barbara Williams played integral roles in MEI's

operation. Defendant Cabebe recruited potential clients from the community in the

District of Hawaii and brought them to Defendant Anthony Williams. Defendants

Anthony Williams and Cabebe processed applications from the homeowner

victims and both made fraudulent representations regarding MEI's mortgage

payment reduction services. Defendant Barbara Williams collected the

homeowners' payments and kept MEI's accounts.

Because the same facts prove the fraudulent scheme and artifice involving

all Defendants, the charges against all Defendants arise from the same act or

transaction or series of acts or transactions, and Rule 8(b) joinder is proper, unless

Defendant Anthony Williams can demonstrate that he is being prejudiced by the

combined trial.

III.    Defendant Would Not Be Prejudiced By A Combined Trial

Defendant cannot satisfy his heavy burden to demonstrate that "joinder with

the other defendants was so manifestly prejudicial that it outweighs the dominant

concern with judicial economy." *Patterson*, 819 F.2d at 1502.

Rule 14 sets a "high standard for a showing of prejudice." *United States v.*
*Vasquez-Velasco*, 15 F.3d 833, 845 (9th Cir. 1994).  Because the Supreme Court
has "long recognized that joint trials conserve state funds, diminish inconvenience
to the witnesses and public authorities, and avoid delays in bringing those accused
of crime to trial," *United States v. Lane*, 474 U.S. 438, 449 (1986), joinder is the
"rule rather than the exception."  *United States v. Armstrong*, 621 F.2d 951, 954
(9th Cir. 1980).  Therefore, Rule 14 is "construed liberally in favor of joinder."
*United States v. Baker*, 10 F.3d 1374, 1387 (9th Cir. 2000).  Indeed, "Rule 14 does
not require severance even if prejudice is shown. . . ." *Zafiro v. United States*, 506
U.S. 534, 538-39 (1993).  Rather, a "district court should grant a severance motion
under Rule 14 only if there is a serious risk that a joint trial would compromise a
specific trial right of one of the defendants, or prevent the jury from making a
reliable judgment about guilt or innocence." *Id.* at 539.

The inquiry recognized by the Ninth Circuit to measure the prejudicial effect
of a joint trial demonstrates that severance is reserved for cases involving multiple
defendants with conflicting defenses or where evidence that is admissible against
one defendant may be unduly prejudicial against another.  The Ninth Circuit
considers several factors to determine prejudice, including: (1) whether the jury
may reasonably be expected to collate and appraise the individual evidence against
each defendant; (2) the judge's diligence in instructing the jury on the limited

purposes for which certain evidence may be used; (3) whether the nature of the evidence and the legal concepts involved are within the competence of the ordinary juror; and (4) whether defendants could show, with some particularity, a risk that the joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Fernandez*, 388 F.3d 1199, 1241 (9th Cir. 2004).

These concerns are largely not at issue here because the Superseding Indictment charges a single scheme, that is, a series of acts or transactions constituting offenses that all Defendants knowingly participated in.  A joint trial is particularly appropriate where defendants are charged with knowing participation in a single fraudulent scheme.  *Fernandez*, 388 F.3d at 1242 ("We have previously noted that a joint trial is particularly appropriate where the co-defendants are charged with conspiracy, because the concern for judicial economy is less likely to be outweighed by possible prejudice to the defendants when much of the same evidence would be admissible against each of them in separate trials.").  Because all three Defendants were involved in MEI's operations, the same evidence of its operations is relevant to the wire and mail fraud charges and admissible against all Defendants, and not inadmissible against any one.

Accordingly, evidence of MEI's operations will not prejudice any one Defendant at a joint trial.

10

IV.   Defendant Failed To Carry His Heavy
      Burden To Show That A Joint Trial Prejudices Him

Defendant has presented only conclusory arguments and conjecture to support his claim of prejudice by a joint trial, and fails to demonstrate that a joint trial is "so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion." *Kenny*, 645 F.2d at 1345; *Galindo*, 243 F.R.D. at 662.

First, Defendant argues that he would be prejudiced by a joint trial because "co-defendants Anabel Cabebe and Barbara Williams [have] testimonial evidence favorable to this defendant[,]" but "[the co-defendants] may refuse to testify at the joined trial." Defendant's Motion to Sever (Mot. Sever), Exh. A p. 2, ECF No. 365-2. This argument appears based entirely upon Defendant's speculation. Defendant does not explain why the Co-Defendants would offer favorable testimony for Defendant in a separate trial, but not in a joint trial. Moreover, it is not clear how a joint trial prejudices Defendant in any way because regardless of whether the Co-Defendants are tried together or separately, they are subject to cross examination.

