IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 17-00101 LEK |
| Plaintiff, | ) | |
| vs. | ) | |
| ANTHONY WILLIAMS, | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S FIFTH MOTION FOR
ORDER TO SHOW CAUSE AND REQUEST FOR EXPEDITED HEARING**

Before the Court is pro se Defendant Anthony T. Williams's ("Defendant") Fifth Motion for Order to Show Cause and Request for Expedited Hearing ("Fifth OSC Motion"), filed on August 28, 2018. [Dkt. no. 307.] Plaintiff the United States of America ("the Government") filed its memorandum in opposition to the Fifth OSC Motion ("Fifth OSC Motion Opposition") on September 27, 2018. [Dkt. no. 323.] The Court finds this matter suitable for disposition without a hearing, Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). Defendant's Fifth OSC Motion is denied, for the reasons set forth below.

**BACKGROUND**

On February 15, 2017, Defendant was indicted for eleven counts of wire fraud, in violation of 18 U.S.C. § 1343, and nineteen counts of mail fraud, in violation of 18 U.S.C. § 1341. [Indictment (dkt. no. 1).] On March 28, 2018, a Superseding

Indictment was filed, charging Defendant with fifteen counts of wire fraud and seventeen counts of mail fraud. [Dkt. no. 154.] At all times relevant to the Fifth OSC Motion, Defendant has been in custody at the Federal Detention Center – Honolulu ("FDC Honolulu").

On June 30, 2018, Defendant filed a "Fourth Motion for Order to Show Cause and Request for Expedited Hearing" ("Fourth OSC Motion"). [Dkt. no. 287.] On July 25, 2018, the magistrate judge filed an order denying the Fourth OSC Motion ("7/25/18 Order"). [Dkt. no. 297.] The factual and procedural background of the Fourth OSC Motion is set forth in the 7/25/18 Order and will not be repeated here. In general, the Fourth OSC Motion arose from the following incidents: 1) the lined writing paper and manila folders that Mr. Isaacson mailed to Defendant were returned to Mr. Isaacson by the Bureau of Prisons ("BOP"); and 2) after returning to the FDC Honolulu general population following confinement in the Special Housing Unit ("SHU"), Defendant was denied access to the computer disks containing the discovery the Government has produced in this case ("Discovery Disks"). The Fourth OSC Motion sought "an order to show cause against the Bureau of Prisons/FDC Honolulu for violation of [Defendant's] civil rights and interfering with his ability to defend himself." [Fourth OSC Motion at 1.]

2

In the 7/25/18 Order, the magistrate judge denied the Fourth OSC Motion, but ordered the BOP to: 1) upon Defendant's email request for each day, provide Defendant access to the Discovery Disks; and 2) upon Defendant's email request, provide Defendant with reasonable access to lined writing paper and folders. The magistrate judge ordered the BOP to make reasonable accommodations necessary to allow Defendant to view the Discovery Disks for at least two consecutive hours per day. On August 3, 2018, Defendant filed an appeal of the 7/25/18 Order, which this Court denied in an order issued on October 3, 2018 ("10/3/18 Order"). [Dkt. nos. 300, 347.]

On August 2, 2018, *i.e.*, after the 7/25/18 Order was issued, Defendant informed Mr. Isaacson that he wanted to keep a printed copy of all of his discovery in his cell for trial preparation purposes. Mr. Isaacson states there are approximately 53,000 pages of discovery. [Fifth OSC Motion, Decl. of Counsel at ¶ 2.] Defendant told Mr. Isaacson the printed copy was necessary because of the limited amount of time each day he now has to review the Discovery Disks. [Id. at ¶ 4.] On August 2, 2018, Mr. Isaacson sent a letter to Timothy Rodriguez, Esq., a BOP attorney, regarding Defendant's request ("8/2/18 Letter"). Mr. Isaacson asked Mr. Rodriguez to clarify how much paper Defendant would be allowed to keep in his cell.

Mr. Isaacson did not receive a response to the letter. [Id. at ¶ 3 & Exh. A (8/2/18 Letter).]

The Government apparently disputes that there was no response to the 8/2/18 Letter. See Fifth OSC Motion Opp. at 2 ("Defendant claims that this letter went unanswered."). However, The Government appears to concede that Defendant's request to retain a printed copy of his discovery materials has been denied. The Government argues the Fifth OSC Motion should be denied because: 1) Defendant has not shown he has been injured by the lack of a printed copy of his discovery; and 2) this Court should not consider Defendant's request because he did not exhaust the administrative grievance procedures before raising the issue before this Court.

**DISCUSSION**

This Court declines to address the merits of the Government's exhaustion argument because, even if Defendant properly exhausted his administrative remedies, his request must be denied. This Court has set forth the applicable standard on multiple occasions. In considering the Fifth OSC Motion, "'this Court need only determine whether Defendant is being provided with the constitutionally required access to the resources necessary to prepare his defense.'" See 10/3/18 Order at 6 (quoting Order Denying Defendant's "Motion for Injunction Against FDC for Retaliation," filed 10/2/18 (dkt. no. 346) ("10/2/18

Order"), at 7) (citing 10/2/18 Order at 6-7 (quoting United States v. Robinson, 913 F.2d 712, 717 (9th Cir. 1990))).

The crux of the Fifth OSC Motion is that Defendant should be allowed to retain a printed copy of all of his discovery in his cell because the time he is allowed to review the Discovery Disks is insufficient. This Court has already concluded that "Defendant is being provided with reasonable access to the Discovery Disks in light of the competing penological considerations presented by his confinement." [10/3/18 Order at 7.] Defendant has not identified any specific harm he has suffered either because of the time parameters established for his viewing of the Discovery Disks or because of his inability to retain a printed copy of his discovery in his cell. Further, he has already had a significant amount of time to review the discovery in this case. [Id. (citing Gov't response to Fourth OSC Motion, filed 7/17/18 (dkt. no. 292), Decl. of AnneElizabeth W. Card, PhD, at ¶ 12 (stating that Defendant had the Discovery Disks for use at a computer terminal for sixty-one hours from May 8 to June 29, 2018)).] However, as noted in the 10/3/18 Order, this analysis may change if further discovery is produced in this case that Defendant has not yet had the opportunity to review. In light of the fact that Defendant already has reasonable access to the Discovery Disks, he is not entitled to retain a printed copy of his discovery in his cell.

5

## CONCLUSION

On the basis of the foregoing, Defendant's Fifth Motion for Order to Show Cause and Request for Expedited Hearing, filed August 28, 2018, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 21, 2018.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**USA VS. ANTHONY T. WILLIAMS; CR 17-00101(01) LEK; ORDER DENYING DEFENDANT'S FIFTH MOTION FOR ORDER TO SHOW CAUSE AND REQUEST FOR EXPEDITED HEARING**