KENJI M. PRICE #10523
United States Attorney
District of Hawaii

RONALD G. JOHNSON #4532
GREGG PARIS YATES #8225
Assistant United States Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Fax:       (808) 541-2958
E-Mail:    Ron.Johnson@usdoj.gov
           Gregg.Yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ANTHONY T. WILLIAMS,<br><br>    Defendant. | CR. NO. 17-00101 LEK<br><br>UNITED STATES'S RESPONSE TO DEFENDANT'S SIXTH MOTION FOR ORDER TO SHOW CAUSE AND REQUEST FOR EXPEDITED HEARING; CERTIFICATE OF SERVICE |

UNITED STATES'S RESPONSE TO DEFENDANT'S FIFTH MOTION FOR
ORDER TO SHOW CAUSE AND REQUEST FOR EXPEDITED HEARING

The government respectfully submits this brief in response to Defendant

Anthony T. Williams's (Defendant) Sixth Motion for Order to Show Cause and

Request for Expedited Hearing (6th OSC Motion).  Defendant's moves the Court for an Order requiring the Bureau of Prisons (BOP) Federal Detention Center, Honolulu (FDC Honolulu) to permit him "to give to his standby counsel items to place in the U.S. Mail."  6th OSC Mot. 1, ECF No. 375 at 1.  Defendant claims that "items that he has attempted to mail to [his standby counsel] and others have not been delivered, and he believes that his outgoing mail is being interfered with by FDC Honolulu staff members."  Declaration of Counsel (Counsel. Decl.) ¶ 2, ECF No. 375-1 at 1.

The motion should be denied.  As with prior motions, the gravamen of Defendant's motion is a request for court intervention into Bureau of Prisons (BOP) operations.  Just as this Court has ruled earlier, however, Defendant must first follow the grievance procedures of the BOP before raising this issue to the Court's attention.  Because Defendant has failed to do so, the motion should be denied.  In any event, as a practical matter, this motion is unnecessary to the BOP's existing policies appear to permit Defendant to deliver items to his own counsel.

I.    Defendant Has Failed To Follow BOP's
      Grievance Procedures Relating To His Claim

The 6th OSC Motion should be denied because Defendant has failed to initiate or follow the BOP's grievance procedures.  At heart, the 6th OSC Motion impermissibly seeks an Order from this Court requiring that the BOP to permit Defendant a privilege.

Essentially, therefore, the 6th OSC Motion challenges the conditions of Defendant's confinement in a manner similar to motions that this Court has rejected in the past. *See* March 7, 2018 Order Denying (1) Motion for Order to Show Cause, and (2) Ex Parte Application and Motion for Funds to Purchase Legal Supplies. ECF No. 132. Just as this Court has ruled upon those motions, *see id.*, Defendant must exhaust his administrative remedies with respect to challenges to the conditions of his confinement before approaching the Court.

Defendant has failed to exhaust his administrative remedies here. "The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law." *Woodford v. Ngo*, 468 U.S. 81, 88 (2006) (quoting *McKart v. United States*, 395 U.S. 185, 193 (1969)). "The doctrine provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *McKart*, 395 U.S. at 193 (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50, 51 (1938)).

Here, as with his previous motion for funds to pay for legal supplies, *see* ECF No. 132, Defendant has failed to show that he has exhausted the available administrative remedies with the BOP. To exhaust his administrative remedies, Defendant must proceed through the Administrative Remedy Program. *See* 28 C.F.R. §§ 542.10-542.19; Bureau of Prisons Program Statement on Administrative

Remedy Program, Jan. 6, 2014 *avail. at*

https://www.bop.gov/policy/progstat/1330_018.pdf.

