IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>ANTHONY T. WILLIAMS (1),<br><br>　　　　　　Defendant. | CR NO. 17-00101 LEK<br><br>ORDER DENYING DEFENDANT'S MOTION FOR ORDER OF CONTEMPT AGAINST THE FEDERAL BUREAU OF INVESTIGATION<br><br><br>Trial:  None set |

ORDER DENYING DEFENDANT'S MOTION FOR ORDER OF
CONTEMPT AGAINST THE FEDERAL BUREAU OF INVESTIGATION

　　　This matter comes before the Court upon consideration of Defendant Anthony Williams's ("Defendant") Motion for Order of Contempt Against the Federal Bureau of Investigation ("Motion").  ECF No. 363.  The United States of America ("Government") responded to and opposes the Motion.  *See* ECF No. 387. Having considered the parties' pleadings, relevant legal authority, and having had the benefit of oral argument, the Court HEREBY DENIES the Motion.

BACKGROUND

On February 22, 2018, the clerk issued a subpoena to Defendant for service to the "Custodian of Records, Federal Bureau of Investigation, 91-1300 Enterprise Street, Kapolei, HI 96707." ECF No. 363-2. The subpoena sought eight categories of documents:

1) All the letters and documents sent to (or by) the FBI by (or to) Anthony T. Williams concerning himself, the (CLOA) Common Law Office of America or United States Office of the Private Attorney General (USOPAG) concerning Mr. Williams' business practices, including but not limited to information indicating that nothing fraudulent was done nor intended by Mr. Williams or CLOA, USOPAG and MEI [Mortgage Enterprise Investments].

2) Internal memos about Mr. Williams, including records regarding [sic] contained in cell phones, laptops and computers.

3) Memoranda, notifications, policies, training program materials, rules and other writings or directives in effect during February 15, 2017, describing the practices or procedures to be used when investigating persons suspected of mail and wire fraud.

4) All letters and documents from the Federal Bureau of Investigation addressed to CLOA [Common Law Office of America], USOPAG [United States Office of the Private Attorney General], and MEI [Mortgage Enterprise Investments] and Anthony T. Williams.

5) Any secret wire taps, audio or videos recordings of Anthony T. Williams and employees of CLOA [Common Law Office of America], USOPAG [United States Office of the Private Attorney General], and MEI [Mortgage Enterprise Investments].

6) These records are specifically requested from the FBI main and field offices in:
    a. Washington, D.C.
    b. Miami, Florida

      c. Honolulu, Hawaii
      d. Killeen, Texas
      e. Nashville, Tennessee

7) Records of FBI Agent Jamie Lynn Stranahan, Miami, Florida:
      a. Records of Anthony T. Williams visiting the FBI offices, and complaints made by Mr. Anthony T. Williams.
8) Records of FBI Agent Joseph Lavelle, Miami, Florida.
      a. Records of Anthony T. Williams being the subject of investigation and any complaints from consumers against Mr. Williams for fraud.

*Id.* Following service of the subpoena, the Federal Bureau of Investigation ("FBI") attempted to engage Defendant's standby counsel, Lars Isaacson, regarding the records sought by the subpoena. ECF No. 380-1. The Government asserts that while it was meeting and conferring with Mr. Isaacson and making its document production, Defendant filed the instant Motion.

## DISCUSSION

Rule 17(c) of the Federal Rules of Criminal Procedure provides a process through which federal courts can issue subpoenas *duces tecum* for the production of evidence before trial. Where evidence relevant to guilt or punishment is in a third party's possession and is necessary for the defendant to adequately review prior to trial, pre-trial production through Rule 17(c) is necessary to preserve the defendant's constitutional right to obtain and effectively use such evidence at trial. *See United States v. Murray*, 297 F.2d 812, 821 (2d Cir. 1962) (holding that Rule 17(c) permits pretrial production if it is necessary for the moving party to use the

material as evidence at trial), *cert. denied*, 369 U.S. 828 (1962).  Accordingly, a party may subpoena a witness to compel the production of "any books, papers, documents, data, or other objects the subpoena designates."  Fed. R. Crim. P. 17(c).

Rule 17(c) also authorizes a federal district court to "quash or modify the subpoena if compliance would be unreasonable or oppressive."  Nevertheless, it is well settled that Rule 17(c) is "not intended to provide a means of discovery for criminal cases."  *United States v. Nixon*, 418 U.S. 683, 698 (1974).  Rule 17(c) subpoenas are intended to "expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials."  *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951).  Should the recipient of a subpoena, "without adequate excuse, disobey[] a subpoena issued by a federal court in that district," the court may hold that recipient in contempt.  Fed. R. Crim. Proc. 17(g).  For a recipient to be held in contempt, however, the subpoena must be valid in its entirety.  *Bowman Dairy Co.*, 341 U.S. at 221; *In re Grand Jury Subpoena*, 829 F.2d 1291, 1293 (4th Cir. 1987).

In *Nixon*, the Supreme Court held that pretrial production pursuant to Rule 17(c) is only appropriate where it is shown that:  (1) the documents are evidentiary and relevant; (2) they are not otherwise procurable, with due diligence, in advance of trial; (3) the party cannot properly prepare for trial without such production and

4

inspection in advance of trial; and (4) the application was made in good faith and is not a fishing expedition.  418 U.S. at 699.  The decision whether to issue or enforce a subpoena is left to the discretion of the district court.  *Id.* at 702 ("Enforcement of a pretrial subpoena duces tecum must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues.").

Here, Defendant fails to demonstrate the relevancy, admissibility or specificity of the broad categories of the documents sought.  *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984) ("[Rule] 17(c) requires a showing of relevancy, admissibility, and specificity to support the issuance of a subpoena duces tecum."). In fact, Defendant is not seeking specific, relevant and admissible documents, but is instead trying to obtain entire files of documents from six different FBI offices. Rule 17(c), though, was not intended as a discovery device, or to "allow a blind fishing expedition seeking unknown evidence."  *United States v. MacKey*, 647 F.2d 898, 901 (9th Cir. 1981).  Likewise, a defendant's "mere hope" that the documents will produce favorable evidence will not support the issuance of a subpoena.  *United States v. Hang*, 75 F.3d 1275, 1283 (8th Cir. 1996).

The Court finds that Defendant is improperly attempting to obtain broad discovery from the Government with a subpoena.  The Court therefore DENIES

Defendant's October 29, 2018 Motion for Order of Contempt Against the Federal Bureau of Investigation.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaiʻi, November 23, 2018.



    /S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

*United States v. Williams*, CR NO. 17-00101 LEK; ORDER DENYING DEFENDANT'S MOTION FOR ORDER OF CONTEMPT AGAINST THE FEDERAL BUREAU OF INVESTIGATION