KENJI M. PRICE                    #10523
United States Attorney
District of Hawaii

RONALD G. JOHNSON        #4532
GREGG PARIS YATES         #8225
Assistant United States Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Fax:            (808) 541-2958
E-Mail:       Ron.Johnson@usdoj.gov
                   Gregg.Yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) CR. NO. 17-00101 LEK |
|---|---|
| Plaintiff, | ) |
| | ) UNITED STATES'S RESPONSE TO |
| | ) DEFENDANT'S MOTION TO |
| vs. | ) RECONSIDER; CERTIFICATE OF |
| | ) SERVICE |
| ANTHONY T. WILLIAMS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

UNITED STATES'S RESPONSE TO
<u>DEFENDANT'S MOTION TO RECONSIDER</u>

The government respectfully submits this response to Defendant Anthony T.

Williams's Motion to Reconsider 11/26/18 EO Denying: Defendant's Motion to

Case 1:17-cr-00101-LEK   Document 408   Filed 01/10/19   Page 1 of 9   PageID #: 3659

Sever Trial (Docket #365); Defendant's Motion for Order of Contempt Against the Illinois Anti-Predatory Lending Database (Docket #349); Defendant's Motion for Order of Contempt Against the Orange County (CA) District Attorney's Office (Docket #357); Defendant's Motion for Order of Contempt Against the Broward County (FL) Sheriff's Office (Docket #361)" (Motion to Reconsider).  The defendant effectively argues that he has been deprived of a hearing because the U.S. Marshals Service (Marshals Service) failed to transport him to this Court within a reasonable time prior to his November 26, 2018 hearing.  However, the defendant waived his hearing when he declined transportation from the Marshals Service earlier in the day.  The motion should be denied.

## BACKGROUND

The Court set a hearing upon a variety of the defendant's motions for November 26, 2018, at 2:00 p.m.  ECF Nos. 366, 367, 368, and 369.

The Marshals Service transports inmates who are in the custody of the Bureau of Prisons from the Federal Detention Center (FDC) to the Court for their appearances.  Declaration of Thomas Decker (Decker Decl.) ¶¶ 1-3.  The typical practice of the Marshals Service is to make a single trip to FDC to pick up all inmates who are due to appear before the Court on that day.  *Id.* ¶ 3.  If there are multiple inmates scheduled to appear before the Court, the Marshals Service will pick up all such inmates prior to the earliest hearing scheduled for an inmate.  *Id.*

If the earliest hearing scheduled for any inmate on a particular day is in the morning, the Marshals Service will pick up all inmates in the morning prior to the first scheduled hearing.  *Id.*

On a typical weekday, the Court sends to FDC a list of names of inmates who are scheduled to appear before the Court the following day, together with the time they are to be picked up at FDC.  *Id.* ¶ 2.  On the morning of November 26, 2018, the housing unit officer in the housing unit where the defendant was housed at FDC received the Court list and announced to the housing unit the names of the inmates who were due at the Receiving and Discharge area that morning for transport to the Court. Declaration of Sam Gonzalez ¶ 4.  At about 7:00 a.m., the housing unit officer announced the defendant's name to give him notice of his court appearance, and the defendant acknowledged the officer.  *Id.*

At about 8:00 a.m., the housing unit officer approached the defendant to escort him to the Receiving and Discharge area, and notified him that he needed to leave for court in thirty minutes.  *Id.* ¶ 5.  The defendant declined to come with the officer, and explained "my court is not at 8:30 a.m. They are going to have me wait there for several hours because [my hearing is] not going to be until two in the afternoon."  *Id.* ¶ 6.  The officer then asked the defendant to confirm that he was refusing to be transported to Court, and the defendant did so.  *Id.* ¶ 7.  The officer

than reported the defendant's refusal to his supervisor, who informed the Marshals Service. *Id.* ¶ 8.

## ARGUMENT

I. <u>Legal Standard</u>

The Federal Rules of Criminal Procedure do not expressly authorize motions for reconsideration. However, the Ninth Circuit has approved of motions for reconsideration in criminal cases. *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000) ("As the Second Circuit has noted . . . , post-judgment motions for reconsideration may be filed in criminal cases."). This Court has recognized motions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings. *United States v. Hee*, 2015 U.S. Dist. LEXIS 145406 *31 (D. Hawaii 2015).

Local Rule 60.1 of the Civil Local Rules of Practice for the District of Hawaii sets forth the standards for reconsideration:

> Motions seeking reconsideration of case-dispositive orders shall be governed by Fed. R. Civ. P. 59 or 60, as applicable. Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:
>
> (a) Discovery of new material facts not previously available;
>
> (b) Intervening change in law;
>
> (c) Manifest error of law or fact.

