KENJI M. PRICE #10523
United States Attorney
District of Hawaii

RONALD G. JOHNSON #4532
GREGG PARIS YATES #8225
Assistant United States Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Fax: (808) 541-2958
E-Mail: Ron.Johnson@usdoj.gov
Gregg.Yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 17-00101 LEK |
| Plaintiff, | UNITED STATES'S RESPONSE TO DEFENDANT'S MOTION FOR RETURN OF PROPERTY; CERTIFICATE OF SERVICE |
| vs. | |
| ANTHONY T. WILLIAMS, | |
| Defendant. | |

UNITED STATES'S RESPONSE TO
DEFENDANT'S MOTION FOR RETURN OF PROPERTY

Pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure (Fed. R.

Crim. Proc.), the government respectfully responds to Defendant's Motion for

Return of Property. In short, Defendant seeks the return of "all property that is not contraband," in particular his "iphones, scanners, printers, computers, laptops, music cd's, audio cd's of religious lectures, dvd's of religious lectures, file cabinets, client files, personal files, business files and a plethora of miscellaneous office equipment, supplies and items." Motion for Return of Property Exh. A (Williams Mem. Pts. Auth.) at 1, ECF No. 398-2. Defendant argues that he is entitled to the return of the seized items because: (1) they are "not relevant to the instant charges and the government has no need or compelling interest to continue to hold [his] personal property," and because (2) he "has not be[en] indicted." *Id.*

The defendant's motion is baseless and must be denied: contrary to the defendant's assertion otherwise, a Federal grand jury has returned both an Indictment and Superseding Indictment against the defendant based upon investigations by the Federal Bureau of Investigations (FBI). The FBI seized the paper, digital, and physical evidence in connection with its investigations into the mortgage fraud scheme or artifice perpetrated by the defendant and his company, first in Miami, Florida and then in Honolulu, Hawaii. The latter investigation gave rise to this prosecution, and evidence from both investigations is relevant to it.

## BACKGROUND

On November 8, 2015, Anthony Williams was arrested by the Broward County Sheriff's Department in Miami, Florida pursuant to a Florida state arrest warrant as he disembarked from an airplane. As relevant to this motion, at the time of his arrest, a law enforcement officer seized from the defendant's person two iPhone cellular telephones, a laptop computer, three storage drives, and a black CD case containing 46 CDs. These items were turned over to the FBI on November 24, 2015, and logged into evidence.

Based upon that investigation, prosecutors in Florida charged the defendant in the Broward County Circuit Court with four counts of Florida state violations relating to mortgage fraud, including one count of grand theft against Bank of America. Memorandum in Opposition to Motion to Dismiss Exh. 1, ECF No. 309-1 (Broward County Circuit Court Warrant to Arrest). The defendant was convicted, and judgment entered on June 23, 2017. Mem. In Supp. Mot. Detain Def. Without Bail Exh. A, ECF No. 34-1 (June 23, 2017 Judgment). As a result of that prosecution and conviction, the FBI discontinued its Miami investigation.

On December 15, 2015, FBI agents executed search warrants on two houses in the District of Hawaii owned by co-defendant Anabel Cabebe. Defendant Anthony Williams operated his company, Mortgage Enterprises, Inc., at one of the houses on 1604 Democrat Street. During these operations, FBI agents seized one

laptop computer and two phones belonging to co-defendant Cabebe, two older flip-phones and two computer peripherals belonging to Anthony Williams, and one desktop computer belonging to a third-party.  A Federal grand jury returned an indictment against defendant Antony Williams on February 15, 2017.  ECF No. 1.

## ARGUMENT

I.      Legal Standard

Fed. R. Crim. Proc. Rule 41(g) governs the return of property seized pursuant to a warrant:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.  The motion must be filed in the district where the property was seized.  The court must receive evidence on any factual issue necessary to decide the motion.  If it grants the motion, the court must return to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

For the purposes of Rule 41(g), a "person aggrieved by an unlawful search or seizure" or "by the deprivation" of property is a person with a "proprietary or possessory interest in the seized property." *United States v. Colacurcio*, 499 F.2d 1401, 1406 (9th Cir. 1974), *citing Brown v. United States*, 411 U.S. 223 (1972).  The person from whom property is seized bears the burden to prove that s/he is entitled to lawful possession of the property. *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987).

