IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR NO. 17-00101 LEK-KJM |
| | ) |
| Plaintiff, | ) ORDER DENYING DEFENDANT'S |
| | ) [398] MOTION FOR RETURN OF |
| vs. | ) PROPERTY |
| | ) |
| ANTHONY WILLIAMS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

ORDER DENYING DEFENDANT'S
[398] MOTION FOR RETURN OF PROPERTY

Defendant Anthony Williams ("Defendant") seeks the return of "all property that is not contraband," in particular, his "iphones, scanners, printers, computers, laptops, music cd's [sic], audio cd's [sic] of religious lectures, dvd's [sic] of religious lectures, file cabinets, client files, personal files, business files and a plethora of miscellaneous office equipment, supplies and items," in his December 17, 2018 Motion for Return of Property. ECF No. 398-2 at 2. Defendant argues that he is entitled to the return of these seized items because: (1) they are "not relevant to the instant charges and the government has no need or compelling interest to continue to hold [his] personal property"; and (2) he "has not be[en] indicted." *Id.*

Rule 41(g) of the Federal Rules of Criminal Procedure provides a mechanism by which any person may seek to recover property seized by federal agents. Pursuant to Rule 41(g):

> **Motion to Return Property.** A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

For the purposes of Rule 41(g), a "person aggrieved by an unlawful search or seizure" or "by the deprivation" of property, Fed. R. Crim. P. 41(g), is a person with a "proprietary or possessory interest in the seized property." *United States v. Colacurcio*, 499 F.2d 1401, 1406 (9th Cir. 1974) (citing *Brown v. United States*, 411 U.S. 223 (1972)). The person from whom property is seized bears the burden to prove that he is entitled to lawful possession of the property. *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987).

Generally, a Rule 41(g) motion is properly denied "if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture, or the government's need for the property as evidence continues." *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993) (construing former Rule 41(e)). A criminal defendant is presumed to have the right to the return of his property once the property is no longer needed as evidence, and the

burden of proof is on the government to show "that it has a legitimate reason to retain the property." *Id.* (quoting *Martinson,* 809 F.2d at 1369).  The government may meet its burden by demonstrating "a cognizable claim of ownership or right to possession adverse to that of [the defendant]." *Id.* (quoting *United States v. Palmer,* 565 F.2d 1063, 1065 (9th Cir. 1977)).  In that regard, "if the United States has a need for the property in an investigation or prosecution, its retention of property is generally reasonable."  Fed. R. Crim. P. 41(g) advisory committee's note to 1989 amendment.

At the hearing on this matter (which Defendant declined to attend), the United States of America ("Government") represented that any of the items it had been able to identify that might be deemed personal and unrelated to this case (music CDs, audio CDs of religious lectures, DVDs of religious lectures) have been produced to Defendant in discovery.  The Government deems the other categories Defendant has identified as necessary for its investigation and prosecution.

Accordingly, and based on the limited record before the Court, the Court finds that Defendant has not met his burden of establishing that he is entitled to lawful possession of the property he has identified.  The Court therefore DENIES the Motion for Return of Property.

IT IS SO ORDERED.

DATED: February 4, 2019, at Honolulu, Hawai'i.



Kenneth J. Mansfield
United States Magistrate Judge

CR NO. 17-00101 LEK-KJM; *USA v. Williams*; ORDER DENYING DEFENDANT'S [398] MOTION FOR RETURN OF PROPERTY