KENJI M. PRICE              #10523
United States Attorney
District of Hawaii

RONALD G. JOHNSON          #4532
GREGG PARIS YATES          #8225
Assistant United States Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
Fax:        (808) 541-2958
E-Mail:     Ron.Johnson@usdoj.gov
            Gregg.Yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00101 LEK |
| | ) | |
| Plaintiff, | ) | UNITED STATES' RESPONSE TO |
| | ) | DEFENDANT'S SEVENTH MOTION |
| vs. | ) | FOR ORDER TO SHOW CAUSE AND |
| | ) | REQUEST FOR EXPEDITED |
| ANTHONY T. WILLIAMS, | ) | HEARING; CERTIFICATE OF |
| | ) | SERVICE |
| Defendant. | ) | |
| | ) | |

UNITED STATES' RESPONSE TO
DEFENDANT'S SEVENTH MOTION FOR ORDER TO
SHOW CAUSE AND REQUEST FOR EXPEDITED HEARING

The government respectfully submits this brief in response to Defendant

Anthony T. Williams's (Defendant) Seventh Motion for Order to Show Cause and

Request for Expedited Hearing (7th OSC Motion).  The defendant's motion makes three unrelated requests: First, defendant objects to the decision by the Bureau of Prisons (BOP) Federal Detention Center, Honolulu (FDC) to move an e-discovery terminal from the law library on the second tier of the defendant's housing unit to its main floor, and requests that the "the e-discovery computer [be] placed back in the room that was provided for that purpose. . . ."  Declaration of Anthony Williams (Williams Decl.) in Support of the 7th OSC Mot. 4 at ¶ 30, ECF No. 418-2.  Second, in response to the decision of the FDC to give each inmate possession of his own discovery disks, the defendant asks this Court to reconsider its July 25, 2018 Order [ECF No. 297], which ensured the defendant a minimum of two hours of access to his discovery disks and the FDC e-discovery terminal per day.  *Id.* 4 at ¶ 30.  Third, the defendant "demands [this prosecution] to be moved from this district to another district where judges understand what fairness, equity, impartiality and prudence means regardless of how the[y] personally feel about a defendant."  *Id.* 4 at ¶ 32.

In earlier filings, the defendant complained about the very conditions that the FDC's recent changes have sought to address.  In any event, the Court need not sort through the defendant's ever-shifting demands:  as with prior motions, the gravamen of the defendant's motion is a request for court intervention into Bureau of Prisons (BOP) operations, this time with respect to the location of the housing

unit e-discovery terminal.  Just as this Court has ruled earlier, the defendant must first follow the grievance procedures of the BOP before raising an issue to the Court's attention.  Order Denying (1) Motion for Order to Show Cause, and (2) Ex Parte Application and Motion for Funds to Purchase Legal Supplies at Government's Expense 7, ECF No. 132 ("Williams needs to exhaust the administrative process regarding this issue before the Court is able to address it."); Order Denying Defendant's Sixth Motion for Order to Show Cause and Request for Expediting Hearing 2, ECF No. 389 ("Accordingly, because Defendant has not established that he has exhausted his administrative remedies, the Court DENIES the Motion.").  Because the defendant has failed to exhaust his administrative remedies, the motion should be denied.  Moreover, the defendant is not entitled to reconsideration of this Court's July 25, 2018 Order.  Finally, this matter should not be transferred because the defendant continues to perceive a bias or prejudice on the part of the Court; this issue has been fully briefed and decided.

## BACKGROUND

Prior to February 1, 2019, as noted in previous filings, the FDC had a policy in place whereby inmates in general population in Mr. Williams's housing unit had access to seven computer terminals on the main floor of the housing unit, one of which was dedicated to LexisNexis legal research access.  Declaration of AnnElizabeth Card in Support of Government's Response to 4th OSC Motion

3

¶¶ 11-15, ECF No. 292-1.  Inmates also had access to an e-discovery terminal, which was located on the second-tier of the housing unit, one flight of stairs away from the other terminals.  *Id.*  Each inmate's e-discovery was maintained by the FDC staff on compact disk (CD) format, and if an inmate wished to view e-discovery material, he would have to request the material from FDC staff.  *Id.* ¶ 15.

