IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 17-00101 LEK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT'S |
| | ) | SEVENTH MOTION FOR ORDER TO |
| vs. | ) | SHOW CAUSE AND REQUEST FOR |
| | ) | EXPEDITED HEARING |
| ANTHONY WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S SEVENTH MOTION FOR ORDER
TO SHOW CAUSE AND REQUEST FOR EXPEDITED HEARING**

Defendant Anthony Williams's ("Defendant") Seventh Motion for Order

to Show Cause and Request for Expedited Hearing ("Motion") seeks an order:

(i)     requiring the Bureau of Prisons ("BOP") Federal Detention Center,

Honolulu ("FDC") to move an e-discovery terminal from the

second tier of Defendant's housing unit to the law library [ECF No.

418-2 at ¶ 30];

(ii)    vacating this Court's July 25, 2018 Order [ECF No. 297], which

ensured Defendant a minimum of two consecutive hours of access

to his discovery disks and the FDC e-discovery terminal per day

until trial [*Id.*]; and

(iii)   transferring this case to "another district where judges understand

what fairness, equity, impartiality and prudence means regardless

of how the[y] personally feel about a defendant." [*Id.* at ¶ 32.]

The Court addresses these requests for relief seriatim.

A.   Location of the e-discovery terminal

Defendant fails to establish that he has exhausted the BOP administrative

process before challenging the location of the e-discovery terminal. The Court

has explained to Defendant, on several occasions, the requirement that he

exhaust the BOP administrative process before challenging the conditions of his

confinement in this Court. *See, e.g.*, ECF No. 132, Order Denying (1) Motion

for Order to Show Cause, and (2) Ex Parte Application and Motion for Funds to

Purchase Legal Supplies at Government's Expense; ECF No. 389, Order

Denying Defendant's Sixth Motion for Order to Show Cause and Request for

Expediting Hearing. Accordingly, because Defendant has not established that

he has exhausted his administrative remedies, the Court DENIES Defendant's

request to relocate the e-discovery terminal.

B.   Vacating the July 25, 2018 Order

Defendant asks this Court to vacate the July 25, 2018 Order, ECF No.

297, which ordered the BOP to provide Defendant with a minimum of two hours

per day access to electronic discovery:

2

> Consistent with its representations to this Court, the BOP, upon a proper specific e-mailed request from Defendant for each day, is ordered to provide Defendant access to the discovery disks from this prosecution, and make reasonable accommodations for Defendant to view the content of these disks, for two consecutive hours per day, at a minimum, for each day that Defendant requests access until Defendant's trial.

ECF No. 297 at 2. Defendant previously appealed this ruling to the district court, which denied the appeal on October 3, 2018. ECF No. 347. In doing so, the district court found that (i) Defendant had not identified any specific harm that would establish he was being denied constitutionally adequate access to the resources necessary to prepare his defense, and (ii) the BOP has a legitimate security interest in limiting inmate access to computer disks. *Id.* at 6-7. Here, and as previously pointed out by the district court on appeal, Defendant has not articulated any specific harm that he has suffered because of the July 25, 2018 Order's time parameters for viewing discovery disks. Rather, Defendant simply asserts "immeasurable harm" and a need for "all day access," which are conclusory arguments that do not change the analysis reached in the July 25, 2018 Order or the October 3, 2018 denial of the appeal therefrom. The Court therefore DENIES Defendant's request to vacate the July 25, 2018 Order.

//

//

//

C.     Case transfer

Defendant asserts that this case should be transferred to another district

"where judges understand what fairness, equity, impartiality and prudence

means regardless of how the[y] personally feel about a defendant."  ECF No.

418-2 at ¶ 32.

First, venue is proper in this district.  A criminal prosecution must take

place in the district where the offense was committed. U.S. Const. art. III, § 2 cl.

3 ("The Trial of all Crimes . . . shall be by Jury; and such Trial shall be held in

the State where the said Crimes shall have been committed."); Fed. R. Crim.

Pro. 18 ("Unless a statute or these rules permit otherwise, the government must

prosecute an offense in a district where the offense was committed.").

Defendant does not contest that the alleged criminal conduct occurred in this

district.

Second, Defendant's conclusory allegations regarding judicial bias have

already been considered and rejected.  *See* ECF No. 257, Order Denying Motion

for Disqualification of Judge Leslie Kobayashi; ECF No. 321, Order Denying

Motion for Disqualification of Judge Kenneth Mansfield.  Accordingly, transfer

of venue based upon the same arguments is not proper.  *See, e.g.*, *Jones v. City*

*of Buffalo*, 867 F. Supp. 1155, 1163 (W.D.N.Y. 1994) ("because [defendant] has

failed to demonstrate that disqualification or recusal is appropriate in this case,

his motion for disqualification and transfer of venue to the District of Columbia

shall be denied."). The Court therefore DENIES Defendant's request to transfer

venue.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, February 19, 2019.

Kenneth J. Mansfield
United States Magistrate Judge

*USA v. Williams*, CR 17-00101 LEK; ORDER DENYING DEFENDANT'S SEVENTH MOTION FOR
ORDER TO SHOW CAUSE AND REQUEST FOR EXPEDITED HEARING