UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ANTHONY T. WILLIAMS,<br><br>　　　　Defendant. | CR NO. 17-00101 (01) LEK |

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

Pro se Defendant Anthony T. Williams ("Defendant")[1] filed the following motions: Motion for Order of Contempt Against the Illinois Anti-Predatory Lending Database ("IAPLD Contempt Motion"), on October 4, 2018; Motion for Order of Contempt Against the Orange County (CA) District Attorney's Office ("OCDAO Contempt Motion"), on October 24, 2018; Motion for Order of Contempt Against the Broward County (FL) Sheriff's Office ("BCSO Contempt Motion" and collectively "Contempt Motions"), on October 26, 2018; and "Defendant Anthony Williams's Motion to Sever His Trial from the Trial of Co-Defendants and for Leave to Re-new" ("Motion to Sever"), on October 30, 2018.  [Dkt. nos. 349, 357, 361, 365.]  At hearings held on November 26, 2018, this Court orally denied the Contempt

---

[1] Lars Isaacson, Esq., is Defendant's standby counsel.

Motions and the Motion to Sever ("11/26/18 Rulings").  [Minutes, filed 11/26/18 (dkt. no. 392).]

Before the Court is Defendant's motion for reconsideration of the 11/26/18 Rulings ("Motion for Reconsideration"), filed on December 10, 2018.  [Dkt. no. 395.] Defendant filed a supplement to the Motion for Reconsideration ("Supplement") on January 7, 2019, and Plaintiff the United States of America ("the Government") filed its memorandum in opposition on January 10, 2019.  [Dkt. nos. 407, 408.]  The Court has considered the Motion for Reconsideration as a non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  Defendant's Motion for Reconsideration is hereby denied for the reasons set forth below.

## BACKGROUND

The parties and this Court are familiar with the factual and procedural background of this case, and only the background relevant to the Motion for Reconsideration will be repeated here.

On February 22, 2018, the Clerk's Office issued several subpoenas for documents, information or objects to the custodian of records for: the Illinois Anti-Predatory Lending Database ("IAPLD"); the Orange County, California District

2

Attorney's Office ("OCDAO"); and the Broward County, Florida Sheriff's Office ("BCSO") on behalf of Defendant. [IAPLD Contempt Motion, Decl. of Counsel, Exh. A ("IAPLD Subpoena"); OCDAO Contempt Motion, Decl. of Counsel, Exh. A ("OCDAO Subpoena"); BCSO Contempt Motion, Decl. of Counsel, Exh. A ("BCSO Subpoena").] Defendant made substantially the same requests in each subpoena, asking for a broad range of documents, including: all documents and communications made to or relating to Common Law Office of America ("CLOA"), Mortgage Enterprise Investments ("MEI"), and Defendant; and any secret recordings made regarding Defendant. The OCDAO Subpoena and BCSO Subpoena requested documentation of policies and procedures for the respective entities in effect on or around February 15, 2017. The OCDAO Subpoena also requested the number of approved mortgages filed by MEI in Orange County. [IAPLD Subpoena, Exh. A; OCDAO Subpoena, Exh. A; BCSO Subpoena, Exh. A.]

**I.   IAPLD Subpoena**

On October 22, 2018, following Defendant's IAPLD Contempt Motion, the magistrate judge issued his Certification of Facts Regarding the Illinois Anti-Predatory Lending Database's Failure to Comply with Subpoena. [Dkt. no. 356.] The magistrate judge found that: on March 6, 2018, a subpoena was served on an administrative assistant with the Illinois Department of Financial and Professional Regulation; the

3

custodian of records for the IAPLD was required to produce documents as requested by March 15, 2018; and the IAPLD failed to either comply with the subpoena or contact Defendant to object to the subpoena. [Id. at ¶¶ 2-4.] The IAPLD was ordered to show cause, in writing and at a hearing before this Court, why it should not be held in contempt for failing to comply with the subpoena. [Id. at pg. 3.]

On October 29, 2018, the Court received a document in response to the IAPLD Subpoena and forwarded it to Mr. Isaacson. [Dkt. no. 364.]

## II. OCDAO Subpoena

On March 13, 2018, the United States Marshals Service ("Marshals Service") attempted to execute service of the OCDAO Subpoena on OCDAO. [OCDAO Contempt Motion, Decl. of Counsel ("OCDAO Contempt Decl."), Exh. C (email dated 9/12/18 to Mr. Isaacson from Channing Iwamura of the Marshals Service regarding service of subpoenas).] Although OCDAO did not accept service of the OCDA Subpoena, it responded by letter, dated March 14, 2018, objecting to the subpoena on the following grounds: (1) compliance with the requested date of March 15 would be "unreasonable or oppressive"; [OCDAO Contempt Decl., Exh. D at 1;] (2) much of the requested information is protected by the attorney work product doctrine under Fed. R. Civ. P. 26(b)(3); (3) all of the information sought is protected by

4

the federal official information privilege; (4) some of the information requested is protected by various California state laws. [Id. at 1-2.]

