KENJI M. PRICE  #10523
United States Attorney
District of Hawaii

GREGG PARIS YATES  #8225
Assistant United States Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
E-Mail:       Gregg.Yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 17-00101-01 LEK |
| Plaintiff, | UNITED STATES' RESPONSE TO THE DEFENDANT'S EIGHTH MOTION FOR ORDER TO SHOW CAUSE AND REQUEST FOR EXPEDITED HEARING; CERTIFICATE OF SERVICE |
| vs. | |
| ANTHONY T. WILLIAMS, | |
| Defendant. | |

UNITED STATES' RESPONSE TO
THE DEFENDANT'S EIGHTH MOTION FOR ORDER TO
SHOW CAUSE AND REQUEST FOR EXPEDITED HEARING

The government respectfully submits this brief in response to Defendant

Anthony T. Williams's (Defendant) Eighth Motion for Order to Show Cause and

Request for Expedited Hearing (8th OSC Motion).  The defendant's motion makes

two demands: First, the defendant asks that this Court order the Bureau of Prisons (BOP) Federal Detention Center, Honolulu (FDC) to "log in all incoming mail and outgoing mail to ensure that all mail is being delivered to the undersigned and to order the FDC to stop sending back mail that contain legal documents claiming that it's too much paper when it is not and to stop opening my legal mail from the courts outside my presence." 8th OSC Motion, Exh A at 1. Second, the defendant asks this Court to conduct its own independent investigation into the argument he raised in his Seventh Motion for Order to Show Cause (7th OSC Motion) regarding his dissatisfaction with the placement of the FDC e-discovery terminal, which the Court ruled upon in its Order, dated February 19, 2019 (ECF No. 430). *Id.*

The gravamen of the defendant's motion is a request for Court intervention into Bureau of Prisons (BOP) operations, this time with respect to the BOP's treatment of his "legal mail that is being sent to me from outside sources" and with respect to the placement of the e-discovery terminal in the defendant's housing unit. 8th OSC Motion, Exh. A at 1. Just as this Court has ruled upon earlier motions seeking intervention into BOP operations, the defendant must first follow the grievance procedures of the BOP before raising an issue to the Court's attention. Order Denying (1) Motion for Order to Show Cause, and (2) Ex Parte Application and Motion for Funds to Purchase Legal Supplies at Government's Expense 7, ECF No. 132; Order Denying Defendant's Sixth Motion for Order to

Show Cause and Request for Expedited Hearing 2, ECF No. 389; Order Denying Defendant's Seventh Motion for Order to Show Cause and Request for Expedited Hearing 2, ECF No. 430.  Because the defendant has failed to properly exhaust his administrative remedies, the motion should be denied.

## BACKGROUND

I.   The Defendant's Legal Mail Demand

On January 17, 2018, the defendant filed a Motion for Injunction Against FDC for Retaliation (Injunction Mot. FDC).  ECF No. 87.  In it, the defendant claimed that he "has constantly been denied basic constitutional rights by the FDC," including "opening legal mail outside of the presence of the undersigned," and "withholding incoming and outgoing emails from 3 to 7 days."  Injunction Mot. FDC at 1 (ECF No. 87).

On April 10, 2018, the defendant again filed a motion claiming an issue with the FDC's handling of his legal mail.  Amended Third Motion for Order to Show Cause and Request for Expedited Hearing (Am. 3d OSC Mot.) (ECF No. 196).  In it, the defendant alleged "mail tampering" and "that this facility is opening up the undersigned[']s legal mail and scrutinizing them to determin[e] whether they will be mailed or not."  Am. 3d OSC Mot., Exh. A at 1 (ECF No. 196-2).

On August 28, 2018, the defendant filed his Fifth Motion for Order to Show Cause and Request for Expedited Hearing (5th OSC Motion).  ECF No. 307.  At

issue in the motion was whether the defendant's standby counsel could mail or otherwise send the defendant 50,000 pages of legal case discovery on paper for him to review in his cell.  ECF No. 307-2 (5th OSC Motion, Exh. A at 1).  On September 27, 2018, the government responded by arguing that the defendant needed to first exhaust his administrative remedies for such a request before approaching the Court.  ECF No. 323 (Government's Response to 5th OSC Motion at 6).  Moreover, the government added in a footnote:

> We fully anticipate that Defendant will have a disagreement with the BOP's mailing policies and the manner in which they restrict his ability to receive a printed pages in large increments.  However, even with respect to this future disagreement, Defendant must follow the BOP's grievance procedures before returning to this Court."

*Id*. 6 n.1.

On October 1, 2018, the Court denied the defendant's Amended Third Motion for Order to Show Cause on October 1, 2018, in part upon the ground that the defendant "fail[ed] to establish that he has exhausted the Bureau of Prison's administrative process before challenging such conditions in this Court."  ECF No. 337 at 2.

On October 2, 2018, the Court denied the defendant's Motion for Injunction Against the FDC.  ECF No. 346 at 8 ("The Motion for Injunction is also denied as to all of the other requests in the motion.").  The Court explained, "[t]o the extent

4

Defendant wishes to pursue those requests, he must follow the appropriate administrative procedures . . . ." *Id.*

On November 21, 2018, the Court denied the 5th OSC Motion upon the ground that the defendant had adequate access to his discovery. ECF No. 386.

The government is unaware of any grievance filed by the defendant to date with respect to his concerns regarding legal mail.

