KENJI M. PRICE  #10523
United States Attorney
District of Hawaii

GREGG PARIS YATES  #8225
Assistant United States Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
E-Mail:       Gregg.Yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00101-01 LEK |
| | ) | |
| Plaintiff, | ) | UNITED STATES' RESPONSE TO THE |
| | ) | DEFENDANT'S DEMAND FOR |
| vs. | ) | GOVERNMENT TO MAKE PUBLIC |
| | ) | HOW MUCH THIS MALICIOUS AND |
| ANTHONY T. WILLIAMS, | ) | BOGUS PROSECUTION HAS COST |
| | ) | TAXPAYERS TO DATE AND THE |
| Defendant. | ) | PROJECTED COST TO COMPLETE |
| | ) | THROUGH TRIAL; CERTIFICATE OF |
| | ) | SERVICE |

UNITED STATES' RESPONSE TO THE DEFENDANT'S
DEMAND FOR GOVERNMENT TO MAKE PUBLIC HOW MUCH THIS
MALICIOUS AND BOGUS PROSECUTION HAS COST TAXPAYERS TO
DATE AND THE PROJECTED COST TO COMPLETE THROUGH TRIAL

The government respectfully submits this brief in response to Defendant

Anthony T. Williams's (Defendant) Motion for Miscellaneous Relief (Mot. Costs

Discovery).  The motion seeks discovery into the costs associated with the investigation and prosecution of the defendant, together with the associated costs of the defendant's pretrial detention and transportation.  Mot. Costs Discovery, Exh. A 1-2.

The defendant's motion should be summarily denied.  The defendant's demands are far outside the discovery obligations of the government.  As the Court is aware, in a criminal matter, the discovery mechanisms available to the defendant, as well as the universe of discoverable information, are limited.  *See United States v. Andrade-Larrios*, 39 F.3d 986, 988 (9th Cir. 1994) ("[T]he Federal Rules of Civil Procedure do not apply in criminal cases."); *United States v. $119,984*, 304 F.3d 165, 176 n.10 (2d Cir. 2002).  The limitations on criminal discovery exist to "prevent perjury and manufactured evidence, to protect potential witness[es] from harassment and intimidation, and to level the playing field between the government and the defendant, who would be shielded from certain discovery by the Fifth Amendment." *SEC v. Nicolas*, 569 F. Supp. 2d 1065, 1071-72 (C.D. Cal. 2008), *citing Campbell v. Eastland*, 307 F.2d 478, 487 n.12 (1962).

Rule 16 of the Federal Rules Criminal Procedure, together with *United States v. Brady*, 397 U.S. 742 (1970), *United States v. Giglio*, 405 U.S. 150 (1972), and 18 U.S.C. § 3500, generally govern discovery from the government in criminal

cases. The defendant's requested discovery, relating to the costs to the government of his investigation, prosecution, and detention, fall outside these authorities.

Indeed, the motion acknowledges that the discovery the defendant seeks is not relevant to any element of the mail and wire fraud counts in the Superseding Indictment, pursuant to Title 18, United States Code, Sections 1341 and 1343, or a defense thereto. As the defendant admits, he has filed his motion because "the public is entitled to know how their funds are being appropriated or misappropriated in the prosecution of criminal cases. . . ." Mot. Discovery re Costs, Exh. A 2. This is not a basis for criminal discovery.

Insofar as the discovery the defendant seeks is irrelevant to the substantive elements of the charged counts, and the defendant has pointed to no authorities that entitle him to the discovery he seeks, the defendant's motion should be denied.

//
//
//
//
//
//
//
//
//

## CONCLUSION

For the reasons above, the government respectfully requests that the Court deny the Defendant's motion for discovery into the costs of his prosecution.

DATED:  March 26, 2019, at Honolulu, Hawaii.

                                              KENJI M. PRICE
                                              United States Attorney
                                              District of Hawaii

                                              By */s/ Gregg Paris Yates*
                                                  GREGG PARIS YATES
                                                  Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

Served Electronically through CM/ECF:

> Lars Isaacson, Esq.
> hawaii.defender@earthlink.net
>
> Attorney for Defendant
> ANTHONY T. WILLIAMS
>
>
> Michael Jay Green, Esq.
> michaeljgreen@hawaii.rr.com
>
> Attorney for Defendant
> ANABEL CABEBE
>
>
> Birney B. Bervar, Esq.
> bbb@bervar-jones.com
>
> Attorney for Defendant
> BARBARA WILLIAMS

//

//

//

//

//

//

2

Served by First Class Mail:

    Anthony T. Williams
    Register No. 05963-122
    Inmate Mail
    FDC Honolulu
    PO Box 30080
    Honolulu, HI 96820

    DATED: March 26, 2019, at Honolulu, Hawaii.

                              */s/ Dawn Aihara*
                              U.S. Attorney's Office
                              District of Hawaii