KENJI M. PRICE  #10523
United States Attorney
District of Hawaii

GREGG PARIS YATES  #8225
Assistant United States Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
E-Mail:      Gregg.Yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 17-00101-01 LEK |
| | ) |
| Plaintiff, | ) UNITED STATES' RESPONSE TO THE |
| | ) DEFENDANT'S DEMAND FOR THE |
| vs. | ) GOVERNMENT TO CORRECT TITLE |
| | ) 28 USC 1654 TO REFLECT THE ACT |
| ANTHONY T. WILLIAMS, | ) OF CONGRESS PASSED INTO LAW; |
| | ) CERTIFICATE OF SERVICE |
| Defendant. | ) |
| | ) |

UNITED STATES' RESPONSE TO THE
DEFENDANT'S DEMAND FOR THE GOVERNMENT TO CORRECT TITLE
28 USC 1654 TO REFLECT THE ACT OF CONGRESS PASSED INTO LAW

The government respectfully submits this brief in response to Defendant

Anthony T. Williams's (Defendant) Demand for the Government to Correct Title

28 USC 1654 to Reflect the Act of Congress Passed into Law (Mot. Correct

§ 1654). In essence, the defendant's motion argues that a disparity exists between a statute, Title 18, United States Code, Section 1654, and the First Judiciary Act of 1789, 1 Stat. 73, the foundational statute that established the structure and jurisdiction of the Federal judiciary. "Judiciary Act of 1789," Primary Documents in Am. History, Library of Congress, avail at https://www.loc.gov/rr/program/bib/ourdocs/judiciary.html. The defendant claims that this purported disparity is prejudicing him by denying him the ability to be represented by a non-attorney counsel. Mot. Correct § 1654, Exh. A at 2. Therefore, the defendant moves this Court for an Order to "the government [to] correct Title 28 USC 1654 and codify the exact language passed by Congress in the First Judiciary Act of 1789 section 35." The defendant concludes, "BABYLON IS FALLEN."

The defendant's motion is frivolous and seeks relief that is outside the power of this Court to grant. The heart of the defendant's claim, that he is entitled to a non-attorney counsel, has been litigated before this Court and rejected. Among the defendant's 68 motions as of this response, the defendant filed a "Motion for Recognition as a Private Attorney General and Sovereign (Mot. Priv. Atty Gen.)," ECF No. 237, and a "Sworn Motion for Non Bar Counsel (Mot. Non Bar Counsel)." ECF No. 236. Both these motions argued that the defendant was entitled to have a person who was not an attorney-at-law represent him in this

prosecution.  Mot. Priv. Atty Gen. Exh. A at 4 (ECF No. 237-2) ("The Sixth

Amendment to the U.S. Constitution which guarantees the right of the accused to

the 'assistance of counsel,' was written in 1791 and the term counsel did not mean

an attorney at law or member of the Bar . . ."); Mot. Non Bar Counsel, Exh. A. at

5-6 (ECF No. 236-2) ("The undersigned asserts his divine, common law and

constitutional right to the assistance of counsel from one who is not a member of

the corrupt, treasonous bar association.").  The Motion for Non Bar Counsel even

invoked the First Judiciary Act, Section 35, which the defendant now purports

governs his rights in the current motion.  Mot. Non Bar Counsel, Exh. A. at p.4

(ECF No. 236-2) ("The First Judiciary Act states in part: sec. 35. 'And be it further

enacted, that in all the courts in the United States, the parties may plead and

manage their own causes personally <u>OR</u> by the assistance of such counsel <u>OR</u>

attorneys at law . . . .'").  Both these motions were denied.  ECF Nos. 340, 341.

The defendant now re-packages his demand for a non-attorney

representative, and argues that a purported conflict exists between Title 28, United

States Code, Section 1654 and the Judiciary Act of 1789, 1 Stat. 73, Section 35,

and that this conflict bears upon his demand for a non-attorney representative.  The

defendant asks this Court to order the government to "correct Title 28 USC 1654

and codify the exact language passed by Congress."

The defendant's explanation of this purported conflict is unintelligible.[1]  In any event, this bramble need not be traversed.  To the extent the defendant again seeks non-attorney counsel representation, this matter has been decided.  ECF No. 340 at 1-2 ("In *Wheat*, the Supreme Court recognized that the Sixth Amendment right to counsel is circumscribed in several respects, including the requirement that such counsel be a properly licensed member of the bar . . . .  The Ninth Circuit has affirmed this well-settled rule.").  The time for appeal of this Order to the District Court has expired.  Crim. L.R.57.3(b).

To the extent that the defendant seeks an order directing the government to alter or modify an existing statute, namely Title 18, United States Code, Section 1654, the motion should be summarily denied.  The Constitution and the principle of separation of powers vests Congress with the exclusive power to enact legislation.  U.S. Const. art. I.  Only Congress may modify the language of an

---

[1]  The defendant argues that Section 35 and Section 1654 are in conflict as to whether the defendant may be represented in Court by a non-attorney.  Exh. A 1. The defendant argues, without authority, that the reference in Section 1654 to appearance by "counsel" permits non-attorney representation, and that the absence of the term "attorney at law," "could only mean that having an attorney at law for the representation of a legal matter is NOT authorized."  However, the same salient term, "counsel," which the defendant claims authorizes him to be represented by a non-attorney, appears in both citations.  Accordingly, the authorities are not in conflict.  In any event, the defendant's argument is plainly incorrect: representation in court by counsel refers to an attorney admitted to the bar.  *United States v. French*, 748 F.3d 933-34 (9th Cir. 2014); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962).

earlier statute.  *Dorsey v. United States*, 567 U.S. 260, 274 (2012); *cf. Nw. Airlines, Inc. v. Transp. Workers Union*, 451 U.S. 77, 97 (1981) ("The authority to construe a statute is fundamentally different from the authority to fashion a new rule or to provide a new remedy which Congress has decided not to adopt.").  Should the defendant believe that an existing statute requires modification, his remedy is with Congress.

## CONCLUSION

For the reasons above, the government respectfully requests that the Court deny the defendant's motion.

DATED:  March 26, 2019, at Honolulu, Hawaii.

KENJI M. PRICE
United States Attorney
District of Hawaii


By */s/ Gregg Paris Yates*
GREGG PARIS YATES
Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

<u>Served Electronically through CM/ECF:</u>

Lars Isaacson, Esq.
hawaii.defender@earthlink.net

Attorney for Defendant
ANTHONY T. WILLIAMS


Michael Jay Green, Esq.
michaeljgreen@hawaii.rr.com

Attorney for Defendant
ANABEL CABEBE


Birney B. Bervar, Esq.
bbb@bervar-jones.com

Attorney for Defendant
BARBARA WILLIAMS

//

//

//

//

//

//

Served by First Class Mail:

    Anthony T. Williams
    Register No. 05963-122
    Inmate Mail
    FDC Honolulu
    PO Box 30080
    Honolulu, HI 96820

    DATED:  March 26, 2019, at Honolulu, Hawaii.


                                    */s/ Dawn Aihara*
                                    U.S. Attorney's Office
                                    District of Hawaii