# MINUTES

|              |                              |            |   |
|--------------|------------------------------|------------|---|
| CASE NUMBER: | CR NO. 17-00101LEK           |            |   |
| CASE NAME:   | USA vs. (01) ANTHONY T. WILLIAMS |        |   |
| ATTYS FOR PLA: |                            |            |   |
| ATTYS FOR DEFT: |                           |            |   |
| INTERPRETER: |                              |            |   |

|        |                     |           |   |
|--------|---------------------|-----------|---|
| JUDGE: | Leslie E. Kobayashi | REPORTER: |   |
| DATE:  | 4/15/2019           | TIME:     |   |

COURT ACTION:   EO: COURT ORDER DENYING SECOND MOTION TO WITHDRAW AS COUNSEL

    On March 26, 2019, pro se Defendant Anthony T. Williams's ("Defendant") stand-by counsel, Lars Isaacson, Esq., filed his Second Motion to Withdraw as Counsel ("Motion to Withdraw"). [Dkt. no. 442.] Mr. Isaacson seeks to withdraw because he believes he is "unable to assist [Defendant] in the manner in which [Defendant] believes appropriate and necessary for his defense." [Motion to Withdraw, Decl. of Counsel at ¶ 3.d.] Defendant is apparently dissatisfied with Mr. Isaacson's representation as stand-by counsel because Mr. Isaacson does not respond to Defendant's messages as fast as Defendant would like, and he is not able to meet with Defendant in person as often as Defendant would like. [Id. at ¶ 3.c.] These are not grounds to withdraw.

    "An attorney who has appeared in a case may seek to withdraw on motion showing good cause." Local Rule LR86.3(b); see also Crim. Local Rule LR12.3 ("Except as otherwise provided in these Local Criminal Rules, the General and Civil local rules are applicable to criminal cases."). First, "[t]here is no clearly established constitutional right to effective assistance of standby counsel." Rishor v. Ferguson, 822 F.3d 482, 500 (9th Cir. 2016).

    Second, even if such a constitutional right exists, there is nothing in the record which suggests that the representation Mr. Isaacson has provided as Defendant's stand-by counsel is deficient in any way. Cf. United States v. Ray, 735 F. App'x 290, 292 (9th Cir. 2018) (stating that one of the elements of an ineffective assistance of counsel claim is that the "attorney's performance was unreasonable under prevailing professional standards"). While Defendant would prefer that Mr. Isaacson devote more time to this case, this Court

and the controlling legal authority recognize that an attorney generally works on more than one case at a time.

   Finally, the record does not indicate an irreconcilable conflict between Defendant and Mr. Isaacson.  See Christian v. Frank, Civil No. 04-00743 DAE-LK, 2011 WL 801966, at *1 (D. Hawai`i Feb. 10, 2011) (noting "whether the client is cooperative and willing to assist the attorney in the case" is among the factors that courts consider in determining whether good cause to withdraw exists (some citations omitted) (citing United States v. Cole, 988 F.2d 681, 683 (7th Cir. 1993) (stating that denying a motion to withdraw is not an abuse of discretion unless there is a conflict of interest or irreconcilable conflict between the attorney and the client that is so severe that it results in a complete lack of communication preventing an adequate defense))).  Mr. Isaacson and Defendant are still able to communicate, as evidenced by the fact that Mr. Isaacson continues to file timely motions and memoranda on Defendant's behalf.

   On the basis of the foregoing, there is no good cause that requires Mr. Isaacson's withdrawal as stand-by counsel.  The Motion to Withdraw is therefore DENIED.

   IT IS SO ORDERED.

Submitted by: Warren N. Nakamura, Courtroom Manager