KENJI M. PRICE  #10523
United States Attorney
District of Hawaii

GREGG PARIS YATES  #8225
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
E-Mail:     gregg.yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 17-00101 LEK |
| | ) |
| Plaintiff, | ) UNITED STATES'S SUPPLEMENTAL |
| | ) BRIEF IN OPPOSITION TO THE |
| vs. | ) DEFENDANT'S MOTION FOR |
| | ) SUPPRESSION OF EVIDENCE; |
| ANTHONY T. WILLIAMS  (1), | ) CERTIFICATE OF SERVICE |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

UNITED STATES'S SUPPLEMENTAL BRIEF IN OPPOSITION
TO DEFENDANT'S MOTION FOR SUPPRESSION OF EVIDENCE

Pursuant to this Court's Order, dated May 10, 2019, the government

respectfully responds to the new exhibits provided by Defendant Anthony T.

Williams in support of his Motion For Suppression of Evidence (Motion) [ECF

No. 437-2], just prior to the hearing upon his Motion. As argued in the government's opening brief, suppression here is unwarranted because a substantial basis supported the Magistrate Judge's probable cause determination. *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983). Moreover, a *Franks* hearing is precluded because the defendant failed to make a "substantial preliminary showing" that the warrant affidavits contain "intentionally or recklessly false statements," *United States v. DeLeon*, 979 F.2d 761, 763 (9th Cir. 1992).

In his untimely Reply brief, ECF No. 474, the defendant addresses the fatal omission of an offer of proof of deliberate falsehoods in the warrant affidavits, *see Franks*, 438 U.S. at 171, by identifying eight statements in the affidavits that purportedly contain falsehoods. Just before the May 10 hearing, the defendant then provided 18 exhibits, nine of which he relied upon at argument. ECF No. 476. In particular, the defendant referenced Exhibits A, B, C, E, F, H, J, O, and R, the last of which re-prints the warrants at issue.[1]

For the reasons below, the new exhibits do not affect the government's conclusions. ECF No. 457.

---

[1] For ease of reference, Exhibits A, B, C, E, F, H, J, and O are attached to this brief for the Court's review.

ARGUMENT

The Reply brief and eight new exhibits fail to make an offer of proof of an intentional or reckless false statement in the warrant affidavits that would might support a *Franks* hearing. *United States v. Chavez-Miranda*, 306 F.3d 973, 979 (9th Cir. 2002) ("allegations [of intentionally or recklessly false statements] must be accompanied by an offer of proof"). Instead, the eight new exhibits at issue erroneously raise factual disputes with statements in the warrant affidavits, which are irrelevant to the issue of intentional or reckless falsehood.

For example, the defendant's new Exhibit A challenges the assertion in the warrant affidavit that the defendant "and others made material misrepresentations, created false documents, and created false appearances that MEI was authorized to perform the services it was offering." Govt Resp. Df. Mot. Suppress Exh. A at 4-5 (Affidavit ¶ 9). The defendant's new Exhibit A argues that "none of the clients . . . ever made a complaint that Anthony T. Williams scammed and/or defrauded them." *See* Df. Exh. A (Affidavit of Rosy E. Thomas, dated May 6, 2019).

Six of the new eight exhibits appear relevant to the defendant's claim that the fraudulent mortgage services referenced in the warrant affidavits were provided by others, and not himself:

- Affidavit of Anabel Cabebe, dated Aug. 28, 2015, indicating that she "[was] a victim of a scam and

3

mortgage relief fraud scheme operated by <u>Edna Franco</u> who mislead me into thinking she could save my home[,]" implying that the defendant was not responsible for Cabebe's fraud loss. Df. Exh. B (emphasis added);

- Affidavit of Angelita Pasion, dated November 18, 2015, indicating that she "[was] a victim of a scam and mortgage relief fraud scheme operated by <u>Edna Franco, Henry Malinay, and Rowena Valdez</u>," implying that the defendant was not responsible for Pasion's fraud loss. Df. Exh. C (emphasis added);

- Letter from Colette Watanabe, State of Hawaii Department of Commerce and Consumer Affairs to Violeta and Ely Natividad, dated September 21, 2015, discussing a bankruptcy claim filed against <u>Henry Malinay and Mortgage Enterprise</u>, implying that another individual was responsible for a mortgage fraud loss suffered by the addressees. Df. Exh. E (emphasis added);

