KENJI M. PRICE  #10523
United States Attorney
District of Hawaii

GREGG PARIS YATES  #8225
Assistant United States Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
E-Mail:       Gregg.Yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 17-00101-01 LEK |
|  | ) |
| Plaintiff, | ) UNITED STATES'S RESPONSE |
|  | ) TO THE DEFENDANT'S NINTH |
| vs. | ) MOTION FOR ORDER TO SHOW |
|  | ) CAUSE; CERTIFICATE OF SERVICE |
| ANTHONY T. WILLIAMS, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

UNITED STATES'S RESPONSE TO
THE DEFENDANT'S NINTH MOTION FOR ORDER TO SHOW CAUSE

The government respectfully submits this brief in response to Defendant

Anthony T. Williams's (Defendant) Ninth Motion for Order To Show Cause (9th

OSC Motion).  The defendant filed the 9th OSC Motion as one of two related

motions, together with the Second Motion to Compel (2d Mot. Compel).  *See* 2d

Mot. Compel Exh. A, ECF No. 459-2.  The related 2d Motion to Compel seeks "2 Terabytes of discovery in [the government's] possession since November 2018," and "demands that the discovery that are documents be sent to the undersigned in paper form" and "audio [or] video oriented [discovery]" "be sent in CD or DVD form."  2d Mot. Compel Exh. A at 1, ECF No. 459-2.  This 9th OSC Motion seeks an Order requiring the BOP to give the defendant "his own computer independent of any computer available to other inmates" in order to review the aforementioned data.  9th OSC Mot. Exh. A at 1, ECF No. 460-2.

The 9th OSC Motion should be denied.  For the reasons below, the defendant not entitled to a personal computer at the Federal Detention Center (FDC) for his sole use to view his discovery or other files on the electronic devices that were seized from him.  Moreover, the defendant has failed to exhaust his administrative remedies with the BOP before approaching this Court.

## BACKGROUND

The facts required to respond to this motion overlap with those required to respond to the defendant's 2d Motion to Compel, ECF No. 459-2.  Accordingly, the government incorporates by reference the factual background section from its Response to the 2d Motion to Compel here.

//

//

# ARGUMENT

I.     The Court Has Denied Numerous Motions By The Defendant For Special Access To Equipment At The FDC

The 9th OSC Motion seeks an Order from this Court requiring the BOP to give the defendant access to equipment that FDC rules currently prohibit, namely a dedicated computer within the FDC for his personal use. The issues raised in the 9th OSC Motion have been litigated at least four times in this matter. *See* Defendant's Motion to Compel at 1, ECF No. 65 (seeking a "pro se phone," "printer," and "his own cell in order to be able to stay up late to do law work"); Defendant's Motion for Injunction against FDC for Retaliation at 1, ECF No. 87 (seeking "to have the FDC provide a dedicated computer in order for the undersigned to view his discovery"); Defendant's *Ex Parte* Application and Motion for Funds to Purchase Legal Supplies at Governments Expense at 1, ECF No. 120; Defendant's Fourth Order to Show Cause (4th OSC Motion) Exh. A at 1, ECF No. 287 (seeking 24 hour access to discovery).

The Court has denied each of the defendant's prior requests. Order Denying Ex Parte Application and Motion for Funds to Purchase Legal Supplies at Government Expense, ECF No. 132; Order Granting the Government's Appeal and Request to Reconsider a Pretrial Matter Determined by the Magistrate Judge (Order Granting Govt Appeal), ECF No. 310 (reversing Magistrate Judge ruling granting Defendant's Motion to Compel, ECF No. 65); Order Denying

Defendant's Motion for Injunction against FDC for Retaliation, ECF No. 346; Order Denying Defendant's Fourth Order to Show Cause, ECF No. 297.

The principles underpinning each prior decision apply here.

