KENJI M. PRICE #10523
United States Attorney
District of Hawaii

GREGG PARIS YATES #8225
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
E-Mail:    gregg.yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 17-00101 LEK |
| Plaintiff, | ) <br> ) UNITED STATES'S RESPONSE TO <br> ) DEFENDANT'S SECOND MOTION TO |
| vs. | ) COMPEL; CERTIFICATE OF SERVICE <br> ) |
| ANTHONY T. WILLIAMS (1), | ) <br> ) |
| Defendant. | ) <br> ) |

UNITED STATES'S RESPONSE TO
DEFENDANT'S SECOND MOTION TO COMPEL
AND NINTH MOTION FOR ORDER TO SHOW CAUSE

The government respectfully submits this response to Defendant Anthony T.

Williams's (Defendant) Second Motion to Compel (2d Motion to Compel). The

defendant filed the 2d Motion to Compel as one of two related motions, together

with the Ninth Motion For Order To Show Cause (9th OSC Motion). *See* 2d Mot. Compel Exh. A, ECF No. 460-2. The 2d Motion to Compel seeks "the 2 Terabyte[s] of discovery in [the government's] possession since November 2018," and "demands that the discovery that are documents be sent to the undersigned in paper form" and "audio [or] video oriented [discovery]" "be sent in CD or DVD form." 2d Mot. Compel Exh. A at 1, ECF No. 459-2.

In sum, the government made the complete forensic images from the working, accessible electronic devices that it seized from the defendant available to him through his standby counsel on January 23, 2019. Since then, the government has located the forensic images for two additional devices, as well as the results of searches that had been conducted earlier. These shall be promptly produced. The defendant is not entitled to any further processing of this data.

## BACKGROUND

Because the discovery in this matter implicates some technical issues, we provide the following background for the Court's benefit.

The Superseding Indictment arises out of a mortgage fraud scheme executed by the defendant in at least two states, Florida and Hawaii. FBI Miami Field Office (FBI Miami) and the Broward County Sheriff's Department conducted investigations of the defendant's conduct in the State of Florida, in parallel with the Federal Bureau of Investigation Honolulu Field Office's (FBI Honolulu)

investigation in the State of Hawaii. According to FBI Miami's reports, the following digital media were seized from the defendant during the course of the investigations conducted in Florida:

1. Macbook Pro laptop, serial #CO2PGFASFVH3 (Item 1);
2. Black WD "My Passport" hard drive, serial #WXB1A3305540 (Item 2);
3. Black USB drive with blue tape (Item 3);
4. Sandisk USB drive (Item 4);
5. Lexar 8GB USB drive (Item 5);
6. Lexar 32GB USB drive (Item 6)
7. Toshiba Hard Drive, serial #846ZSVC1STT1 (Item 7);
8. WD Hard Drive, serial #WCC4E83TLT6C (Item 8);
9. Sandisk Ultra 8GB Micro (Item 9);
10. Black Amazon Kindle (Item 10);
11. Amazon device, model SR87CV ID-2ACBF-6708 (Item 11);
12. Black iPhone model A1387 ID-BCG-E2430A (Item 12);
13. White iPhone model A1349 ID-BCG-E2422A (Item 13);

FBI Miami reports indicate that the above-listed items were seized pursuant to Federal warrants. In addition, FBI Miami obtained and served search warrants to Yahoo!, Inc., the e-mail service provider, for e-mail messages to and from two e-mail addresses, "troyceo" and "barbarawilliams2003" at yahoo dot com.

In order to search the above-referenced devices, the FBI created forensic images of the devices. Forensic imaging involves making a bit-for-bit copy of all data contained within each electronic device, including files, file metadata, files that were marked for deletion, and free space. Of the 13 devices seized in Florida, Items 1-9 listed above could be forensically imaged at the time of their seizure.[1] Of the nine devices that could be imaged, FBI Miami imaged Items 1-8. Forensic examiners were not able to access and extract data from Items 10-13.

