# EXHIBIT "A"

TRULINCS 05963122 - WILLIAMS, ANTHONY TROY - Unit: HON-D-B

---

FROM: 05963122
TO: Isaacson, Larsrobert; Thomas, Rosey
SUBJECT: MOTION FOR BOND
DATE: 02/06/2019 08:30:15 AM

2-6-19 @ 8:30 a.m. Mr. Isaacson please attach the documents to this motion that I spoke to you about today and email you about on 2-4-19. Thanks

MOTION FOR BOND

   COMES NOW, defendant by and through the undersigned Common Law Counsel,, Private Attorney General Anthony Williams, who is a servant of the Most High Yahweh Elohim and Yahshua the Mahshyah and submits this Motion For Bond pursuant to the Eighth Amendment of the U.S. Constitution, The Bail Reform Act of 1984, Title 18 USC 3142, 18 USC 3145(b), 18 USC 3164, and Federal Rules of Criminal Procedure, Rule 46 and hereby submits the reasons bond is due. As grounds therefor, the undersigned states the following:

1. On February 15, 2017 the undersigned was arrested and held on an indictment for mail and wire fraud while awaiting trial in Florida.

2. The undersigned demanded a speedy trial upon learning of the bogus federal charges filed against the defendant.

3. The undersigned was taken into custody of the U.S. Marshals on July 21, 2017 and transported to the Honolulu Federal Detention Center on September 21, 2017. Trial was set for September 29, 2017 and was continued over the objection of the undersigned to October 17, 2017.

4. The trial again was continued over the objection of the undersigned to November 21, 2017.

5. The trial again was continued over the objection of the undersigned to May 15, 2018.

6. On March 28, 2018, Ronald Johnson filed a bogus Superseding Indictment which added the undersigned mother to the indictment which was done for no other purpose but to delay the trial because the trial was rapidly approaching and the government had no intentions on taking the case to trial. This practice has been repudiated by the Eleventh Circuit which stated, "Trial court was required to decide whether the government delayed the indictment to gain a tactical advantage." United States v. Foxman, 87 F. 3d 1220 (11th Cir. 1996). The Ninth Circuit ruled on this issue when it stated, "Delay to arraign co-defendant violated Speedy Trial." United States v. Hardeman, 249 F. 3d 826 (9th Cir. 2001)

7. The court granted another trial extension over the objection of the undersigned and re-scheduled the trial to commence on December 16, 2018 (which was impossible because the 16th fell on a Sunday so it proves that there was no intention to have the trial), which was another 6 months continuance.

8. The government file a bogus Mental Competency motion questioning the mental competency of the undersigned that the undersigned may be mentally insane or suffering from some mental defect which prevented the undersigned from understanding the charges against him and the court terminated the December 16, 2018 trial date until the completion of the bogus evaluation.

9. After the undersigned was evaluated and deemed competent (which was never in question but used as another ploy and legal tactic to delay the trial and further unlawfully pre-trial incarcerate the undersigned, counsel for the undersigned mother filed for a continuance which was unlawfully granted and extended now for another year until January 21, 2020.

10. As of December 2019, the hold on the undersigned has been lifted and the undersigned is now considered pre-trial status.

11. Under 18 USC Section 3142 (b) of the Bail reform Act of 1984, a defendant must be released on personal recognizance or unsecured personal bond unless such release will endanger the safety of any other person or the community.

12. Under Section 3142(9)(c) if the judicial officer determines (THROUGH FACTS AND EVIDENCE) that the defendant is a flight risk, the judicial officer MUST CHOOSE the LEAST RESTRICTIVE condition that will assure defendants appearance and safety of the community.

TRULINCS 05963122 - WILLIAMS, ANTHONY TROY - Unit: HON-D-B

--------------------------------------------------------------------------------

13. Under section 3142(c)(2) it precludes a judicial officer from imposing a financial condition that results in the pre-trial detention of the person.

