KENJI M. PRICE  #10523
United States Attorney
District of Hawaii

GREGG PARIS YATES  #8225
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
E-Mail:     gregg.yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) CR. NO. 17-00101 LEK |
|---|---|
| Plaintiff, | ) <br> ) GOVERNMENT'S RESPONSE TO <br> ) DEFENDANT'S MOTION FOR |
| vs. | ) INJUNCTION AGAINST THE FDC FOR <br> ) RETALIATION; CERTIFICATE OF |
| ANTHONY T. WILLIAMS   (1), | ) SERVICE |
| Defendant. | ) <br> ) <br> ) |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR INJUNCTION AGAINST THE FDC FOR RETALIATION

The government respectfully submits this brief in response to Defendant

Anthony T. Williams's (Defendant) Motion for Injunction Against the FDC For

Retaliation (Motion).  The Motion claims that the defendant "has been confined 33

continuous days without any law library access or access to his discovery discs or law work." Motion 1-2, ECF No. 479. The Motion also claims that the "[Federal Detention Center, Honolulu (FDC)] Staff have . . . [deprived him of] access to [his] discovery discs, e-discovery computer, legal material and legal mail," purportedly in violation of an Order of this Court, as well as access to a "Lexis Nexis Computer to do research and computer to draft motions to send thru the email." *Id.* 2. The Motion seeks an injunction against the FDC to:

> (1) "order them to stop writing false disciplinaries to take away [his] ability to communicate via phone or e-mail[;]"
>
> (2) "to issue an order mandating the undersigned's immediate release and release of other inmates who have been in the [Special Housing Unit (SHU)] over 30 days[;]"
>
> (3) "expungement of the false disciplinary report of threatening bodily harm . . . [;]"
>
> (4) "to restore the undersigned's use of the phone and email . . . ."

*Id.* 2-3.

The Motion should be denied. As with numerous previous briefs, three of the demands in the Motion challenge the conditions of the defendant's confinement at the FDC. Although the Motion claims in a conclusory fashion otherwise, *see* Motion 2, the defendant has failed to show that he has exhausted his administrative remedies with the BOP before approaching this Court. Moreover, with respect to

the fourth demand in the Motion, the defendant is not entitled to release upon the ground that he has been purportedly been confined at the FDC Special Housing Unit for over 30 days.

## LEGAL ARGUMENT

The Motion should be denied because the defendant failed to follow and complete the BOP's grievance procedures. The defendant raises two issues in the Motion. First, he alleges that the FDC has improperly denied him access to his e-discovery during his time in the Special Housing Unit (SHU) since April 10, 2019. Motion at 2. Second, the defendant protests "false disciplinaries" and the sanctions – including placement in SHU – associated with his most recent incident report. *Id.* at 2-3. The defendant has neither initiated nor exhausted his administrative remedies for either issue.

I.  The Defendant's Claims Are Not Properly Before The Court Because He Has Failed To Exhaust His Administrative Remedies And Timely Follow The BOP's Grievance Procedures

The Motion impermissibly challenges the conditions of the defendant's confinement in a manner similar to motions that this Court has rejected in the past. ECF Nos. 132, 346, 389, 430; *see also* Defendant's Eighth Motion for Order to Show Cause, ECF No. 433 (motion pending); Defendant's Ninth Motion for Order to Show Cause, ECF No. 460 (motion pending). Just as this Court has ruled upon those motions, *see id.*, the defendant must exhaust his administrative remedies with

respect to challenges to the conditions of his confinement before approaching the Court.

The defendant failed to properly exhaust his administrative remedies relating his claims. The defendant includes a conclusory claim in his Motion that he has filed an administrative grievance. Motion 2 ("The undersigned has more than exhausted his administrative remedies . . ."); Declaration of Anthony Williams (Williams Decl.) at 1, ECF No. 479-1 ("I filed a BP-9 grievance and have yet to get a response from the warden."). However, the Motion includes no showing that the defendant exhausted his administrative remedies, and in any event the Motion fails to allege that the defendant completed the administrative process.

