KENJI M. PRICE  #10523
United States Attorney
District of Hawaii

GREGG PARIS YATES  #8225
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
E-Mail:     gregg.yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 17-00101 LEK |
| | ) |
| Plaintiff, | ) GOVERNMENT'S RESPONSE TO |
| | ) DEFENDANT'S MOTIONS, ECF NOS. |
| vs. | ) 492, 496, 497, 498, AND 499; |
| | ) CERTIFICATE OF SERVICE |
| ANTHONY T. WILLIAMS   (1), | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTIONS, ECF NOS. 492, 496, 497, 498, AND 499

The government respectfully submits this brief in response to five (5) motions filed by the defendant, Anthony T. Williams, on June 1, 2019.  As explained below, all these motions should be summarily denied without hearing

because they attempt to relitigate issues that have already been decided, seek relief that is outside the scope of this prosecution, or are otherwise baseless. The government sets forth the basis of denial for each motion below.

I.  The Issues Raised By the "Motion For [Release On] Bond," ECF No. 492, Have Already Been Decided By This Court

The defendant's Motion for Bond, ECF No. 492, should be denied because the issues relating to the defendant's detention were fully litigated before this Court and decided on September 29, 2017. ECF No. 35. Pursuant to Rule 57.3(b) of the Criminal Local Rules of this Court (Crim.LR.), the time to appeal the Magistrate Judge's detention order expired fourteen days after the ruling. Thus, the Motion for Bond represents an untimely appeal of the detention order.

Moreover, the arguments presented in the Motion for Bond are unavailing. The standards for detention are set forth Title 18, United States Code, Section 3142(e). Pursuant to Section 3142, this Court ordered the defendant's detention upon the ground that there is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of any other person and/or the community. Order 2-3, ECF No. 189. The Motion for Bond attempts to relitigate these findings, *see* Motion for Bond Exh. A at 3 ¶¶ 18-22, and further argues that he should be released on bond because he "has been pre-trial detained on the instant charges for 2 years without being taken to trial for reasons not attributable to the undersigned but to the government and the attorneys

of co-defendants." Motion for Bond Exh. A at 3 ¶ 16.  The defendant appears to argue, without citation, that his right to a speedy trial under the Constitution also supports his pretrial release.  *Id.* at 4.

The defendant's speedy trial right argument is irrelevant to the question of whether he should be detained or released pretrial on bond.  § 3142(e).  In any event, the defendant has twice argued that his right to a speedy trial supports either pretrial release or dismissal of the indictment, and this Court has twice rejected this argument.  *See* Defendant's Motion in Opposition to Denial of Speedy Trial and Pre-Trial Release, ECF No. 133; Order Denying Motion, ECF No. 214; Memo. of Law in Supp. Sworn Mot. Dismiss Indictment 2-3, ECF No. 294-3; Order Denying Motion 11-17, ECF No. 330.

Moreover, as noted by the Court in its April 6, 2018 Order, and again at the February 1, 2019 hearing upon the motion to continue the trial date filed by the defendant's own mother, Barbara Williams, and joined by co-defendant Anabel Cabebe, the defendant is not being prejudiced by the lengthy period of pretrial detention because he is currently serving a sentence of imprisonment of fifteen years for his mortgage fraud conduct handed down by a court in Florida.  Order 2, ECF No. 189.  The Motion for Bond should be denied.

//
//

II.  The Issues Raised By the "Motion For Mandatory Judicial Notice Of Law Certification Of Private Attorney General Anthony Troy Williams," ECF No. 498, Have Already Been Decided By This Court

The defendant's Motion for Mandatory Judicial Notice of Law Certification of Private Attorney General Anthony Troy Williams should be denied because this matter has already been litigated and decided. Order, ECF No. 498; *see also* Motion for Recognition as a Private Attorney General and a Sovereign, ECF No. 237; Memorandum in Opposition by USA 6-9, ECF No. 255. This Court, Magistrate Judge Kenneth J. Mansfield, issued an order denying the defendant's motion for recognition as a "private attorney general" on October 1, 2018. ECF No. 341. Pursuant to Rule 57.3(b) of the Criminal Local Rules of this Court (Crim.LR.), the time to appeal the Magistrate Judge's ruling expired fourteen days after the ruling. Accordingly, the ruling on the defendant's previous motion to be designated a "private attorney general" stands and this motion should be denied.

III. The "Motion For Miscellaneous Relief," ECF No. 496, Is An Objection To The Government's Motion For Leave To File A Brief Out-Of-Time And Does Not Require Response

The defendant's motion for miscellaneous relief relating to the government's motion for leave to file its response to the defendant's second motion to compel out of time does not require response. ECF No. 496. This motion merely sets forth the defendant's objection to the government's request to file a brief out of time, and launches a number of *ad hominem* attacks against the government's

4

attorney.  This Court granted leave for the government to file its brief out of time on May 22, 2019, ECF No. 486.  Accordingly, the defendant's motion for miscellaneous relief is moot.

