KENJI M. PRICE  #10523
United States Attorney
District of Hawaii

GREGG PARIS YATES  #8225
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
E-Mail:     gregg.yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ANTHONY T. WILLIAMS,  (1)<br><br>　　　　Defendant. | CR. NO. 17-00101 LEK<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR GOVERNMENT TO OUTLINE WHICH DEVICE(S) WERE SEARCHED THAT CONTAINED THE EVIDENCE SOUGHT WHICH RESULTED IN THE 32 COUNTS OF MAIL AND WIRE FRAUD; EXHIBIT A; CERTIFICATE OF SERVICE |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO OUTLINE WHICH DEVICE(S) WERE
SEARCHED THAT CONTAINED THE EVIDENCE SOUGHT
<u>WHICH RESULTED IN THE 32 COUNTS OF MAIL AND WIRE FRAUD</u>

The government respectfully submits this brief in response to Defendant

Anthony T. Williams's (Defendant) Motion for Government to Outline Which

Device(s) were Searched that Contained the Evidence Sought which Resulted in the 32 Counts of Mail and Wire Fraud (Motion).  The Motion primarily seeks to require the government to: (1) identify the inculpatory evidence that it will introduce at trial to prove the counts in the Superseding Indictment; and (2) reveal the investigative source of the trial evidence, which the defendant presumes, without basis, derived from electronic devices that were seized from him or his co-defendants by the Federal Bureau of Investigation (FBI) as part of its investigation into his mortgage fraud conduct in Honolulu, Hawaii.

      The motivation of the Motion appears to be the defendant's ongoing disapproval with the FBI's investigative seizure of his electronic devices.  Motion Exh. A at 1 ("In paragraph 18 of the Search Warrant Application, [Honolulu FBI Special Agent Megan] Crawley states, 'If the Search determines that a digital device does not contain any data falling within a list of items to be seized, the Government will. . . Return the digital device. . .") (emphasis in original); *id.* at 2 ("The government obtained the undersigned's computers . . . and did not find Any data. . . and yet the government has failed to return these devices . . . .") (emphasis in original).

      The Motion should be denied.  Properly stated, the Motion seeks discovery into the government's trial preparation and strategy, which are outside its obligation to produce.  Moreover, to the extent that the defendant seeks additional

information to probe the validity of the searches conducted pursuant to the warrants issued by the District of Hawaii, that matter was heard by this Court on May 10, 2019 and is pending decision. ECF No. 477. To the extent that the defendant continues to seek the return of certain seized electronic devices, that matter was decided by the Court on February 4, 2019. ECF No. 426.

## BACKGROUND

The background of the investigations into the defendant's conduct has been described in numerous other filings. The Superseding Indictment arises out of a mortgage fraud scheme executed by the defendant in at least two states, Florida and Hawaii. FBI Miami and the Broward County Sheriff's Department conducted investigations of the defendant's conduct in the State of Florida, in parallel with the FBI Honolulu's investigation in the State of Hawaii.

## ARGUMENT

The Motion should be denied insofar as it requests information regarding the government's trial preparation. The defendant seeks an Order requiring the government to:

1) "Outline which device each of the 16 counts of wire fraud was obtained from [*sic*];
2) Outline which device each of the 16 counts of mail fraud was obtained from [*sic*];
3) Outline the dates and times each device was searched;
4) Outline the name and title of the Agent that conducted the search;

      5) Outline what program(s) was used to search the devices; and

      6) Outline which device(s) didn't contain any of the data or evidence falling within the list of items seized."

Motion 4.  Each of these demands is addressed below.

I.     Requests (1) and (2) For Which Device Each Count "Was Obtained From"; Request (5) for Program(s) "Used to Search The Devices"

As written, Requests (1) and (2) of the Motion are nonsensical, as none of the counts in the Superseding Indictment were "obtained from" a device. However, to the extent that the defendant seeks to understand the evidence that the government intends to introduce at trial to support each specific count, and to trace the evidence to its source, the government is under no obligation to provide this information.

Fed. R. Crim. Proc. 16, as well as *United States v. Brady*, 397 U.S. 742 (1970), *United States v. Giglio*, 405 U.S. 150 (1972), and 18 U.S.C. § 3500, govern the government's discovery obligations.  Pursuant to these authorities, the government has provided a substantial volume of discovery to the defendant, and continues to do so.  While Rule 16 requires the government to produce items to the defendant in discovery that "the government intends to use. . . in its case-in-chief at trial," no authority requires the government to identify which evidence it intends to use to prove a particular count.  *Cf. Weatherford v. Bursey*, 429 U.S. 545, 559

(1977) ("There is no general constitutional right to discovery in a criminal case, and *Brady* did not create one.").

