KENJI M. PRICE  #10523
United States Attorney
District of Hawaii

GREGG PARIS YATES  #8225
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
E-Mail:     gregg.yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00101-01 LEK |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S RESPONSE TO |
| | ) | DEFENDANT'S MOTION TO SHOW |
| vs. | ) | ADMINISTRATIVE REMEDY |
| | ) | PROCEDURES AT FDC HONOLULU |
| ANTHONY T. WILLIAMS,  (1) | ) | AREA A SHAM, FARCE[,] AND NO |
| | ) | AVAILABLE MEANS FOR A |
| Defendant. | ) | REMEDY; EXHIBITS A-D; |
| | ) | CERTIFICATE OF SERVICE |
| | ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SHOW ADMINISTRATIVE REMEDY PROCEDURES AT FDC HONOLULU ARE A SHAM, FARCE[,] AND NO AVAILABLE MEANS FOR A REMEDY

The government respectfully submits this brief in response to Defendant

Anthony T. Williams's (Defendant) Motion to Show Administrative Remedy

Procedures At FDC Honolulu Are A Sham, Farce, And No Available Means For A

Remedy (Motion).  Properly stated, the Motion actually seeks to permit the defendant to challenge the conditions of his confinement at the Federal Detention Center, Honolulu (FDC) before this Court without first exhausting his administrative remedies.  The Motion argues that the defendant "has followed the administrative remedy procedures to the letter and still has not obtained any remedy."  Motion Exh. A 2 ¶ 2, ECF No. 493-2.  However, the Motion fails to attach any documentation demonstrating the defendant's compliance with the Bureau of Prison's (BOP) Administrative Remedy Process, or to include any reference to prior filings that attached such documentation.

The Motion should be denied.  As demonstrated below, the BOP's records of the defendant's remedy requests and its decisions demonstrate that the defendant has repeatedly failed to follow the proper administrative remedy procedures, set forth in Title 28, Code of Federal Regulations (CFR), Sections 542.10 *et seq.*, and has failed to exhaust his administrative remedies.

BACKGROUND

I.     The BOP Administrative Remedy Program

A BOP inmate's remedy requests are identified by a two-part "remedy ID," which is akin to a case number.  BOP Program Statement 1330.18, Administrative Remedy Program (Program Statement) at 9 (Jan. 6, 2014), *available at*

https://www.bop.gov/policy/progstat/1330_018.pdf.[1]  Once a remedy filing is

entered into the system, any subsequent submissions or appeals of that case are

entered into the BOP database using the same case number.  *Id.*  The second part of

the remedy ID is a suffix describing where in the appeals process a submission

rests: "F" is for facility, the initial level; "R" for Regional Director's Office; and

"A" for the Office of General Counsel in BOP's Central Office, the final level of

appeal.  Exhibit A at 2 (SENTRY Administrative Remedy Technical Reference

Manual).

     The defendant's administrative remedy request filing history is summarized

in a BOP database report.  *See, e.g.*, Exhibit B (Admin. Remedy Generalized

Retrieval for A. Williams, dated June 13, 2019).  The defendant's administrative

remedy report reflects thirteen (13) facility-level grievances, with Remedy IDs

bearing an F# suffix, sent to the FDC Warden on a variety of issues, from haircuts

to religious issues.  Exh. B at 2-10 (Admin. Remedy Generalized Retrieval).

     An inmate who is not satisfied with the Warden's response may submit an

appeal to the Regional Director using a BP-10 form, which is furnished to the

inmate by staff.  28 CFR § 545.15(a).  Only the BP-10 may be used for regional

appeals.  *Id.* at § 545.15(b).  An inmate who is not satisfied with the Regional

---

[1]  This BOP Program Statement publicly available via any inmate computer
terminal in the BOP system.  The Administrative Remedy Program policy contains
all relevant text from the CFR cited herein.

Director's response may appeal to the General Counsel in BOP's Central Office. *Id.* § 545.15(a).  Only a BP-11 form may be used for appeals to the General Counsel.  *Id.*  § 545.15(b).

