KENJI M. PRICE   #10523
United States Attorney
District of Hawaii

GREGG PARIS YATES   #8225
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-9220
E-Mail:     Gregg.Yates@usdoj.gov

Attorney for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cr. No. 17-00101 LEK |
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SHOW PROSECUTORS RONALD G. JOHNSON AND GREGG PARIS YATES ENGAGED IN UNLAWFUL SELECTIVE PROSECUTION AGAINST PRIVATE ATTORNEY GENERAL ANTHONY TROY WILLIAMS; CERTIFICATE OF SERVICE |
| v. | |
| ANTHONY T. WILLIAMS,   (1) | |
| Defendant. | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO SHOW PROSECUTORS RONALD G. JOHNSON AND GREGG
PARIS YATES ENGAGED IN UNLAWFUL SELECTIVE PROSECUTION
<u>AGAINST PRIVATE ATTORNEY GENERAL ANTHONY TROY WILLIAMS</u>

The government respectfully submits this brief in response to the defendant Anthony T. Williams's Motion to Show Prosecutors Ronald G. Johnson and Gregg Paris Yates Engaged in Unlawful Selective Prosecution Against Private Attorney General Anthony Troy Williams (Motion)." ECF No. 495. This motion attempts to re-litigate claims that have already been addressed by this Court. As shown below, the defendant filed a substantially identical "Sworn Motion to Disbar Ronald Johnson for Prosecutorial Misconduct and Racism" on April 26, 2018. ECF No. 242. This Court, Magistrate Judge Kenneth J. Mansfield, issued an order denying the defendant's previous motion on October 1, 2018. ECF No. 345. Pursuant to Rule 57.3(b) of the Criminal Local Rules of this Court, the time to appeal the Magistrate Judge's ruling expired fourteen days after the ruling. Accordingly, the ruling on the defendant's previous motion stands and this motion should be denied.

ARGUMENT

The issues in this Motion are virtually identical to the issues raised by the defendant in his prior motion that alleged selective prosecution, notwithstanding the addition of the undersigned attorney party to the underlying allegation. In its Order denying the defendant's first motion, ECF No. 345, the Court characterized the defendant's claim as one for selective prosecution: "[the Motion] claims that Defendant is being selectively prosecuted based upon his race, religion, and civil

rights activism."   Order Denying Def.'s [242] Sworn Mot. to Disbar Ronald Johson [sic] for Prosecutorial Misconduct and Racism, ECF No. 345, *United States v. Anthony Williams*, No. 1:17-cr-00101-LEK (D. Haw. Oct 1, 2018).

The Court has already decided the issues raised here.   First, in its October 1, 2018 Order, the Court recognized that the gravamen of the defendant's earlier motion was that he was "being selectively prosecuted based upon his race, religion, and civil rights activism." ECF No. 345 at 1 (citing ECF No. 242-2 at 4).   The Court noted that the "Defendant asserts that 'similarly situated Caucasian women who operated the exact same business, using the same documents as the undersigned for his clients and yet not one of them were indicted.'" *Id.*   Moreover, this Court noted that the defendant "argues that the United States Attorney's Office has colluded with the FBI to bring false charges against him and one of his co-defendants." *Id.* (citing ECF No. 242-2 at 7-9).

These three core claims in the defendant's first motion are repeated in this second motion: the Motion re-argues that the U.S. Attorney's Office targeted the defendant based upon his race, religion, and history of civil rights activism. *Compare id.* at 2 *with* Motion 8-9 ("Had Anabel Cabebe been a white woman she would not be facing any charges for mail or wire fraud. . . . [T]he only determining factor to whether you were charged or not was whether you were white or a minority.").   Although the defendant subtly alters this argument by accusing the

3

government of racism against non-whites generally, including co-defendant Anabel Cabebe, instead of against African Americans specifically, the underlying claim of racially-motivated prosecution is the same.

Second, the Motion echoes the earlier motion in its assertion that "similarly situated" Caucasians involved in the defendant's alleged fraudulent conduct were not indicted for the sole reason that they are white.  *Compare* ECF No. 242 at 4 (highlighting "similarly situated Caucasian women who operated the exact same business, using the same documents as the undersigned for his clients and [noting that] yet not one of them were indicted") *with* ECF No. 495 at *2 ("The U.S. Attorney's Office has engaged in racial discrimination by failing to indict any Caucasians who were similarly situated and conducting the exact same business with the undersigned and his companies.").

Third, the Motion repeats the unsubstantiated claim that the U.S. Attorney's Office and the FBI are engaged in a conspiracy to bring false charges against the defendant and his mother and co-defendant, Barbara Williams.  *Compare* ECF No. 345 at 3 (noting that the first motion's "arguments regarding alleged collusion between the U.S. Attorney's Office and the FBI similarly lack merit," defining the actions of the U.S. Attorney's Office and the FBI as "not collusive," and recognizing that the first motion "presents nothing more than speculation to the contrary," and citing Mem. In Opp'n by USA, ECF No. 254) *with* ECF No 495 at 3

4

(alleging that "[t]he FBI and the U.S. Attorney's Office KNEW that all three of these [white] women [Kalena Franks, Robbin Krakkauer, and P.J. Stewart] were working for and with the undersigned yet <u>chose not to prosecute any of them for no other reason other than they are not minorities</u>").

For the reasons set forth in the Court's earlier Order, the Motion does not meet the applicable test for selective prosecution.  ECF No. 345 at 1-2.  As noted by this Court, selective prosecution is "not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution," *United States v. Armstrong*, 517 U.S. 456, 462 (1996).  This Court recognized "the *presumption* that a prosecutor has not violated equal protection" and requires that "a criminal defendant must present *clear evidence* to the contrary" to establish selective prosecution. *Id.* (citing *Armstrong* at 462) (emphasis added).

The instant motion, just as the defendant's earlier motion, fails to put forth any evidence, let alone clear evidence, to overcome the presumption that the prosecution has not violated equal protection.  This Court noted that the first motion "fails to meet [this] burden on either element" required by *Sutcliffe*: "(1) other similarly situated individuals have not been prosecuted and (2) his prosecution was based on an impermissible motive." *Id.* at 2 (citing *United States v. Sutcliffe*, 505 F.3d 944, 954 (9th Cir. 2007)).  The Ninth Circuit clarified that

5

the test for selective prosecution "is particularly demanding, requiring a criminal defendant to introduce 'clear evidence' displacing the presumption that a prosecutor has acted lawfully." *Id.* (citing *United States v. Culliton*, 328 F.3d 1074, 1081 (9th Cir. 2003)).

The issues raised by this Motion were decided in the Court's October 1, 2018 Order.   This motion should be denied.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny the defendant's Motion to Show Prosecutors Ronald G. Johnson and Gregg Paris Yates Engaged in Unlawful Selective Prosecution Against Private Attorney General Anthony Troy Williams.

DATED: June 18, 2019, at Honolulu, Hawaii.

      KENJI PRICE
      United States Attorney
      District of Hawaii

        /s/ Gregg Paris Yates
By_____
   GREGG PARIS YATES
   Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

Served Electronically through CM/ECF:

Lars Isaacson, Esq.
hawaii.defender@earthlink.net

Stand-by Attorney for Defendant
ANTHONY T. WILLIAMS

Served by First Class Mail:

Anthony T. Williams
Register No. 05963-122
Inmate Mail
FDC Honolulu
PO Box 30080
Honolulu, HI 96820

DATED:   June 18, 2019, at Honolulu, Hawaii.

/s/ Dawn Aihara
_____