KENJI M. PRICE   #10523
United States Attorney
District of Hawaii

GREGG PARIS YATES   #8225
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-9220
E-Mail:       Gregg.Yates@usdoj.gov

Attorney for Plaintiff
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 17-00101-01 LEK |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S RESPONSE TO |
| | ) | DEFENDANT'S MOTION TO STOP |
| v. | ) | VIOLATING PAG ANTHONY |
| | ) | WILLIAMS FIRST AMENDMENT |
| ANTHONY WILLIAMS, | ) | RIGHT TO FREE EXERCISE OF |
| | ) | RELIGION; CERTIFICATE OF |
| Defendant. | ) | SERVICE |
| | ) | |
| _____ | ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S
### MOTION TO STOP VIOLATING PAG ANTHONY WILLIAMS
### <u>FIRST AMENDMENT RIGHT TO FREE EXERCISE OF RELIGION</u>

The government respectfully submits this brief in response to the defendant Anthony T. Williams's Motion for the Government to Stop Violating PAG Anthony Williams [sic] First Amendment Right to Free Exercise of Religion (Motion).   ECF No. 500.   As demonstrated below, the Constitutional claims in the Motion are irrelevant to this prosecution, and must be brought as a separate civil suit.   In addition, the defendant has failed to exhaust his administrative remedies before raising these claims to this Court.   The Motion should be denied.

## ARGUMENT

The Motion is irrelevant to this prosecution.   The Motion argues that the Bureau of Prisons (BOP) has violated the defendant's Constitutional rights pursuant to the First Amendment Free Exercise Clause and the Fourteenth Amendment by:

> (1) "prevent[ing] a minister who is a friend of the undersigned from visiting the undersigned" at the Federal Detention Center, Honolulu (FDC) [;]"
> (2) "deny[ing] the undersigned to view the religious DVDs of the services of his faith[;]"
> (3) "confiscat[ing] and [throwing] away the undersigned's Hebrew kufi [hat ;]"
> (4) "prevent[ing] us Hebrews from being able to have bible study together. . . ."

Motion Exh. A 2-3, ECF No. 500-2.

The Motion does not allege any matter that is appropriate for resolution in this prosecution.   The allegations do not pertain in any way to the wire fraud and

mail fraud charges in either the initial or Superseding Indictment, or to any defense to these charges; these purported violations of the defendant's rights allegedly occurred at the FDC *after* the defendant was charged in the initial indictment and detained.   Moreover, the allegations do not pertain to the defendant's ability to adequately prepare a defense to this prosecution, as the defendant had argued in fifteen (15) previous motions to challenge the conditions of his confinement.   ECF Nos. 65, 83, 87, 117, 167, 195, 287, 307, 375, 418, 433, 460, 479, 493, and 498. Rather, the defendant brings this Motion solely pursuant to the First and Fourteenth Amendments based upon his alleged treatment by the BOP.

The defendant must bring his claims of interference with the free exercise of his religion as a separate civil action.   *See, e.g.*, Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb-1 ("Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability, except as provided in subsection (b)."); Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc-1 ("No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . , even if the burden results from a rule of general applicability, unless the government demonstrates " a compelling government interest and least restrictive means).   Such claims should not be brought in connection with a prosecution, absent a nexus between the charges

themselves and the free exercise of the defendant's religion.   *See, e.g.*, *United States v. Christie*, 825 F.3d 1048, 1063 (9th Cir. 2016) (denying RFRA religious use defense to prosecution for marijuana distribution); *United States v. Quaintance*, 523 F.3d 1144 (10th Cir. 2008).   Such a nexus is absent here.   The defendant must re-file his claims in a separate civil action.

In any event, such a civil action would be premature because the defendant has failed to exhaust his administrative remedies pertaining to his claims.   The gravamen of the Motion is a challenge to the conditions of the defendant's confinement in a manner similar to motions that this Court has rejected in the past. ECF Nos. 132, 346, 389, and 430.   Just as this Court has ruled earlier, *see id.*, the defendant must exhaust his administrative remedies with respect to challenges to the conditions of his confinement before approaching the Court.

