KENJI M. PRICE   #10523
United States Attorney
District of Hawaii

GREGG PARIS YATES   #8225
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-9220
E-Mail:       Gregg.Yates@usdoj.gov

Attorney for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) Cr. No. 17-00101 LEK |
|---|---|
| Plaintiff, | ) |
| | ) GOVERNMENT'S RESPONSE TO |
| | ) DEFENDANT'S MOTION TO |
| v. | ) REMOVE UNLAWFUL |
| | ) STIPULATIONS ON NON- |
| ANTHONY WILLIAMS, | ) COMMUNICATION BETWEEN |
| | ) PRIVATE ATTORNEY GENERAL |
| Defendant. | ) ANTHONY WILLIAMS AND HIS |
| | ) QUEEN MOTHER MRS. BARBARA |
| | ) WILLIAMS; CERTIFICATE OF |
| | ) SERVICE |
| | ) |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO REMOVE UNLAWFUL STIPULATIONS
BETWEEN PRIVATE ATTORNEY GENERAL ANTHONY
WILLIAMS AND HIS QUEEN MOTHER MRS. BARBARA WILLIAMS

The government respectfully submits this brief in response to the defendant Anthony T. Williams's motion "to remove unlawful stipulations on non-communication" with his co-defendant Barbara Williams (Mot.).  Mot. Exh. A, ECF No. 514-2.  The defendant seeks to challenge one of the standard conditions of pretrial release for co-defendant Barbara Williams, the mother of the defendant; the defendant does not challenge any condition of his own confinement.

The defendant's motion should be denied.  The defendant does not allege an injury to establish standing to challenge the conditions of release of another party.  The defendant misrepresents his co-defendant's release conditions, which in fact permit contact between co-defendants in the presence of an attorney, contrary to the defendant's claim otherwise.

## BACKGROUND

The defendant is currently serving a sentence of imprisonment following a felony conviction and judgment entered by the Broward County Circuit Court on June 23, 2017.  On July 23, 2017, this Court entered a Writ of *Habeas Corpus Ad Prosequendum* to permit the U.S. Marshals Service to transfer Mr. Williams to this district for prosecution.  On September 29, 2017, the defendant was ordered detained at the Federal Detention Center, Honolulu (FDC) pending trial.  While in pretrial detention, the defendant had placed Barbara Williams's name on his contact list, permitting visitation, mail, and telephone communication between the

defendant and Ms. Williams.   Ms. Williams had not been charged at the time.

On March 28, 2018, a federal grand jury returned a Superseding Indictment charging co-defendant Barbara Williams with 15 counts of wire fraud and 17 counts of mail fraud.   ECF No. 154.   Co-defendant Barbara Williams was released on bond, subject to conditions.   ECF No. 233.   Among the standard conditions of release included in co-defendant's release order was paragraph 7m1:

> Contact is prohibited directly, indirectly, or through third parties: with co-defendants, co-conspirators, or witnesses in this and any related case.   The U.S. Attorney's Office will provide Pretrial Services with initial and updated lists of names of persons with whom contact is prohibited.   <u>You may have contact with codefendants in this case in the presence of defense counsel</u>.

Order Setting Conditions of Release at ¶ 7m1, ECF No. 233 (emphasis in original).

## ARGUMENT

The defendant's motion should be denied.   As an initial matter, the defendant has failed to establish standing to challenge the conditions of pretrial release of a co-defendant.   Standing requires an injury in fact that is "concrete and particularized and actual or imminent, not conjectural or hypothetical" and that the be fairly traceable to the challenged action of the government.   *Wilbur v. Locke*, 423 F.3d 1101, 1107 (9th Cir. 2005).   Because it is co-defendant Barbara Williams's pretrial release condition at issue, it is co-defendant Barbara Williams's responsibility to contest the condition.   *See Gonzales v. Cal. Dep't of Corr'ns*, 739

F.3d 1226, 1234 (9th Cir. 2014) ("Generally speaking, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties."). Co-defendant Barbara Williams has declined to do so, and indeed, has apparently declined to join the defendant's motion.

Nonetheless, to support his claim to injury, the defendant argues that co-defendant Barbara Williams's release conditions cause him an injury in fact because he has been "dives[ted of] the right to wish his Queen [co-defendant Barbara Williams] happy birthday, happy mother's day and happy anniversary," and has been otherwise "deprived of communication with the Queen for 15 months and counting . . . ." ECF No. 514-2 at 1.

Separate and apart from whether such a rhetorical reframing of the injury caused by restrictions placed on a third-party co-defendant's communications is adequate to support standing, in this case, there is no injury. The co-defendant's conditions of release <u>permit</u> contact with the defendant by their terms, contrary to the representation of the defendant. The release condition prohibits contact with "co-defendants, co-conspirators, and witnesses in this and any related case." Order Setting Conditions of Release at ¶ 7m1, ECF No. 233. This is a standard Pretrial Services release condition, and is referenced explicitly by statute. 18 U.S.C. § 3142(c)(1(B)(v) (stating release condition that "avoid all contact with . . . a potential witness who may testify concerning the offense"). However, for co-

4

defendant Barbara Williams, the Court ordered that she <u>may</u> have contact with her co-defendants, including the defendant Anthony Williams, "in the presence of defense counsel." In any event, apparently, according to the defendant's own motion, co-defendant Barbara Williams has chosen not to avail herself of this privilege "for 15 months and counting." This is not a cognizable injury that this Court should address.

In light of the foregoing, co-defendant Barbara Williams's conditions of pretrial release should not be modified and the motion should be denied.

CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny Defendant's Motion to Remove Unlawful Stipulations on Non-Communication Between Private Attorney General Anthony Williams and his Queen Mother.

DATED: July 19, 2019, at Honolulu, Hawaii.

        KENJI PRICE
        United States Attorney
        District of Hawaii

        By */s/ Gregg Paris Yates*
          GREGG PARIS YATES
          Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

Served Electronically through CM/ECF:

   Lars Isaacson, Esq.
   hawaii.defender@earthlink.net

   Stand-by Attorney for Defendant
   ANTHONY T. WILLIAMS

Served by First Class Mail:

   Anthony T. Williams
   Register No. 05963-122
   Inmate Mail
   FDC Honolulu
   PO Box 30080
   Honolulu, HI 96820

   DATED:   July 19, 2019, at Honolulu, Hawaii.

                                        /s/ Melena Malunao
                                        U.S. Attorney's Office
                                        District of Hawaii