# MINUTES

CASE NUMBER:         1:17-cr-00101-LEK-1

CASE NAME:           United States v. Anthony T. Williams

JUDGE:     Leslie E. Kobayashi

DATE:     07/24/2019

COURT ACTION:  EO:  COURT ORDER DENYING DEFENDANT'S "MOTION FOR GOVERNMENT TO OUTLINE WHICH DEVICE(S) WERE SEARCHED THAT CONTAINED EVIDENCE SOUGHT WHICH RESULTED IN 32 COUNTS OF MAIL AND WIRE FRAUD"

      Before the Court is pro se Defendant Anthony T. Williams's ("Defendant") "Motion for Government to Outline Which Device(s) Were Searched that Contained Evidence Sought which Resulted in 32 Counts of Mail and Wire Fraud" ("Outline Motion"). [Dkt. no. 488.] Plaintiff the United States of America ("the Government") filed its memorandum in opposition on June 12, 2019, and Defendant filed his reply on July 3, 2019. [Dkt. nos. 507, 515.] The Court finds the Outline Motion suitable for disposition without a hearing pursuant to Local Rule 7.2(d).

      As clarified by Defendant's reply, the Outline Motion seeks the "return [of] the devices that did not contain any data falling within the list of items seized as stated by [Federal Bureau of Investigation ('FBI') Special Agent Megan] Crawley in paragraph 18 of the Search Warrant Application she submitted." [Reply, Decl. of Counsel, Exh. A at 1.] The Outline Motion appears to request an order compelling the Government to explain what specific evidence obtained from each electronic device seized supports each of the charges in this case. See, e.g., Outline Motion, Decl. of Counsel, Exh. A at 4. However, in his reply, Defendant expressly states "[t]he motion did not seek discovery into the government's trial preparation and strategy." [Reply, Decl. of Counsel, Exh. A at 1.] This Court therefore will not address the requests in the Outline Motion that appear to relate to "the government's trial preparation and strategy."

      The remainder of the Outline Motion is duplicative of other motions Defendant has filed in this case. To the extent Defendant seeks the return of certain items seized from him, he sought such relief in his Motion for Return of Property, [filed 12/17/18 (dkt.

no. 398)]. The magistrate judge denied that motion in an order issued on February 4, 2019. [Dkt. no. 426.] The Outline Motion does not identify any changed circumstances or newly discovered evidence that warrant a different result. See, e.g., United States v. Hee, Cr. No. 14-00826 SOM, 2015 WL 6510345, at *11 (D. Hawai`i Oct. 27, 2015) ("[M]otions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings." (alteration in Hee) (citations and quotation marks omitted)); Local Rule LR60.1 (stating that a motion for reconsideration of an interlocutory order "may be brought only upon the following grounds: (a) Discovery of new material facts not previously available; (b) Intervening change in law; (c) Manifest error of law or fact").

To the extent Defendant alleges the FBI exceeded the scope of the search warrants that the FBI obtained based on Agent Crawley's affidavit, that issue is currently before this Court in Defendant's Motion for Suppression of Evidence, [filed 3/19/19 (dkt. no. 437)]. Thus, it is unnecessary to revisit the issue in the context of the Outline Motion. Defendant's "Motion for Government to Outline Which Device(s) Were Searched that Contained Evidence Sought which Resulted in 32 Counts of Mail and Wire Fraud" is therefore DENIED.

IT IS SO ORDERED.


Submitted by: Theresa Lam, Courtroom Manager