KENJI M. PRICE   #10523
United States Attorney
District of Hawaii

GREGG PARIS YATES   #8225
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-9220
E-Mail:      Gregg.Yates@usdoj.gov

Attorney for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cr. No. 17-00101 LEK |
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO |
| v. | DISQUALIFY RONALD G. JOHNSON AND GREGG PARIS |
| ANTHONY WILLIAMS, | YATES FOR NOT HAVING AN OATH OF OFFICE FILED AND |
| Defendant. | FOR NOT HAVING A VALID LICENSE TO PRACTICE LAW; EXHIBIT A; CERTIFICATE OF SERVICE |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO DISQUALIFY RONALD G. JOHNSON AND
GREGG PARIS YATES FOR NOT HAVING AN OATH OF OFFICE
FILED AND FOR NOT HAVING A VALID LICENSE TO PRACTICE LAW

The government respectfully submits this brief in response to the defendant Anthony T. Williams's motion to disqualify the Assistant United States Attorney(s) assigned to this matter.   Mot. Exh. A, ECF No. 525-2.

The defendant's motion is frivolous and should be summarily denied without hearing.   "The disqualification of Government counsel is a drastic measure and a court should hesitate to impose it except where necessary." *United States v. Bolden*, 353 F.3d 870, 878 (10th Cir. 2003).   As noted by the D.C. Circuit in an analogous circumstance, "a criminal defendant cannot routinely remove prosecutors he dislikes, or fears, by suing them." *United States v. Heidt*, 668 F.2d 1238, 1276 (D.C. Cir. 1981).   Courts have allowed disqualification of government counsel in only limited circumstances, none of which are implicated here.   *See, e.g.*, *Young v. United States*, 481 U.S. 787, 807 (1987) (actual conflict of interest because an appointed prosecutor also represented another party); *United States v. Heidt*, 668 F.2d 1238, 1275 (D.C. Cir. 1981) (discussing a prosecutor's pecuniary interest in successful prosecution); *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985) (prosecutor who was also a witness at trial).

The defendant's motion is based upon unfounded accusations that the appointed counsel for the government do "not [have] an oath of office filed" and do "not hav[e] a valid license to practice law."   Mot. Exh. A at 1, ECF No. 525-2.

The defendant has failed to carry his burden upon his motion by making any kind of showing in support of his motion.

In any event, the defendant's accusations are absurd.   The authority of an Assistant United States Attorney is set forth in Title 28, United States Code, Section 542.   As relevant to the Motion, an Assistant U.S. Attorney is required to take an "oath to execute faithfully his [or her] duties," pursuant to Title 28, United States, Section 544.   The oath of office for the undersigned attorney was administered orally by the Hon. J. Michael Seabright, Chief Judge of the U.S. District Court for the District of Hawaii on January 11, 2016.[1]

No authority, Federal or State, requires that attorneys for United States file any kind of document relating to an appointment to office with the State of Hawaii Bureau of Conveyances, as the defendant alleges.   According to its website, the Hawaii Bureau of Conveyances "maintain[s] an accurate, timely, and permanent record for *title to real property*."   *See* State of Hawaii Bureau of Conveyances website, *available at* https://dlnr.hawaii.gov/boc/.

Similarly, the defendant's unsupported allegation that attorneys for the government must be disqualified upon the ground that they are not licensed to

---

[1]   An SF-61 form Appointment Affidavit was signed on January 11, 2016 by the undersigned counsel and Chief Judge and can be made available for review, upon the Court's request.   Attorney Ronald G. Johnson is no longer associated with this matter.

3

practice law is unsupported and baseless.   The state bar numbers of the attorneys associated with this prosecution have been prominently displayed on each filing in this case.   The membership in good standing with the Hawaii State Bar for the attorney associated with this prosecution is a matter of public record.   Exhibit A.

Membership in good standing with the Hawaii State Bar is adequate qualification for a government attorney to practice before this Court.   Criminal Local Rule (Crim L.R.) 83.1(d) ("Any attorney who is an active member in good standing of the bar of the highest court of any State and who is employed by the United States or one of its agencies in a professional capacity and who, while being so employed, may have occasion to appear in this court on behalf of the United States shall be eligible for leave to practice before this court during the period of such employment.").

"Since the founding of the Republic, the licensing and regulation of lawyers has been exclusively to the States and the District of Columbia within their respective jurisdictions."   *Leis v. Flynt*, 439 U.S. 438, 442 (1979).   The Supreme Court of the State of Hawai'i sets the license requirements for the practice of law in Hawaii.   Haw. Rev. Stat. § 605-2.   The Hawaii Supreme Court organized the Hawaii State Bar for the purpose to "aid the courts in regulating, maintaining and improving the legal profession, [and] administration of justice and advancements in jurisprudence . . . ."   Rules of the Supreme Court of the State of Hawai'i Rule

4

17(b).   Among other things, the State Bar has the "responsibility for administering the statutes and rules of this court relating to governance of the profession . . . ." Rule 17(b).   The State Bar maintains records of an admitted attorney's status, including instances of professional discipline or conviction.   Rule 17(d). Therefore, this Court recognizes active membership in good standing with a state bar as a pre-requisite for government counsel to practice before it.   Crim L.R. 83.1(d).

In sum, counsel for the government is appropriately qualified to represent the government in this matter.   The defendant's arguments to the contrary should be rejected.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny Defendant's motion to disqualify the counsel for the government.

DATED: July 24, 2019, at Honolulu, Hawaii.

KENJI PRICE
United States Attorney
District of Hawaii


By */s/ Gregg Paris Yates*
   GREGG PARIS YATES
   Assistant U.S. Attorney

5

<u>CERTIFICATE OF SERVICE</u>

I certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

<u>Served Electronically through CM/ECF:</u>

Lars Isaacson, Esq.
hawaii.defender@earthlink.net

Stand-by Attorney for Defendant
ANTHONY T. WILLIAMS

<u>Served by First Class Mail:</u>

Anthony T. Williams
Register No. 05963-122
Inmate Mail
FDC Honolulu
PO Box 30080
Honolulu, HI 96820

DATED:   July 24, 2019, at Honolulu, Hawaii.

/s/ Melena Malunao

_____
U.S. Attorney's Office
District of Hawaii