IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 17-00101 LEK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION TO DEMAND IMMEDIATE |
| vs. | ) | RELEASE |
| | ) | |
| ANTHONY WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S
MOTION TO DEMAND IMMEDIATE RELEASE**

Defendant Anthony Williams's ("Defendant") Motion to Demand Immediate Release seeks release from pretrial detention. ECF No. 524. Defendant, however, presently remains ineligible for pretrial release. He was previously convicted in Florida of Grand Theft and Unlawful Filing of False Documents or Records Against Property, and on June 23, 2017, received a sentence of 15 years imprisonment, followed by 15 years of probation. *See* ECF No. 34 at 2. Defendant appears before this Court, and is in Federal custody, pursuant to a *writ of habeas corpus ad prosequendum*. ECF No. 23. The State of Florida's jurisdiction over Defendant continues while he is in Federal custody, and he is ineligible for pretrial release. *Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991). Defendant's unsupported assertion that he "no longer has a hold from

Florida" is belied by the available information proffered by the Government. Defendant must demonstrate that his sentence has actually been substantially reduced or vacated for the Court to consider this argument.

Similarly, Defendant's assertion that he should be released because he has already been detained longer than his potential sentencing exposure disregards the fact that because he is in Federal custody on a *writ of habeas corpus ad prosequendum*, the State of Florida has primary jurisdiction over him. *Taylor v. Reno*, 164 F.3d 440, 445 (9th Cir. 1998). Thus, his time in Federal custody would be credited against his State of Florida 15-year sentence before any sentence that might be imposed by this court. *Id.* Under the circumstances, the period of Defendant's pretrial detention does not warrant release.

The Court therefore DENIES Defendant's Motion to Demand Immediate Release.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, July 25, 2019.

Kenneth J. Mansfield
United States Magistrate Judge

*United States of Am. v. Williams*, CRIM. NO. 17-00101 LEK; Order Denying Defendant's Motion to Demand Immediate Release