# MINUTE ORDER

CASE NUMBER:     CRIMINAL NO. 17-00101(01) LEK

CASE NAME:       United States v. Anthony T. Williams

JUDGE:   Leslie E. Kobayashi

DATE:    07/30/2019

COURT ACTION:  EO:  COURT ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S NINTH MOTION FOR ORDER TO SHOW CAUSE AND DENYING DEFENDANT'S SECOND MOTION TO COMPEL

Before the Court is pro se Defendant Anthony T. Williams's ("Defendant") Ninth Motion for Order to Show Cause ("Ninth OSC Motion") and Second Motion to Compel ("Motion to Compel"), both filed on April 10, 2019. [Dkt. nos. 459, 460.] Plaintiff the United States of America ("the Government") filed its memorandum in opposition to both motions on May 22, 2019, and Defendant filed a reply in support of both motions on July 18, 2019. [Dkt. nos. 487, 521.] The Court finds these matters suitable for disposition without a hearing, pursuant to Local Rule 7.2(d).

I.    **The Subject External Hard Drive**

Both motions relate to approximately two terabytes ("TB") of forensic images, consisting primarily of material obtained by the Federal Bureau of Investigation's ("FBI") Miami Field Office, which the Government has stored on a 3 TB external hard drive ("Subject Drive").  The Government does not contest that the Subject Drive contains discovery to which all defendants in this case are entitled. See Mem. in opp., Exh. A (email, dated 1/23/19, from Assistant United States Attorney Greg Yates to counsel, stating the contents of the Subject Drive were "available for inspection," and offering to make copies of the Subject Drive, if counsel provided him with either one 3 TB external hard drive or two 2 TB external hard drives).  Thus, the issues presented by the Ninth OSC Motion and the Motion to Compel relate to the manner in which the discovery is provided to Defendant.

The issues presented by the Subject Drive are the same as those presented by the computer disks containing the discovery that the Government has previously produced in this case ("Discovery Disks"), albeit in greater volume. See, e.g., Order Denying Def.'s

Fifth Motion for Order to Show Cause & Request for Expedited Hearing, filed 11/21/18 (dkt. no. 386) ("11/21/18 Order"), at 5 (discussing Defendant's review of the Discovery Disks). In response to the Ninth OSC Motion and the Motion to Compel, the Government states:

> The Bureau of Prisons (BOP) will not permit an incarcerated inmate such as the defendant to possess a stand-alone hard drive within the Federal Detention Center. However, the government has confirmed that the BOP will accommodate the defendant by permitting him to review electronic evidence on hard drives at the FDC in the presence of his standby counsel.

[Mem. in opp. at 5.] The only evidence that the Government has submitted to support these statements is an April 18, 2019 email to Mr. Yates from Timothy A. Rodrigues, a senior BOP attorney, stating: "The Warden approved the hard drives and there is a memo in place allowing Lars [Isaacson, Esq., Defendant's standby counsel,] to enter with them." [Id., Exh. B.] The fact that the warden of the Federal Detention Center - Honolulu ("FDC Honolulu") has approved a request to allow Mr. Isaacson to bring a copy of the Subject Drive into the facility does not necessarily mean that the BOP has prohibited Defendant from possessing the drive. The Government has not presented a declaration from FDC Honolulu personnel attesting to the applicable policies. See, e.g., Response to Def.'s Fourth Motion for Order to Show Cause & Request for Expedited Hearing, filed 7/17/18 (dkt. no. 292), Decl. of AnneElizabeth W. Card, PhD ("Card Decl."). Further, other evidence that the Government itself has presented in this case suggests that Defendant would be permitted access to a copy of the Subject Drive in FDC Honolulu. See, e.g., Card Decl., Exh. D (Guidance for the Provision of ESI to Detainees, dated 10/25/16, by the Joint Electronic Technology Working Group) at 8 ("Other BOP facilities have allowed the use of portable hard drives depending on the type of case and the volume of discovery."); id. at 9 ("As frequently discussed herein, portable hard drives are inexpensive and may be an excellent choice for producing [electronically stored information ('ESI')] to facilities where detainees have access to computers."). Thus, no evidence or legal authority has been presented to prove that Defendant cannot have access to a copy of the Subject Drive at FDC Honolulu. The Government's failure to present such evidence is fatal to its position because the access that Defendant seeks is not unusual, especially in light of the access that he already has to the Discovery Disks and the litigation that has ensued regarding Defendant's access to the Discovery Disks.

The Ninth OSC Motion and the Motion to Compel are GRANTED insofar as the Government is ORDERED to provide, at the Government's expense, a copy of the Subject Drive for Defendant's review at FDC Honolulu. Further, the Government's argument that Mr. Isaacson must be present when Defendant views his copy of the Subject Drive is REJECTED. Defendant has chosen to represent himself, and that choice must be respected. Cf. McKaskle v. Wiggins, 465 U.S. 168, 177-78 (1984) (discussing the balance between standby counsel's participation at trial and the pro se defendant's right to represent himself).

The United States Attorney's Office is ORDERED to coordinate with the BOP regarding the procedural accommodations necessary to allow Defendant access to his copy of the Subject Drive. The Government is ORDERED to deliver Defendant's copy of the Subject Drive to FDC Honolulu, for Defendant's review, by **August 9, 2019**.

Defendant's other requests in the Ninth OSC Motion and the Motion to Compel are DENIED because the same type of requests have been considered and rejected in previous orders. Defendant's request for a dedicated computer, which only he would have access to, to review the Subject Drive is DENIED because Defendant has been provided with adequate time on a shared computer to review the discovery in this case. See, e.g., Order Granting the Government's Appeal and Request to Reconsider a Pretrial Matter Determined by the Magistrate Judge, filed 9/5/18 (dkt. no. 310) ("9/5/18 Order"), at 9 ("Defendant has more than adequate access to . . . a computer for research and to review discovery."). Similarly, Defendant's request for a printer to use in conjunction with his review of his copy of the Subject Drive is DENIED because his computer access is sufficient. See id. at 9-10 (ruling that Defendant was not entitled to a printer for use when viewing the Discovery Disks).

Defendant's requests for: 1) printed copies of the documents on the Subject Drive; and 2) disks of any audio files and video files on the Subject Drive are DENIED because Defendant has not shown that he has insufficient time to review his copy of the Subject Drive. See, e.g., 11/21/18 Order at 5 (ruling that Defendant is not entitled to printed copies of the documents on the Discovery Disks). To the extent the Subject Drive contains files or data that require additional technical analysis to access, Defendant can request court approval of funds to retain the services necessary to analyze those files or data.

All other requests in the Ninth OSC Motion and the Motion to Compel which are not specifically addressed in this entering order are also denied, for the reasons stated in the prior orders cited above.

## II.    Reports and Devices to Be Returned

The Government's memorandum in opposition states that "the FBI has recently located the reports of results for the searches that were conducted upon the forensic images of six of the defendant's electronic devices." [Mem. in opp. at 10.] The Government concedes that the reports are discoverable, and the Government states it "will make these available to the defendant promptly." [Id. at 11.] The Government also states that it will return two of the devices which were seized from Defendant. [Id. at 12.] The Government is HEREBY ORDERED to file a declaration addressing: 1) whether the reports have been produced to Defendant; 2) if the reports have not been produced to Defendant, why that has not occurred; 3) whether the two devices have been returned either to Defendant or his designee; and 4) if the devices have not been returned, why that has not occurred, and when and to whom the devices will be returned. The Government's declaration must be filed by **August 12, 2019**.

IT IS SO ORDERED.


Submitted by: Theresa Lam, Courtroom Manager