# MINUTE ORDER

CASE NUMBER:       CRIMINAL NO. 17-00101(01) LEK

CASE NAME:         United States v. Anthony T. Williams

JUDGE:    Leslie E. Kobayashi

DATE:     08/07/2019

COURT ACTION:  EO:  COURT ORDER DENYING DEFENDANT'S "MOTION TO SHOW ADMINISTRATIVE REMEDY PROCEDURES AT FDC HONOLULU ARE A SHAM, FARCE AND NO AVAILABLE MEANS FOR A REMEDY"

On June 1, 2019, pro se Defendant Anthony T. Williams ("Defendant") filed his "Motion to Show Administrative Remedy Procedures at FDC Honolulu Are a Sham, Farce and No Available Means for a Remedy" ("Administrative Remedies Motion"). [Dkt. no. 493.]  Plaintiff the United States of America ("the Government") filed its response to the Administrative Remedies Motion on June 17, 2019.  [Dkt. no. 508.] Defendant's reply in support of the Administrative Remedies Motion is included within a document filed on July 3, 2019.  [Dkt. no. 513.]  The Court finds this matter suitable for disposition without a hearing, pursuant to Local Rule 7.2(d).

The Administrative Remedies Motion raises a general challenge to the inmate grievance process at the Federal Detention Center - Honolulu ("FDC Honolulu"), where Defendant is currently detained.  Defendant does not identify any specific proceeding in this case that he has been unable to fully prepare for, nor any motion he was unable to fully prepare or respond to, because of the alleged defects in the grievance process. Defendant's general challenges should be addressed in either a civil rights action, pursuant to 42 U.S.C. § 1983, or a 28 U.S.C. § 2241 petition.  This Court makes no findings or conclusions regarding the merits of Defendant's challenges.

This Court notes that, where Defendant has alleged FDC Honolulu's actions were depriving him of access to the resources he needs to prepare his defense, this Court has addressed his arguments, even where the Government responded that Defendant failed to exhaust his administrative remedies.  For example, in the Order Denying Defendant's Fifth Motion for Order to Show Cause and Request for Expedited Hearing, filed November 21, 2018, this Court stated:

      This Court declines to address the merits of the Government's exhaustion argument because, even if Defendant properly exhausted his administrative remedies, his request must be denied. This Court has set forth the applicable standard on multiple occasions. In considering the Fifth OSC Motion, "'this Court need only determine whether Defendant is being provided with the constitutionally required access to the resources necessary to prepare his defense.'" See [Order Denying Def.'s "Appeal and Request to District Court to Reconsider a Pretrial Matter Determined by the Magistrate Judge," filed 10/3/18 (dkt. no. 347),] at 6 (quoting Order Denying Defendant's "Motion for Injunction Against FDC for Retaliation," filed 10/2/18 (dkt. no. 346) ("10/2/18 Order"), at 7) (citing 10/2/18 Order at 6-7 (quoting United States v. Robinson, 913 F.2d 712, 717 (9th Cir. 1990))).

[Dkt. no. 386 at 4-5.]

      In light of the foregoing, Defendant's Administrative Remedies Motion is HEREBY DENIED.

      IT IS SO ORDERED.

Submitted by: Theresa Lam, Courtroom Manager