# MINUTE ORDER

| | |
|---|---|
| CASE NUMBER: | CRIMINAL NO. 17-00101(01) LEK |
| CASE NAME: | United States v. Anthony T. Williams |

| | |
|---|---|
| JUDGE: | Leslie E. Kobayashi |
| DATE: | 08/08/2019 |

COURT ACTION:  EO:  COURT ORDER DENYING DEFENDANT'S "MOTION TO SHOW PROSECUTORS RONALD G. JOHNSON AND GREGG PARIS YATES ENGAGED IN UNLAWFUL SELECTIVE PROSECUTION AGAINST PRIVATE ATTORNEY GENERAL ANTHONY TROY WILLIAMS"

  On June 1, 2019, pro se Defendant Anthony T. Williams ("Defendant") filed his "Motion to Show Prosecutors Ronald G. Johnson and Gregg Paris Yates Engaged in Unlawful Selective Prosecution Against Private Attorney General Anthony Troy Williams" ("Selective Prosecution Motion").  [Dkt. no. 495.]  Plaintiff the United States of America ("the Government") filed its response to the Selective Prosecution Motion on June 18, 2019, and Defendant filed his reply on July 9, 2019.  [Dkt. nos. 509, 519.]  The Court finds this matter suitable for disposition without a hearing, pursuant to Local Rule 7.2(d).

  The Selective Prosecution Motion raises the same legal issues as Defendant's "Sworn Motion to Disbar Ronald Johnson for Prosecutorial Misconduct and Racism" ("2018 Motion").  [Dkt. no. 242.]  The magistrate judge denied the 2018 Motion in an order issued on October 1, 2018 ("10/1/18 Order").  [Dkt. no. 345.]  The magistrate judge construed the 2018 Motion as alleging "Defendant is being selectively prosecuted based upon his race, religion, and civil rights activism."  [10/1/18 Order at 1.]  The instant Selective Prosecution Motion differs from the 2018 Motion in that: 1) the Selective Prosecution Motion also challenges the actions of the Government's current counsel, Assistant United States Attorney Gregg Paris Yates; and 2) instead of alleging selective prosecution against African Americans, Defendant now alleges selective prosecution against "minorities" in general.  Compare, e.g., 2018 Motion, Decl. of Counsel, Exh. A at 4, with, e.g., Selective Prosecution Motion, Decl. of Counsel, Exh. A at 1.  However, because both motions assert Defendant has been the victim of selective prosecution, the standards set forth in the 10/1/18 Order also apply to the Selective Prosecution Motion.  See 10/1/18 Order at 2 (some citations omitted) (citing United States v. Sutcliffe, 505

F.3d 944, 954 (9th Cir. 2007); United States v. Culliton, 328 F.3d 1074, 1081 (9th Cir. 2003)).

The Selective Prosecution Motion does not present "'clear evidence'" to overcome the presumption that the Government's attorneys have acted lawfully.  See Sutcliffe, 505 F.3d at 954 (quoting Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 489, 119 S. Ct. 936, 142 L. Ed. 2d 940 (1999)).  Defendant identifies three women, who he states are Caucasian and worked with him to assist Hawai`i homeowners facing foreclosure.  [Selective Prosecution Motion, Decl. of Counsel, Exh. A at 2.]  Defendant asserts the three women were not charged in this case because they are Caucasian.  The three women have neither been charged in this case nor in any other federal case during the relevant time period.  Even if this constituted "clear evidence" that "other similarly situated individuals have not been prosecuted," Defendant has presented no evidence that the decision to prosecute the defendants in this case and not the three other women "was based on an impermissible motive."  See Sutcliffe, 505 F.3d at 954 (citation omitted).

Because Defendant has failed to carry his burden as to his allegation of selective prosecution, the Selective Prosecution Motion is HEREBY DENIED.

IT IS SO ORDERED.

Submitted by: Theresa Lam, Courtroom Manager