# MINUTE ORDER

CASE NUMBER:      CRIMINAL NO. 17-00101(01) LEK

CASE NAME:        United States v. Anthony T. Williams

JUDGE:    Leslie E. Kobayashi

DATE:     08/12/2019

COURT ACTION:  EO:  COURT ORDER DENYING DEFENDANT'S "MOTION FOR MANDATORY JUDICIAL NOTICE OF LAW CERTIFICATION OF PRIVATE ATTORNEY GENERAL ANTHONY TROY WILLIAMS"

  On June 1, 2019, pro se Defendant Anthony T. Williams ("Defendant") filed his "Motion for Mandatory Judicial Notice of Law Certification of Private Attorney General Anthony Troy Williams" ("Motion"). [Dkt. no. 498.] Plaintiff the United States of America's ("the Government") response to the Motion is included within a document filed on June 3, 2019 ("Response"). [Dkt. no. 503.] Defendant's reply in support of the Motion is included within a document filed on July 3, 2019 ("Reply"). [Dkt. no. 513.] The Court finds this matter suitable for disposition without a hearing, pursuant to Local Rule 7.2(d).

  In the Motion, Defendant argues this Court must take judicial notice of various documents, which he asserts establish that he is a Private Attorney General ("PAG"). [Motion, Decl. of Counsel, Exh. A at 2 of 13 (in the district court's electronic case filing system).] Fed. R. Evid. 201(b) states:

> Kinds of Facts That May Be Judicially Noticed.  The court may judicially notice a fact that is not subject to reasonable dispute because it:
>
>  (1) is generally known within the trial court's territorial jurisdiction; or
>
>  (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Because Defendant has requested judicial notice, this Court is required to take judicial notice, if Defendant has "supplied . . . the necessary information."  See Rule 201(c)(2).

Most of the documents Defendant submitted with the Motion are documents he created, certifying that he is a PAG.  [Motion, Decl. of Counsel, Exh. A at 5 of 13, 7-13 of 13.]  Defendant also submitted: a receipt for the recording of an affidavit; and a letter, dated April 22, 2019, to Defendant from the Initial Processing Unit, Internal Affairs Section, Inspection Division of the Federal Bureau of Investigation.  [Id. at 4 of 13, 6 of 13.]  Defendant contends each of these documents establishes that he is a PAG.  Whether Defendant is a PAG is not a fact which satisfies either Rule 201(b)(1) or (2).  Defendant's Motion is therefore DENIED.

IT IS SO ORDERED.

Submitted by: Theresa Lam, Courtroom Manager