# MINUTE ORDER

CASE NUMBER:     CRIMINAL NO. 17-00101(01) LEK

CASE NAME:       United States v. Anthony T. Williams

JUDGE:   Leslie E. Kobayashi

DATE:    08/12/2019

COURT ACTION:  EO:  COURT ORDER DENYING DEFENDANT'S "MOTION TO IMPEACH HENRY MALINAY FOR PERJURY IN A JUDICIAL PROCEEDING"

     On June 1, 2019, pro se Defendant Anthony T. Williams ("Defendant") filed his "Motion to Impeach Henry Malinay for Perjury in a Judicial Proceeding" ("Motion"). [Dkt. no. 499.]  Plaintiff the United States of America's ("the Government") response to the Motion is included within a document filed on June 3, 2019 ("Response").  [Dkt. no. 503.]  Defendant's reply in support of the Motion is included within a document filed on July 3, 2019 ("Reply").  [Dkt. no. 513.]  The Court finds this matter suitable for disposition without a hearing, pursuant to Local Rule 7.2(d).

     The Federal Bureau of Investigation ("FBI") obtained search warrants for, and executed them upon, the office space that Defendant used for his business in Hawai`i and the residence of Defendant Anabel Cabebe.  See Order Denying Def.'s Motion for Suppression of Evidence and Def.'s Motion for Evidentiary Hearing on Motion to Suppress, filed 7/26/19 (dkt. no. 533) ("7/26/19 Order"), at 2-3, 5.  The applications for the search warrants were supported by an affidavit, which referred to deposition testimony that Henry Malinay ("Malinay") gave in a bankruptcy proceeding.  [Id. at 10.]

     In the instant Motion, Defendant argues the deposition testimony referenced in the affidavit was "false and misleading." [Motion, Decl. of Counsel, Exh. A at ¶ 2.]  Defendant asserts Malinay knowingly lied while under oath during the deposition, and Maliny lied in documents that Malinay submitted to State of Hawai`i agencies.  [Id. at ¶¶ 9-14.]  Defendant argues the bankruptcy court's decision relied upon Malinay's false statements implicating Defendant and Defendant's business.  [Id. at ¶¶ 16-20 (discussing In re Malinay, Case No. 15-00044, 2015 WL 5208985, at *1 (Bankr. D. Hawai`i Sept. 3, 2015)).]  Defendant argues Malinay committed perjury in the bankruptcy proceeding and during the bankruptcy deposition, and Defendant therefore asks this Court "to take

appropriate action to have Mr. Malinay arrested." [Id. at pg. 6 of 18 (in the district court's electronic case filing system).]

To the extent that the Motion contends the search warrants were invalid because the applications were based upon Malinay's allegedly false statements, Defendant previously raised that argument in his Motion for Suppression of Evidence, [filed 3/19/19 (dkt. no. 437),] and the argument was rejected because there was no evidence that the FBI agent who wrote the affidavit made false statements about Malinay. [7/26/19 Order at 9-11.] Further, this Court cannot rule upon Defendant's allegation that Malinay committed perjury because the contested testimony was not given in this case. Cf. In re Levander, 180 F.3d 1114, 1120 (9th Cir. 1999) (stating that, "since the bankruptcy court itself was defiled by the perjury, the fraud was a fraud on the court"). If the Government calls Malinay as a witness during the trial in the instant case, Defendant will be able to cross-examine him and challenge his credibility at that time. Defendant's Motion is therefore DENIED.

IT IS SO ORDERED.

Submitted by: