

Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
Post Office Box 193939
San Francisco, California 94119-3939
415-355-8000

Molly C. Dwyer
Clerk of Court

August 23, 2019

No.: 19-72184
D.C. No.: 1:17-cr-00101-LEK
Short Title: O.S.T. v. USDC-HI

Dear Petitioner/Counsel

A petition for writ of mandamus and/or prohibition has been received in the Clerk's Office of the United States Court of Appeals for the Ninth Circuit. The U.S. Court of Appeals docket number shown above has been assigned to this case. Always indicate this docket number when corresponding with this office about your case.

If the U.S. Court of Appeals docket fee has not yet been paid, please make immediate arrangements to do so. If you wish to apply for in forma pauperis status, you must file a motion for permission to proceed in forma pauperis with this court.

Pursuant to FRAP Rule 21(b), no answer to a petition for writ of mandamus and/or prohibition may be filed unless ordered by the Court. If such an order is issued, the answer shall be filed by the respondents within the time fixed by the Court.

Pursuant to Circuit Rule 21-2, an application for writ of mandamus and/or prohibition shall not bear the name of the district court judge concerned. Rather, the appropriate district court shall be named as respondent.

William Wagener, Producer
*Pro Se*
On Second Thought TV
P.O. Box 7522
Santa Maria, California 93456
805-928-1100

Holly 8/27/19
RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS
AUG 23 2019
FILED ___8/23/19___
DOCKETED ___8/27/19___ HC
DATE      INITIAL

U.S. DISTRICT COURT, DISTRICT OF HAWAII

APPEAL FROM A DISTRICT COURT DECISION

ON SECOND THOUGHT TV

v.

Re: Denial of Media Coverage

**19-72184**

Case No. 17-00101

UNITED STATES OF AMERICA v. ANTHONY TROY WILLIAMS

WRIT FOR COURT TO EXERCISE ITS SUPERVISORY POWER

The Petitioner is a TV journalist from California who is petitioning this court to allow for a camera to present in the criminal case of UNITED STATES OF AMERICA v. ANTHONY TROY WILLIAMS, Case No. 17-00101. The Petitioner previously sent a request to the District Court judge to allow a camera to be present to record the trial. (Exhibit A). The court responded and denied the petitioner's request. (Exhibit B). The case in question is not a high profile case and

1

deals with a white collar crime of mail and wire fraud. The defendant in this case has previously been tried and convicted in Florida for Unlawful Filing of Documents and Grand Theft and that trial was allowed to be video recorded by Channel 7 News in Miami Florida. The presence of a camera would not prejudice the defendant as the defendant had no objection to the camera being present in his previous trial and does not object to a camera being present during his current trial.

I strongly believe that this case is in the public's best interest because it deals with two issues. 1) The foreclosure fraud that has been exposed in the certain foreclosure proceedings and 2) whether Mr. Williams' company is committing fraud itself against homeowners. In either case, the public has an interest to be informed in order to protect consumers from illegal and unlawful foreclosure and to protect them from Mr. Williams' company who also could be committing fraud and the consumer's need to be aware and informed of this matter.

In the District Court's denial of our application, they stated that the Ninth Circuit has allowed cameras in the courtroom but as of yet, have allowed them in the courtrooms in Hawaii. However, I have seen many news stories of criminal cases in Hawaii that was recorded and reported on the news. This instant case is not such a case that any witnesses or jurors would be at risk as this is a white collar crime, wherein the government alleges Mr. Williams made material misrepresentation through the mail and wire to deceive consumers into paying for his services. Mr. Williams asserts that he has not made any material misrepresentations or false

2

statements to clients and that he was assisting homeowners who were the victims of fraud perpetrated upon them by numerous mortgage companies and banks through predatory lending practices and filing of fraudulent documents to foreclose on their homes. The mortgage and foreclosure epidemic are one that the public has an interest and this case, merits that it is video recorded and documented to inform the public either way.

