KENJI M. PRICE  #10523
United States Attorney
District of Hawaii

GREGG PARIS YATES  #8225
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
E-Mail:     gregg.yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ANTHONY T. WILLIAMS   (1),<br><br>　　　　Defendant. | CR. NO. 17-00101 LEK<br><br>UNITED STATES'S RESPONSE TO DEFENDANT'S TENTH MOTION FOR ORDER TO SHOW CAUSE; CERTIFICATE OF SERVICE |

UNITED STATES'S RESPONSE TO DEFENDANT'S
TENTH MOTION FOR ORDER TO SHOW CAUSE

　　The government respectfully submits this brief in response to Defendant Anthony T. Williams's Tenth Motion for Order to Show Cause (10th OSC Motion or Motion).  ECF No. 555.  The Motion alleges that the government's August 5,

2019 production of 21 digital video disks (DVDs) of discovery and three (3) hard drives containing forensic digital images used by the Federal Bureau of Investigation (FBI) to copy files from electronic devices seized from the defendants do not satisfy the Court's Order Granting in Part and Denying in Part Defendant's Ninth Motion for Order to Show Cause and Denying Defendant's Second Motion to Compel, dated July 30, 2019 (July 30 Order).  The Motion then makes thirteen (13) demands, some of which pertain to the Court's July 30 Order, but many of which are unrelated and challenge the conditions of his confinement.

On August 27, 2019, the parties appeared before the Court at a scheduling conference.  At the scheduling conference, the defendant argued many of the same issues raised in the Motion.  As relevant here, the Court ordered:

> 1. <u>Discovery Production</u>.  The government will verify that the 21 DVDs containing the government's August 5, 2019 discovery production can be opened by the defendant at the Federal Detention Center, Honolulu (FDC) using the terminals available to inmates.  The government will then submit a verification to the Court.
>
> 2. <u>Device Forensic Images (Hard Drives)</u>.  The defendant will be granted funds to retain a forensic expert to examine the forensic image copies that the FBI created of the electronic devices that they seized to assist with their warranted searches, which images

        are contained on the 3 hard drives provided by the government to the defendant on August 5, 2019.[1]

ECF No. 566.

The government has complied with its discovery obligations and the July 30 Order, as set forth Notice of Compliance. ECF No. 537. The government has provided 21 DVDs of search results in discovery, and has either verified that the files in them can be opened or has provided the defendant with hard copies of the files. Moreover, the government has provided the defendant with the forensic images of the devices that it searched so that the defendant can retain an expert to conduct his own affirmative searches, as this Court has permitted. Regarding the remaining the demands in the defendant's Motion, pertaining the conditions of the defendant's confinement, they are premature because the defendant has failed to exhaust his administrative remedies.

## BACKGROUND

The government's August 5, 2019 production is described in its Notice of Compliance, which we incorporate by reference. ECF No. 537.

By way of summary: as part of two separate investigations in Miami, Florida and Honolulu, Hawaii into the conduct underlying the Superseding Indictment, the

---

[1] The Court also ordered that the government clarify in a letter to the Court how forensic image hard drives are being kept at the FDC. *See* Exhibit A (September 5, 2019 Letter to the Court).

FBI seized electronic devices, including computers and cellphones, from each of the three defendants.  Most of the seized data belonged to defendant Anthony Williams.  The FBI created forensic image copies of the working, accessible electronic devices, which the FBI utilized to search for documents or files responsive to search warrants.  The FBI then seized responsive documents or files contained on the forensic images by copying them.  The files copied by the FBI as part of its searches are discoverable and were produced to all defendants on August 5, 2019 on 21 DVDs as part of discovery.

The source forensic images that the FBI created from the electronic devices to facilitate its warranted searches were copied onto hard drives and made available to all defendants on January 23, 2019.  Pursuant to the July 30 Order, the government produced the hard drives directly to the defendant, to permit the defendant to conduct his own affirmative searches of his devices to prepare for trial.  On August 27, 2019, the Court granted the defendant funds to secure a forensic examiner to analyze the forensic images contained on the drives.

I.      The Defendant Has Access To All Discovery In His Housing Unit

Pursuant to the July 30 Order, the government has made available to the defendant 21 DVDs that contain discovery for him to access within the FDC at an e-discovery terminal within his own housing unit.

