KENJI M. PRICE  #10523
United States Attorney
District of Hawaii

KENNETH M. SORENSON
GREGG PARIS YATES  #8225
Assistant United States Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
Fax:         (808) 541-2958
E-Mail:     Ken.Sorenson@usdoj.gov
            Gregg.Yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00101 LEK |
|---|---|---|
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S RESPONSE TO THE |
| | ) | DEFENDANT'S MOTION IN |
| vs. | ) | OPPOSITION TO ORDER DENYING |
| | ) | PRIVATE ATTORNEY GENERAL |
| ANTHONY T. WILLIAMS, | ) | ANTHONY WILLIAMS SELECTIVE |
| | ) | PROSECUTION MOTION; |
| Defendant. | ) | CERTIFICATE OF SERVICE |
| | ) | |

### GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION IN OPPOSITION TO ORDER DENYING PRIVATE ATTORNEY GENERAL ANTHONY WILLIAMS SELECTIVE PROSECUTION MOTION

The government respectfully submits this response to Defendant Anthony T.

Williams's Motion in Opposition to Order Denying Private Attorney General

Anthony Williams['s] Selective Prosecution Motion (Motion).  ECF No. 570.  This is the defendant's third filing pertaining to the underlying claim of selective prosecution in this matter.  *See* ECF Nos. 242, 495.  Both the defendant's earlier motions were denied.  ECF Nos. 345, 542.  At heart, the defendant seeks reconsideration of this Court's latest Order Denying Defendant's Motion to Show Prosecutors Ronald G. Johnson and Gregg Paris Yates Engaged in Unlawful Selective Prosecution Against Private Attorney General Anthony Troy Williams," dated August 8, 2019 (August 8, 2019 Order).  ECF No. 542.

The Motion must be denied.  The Motion contains no allegation of a new material fact, intervening change in law, or manifest error of law or fact to support reconsideration of the August 8, 2019 Order.  Instead, the Motion merely repeats the same conclusory allegations from the defendant's earlier selective prosecution motions, and attaches no evidence to support his claims.

## ARGUMENT

I.   Legal Standard

The Federal Rules of Criminal Procedure do not expressly authorize motions for reconsideration.   However, the Ninth Circuit has approved of motions for reconsideration in criminal cases.  *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000) ("As the Second Circuit has noted . . . , post-judgment motions for reconsideration may be filed in criminal cases.").  This Court has recognized

motions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings. *United States v. Hee*, 2015 U.S. Dist. LEXIS 145406 *31 (D. Hawaii 2015).

Local Rule 60.1 of the Civil Local Rules of Practice for the District of Hawaii sets forth the standards for reconsideration:

> Motions seeking reconsideration of case-dispositive orders shall be governed by Fed. R. Civ. P. 59 or 60, as applicable. Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:
>
> (a) Discovery of new material facts not previously available;
>
> (b) Intervening change in law; and/or
>
> (c) Manifest error of law or fact.

Orders that do not adjudicate all claims, such as the Court's orders denying the defendant's previous motions, are not case-dispositive, and are interlocutory.

Pursuant to Crim.LR 60.1, "[m]otions for reconsideration are disfavored[,] and may not repeat arguments already made, unless necessary to present one or more permissible grounds for the reconsideration request as set forth above." Moreover, "[a] movant who repeats arguments already made for any other reason will be subject to appropriate sanctions."

II.     No New Material Facts Or Intervening Change In Law
        Support Reconsideration Of The August 8, 2019 Order

Reconsideration of the Court's August 8, 2019 Order is inappropriate under

Crim.LR 60.1(a) or (b) because the Motion merely repeats arguments made by the

defendant in prior months and alleges no "new material facts not previously

available," or "intervening change in law."

The Motion argues that the defendant is the victim of selective prosecution

upon the basis of his race as demonstrated solely by the fact that the government

failed to charge three other specified individuals in the Superseding Indictment,

whom the defendant alleges, without supporting evidence, are similarly situated

and Caucasian.  Motion 3, ECF No. 570-2.  The Motion identifies three non-

charged individuals, who bear the initials, K.F., R.K., and P.S.  *Id.*

The claim that the government engaged in selective prosecution as shown by

the decision not to charge K.F., R.K., and P.S. in the Superseding Indictment is not

a new material fact.  The Superseding Indictment was filed on March 28, 2018.

Moreover, the defendant made this same allegation in his June 1, 2019 Motion.

June 1, 2019 Motion at 3 ("There were three (3) Caucasian women that worked

with the undersigned here in Hawaii in assisting homeowners fight their

foreclosures.  They are [K.F.], [R.K.], and [P.S.]").  The Motion includes no other

allegations to support his claim of selective prosecution and therefore offers no

new material facts that would warrant reconsideration of the Court's August 8,

4

2019 Order.  Moreover, the Motion alleges no intervening change in the law since the August 8, 2019 Order and none of the legal citations in the Motion post-date that order.

In light of the foregoing, reconsideration of the Motion under Crim.LR 60.1(a) or (b) is not appropriate.

### III.    The Motion Is Untimely And Time-Barred

The Motion should not be granted under Crim.LR 60.1(c) because it is time-barred.  Motions asserted under Crim.LR 60.1 subsection (c), "must be filed and served within fourteen (14) days after the court's order is issued."  The Court issued its Order on August 8, 2019.  ECF No. 542.  Accordingly, the deadline for the defendant to move for reconsideration was August 22, 2019.  The Motion was filed September 3, 2019.  According to the declaration of the defendant's own standby counsel, Lars Isaacson, Esq., the defendant had e-mailed his request to Mr. Isaacson on August 23, 2019.  Declaration of Counsel at ¶ 2, ECF No. 570-1 ("On or about August 23, 2019, Mr. Williams sent me the document attached as Exhibit 'A' via Corrlinks email and asked me to file it with the Court.").  As both these dates are outside the deadline, Crim.LR 60.1 bars the Motion.

