IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ANTHONY WILLIAMS (1),<br><br>　　　　Defendant. | CR. NO. 17-00101 LEK<br><br>ORDER DENYING DEFENDANT ANTHONY WILLIAMS' MOTION TO ORDER THE GOVERNMENT TO PROVIDE MEDICAL AND DENTAL SERVICES TO PRIVATE ATTORNEY GENERAL ANTHONY WILLIAMS, ECF NO. 578 |

ORDER DENYING DEFENDANT ANTHONY WILLIAMS'
MOTION TO ORDER THE GOVERNMENT TO PROVIDE
MEDICAL AND DENTAL SERVICES TO PRIVATE
ATTORNEY GENERAL ANTHONY WILLIAMS, ECF NO. 578

　　　　Before the Court is Defendant Anthony Williams' Motion to Order the Government to Provide Medical and Dental Services to Private Attorney General Anthony Williams, filed on September 16, 2019 (Motion). See ECF No. 578. The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii (Local Rules) and that it is not necessary for Plaintiff to file a response to the Motion.

　　　　In his Motion, Defendant asserts that he has been denied teeth cleaning while he has been held as a pretrial detainee at the Federal Detention Center Honolulu (FDC). See ECF No. 578-2 at 2. Defendant states that being

denied teeth cleaning constitutes deliberate indifference and is a violation of the Eighth Amendment.  See id.  Defendant also states that inmates at FDC are required to discuss their private medical issues in front of other inmates, which violates the inmates' right to privacy and confidentiality.  See id. at 3.

"As several courts have recognized, the proper procedure to redress a defendant's grievances regarding treatment within a jail or prison is to file a civil suit against the relevant parties pursuant to 42 U.S.C. § 1983, rather than a motion in his criminal case."  United States v. Luong, No. CR 99-433WBSGGH, 2009 WL 2852111, at *1 (E.D. Cal. Sept. 2, 2009) (citations omitted).  This procedure prevents pretrial detainees from bypassing the Prison Litigation Reform Act's exhaustion requirements, which apply to pretrial detainees and detainees awaiting sentencing.  See 42 U.S.C. § 1997e (requiring administrative remedies to be exhausted prior to filing suit regarding prison conditions); see also See Ontiveros v. LA Cnty., 611 F. Supp. 2d 1090, 1094 (C.D. Cal. 2009) ("'Requiring exhaustion allows prison officials an opportunity to resolve disputes . . . [and] has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record.'" (quoting Jones v. Bock, 549 U.S. 199, 204 (2007))).  Defendant has not established that any exception to the exhaustion requirement applies.  See Terrell v. Brewer, 935 F.2d 1015, 1019 (9th Cir. 1991) ("Exhaustion is not required if: (1) administrative remedies would be futile; (2) the actions of the agency clearly and unambiguously

2

violate statutory or constitutional rights; or (3) the administrative procedure is clearly shown to be inadequate to prevent irreparable injury.").

In prior orders, the Court has provided information to Defendant regarding the available administrative procedures. See ECF No. 132, Order Denying (1) Motion For Order To Show Cause, And (2) Ex Parte Application And Motion For Funds To Purchase Legal Supplies At Government's Expense, at 3-5, *aff'd by* ECF No. 326; see also ECF No. 346, Order Denying Defendant's Motion for Injunction Against FDC for Retaliation (stating that Defendant "must follow the appropriate administrative procedures and/or file a civil rights action or a 28 U.S.C. § 2241 petition" regarding his requests related to his treatment at FDC).

Defendant Anthony Williams's Motion to Order the Government to Provide Medical and Dental Services to Private Attorney General Anthony Williams, ECF No. 578, is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, SEPTEMBER 19, 2019.



_____
Wes Reber Porter
United States Magistrate Judge

**UNITED STATES V. WILLIAMS; CRIM. NO. 17-00101 LEK; ORDER DENYING DEFENDANT ANTHONY WILLIAMS' MOTION TO ORDER THE GOVERNMENT TO PROVIDE MEDICAL AND DENTAL SERVICES TO PRIVATE ATTORNEY GENERAL ANTHONY WILLIAMS, ECF NO. 578**