# MINUTE ORDER

| | |
|---|---|
| CASE NUMBER: | CRIMINAL NO. 17-00101(01) LEK |
| CASE NAME: | United States v. Anthony T. Williams |

| | |
|---|---|
| JUDGE: | Leslie E. Kobayashi |
| DATE: | 09/23/2019 |

COURT ACTION:  EO:  COURT ORDER DENYING DEFENDANT'S "MOTION IN OPPOSITION TO ORDER DENYING MOTION TO SHOW ADMINISTRATIVE REMEDY PROCEDURES AT FDC HONOLULU ARE A SHAM, FARCE AND NO AVAILABLE MEANS FOR REMEDY"

On June 1, 2019, pro se Defendant Anthony T. Williams ("Defendant") filed a "Motion to Show Administrative Remedy Procedures at FDC Honolulu Are a Sham, Farce and No Available Means for a Remedy" ("Administrative Remedies Motion"). [Dkt. no. 493.] On August 7, 2019, an entering order was issued denying the Administrative Remedies Motion ("8/7/19 EO"). [Dkt. no. 540.] On August 15, 2019, Defendant filed his "Motion in Opposition to Order Denying Motion to Show Administrative Remedy Procedures at FDC Honolulu Are a Sham, Farce and No Available Means for Remedy," which is construed as a motion for reconsideration of the 8/7/19 EO ("Motion for Reconsideration"). [Dkt. no. 554.] The Court has considered the Motion for Reconsideration as a nonhearing motion, pursuant to Local Rule 7.1(d), and the Court finds that it is not necessary for Plaintiff the United States of America ("the Government") to file a response.

This Court has previously stated:

> Although there is no rule in the Federal Rules of Criminal Procedure expressly authorizing the filing of motions for reconsideration, this district court has recognized that many courts – including the Ninth Circuit – allow motions for reconsideration to be filed in criminal cases. See, e.g., United States v. Hee, Cr. No. 14-00826 SOM, 2015 WL 6510345, at *11 (D. Hawai`i Oct. 27, 2015) (listing cases). "[M]otions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings." Id. (alteration in Hee) (citations and quotation

      marks omitted).  The 8/20/18 EO was a nondispositive order, and Local Rule 60.1 would govern a motion for reconsideration of a nondispositive order in a civil case.  Local Rule 60.1 states that such motions for reconsideration "may be brought only upon the following grounds: (a) Discovery of new material facts not previously available; (b) Intervening change in law; (c) Manifest error of law or fact."

[EO: Court Order Denying Def.'s "Motion for Reconsideration of Court's 8/21/18 Electronic Order Re: 'United States's Motion to Extend the Deadline to Respond to Defendant's Motion to Dismiss,'" filed 10/1/18 (dkt. no. 329) ("10/1/18 EO"), at 2 (alteration in 10/1/18 EO).]

      The Motion for Reconsideration argues Defendant has proven that, although he has been following the administrative remedy procedures, he has been wrongfully denied administrative remedies that he is entitled to.  [Motion for Reconsideration, Decl. of Counsel, Exh. A.]  The Motion for Reconsideration fails to address the bases of the 8/7/19 EO: 1) Defendant's general challenges to the alleged defects in the grievance process should be addressed through other actions; and 2) even where Plaintiff the United States of America has argued that this Court should not consider Defendant's arguments that the actions of Federal Detention Center - Honolulu ("FDC Honolulu") have impaired Defendant's ability to prepare his defense, this Court has considered Defendant's arguments.  [8/7/19 EO at 1.]

      Defendant's Motion for Reconsideration does not identify any newly available evidence or intervening change in the law.  Further, Defendant has not established any manifest error of law or fact in the 8/7/19 EO.  Defendant's Motion for Reconsideration is therefore DENIED.

      IT IS SO ORDERED.

Submitted by:  Theresa Lam, Courtroom Manager