IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | CR. NO. 17-00101 LEK |
|---|---|
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT ANTHONY WILLIAMS' TENTH MOTION FOR ORDER TO SHOW CAUSE, ECF NO. 555 |
| vs. | |
| ANTHONY WILLIAMS (1), | |
| Defendant. | |

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANT ANTHONY WILLIAMS' TENTH
MOTION FOR ORDER TO SHOW CAUSE, ECF NO. 555

Before the Court is Defendant Anthony Williams' Tenth Motion for Order to Show Cause, filed on August 15, 2019 (Motion). See ECF No. 555. The government filed two requests to continue the deadline to respond to the Motion, which the Court granted. See ECF Nos. 562, 564, 567, 571. The government filed its Response on September 5, 2019. See ECF No. 574. The Motion came on for hearing on September 30, 2019, at 2:00 p.m. See ECF No. 597. At the hearing, the Court directed supplemental briefing, which was filed on October 4, 2019. See ECF Nos. 599, 600. The Court GRANTS IN PART and DENIES IN PART the Motion as detailed below.

BACKGROUND

On February 15, 2017, Defendant was indicted for eleven counts of

wire fraud, in violation of 18 U.S.C. § 1343, and nineteen counts of mail fraud, in violation of 18 U.S.C. § 1341.  See ECF No. 1.  On March 28, 2018, a Superseding Indictment was filed, charging Defendant with fifteen counts of wire fraud and seventeen counts of mail fraud.  See ECF No. 154.  At all times relevant to the Motion, Defendant has been in custody at the Federal Detention Center – Honolulu (FDC).

As part of the investigation into the conduct underlying the Superseding Indictment, the FBI seized electronic devices, including computers and cellphones, from each of the three defendants.  See ECF No. 574 at 3-4.  Most of the seized data belonged to Defendant Anthony Williams.  See id. at 4.  The FBI created forensic image copies of the working, accessible electronic devices, which the FBI utilized to search for documents or files responsive to search warrants.  See id.  The FBI then seized responsive documents or files contained on the forensic images by copying them.  See id.  The files copied by the FBI as part of its searches are discoverable and were produced to all defendants on August 5, 2019 on 21 DVDs as part of discovery.  See id.  The source forensic images that the FBI created from the electronic devices to facilitate its warranted searches were copied onto three hard drives and made available to all defendants on January 23, 2019.  See id.

The government produced the three hard drives directly to Defendant

to permit Defendant to conduct his own searches of his devices to prepare for trial. See id. On August 27, 2019, the district court issued a Minute Order granting Defendant's request for funds to secure a forensic examiner to analyze the forensic images contained on the three hard drives. See ECF No. 566. Following the August 27 Minute Order, the government filed a letter confirming its compliance with the Court's prior orders. See ECF No. 575.

In the present Motion, Defendant asks the Court for thirteen specific orders related to his access to discovery and the conditions of his confinement. All of Defendant's requests, grouped by topic, are addressed below.

## DISCUSSION

A pretrial detainee's Sixth Amendment right of access to the Courts, including the right to discovery to prepare an adequate trial defense, "must be balanced against the legitimate security needs or resource constraints of the prison." United States v. Sarno, 73 F.3d 1470, 1491 (9th Cir. 1995). As the Court has stated in its prior orders addressing similar issues raised by Defendant, "this Court need only determine whether Defendant is being provided with the constitutionally required access to the resources necessary to prepare his defense." ECF No. 346 at 6-7 (Order Denying Defendant's Motion for Injunction Against FDC for Retaliation) (quoting United States v. Robinson, 913 F.2d 712, 717 (9th Cir. 1990)); ECF No. 386 at 5-6 (Order Denying Defendant's Fifth Motion for

Order to Show Cause and Request for Expedited Hearing) (same).

### Requests Related to the Three Hard Drives

In his Motion, Defendant makes four requests related to the three hard drives. First, Defendant asks the Court to order FDC "to remove the unlawful stipulations of having to request 3 days in advance in order to view the hard drives." See ECF No. 555-2 at 3 (request "c"). Second, Defendant asks the Court to order FDC "to provide the undersigned with a USB cord to view the discovery in the unit." See id. (request "d"). Third, Defendant asks the Court to order FDC "to place the computer in visitation that no one uses in the room upstairs so that the undersigned can have all day access to view the hard drives. See id. (request "5"). Fourth, Defendant asks the Court to order FDC "to allow writing materials such as pens, pencils, paper to be allowed to be brought to the visiting room in order that the undersigned can't take notes as the undersigned peruse through the discovery. It would be pointless to view the discovery and no notes can be taken regarding what was in the discovery to identify the material to be submitted into evidence for trial. In the alternative, if bringing these writing materials to the visiting to be able to take notes is a security concern then the undersigned moves for an Order to have the computer terminal placed in the room upstairs in the unit so that the undersigned can take notes of the discovery." See id. at 3-4 (request "j").

