KENJI M. PRICE  #10523
United States Attorney
District of Hawaii

KENNETH SORENSON
GREGG PARIS YATES  #8225
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
E-Mail:      gregg.yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00101 LEK |
| | ) | |
| Plaintiff, | ) | UNITED STATES'S RESPONSE TO |
| | ) | THE DEFENDANT'S ELEVENTH |
| vs. | ) | MOTION FOR ORDER TO SHOW |
| | ) | CAUSE; CERTIFICATE OF SERVICE |
| ANTHONY T. WILLIAMS   (1), | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

UNITED STATES'S RESPONSE TO THE DEFENDANT'S
<u>ELEVENTH MOTION FOR ORDER TO SHOW CAUSE</u>

The government respectfully submits this supplemental brief in response to

Defendant Anthony T. Williams's Eleventh Motion for Order to Show Cause (11th

OSC Motion or Motion).  ECF No. 598.  Although presented as a single motion,

# Table of Contents

Page(s)

TABLE OF AUTHORITIES ....................................................................... ii

BACKGROUND .......................................................................................2

ARGUMENT. ...........................................................................................3

    I.    The Defendant's Demands Have Been Previously Decided By
        The Court And Are Beyond The Time For Appeal/Reconsideration .......3

    II.   The Defendant's Demands Pertain Only To The Conditions Of His
        Confinement And Are Irrelevant To This Prosecution; The
        Defendant Has Failed To Exhaust His Administrative Remedies ............9

    III.  The Defendant's Demands Seek Legal Accommodations That
        Are Not Constitutionally Required And The Defendant Has
        Failed To Exhaust His Administrative Remedies In Any Event.............13

    CONCLUSION ....................................................................................20

## Table of Authorities

**Cases**          **Page(s)**

Faretta v. Cal.,
    422 U.S. 806 (1975) ........................................................................ 13

McKart v. United States,
    395 U.S. 185 (1969) ........................................................................ 11

Milton v. Morris,
    767 F.2d 1443 (9th Cir. 1985) .................................................... 16, 18

Storseth v. Spellman,
    654 F.2d 1349 (9th Cir. 1981) ........................................................ 14

United States v. Robinson,
    913 F.2d 712 (9th Cir. 1990) .......................................................... 14

United States v. Sarno,
    73 F.3d 1470 (9th Cir. 1995) .......................................................... 15

United States v. Wilson,
    690 F.2d 1267 (9th Cir. 1982) ........................................................ 13

Woodford v. Ngo,
    548 U.S. 81 (2006) .......................................................................... 12

**Statutes**

28 U.S.C. § 1654 (2018) ........................................................................ 15

42 U.S.C. § 1983 (2018) ........................................................................ 11

42 U.S.C. § 2000cc (2018) ..................................................................... 11

**Other**

28 C.F.R. § 542.13 ................................................................................. 13

28 C.F.R. § 542.14 ................................................................................. 13

28 C.F.R. § 542.15 ................................................................................. 14

28 C.F.R. §§ 542.10-542.19 ................................................................... 13

the 11th OSC Motion makes 27 discrete demands for relief, which are duplicative of prior demands, improperly before this Court, and not constitutionally required. We respectfully ask this Court deny the Motion.

<u>BACKGROUND</u>

The 11th OSC Motion appears to be motivated by the defendant's recent placement in the Federal Detention Center, Honolulu (FDC) Special Housing Unit (SHU).

The incident referenced in the 11th OSC Motion, *see* Exh. A at 1, ECF No. 598-2, took place on September 13, 2019, when the defendant sent an e-mail to his son, Antonyo Williams, which was reviewed by FDC staff, pursuant to Bureau of Prisons (BOP) policy.  The e-mail contained apparent song lyrics, with the following verse threatening the lives of the attorneys of the U.S. Attorney's Office:

> Cause I talk the talk and walk the walk
> The prosecutors in my case gonna be laid up in chalk
> They violated these bitches even arrested my mother
> Now I'm [*sic*] kill they whole family they'll never recover
> I tried to be peaceful but you wouldn't leave me alone
> Now I got no other choice but make ya bleed from ya dome
> . . .
> The Feds want a war then dammit let there be death
> I guarantee ya I'll be breathin' and the last one left

Exhibit A (E-mail from A. Williams to Antonyo Williams, Sept. 13, 2019).

