IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 17-00101 LEK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT'S |
| | ) | ELEVENTH MOTION FOR ORDER |
| vs. | ) | TO SHOW CAUSE |
| | ) | |
| ANTHONY WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S
ELEVENTH MOTION FOR ORDER TO SHOW CAUSE**

Defendant Anthony Williams' ("Defendant") Eleventh Motion for Order to Show Cause ("Motion") makes 27 discrete demands for relief. ECF No. 598. Each of these demands is either duplicative of an earlier demand, not properly before the Court, or not constitutionally required. The Court addresses each demand below.

**I.   Demands Concerning Conditions of Confinement that Defendant Has Not Exhausted.**

10 of Defendant's demands concern the conditions of his confinement:

a.   Defendant requests "credit for his unlawful time in the SHU and increase his call minutes by 200 minutes next month . . ."

b.   Defendant requests "refund [of] the undersigned's music to enlarge his account balance."

> d. *Defendant requests the computer terminal in the SHU to be re-configured to provide for a "function . . . so that inmates can have a record of the grievances they file;"*
>
> e. *Defendant asks for the creation of a "Protective Custody (PC) unit instead of punishing PC inmates by placing them in solitary confinement;"*
>
> i. *Defendant requests "the religious books, pamphlets and charts sent in by his minister;"*
>
> j. *Defendant seeks more than "one call per month and no email contact when inmates have not been found guilty of any BOP regulation;"*
>
> k. *Defendant requests "access to the counselors and case managers daily as all other facilities who have their offices in the unit to ensure access;"*
>
> l. *Defendant asks for "three (3) hot meals a day with 4 ounces of meat and juice to drink;"*
>
> x. *Defendant wants a "portable television to be kept in the undersigned's cell;"*
>
> aa. *Defendant wants his "undersigned's commissary, prescription glasses, gym shorts, sweat short that was either stolen or thrown away by staff."*

With each of these requests, Defendant has failed to allege or demonstrate that he has exhausted his administrative remedies before raising the grievance with this Court. The Government establishes that none of these demands appear in the Defendant's record of administrative grievances. ECF No. 627-4. This Court has previously, on numerous occasions, outlined Defendant's obligation to exhaust his administrative remedies. *See, e.g.*, ECF No. 132, Order Denying (1) Motion for

Order to Show Cause, and (2) Ex Parte Application and Motion for Funds to Purchase Legal Supplies at Government's Expense; ECF No. 389, Order Denying Defendant's Sixth Motion for Order to Show Cause and Request for Expediting Hearing.  Accordingly, because Defendant has not established that he has exhausted his administrative remedies as to the foregoing requests, the Court DENIES each of them.

## II.   Requests Previously Decided by the Court.

Nine of Defendant's demands seek to relitigate issues Defendant previously raised by motion, which the Court denied.  The Court lists each of them, and the order previously denying them, below.

> f.   *Demand to "place . . . Rosy Espercion Thomas back on his visitor list[;]"*

Defendant raised this by motion filed June 1, 2019.  ECF No. 500-2.  The Court denied the request on August 12, 2019.  ECF No. 550.

> h.   *Demand to be permitted "possession of the religious DVD's sent to the undersigned by his minister;"*

Defendant raised this by motion filed June 1, 2019.  ECF No. 500-2.  The Court denied the request on August 12, 2019.  ECF No. 550.

> m.   *Demand for "all day access to his discovery discs, hard drive, and e-discovery computer to get prepared for trial and internet access[;]"*

Defendant raised this by motion filed June 30, 2018.  ECF No. 287.  The Court denied this motion July 25, 2018.  ECF No. 297.  Nevertheless, the FDC changed its policy and it now permits Defendant to maintain possession of his own discovery disks in his cell, permitting him access to those disks at the e-discovery terminal 16 hours per day.  ECF No. 627 at PageID#: 5385.  BOP policy does not permit hard drive or internet access, and Defendant has not demonstrated why any deviation from that policy is constitutionally required.

> n. *Demand to "Order the FDC to stop using bogus disciplinaries to deprive the undersigned of access to his lega[l] material;"*

Defendant previously argued this in his motion filed May 15, 2019.  ECF No. 479.  The Court denied the request July 23, 2019.  ECF No. 527.

> o. *Demand to place the "typewriter and e-discovery computer back in the upstairs room[;]"*

Defendant raised this issue in his motion filed November 29, 2017, ECF No. 65, which the Court denied December 18, 2019.  ECF No. 75.

> p. *Demand for a "non-monitored phone to use to call his standby attorney, paralegal and witnesses the undersigned intends to call for trial;"*

Defendant previously raised this by motion filed November 29, 2017, ECF No. 65, which the Court denied December 18, 2019.  ECF No. 75.

> s. *Demand for "medical and dental services;"*

Defendant previously filed a motion for these services on September 16, 2019.  ECF No. 578.  The Court denied the motion September 19, 2019.  ECF No. 588.

> t.   Demand to "allow the undersigned to fellowship and practice his faith with the few other Hebrew Israelites in the facility by placing us in the same unit;"

Defendant filed a motion seeking this relief on June 1, 2019.  ECF No. 500.  The Court denied this motion August 12, 2019.  ECF No. 550.

