# MINUTE ORDER

CASE NUMBER:    CRIMINAL NO. 17-00101-LEK

CASE NAME:    USA vs. (1) Anthony T. Williams,

JUDGE:    Leslie E. Kobayashi

DATE:    11/20/2019

COURT ACTION:  **EO: ORDER DENYING DEFENDANT'S "MOTION FOR GOVERNMENT TO PROVIDE EVIDENCE THAT ANYONE WHO HAS PASSED THE BACKGROUND CHECK TO VISIT PRIVATE ATTORNEY GENERAL ANTHONY WILLIAMS IS A SECURITY RISK OR CONCERN," FILED 11/12/19**

On November 12, 2019, pro se Defendant Anthony T. Williams ("Williams") filed his "Motion for Government to Provide Evidence that Anyone Who Has Passed the Background Check to Visit Private Attorney General Anthony Williams Is a Security Risk or Concern" ("11/12 Motion"). [Dkt. no. 638.] Williams contends his acquaintance, Ms. Rosy Thomas, was previously permitted to visit him at Federal Detention Center-Honolulu ("FDC-Honolulu"), a Federal Bureau of Prisons facility, but has since been denied entry as a visitor and was told it was because she is a security concern. Williams seeks the following relief: "The undersigned demands that the government be ordered to provide documented evidence and proof that Ms. Thomas is a security concern to deny her visitation with the undersigned, when she had previously been approved and was visiting without incident." [11/12 Motion, Decl. of Counsel, Exh. A at 3.]

First, Williams is incarcerated, serving sentence imposed in Florida. See Order Granting Government's Motion to Detain Def. Without Bail, filed 4/6/18 (dkt. no. 189), at 2. Curtailment of his freedom of association is consistent with incarceration. See Overton v. Bazzetta, 539 U.S. 126, 131 (2003) ("The very object of imprisonment is confinement. Many of the liberties and privileges enjoyed by other citizens must be surrendered by the prisoner."). More importantly, Williams has not shown how the alleged prison procedure (that is, denying visitation with Ms. Thomas) serves no penological goal. See Turner v. Safley, 482 U.S. 78, 89 (1987) (explaining that, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests"); Friedman v. Arizona, 912 F.2d 328, 331-33 (9th Cir. 1990) (analyzing whether prison regulation served a legitimate penological interest). The Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, et seq., "mandates a stricter standard of review for

prison regulations that burden the free exercise of religion than the reasonableness standard under Turner." Shakur v. Schriro, 514 F.3d 878, 888 (9th Cir. 2008). Williams states Ms. Thomas has "ministerial credentials that were verified by Chaplain Uraski." [11/12 Motion, Decl. of Counsel, Exh. A at 2.] However, because Williams has not established that Ms. Thomas's exclusion from FDC-Honolulu as created a substantial burden on the free exercise of his religion, RLUIPA's higher standard of review does not apply. See Shakur, 514 F.3d at 889 ("Once the plaintiff establishes that the challenged . . . action substantially burdens his religious exercise, the government bears the burden of establishing that the regulation serves a compelling government interest and is the least restrictive means of achieving that interest.").

Second, Williams's disagreement with the prison procedure must be grieved administratively. See 42 U.S.C. § 1997e(a). Thus, Williams is required to properly exhaust his administrative grievance process. See Woodford v. Ngo, 548 U.S. 81, 84-85 (2006). He has not.

For the foregoing reasons, the 11/12 Motion is HEREBY DENIED.

IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager