KENJI M. PRICE  #10523
United States Attorney
District of Hawaii

KENNETH M. SORENSON
GREGG PARIS YATES  #8225
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
E-Mail:       gregg.yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 17-00101 LEK |
| | ) |
| Plaintiff, | ) GOVERNMENT'S RESPONSE TO THE |
| | ) DEFENDANT'S "MOTION FOR THE |
| vs. | ) GOVERNMENT TO STOP |
| | ) WITHHOLDING DISCOVERY |
| ANTHONY T. WILLIAMS   (1), | ) MATERIAL AND PROVIDE PRIVATE |
| | ) ATTORNEY GENERAL ANTHONY |
| Defendant. | ) WILLIAMS ALL DISCOVERY DUE TO |
| | ) HIM;" CERTIFICATE OF SERVICE |
| | ) |

GOVERNMENT'S RESPONSE TO THE DEFENDANT'S
"MOTION FOR THE GOVERNMENT TO STOP WITHHOLDING
DISCOVERY MATERIAL AND PROVIDE PRIVATE ATTORNEY
GENERAL ANTHONY WILLIAMS ALL DISCOVERY DUE TO HIM

Pursuant to the Order of this Court, dated November 20, 2019, ECF No. 649, the government respectfully submits this brief in response to Defendant Anthony

T. Williams's "Motion for the Government to Stop Withholding Discovery Material and Provide Private Attorney General Anthony Williams All Discovery Due to Him (Motion). ECF No. 644-2. The only document request in the Motion seeks law enforcement communications, which are subject to the requirements of the *Jencks* Act, 18 U.S.C. § 3500. Therefore, the Motion is premature and should be denied.

I. The Defendant's Claim That The Government Engaged In "Obstruction of Justice And Illegal Tactics To Obtain Discovery Material" Is Baseless And Moot

At the outset, the Motion claims that the Government "constantly acted in bad faith" by withholding evidence in connection with the Federal Bureau of Investigation's (FBI) investigation into the defendant's conduct in Florida, which investigation was concluded after the defendant was successfully prosecuted by the Broward County prosecutor's office. Motion Exh. A at 3, ECF No. 644-2. In particular, the Motion complains that the government engaged in discovery misconduct relating to forensic images of "numerous computers, cellphone, jump drives, hard drives and client files," which the FBI seized as part of a separate investigation in Florida, and which the FBI forensically imaged to facilitate searches for relevant documents or files that were later seized and produced in discovery. Motion Exh. A at 2-4.

The government disputes that the forensic images that the FBI used to search for files within the scope of its warrants represent discovery, or that the forensic images are "encrypted," as both the defendant and standby counsel, Lars Isaacson, have repeatedly represented to the Court.  Nonetheless, as the government has made the forensic images of the seized devices available to the defendant [ECF No. 537], and the defendant has retained his own forensic specialist to analyze the images [ECF Nos. 566, 581, the defendant's complaints are no longer at issue.

II.  The Defendant Is Not Entitled To All "Communications Between All The FBI Offices, U.S. Attorney's Offices, And Other Federal And State Agencies" At This Time

The Motion's sole demand for documents pertains to "all of the communication between all the FBI offices, U.S. Attorney[s'] Offices, and other Federal and State agencies." Motion Exh. A at 5-6.  At heart, the defendant's motion asks for affirmative discovery into the government's investigation and litigation preparation that is not subject to discovery at this time.

The Motion seeks documents and communications that are outside the limited scope of criminal discovery. *See United States v. $119,984*, 304 F.3d 165, 176 n.10 (2d Cir. 2002).  The limitations on criminal discovery exist to "prevent perjury and manufactured evidence, to protect potential witness[es] from harassment and intimidation, and to level the playing field between the government and the defendant, who would be shielded from certain discovery by the Fifth

Amendment."  *SEC v. Nicolas*, 569 F. Supp. 2d 1065, 1071-72 (C.D. Cal. 2008), *citing Campbell v. Eastland*, 307 F.2d 478, 487 n.12 (1962).

Fed. R. Crim. Proc. 16, as well as *United States v. Brady*, 397 U.S. 742 (1970), *United States v. Giglio*, 405 U.S. 150 (1972), and 18 U.S.C. § 3500, govern the government's discovery obligations.  Pursuant to these authorities, the government has provided a substantial volume of discovery to the defendant to date and the government has been in compliance with its discovery obligations.  With regard to communications "made by an attorney for the government or other government agent in connection with investigating or prosecuting the case," these communications are not subject to disclosure prior to trial.  Fed. R. Crim. Proc. 16(a)(2).

Should the government designate government agents to testify at trial, the government will supplement its prior production consistent with the *Jencks* Act, Title 18, United States Code, Section 3500 and the pretrial scheduling order from the Court.

//
//
//
//
//
//

## CONCLUSION

The government respectfully requests that the Court deny the Motion in its entirety.

DATED: November 27, 2019, at Honolulu, Hawaii.

>KENJI M. PRICE
>United States Attorney
>District of Hawaii
>
>
>By */s/ Gregg Paris Yates*
>   GREGG PARIS YATES
>   Assistant U.S. Attorney

CERTIFICATE OF SERVICE

      I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

Served Electronically through CM/ECF:

    Lars Isaacson, Esq.
    hawaii.defender@earthlink.net

    Attorney for Defendant
    ANTHONY T. WILLIAMS

Defendant to be served by First Class Mail:

    Anthony T. Williams
    Register No. 05963-122
    Inmate Mail
    FDC Honolulu
    PO Box 30080
    Honolulu, HI 96820

      DATED:  November 27, 2019, at Honolulu, Hawaii.

                              /s/ Melena Malunao
                              U.S. Attorney's Office
                              District of Hawaii