# MINUTE ORDER

| | |
|---|---|
| CASE NUMBER: | CRIMINAL NO. 17-00101-LEK (1) |
| CASE NAME: | United States of America v. Anthony T. Williams |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | DATE: | 11/27/2019 |

COURT ACTION:  EO: COURT ORDER DENYING DEFENDANT'S "MOTION IN OPPOSITION TO ORDER DENYING PRIVATE ATTORNEY GENERAL ANTHONY WILLIAMS SELECTIVE PROSECUTION MOTION"

      On August 8, 2019, this Court filed its EO: Court Order Denying Defendant's "Motion to Show Prosecutors Ronald G. Johnson and Gregg Paris Yates Engaged in Unlawful Selective Prosecution Against Private Attorney General Anthony Troy Williams" ("8/8/19 EO").  [Dkt. no. 542.]  On September 3, 2019, pro se Defendant Anthony T. Williams ("Defendant") filed his "Motion in Opposition to Order Denying Private Attorney General Anthony Williams Selective Prosecution Motion," [dkt. no. 570,] which is CONSTRUED as his motion for reconsideration of the 8/8/19 EO ("Motion for Reconsideration").  Plaintiff the United States of America filed its response to the Motion for Reconsideration on September 17, 2019.  [Dkt. no. 582.]  The Court has considered the Motion for Reconsideration as a nonhearing motion, pursuant to Local Rule 7.1(d).

      This Court has previously stated:

> Although there is no rule in the Federal Rules of Criminal Procedure expressly authorizing the filing of motions for reconsideration, this district court has recognized that many courts – including the Ninth Circuit – allow motions for reconsideration to be filed in criminal cases.  See, e.g., United States v. Hee, Cr. No. 14-00826 SOM, 2015 WL 6510345, at *11 (D. Hawai`i Oct. 27, 2015) (listing cases).  "[M]otions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings."  Id.  (alteration in Hee) (citations and quotation marks omitted).  The 8/20/18 EO was a nondispositive order, and Local Rule 60.1 would govern a motion for reconsideration of a nondispositive order in a civil case.  Local Rule 60.1 states that such motions for reconsideration "may be brought only upon the following grounds: (a) Discovery of new material facts not previously available; (b) Intervening change in law; (c) Manifest error of law or fact."

[EO: Court Order Denying Def.'s "Motion for Reconsideration of Court's 8/21/18 Electronic Order Re: 'United States's Motion to Extend the Deadline to Respond to Defendant's Motion to Dismiss,'" filed 10/1/18 (dkt. no. 329) ("10/1/18 EO"), at 2 (alteration in 10/1/18 EO).]

The Motion for Reconsideration argues the 8/8/19 EO required Defendant to present "a written or oral confession from the prosecutors that the prosecution was based on an impermissible motive" in order to prove his allegation of selective prosecution. [Motion for Reconsideration, Decl., of Counsel, Exh. A at 1 of 3.] Defendant merely disagrees with the Court's analysis of the evidence he presented and the ultimate conclusion that the evidence did not constitute "'clear evidence'" of selective prosecution. See 8/8/19 EO at 2 (quoting United States v. Sutcliffe, 505 F.3d 944, 954 (9th Cir. 2007)). As this Court has previously stated, Defendant's "[m]ere disagreement with a previous order is an insufficient basis for reconsideration." See Order Denying Def.'s Motion for Reconsideration, filed 2/28/19 (dkt. no. 431), at 8 (citations and quotation marks omitted).

Defendant's Motion for Reconsideration does not identify any newly available evidence or intervening change in the law. Further, Defendant has not established any manifest error of law or fact in the 8/8/19 EO. Defendant's Motion for Reconsideration is therefore DENIED.

IT IS SO ORDERED.


Submitted by: Agalelei Elkington, Courtroom Manager