Indeed, carried to its logical extension, Defendant's first argument supports a longer delay to Defendant's trial than Defendant likely appreciates. Because Co-Defendants are facing their own charges, they have the right pursuant to the Fifth Amendment not to testify. If Defendant wishes to compel their testimony at his

11

trial, as he argues, the Court should sever the Co-Defendants' trials and have those

trials proceed first, so that Co-Defendants no longer have a Fifth Amendment right

to refuse to testify.  However, this does not appear to be what Defendant seeks.

Second, Defendant makes the unsupported claim that he would be

prejudiced by a joint trial because Defendants "may present a 'mutually exclusive

defense' so that one jury sitting in judgment of them will not be able to 'assess the

guilt or innocence of the defendant on an individual and independent basis." *Id.*

However, Defendant does not specify what his defense theory is, or how his

defense theory contradicts the defense theories of Co-Defendants Cabebe and

Barbara Williams.  To the contrary, it appears that the evidence of MEI's operation

would be admissible and relevant to the guilt of all Defendants.

Third and relatedly, Defendant's claim that the overwhelming evidence

against one or more co-defendants may unfairly prejudice him is baseless.  *Id.* at 3.

The Superseding Indictment makes quite clear that Defendant Anthony Williams is

the principal of and driving force behind MEI, and that Defendants Cabebe and

Barbara Williams were employed by him.  Thus, the evidence of the conduct of his

employees or agents, such as Cabebe's client recruitment efforts or Barbara

Williams's acceptance of payments from the homeowners, is relevant to Defendant

Anthony Williams's guilt, and does not unfairly prejudice him.

Fourth, Defendant repeats a claim from earlier motions [*see* Sworn Motion to Dismiss Superseding Indictment at Exh. A-2, p. 2, ECF No. 294-3] that he is being prejudiced by the delay of trial caused by Co-Defendants, whom he alleges are unprepared to go forward with trial on December 16, 2018. This trial date, however, has been vacated by Order of this Court. ECF No. 359. Moreover, Defendant has not cited any evidence to demonstrate that the Co-Defendants are unprepared to go to trial. This argument appears to rely upon conjecture.

In any event, Defendant has no right to proceed to trial at the pace of his choosing. As noted by this Court, Defendant's rights to a speedy trial are dictated by the Sixth Amendment and Section 3161 of Title 18 of the United States Code, and that the period of delay between Defendant's initial appearance and the December 16, 2018 trial date was consistent with both authorities. ECF No. 330 at 14, 17. The December 16, 2018 trial date has now been vacated pursuant to § 3161(h)(1)(A) to account for a "proceeding, including any examinations, to determine the mental competency . . . of the defendant." Accordingly, Defendant has not demonstrated prejudice upon the basis of the trial schedule, or his Co-Defendant's preparedness in light of it.

Finally, Defendant argues that a joint trial would prejudice him because he believes Co-Defendant Cabebe will testify against him at trial, and that her testimony would be compromised because she was "deceived and misled." This

argument appears to be based upon conjecture and is baseless.  Defendant does not

specify the substance of Cabebe's testimony, but his claim that Cabebe will testify

against him appears to contradict his earlier claim that she will testify in his favor.

*Compare* Def. Mot. Sever Exh. A p. 1 ("Defendant generally asserts co-defendants

ANABEL CABEBE and BARBARA WILLIAMS has testimonial evidence

favorable to this defendant that this defendant would want to present at trial . . . ."),

*with id.* p. 2 ("Defendant feels that co-defendant ANABEL CABEBE was deceived

and misled by Edna Franco and Henry Malinay into thinking that the undersigned

authorized the opening of the account in California which the undersigned never

authorized and therefore the complaints that were made against MORTGAGE

ENTERPRISE, ANABEL CABEBE, Edna Franco and Henry Malinay will

unfairly prejudice the undersigned . . . .").  In any event, Defendant's belief that

Cabebe was deceived and misled is a matter for cross examination, and would be

an issue regardless of whether his trial was severed.

## CONCLUSION

In light of the foregoing, the government respectfully requests that

Defendant's motion to sever his trial be denied.

DATED:  November 15, 2018, at Honolulu, Hawaii.

KENJI M. PRICE
United States Attorney
District of Hawaii

14

By */s/ Gregg Paris Yates*
GREGG PARIS YATES
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

Served Electronically through CM/ECF:

Lars Isaacson, Esq.
hawaii.defender@earthlink.net

Attorney for Defendant
ANTHONY T. WILLIAMS


Michael Jay Green, Esq.
michaeljgreen@hawaii.rr.com

Attorney for Defendant
ANABEL CABEBE


Birney B. Bervar
bbb@bervar-jones.com

Attorney for Defendant
BARBARA WILLIAMS


Defendant to be served by First Class Mail on November 16, 2018:

Anthony T. Williams
Register No. 05963-122
Inmate Mail
FDC Honolulu
PO Box 30080
Honolulu, HI 96820

DATED:  November 15, 2018, at Honolulu, Hawaii.

*/s/ Gregg Paris Yates*
U.S. Attorney's Office
District of Hawaii