      This Court previously outlined the BOP grievance process in its March 7, 2018 Order, ECF No. 132 at 4-5.  Under the BOP grievance process, the inmate must first seek informal resolution of the issue of concern at his institution of confinement, the Federal Detention Center, Honolulu.  *Id.* § 542.13.  If no informal resolution is reached, the inmate must file a formal request (BP-9) with the Warden.  *Id.* § 542.14.  If the Warden denies the remedy, the inmate may appeal first to the Regional Director (BP-10), within 20 days of receiving the Warden's response, and thereafter to the General Counsel in Washington, D.C. (BP-11), within 30 days of receiving the Regional Director's response.  *Id.* § 542.15.  Administrative exhaustion does not take place until a final decision is received from the Office of General Counsel, or until a response is not forthcoming within the time allotted for reply.  *Id.* §§ 542.15(a); 542.18.

      Defendant's current motion makes no showing that Defendant exhausted his administrative remedies and the BOP can confirm that he has not.  Rather, the motion merely attaches the declaration of Defendant's standby counsel Lars Isaacson to explain that items that Defendant "has attempted to mail to me and others have not been delivered and [Defendant] believes that his outgoing mail is being interfered with by FDC Honolulu staff members."  Def. 6th OSC Mot. Exh.

A at 1, ECF No. 375-1.  Mr. Isaacson then continues that "Mr. Williams has asked me to request this Court to enter an order that would allow him to provide me with items for mailing in regard to his defense of these charges and other legal matters that he is pursuing."  *Id.* at Exh. A. at 2.

Both Defendant and Mr. Isaacson have been on notice since March 7, 2018 that they are required to exhaust Defendant's administrative remedies before seeking redress from this Court.  ECF No. 132.  Because Defendant has failed to do so, the motion should be denied.  Should Defendant wish to have any accommodation or relief from BOP's rules, he must make this request to the BOP and, if denied, he must utilize the BOP grievance procedures, as described above.

II.     Defendant Has The Ability To Hand Deliver
        <u>Items To His Standby Counsel During Visitation</u>

This Court should also not grant Defendant's motion because it misrepresents BOP's policies and appears to be unnecessary.  Mr. Isaacson claims that Defendant asked him to file this motion because Defendant claimed that "his outgoing mail is being interfered with by FDC Honolulu staff members."  6th OSC Motion Exh. A at 1, ECF No. 375-1.

As an initial matter, it should be noted that, contrary to Defendant's assertion, BOP has no record of intercepting Defendant's outgoing mail to Mr. Isaacson.  Indeed, according to the BOP's rules, outgoing "special mail," which includes attorney client communications, is not searched outside the presence of

5

the inmate, but is rather "subject to scanning, by electronic means including but not limited to x-ray, metal detector, and ion spectrometry devices." *See* Para. 3.9 In/Out Processing Requirements for Special and Legal Mail, BOP Mail Management Policy, [https://www.bop.gov/policy/progstat/5800_016.pdf](https://www.bop.gov/policy/progstat/5800_016.pdf). Such scanning is "for the sole purpose of identifying harmful materials, and cannot be used to read or review the content of outgoing special mail communication." *Id.*

Thus, this Court's intervention and Defendant's requested relief is unnecessary. Pursuant to the BOP's mailing procedures, Defendant may mail items to his standby counsel. Alternatively, Defendant may physically provide his standby counsel with mail or other documentation by physically delivering these items to his standby counsel during any visitation.

## CONCLUSION

For the reasons above, the government respectfully requests that the Court deny the Defendant's 6th OSC Motion.

DATED: November 21, 2018, at Honolulu, Hawaii.

    KENJI M. PRICE
    United States Attorney
    District of Hawaii


    By */s/ Gregg Paris Yates*
      GREGG PARIS YATES
      Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

Served Electronically through CM/ECF:

Lars Isaacson, Esq.
hawaii.defender@earthlink.net

Attorney for Defendant
ANTHONY T. WILLIAMS

Served by Certified Mail:

Anthony T. Williams
Register No. 05963-122
Inmate Mail
FDC Honolulu
PO Box 30080
Honolulu, HI 96820

DATED: November 21, 2018, at Honolulu, Hawaii.

/s/ Melena Malunao
U.S. Attorney's Office
District of Hawaii