The court's orders denying the defendant's motions seeking contempt orders against third-party entities and defendant's motion to sever the trials of the defendants in this action are not case-dispositive, and are therefore interlocutory.

The defendant, however, does not challenge the Court's orders based upon any of these cognizable grounds. Rather, the defendant claims that he has been deprived of a hearing upon his motions because he was not timely transported to the Court in advance of his November 26, 2018 hearing. Declaration of Anthony Williams (Williams Decl.) in Support of Motion to Reconsider 1-2, ECF No. 395-2 ("The declarant was never taken to the hearing . . . . The PD office notified the court of the situation and yet the court went forward with the hearing and denied the motion without the declarant being present to argue.").

## II. Defendant Waived His Hearing By Refusing To Be Transported To The Courthouse On November 26, 2018

The defendant's motion should denied; the defendant was not deprived of a hearing upon his motions. This Court set a November 26, 2018 hearing date and the defendant had notice of the hearing. The defendant admits these facts. Williams Decl. 1. Moreover, the Marshals Service came to the FDC on November 26, 2018 to transport the defendant to the hearing, and the defendant declined. The defendant also admits these facts. *Id.* 1-2. Refusal to attend an evidentiary hearing after notice of the hearing constitutes a waiver of an opportunity for the hearing. *Hoye v. Sullivan*, 985 F.2d 990, 991 (9th Cir. 1992) (disability insurance context).

The defendant effectively argues that his refusal to accompany the Marshals Service to Court on November 26, 2018 is not a waiver of his hearing because he was prepared to be transported later that day.  Gonzalez Decl. ¶ 8.  As noted by the FDC housing unit officer, the defendant refused to be transported in the morning because he did not want to "wait there [in a holding cell at the courthouse] for several hours." *Id.* ¶ 6.  However, the defendant, an incarcerated inmate at FDC, does not have the option for transportation to the Court at any time of his choosing.  Decker Decl. ¶¶ 4-5.  The Marshals Service is under no obligation to return later in the day to transport him closer to the time of his hearing.  The defendant's claim that, after he refused transport to the Court in the morning, "the lady that declarant spoke to" at the U.S. Federal Public Defender's Office "said that the Marshals should be there to take declarant to the hearing" does not affect his rights in any way.  Williams Decl. ¶ 8.

In light of the foregoing, the defendant's decision to refuse transportation to the courthouse in the morning on November 26, 2018 should be considered a waiver of his right to a hearing upon his motions.

III.  The Defendant's Refusal To Appear At Court
      <u>Was Not Result of Mistake Or Excusable Neglect</u>

Any suggestion that the defendant's absence from the November 26, 2018 hearing is the result of mistake or excusable neglect should be rejected.  The docket for this matter demonstrates that the defendant is quite familiar with Court

transportation procedures and that he has demonstrated a willingness to decline to appear at Court in the past.  In part because of his aggressive litigation strategy, which involved approximately 62 motions to date, the defendant has been called to appear before this Court *eleven* times.  Before the November 26 hearing, the defendant had been transported by the Marshals Service from FDC to the Court no fewer than eight times.  ECF Nos. 30, 35, 184, 214, 235, 295, 354, and 385.  Moreover, the defendant has twice refused to be transported by the Marshals Service to the Court, and therefore, declined to appear before the Court.  ECF Nos. 7, 194.  The defendant's refusal to be transported to his hearing on November 26, 2018 was his third refusal, and it was no mistake.

In any event, even if the defendant believed that he should not have to "wait there [in a holding cell at the courthouse] for several hours," and that the Marshals Service should have returned to transport him to the Court at his demand at a time closer to his hearing, this belief was not reasonable.  The defendant is in pretrial detention in the custody of the Bureau of Prisons and subject to the restrictions upon his liberty at the FDC.  His refusal to appear at his hearing on November 26, 2018 should not be excused.  Thus, the defendant waived his opportunity for a hearing on his motions on November 26, 2018.

In light of the foregoing, the government respectfully opposes the Defendant's Motion to Reconsider.

DATED: January 10, 2019, at Honolulu, Hawaii.

        KENJI M. PRICE
        United States Attorney
        District of Hawaii


By */s/ Gregg Paris Yates*
   GREGG PARIS YATES
   Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

Served Electronically through CM/ECF:

Lars Isaacson, Esq.
hawaii.defender@earthlink.net

Attorney for Defendant
ANTHONY T. WILLIAMS

To be served via First Class Mail on or by January 15, 2019:

Anthony T. Williams
Register No. 05963-122
Inmate Mail
FDC Honolulu
PO Box 30080
Honolulu, HI 96820

DATED: January 10, 2019, at Honolulu, Hawaii.

/s/ Melena Malunao
U.S. Attorney's Office
District of Hawaii