Generally, a Rule 41(g) motion is properly denied "if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture, or the government's need for the property as evidence continues." *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993) (construing former Rule 41(e)). "[R]easonableness under all of the circumstances must be the test when a person seeks to obtain the return of property." Fed. R. Crim. P. 41(g) advisory committee's note to 1989 amendment. "[I]f the United States has a need for the property in an investigation or prosecution, its retention of property is generally reasonable." *Id.* Therefore, after indictment, an item of property should only be subject to Rule 41(g) if it is not pertinent to the ongoing prosecution.

II.  The Defendant Is Not Entitled To The Return Of Property Seized As Part Of The Investigation And That Is Relevant To This Prosecution

The defendant's motion should be denied because the evidence at issue was seized as part of an investigation and the evidence is relevant to an ongoing prosecution. The defendant has failed to meet his burden to show that he is entitled to the return of the subject property.

A.  The Evidence Seized In Miami Is Relevant To This Prosecution

The evidence in this case is relevant to the ongoing prosecution because it supports a single fraudulent scheme or artifice to defraud homeowners with mortgages on their homes and financial institutions, as shown by the attached exhibits. The evidence in this case was seized in connection with two parallel

5

investigations: (1) the FBI and the Broward County Sheriff's Department investigation in Miami, Florida, and (2) the FBI's investigation in Honolulu, Hawaii. The evidence seized in connection with the Hawaii investigation should not be at issue here, as the defendant appears to focus on property that was seized "prior to his arrest," which happened on November 8, 2015 in connection with the Miami investigation. Williams Mem. Pts. Auth. 1.

The evidence seized in the Miami investigation is relevant to the instant prosecution in the District of Hawaii because it shows that the defendant engaged in the same fraudulent scheme or artifice in Miami that he was in Honolulu. The Superseding Indictment alleged, among other things, the scheme supporting the mail and wire fraud charges:

> From in or about May 2013, to and including December 2016, Defendant, Anthony T. Williams, on behalf of MEI and CLOA, falsely told potential clients, that through MEI and CLOA, he could cut their mortgage balances by one-half, cut their monthly mortgage payments by one-half, and reduce the current mortgage loan pay-off terms by one-half. In truth and fact, MEI, Anthony T. Williams, and Barbara Williams, did not hold licenses or have the ability to provide a new mortgage, service a pre-existing mortgage, or provide loan modification services to the homeowners.

Superseding Indictment ¶ 12, ECF No. 154.

The attached documents show that the defendant Anthony Williams signed the same agreements to defraud mortgage-holding homeowners in Miami and

Honolulu. *Compare* Exhibit A at 1 ("MEI Homeowner Service Agreement," signed by Anthony Williams and Evelyn Subia, bearing State of Hawaii notary stamp), *with* Exhibit B at 1 ("Agreement," signed by Anthony Williams and Caridad Marquez, bearing Florida notary stamp). Both agreements make the same promise: "what Mortgage Enterprise Investments ("MEI") guarantees is the ability to file on my behalf, the ("Homeowner") and secure a Mortgage Service Payment ("MSP") fee that is half of what my current mortgage payment is." *Id.* Moreover, the homeowner victims sent their checks to the same address in Killeen, Texas. *Compare* Exhibit A at 2 (letter addressed to "Mortgage Enterprise Investments, P.O. Box 1215, Killeen, TX (76540)"), *with* Exhibit B at 2 (letter addressed to "MEI, P.O. Box 1215, Killeen, TX 76540").