Recently, the FDC re-evaluated its policy in light of complaints from inmates, including the defendant.  Exhibit A (Declaration of K.G. Olson (Olson Decl.) ¶¶ 3-4).  After assessing the benefits and risks, and after consultation with other BOP facilities, the FDC adopted a new a policy to govern an inmate's access to e-discovery.  *Id.*  Pursuant to the new policy, inmates maintain their own e-discovery CDs, the FDC staff will no longer do so.  *Id.*  The FDC also moved the e-discovery terminal from the law library on the second tier of the defendant's housing unit down to the main housing unit floor.  Exh. A (Olson Decl ¶ 5).  The e-discovery terminal is situated in a carrel with dividers to ensure an inmate's privacy.  *Id.*

## LEGAL ARGUMENT

### I.   The Defendant's Claim Is Not Properly Before The Court

#### A. The Defendant Has Failed To Exhaust His Administrative Remedies Pursuant To The BOP's Grievance Procedures Relating To His Claim

The 7th OSC Motion should be denied because the defendant failed to follow and complete the BOP's grievance procedures.  The 7th OSC Motion

4

impermissibly challenges the conditions of the defendant's confinement in a manner similar to motions that this Court has rejected in the past. *See* March 7, 2018 Order Denying (1) Motion for Order to Show Cause, and (2) Ex Parte Application and Motion for Funds to Purchase Legal Supplies. ECF No. 132. Just as this Court has ruled upon those motions, *see id.*, the defendant must exhaust his administrative remedies with respect to challenges to the conditions of his confinement before approaching the Court.

The defendant has failed to exhaust his administrative remedies relating to this matter. "The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law." *Woodford v. Ngo*, 468 U.S. 81, 88 (2006) (*quoting McKart v. United States*, 395 U.S. 185, 193 (1969)). "The doctrine provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *McKart*, 395 U.S. at 193 (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50, 51 (1938)).

Here, as with his previous motion for funds to pay for legal supplies, *see* ECF No. 132, the defendant has failed to show that he has exhausted the available administrative remedies with the BOP. To exhaust his administrative remedies, the defendant must proceed through the Administrative Remedy Program. *See* 28 C.F.R. §§ 542.10-542.19; Bureau of Prisons Program Statement on Administrative

Remedy Program, Jan. 6, 2014 *avail. at*

https://www.bop.gov/policy/progstat/1330_018.pdf.

This Court previously outlined the BOP grievance process in its March 7, 2018 Order at 4-5, ECF No. 132.  Under the BOP grievance process, the inmate must first seek informal resolution of the issue of concern at his institution of confinement, the Federal Detention Center, Honolulu.  *Id.* § 542.13.  If no informal resolution is reached, the inmate must file a formal request (BP-9) with the Warden.  *Id.* § 542.14.  If the Warden denies the remedy, the inmate may appeal first to the Regional Director (BP-10), within 20 days of receiving the Warden's response, and thereafter to the General Counsel in Washington, D.C. (BP-11), within 30 days of receiving the Regional Director's response.  *Id.* § 542.15.  Administrative exhaustion does not take place until a final decision is received from the Office of General Counsel, or until a response is not forthcoming within the time allotted for reply.  *Id.* §§ 542.15(a); 542.18.

On January 31, 2019, after the defendant filed the instant motion, he submitted an administrative grievance with the FDC.  Exh. A (Olson Decl. ¶ 6). The process has begun, but the FDC has not yet been completed.  Both the defendant and his standby counsel, Lars Isaacson, Esq., have been on notice since March 7, 2018 that they are required to exhaust the defendant's administrative remedies before seeking redress from this Court.  ECF No. 132.  Because the

defendant has failed to do so, the motion should be denied.  Should the defendant
wish to have any accommodation or relief from BOP's rules, he must make this
request to the BOP and, if denied, he must utilize the BOP grievance procedures,
as described above.