**III. BCSO Subpoena**

The BCSO Subpoena was served on BCSO on March 8, 2018. [BCSO Contempt Motion, Decl. of Counsel ("BCSO Contempt Decl."), Exh. D (executed Process Receipt and Return).] On September 25, 2018, the Court forwarded to Defendant's standby counsel the responsive documents received from BCSO. [BCSO Contempt Decl., Exh. E.] These included the BCSO Criminal Investigation Division's Standard Operating Procedures and a Communication Management Report. [Id. at 12-18.[2]]

**IV. Motion to Sever**

In the Motion to Sever, Defendant argued that proceeding with a joint trial would be unfairly prejudicial to him as Defendants Anabel Cabebe ("Cabebe") and Barbara Williams may refuse to testify in a joint trial but would be likely to testify in his favor in a severed trial. The Government opposed the Motion to Sever, arguing that a joint trial was proper because each Defendant was charged regarding the "same series of

---

[2] Exhibit E consists of multiple documents that are not consecutively paginated. The citation refers to the page numbers assigned by the district court's electronic case filing system to docket number 361-2, which contains Defendant's Exhibits A-F.

5

acts or transactions" and all three Defendants were "part of the same common plan, scheme, and conspiracy." [Response to Motion to Sever, filed 11/15/18 (dkt. no. 382), at 4-5.] Cabebe filed a statement of no position. [Filed 11/26/18 (dkt. no. 391).]

**V.   11/26/18 Rulings**

On November 26, 2018, this Court held two hearings, the first to consider the Motion to Sever and the second to consider the Contempt Motions ("11/26/18 Hearings").[3] Defendant was not present at the 11/26/18 Hearings. Mr. Isaacson was not present and had previously filed a notice stating he would be out of the country. See Notice of Non-Availability, filed 11/6/18 (dkt. no. 376). The Government requested that the hearings be rescheduled to dates when Mr. Isaacson would be available, but the Court denied the request because Mr. Isaacson informed the Court that Defendant objected to a continuance based on Mr. Isaacson's absence. [Letter to the Court from Mr. Isaacson, filed 11/7/18 (dkt. no. 378); Response to notice, filed 11/8/18 (dkt. no. 379); Entering Order, filed 11/13/18 (dkt. no. 381) (denying the Government's request).] At the 11/26/18 Hearings, the Court noted Defendant's knowledge of the hearing dates and times and Defendant's knowledge of

---

[3] At the hearing on the Motion to Sever, Barbara Williams's counsel stated Ms. Williams had no position.

6

Mr. Isaacson's unavailability and found that Defendant's absence was purposeful and intentional.

The Motion to Sever was denied because Defendant failed to show that he would be prejudiced in any way by proceeding with a joint trial.  This Court concluded that a joint trial is proper since Defendants are each charged in a single conspiracy.  The Contempt Motions were denied because Defendant failed to show that: 1) to the extent any of the subpoenaed entities failed to respond any portion of a subpoena, the failure was "without adequate excuse"; see Fed. R. Crim. P. 17.(g); and 2) the responses which were received from the subpoenaed entities were inadequate.

Defendant now seeks reconsideration of the 11/26/18 Rulings.

**STANDARD**

There is no rule in the Federal Rules of Criminal Procedure expressly authorizing the filing of motions for reconsideration.  However, many courts – including the Ninth Circuit – have recognized that motions for reconsideration may be filed in criminal cases.  See, e.g., United States v. Hee, Cr. No. 14-00826 SOM, 2015 WL 6510345, at *11 (D. Hawai`i Oct. 27, 2015) (listing cases).  "[M]otions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings."  Id. (alteration in

Hee) (citations and quotation marks omitted); see also United States v. Naeem J. Williams, CR. No. 06-00079 DAE, 2007 WL 1294519, at *3 (D. Hawai`i Apr. 30, 2007) ("Local Rule 60.1 also applies to motions for reconsideration in criminal cases." (citations omitted)).

Local Rule 60.1 states, in relevant part: "Motions for reconsideration of interlocutory orders may be brought only upon the following grounds: (a) Discovery of new material facts not previously available; (b) Intervening change in law; [or] (c) Manifest error of law or fact." This Court has previously stated a motion for reconsideration:

> "must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." See Davis v. Abercrombie, Civil No. 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D. Hawai`i June 2, 2014) (citation and internal quotation marks omitted). . . . "Mere disagreement with a previous order is an insufficient basis for reconsideration." Davis, 2014 WL 2468348, at *3 n.4 (citations and internal quotation marks omitted).