II.   The Defendant's E-Discovery Terminal Demand

On January 22, 2019, the defendant filed his 7th OSC Motion. ECF No. 418. In the motion, the defendant argued, among other things, that the FDC had improperly moved the e-discovery terminal from the second floor law library to the main floor. ECF No. 418, Exh. A, p.2 ("Officer Ponimoi informed declarant that she was told that they were going to put the e-discovery computer downstairs in the open bay area with the other computers and that they took the only Law Library dedicated computer in order to put the e-discovery computer there."). Among the defendant's complaints was that "there is no privacy to view your discovery if they put the discovery computer in the open bay area. . . ." *Id.*

On February 19, 2019, the Court issued an Order denying the defendant's 7th OSC Motion. ECF No. 430 at p.2. The Order was based in part upon the failure of the defendant to exhaust his administrative remedies. *Id.* ("Because

Defendant has not established that he has exhausted his administrative remedies, the Court DENIES Defendant's request to relocate the e-discovery terminal.").

On January 31, 2019, the defendant filed a grievance regarding the position of the e-discovery computer.

On February 19, 2019, the FDC Warden replied to the defendant's e-discovery grievance and denied it.  The defendant was provided with the address of the Regional Director for an appeal.

As of the date of this brief, no appeal has been received.

## LEGAL ARGUMENT

I. The Defendant's Claims Are Not Properly Before The Court Because He Has Failed To Exhaust His Administrative Remedies And Timely Follow The BOP's Grievance Procedures

The 8th OSC Motion should be denied because the defendant failed to follow and complete the BOP's grievance procedures.  The 8th OSC Motion impermissibly challenges the conditions of the defendant's confinement in a manner similar to motions that this Court has rejected in the past.  ECF Nos. 132, 346, 389, 430.  Just as this Court has ruled upon those motions, *see id.*, the defendant must exhaust his administrative remedies with respect to challenges to the conditions of his confinement before approaching the Court.

The defendant failed to properly exhaust his administrative remedies relating his claims.  "The doctrine of exhaustion of administrative remedies is well

6

established in the jurisprudence of administrative law." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006) (*quoting McKart v. United States*, 395 U.S. 185, 193 (1969)). "The doctrine provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *McKart*, 395 U.S. at 193 (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50, 51 (1938)).

Here, as with previous motions, the defendant has failed to show that he has exhausted the available administrative remedies with the BOP. To exhaust his administrative remedies, the defendant must proceed through the Administrative Remedy Program. *See* 28 C.F.R. §§ 542.10-542.19; Bureau of Prisons Program Statement on Administrative Remedy Program, Jan. 6, 2014 *avail. at* https://www.bop.gov/policy/progstat/1330_018.pdf.

This Court previously outlined the BOP grievance process in its March 7, 2018 Order at 4-5, ECF No. 132. Under the BOP grievance process, the inmate must first seek informal resolution of the issue of concern at his institution of confinement, the Federal Detention Center, Honolulu. *Id.* § 542.13. If no informal resolution is reached, the inmate must file a formal request (BP-9) with the Warden. *Id.* § 542.14. If the Warden denies the remedy, the inmate may appeal first to the Regional Director (BP-10), within 20 days of receiving the Warden's response, and thereafter to the General Counsel in Washington, D.C. (BP-11),

within 30 days of receiving the Regional Director's response. *Id.* § 542.15. Administrative exhaustion does not take place until a final decision is received from the Office of General Counsel, or until a response is not forthcoming within the time allotted for reply. *Id.* §§ 542.15(a); 542.18.

As noted above, the defendant failed to file any grievance relating to his demand that the FDC is "sending back legal mail that is being sent to me from outside sources." Accordingly, the defendant's legal mail demand should be denied.

Moreover, the defendant's claim relating to the placement of the FDC e-discovery terminal should also be denied. As noted, the defendant initiated a BOP grievance with respect to this claim, and received a response from the Warden on February 19, 2019. Accordingly, the defendant's deadline to appeal the Warden's decision to the BOP Regional Director expired 20 days after that date, on or about March 11, 2019. The defendant, however, failed to timely appeal the Warden's decision. Accordingly, his demand may not be brought before this Court. *Woodford v. Ngo*, 548 U.S. 81 (2006) ("As a general rule . . . courts should not topple over administrative decisions unless the administrative body not only has erred, *but has erred against objection made at the time appropriate under its practice*.") (emphasis in original), *quoting United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952).

Both the defendant and his standby counsel, Lars Isaacson, Esq., have been on notice since March 7, 2018 that they are required to exhaust the defendant's administrative remedies before seeking redress from this Court. ECF No. 132. Indeed, this Court has <u>twice</u> notified the defendant that his complaints regarding legal mail in particular must first go through the BOP grievance process. ECF No. 337 at 2; ECF No. 346 at 8.

Because the defendant has failed to properly follow BOP administrative procedures, the motion should be denied.

CONCLUSION

For the reasons above, the government respectfully requests that the Court deny the Defendant's 8th OSC Motion.

DATED: March 26, 2019, at Honolulu, Hawaii.

            KENJI M. PRICE
            United States Attorney
            District of Hawaii


           By */s/ Gregg Paris Yates*
            GREGG PARIS YATES
            Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

Served Electronically through CM/ECF:

    Lars Isaacson, Esq.
    hawaii.defender@earthlink.net

    Attorney for Defendant
    ANTHONY T. WILLIAMS

    Michael Jay Green, Esq.
    michaeljgreen@hawaii.rr.com

    Attorney for Defendant
    ANABEL CABEBE

    Birney B. Bervar, Esq.
    bbb@bervar-jones.com

    Attorney for Defendant
    BARBARA WILLIAMS

//

//

//

//

//

//

Served by First Class Mail:

    Anthony T. Williams
    Register No. 05963-122
    Inmate Mail
    FDC Honolulu
    PO Box 30080
    Honolulu, HI 96820

    DATED: March 26, 2019, at Honolulu, Hawaii.

                                 */s/ Dawn Aihara*
                                 U.S. Attorney's Office
                                 District of Hawaii