4

- Letter from Colette Watanabe, State of Hawaii Department of Commerce and Consumer Affairs, to State of Hawaii Department of the Attorney General, dated September 16, 2013, discussing a complaint against <u>Hep Yanez Guinn and others</u>, "alleging *inter alia*, violations of Unauthorized Practice of Law and Mortgage Rescue Fraud. Df. Exh. F;

- Letter from Colette Watanabe, State of Hawaii Department of Commerce and Consumer Affairs, to Doloroso Dumlao, dated July 24, 2015, explaining that "you may be a victim of fraud if you paid an individual or company for mortgage rescue services." Df. Exh. H;

- Findings of Fact and Conclusions of Law on Plaintiff's Motion for Summary Judgment, *In re Henry Macasio Malinay*, Case No. 15-00044 (Bankr. D. Hi Sept. 3, 2015).[2]

---

[2] We note that this exhibit does not help the defendant's cause. Defendant's Exhibit J is a Federal Bankruptcy Court opinion that finds that the mortgage service "offered by Anthony Williams" was a "fraud," and that "Mr. Williams misled [Malinay and his wife] about the service, their mortgage had not been cut in

5

Finally, the defendant's Exhibit O responds to the assertion in the warrant application that "Williams currently does not have and has never obtained the licenses necessary to legally create, service, or modify loans in the State of Hawaii." Govt. Resp. Df. Mot. Suppress Exh. A at 4 (Affidavit ¶ 9). This document suggests that the defendant's company indeed did have some kind of state recognition. *See, e.g.*, Df. Exh. O ("Certificate of Exemption," Illinois Anti-Predatory Lending Database Program, dated October 15, 2012).

In essence, the eight new exhibits fail to support a *Franks* hearing because they argue the defendant's own version of facts to contest the investigation findings that the Federal Bureau of Investigation (FBI) Special Agent set forth in the warrant affidavit. However, absent evidence of intentional falsehood or of a reckless disregard of the demonstrable truth known to the affiant, factual disagreement is not a basis for a *Franks* hearing. *See United States v. Davis*, 714 F.2d 896, 899 (9th Cir. 1983) (intentional falsehood found where an affiant directly copied the affidavit of another law enforcement officer, including his first-hand observations, thereby falsely suggesting first-hand knowledge of the observed facts); *United States v. Stanert*, 762 F.2d 775, 781 (9th Cir 1985) (recklessly misleading statement found where affidavit referenced a drug lab explosion at the

---

half, the service had conferred no benefit upon them, and Mr. Williams was not even an attorney."

defendant's house the year prior to the search, but omitted the fact that explosion occurred before the defendant resided at the house).

The defendant's briefs and exhibits contain no evidence of the affiant's knowledge of a fact contrary to a proposition in the affidavit prior to signing the affidavit, or of the affiant's disregard for a salient fact that rendered a proposition in the affidavit misleading. *Davis*, 714 F.2d at 899; *Stanert*, 762 F.2d at 781.

Thus, the Court's review of the Magistrate Judge's determination of probable cause for the warrant is limited to the information contained in the four corners of the affidavits supporting the application for the search warrant. *Dawson v. City of Seattle*, 435 F.3d 1054, 1063 (9th Cir. 2006). For the reasons set forth in the government's brief, a substantial basis exists for the magistrate judge's probable cause determination and the warrants should be affirmed as valid.

DATED: May 17, 2019, at Honolulu, Hawaii.

KENJI M. PRICE
United States Attorney
District of Hawaii

By */s/ Gregg Paris Yates*
    GREGG PARIS YATES
    Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

<u>Served Electronically through CM/ECF:</u>

    Lars Isaacson, Esq.
    hawaii.defender@earthlink.net

    Attorney for Defendant
    ANTHONY T. WILLIAMS

Defendant to be served by Certified Mail:

    Anthony T. Williams
    Register No. 05963-122
    Inmate Mail
    FDC Honolulu
    PO Box 30080
    Honolulu, HI 96820

DATED: May 17, 2019, at Honolulu, Hawaii.

                                                /s/ Melena Malunao
                                                U.S. Attorney's Office
                                                District of Hawaii