II.  The Defendant Has Constitutionally Adequate Access To His Discovery And Does Not Require Personal Access To A Computer

The defendant does not have a Constitutional right to his own computer equipment within the FDC to view his discovery and prepare his own defense. *See, e.g.*, Order Granting Govt Appeal 9, ECF No. 310. At issue is a hard drive containing data from the defendant's own electronic devices that were seized as part of the FBI's investigation into his mortgage fraud conduct in Florida. The government previously made this hard drive, along with two other hard drives containing information seized from the other defendants, available for each party, including Defendant Anthony Williams through his standby counsel, to inspect and copy, in their entirety. Exhibit A. The forensic images on the defendant's hard drive are complete copies of the defendant's accessible devices, and contain far more files than the government had seized pursuant to its search warrants. *United States v. Gray*, 78 F.Supp.2d 524, 529 (E.D.Va. 1999) ("[S]earches of computer files present the same problem as document searches—the intermingling of relevant and irrelevant materials—but to a heightened degree because of the massive storage capacity of modern computers.").

4

The Constitution does not require that the defendant have a dedicated computer for his sole, personal use for case preparation, let alone to conduct his own forensic analysis of images of seized electronic devices. The Fifth Amendment Due Process Clause guarantees a right of access to the court. *Storseth v. Spellman*, 654 F.2d 1349, 1352 (9th Cir. 1981). This right extends to an incarcerated *pro se* defendant. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). An appointed counsel offers a meaningful, and certainly the best avenue of access to an indigent inmate. *Storseth*, 654 F.2d at 1352. A court-appointed attorney has unlimited access to an inmate's discovery and to legal research, in addition to his/her own legal expertise. The offer of court-appointed counsel to represent the defendant satisfies the government's Constitutional obligation to provide meaningful access to the courts. *United States v. Wilson*, 690 F.2d 1267, 1272 (9th Cir. 1982). The defendant has been offered court-appointed counsel, but has invoked his statutory and Sixth Amendment right to waive the advantages of counsel and represent himself. 28 U.S.C. § 1654; *Faretta v. California*, 422 U.S. 806 (1975).

Having waived his right to Court-appointed counsel, the defendant must accept the consequences and limitations of his decision. "When an adequate method of access is provided and an inmate does not avail himself of it, he may not insist on an avenue of his choosing[,]" as the defendant attempts to do here.

*Storseth*, 654 F.3d at 1353.  In prison, the defendant's access to his discovery is limited: the Sixth Amendment demands that an incarcerated *pro se* defendant be afforded reasonable access to 'law books, witnesses, or other tools to prepare a defense." *Milton v. Morris*, 767 F.2d 1443, 1446 (9th Cir. 1985).  However, the defendant's right of access must be balanced against the legitimate security needs or resource constraints of the prison.  *United States v. Robinson*, 913 F.2d 712, 717 (9th Cir. 1990), *cert. denied*, 498 U.S. 1104 (1991).

The BOP has legitimate policy and security interests in controlling the access that inmates have to computers, cellphones, and other electronic or communications devices within the FDC.  Similarly, BOP has an interest in managing its resources and maintaining inmate safety by controlling access to e-discovery terminals within the FDC.

As this Court has ruled, BOP has provided the defendant sufficient access to a computer to view his discovery within the FDC to pass Sixth Amendment muster.  Order Denying 4th OSC Motion 1, ECF No. 297.  The defendant has had access to his discovery disks at the Federal Detention Center, Honolulu, and can schedule time at a dedicated e-discovery terminal.  *Id.*  The defendant understands the procedure and has utilized it.   The Ninth Circuit has approved far more severe restrictions upon an incarcerated defendant's access to discovery.  In *United States v. Sarno*, the Ninth Circuit found no abuse of discretion when an incarcerated

defendant was provided only <u>twenty</u> hours to review 250,000 pages of discovery in preparation for trial. 73 F.3d 1470, 1492 (9th Cir. 1982). Indeed, this Court has found that the defendant "has more than adequate access to: 1) a computer for research and to review discovery; and 2) a typewriter and a copier to prepare his legal filings." Order Granting Govt Appeal 9, ECF No. 310.

      Moreover, the hard drives made available for inspection include substantial information that are not relevant to this prosecution and are outside the scope of the government's search warrants. *See United States v. Hay*, 231 F.3d 630, 637 (9th Cir. 2000) (upholding warrant for seizure of entire computer for offsite search for child pornography). The FBI scanned the entire contents of these electronic devices for relevant documents for seizure pursuant to the warrants. *United States v. Defreitas*, 701 F.Supp.2d 297, 307 (E.D.N.Y. 2010). Only the items copied pursuant to the warrants are discoverable. While the devices as a whole may be subject to inspection, *see, e.g.*, Federal Rule of Criminal Procedure Rule 16, the defendant has no right to a personal computer at FDC to peruse un-seized files. Should the defendant wish to view these files, he may utilize his standby counsel, and possibly petition the Court for an expert to review the forensic images.