The FBI searched the complete forensic images of each working, accessible device for files within the scope of the search warrants by bookmarking relevant files and creating a report of results for use in the investigation, which were captured on results disks. The results disks contained all files that were responsive to the search warrant, and were in a readable format.

Sometime prior to September 2018, the FBI Miami discontinued its investigation. In Fall 2018, FBI Miami transferred all thirteen aforementioned electronic devices seized from the defendant to FBI Honolulu. Moreover, FBI Miami transferred forensic images of certain devices to FBI Honolulu.

---

[1] Due to the fact that FBI Miami later closed its investigation of the defendant, final forensic examination reports were not generated in connection with the defendant's devices. In light of the potential relevance of these reports to discovery in this prosecution, FBI Miami will generate all necessary forensic examination report(s) of the defendant's digital media for production to defense.

A forensic examiner for FBI Honolulu copied the forensic images that were received onto a 3 terabyte (TB) external hard drive. The same examiner also forensically imaged another device, which had not previously been imaged, for the sole purpose of discovery and included this forensic image on the same 3TB hard drive. Finally, the FBI examiner also loaded onto the 3TB hard drive all messages associated with the troyceo@yahoo.com email account that Yahoo sent to FBI Miami in response to the search warrant. After copying the digital files, the 3TB hard drive contained 2.146TB of data.

On January 23, 2019, the government made the aforementioned 3TB hard drive available to all parties, and to defendant Anthony Williams, through his standby counsel, Lars Isaacson, Esq. Exhibit A. During the week of April 15, 2019, counsel for the government reiterated its offer to make the aforementioned 3TB hard drive available to the defendant through Mr. Isaacson, and informed him that the defendant's hard drive, as well as hard drives containing data seized from other defendants, had been prepared for him to pick up. Mr. Isaacson responded that we "leave him out of it," as the defendant was "not his client."

The Bureau of Prisons (BOP) will not permit an incarcerated inmate such as the defendant to possess a stand-alone hard drive within the Federal Detention Center. However, the government has confirmed that the BOP will accommodate

the defendant by permitting him to review electronic evidence on hard drives at the FDC in the presence of his standby counsel. Exhibit B.

In connection with its investigation to respond to this motion, the FBI Honolulu determined that the 3TB hard drive included only the forensic images for 7 electronic devices (Items 1-6, and 9), and omitted the images for two others (Items 7 and 8). Moreover, the results disks of the prior FBI Miami searches had not been included as a result of an oversight.

## ARGUMENT

The motion should be denied. The government has been in compliance with its discovery obligations, and will continue to be compliance as it uncovers additional information.

At issue is a single 3TB hard drive that the government prepared, which contains forensic images of working, accessible devices that were seized from the defendant as part of the FBI's investigation into his mortgage fraud conduct in Florida, as well as e-mail messages provided by Yahoo, Inc. in response to a search warrant. This hard drive has been available to the defendant through his standby counsel since January 23, 2019. Moreover, the government has located the forensic images for two additional devices and the reports of the warranted searches that were conducted upon the devices. The government will produce these promptly.

I. **The FBI Created And Made Available To The Parties Forensic Images Of Working, Accessible Electronic Devices Seized From The Defendant**

The government has complied with its discovery obligations with respect to the forensic images on the 3TB hard drive. As noted below, the forensic images themselves are not technically evidence or discoverable. In any event, the government has made the 3TB hard drive available to the defendant through his standby counsel.