14. Under section 3142(g) it set forth the factors for the judicial officer to consider in determining whether to release the defendant. These factors must be considered whenever release is sought whether under section 3142 (pending trial), section 3143 (pending appeal or sentence), section 3144 (material witness) or section 3148(b) (violation of release condition). The factors are:
   1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
   2) the weight of the evidence against the person;
   3) the history and characteristics of the person, including-
      A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
      B) whether at the time of the current offense or arrest, the person was on probation, on parole, on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State of local law; and
   4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.
The Seventh Circuit has warned that the trial court MAY NOT disregard ANY of these factors. United States v. Torres, 929 F. 2d 291, -92 (7th Cir. 1991). The Ninth Circuit has said that of the four factors, the weight of the evidence against the defendant is the least important. United States v. Gebro,, 948 F. 2d 1118, 1121 (9th Cir.1991); United States v. Winsor, 785 F. 2d 755, 757 (9th Cir. 1986). The D.C. and Third Circuits stated that findings should be based on EVIDENCE presented at the detention hearing, not on extraneous information. United States, v. Vartis, 785 F. 2d 327, 329 (D.C. Cir.)

15. Under section 3142(f)(i) it provides that a detention hearing shall be held on the governments motion in a case involving (1) a crime of violence; (2) an offense carrying a penalty of life imprisonment or death; (3) a federal drug offense carrying a penalty of ten years or more; or (4) any felonly following convictions for two or more of the above three offenses, two or more comparable state or local offenses, or a combination of such offenses. Although some courts have detained defendants in circumstances other than those listed in section 3142(f) the First, Third, and Fifth Circuits, the only circuits to address the question directly, held that defendants MAY NOT BE DETAINED unless they fit into one of the four categories described above. By this provision alone the undersigned must be released.

16. The undersigned has been pre-trial detained on the instant charges for 2 years without being taken to trial for reasons not attributable to the undersigned but to the government and the attorneys of co-defendants. The Ninth Circuit has already ruled on this issue when it stated, "continuances for co-defendants violated Speedy Trial Act." United States v. Hall, 181 F. 3d 1057 (9th Cir. 1999)

17. The undersigned filed a Motion To Sever to prevent the further delay of the trial because of co-defendant's attorneys and the motion was unlawfully denied causing immeasurable and irreparable harm to the undersigned and grossly violating his speedy trial right on the account of co-defendant's attorneys.

18. There is a presumption in favor of release on non-monetary conditions for any person who is granted pre-trial release unless such person is charged with a dangerous crime. A person shall be released on monetary conditions if it is determinded that such monetary conditions are necessary to assure the presence of the person at trial or other proceedings, to protect community from risk of physical harm to persons or to assure the presence of the accused at trial.

19. The crime charged in the present case is not enumerated as a "crime of violence" pursuant to 18 USC 3156(a)(4) and there are no victims and certainly no danger to the community.

20. The undersigned is not a danger to any one nor the community nor is the undersigned a flight risk as the charges are considered white collar crimes and the undersigned has been looking forward to expose this corrupt system in Hawaii and is not a flight risk as the undersigned does not have a passport nor any intentions of fleeing.

21. In 2013 the undersigned was falsely charged with rape and child molestation and was facing life imprisonment if convicted. The undersigned was given a bond and did not flee but appeared at every court hearing until the undersigned proved his innocence and had the case dismissed on September 3, 2014. (See Exhibit 1)

22. The undersigned is not facing life imprisonment with the current charges and because the undersigned doesn't have a criminal record (with the exception of the bogus conviction in Florida which is currently in appeal and shortly will be reversed), the undersigned is not facing any serious time even if he was somehow unlawfully convicted (which is not possible unless the

TRULINCS 05963122 - WILLIAMS, ANTHONY TROY - Unit: HON-D-B

--------------------------------------------------------------------------------

jury is rigged as it was in Florida), so there would be no reason for the undersigned to flee which would add 5 years to his charges for fleeing prosecution.

23. According to 18 USC 3164, once a defendant has been designated by the government as being of high risk, the government has 90 days to take the defendant to trial and if they fail to take defendant to trial then defendant is entitled to a bond. 18 USC 3164(c) states,"No detainee, as defined in subsection (a), shall be held in custody pending trial after the expiration of such ninety-day period required for the commencement of his trial." This clearly has been grossly violated by the government and the undersigned should be immediately released.