"The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006) (*quoting McKart v. United States*, 395 U.S. 185, 193 (1969)). "The doctrine provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *McKart*, 395 U.S. at 193 (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50, 51 (1938)).

Here, as with previous motions, the defendant has failed to show that he has exhausted the available administrative remedies with the BOP. To exhaust his administrative remedies, the defendant must proceed through the Administrative

Remedy Program.  *See* 28 C.F.R. §§ 542.10-542.19; Bureau of Prisons Program Statement on Administrative Remedy Program, Jan. 6, 2014 *avail. at* https://www.bop.gov/policy/progstat/1330_018.pdf.

This Court previously outlined the BOP grievance process in its March 7, 2018 Order at 4-5, ECF No. 132.  Under the BOP grievance process, the inmate must first seek informal resolution of the issue of concern at his institution of confinement, the Federal Detention Center, Honolulu.  *Id.* § 542.13.  If no informal resolution is reached, the inmate must file a formal request (BP-9) with the Warden.  *Id.* § 542.14.  If the Warden denies the remedy, the inmate may appeal first to the Regional Director (BP-10), within 20 days of receiving the Warden's response, and thereafter to the General Counsel in Washington, D.C. (BP-11), within 30 days of receiving the Regional Director's response.  *Id.* § 542.15.  Administrative exhaustion does not take place until a final decision is received from the Office of General Counsel, or until a response is not forthcoming within the time allotted for reply.  *Id.* §§ 542.15(a); 542.18.

The defendant alleges—without any evidentiary showing—that he filed a BP-9 form and began the administrative grievance process, Williams Decl. 1 ¶ 5, ECF No. 479-1, and that he "more than exhausted his administrative remedies all the way up to the headquarters BOP and still haven't obtained relief because at all

5

levels the complains get ignored or disregarded." Motion 1. Such an unsupported allegation does not meet the defendant's burden of proof on his Motion.

In any event, Bureau of Prison records indicate that the defendant has failed to file any grievance in connection with the allegation in the Motion. The Motion arises out of his current confinement in the Special Housing Unit at FDC Honolulu. Motion 1-2. The Motion attaches an incident report dated April 9, 2019, relating to an incident in which the defendant stated he would "destroy the careers of everyone here who violates his rights and will make them infamous in the news and social media" and had retained a "PI (Private Investigator) who [had] gotten him their (staff) financial information, mortgage information etc. and will be using it to put them (Staff) in the poor house, without a penny and homeless for fucking with him." Motion at Exh. 2, ECF No. 479-3.

As a result of this incident, the defendant was placed in the Special Housing Unit on April 10, 2019, Exhibit A, and is not scheduled for release back into the general population until June 3, 2019. Declaration of Jandi Lum ("Lum Decl.") ¶ 11. Bureau of Prisons records, however, indicate that the defendant last submitted a grievance on January 31, 2019, and the defendant received a response on February 19, 2019. Exhibit C ("STATUS DT: 02-19-2019"). That grievance pertained to the location of the e-discovery terminal in the defendant's housing unit, and is not relevant to the claim raised in the Motion regarding erroneous

6

disciplinary action. Exhibit D. Until the defendant properly exhausts his administrative remedies, this matter is not properly before this Court. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006).

Both the defendant and his standby counsel, Lars Isaacson, Esq., have been on notice since March 7, 2018 that they are required to exhaust the defendant's administrative remedies before seeking redress from this Court. ECF No. 132. Because the defendant has failed to properly follow BOP administrative procedures, the motion should be denied.

II.   The Defendant Has Not Been Deprived of Access To A Law Library Or Access To His Discovery While In The Special Housing Unit

As noted above, the issue of Mr. Williams's access to a law library is not properly before this Court until he exhausts his administrative remedies. In any event, we note for the Court's benefit that the Mr. Williams has had continuous access to a law library room while in the Special Housing Unit, and his disuse of this resource is due solely to his failure to request it, not any affirmative denial by the FDC staff.