IV. The "Motion For Government To Outline What Specific Act Committed By PAG Anthony Williams Which Gave Them [*sic*] Suspicion That A Federal Crime May Have Been Committed," ECF No. 497, Seeks Discovery That The Government Is Not Obligated To Provide

The defendant seeks an order requiring the government to outline the specific trial evidence of the acts of the defendant that it will introduce at trial to prove the elements of the charges in the Superseding Indictment.  This motion is similar to the motion previously filed by the defendant for an order requiring the government to outline the specific trial evidence it will introduce and to explain how the government obtained the evidence, and identify which electronic device the government searched to uncover the device.  ECF No. 488.

This motion should be denied for the same reason.  In essence, the defendant seeks civil discovery into the government's litigation strategy; the government is under no obligation to provide this information.  Fed. R. Crim. Proc. 16, as well as *United States v. Brady*, 397 U.S. 742 (1970), *United States v. Giglio*, 405 U.S. 150 (1972), and 18 U.S.C. § 3500, govern the government's discovery obligations.  Pursuant to these authorities, the government has provided a substantial volume of discovery to the defendant, and continues to do so.  While Rule 16 requires the government to produce items to the defendant in discovery that "the government

5

intends to use. . . in its case-in-chief at trial," no authority requires the government to identify which evidence it intends to use to prove a particular count. *Cf. Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case, and *Brady* did not create one.").

In essence, this Motion asks the government for affirmative discovery into the government's trial preparation, akin to interrogatories or requests for admission in civil litigation. *See, e.g.*, Fed. R. Civ. Proc. 33, 36. However, these discovery mechanisms do not exist in the Federal Rules of Criminal Procedure. *See United States v. Andrade-Larrios*, 39 F.3d 986, 988 (9th Cir. 1994) ("[T]he Federal Rules of Civil Procedure do not apply in criminal cases."). Criminal discovery is more limited than civil discovery. *United States v. $119,984*, 304 F.3d 165, 176 n.10 (2d Cir. 2002). The limitations on criminal discovery exist to "prevent perjury and manufactured evidence, to protect potential witness[es] from harassment and intimidation, and to level the playing field between the government and the defendant, who would be shielded from certain discovery by the Fifth Amendment." *SEC v. Nicolas*, 569 F. Supp. 2d 1065, 1071-72 (C.D. Cal. 2008), *citing Campbell v. Eastland*, 307 F.2d 478, 487 n.12 (1962).

Accordingly, the defendant is not entitled to have the government identify what trial evidence it intends to rely upon to prove a particular count. The Motion to Outline Evidence should be denied.

V.   The "Motion To Impeach [H.M.] For Perjury In A
     Judicial Proceeding," ECF No. 499 Seeks Inappropriate Relief

The "Motion to Impeach [H.M.] for Perjury in a Judicial Proceeding" (Perjury Motion) should be denied as seeking relief that is outside this Court's power to grant. Perjury Motion Exh. A at ¶ 2, ECF No. 499-2. The Perjury Motion claims that an individual, H.M., made "false and misleading" statements during a deposition in a bankruptcy proceeding, which implicated the defendant's company, Mortgage Enterprises, Inc., in a fraud scheme. *Id.* at ¶ 1. The deposition transcripts were referenced in a warrant application signed by a Federal Bureau of Investigation (FBI) case agent. *Id.* Exh. A to Exh. A. The defendant disputes the truthfulness of H.M.'s statements, and asks this Court to "take appropriate action to have Mr. Malinay arrested." *Id.* 6.

The motion should be denied. A motion is a request by a party to this Court for an order. Fed. R. Crim. Proc. Rule 47(a). H.M. is not a party to this prosecution and is not before this Court and subject to its orders. *C.f. Hansberry v. Lee*, 311 U.S. 32, 40 (1940) ("It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process.") (civil context). Moreover, whether H.M. made any false statement in connection with another proceeding has not been established, despite the defendant's conclusory arguments in the Perjury Motion to the

7

contrary. Should H.M. testify at trial, the defendant is free to cross examine him, and where appropriate, to impeach his credibility. The Perjury Motion should be denied.

## CONCLUSION

For the reasons above, the government respectfully requests that the Court deny the aforementioned motions.

DATED: June 3, 2019, at Honolulu, Hawaii.

        KENJI M. PRICE
        United States Attorney
        District of Hawaii


        By */s/ Gregg Paris Yates*
         GREGG PARIS YATES
         Assistant U.S. Attorney

# CERTIFICATE OF SERVICE

I certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

Served Electronically through CM/ECF:

    Lars Isaacson, Esq.
    hawaii.defender@earthlink.net

    Stand-by Attorney for Defendant
    ANTHONY T. WILLIAMS

Served by First Class Mail:

    Anthony T. Williams
    Register No. 05963-122
    Inmate Mail
    FDC Honolulu
    PO Box 30080
    Honolulu, HI 96820

    DATED:  June 3, 2019, at Honolulu, Hawaii.

                                              */s/ Melena Malunao*
                                              U.S. Attorney's Office
                                              District of Hawaii