In essence, the Motion asks the government for affirmative discovery into the government's trial preparation, akin to interrogatories or requests for admission in civil litigation. *See, e.g.*, Fed. R. Civ. Proc. 33, 36. However, these discovery mechanisms do not exist in the Federal Rules of Criminal Procedure. *See United States v. Andrade-Larrios*, 39 F.3d 986, 988 (9th Cir. 1994) ("[T]he Federal Rules of Civil Procedure do not apply in criminal cases."). Criminal discovery is more limited than civil discovery. *United States v. $119,984*, 304 F.3d 165, 176 n.10 (2d Cir. 2002). The limitations on criminal discovery exist to "prevent perjury and manufactured evidence, to protect potential witness[es] from harassment and intimidation, and to level the playing field between the government and the defendant, who would be shielded from certain discovery by the Fifth Amendment." *SEC v. Nicolas*, 569 F. Supp. 2d 1065, 1071-72 (C.D. Cal. 2008), citing *Campbell v. Eastland*, 307 F.2d 478, 487 n.12 (1962).

Accordingly, the defendant is not entitled to have the government identify what trial evidence it intends to rely upon to prove a particular count. As the government need not identify its trial evidence, it follows that it need not trace the trial evidence to a particular investigative source. Similarly, no authority requires the government to identify the software it used to search electronic devices.

II.     Requests (3) and (4) For "Dates and Time of
Search" and "Identity of Agent Conducting the Search"

The government is producing all the discovery that it is required to produce in connection with the Superseding Indictment. Although the government disputes that it is under any obligation to provide further response to the defendant's discovery demand, the government's production to date contains the returns for the search warrants issued by this Court, which may be found at bates ranges WILLIAMS_ET_AL000000460-61, and WILLIAMS_ET_AL000000502-04.

III.     Request (6) for "Devices That Didn't Contain Any of the
Data or Evidence Falling Within the List of Items Seized"

The defendant's demand for an outline of "devices that didn't contain any of the data or evidence falling within the list of items seized" should be also denied. It appears from the context of the motion that the phrase "list of items seized" in this demand refers to the description of items to be searched and seized as set forth in Attachment B to each of the search warrants issued by this Court. Motion Exh. A at 2, ECF No. 488-2 (referencing language in Search Warrant application, signed by FBI Special Agent Megan Crawley). Thus, the defendant appears to ask for a list of devices that were seized and searched pursuant to the two search warrants issued by this Court for the Hawaii investigation, from which the FBI was not able to seize data and evidence within the scope of Attachment B.

The only relevance of this information is to support a demand for the return of certain items that were seized pursuant to the search warrants. As noted by this Court in deciding this issue with respect to other electronic evidence seized pursuant to Florida warrants, "if the United States has a need for the property in an investigation or prosecution, its retention of property is generally reasonable." Order at 3, ECF No. 426 (citing Fed. R. Crim. Proc. 41(g) advisory committee's note to 1989 amendment). The Court is currently considering the issue of whether the warrants issued by the Court were overbroad, and the execution of the warrants in Hawaii by the FBI was reasonable. *See* Defendant's Motion for Suppression of Evidence Exh. A at 11-12, ECF No. 437-2 ("No investigative agent acting in good faith could possibly believe these files were relevant to the investigation outlined in Crawley's affidavit, and no probable cause was even attempted to demonstrate a basis to seize such files.") (pertaining to items seized pursuant to Hawaii warrants). The Suppression Motion therefore addresses the very the issue that the defendant seeks discovery into in the current motion. The defendant should not be permitted to re-litigate this issue through backdoor of an otherwise impermissible discovery motion.

In any event, the government is from time to time evaluating whether it has an ongoing investigative or prosecutorial purpose to maintain certain items that were seized in connection with this investigation. When it determines that certain

items are no longer needed for this prosecution, the government will endeavor to make those items available for return.[1]

## CONCLUSION

For the reasons above, the government respectfully requests that the Court deny the Motion.

DATED:   June 12, 2019, at Honolulu, Hawaii.

          KENJI M. PRICE
          United States Attorney
          District of Hawaii


          By */s/ Gregg Paris Yates*
            GREGG PARIS YATES
            Assistant U.S. Attorney

---

[1] *See, e.g.*, Exhibit A.  It should be noted that most, if not all, electronic devices are prohibited by the Federal Detention Center, Honolulu, and so must be made available through the defendant's standby counsel or a third party.