In addition to using specific appeals forms, inmates must also include copies of the original filings and responses from lower levels of appeal.  These copies are provided to the inmate at no cost and with adequate number so the inmate has a copy of each filing both for his personal records and enough to attach with any subsequent levels of appeal.  *See* Program Statement at 11, *avail. at* https://www.bop.gov/policy/progstat/1330_018.pdf.  Appeals to the Regional Director must be accompanied by a copy of the facility "F" level request and response; appeals to the General Counsel must be accompanied by one copy of the facility "F" level and regional "R" level filings and their responses.  *Id.*

II.    The Defendant's Relevant Remedy Filings

The defendant's claim that the BOP's Administrative Remedy Process is a sham appears to be based upon two remedy appeals that were filed by the defendant, 956936-R1 and 952796-A1 [henceforth, '936 and '796, respectively]. Exh. B at 9.  These appeals appear to concern the denial by the FDC Warden of the defendant's request to have an outside minister meet with him at the FDC, which bore the Remedy ID, '796-F1.  Exh. B at 8.

To appeal '796-F1, the defendant appears to have submitted a letter, rather than a BP-10 form, to the Regional Office.[2]  Exhibit C at 2-3 (A. Williams Ltr. To BOP Regional Director M. Juan Balthazar, Jr., dated November 14th, 2018 and BOP rejection notice, dated December 4, 2018).  The letter enclosed no copy of the facility "F" level request and response, as required by Title 28, Code of Federal Regulations, Section 542.15(b).  *Id.*  Because the defendant did not use the correct form, which would have contained the Remedy ID, and did not provide a copy of any facility request or response, the Regional Office did not understand that the defendant's letter pertained to an existing remedy request.  Accordingly, the Regional Office assigned a new Remedy ID to the defendant's appeal, '796-R1, and rejected the appeal, stating, "You must first file a BP-9 request through the institution for the Warden's review and response before filing an appeal at this level."  *Id.* at 1.

On January 7, 2019, the defendant sent a letter to the BOP Director in Washington, D.C.  Exhibit D at 4 (A. Williams Ltr. To BOP Director Hugh

---

[2]  According to BOP records, the BOP regional office received a communication from the defendant on October 9, 2018.  Ex. B at 9 ("DATE RCV: 10-09-2018").  After a thorough search, BOP's regional office was unable to locate this first communication from the defendant.  However, as the defendant claims he "sent the regional office a copy of the BP-9 and the denial" with his second appeal only to receive "the <u>EXACT</u> same rejection notice with the exact same bogus reason," the materials attached as Exhibit C should reflect all supporting documents, if any, defendant claims to have filed with the regional office.  However, no supporting documents were attached.

Hurwitz, dated Jan. 7, 2019, and BOP rejection notice, dated March 5, 2019).  This letter also referenced his dispute with the FDC Honolulu over visitation from his minister, but did not include a BP-11 form or copy of the lower-level requests and responses as required by Title 28, Code of Federal Regulations, Section 542.15(b). *Id.*  Although the defendant referenced prior remedy requests in his letter, '796-F1 and '936-R1, the Central Office could not determine specifically what he was appealing.  In rejecting his letter, the Central Office stated, "You did not provide 952796-F1 or 956936-R1, so we cannot determine if same issue… ."  Exh. D at 1.

This motion followed.

<u>LEGAL ARGUMENT</u>

In sum, the defendant should not be excused from exhausting his administrative remedies before approaching this Court to challenge the conditions of his confinement.  Contrary to the defendant's claims, BOP records demonstrate that the defendant had *not* properly followed the administrative remedy procedures with respect to his demand for religious visitation, but instead repeatedly failed to utilize proper BOP appeal forms and follow filing requirements, as required by regulation.  These records are attached as exhibits for the Court's review, and are unrebutted.  These records show that the BOP administrative remedy procedure is neither a "sham," nor a "farce."

The defendant here failed to properly appeal his initial religious visitation grievance, '796-F1, to the regional level utilizing the appropriate form. The administrative remedy procedure set forth by the Code of Federal Regulations and BOP policy has specific requirements with respect to the forms inmates must use at every level of the grievance process. Title 28, CFR, Section 542.14 explains that the appropriate form to initiate a grievance is the BP-9 form. *See also* Program Statement at 4-6, avail. at https://www.bop.gov/policy/progstat/1330_018.pdf. Section 542.15(b)(1) explains that, in the event that an inmate's grievance to the facility is denied, "[a]ppeals to the Regional Director *shall be submitted on the form designed for regional Appeals (BP-10) and accompanied by one complete copy or duplicate original of the institution Request and response.*" *Id.* 6-7 (emphasis added). In the event that a regional office appeal is denied, the "[a]ppeals to the General Counsel *shall be submitted on the form designated for Central Office Appeals [BP-11] and accompanied by one complete copy or duplicate original of the institution and regional filings and their responses.*" *Id.* (emphasis added). These requirements are mandatory.