"The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law."   *Woodford v. Ngo*, 548 U.S. 81, 88 (2006) (*quoting McKart v. United States*, 395 U.S. 185, 193 (1969)).   "The doctrine provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *McKart*, 395 U.S. at 193 (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50, 51 (1938)).

To exhaust his administrative remedies, the defendant must proceed through the Administrative Remedy Program. *See* 28 C.F.R. §§ 542.10-542.19; Bureau of Prisons Program Statement on Administrative Remedy Program, Jan. 6, 2014 *avail. at* https://www.bop.gov/policy/progstat/1330_018.pdf.   This Court previously outlined the BOP grievance process in its March 7, 2018 Order at 4-5, ECF No. 132.   Under the BOP grievance process, the inmate must first seek informal resolution of the issue of concern at his institution of confinement, the Federal Detention Center, Honolulu. *Id.* § 542.13.   If no informal resolution is reached, the inmate must file a formal request (BP-9) with the Warden. *Id.* § 542.14.   If the Warden denies the remedy, the inmate may appeal first to the Regional Director (BP-10), within 20 days of receiving the Warden's response, and thereafter to the General Counsel in Washington, D.C. (BP-11), within 30 days of receiving the Regional Director's response. *Id.* § 542.15.   Administrative exhaustion does not take place until a final decision is received from the Office of General Counsel, or until a response is not forthcoming within the time allotted for reply. *Id.* §§ 542.15(a); 542.18.

As set forth in the government's Response to the Defendant's Motion to Show the Administrative Remedy Procedures at FDC Honolulu are a Sham, Farce and No Available Remedy, the defendant appears to have attempted to file a grievance relating to one of the Free Exercise claims in the Motion, relating to

5

visitation from a minister.   Resp. Df. Mot. Admin. Remedy Procedures 4-6, ECF

No. 508.   However, the defendant failed to utilize the proper Administrative

Remedy forms when he appealed his first denial.   *Id.* 7-9.   In response, the BOP

invited the defendant to re-file an appeal of an earlier complaint to address the

issue.   *Id.* 7-9.   The defendant has thus far failed to do so.   Therefore, the

defendant has failed to exhaust his administrative remedies with respect to the

visitation issue.   *Id.*; *Id.* at Exhibit B at 8-10 (Admin. Remedy Generalized

Retrieval for A. Williams, dated June 13, 2019), ECF No. 508-2.

The government is not aware of any other administrative remedy forms filed

by the defendant pertaining to the other matters raised in the Motion.   *See*

*generally id.* at Exhibit B at 1-10 (Admin. Remedy Generalized Retrieval for A.

Williams, dated June 13, 2019), ECF No. 508-2.   Accordingly, the defendant's

demands may not be brought before the Court at this time.   *Woodford v. Ngo*, 548

U.S. 81 (2006) ("As a general rule . . . courts should not topple over administrative

decisions unless the administrative body not only has erred, *but has erred against*

*objection made at the time appropriate under its practice*.") (emphasis in original),

*quoting United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952).

Both the defendant and his standby counsel, Lars Isaacson, Esq., have been

on notice since March 7, 2018 that they are required to exhaust the defendant's

administrative remedies before seeking redress from this Court.   ECF No. 132.

<u>CONCLUSION</u>

For the foregoing reasons, the government respectfully requests that the

Court deny Defendant's Motion for the Government to Stop Violating PAG

Anthony Williams [sic] First Amendment Right to Free Exercise of Religion.

DATED:   June 25, 2019, at Honolulu, Hawaii.

KENJI M. PRICE
United States Attorney
District of Hawaii

/s/ Gregg Paris Yates
By_____
  GREGG PARIS YATES
  Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

I certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

<u>Served Electronically through CM/ECF:</u>

      Lars Isaacson, Esq.
      hawaii.defender@earthlink.net

      Stand-by Attorney for Defendant
      ANTHONY T. WILLIAMS

<u>Served by First Class Mail:</u>

      Anthony T. Williams
      Register No. 05963-122
      Inmate Mail
      FDC Honolulu
      PO Box 30080
      Honolulu, HI 96820

      DATED:   June 25, 2019, at Honolulu, Hawaii.

                                /s/ Dawn Aihara

                                _____
                                U.S. Attorney's Office
                                District of Hawaii