U.S. SUPREME COURT AFFIRMS CAMERA IN THE COURTROOM DOES NOT PREJUDICE DEFENDANT

The defendant in this case has already been through several criminal trials in state courts that were video recorded and the defendant did not have any objections to the trial being video recorded by the news media. In the U.S. Supreme Court case Chandler v. State of Florida, 449 US 560, 66 L Ed 2d 740, 101 S Ct 802 (1981), The State of Florida put forth the valid argument that the higher court concurred with that having a criminal trial especially one that is not high profile would not prejudice the defendant. With the most notorious criminal trial in U.S. History, the O.J. Simpson being televised live, we feel that our request in the Ninth Circuit is one that has merit to allow the recording of the trial. We are not requesting that the trial be streamed live but only, that we are allowed to record the trial and do a news story on the outcome to publish to the public. The defendants in the above Chandler, supra, appealed to the U.S. Supreme Court that their rights were violated by the trial being recorded by the media and publicized. However, on appeal the U.S. Supreme Court affirmed the Florida Supreme Court

3

and it was held that notwithstanding the objection of the defendants and in the absence of a showing of prejudice of constitutional dimensions, the state could, consistently with constitutional guarantees, experiment with electronic media and still photographic coverage of its public judicial proceedings, so that the defendants' contention that the televising and broadcasting of their trial pursuant to the state cannot denied them a fair and impartial trial had to be rejected where the defendants did not attempt to show with any specificity that the presence of cameras impaired the ability of the jurors to decide the case on only the evidence before them or that the trial was affected adversely by the impact on any of the participants of the presence of cameras and the prospect of broadcast.

When the pilot program ended, the Florida Supreme Court received and reviewed briefs, reports, letters of comment, and studies. It conducted its own survey of attorneys, witnesses, jurors, and court personnel through the Office of State Court Coordinator. A separate survey was taken of judges by the Florida Conference of Circuit Judges. The court also studied the experience of 6 states that had, by 1979, adopted rules relating to electronic coverage of trials as well as that of 10 other States that, like Florida, were experimenting with such coverage.

Following its review of this material, the Florida Supreme Court concluded "that on balance there was more to be gained than lost by permitting electronic media coverage of judicial proceedings subject to standards for such coverage." In re Petition of Post-Newsweek Stations, Florida, Inc. 370 So 2d 764, 780 (1979). The Florida court was of the view that because of the

4

significant effect of the courts on the day-to-day lives of the citizenry, it was essential that the people have confidence in the process. It felt that broadcast coverage of trials would contribute to wider public acceptance and understanding of decisions.

The case at bar does not have a defendant that objects to the media coverage and if there was a defendant that did object, they would have to demonstrate prejudice and must show something more than juror awareness that the trial is such as to attract the attention of broadcasters. Murphy v. Florida, 421 US 794, 800, 44 L Ed 2d 589, 95 S Ct 2031(1975). As recently as December 17, 2009, the Ninth Circuit Judicial Council issued a news release indicating that it had approved a pilot program for the limited use of cameras in federal district courts within the circuit. Hollingsworth v. Perry, 558, US 183, 130 S Ct 705, 175 L Ed 2d 657, 2010 US Lexis 533. The court goes on to state in Estes v. Texas, 381 US 532, 14 L Ed 2d 543, "It is true that the public has the right to be informed as to what occurs in its courts, but reporters of all media, including television, are always present if they wish to be and are plainly free to report whatever occurs in open court through their respective media. This was settled in Bridges v. California, 314 US 252, 86 L ed 192, 62 S Ct 190, 159 ALR 1346(1941), and Pennekamp v. Florida, 328 US 331, 90 L ed 1295, 66 S Ct 1029 (1946) in which the court reaffirmed. These reportorial privileges of the press were stated years ago: "The law, however, favors publicity in legal proceedings, so far as that object can be attained without injustice to the persons immediately concerned. The public are permitted to attend nearly all judicial inquiries, and there appears to be no sufficient reason why they should not also be allowed to see in print the reports of trials, if they can thus have them presented as fully as they are exhibited in court, or

5

at least all the material portion of the proceedings impartially stated, so that one shall not, by means of them, derive erroneous impressions, which would not have been likely to receive from hearing the trial itself." 2 Cooley's Constitutional Limitations 931-932 (Carrington ed 1927).