The defendant claims that the "[t]he [21 DVD] discovery discs that the prosecution provided [on August 5, 2019] for the most part are not accessible because of the format that they copied most of the discovery in." Motion 3 ¶ 14, ECF No. 555-2; ECF No. 555-2. The defendant continues that the e-discovery terminal in his housing unit "does not contain the programs to open and view most of the files." *Id.* The defendant does not specify what disks or files cannot be opened on a terminal at the FDC. The defendant moves the Court to:[2]

> c. Order the Prosecution to redo the 21 discs of discovery and have the discovery put in a format that is accessible by the FDC computers.
>
> d. . . . [P]rovide the undersigned with funds to hire a computer technician that can convert the files to a format that the undersigned can access on the FDC computers and to convert the audios files to be downloaded on a SD card that can be accessed through the MP3 player that is provided on the commissary.

Motion 3, ECF No. 555-2.

Pursuant to the Court's August 27, 2019 Order, the government has either verified that the files contained on the 21 discovery DVDs can be opened on the e-discovery terminal in the defendant's housing unit, or has provided hard copies of

---

[2] These paragraphs reflect the numbering in the Motion.

files that could not open.  Exh. A at 1 (September 5, 2019 Letter to Court); Exh. B (Declaration of Spencer Pae ¶ 15).

II.  **The BOP Procedures To Permit The Defendant Access To The Source Forensic Copies Of The Seized Devices Are Reasonable**

Pursuant to the July 30 Order, the government has also made available to the defendant three (3) hard drives containing the source forensic images that the FBI created of the devices that it seized, which they created to facilitate their warranted searches of the devices.  Exh. C (Aug. 6, 2019 FDC Receipt of Drives and Discs and Procedures for Viewing External Drives).  The Bureau of Prisons (BOP) is permitting the defendant to retain the hard drives themselves in his own housing unit, but requires the defendant to access the hard drives with the attorney visitation terminals in the visitation area of the FDC, upon three days' notice.  *Id.*  The BOP's accommodation complies with the Court's orders, and balances the defendant's rights and the BOP's security needs and resource constraints.

A. Defendant's Demands

The defendant claims that the BOP's restrictions upon his access to the three hard drives are inappropriate.  The defendant moves the Court to:

> e.  Order the FDC to remove the unlawful stipulations of having to request 3 days in advance in order to view the hard drives.
>
> f.  Order the FDC to provide the undersigned with a USB cord to view the discovery in his unit.

> 5 [*sic.*] Order the FDC to place the computer in visitation that no one uses in the room upstairs so that the undersigned can have all day access to view the hard drives.

Motion 3, ECF No. 555-2.

> B. The Restrictions Upon The Defendant's Access To The Hard Drives Comply With The Courts Orders And Balance The Legitimate Security Needs And Resource Constraints Of The FDC

An incarcerated defendant's Sixth Amendment right of access to the Courts, including the right to discovery to prepare an adequate trial defense, "must be balanced against the legitimate security needs or resource constraints of the prison." *United States v. Sarno*, 73 F.3d 1470, 1491 (9th Cir. 1995).

As an initial matter, the defendant's constitutional right of access to the courts does not confer any special right of access to the forensic images on the hard drives. The forensic images were the source copies of seized devices that the FBI utilized to search for discovery; they are not discovery themselves. The discovery contained on the source copies, i.e., the files that the FBI seized from the defendants' electronic devices, were produced in the 21 DVDs of discovery.

A brief explanation of the nature of these forensic images of seized devices appears in the Government's Response to Defendant's Second Motion to Compel at 7-9. ECF No. 487. In sum, the FBI seized electronic devices from the defendants pursuant to search warrants in order to conduct off-site searches. The FBI then created bit-for-bit forensic images of the devices for use in searching the

devices for relevant files within the scope of their warrants.  *See generally United States v. Hay*, 231 F.3d 630, 637 (9th Cir. 2000) (upholding warrant authorizing seizure of a defendant's entire computer system because the circumstances justified taking the entire computer system off site because of the time, expertise, and controlled environment required for a proper analysis); *Javeler Marine Svcs. LLC v. Cross*, 175 F.Supp.3d 756, 761-62 (S.D. Tex. 2016) ("Imaging electronic storage devices is an essential tool among electronic discovery techniques because it preserves data without disturbing its content and associated metadata.").  The files that the FBI copied were saved in a readable form and produced as discovery.