### IV.    No Manifest Error of Law or Fact

Reconsideration under Crim.LR 60.1(c) is inappropriate for the additional reason that the August 8, 2019 Order contains no manifest error of law or fact.

The August 8, 2019 Order, by reference to the Court's earlier October 1, 2018 Order Denying Defendant's Sworn Motion to Disbar Ronald Johson [*sic*] For Prosecutorial Misconduct and Racism [ECF No. 345, hereinafter October 1, 2018 Order], correctly cited the legal standard for a selective prosecution claim. To establish selective prosecution, the defendant must demonstrate that (1) other similarly situated individuals have not been prosecuted and (2) his prosecution was based on an impermissible motive." *United States v. Sutcliffe*, 505 F.3d 944, 954 (9th Cir. 2007); October 1, 2018 Order 2, ECF No. 345. The standard for proving such a claim is "particularly demanding, requiring a criminal defendant to introduce 'clear evidence' displacing the presumption that the prosecutor has acted lawfully." *Id.* The burden is on the defendant to prove both elements. *Id.* The Motion does not challenge this recitation of law.

The Motion also fails to demonstrate a manifest error of fact in the August 8, 2019 Order. The August 8, 2019 Order correctly applied *Sutcliffe* and found that the defendant's earlier motion did "not present 'clear evidence' to overcome the presumption that the Government's attorneys have acted lawfully." As the August 8, 2019 Order correctly noted, the defendant's earlier motion "presented no evidence that the decision to prosecute the defendants in this case and not the three other women 'was based on an impermissible motive." August 8, 2019 Order 2.

The Motion repeats the defendant's conclusory argument from his earlier motion that the mere fact that K.F., R.K., and P.S. are not charged in the Superseding Indictment establishes selective prosecution, without detailing the "clear evidence" that the government's motive was improper.  *See* Motion 3, ECF No. 570-2 ("[T]he actions of the prosecutors, the probative evidence, and the unrebutted evidence presented *does not need an explanation from the prosecutors or this court* as to why the government chose not to prosecute these three "WHITE" women.  The answer is in their action or inaction and the fact that the ONLY difference between the undersigned and the co-defendants being indicted and the other three woman not being indicted is that they were "WHITE" and the undersigned and co-defendants are not.") (italicized emphasis added); *id.* 6, ECF No. 570-2 ("The undersigned's motion should not have been denied because the undersigned clearly identified and named several individuals who were not black and could not have been prosecuted for the same offenses but were not indicted because they were "WHITE" like the FBI Agent Megan Crawley who initiated this bogus investigation against the undersigned and Ronald G. Johnson who initiated the prosecution and also is a "WHITE" (sad excuse for a) man.").

Rather than point to clear evidence of the government's impermissible motive, the Motion doubles down and argues that the burden should be on the government and the Court to prove that the prosecution had a permissible motive.

Motion 2, ECF No. 570-2 ("What is missing from Kobayashi's order denying the

Selective Prosecution Motion is the explanation from the government as to why

they CHOSE not to prosecute the Caucasian women who worked in the SAME

OFFICE as the undersigned and co-defendant Anabel Cabebe and actually did

court filings for clients as Private Attorney General [P.S.] just as the undersigned

had done and why they didn't prosecute [K.F.] whose emails to the undersigned

constituted several of the wire fraud counts the undersigned is being charged for . .

. .") (emphasis in original).  This is not the law.  *Sutcliffe*, 505 F.3d at 954.

        The absence of clear evidence of the prosecution's impermissible motives is

fatal to the defendant's claim of selective prosecution.  Indeed, we note that the

defendant's own allegation in a prior filing undermines the defendant's claim that

the three individuals, K.F., R.K., and P.S., were "similarly situated" to himself.

The defendant admits that these individuals were not operating similar fraud

schemes, but were in fact working on his behalf.  Motion to Show Prosecutors

Ronald G. Johnson and Gregg Paris Yates Engaged in Unlawful Selective

Prosecution Against Private Attorney General Anthony Troy Williams 3, ECF No.

495-2 ("The FBI <u>KNEW</u> that *all three of these women were working for* and with

*the undersigned* yet chose not to prosecute any of them for no other reason other

than they are not minorities.").  In light of the foregoing, the defendant can claim

8

no manifest error of law or fact and the motion for reconsideration should be denied.

## CONCLUSION

The government respectfully opposes the Motion.

DATED:  September 17, 2019, at Honolulu, Hawaii.

KENJI M. PRICE
United States Attorney
District of Hawaii


By */s/ Gregg Paris Yates*
GREGG PARIS YATES
Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

<u>Served Electronically through CM/ECF:</u>

Lars Isaacson, Esq.
[hawaii.defender@earthlink.net](mailto:hawaii.defender@earthlink.net)

Attorney for Defendant
ANTHONY T. WILLIAMS

Served via First Class Mail:

Anthony T. Williams
Register No. 05963-122
Inmate Mail
FDC Honolulu
PO Box 30080
Honolulu, HI 96820

DATED:  September 17, 2019, at Honolulu, Hawaii.


*/s/ Melena Malunao*
U.S. Attorney's Office
District of Hawaii