Pursuant to the district court's prior orders, the government made

4

available to Defendant three hard drives containing the source forensic images that the FBI created of the devices that it seized.  The government represents that the source copies (on the three hard drives) are not readable without specialized software and expertise.  See ECF No. 574 at 7.  According to the government, FDC permits Defendant to retain the hard drives in his housing unit but requires Defendant to access the hard drives on the computer terminals in the visitation area of the FDC on three days' notice.  See id. at 6 (citing Aug. 6, 2019 FDC Receipt of Drives and Discs and Procedures for Viewing External Drives, attached to Response as Ex. C).  These computer terminals, unlike the terminals available in the housing units, have USB drives, which are required to access the hard drives.  See id. at 9.  The USB drives on the computer terminals in the housing units have been disabled to prevent inmates from charging contraband cellphones.  See id. at 9-10.  In its supplemental briefing, the government states that the FDC will permit Defendant access to note-taking materials at the attorney visitation rooms.  See ECF No. 600 at 3.

   The Court finds that FDC's procedures that allow Defendant access to the three hard drives on three days' notice and in the visitation terminals balances Defendant's rights to access to discovery material and FDC's security needs and resource constraints.  See Sarno, 73 F.3d at 1491.  The Court DENIES Defendant's requests to remove the three days' notice requirement (request "c"), to provide

Defendant with a USB cord (request "d"), and to place the computer in visitation in a room that Defendant can access all day (request "5").  The Court GRANTS IN PART and DENIES IN PART Defendant's request "j" as follows:  the Court GRANTS Defendant's request to have access to writing materials in the visitation room so that Defendant can take notes; and, the Court DENIES Defendant's alternative request to order that the computer terminal be placed in a different room.

### Requests Related to the 21 Discs

As set forth above, the government produced 21 DVDs as part of discovery to Defendant in August 2019.  In his Motion, Defendant makes two requests related to the 21 DVDs.  First, Defendant asks the Court to order the government "to redo the 21 discs of discovery and have the discovery put in a format that is accessible by the FDC computers."  See ECF No. 555-2 at 3 (request "e").  Second, and in the alternative, Defendant requests the Court "provide the undersigned with funds to hire a computer technician that can convert the files to a format that the undersigned can access on the FDC computers and to convert the audio files to be downloaded on a SD card that can be accessed through the MP3 player that is provided on the commissary."  See ECF No. 555-2 at 3 (request "f").

At the August 27, 2019 conference before the district judge, after the present Motion was filed, Defendant raised similar issues regarding his ability to

access the materials on the 21 DVDs. See ECF No. 566. In the August 27 Minute Order, the district judge ordered the government to verify that the 21 DVDs can be opened by Defendant at FDC using the terminals available to inmates and to verify that information to the Court. See id. On September 5, 2019, the same day that the government filed its response to the present Motion, the government filed a letter stating that it had confirmed that Defendant has access to all the files on the 21 DVDs, either in digital or hardcopy form. See ECF No. 575 at 1. The government explained that a paralegal at the U.S. Attorney's Office created a copy set of the files on the 21 DVDs and opened each discovery file contained on each disc to ensure that neither the discs nor the discovery files were corrupted. See id. Then, the 21 DVDs were taken to an information technology specialist at FDC with access to an e-discovery terminal with the same software that exists on the terminal in Defendant's housing unit, which is designed to read each of the file types on the 21 DVDs. See id. The FDC information technology specialist accessed each DVD and opened each file type to confirm that each file type could be opened on an FDC e-discovery terminal. See id. The specialist encountered a handful of documents that could not be opened, and those documents were printed in hardcopy form and provided to Defendant. See id. at 2.

        Based on the court's August 27 Minute Order and the government's September 5, 2019 letter, it appears that all issues regarding the 21 DVDs have

been resolved. Accordingly, the Court DENIES AS MOOT Defendant's requests "e" and "f" related to the 21 DVDs.

### Request to Enclose FDC's E-Discovery Computer Terminal

Defendant asks the Court to order FDC "to order the FDC to have a cubicle fully enclosed so that inmates can view their discovery without the anxiety of other inmates looking over their shoulder at their discovery." See ECF No. 555-2 at 3 (request "g"). In its Response, the government argues that this request should not be addressed because Defendant has not exhausted his administrative remedies related to the request. See ECF No. 574 at 11-14.