In response, the FDC moved the defendant to the SHU.  Exhibit B (Sentry Inmate Quarters History for A. Williams, printed Oct. 29, 2019).  The defendant was released back to his housing unit on September 23, 2019.  *Id.*

Since the defendant filed the Motion, on October 25, 2019, the defendant threatened an FDC staff member with bodily harm and was once again sent into the SHU, where he remains as of today.  *Id.*; Exhibit C (Sentry Inmate Discipline Data for A. Williams, printed October 29, 2019).  Prior to the current incident, the defendant had been confined in the SHU on four occasions.  Exh. C (Sentry Inmate Discipline Data for A. Williams, printed Oct. 29, 2019).

<u>ARGUMENT</u>

The government provides the following responses to the 27 discrete demands in the motion, including many demands pertaining to the conditions of the defendant's confinement in the SHU.  Should this Court seek additional briefing on any issue, the government will provide it.

I.   The Defendant's Demands Have Been Previously Decided
     <u>By The Court And Are Beyond The Time For Appeal/Reconsideration</u>

Nine (9) of the 27 demands in the defendant's Motion have been litigated before, and have been denied.  Moreover, as shown below, the fourteen-day time to appeal any of the prior Magistrate Judge denial orders, and the fourteen-day time to file for reconsideration of any of the prior District Judge denial orders, expired

for each of these demands before the defendant filed the Motion on October 4, 2019.  Crim.L.R. 57.3(b), Civ.LR. 60.1.

-(f)-   Demand to "place . . . Rosy Espercion Thomas back on his visitor list;"

The defendant previously filed a motion relating to Ms. Thomas's placement on his visitor list on June 1, 2019.  ECF No. 500-2 at 2 ("The FDC has prevented a minister who is a friend of the undersigned from visiting the undersigned even after she passed the background check . . .").  The reference to the minister in the prior motion is to Rosy Thomas, as demonstrated by an administrative grievance filed by the defendant to the BOP.  Gov't Resp. Df Mot. Show Admin. Remedy Procedures at FDC Honolulu Are A Sham, Exh. C at 2, ECF No. 508-3 ("Ms. Thomas visitation is not approved.").  The Motion was denied on August 12, 2019.  ECF No. 550.

-(h)-   Demand to be permitted "possession of the religious DVD's sent to the undersigned by his minister;"

This demand was raised in a motion filed on June 1, 2019.  ECF No. 500-2 at 3 ("The FDC continues to deny the undersigned to view the religious DVDs of the services of his faith sent in by his minister for almost a year now . . .").  The motion was denied by the Court on August 12, 2019.  ECF No. 550.

//

////

4

-(m)-  Demand for "all day access to his discovery discs,
hard drive, and e-discovery computer to get prepared for
trial and internet access;"

A motion for all day access to the defendant's discovery disks in the Federal

Detention Center, Honolulu (FDC) housing unit was filed on June 30, 2018.  ECF

No. 287.  It was denied by the Court on July 25, 2018.  ECF No. 297 at 2.  The

request for all-day access to discovery was then rendered moot by a change in FDC

policy that permits the defendant to keep possession of his own discovery disks in

his cell.  Gov't Resp. to 7th OSC Motion, Exh. A (Declaration of Kyle G. Olsen

[(Olsen Decl.)]¶  4), ECF No. 427-1.  The defendant also has access to the e-

discovery terminal for the entire 16-hours of the day that he is outside his cell in

his housing unit.  *Id.*

As indicated *infra*, Part III, BOP policy restricts inmates from access to hard

drives and the internet, and the defendant has not demonstrated why access to

storage media and the internet is constitutionally required.

-(n)-  Demand to "Order the FDC to stop using bogus
disciplinaries to deprive the undersigned of access to his
lega[l] material;

A motion by the defendant alleging that the FDC "continues to target the

undersigned by constantly writing false disciplinaries to take away the

undersigned's ability to communicate by phone or e-mail with his standby counsel,

5

family, and friends," was filed on May 15, 2019.  ECF No. 479.  That motion was

denied by the Court on July 23, 2019.  ECF No. 527.