> v.   Demand for an "Order [to] the FDC to stop preventing the undersigned from receiving legal materials from outside sources such as legal folders, document protectors, page dividers, legal CD's and DVD's, legal books, etc so that the undersigned can get better prepared for trial;"

Defendant has raised this issue previously.  ECF Nos. 65, 120, 287.  The Court has denied the request each time.  ECF Nos. 75, 132, 310, 326, 297.

The time period within which to seek reconsideration of these orders has expired.  Moreover, Defendant presents no new information, nor mistake of law or fact, that warrants different results than previously reached.  Accordingly, the Court denies each of these requests for relief.

## III. **Requests for Legal Accommodations that Defendant Failed to Exhaust and Which are Not Constitutionally Required.**

Defendant also has nine requests which pertain to accommodations for his trial preparation.  Each of these demands are denied because (i) Defendant has

failed to exhaust his administrative remedies as to the request; and/or (ii) the accommodation is not constitutionally required.

Defendant has waived his right to court-appointed counsel, and he has knowingly invoked his statutory and Sixth Amendment right to represent himself. 28 U.S.C. § 1654; *Faretta v. California*, 422 U.S. 806 (1975). The Fifth Amendment Due Process Clause guarantees Defendant right of access to the court. *Storseth v. Spellman*, 654 F.2d 1349, 1352 (9th Cir. 1981). The Defendant's right of access, however, must be balanced against the legitimate security needs or resource constraints of the prison. *United States v. Robinson*, 913 F.2d 712, 717 (9th Cir. 1990), *cert. denied*, 498 U.S. 1104 (1991).

> c. *Demand that the computer terminals in the housing units to be re-configured to "enable email messaging so the inmates can communicate with their attorney, family and friends from the SHU;"*

Defendant makes no showing that he has exhausted his administrative remedies as to this request, nor does he establish that any inability to email his standby counsel, family or friends while in the Special Housing Unit – a result of Defendant's own conduct – is constitutionally inadequate. The Government has previously explained, in great detail, all of the constitutionally adequate access Defendant has to the Court and his standby counsel while in the SHU. *See e.g.*, ECF No. 228-1. This request is denied accordingly.

> g. *Demand to "allow the undersigned's paralegal to visit without the standby attorney;"*

6

Defendant makes no showing that he has exhausted his administrative remedies as to this request, nor does he establish that the Court's prior order denying him funds for a legal secretary is legal incorrect.  ECF No. 293.  This request is therefore denied.

> q. *Demand for an "Order [to] the standby attorney to send the [46 CDs returned to the defendant];"*
>
> r. *Demand for an "Order [to] the standby attorney to bring the disc which was designated to have contraband on it to view it with the undersigned in the visiting room;"*

The Government seized 46 CDs in connection with the Defendant's arrest in Florida.  The Government returned those CD's to standby counsel, notifying standby counsel that one of the CD's contained pornography.  Defendant does not argue that the CD's contain any information relevant to his case, and thus the Court directs Defendant to exhaust his administrative remedies as to these two issues.

> u. *Demand for "full access to all of his legal bins and legal files in order to peruse and go through the plethora of documents to select which documents the undersigned will submit as exhibits and evidence at trial;"*
>
> w. *Demand for "the undersigned to be able to request the SHU and be provided all day access to his e-discovery discs, legal bins, expanding legal files, email, phone calls, mp3 player, commissary and radio;"*
>
> y. *Demand for a space at the FDC for the defendant to use "as an office to get prepared for trial as to not interfere with the time other inmates need to use the law library in the SHU to view their discovery and do their legal research;"*

Each of these requests concern Defendant's ability to adequately prepare for trial.  As set forth in the Government's Opposition, Defendant's accommodations and ability to prepare for trial are more than constitutionally adequate.  The Defendant has access to a private Attorney Visitation room to meet with his counsel, as needed.  Two of the Attorney Visitation rooms have an e-discovery terminal in them.  The FDC has also provided the Defendant with access to the private Attorney Visitation rooms upon request, to access certain hard drives containing forensic images of seized devices.  The defendant also has daily access to a semi-private law library in his housing unit, and to the semi-private Education Department office up to three hours per week.  The Education Department office contains an e-discovery terminal.  The defendant also has daily access to an e-discovery terminal, albeit on the public main floor of the housing unit.  While in the SHU, the defendant also access to a law library, e-discovery terminal, and to one bin of his legal materials.  The Court finds that these accommodations are constitutionally adequate and denies these requests.

> z.   *Demand for an explanation from the FDC "why they previously provided a pro se inmate with an office that had an e-discovery computer, Lexis Nexis terminal, printer, fax and phone to adequately prepare for trial but continue to deny the undersigned the same courtesy;"*

Defendant's request for an explanation from FDC regarding his conditions of confinement must be administratively exhausted, and the Court denies it accordingly.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 12, 2019.

Kenneth J. Mansfield
United States Magistrate Judge

*United States v. Williams*, Crim. No. 17-00101 LEK; Order Denying Defendant's Eleventh Motion for Order to Show Cause