The FBI initially took the position that its investigation in Miami was to be treated separately from its investigation in Honolulu, and the United States Attorney's Office for the Southern District of Florida considering prosecution of the defendant in their district. Accordingly, much of the evidence from the Miami investigation was not included in the initial discovery production in the case in this District because it was understood that Miami evidence would be produced to defendant in discovery in connection with a Federal prosecution in Miami. However, as the local prosecutor in Broward County pursued Florida state charges based upon the defendant's conduct in Miami, and the U.S. Attorney's Office for

7

this District brought Federal charges against the defendant in Hawaii, the U.S. Attorney's Office in Miami declined prosecution. This office was notified in approximately September of 2018. Because the evidence seized in Miami was no longer being produced to the defendant, the government has endeavored to collect the evidence from the FBI's Miami investigation and produce them to defendant in discovery in this proceeding.

Insofar as the defendant's conduct in Miami and Honolulu might be considered part of the same fraudulent scheme or artifice, it is relevant to the mail and wire fraud charges in the Superseding Indictment. As they are relevant to the Superseding Indictment, the seized items should not be returned to the defendant until the property in question is no longer needed for evidentiary purposes and the government no longer has any legitimate reason to retain the property. *Martinson*, 809 F.2d at 1369.

    B.  The Defendant's Motion Is Baseless

The defendant fails to meet his burden to prove that he is entitled to the return of property. The defendant's first premise that he has not been indicted is nonsensical. A Federal grand jury returned a thirty (30) count Indictment against him and co-defendant Anabel Cabebe on February 15, 2017. ECF No. 1. The defendant twice attempted to attack this Indictment and have it dismissed. ECF Nos. 37 and 38. Both times, the Court denied the defendant's motions. ECF No.

104. On March 28, 2018, the grand jury returned a thirty-two (32) count Superseding Indictment against the defendant Anthony Williams and co-defendant Cabebe, and joined co-defendant Barbara Williams. ECF No. 154. The defendant then moved to dismiss the Superseding Indictment. ECF No. 294. The Court denied the defendant's motion to dismiss. ECF No. 330. This prosecution is ongoing.

The defendant's second premise that the evidence seized by the FBI in Miami is unrelated to the FBI's investigation in Honolulu and the charges in the Superseding Indictment is similarly baseless. The defendant broadly demands "all property that is not contraband" and his "iphones, scanners, printers, computers, laptops, music cd's, audio cd's of religious lectures, dvd's of religious lectures, file cabinets, client files, personal files, business files and a plethora of miscellaneous office equipment, supplies and items." Williams Mem. Pts. Auth. at 1. The defendant's demand relies solely upon a conclusory declaration that "[n]one of these items are relevant to the instant charges." This does not meet the defendant's burden of proving his entitlement to the return of property. As noted above, the investigation into the defendant's mortgage fraud conduct in Florida is relevant to this prosecution because it represents the same fraudulent scheme or artifice as has been charged in the Superseding Indictment. The defendant possessed and utilized the computer and cellphone equipment that he wants returned during the time he

was conducting the fraudulent activity in both Miami and Honolulu, that is, the period covered by the Superseding Indictment. Accordingly, the equipment is relevant to this prosecution and should not be returned.

## CONCLUSION

In light of the foregoing, the government respectfully requests that Defendant's motion for return of property be denied.

DATED: January 17, 2019, at Honolulu, Hawaii.

                                    KENJI M. PRICE
                                    United States Attorney
                                    District of Hawaii


                                    By */s/ Gregg Paris Yates*
                                       GREGG PARIS YATES
                                       Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

Served Electronically through CM/ECF:

    Lars Isaacson, Esq.
    hawaii.defender@earthlink.net

    Attorney for Defendant
    ANTHONY T. WILLIAMS

    Michael Jay Green, Esq.
    michaeljgreen@hawaii.rr.com

    Attorney for Defendant
    ANABEL CABEBE

    Birney B. Bervar
    bbb@bervar-jones.com

    Attorney for Defendant
    BARBARA WILLIAMS

Defendant to be served by First Class Mail on or before January ____, 2019:

    Anthony T. Williams
    Register No. 05963-122
    Inmate Mail
    FDC Honolulu
    PO Box 30080
    Honolulu, HI 96820

DATED:  January 17, 2019, at Honolulu, Hawaii.

                                              */s/ Gregg Paris Yates*
                                              U.S. Attorney's Office
                                              District of Hawaii