> B.  The Defendant's Motion Complains About FDC
>     Policy Changes That The Defendant Had Previously Sought

In any event, the defendant's motion is disingenuous; the FDC's new e-
discovery storage policy and the newly-located e-discovery computer does not
restrict the defendant's the ability to view his discovery.  The FDC's policy
changes came about, in part, to respond to complaints about e-discovery access
raised by inmates, including the defendant.

As this Court will recall, the defendant complained about the FDC's prior
policies in his prior filings.  In his November 29, 2017 Motion to Compel, the
defendant complained that the LexisNexis research computer and the e-discovery
terminal were kept on different floors of his housing unit, which required him "to
leave the computer terminal and go down stairs to wait in line just to do legal
research."  Motion to Compel 1, ECF No. 65.  The new FDC policy consolidates
the e-discovery terminal and the LexisNexis legal research terminal on the same
floor, which addresses this concern.  Exh. A (Olson Decl. ¶ 4).

Second, the defendant filed a motion that argued that the failure by the FDC
to give him 24 hour access to his e-discovery CDs amounted to a constitutional

violation.  Exhibit A to Declaration of AnnElizabeth W. Card in Support of

Government's Response to 4th OSC Motion, (E-mail from Anthony Troy Williams

to Unit Manager Liason, FDC, dated 6/22/2018) ("If you can't understand that then

let me explain it another way. I need my discs 7 days a week, 30 to 31 days a

month, 365 days a year and 366 during leap year, this include[s] weekends,

holidays . . . ."), ECF No. 292-2 at 3; Declaration of Counsel in Support of

Defendant's Fourth Motion for Order to Show Cause (4th OSC Motion) ¶¶ 6-9

("The denial of  . . . Williams' access to discovery is troubling and raises issues of

due process and fair trial and is apparently a violation of Rule 16 of the Federal

Rules of Criminal Procedure."), ECF No. 287-1 at 3.  The Court, Magistrate Judge

Kurren, denied this motion in its July 25, 2018 Order in part because the FDC

offered the defendant constitutionally adequate access to his discovery.  ECF No.

297.  In any event, the new e-discovery policy effectively gives the defendant

round-the-clock possession of his e-discovery disks, as he originally demanded.

Exh. A (Olson Decl. ¶¶ 3-4).

　　　　The defendant is apparently not one to take yes for an answer, and has filed

the instant motion claiming that he is now being prejudiced by having the e-

discovery terminal located closer to him, and with greater access to his e-discovery

CDs.  Should the defendant seriously wish to pursue this claim, he must first

exhaust his administrative remedies.

### C. The Court Should Not Reconsider Its
### October 3, 2018 Order Affirming The July 25, 2018 Order

The defendant's request that he "needs an order vacating Judge Kurren's [July 25, 2018] order [ECF No. 297]" should be denied.  This Court has now twice ruled upon the defendant's underlying request, which pertains to access to his discovery disks.

By way of background: on June 30, 2018, the defendant filed a Fourth Motion for Order to Show Cause (4th OSC Motion) arguing, among other things, that he was being denied access to the discovery in this case.  Declaration of Counsel in Support of 4th OSC Motion ¶¶ 6-7, ECF No. 287-1.  The government responded that defendant had constitutionally adequate access to his discovery disks, and included lengthy declarations from FDC staff and attached e-mails written by the defendant that contradicted his claim that he was being denied access to his discovery, but instead demonstrated that his actual frustration was that he was actually seeking 24-hour access to his discovery upon demand.  Declaration of AnnElizabeth Card in Support of Government's Response to 4th OSC Motion ¶ 19, Exhibit A at 3, 4, ECF No. 292-1.  The Court, Magistrate Judge Barry M. Kurren, heard oral argument on the defendant's motion and issued a written order on July 25, 2018 denying the motion but holding the government to its representations to the Court regarding the defendant's access to discovery: in particular, the Court ordered that the BOP "is ordered to provide Defendant access

to the discovery disks from this prosecution, and make reasonable accommodations for Defendant to view the content of these disks, for two consecutive hours per day, at a minimum, for each day that Defendant requests access until Defendant's trial." July 25, 2018 Order 2, ECF No. 297.