Riley v. Nat'l Ass'n of Marine Surveyors, Inc., Civil No. 14-00135 LEK-RLP, 2014 WL 4794003, at *1 (D. Hawai`i Sept. 25, 2014).

**DISCUSSION**

Defendant raises two points of error: 1) the Court erred in proceeding with the 11/26/18 Hearings without him because he was involuntarily prevented from being present at the hearings by the Marshals Service; and 2) the Motion to Sever was improperly denied due to the Court's failure to consider his arguments. [Motion for Reconsideration, Decl. of Counsel, Exh. A (2-7-18 – Decl. of Anthony Williams ("Def.'s Decl.")); Suppl., Decl. of Counsel, Exh. A ("Def.'s Suppl. Statement").]

**I.  Defendant's Absence**

Defendant argues in his Motion for Reconsideration that this Court erred in finding his absence from the 11/26/18 Hearings voluntary or, alternatively, that his forced absence from the 11/26/18 Hearings resulted in manifest injustice. He does not allege any intervening change in the controlling law or newly available evidence.

In support of his first argument, Defendant has provided his version of the events that occurred the morning of November 26, 2018: (1) Defendant was notified by a Federal Detention Center – Honolulu ("FDC") unit officer that he had a court hearing at 8:30 a.m., to which he responded that his hearing was scheduled at 2:30 p.m.; (2) he called and confirmed the time of his hearing with the Office of the Federal Public

9

Defender ("Public Defender's Office");[4] (3) he called the Public Defender's Office again, around 11:00 a.m., and was told by a woman that the Marshals Service would pick him up to be transported to the courthouse; (4) Defendant asked the Public Defender's Office to notify the Court of the situation and that he had not refused to be transported; (5) the woman in the Public Defender's Office told Defendant she notified the Court about his calls; and (6) the Marshals Service lied in notifying the Court that Defendant had refused to be transported to the courthouse. He further alleges that a similar situation occurred the week prior, where the Marshals Service arrived in the morning but returned later to transport him to the courthouse between 11:00 a.m. and noon. [Def.'s Decl. at ¶¶ 1-8.]

In support of its memorandum in opposition, the Government has provided the Declaration of Sam Gonzalez ("Gonzalez Declaration") and the Declaration of Thomas Decker ("Decker Declaration").[5]

---

[4] The Public Defender's Office does not represent Defendant or any other party in this case.

[5] On the morning of November 26, 2018, Sam Gonzalez was the FDC housing unit officer who was responsible for collecting inmates for transportation to the courthouse. [Gonzalez Decl. at ¶¶ 3-4.] Thomas Decker is the Acting Supervisory Deputy U.S. Marshal for the District of Hawai`i General Operations Section. [Decker Decl. at ¶ 1.]

According to Officer Gonzalez, on November 26, 2018 around 7:00 a.m., he notified Defendant that Defendant was to be moved to the FDC Receiving and Discharge area in order to be transported by the Marshals Service to the courthouse. Defendant made a gesture, acknowledging that he heard Officer Gonzalez. [Gonzalez Decl. at ¶ 4.] Defendant stated that he would not go downstairs because "'[t]hey are going to have me wait there for several hours,'" at which point Officer Gonzalez confirmed with Defendant that he was "'refusing to go downstairs.'" [Gonzalez Decl. at ¶¶ 6-7.]

The Government has also provided evidence of the Marshals Service's standard procedures for transporting inmates from FDC to the courthouse. Typically, inmates who have court proceedings are moved as a group to the Receiving and Discharge area to be picked up by the Marshals Service. Two Deputy U.S. Marshals will pick up the group prior to the first proceeding scheduled for any member of the group. Inmates are held in a cellblock at the courthouse, and each inmate is escorted individually into the courtroom for his respective proceeding. The whole group is transported back to FDC after all proceedings have concluded. The Marshals Service only deviates from this procedure in special cases. For example, if there are too many inmates who must be transported in a single day for one van, a second trip will be made. The Marshals Service will not

11

transport an inmate that refuses to be transported.  [Decker Decl. at ¶¶ 2-5.]

The events as described above by Defendant and the Government are not incongruent.  Defendant is correct that his hearings were scheduled for the afternoon of November 26, 2018, but that fact does not afford him the privilege of choosing when or how he is transported to the courthouse by the Marshals Service.  Defendant has not provided any facts that contradict the account given by Officer Gonzalez.  The FDC officers and the Marshals Service followed standard procedures by confirming that Defendant did not want to go downstairs at 8:00 a.m. on November 26, 2018, and not transporting Defendant because he had refused to be transported.  Defendant's conversations with the Public Defender's Office do not change the fact that he refused to go downstairs as instructed by Officer Gonzalez.