      It should be noted that, since the defendant has filed this motion, the government has uncovered certain search result reports completed by the FBI in 2015 and 2016 pursuant to its initial search warrants. Since conducting its initial

warranted searches, the government has not sought another warrant to re-search the forensic images of these devices. The government will produce these reports of results on disk to the defendant promptly. The defendant will be able to view these search results at FDC just as he would any of his discovery disks.

III.    The Defendant's Claims Are Not Properly Before The Court Because He Has Failed To Exhaust His Administrative Remedies And Timely Follow The BOP's Grievance Procedures

The 9th OSC Motion should be denied because the defendant failed to follow and complete the BOP's grievance procedures. The 9th OSC Motion impermissibly challenges the conditions of the defendant's confinement in a manner similar to motions that this Court has rejected in the past. ECF Nos. 132, 346, 389, 430; *see also* Defendant's Eighth Motion for Order to Show Cause, ECF No. 433 (motion pending). Just as this Court has ruled upon those motions, *see id.*, the defendant must exhaust his administrative remedies with respect to challenges to the conditions of his confinement before approaching the Court.

The defendant failed to properly exhaust his administrative remedies relating his claims. "The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006) (*quoting McKart v. United States*, 395 U.S. 185, 193 (1969)). "The doctrine provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted."

*McKart*, 395 U.S. at 193 (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50, 51 (1938)).

Here, as with previous motions, the defendant has failed to show that he has exhausted the available administrative remedies with the BOP.  To exhaust his administrative remedies, the defendant must proceed through the Administrative Remedy Program.  *See* 28 C.F.R. §§ 542.10-542.19; Bureau of Prisons Program Statement on Administrative Remedy Program, Jan. 6, 2014 *avail. at* https://www.bop.gov/policy/progstat/1330_018.pdf.

This Court previously outlined the BOP grievance process in its March 7, 2018 Order at 4-5, ECF No. 132.  Under the BOP grievance process, the inmate must first seek informal resolution of the issue of concern at his institution of confinement, the Federal Detention Center, Honolulu.  *Id.* § 542.13.  If no informal resolution is reached, the inmate must file a formal request (BP-9) with the Warden.  *Id.* § 542.14.  If the Warden denies the remedy, the inmate may appeal first to the Regional Director (BP-10), within 20 days of receiving the Warden's response, and thereafter to the General Counsel in Washington, D.C. (BP-11), within 30 days of receiving the Regional Director's response.  *Id.* § 542.15.  Administrative exhaustion does not take place until a final decision is received from the Office of General Counsel, or until a response is not forthcoming within the time allotted for reply.  *Id.* §§ 542.15(a); 542.18.

As noted above, the defendant failed to file any grievance relating to his demand that the FDC must give him "his own computer independent of any computer available to other inmates . . . ." Accordingly, the defendant's demand for his own personal-use computer should be denied.

Both the defendant and his standby counsel, Lars Isaacson, Esq., have been on notice since March 7, 2018 that they are required to exhaust the defendant's administrative remedies before seeking redress from this Court. ECF No. 132. Because the defendant has failed to properly follow BOP administrative procedures, the motion should be denied.

## CONCLUSION

For the reasons above, the government respectfully requests that the Court deny the Defendant's 9th OSC Motion.

DATED: May 17, 2019, at Honolulu, Hawaii.

                    KENJI M. PRICE
                    United States Attorney
                    District of Hawaii

                    By */s/ Gregg Paris Yates*
                       GREGG PARIS YATES
                       Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

Served Electronically through CM/ECF:

>Lars Isaacson, Esq.
>hawaii.defender@earthlink.net
>
>Attorney for Defendant
>ANTHONY T. WILLIAMS

Served by Certified Mail:

>Anthony T. Williams
>Register No. 05963-122
>Inmate Mail
>FDC Honolulu
>PO Box 30080
>Honolulu, HI 96820

DATED: May 17, 2019, at Honolulu, Hawaii.

>/s/ Melena Malunao
>U.S. Attorney's Office
>District of Hawaii