The government created and possessed forensic images of the defendant's devices to facilitate its warranted search of those devices. The seizure of electronic devices and creation of forensic images to conduct searches of electronic devices has been recognized and accepted by Federal courts. *See United States v. Hay*, 231 F.3d 630, 637 (9th Cir. 2000) (upholding warrant authorizing seizure of a defendant's entire computer system because the circumstances justified taking the entire computer system off site because of the time, expertise, and controlled environment required for a proper analysis). The defendant's devices contained electronically stored information (ESI), which is "volatile" and "can be altered, overwritten or destroyed simply by running conflicting software or by conducting routine maintenance." *Javeler Marine Svcs. LLC v. Cross*, 175 F.Supp.3d 756, 761 (S.D. Tex. 2016). To preserve ESI for proper searching, the FBI created forensic images of the working, accessible seized devices, which are a "functional reproduction of the physical storage disk" and allows access to "any application

file or electronic document on the hard drive with all that document's original properties and metadata intact." *Colosi v. Jones Lang LaSalle Ams., Inc.*, 781 F.3d 293, 297 (6th Cir. 2015).

The forensic images that the government created fall outside the government's discovery obligations because they contain a substantial amount of information that is irrelevant to the prosecution and outside the scope of the search warrants obtained by the FBI. *See, e.g. United States v. Gray*, 78 F.Supp.2d 524, 529 (E.D.Va. 1999) ("[S]earches of computer files present the same problem as document searches—the intermingling of relevant and irrelevant materials—but to a heightened degree because of the massive storage capacity of modern computers."). Indeed, specialized software and expertise is required to explore the data on these forensic images. *See, e.g., United States v. Ganias*, 824 F.3d 199 (2d Cir. 2016) ("Forensic software gives a forensic examiner access to electronically stored information (ESI) that is otherwise unavailable to a typical computer user.") (quoting Daniel B. Garrie & Francis M. Allegra, Fed. Judicial Ctr., *Understanding Software, the Internet, Mobile Computing, and the Cloud: A Guide for Judges* 39 (2015)). Only the items viewed and copied pursuant to the warrants are "seized" for the purposes of the Fourth Amendment and are therefore discoverable. *Cf. Gray*, 78 F.Supp.2d at 528 (discussing applicability of Fourth Amendment plain view exception to computer file search). Despite this, the government has made

the complete forensic images of six of the working, accessible electronic devices seized from the defendant available for all parties to copy and inspect.

The fact that the government has made the forensic images available to the defendant through his standby counsel does not render the government noncompliant with its discovery obligations. All defendants have the same rights with respect to the forensic images that have been made available. Although the defendant is incarcerated, he can access the forensic images through his standby counsel, or obtain the results of any analysis, just as any other defendant. The defendant cannot selectively use his standby counsel to file frivolous motions, and then refuse acceptance of discovery through his counsel to provide himself a basis upon which to file a motion to compel.

Moreover, the defendant is not entitled to further processing of the above-referenced data and discovery by the government. *See* Df. 2d Mot. Compel Exh. A (demand for documents "in paper form" and "audio [or] video oriented" files in "CD or DVD form"). To the extent that the defendant, or any party, wishes to conduct his own analysis of the metadata or files that had been marked for deletion on the devices, he or she can petition the Court for an expert to access and review the forensic images, either him/herself or through his/her counsel. Indeed, the government is not in a position to re-search the forensic images. The warrants pursuant to which the FBI conducted its searches were obtained in 2015, and

would likely not support another search today. *Durham v. United States*, 403 F.2d 190, 193 (9th Cir. 1968) (affidavit must be based on facts "closely related to the time of the issue of the warrant . . . to justify a finding of probable cause).

In sum, the government has satisfied its discovery obligations with respect to the forensic images on the 3TB drive. In addition, as noted, the government recently located forensic images for two additional electronic devices, and will make these available to the defendant promptly.

II. The FBI Searched The Forensic Images For Relevant ESI And Created Reports Of Results

The government will continue to comply with its discovery obligations in connection with the recently-discovered search results disks. As noted, FBI Miami conducted warranted searches of the forensic images of the six electronic devices that they had imaged. This process involves scanning the files on the forensic images, bookmarking relevant documents within the scope of the FBI's search warrants, and copying only those relevant documents onto a report of results. *United States v. Defreitas*, 701 F.Supp.2d 297, 307 (E.D.N.Y. 2010).