24. Defendant has been pre-trial incarcerated for 2 years and the court just extended the trial date for another year which would constitute 3 year pre-trial incarcerartion because of a court conflict with a co-defendants attorney's other trial which is a violation of the speedy trial provision of the Sixth Amendment to the U.S. Constitution. The Tenth Circuit ruled on this issue when it stated, "Continuance because of court conflict violated Speedy Trial Act." United States v. Johnson, 120 F. 3d 1107 (10th Cir. 1997)

25. Extending a trial for over a year after it has already been unlawfully continued 6 times is unconstitutional and quite frankly discriminatory and malicious. The Ninth Circuit Court has also ruled on this issue when it stated, "112 day continuance was not justified." United States v. Lloyd, 125 F. 3d 1263 (9th Cir. 1997). The speedy trial exclusion provision of 3161(h) is unconstitutional and violates the speedy trial rights of defendant using the color of law to continue to delay the trial for reasons not attributable to the undersigned.

26. The undersigned should be release on the same conditions his mother and co-defendant Anabel Cabebe were released on so that the undersigned can properly prepare for trial (although we all know that there will be no trial because the government knows that it can't win at trial and is the reason for all of the continuances).

27. This continuance has further caused hardship on the undersigneds witnesses who had already paid for non-refundable flights and hotel accommodations and now the trial has been moved once again which will invariably cause any witnesses at this point to be hesitant of paying for accommodations to attend the trial when it has constantly been delayed creating a financial hardship for them and putting a strain on their employment because of having to make several previous provisions to take off work only to not have to take off work which causes problems with their employer for scheduling reasons and the uncertainty of their presence or absence from work during the time of the trial so that the employer can make provisions to cover their shifts in their absence.

   WHEREFORE, for the foregoing reasons the undersigned is entitled to bond and be immediately released.
Executed this 4th day of February 2019

Righteously submitted,

Anthony Williams
Anthony Williams
Private Attorney General
Counsel to the Poor (Psa. 14:6)
Common Law Counsel (28 USC 1654, First Judiciary Act of 1789, section 35)

**AMERICAN SURETY COMPANY**
P.O. Box 68932 • INDIANAPOLIS, INDIANA 46268

↓ ↓ ↓

DEFENDANT: Anthony Troy Williams
AGENT: E. Johnson
CAUSE NO. 4153
POWER NO. ___
EXECUTION DATE ___
CONTACT BY ___
RELATIONSHIP: mother

## FINANCIAL STATEMENT AND INDEMNITY AGREEMENT

NAME OF INDEMNITOR: Barbara A. Williams   PHONE: 282-939-8067   DATE OF BIRTH: 8-3-47
RESIDENCE ADDRESS: 2810 Blue Bonnet Trail   CITY: Killeen   STATE: TX   ZIP: 76549
CELL PHONE: 254-702-0508   E-MAIL ADDRESS: barbarawilliams2003@yahoo.com
SOCIAL SECURITY NUMBER: ___   EMPLOYED BY: Retired (Home Makers)   BOSS: ___
EMPLOYER'S ADDRESS: ___   CLOCK #: ___   DEPT: ___   PHONE: ___
SPOUSE'S NAME: Willie T. Williams   DATE OF BIRTH: 3-11-45
SPOUSE EMPLOYED BY: Union Service (Retired Minister) S.S.I.   PHONE: (251) 709-5414
PARENTS: Deceased   ADDRESS: ___

### PERSONAL REFERENCES | WORK OR HOME ADDRESS | PHONE
| | | |
|---|---|---|
| Sgt. Keshia Randle (daughter) | Maryland Ft. Frederick | (919) 492-1080 |
| Urster Willis (daughter) | Idaho md. James (air force) | (803) 807-8720 |
| Kay Watson (friend) | San Antonio, TX | (803) 395-1077 |

### ASSETS | LIABILITIES
| | | | |
|---|---|---|---|
| Cash in ___ Bank | $ | Money Borrowed on Notes | $ |
| Stocks, bonds, mortgages (market value): | $ | | |
| Real estate, the title to which is in my name alone: | $ | Mortgages on real estate scheduled opposite: | $ |
| Accounts Receivable | $ | Accounts Payable | $ |
| Other assets (in detail) | $ | Other Liabilities (in detail) | $ |
| Total Assets | $ | Total Liabilities | $ |

The maker of the above statement hereby authorizes the Surety to confirm the bank balances claimed and all other items comprising said statement.