The FDC SHU provides inmates with a dedicated law library room containing an e-discovery review PC, a typewriter, and a Trust Fund Limited Inmate Computer System (TRULINCS) terminal. *See* Lum Decl. at ¶ 5. The TRULINCS terminal provides inmate to staff e-mail capability as well as a LexisNexis research database on the same machine. *Id.* SHU inmates may request

7

access to the SHU law library room verbally or in writing. *Id.* at ¶ 6. Inmates who make use of the room are simultaneously provided their e-discovery materials for review. *Id.*

Prior to his current time in the SHU, he defendant had previously made extensive use of the SHU law library room to conduct legal research while housed in SHU. *Id.* at ¶ 7. FDC officials have placed the defendant in the SHU for disciplinary reasons during three distinct periods during his incarceration at the FDC. *Id.* The defendant was first placed in the SHU on February 14, 2018 and released back to the general population on April 16, 2018. *Id.* He was provided his e-discovery materials and furnished access to the SHU law library room on fifty-five (55) occasions during this period, with each use anywhere from one to five hours in duration. *Id.* The defendant returned to the SHU on May 8, 2018 and returned to the general population on June 14, 2018. *Id.* at ¶ 8. During this period in SHU, the defendant used the SHU law library room eighteen (18) times. *Id.*

The defendant's current time in the SHU began on April 10, 2019. *Id.* at ¶ 9. Unlike during his previous stays in the SHU, since April 10, 2019, the defendant has made no requests for access to the SHU law library room, review of his e-discovery materials, or legal research. *Id.* SHU law library access logs reflect the room has been made available and used by other inmates during this time. *Id.*

Accordingly, the defendant has not been denied to access to the law library, as he alleges in this Motion, but has instead failed to request access to the law library.

III.   The Defendant's Is Not Entitled Release As A Result
       Of His Confinement In The FDC Special Housing Unit

The defendant is not entitled to release upon the ground that he has been in the Special Housing Unit for over 30 days. According to BOP records, the defendant had been housed in the SHU as a result of his disciplinary violation since April 10, 2019 and is not scheduled for release until Monday, June 3, 2019, a period of 54 days. Lum Decl. ¶¶ 4, 11. Solitary confinement for 54 days does not violate the defendant's Constitutional rights. *Grissom v. Roberts*, 902 F.3d 1162, 1174 (10th Cir. 2018) (finding no constitutional violation in prisoner's solitary confinement for 20 years). The sole authority and argument cited by the defendant, *Hutto v. Finney*, 437 U.S. 678 (1978), does not dictate otherwise. At issue in *Hutto* was a specific district court order relating to the Arkansas penal system, which had been under a series of remedial orders for repeated Constitutional violations, including inadequate diet, continued overcrowding, rampant violence, vandalized cells, and lack of professionalism and good judgment on the part of the maximum security personnel. When Arkansas failed to address these conditions, the district court fashioned a comprehensive remedy that imposed a 30 day limit upon the use of punitive isolation to help correct the conditions in

9

Arkansas's penal system, which the Supreme Court upheld. *Id.* 687-88. Nowhere does *Hutto* set forth a blanket limitation upon the use of solitary confinement in other contexts. No case law interprets *Hutto* to do so.

## CONCLUSION

For the reasons above, the government respectfully requests that the Court deny the Motion.

DATED: June 3, 2019, at Honolulu, Hawaii.

KENJI M. PRICE
United States Attorney
District of Hawaii


By */s/ Gregg Paris Yates*
GREGG PARIS YATES
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

Served Electronically through CM/ECF:

    Lars Isaacson, Esq.
    hawaii.defender@earthlink.net

    Stand-by Attorney for Defendant
    ANTHONY T. WILLIAMS

Served by First Class Mail:

    Anthony T. Williams
    Register No. 05963-122
    Inmate Mail
    FDC Honolulu
    PO Box 30080
    Honolulu, HI 96820

    DATED:  June 3, 2019, at Honolulu, Hawaii.

                                          */s/ Melena Malunao*
                                          U.S. Attorney's Office
                                          District of Hawaii