Here, the defendant properly submitted an initial BP-9 grievance to the FDC, but apparently failed to utilize BP-10 and BP-11 forms in the appeals that followed. Instead, the defendant sent two letters to the Regional Office, but in doing so, apparently failed to "accompan[y]" it with a "complete copy or duplicate

7

original of the institution Request and response." Upon rejection, the defendant

then sent a letter to the BOP Director in Washington, D.C., and again failed to

utilize a BP-11 form, or to include the prior rejected BP-10 and BP-9 forms and

denials. Exh. D at 5 ("Enclosures . . ."). Thus, the defendant failed to follow the

prescribed administrative remedy. *McKart v. United States*, 395 U.S. 185, 193

(1969) ("[N]o one is entitled to judicial relief for a supposed or threatened injury

until the prescribed administrative remedy has been exhausted.") (quoting *Myers v.*

*Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50, 51 (1938)).

This failure by the defendant to use the proper forms for his appeal had

cascading negative consequences: upon receipt of the defendant's letter, which

failed to utilize a BP-10 form or attach the BP-9 denial, the BOP regional office

apparently did not recognize that the letter was related to the existing formal

grievance, '796-F1. As a result, it apparently created a second case number, '936-

R1, for the same underlying religious visitation issue. Exh. A at 8-9. The creation

of two case matters for the defendant's visitation grievance meant that there would

be incomplete records for two initiated grievances.

Nonetheless, it appears that the defendant's oversight was noticed by the

BOP Central Office in Washington, D.C. when it considered his appeal. Exh. D at

1. Far from denying the substance of the defendant's grievance, the BOP Central

Office instructed the defendant to correct the error, and properly re-file a regional

appeal of his initial '796-F1 grievance.  *Id.* ("YOU SHOULD FILE 952796 AT RGNL LEVEL AND CLEARLY EXPLAIN ISSUE.").  The defendant has failed to do so before filing this Motion.

The defendant's failure to follow BOP administrative remedy procedures is not excusable.  The Court has outlined the BOP remedy process, and specified the BP-9, BP-10, and BP-11 forms that the defendant was to submit, in its March 17, 2018 Order at 4-5, ECF No. 132.  Indeed, the government has referenced this language—and these same specific BOP forms that the defendant needs to submit—in *four (4)* briefs that it has served upon the defendant since.  ECF Nos. 387 (Govt. Resp. 6th OSC Motion); 427 (Govt. Resp. 7th OSC Motion); 443 (Govt. Resp. 8th OSC Motion); 481 (Govt. Resp. 9th OSC Motion).  Indeed, if the defendant has had any lingering confusion about the process, he could have consulted his taxpayer-funded standby counsel.

Thus, contrary to the defendant's conclusory and unsupported claim that he "documented all the proper forms," and that "even when one follows all the procedure their grievance gets ignored and passed back down using the same bogus excuse," it appears that the defendant failed to follow the proper procedures set forth by the Code of Federal Regulations and BOP policy.  The defendant's unwillingness to follow the BOP's administrative remedy procedure does not render these procedures a sham or a farce.  The Motion should be denied and he

should be required to properly exhaust his administrative remedies prior to

challenging the conditions of his confinement before this Court.

## CONCLUSION

For the reasons above, the government respectfully requests that the Court

deny the Motion.

DATED:  June 17, 2019, at Honolulu, Hawaii.

KENJI M. PRICE
United States Attorney
District of Hawaii

/s/ Gregg Paris Yates
By _____
GREGG PARIS YATES
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

Served Electronically through CM/ECF:

    Lars Isaacson, Esq.
    hawaii.defender@earthlink.net

    Stand-by Attorney for Defendant
    ANTHONY T. WILLIAMS

Served by First Class Mail:

    Anthony T. Williams
    Register No. 05963-122
    Inmate Mail
    FDC Honolulu
    PO Box 30080
    Honolulu, HI 96820

    DATED:  June 17, 2019, at Honolulu, Hawaii.


                    /s/ Dawn Aihara
                    _____