RELIEF SOUGHT

Petitioner is requesting that this court exercise its supervisory power and allow the case of UNITED STATES OF AMERICA v. ANTHONY TROY WILLIAMS to have electronic media coverage. The presence of the media will in no way interrupt the decorum of the proceedings and will not prejudice the defendant nor the government.

CONCLUSION

Based upon the foregoing, the petitioner respectfully requesting that electronic media coverage be granted to be present in the interest of the public and in the interest of justice. The petitioner is also respectfully requesting for and expedited ruling, as the trial will be on January 21, 2020.

Done this 19th day of August 2019.

Respectfully submitted,


William Wagener, Producer
*Pro Se*
On Second Thought TV
805-928-1100

**EXHIBIT "A"**

8

From: Stephen Paschke <paskperfect@yahoo.com>
To: starr_quon@hid.uscourts.gov, kobayashi_orders@hid.uscourts.gov
Date: 01/22/2019 03:35 PM
Subject: request for exception to 'no camera' rule of court

To: Judge and Clerk(s)

RE: In hearing the matter of Case 17-00101 LEK, U.S. vs. Anthony Williams,

   I, the director for On Second Thought TV (O.S.T.), Stephen Paschke, requesting on behalf of William Wagener, producer of O.S.T. a audio/video/media camera in the a fore mentioned case, scheduled for February 25th, 2019.

   This request is made under 1st amendment freedom of press. The ninth district Federal Appeals Court in California already has on its web site video of cases that they hear. So, our request to accurately videotape this case of defendant Anthony Williams in the interest of the public and the first amendment right of freedom of press should be granted.

   Courts are to be transparent, not opaque. The people have an interest in this case, which appears to be a case of first impression and uniquely presenting a lone individual and mother attempting to keep innocent home owners from losing their home for a fee less than the original mortgage.

   Because it is now obvious that there is massive fraud in the securitization of home mortgages

9

and a system beyond the comprehension of most, if not all, home owners, it is imperative that the thousands of people interested in Anthony William's method of stopping the fraud intrinsic to the mortgage foreclosure and the millions of home owners yet to be de-frauded that a small television camera capture this case with audio and video.

Time is of the essence. O.S.T. and Mr. Wagener have taped in many courts over the past 19 years. and without any issues and it has always been to enlighten the public and diminish Star Chambered proceedings. We champion neither the prosecutor, nor the defendant. This is an important case and "We The People" have an unfettered right to see and hear both the presented facts and demeanor of both the court's officers and defendant and witnesses, to see that justice is real and the law applied fairly.

There is no courtroom in Hawaii or any of the other 49 states that could hold the thousands of people who are interested in this case. Therefore William Wagener, and Stephen Paschke, humbly require and request that this court grant within ten days a written approval of audio/video camera operated by Stephen Paschke or designated cameraman to record in this aforementioned case beginning February 25 to the end.

Stephen Paschke, O.S.T. Director,
(805)349-0083

William Wagener, Producer
(805)928-1100

CC:

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939
(415) 355-8000

**EXHIBIT "B"**

## MINUTES

CASE NUMBER:      CR NO. 17-00101LEK
CASE NAME:        USA vs. (01) ANTHONY T. WILLIAMS
ATTYS FOR PLA:
ATTYS FOR DEFT:
INTERPRETER:

JUDGE:   Leslie E. Kobayashi      REPORTER:
DATE:    01/23/2019               TIME:

COURT ACTION:  EO: ORDER DENYING WRITTEN REQUEST FOR CAMERA IN THE COURTROOM

Stephen Paschke ("Mr. Paschke"), who represents that he is the director for On Second Thought TV (O.S.T.), has filed a written request to film court proceedings in the instant criminal action. Electronic media coverage of criminal proceedings in federal courts is expressly prohibited under the Federal Rules of Criminal Procedure. Fed. R. Cr. P. 35. While the Ninth Circuit Judicial Counsel, in cooperation with the Judicial Conference, has authorized three federal court districts in the Ninth Circuit to participate in a pilot program permitting cameras in the courtroom, the District of Hawai'i is not one of these three designated districts.

Therefore, Mr. Paschke's request to film the criminal proceedings before this Court is hereby DENIED.

Submitted by: Warren N. Nakamura, Courtroom Manager

12