The source forensic images created by the FBI are not readable without specialized software and expertise.  *See, e.g.*, *United States v. Ganias*, 824 F.3d 199 (2d Cir. 2016) ("Forensic software gives a forensic examiner access to electronically stored information (ESI) that is otherwise unavailable to a typical computer user.") (quoting Daniel B. Garrie & Francis M. Allegra, Fed. Judicial Ctr., *Understanding Software, the Internet, Mobile Computing, and the Cloud: A Guide for Judges* 39 (2015)).  The Court has recognized this:

> To the extent the Subject Drive[s] contains files or data that require additional technical analysis to access, Defendant can request court approval of funds to retain the services necessary to analyze those files or data.

July 30 Order at 3, ECF No. 535.

The government has made the source forensic images of the searched devices available to all defendants to conduct their own affirmative investigations on January 23, 2019.  On July 30, 2019, the Court overruled the government's objection, and ordered the hard drives produced to the defendant within the FDC as well.[3]  Order Granting in Part and Denying in Part Defendant's Ninth Motion for Order to Show Cause and Denying Defendant's Second Motion to Compel 2, ECF No. 535.  Importantly, the Court *did not rule that the defendant must have access to the forensic images within his own housing unit*, as the Motion demands.  *Id.*  The government promptly complied with the Court's July 30 Order, with the aforementioned restrictions.  Exh. C (Aug. 6, 2019 FDC Receipt of Drives and Discs and Procedures for Viewing External Drives).

The BOP's requirement that the defendant access the hard drives containing the forensic images in the FDC visitation area is consistent with the Court's orders and reasonably balances the BOP's legitimate security needs and resource constraints.  The hard drives require a USB connection to a computer to access.  Exh. B (Pae Decl. ¶ 18).  For security reasons, the FDC staff has disabled the USB ports on all terminals in the housing units because these ports can be used by

---

[3] Per FDC policy prior to the Court's July 30, 2019 Order, hard drives were not permitted within the FDC.  *See, e.g.*, Exh. A at Attach. 2 (May 1, 2017 Procedures for Electronic Discovery).

inmates to charge contraband cellphones. *Id.* (Pae Decl. ¶ 19). The attorney visiting rooms in the FDC visitation area, however, have terminals with working USB ports. *Id.* (Pae Decl. ¶ 21). The accommodation therefore balances a security requirement of the BOP with the defendant's interest in accessing the hard drives.

Moreover, the BOP's visitation area permits the defendant to meet with an expert to access the files on the forensic images. As noted above, the forensic images of the computers and cellphones that the FBI searched are not readable without technical software and expert assistance. On August 27, 2019, the Court granted the defendant funds to retain his own forensic specialist to search the devices, including his own computers and cellphones. The only place within the FDC for the defendant to meet with a forensic expert is the FDC visitation area.

The rules that the inmate must follow to use the attorney visiting rooms in the visitation rooms also account for the security requirements and the resource constraints of the FDC. In order for an inmate to visit the FDC visitation area, strict protocols must be followed to ensure that no contraband is brought into or out of the FDC. The advance notice requirement ensures that staffing will be available at the visitation area when the defendant uses the hard drives.

These restrictions are consistent with the orders of this Court. The FDC places no limitation on the number of days that the defendant may utilize the attorney visiting rooms to access his hard drives, and the BOP will permit the

defendant to access the drives for at least two hours on each visit. Exh. C (Procedures for Viewing External Drives). This is consistent with an earlier order of the Court, which granted the defendant two hours of daily access to his discovery and his housing unit e-discovery terminal. Order Denying Defendant's Fourth Motion for Order to Show Cause 2, ECF No. 297. The Ninth Circuit has approved far more severe restrictions upon an incarcerated defendant's access to discovery. *United States v. Sarno*, 73 F.3d 1470, 1492 (9th Cir. 1982) (no abuse of discretion when an incarcerated defendant was provided only <u>twenty</u> hours to review 250,000 pages of discovery in preparation for trial). Contrary to the Motion's claim otherwise, Motion 2 ¶¶ 4, 5, ECF No. 555-2.

In light of the foregoing, the FDC's restrictions upon the defendant's access to the hard drives is appropriate and the Motion demands should be denied.

   III.   <u>Defendant's Demands Pertaining To FDC Conditions Of Confinement</u>

Finally, the defendant moves the Court for numerous forms of relief that ostensibly claim to address his ability to prepare for trial. Namely:

> a. Order the FDC to give the undersigned access to the room upstairs that contain his 6 Bins and 15 expanding legal files of law work.
>
> b. Order the FDC to place the typewriter back in the room so that the undersigned can use the typewriter.
>
> . . .