The Court is not persuaded by the government's exhaustion argument because these requests raise issues regarding Defendant's ability to prepare his defense. As stated in the district court's prior order, the Court can address concerns raised by Defendant to "determine whether Defendant is being provided with the constitutionally required access to the resources necessary to prepare his defense." See ECF No. 346 at 6-7 (quoting United States v. Robinson, 913 F.2d 712, 717 (9th Cir. 1990)). However, the Court DENIES Defendant's request "g" because similar requests have been considered and denied by the Court in prior orders. See, e.g., ECF No. 455, Order Denying Defendant's Eighth Motion for Order to Show Cause and Request for Expedited Hearing (denying Defendant's request to move e-discovery terminal because there was no partition and no

privacy); ECF No. 430, Order Denying Defendant's Seventh Motion for Order to Show Cause and Request for Expedited Hearing (denying Defendant's request to move e-discovery terminal).

### Requests for Jump Drive, Kindle Fire, and other Devices

Defendant raises three additional requests related to his jump drive, Kindle fire and other devices.  First, Defendant asks the Court to order FDC "to allow the jump drives that were confiscated which have discovery material to be brought to the undersigned by his standby counsel."  ECF No. 555-2 at 3 (request second "h").  Second, Defendant asks the Court to order FDC "to allow the Kindle Fire and the other returned material to be brought to the undersigned by his standby counsel as it too has discovery information that the undersigned will need for trial."  ECF No. 555-2 at 3 (request "i").  Third, Defendant asks the Court to order FDC "to allow the standby counsel to bring the phones confiscated by the FBI to the FDC so that the undersigned can get discovery information such as witnesses contact information and audio and video files that will need to be extracted and provided as evidence at trial.  These phones contain recorded conversations by clients who were defrauded by Edna Franco, Henry Malina and Rowena Valdez and one of the phones have a recorded conversation between the undersigned and Henry Malina where Malina admitted he scammed these people with Edna but that he only did what Edna told him to do.  This information is vital

9

to the undersigned's defense to show the real culprits that scammed homeowners was not the undersigned but former employees that the undersigned fired." ECF No. 555-2 at 4 (request "k").

In its Response, the government again argues that these requests should not be addressed because Defendant has not exhausted his administrative remedies related to these requests. See ECF No. 574 at 11-14.

For the same reasons discussed above, the Court is not persuaded by the government's exhaustion argument. However, the Court finds that Defendant has failed to show that it is necessary for him to have direct access to these devices, which are prohibited at FDC for legitimate security reasons. See Sarno, 73 F.3d at 1491. Defendant may coordinate with standby counsel to obtain the files from the devices. Further, Defendant may ask the computer expert that he has been given permission to retain to retrieve the information from these devices and provide them to Defendant in an FDC-acceptable format. Accordingly, Defendant's requests "h," "i," and "k" are DENIED.

### Requests for Access to Additional Materials

Defendant finally makes three requests for additional materials related to the preparation of his defense. First, Defendant asks the Court to order FDC to give him "access to the room upstairs that contain his 6 Bins and 15 expanding legal files of law work." ECF No. 555-2 at 3 (request "a"). Second, Defendant

asks the Court to order FDC "to place the typewriter back in the room so that the undersigned can use the typewriter." ECF No. 555-2 at 3 (request "b"). Third, Defendant also asks the Court to order FDC "to stop preventing the undersigned from obtaining legal materials from an outside source as it is stipulated in 28 CFR 543.11 so that the undersigned can have the necessary legal materials that he needs to be prepared for trial." ECF No. 555-2 at 3 (request "h").

In its Response, the government argues that these requests should not be addressed because Defendant has not exhausted his administrative remedies related to the requests. See ECF No. 574 at 11-14.

For the same reasons discussed above, the Court is not persuaded by the government's exhaustion argument. However, the Court finds that Defendant has failed to show that he has been denied access to the resources necessary to prepare his defense. Defendant has failed to show why access to an additional room or a typewriter is necessary or constitutionally mandated. Further, Defendant has not provided any evidence that he has been denied access to legal materials from any source. Accordingly, Defendant's requests "a," "b," and "h" are DENIED.

## CONCLUSION

Defendant Anthony Williams' Tenth Motion for Order to Show Cause, ECF No. 555, is GRANTED IN PART AND DENIED IN PART as

detailed above.

        IT IS SO ORDERED.

        DATED AT HONOLULU, HAWAII, OCTOBER 8, 2019.



Wes Reber Porter
United States Magistrate Judge

**UNITED STATES V. WILLIAMS; CRIM. NO. 17-00101 LEK; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT ANTHONY WILLIAMS' TENTH MOTION FOR ORDER TO SHOW CAUSE, ECF NO. 555**