-(o)-   Demand to place the "typewriter and e-discovery
computer back in the upstairs room;"

A motion by the defendant complaining that the e-discovery terminal on the

second floor of his housing unit was too far from the Lexis-Nexis terminal on the

main floor, was filed November 29, 2017.  Df. Motion to Compel 1, ECF No. 65.

The Court denied the motion regarding the placement of the e-discovery terminal

on December 18, 2017.  ECF No. 75 at 3.

Nonetheless, the FDC later moved the e-discovery terminal on to the main

floor of the housing unit, placing the e-discovery terminal near the Lexis-Nexis

terminal, consistent with the defendant's earlier request.  Gov't Resp. to 7th OSC

Motion, Exh. A (Olsen Decl. ¶ 4).  The defendant then apparently refused to take

"yes" for an answer, and filed a motion complaining that the e-discovery terminal

should be moved *back* to the second (i.e., upstairs) floor of the housing unit on

January 22, 2019.  ECF No. 418.  The Court denied that motion on February 19,

2019.  ECF No. 430.

-(p)-   Demand for a "non-monitored phone to use to call
his standby attorney, paralegal and witnesses the
undersigned intends to call for trial;"

The defendant previously moved the Court for an order to the BOP requiring

it to permit the defendant access to his own telephone to "call his standby attorney,

6

witnesses and others in the preparation of his defense."  Mot. Compel 1, ECF No.

65.  This motion was denied on December 18, 2017.  ECF No. 75 at 3 ("The Court

finds that Defendant has not shown a sufficient need or basis for his own private

cell.").  Moreover, the defendant has not shown how the BOP's current policies

regarding communications with counsel are constitutionally inadequate.  The

defendant can meet with his standby attorney, unmonitored, and his standby

attorney can arrange unmonitored calls with the defendant.  Declaration of

AnnElizabeth Card, PhD in Supp. of Gov't Resp. Mot. Compel ¶ 10, ECF No. 73-

1.  Nothing more is constitutionally required.

> -(s)-   Demand for "medical and dental services;"

The defendant's "Motion to Order the Government to Provide Medical and

Dental Services to Private Attorney General Anthony Williams" was filed on

September 16, 2019.  ECF No. 578.  Motion was denied by the Court on

September 19, 2019.  ECF No. 588.

> -(t)-   Demand to "allow the undersigned to fellowship
> and practice his faith with the few other Hebrew
> Israelites in the facility by placing us in the same unit;"

The defendant moved on June 1, 2019 for relief from the FDC's policy of

separating "us Hebrews . . . on different floors" and preventing them "from being

able to have bible study together."  Df. Mot. Gov't to Stop Violating PAG Anthony

Williams First Amendment Right to Free Exercise of Religion, Exh. A at 3, ECF No. 500-2.  The Motion was denied on August 12, 2019.  ECF No. 550.

> -(v)-  Demand for an "Order [to] the FDC to stop preventing the undersigned from receiving legal materials from outside sources such as legal folders, document protectors, page dividers, legal CD's and DVD's, legal books, etc so that the undersigned can get better prepared for trial;"

This matter has been exhaustively litigated.  Df. Mot. Compel 1, ECF No. 65 ("Allow Mr. Williams to have any materials necessary for his legal defense to be obtained from the outside . . ."); Mag. Judge Order Denying in Part Motion at 3, ECF No. 75 ("Defendant may receive legal material from outside the facility; . . . The Court DENIES all remaining requests in Defendant's Motion to Compel); District Judge Order Reversing Mag. Judge Order and Denying Defendant's Motion to Compel at 9-10 ("This Court therefore concludes that Defendant has access to sufficient materials 'to prepare, serve, and file whatever pleadings or other documents are necessary' to prepare his defense.").  ECF No. 310 (dated Sept. 5, 2018).

*See also* Df. Ex Parte Application and Motion for Funds to Purchase Legal Supplies at Gov't's Expense, ECF No. 120 ("The following are necessary legal supplies the undersigned is in need of to have the necessary tools to draft motions, do adequate research and necessary items to organize . . ."); Order Denying

Motion, ECF No. 132 (dated Mar. 7, 2018); Dist. Judge Order Affirming Denial, ECF No. 326 (dated Sept. 28, 2018).