On August 3, 2018, the defendant immediately appealed this order to Judge Kobayashi, pursuant to Criminal Local Rule 57.3(a) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii.  Appeal of Magistrate Judge Decision, ECF No. 300.  The government responded on August 21, 2019.  ECF No. 304.  On October 3, 2019, this Court denied the defendant's appeal as meritless.  October 3, 2018 Order 7, ECF No. 347.

In sum, this matter has been decided by the Court twice.  To the extent that this matter is to be treated as a motion for reconsideration of the Court's October 3, 2018 Order, *see United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000) (recognizing motions for reconsideration in criminal cases), the defendant has identified no basis for such a motion.  *See* Local Rule 60.1 of the Civil Local Rules of Practice for the District of Hawaii (setting forth standards for reconsideration); *United States v. Hee*, 2015 U.S. Dist. LEXIS 145406 *31 (D. Hawaii 2015) (recognizing that motions for reconsideration in criminal cases are governed by the rules governing equivalent motions in civil proceedings).  The defendant has alleged no new material facts or intervening change in law, and has cited no

10

manifest error of law or fact.  Crim.LR 60.1.  The defendant's renewed challenge

to the July 25, 2018 Order should be denied.

### D. Transfer of This Prosecution Is Not Appropriate

Finally, the defendant's demand that this matter be "moved from this district

to another district where judges understand what fairness, impartiality and

prudence means" should be denied.  Venue is proper here: a criminal prosecution

must take place in the district where the offense was committed.  U.S. Const. art.

III, § 2 cl. 3 ("The Trial of all Crimes . . . shall be by Jury; and such Trial shall be

held in the State where the said Crimes shall have been committed."); Fed. R.

Crim. Proc. 18 ("Unless a statute or these rules permit otherwise, the government

must prosecute an offense in a district where the offense was committed.").  The

defendant does not challenge venue upon the basis of the situs of the criminal act;

rather, the defendant claims that the Court has been unfair and biased against him.

The defendant has raised this claim in two motions for disqualification and it has

been fully briefed and decided.  Order Denying Motion for Disqualification of

Judge Leslie Kobayashi, ECF No. 257; Order Denying Motion for Disqualification

of Judge Kenneth Mansfield, ECF No. 321.  As the defendant failed to demonstrate

bias or prejudice before, he cannot re-litigate this issue on a transfer of venue

motion.  *See, e.g.*, *Jones v. City of Buffalo*, 867 F.Supp. 1155, 1163 (W.D.N.Y.

1994).

CONCLUSION

For the reasons above, the government respectfully requests that the Court

deny the Defendant's 7th OSC Motion.

DATED:  February 8, 2019, at Honolulu, Hawaii.

KENJI M. PRICE
United States Attorney
District of Hawaii


By */s/ Gregg Paris Yates*
    GREGG PARIS YATES
    Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

<u>Served Electronically through CM/ECF:</u>

Lars Isaacson, Esq.
[hawaii.defender@earthlink.net](mailto:hawaii.defender@earthlink.net)

Attorney for Defendant
ANTHONY T. WILLIAMS

Served by First Class Mail:

Anthony T. Williams
Register No. 05963-122
Inmate Mail
FDC Honolulu
PO Box 30080
Honolulu, HI 96820

DATED:  February 8, 2019, at Honolulu, Hawaii.


*/s/ Melena Malunao*
U.S. Attorney's Office
District of Hawaii