Furthermore, Defendant is well-acquainted with the process of being transported by the Marshals Service.  He has been in custody at FDC yet present before this Court or a magistrate judge at least eleven times in the course of this litigation.  See Mem. in Opp. at 7.  Defendant has previously demonstrated a willingness to avoid court proceedings, having refused to be transported to the courthouse on April 10, 2018.  [EO, filed 4/10/18 (dkt. no. 194).]  As to this Court's ruling that Defendant's absence from the 11/26/18 Hearings was

purposeful and intentional, Defendant has not shown any clear error warranting reconsideration.

Defendant argues the events that occurred on November 26, 2018 are examples of how he has been "harassed, obstructed and lied on [sic] to disadvantage [him] in his defense." [Def.'s Decl. at ¶ 11.] At most, at approximately 11:00 a.m. that day, Defendant was misinformed by an unidentified person from the Public Defender's Office that: the Marshals Service would pick him up later for an afternoon hearing; and the person had informed the Court that Defendant had called about the transportation situation.[6] By that point, he had already refused to be transported in the morning. Thus, the mistaken information he received at 11:00 a.m. did not cause Defendant's absence from the 11/26/18 Hearings. To the extent that Defendant asserts manifest injustice because of that mistaken information, his argument is rejected.

In light of the fact that Defendant has clearly demonstrated his ability to comply with the Marshals Service's standard transportation procedures, the Court's acceptance of Defendant's voluntary absence and waiver of his right to appear was not error. Moreover, Defendant has not identified any arguments or evidence he would have presented at the 11/26/18

---

[6] On November 26, 2018, no one from the Public Defender's Office contacted this Court about Defendant's hearings.

13

Hearings had he been present. Defendant has failed to establish error or manifest injustice that would warrant reconsideration of the ruling that Defendant's absence from the 11/26/18 Hearings was purposeful and intentional. Because this is the only challenge Defendant raises to the denial of the Contempt Motions, the Motion for Reconsideration is denied as to the ruling on the Contempt Motions.

II. **Reconsideration of the Denial of the Motion to Sever**

Defendant's Supplement alleges that this Court did not properly consider the Motion to Sever. The Supplement does not allege any intervening change in controlling law or newly available evidence. Defendant argues the Court's failure to consider the arguments presented in the Motion to Sever either constituted clear error or resulted in manifest injustice.

At the first of the 11/26/18 Hearings, the Motion to Sever was denied because Defendant failed to show that a joint trial would be prejudicial to him. The Supplement incorrectly asserts that this Court stated Defendant "did not provide any reasons for the trial to be severed," and that the Government provided no opposition to the Motion to Sever. [Def.'s Suppl. Statement at ¶¶ 1, 3.] Defendant also makes a baseless accusation that the Court did not read the Motion, stating, "[h]ad the judge actually read the Motion To Sever there is no possibility a statement could have been made that [Defendant]

14

didn't provide any reasons for the severance." [Id. at ¶ 6.]
In due course, this Court received and considered Defendant's
Motion to Sever, the Government's memorandum in opposition, and
Cabebe's statement of no position. This Court also considered
the arguments and representations made at the hearing, which
Defendant chose not to attend. Defendant does not indicate any
other filings, arguments, or evidence that should have been
considered by the Court. This Court considered and rejected the
arguments raised in Defendant's Motion to Sever, and Defendant
merely disagrees with this Court's ruling. Defendant's
disagreement "is an insufficient basis for reconsideration."
See Davis, 2014 WL 2468348, at *3 n.4 (citations and quotation
marks omitted).

As previously noted, Defendant does not identify any
evidence or argument he would have presented if he had been
present at the 11/26/18 Hearings. Moreover, because Defendant
has not identified any newly discovered evidence or any change
in the controlling legal authority, any evidence or argument he
identifies now could have been presented when the Motion to
Sever was pending before this Court. "[R]econsideration may not
be based on evidence and legal arguments that a movant could
have presented at the time of the challenged decision." Wereb
v. Maui Cty., 830 F. Supp. 2d 1026, 1031 (D. Hawai`i 2011) (some
citations omitted) (citing Kona Enter., Inc. v. Estate of

Bishop, 229 F.3d 877, 890 (9th Cir. 2000)).  The Supplement therefore does not allege any ground that warrants reconsideration of the denial of the Motion to Sever.  The Motion for Reconsideration is denied as to the ruling on the Motion to Sever.

## CONCLUSION

On the basis of the foregoing, Defendant's December 10, 2018 motion for reconsideration of this Court's rulings at the November 26, 2018 hearings is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, February 28, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**USA VS. ANTHONY T. WILLIAMS; CR 17-00101(01) LEK; ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**