As noted, the FBI has recently located the reports of results for the searches that were conducted upon the forensic images of six of the defendant's electronic devices. The reports of these previous searches results contain files in readable format that should be viewable by the defendant within the FDC. The government

does not dispute that these reports contain discoverable information, and will make these available to the defendant promptly.

III. The Government Has Made The Forensic Images Of The Electronic Devices It Seized Available For Inspection And Will Produce All Recently Discovered Search Results

In sum, the government has complied with its discovery obligations and will continue to do so. For ease of review, the government sets forth below a chart of the devices that it seized from the defendant, the information—if any—that the government was able to obtain from each device, and whether the information was or will be made available to the defendant.

| # | Device | Forensic Image Made | Search of Image Completed and Report Created | Other Disposition |
|---|---|---|---|---|
| 1 | Macbook Pro laptop, serial #CO2PGFASFVH3 | Yes, made avail. To defendant 1/23/2019 | No | |
| 2 | Black WD "My Passport" hard drive, serial # WXB1A3305540 | Yes, made avail. To defendant 1/23/2019 | Yes, will be produced | |
| 3 | Black USB drive with blue tape | Yes, made avail. To defendant 1/23/2019 | No | |
| 4 | Sandisk USB drive | Yes, made avail. To defendant 1/23/2019 | Yes, will be produced | |
| 5 | Lexar 8GB USB drive | Yes, made avail. To | Yes, will be produced | |

11

|    |                                                                          |                                                  |                          |                       |
|----|--------------------------------------------------------------------------|--------------------------------------------------|--------------------------|-----------------------|
|    |                                                                          | defendant 1/23/2019                              |                          |                       |
| 6  | Lexar 32GB USB drive                                                     | Yes, made avail. To defendant 1/23/2019          | Yes, will be produced    |                       |
| 7  | Toshiba Hard Drive, serial #846ZSVC1STT1                                 | Yes, will be produced                            | Yes, will be produced    |                       |
| 8  | WD Hard Drive, serial #WCC4E83TLT6C                                      | Yes, will be produced                            | Yes, will be produced    |                       |
| 9  | Sandisk Ultra 8GB Micro.                                                 | Yes, made avail. To defendant 1/23/2019          | No                       |                       |
| 10 | Black Amazon Kindle                                                      | No                                               | No                       | Will return device    |
| 11 | Amazon device, model SR87CV ID-2ACBF-6708 (described as a "laptop")      | No                                               | No                       | Will return device    |
| 12 | Black iPhone model A1387 ID-BCG-E2430A                                   | No                                               | No                       |                       |
| 13 | White iPhone model A1349 ID-BCG-E2422A                                   | No                                               | No                       |                       |
| 14 | Yahoo, Inc. Warrant response re troyceo@yahoo.com                        | Yes, made avail. To defendant 1/23/2019          | No                       |                       |

## CONCLUSION

In light of the foregoing, the government respectfully requests that the Court deny the 2d Motion to Compel.

DATED: May 17, 2019, at Honolulu, Hawaii.

                KENJI M. PRICE
                United States Attorney
                District of Hawaii

                By /s/ Gregg Paris Yates
                  GREGG PARIS YATES
                  Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

**Served via CM/ECF:**

Lars R. Isaacson, Esq.
hawaii.defender@earthlink.net

Attorney for Defendant
  ANTHONY WILLIAMS

**Served via Certified Mail:**

Anthony T. Williams
Register No. 05963-122
FDC Honolulu
Federal Detention Center
Inmate Mail
PO Box 30080
Honolulu, HI 96820

DATED:   May 22, 2019, at Honolulu, Hawaii.

/s/ Melena Malunao
United States Attorney's Office
District of Hawaii