**YOU ARE ASSUMING SPECIFIC OBLIGATIONS – READ CAREFULLY!**
**INDEMNITY AGREEMENT**

THIS AGREEMENT is made by and between the undersigned Defendant Indemnitors, and American Surety Company through its duly authorized Agent **A Rapid Bonding Company**

WHEREAS, American Surety Company (hereinafter called "Surety"), at the request of the Indemnitors has or is about to become SURETY on an appearance bond for Defendant in the sum of **One Hundred Thousand Dollars** ($100,000) by its certain bond executed on power of attorney number(s) ___

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein, the parties jointly and severally agree as follows:

1. That the Indemnitors will have Defendant forthcoming before the Court named on said Bond at the time(s) therein fixed, and at such other times as may be ordered by the Court.
2. That the Indemnitors will at all times indemnify and save the Surety harmless from and against any and all claims, demands, liabilities, costs, charges, counsel fees, expenses, suits, orders, judgments, or adjudications whatsoever which the Surety shall or may for any cause sustain or incur, by reason of Surety having executed said Bond or undertaking, and will, upon demand, place the Surety in funds to meet all such claims, demands, liabilities, costs, charges, counsel fees, expenses, suits, orders, judgments, or adjudications against it, by reason of its Suretyship, and before the Surety shall be required to pay the same.
3. That the agreement of indemnity contained in Paragraph 2 above shall continue as long as the SURETY has any liability or has sustained any loss, upon the bond referred to herein, and the undersigned further agrees not to make any transfer, or any attempted transfer of any of the property, real or personal, in which the undersigned has an interest or in which the undersigned may subsequently acquire any interest, and it is further agreed that the SURETY shall have a lien upon all property of the undersigned for any sums due it or for which it has become, or may become, liable by reason of its having executed the bond referred to herein. It is further agreed that the Indemnity Agreement contained in Paragraph 2 above and the provisions of this paragraph shall be binding upon and apply to any subsidiary, affiliate, parent or related enterprises created or acquired by the undersigned.
4. That the voucher or any other evidence of any payment made by the Surety, by reason of this Suretyship, shall itself, be conclusive evidence of such payment as to the Indemnitor, their estate, and those entitled to share in their estate, and their successors and assigns.
5. That the Surety may withdraw, at any time provided by law, from its Suretyship upon the Bond or undertaking herein, without liability to any party.
6. That Indemnitors' liability to Surety is not limited to the Bond referred to herein, but shall apply to all other bonds or undertakings issued by Surety at the request of the Indemnitors.
7. That Indemnitors' obligation and indemnities as contained herein shall not terminate upon exoneration of the bond or undertaking but shall continue until such time that Surety is relieved of all duties, demands, liabilities, obligations, costs or expenses in any way related thereto.
8. That the waiver by Surety of any breach of any term or condition herein shall not be deemed a waiver of same of any subsequent breach of the same term or condition, and that failure of any Indemnitor to comply with the terms and conditions herein shall not act as or be construed as a release or waiver as to the remaining Indemnitor who shall remain liable and bound by all provisions of this Agreement.
9. This Agreement shall be construed and enforced under the laws of the State of **Georgia**. In the event any of the provisions of this Agreement are inconsistent with the laws of this State, this Agreement, as to these provisions only, shall be null and void, but the remainder shall be enforced with the same effect as though such provisions were omitted.
10. The use of the plural herein shall include the singular. Obligations of the Indemnitors shall be joint and several and the provisions of this Agreement shall be binding upon Indemnitors' heirs, successors, representatives and assigns.

IN WITNESS WHEREOF, the parties have executed this Agreement this **6th** day of **June**, 20**14**.

WITNESSES:

X _____
SIGNATURE OF DEFENDANT

sign → Barbara A. Williams
here
X _____
SIGNATURE OF INDEMNITOR

X _____
SIGNATURE OF CO-INDEMNITOR

STATE OF: GA
COUNTY OF: Fulton

On this ___ day of ___, 20___, before me personally appeared ___ to me known to be the person ___ described in and who executed the foregoing instrument and ___ thereupon acknowledged to that ___ executed the same.

My Commission Expires ___   _____ Notary Public

ASC-14SNI Rev 05/08 (Page 2 of 3)

Exhibit 1

WILLIAMS_ET_AL_035257