> g. . . . [O]rder the FDC to have a cubicle fully enclosed so that inmates can view their discovery without the anxiety of other inmates looking over their shoulder at their discovery.
>
> h. Order the FDC to stop preventing the undersigned from obtaining legal materials from an outside source as it is stipulated in 28 CFR 543.11 so that the undersigned can have the necessary legal materials that he needs to be prepared for trial.
>
> h. [*sic*] Order the FDC to allow the jump drives that were confiscated which have discovery material to be brought to the undersigned by his standby counsel.
>
> i. Order the FDC to allow the Kindle Fire and the other returned material to be brought to the undersigned by his standby counsel as it to has [*sic*] discovery information that the undersigned will need for trial.
>
> j. Order the FDC to allow writing materials such as pens, pencils, paper to be allowed to be brought to the visiting room in order that the undersigned can't take notes as the undersigned peruse through the discovery.
>
> k. Order the FDC to allow the standby counsel to bring the phones confiscated by the FBI to the FDC so that the undersigned can get discovery information such as witness contact information and audio and video files that will need to be extracted and provided as evidence at trial.

These demands must be denied because the defendant has failed to exhaust his administrative remedies prior to raising them here. These remaining demands challenge the conditions of the defendant's confinement in a manner similar to motions that this Court has rejected in the past. ECF Nos. 132, 346, 389, and 550.

"The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006) (*quoting McKart v. United States*, 395 U.S. 185, 193 (1969)). "[N]o one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *McKart*, 395 U.S. at 193.

To exhaust his administrative remedies, the defendant must proceed through the Administrative Remedy Program. *See* 28 C.F.R. §§ 542.10-542.19; Bureau of Prisons Program Statement on Administrative Remedy Program, Jan. 6, 2014 *avail. at* https://www.bop.gov/policy/progstat/1330_018.pdf. This Court previously outlined the BOP grievance process in its March 7, 2018 Order at 4-5, ECF No. 132. Under the BOP grievance process, the inmate must first seek informal resolution of the issue of concern at his institution of confinement, the Federal Detention Center, Honolulu. *Id.* § 542.13. If no informal resolution is reached, the inmate must file a formal request (BP-9) with the Warden. *Id.* § 542.14. If the Warden denies the remedy, the inmate may appeal first to the Regional Director (BP-10), within 20 days of receiving the Warden's response, and thereafter to the General Counsel in Washington, D.C. (BP-11), within 30 days of receiving the Regional Director's response. *Id.* § 542.15. Administrative exhaustion does not take place until a final decision is received from the Office of

General Counsel, or until a response is not forthcoming within the time allotted for reply.  *Id.* §§ 542.15(a); 542.18.

The defendant has not alleged that he has filed any administrative remedy forms pertaining to the matters raised in the 10th OSC Motion, and the government is not aware of any.  Accordingly, the defendant's demands may not be brought before the Court at this time.  *Woodford v. Ngo*, 548 U.S. 81 (2006) ("As a general rule . . . courts should not topple over administrative decisions unless the administrative body not only has erred, *but has erred against objection made at the time appropriate under its practice*.") (emphasis in original), *quoting United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952).

Both the defendant and his standby counsel, Lars Isaacson, Esq., have been on notice since March 7, 2018 that they are required to exhaust the defendant's administrative remedies before seeking redress from this Court.  ECF No. 132.

//
//
//
//
//
//
//
//

## CONCLUSION

In sum, the government respectfully requests that the defendant's 10th OSC Motion be denied in its entirety.

DATED: September 5, 2019, at Honolulu, Hawaii.

        KENJI M. PRICE
        United States Attorney
        District of Hawaii


By */s/ Gregg Paris Yates*
   GREGG PARIS YATES
   Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

Served Electronically through CM/ECF:

    Lars Isaacson, Esq.
    hawaii.defender@earthlink.net

    Attorney for Defendant
    ANTHONY T. WILLIAMS

Defendant to be served by First Class Mail:

    Anthony T. Williams
    Register No. 05963-122
    Inmate Mail
    FDC Honolulu
    PO Box 30080
    Honolulu, HI 96820

DATED: September 5, 2019, at Honolulu, Hawaii.

                                      /s/ Melena Malunao
                                      U.S. Attorney's Office
                                      District of Hawaii