*See also* Df. 4th OSC Motion, ECF No. 287-1 (seeking an order permitting standby counsel to provide "lined writing paper and manila folders"); Order Denying 4th OSC Motion, ECF No. 297 ("the Court DENIES Defendant's Motion.") (dated July 25, 2018).

II.   **The Defendant's Demands Pertain Only To The Conditions Of His Confinement And Are Irrelevant To This Prosecution; The Defendant Has Failed To Exhaust His Administrative Remedies**

Ten (10) of the defendant's demands pertain solely to the conditions of the defendant's confinement, and have no relevance to an issue in this prosecution or to the defendant's ability to prepare for trial.  Accordingly, the "Defendant's allegations should be addressed through the internal grievance process and, if necessary, in a civil rights action, pursuant to 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq*., or other applicable authority."  *See, e.g.*, Order Denying First Amendment Motion 1, ECF No. 550.  The defendant's demands that should be denied upon this basis are:

-(a)-   Demand for "credit for his unlawful time in the SHU and increase his call minutes by 200 minutes next month . . ."

-(b)-   Demand for "refund [of] the undersigned's music to enlarge his account balance."

-(d)-   Demand for the computer terminal in the SHU to be re-configured to provide for a "function . . . so that inmates can have a record of the grievances they file;

-(e)-   Demand for the creation of a "Protective Custody (PC) unit instead of punishing PC inmates by placing them in solitary confinement;

-(i)-   Demand for "the religious books, pamphlets and charts sent in by his minister;"

-(j)-   Demand to permit FDC inmates more than "one call per month and no email contact when inmates have not been found guilty of any BOP regulation;"

-(k)-   Demand for "access to the counselors and case managers daily as all other facilities who have their offices in the unite to ensure access;"

-(l)-   Demand for "three (3) hot meals a day with 4 ounces of meat and juice to drink;"

-(x)-   Demand for a "portable television to be kept in the undersigned's cell;"

-(aa)- Demand for "the undersigned's commissary, prescription glasses, gym shorts, sweat short that was either stolen or thrown away by staff."

With regard to each of these demands, the defendant has failed allege or demonstrate that he has exhausted his administrative remedies with respect to each of these grievances prior to raising them to this Court.  None of these demands appear in the defendant's record of administrative grievances.  Exhibit D (Declaration of J. Lum ¶¶ 5-6, Attachment A).  All these demands challenge the conditions of the defendant's confinement in a manner similar to motions that this

Court has rejected in the past.  ECF Nos. 132, 346, 389, and 550.  Just as this Court

has ruled earlier, *see id.*, the defendant must exhaust his administrative remedies

before approaching the Court.

      "The doctrine of exhaustion of administrative remedies is well established in

the jurisprudence of administrative law."  *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)

(*quoting McKart v. United States*, 395 U.S. 185, 193 (1969)).  "The doctrine

provides that no one is entitled to judicial relief for a supposed or threatened injury

until the prescribed administrative remedy has been exhausted."  *McKart*, 395 U.S.

at 193 (quoting *Myers v. Bethlehem Shipbld'g Corp.*, 303 U.S. 41, 50, 51 (1938)).

      To exhaust his administrative remedies, the defendant must proceed through

the Administrative Remedy Program.  *See* 28 C.F.R. §§ 542.10-542.19; Bureau of

Prisons Program Statement on Administrative Remedy Program, Jan. 6, 2014

*avail. at* https://www.bop.gov/policy/progstat/1330_018.pdf.  This Court

previously outlined the BOP grievance process in its March 7, 2018 Order at 4-5,

ECF No. 132.  Under the BOP grievance process, the inmate must first seek

informal resolution of the issue of concern at his institution of confinement, the

Federal Detention Center, Honolulu.  *Id.* § 542.13.  If no informal resolution is

reached, the inmate must file a formal request (BP-9) with the Warden.  *Id.* §

542.14.  If the Warden denies the remedy, the inmate may appeal first to the

Regional Director (BP-10), within 20 days of receiving the Warden's response, and

thereafter to the General Counsel in Washington, D.C. (BP-11), within 30 days of receiving the Regional Director's response.  *Id.* § 542.15.  Administrative exhaustion does not take place until a final decision is received from the Office of General Counsel, or until a response is not forthcoming within the time allotted for reply.  *Id.* §§ 542.15(a); 542.18.

The defendant has not alleged that he has filed any administrative remedy forms pertaining to the matters raised in the 11th OSC Motion, and the government is not aware of any.  Accordingly, the defendant's demands may not be brought before the Court at this time.  *Woodford v. Ngo*, 548 U.S. 81 (2006) ("As a general rule . . . courts should not topple over administrative decisions unless the administrative body not only has erred, *but has erred against objection made at the time appropriate under its practice*.") (emphasis in original), *quoting United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952).

Both the defendant and his standby counsel, Lars Isaacson, Esq., have been on notice since March 7, 2018 that they are required to exhaust the defendant's administrative remedies before seeking redress from this Court.  ECF No. 132.  For this reason, these demands must be denied.

//

//

//

12

III.    The Defendant's Demands Seek Legal Accommodations
        That Are Not Constitutionally Required And The Defendant Has
        <u>Failed To Exhaust His Administrative Remedies In Any Event</u>

Finally, nine (9) of the 27 demands in the Motion pertain to accommodations

to assist the defendant with his trial preparation.[1]  These demands should be denied

because they are not constitutionally required.

The Fifth Amendment Due Process Clause guarantees a right of access to

the court.  *Storseth v. Spellman*, 654 F.2d 1349, 1352 (9th Cir. 1981).  Appointed

counsel offers a meaningful, and certainly the best avenue of access to an indigent

inmate.  *Id.* at 1353.  "An attorney is in a better position than the inmate . . . to

promote efficient and skillful handling of the inmate's case."  *Id.*, *quoting Bounds*,

430 U.S. at 831.  A court-appointed attorney has unlimited access to an inmate's

discovery and to legal research, in addition to his/her own legal expertise.  The

offer of court-appointed counsel to represent Defendant satisfies the government's

Constitutional obligation to provide meaningful access to the courts.  *United*

*States v. Wilson*, 690 F.2d 1267, 1272 (9th Cir. 1982).  The defendant has waived

his right to court-appointed counsel, and has invoked his statutory and Sixth

Amendment right to represent himself.  28 U.S.C. § 1654; *Faretta v. California*,

422 U.S. 806 (1975).

---

[1]  Certain demands implicate multiple categories addressed in the Motion.
Accordingly, the total number of demands discussed in this brief exceeds the 27
demands in the Motion.

Having waived his right to Court-appointed counsel, the defendant must accept the consequences and limitations of his decision.  "When an adequate method of access is provided and an inmate does not avail himself of it, he may not insist on an avenue of his choosing[,]" as the defendant attempts to do here. *Storseth*, 654 F.3d at 1353.  In prison, the defendant's access to his discovery is limited: the Sixth Amendment demands that an incarcerated *pro se* defendant be afforded reasonable access to 'law books, witnesses, or other tools to prepare a defense."  *Milton v. Morris*, 767 F.2d 1443, 1446 (9th Cir. 1985).  However, the defendant's right of access must be balanced against the legitimate security needs or resource constraints of the prison.  *United States v. Robinson*, 913 F.2d 712, 717 (9th Cir. 1990), *cert. denied*, 498 U.S. 1104 (1991).

As shown below, the defendant's remaining demands should be denied because none are constitutionally required for meaningful access to the courts.

> -(c)-   Demand that the computer terminals in the housing units to be re-configured to "enable email messaging so the inmates can communicate with their attorney, family and friends from the SHU;"

The defendant does not articulate how his existing technical accommodations are constitutionally inadequate and deny him access to the courts. The defendant's confinement in the SHU is the result of his own conduct, but even in the SHU, he retains access to a law library and can still communicate with his

14

standby counsel.  Declaration of AnnElizabeth Card in Supp. of Govt Resp. Mot.

Compel ¶¶ 16(c), 16(f), ECF No. 228 (Attachment #1).

The defendant's demand for access to e-mail to communicate with his

"family and friends" is not relevant to his trial preparation.  The defendant has not

demonstrated that he has completely exhausted his administrative remedies before

bringing this demand to the Court.

<u>-(g)-   Demand to "allow the undersigned's paralegal to
visit without the standby attorney;"</u>

The defendant has not articulated how the absence of a paralegal deprives

him of constitutionally adequate access to the courts.  The Ninth Circuit has made

clear that requiring a defendant to review 250,000 pages of discovery in 20 hours,

without assistance, was not constitutionally impermissible.  *United States v. Sarno*,

73 F.3d 1470, 1492 (9th Cir. 1982).  The defendant previously moved the Court for

funds to retain a legal secretary, and argued the burden of discovery and

affirmative investigation, and that his standby attorney was inadequate.  ECF No.

275-2.  The Court denied the defendant's motion, and noted that the defendant's

Court-appointed standby counsel, Lars Isaacson is "well-equipped to assist

Defendant in preparation for trial."  ECF No. 293 at 7.  The constitution does not

require any additional assistance for the defendant.

//

//

15

<u>-(m)-  Demand for "all day access to his discovery discs,</u>
<u>hard drive, and e-discovery computer to get prepared for</u>
<u>trial and internet access;"</u>

The Court has ruled that the defendant is entitled to two hours of access to

his discovery disks, ECF No. 297 at 2.  However, as a practical matter, the

defendant has access to his discovery and the e-discovery terminal in his housing

unit for the entire 16-hours of the day that he is outside his cell.  Gov't Resp. to 7th

OSC Motion, Exh. A (Olsen Decl. ¶ 4), ECF No. 427-1.

The defendant has made no showing that he is constitutionally entitled to

access to hard drives and the internet.  The Ninth Circuit has recognized that the

Sixth Amendment requires only that an incarcerated *pro se* defendant be afforded

reasonable access to "law books, witnesses, or other tools to prepare a defense."

*Milton v. Morris*, 767 F.2d 1443, 1446 (9th Cir. 1985).  The FDC permits the

defendant word processing software and access to a law library with a Lexis Nexis

terminal.  Declaration of AnnElizabeth Card, PhD in Supp. of Gov't Resp. Mot.

Compel ¶¶ 10-11, ECF No. 73-1.  No authority requires that inmates be afforded

unrestricted access to the internet.  Indeed, the BOP has a significant security

interest in restricting inmate access to communication devices.  Declaration of

Spencer Pae in Supp. Gov't Resp. 10th OSC Mot. ¶ 19, ECF No. 574-2 (describing

use of contraband cellphones to "arrange escapes, contraband smuggling, and all

16

kinds of criminal activity outside the facility."). The security interest of the BOP substantially outweighs any interest that the defendant has in access to the internet.

> -(q)-   Demand for an "Order [to] the standby attorney to send the [46 CDs returned to the defendant];"

> -(r)-   Demand for an "Order [to] the standby attorney to bring the disc which was designated to have contraband on it to view it with the undersigned in the visiting room;"

These requests pertain to a Compact Disk (CD) case containing 46 CDs that was seized in connection with the defendant's arrest in Florida. Following the defendant's motion for return of property, ECF No. 398, the government determined that the CD case did not contain files relevant to this prosecution. Notice Regarding Defendant's Motion for Return of Property 3, ECF No. 428. However, at least one CD contained pornographic image(s), which are prohibited at the FDC. *Id.* 3 n.1. Accordingly the government returned the CD case and CDs to the defendant's standby counsel, and notified him of the pornographic image(s). Decl. of Counsel in Supp. of Notice of Compliance ¶ 11, ECF No. 537-1.

The government is unaware of any relevant files contained in the CD case and CDs at issue, and the Motion does not claim that these CDs contain any files relevant to the defendant's case preparation. Accordingly, the defendant should be required to exhaust his administrative remedies before raising this issue here.

> -(u)-   Demand for "full access to all of his legal bins and legal files in order to peruse and go through the plethora

17

of documents to select which documents the undersigned
will submit as exhibits and evidence at trial;"

-(w)-  Demand for "the undersigned to be able to request
the SHU and be provided all day access to his e-
discovery discs, legal bins, expanding legal files, email,
phone calls, mp3 player, commissary and radio;"

-(y)-   Demand for a space at the FDC for the defendant
to use "as an office to get prepared for trial as to not
interfere with the time other inmates need to use the law
library in the SHU to view their discovery and do their
legal research;"

These three demands seek to utilize and transform a unit in the SHU to a
private workspace at the BOP for the defendant's trial preparation.  These demands
are clearly outside the Fifth Amendment right to reasonable access to "law books,
witnesses, or other tools to prepare a defense."  *Milton v. Morris*, 767 F.2d 1443,
1446 (9th Cir. 1985).  The defendant's current accommodations, both in his
housing unit, and in the SHU, pass constitutional muster.  The defendant has
access to a private Attorney Visitation room to meet with his counsel, as needed.
Card Decl. in Supp. Govt. Resp. Mot. Compel ¶ 12, ECF No. 73-1.  Two of the
Attorney Visitation rooms have an e-discovery terminal in them.  Moreover, to
comply with this Court's July 30, 2019 Order, ECF No. 535, the FDC has now
provided the defendant with access to the private Attorney Visitation rooms upon
request, to access certain hard drives containing forensic images of seized devices.

18

Govt. Resp. 10th OSC Mot. Exh. C (Aug. 6, 2019 FDC Receipt of Drives and Discs and Procedures for Viewing External Drives).

The defendant also has daily access to a semi-private law library in his housing unit, and to the semi-private Education Department office up to three hours per week. Declaration of AnnElizabeth Card, PhD in Supp. of Appeal of Mag. J. Decision ¶¶ 7, 9, ECF No. 79-1. The Education Department office contains an e-discovery terminal.[2] *Id.* ¶¶ 8, 9. The defendant also has daily access to an e-discovery terminal, albeit on the public main floor of the housing unit.

While in the SHU, the defendant also access to a law library, e-discovery terminal, and to one bin of his legal materials. Declaration of AnnElizabeth Card in Supp. of Govt Resp. Mot. Compel ¶¶ 16(c), 16(f), ECF No. 228 (Attachment #1); Exhibit E ("Legal Activities, Inmate," Program Statement § 543.11, ¶ 10(j)).

The defendant does not articulate how these ample accommodations are constitutionally inadequate, and why he should be afforded a private office within the FDC.

//

//

//

---

[2] Since Assoc. Warden Card signed her December 29, 2017 declaration, the FDC moved the e-discovery terminal from the housing unit law library and onto its main floor. Declaration of Kyle Olsen in Supp. Govt Resp. 7th OSC Mot. ¶ 4, ECF No. 427-1.

-(z)-   Demand for an explanation from the FDC "why they previously provided a pro se inmate with an office that had an e-discovery computer, Lexis Nexis terminal, printer, fax and phone to adequately prepare for trial but continue to deny the undersigned the same courtesy;

The defendant's demand for an explanation regarding his purportedly unequal treatment at the hands of the BOP with regard to accommodations compared to other inmates should also be denied.  The defendant has a right to be heard regarding his own right of access to the courts and his ability to prepare for trial.  To the extent that the defendant claims that he has an Equal Protection right that the BOP has violated, he must bring this as a separate action.

CONCLUSION

The government respectfully reiterates its request that the defendant's 11th OSC Motion be denied in its entirety.

DATED:  October 31, 2019, at Honolulu, Hawaii.

KENJI M. PRICE
United States Attorney
District of Hawaii


By */s/ Gregg Paris Yates*
    GREGG PARIS YATES
    Assistant U.S. Attorney

20

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

<u>Served Electronically through CM/ECF:</u>

Lars Isaacson, Esq.
hawaii.defender@earthlink.net

Attorney for Defendant
ANTHONY T. WILLIAMS

Defendant to be served by First Class Mail:

Anthony T. Williams
Register No. 05963-122
Inmate Mail
FDC Honolulu
PO Box 30080
Honolulu, HI 96820

DATED:  October 31, 2019, at Honolulu, Hawaii.

/s/ Melena Malunao
U.S. Attorney's Office
District of Hawaii