KENJI M. PRICE  #10523
United States Attorney
District of Hawaii

KENNETH M. SORENSON
GREGG PARIS YATES  #8225
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
E-Mail:     gregg.yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) CR. NO. 17-00101 LEK |
|---|---|
|  | ) |
| Plaintiff, | ) GOVERNMENT'S RESPONSE TO THE |
|  | ) DEFENDANT'S "MANDATORY |
| vs. | ) JUDICIAL NOTICE;" CERTIFICATE |
|  | ) OF SERVICE |
| ANTHONY T. WILLIAMS   (1), | ) |
|  | ) |
| Defendant. | ) |
|  | ) |
|  | ) |

GOVERNMENT'S RESPONSE TO THE
DEFENDANT'S "MANDATORY JUDICIAL NOTICE"

The government respectfully submits this brief in response to Defendant

Anthony T. Williams's "Mandatory Judicial Notice" (Motion).  ECF No. 639-2.

The Motion represents the defendant's sixth request to the Court to take judicial

notice of certain facts. *See* ECF Nos. 176, 178, 221, 271, and 498. The Court has denied the defendant's five previous requests. ECF Nos. 336, 227, 547. The Motion should be denied because the matters of which the defendant seeks judicial notice are properly for the jury to decide at trial.

Courts may judicially notice facts that are not subject to reasonable dispute. Fed. R. Evid. 201(b). A fact is not subject to reasonable dispute if "it is either generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* "[A] high degree of indisputability is the essential prerequisite to taking judicial notice of adjudicative facts." *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1151 (9th Cir. 2005). "Because the effect of judicial notice is to deprive a party of an opportunity to use rebuttal evidence, cross-examination, and argument to attach contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b)." *Id.* (quoting *Wright v. Brooke Grp.*, 114 F.Supp. 797, 816 (N.D. Iowa 2000)).

The Motion asks this Court to take judicial notice of eight (8) propositions. The defendant has previously asked this Court to take judicial notice of propositions similar to three of these eight propositions in the Motion:

- *Compare* Motion Exh. A at 2 ¶1 ("No clients or consumers . . . ever made a complaint against Private Attorney General (PAG) Anthony Williams. . ."), *with* Sworn Motion Establishing Undisputed Facts and Request

2

    for Judicial Notice Exh. A (First Mot. Judicial Notice), ECF No. 176-2 at 28 ¶ 275 ("The U.S. Attorney failed to mention in the indictment that none of the homeowners referred to . . . made a complaint against the Affiant . . .");

- *Compare* Motion Exh. A at 2 ¶ 3 ("No other FBI office in all the other states prosecuted the business of PAG Anthony Williams . . ."), *with* Second Request for Mandatory Judicial Notice Exh. A at 1 ¶1, ECF No. 178 ("No charges ever filed against the undersigned nor his companies . . . .");

- *Compare* Motion Exh. A at 2 ¶4 ("PAG Anthony Williams is in fact recognized as a Private Attorney General by the FBI, US Marshals, TSA and Honolulu Fire Department."), *with* First Mot. Judicial Notice Exh. A at 31 ¶ 300 ("Affiant is a Private Attorney General with his own Private Attorney General ID that has been recognized and accepted by the FBI, U.S. Marshals Service and TSA.").

    The Court has denied each of these requests for judicial notice. Order Denying Defendant's: [176] Sworn Motion Establishing Undisputed Facts and Request for Judicial Notice; [178] Second Request for Mandatory Judicial Notice; and [221] Third Request for Mandatory Judicial Notice 3 (Judicial Notice Order), ECF No. 336.

    None of the eight propositions in the Motion are proper subjects of judicial notice. For instance, the defendant asks that the Court take judicial notice of the fact that "he has not violated the rights of anyone which would constitute a crime." Motion Exh. A at 2, ECF No. 639-2. Similarly, the defendant makes broad characterizations of the nature or purpose of the government and the FBI. *See,*

*e.g.*, Motion Exh. A at 3, ECF No. 639-2 ("The FBI is a racist organization . . . ;" "The Government has one stated purpose and that is the protection of individual rights."). Here, the "[d]efendant is attempting to get the Court to accept as true and undisputed Defendant's version of facts, which is inappropriate for judicial notice." Judicial Notice Order 3, ECF No. 336.

Finally, the remaining proposition, "[t]he US Attorneys nor any judges in Hawaii have an oath of office filed," Motion Exh. A at 3, and its very premise, are disputed and are unsuitable for judicial notice. *See, e.g.*, Order Denying Motion to Disqualify Ronald G. Johnson and Gregg Paris Yates for Not Having An Oath Of Office Filed And For Not Having A Valid License To Practice Law, ECF No. 525 ("The Defendant's arguments are baseless—Mr. Yates is appropriately qualified to represent the Government in this matter.")

## CONCLUSION

The government respectfully requests that the Court deny the Motion.

DATED: November 29, 2019, at Honolulu, Hawaii.

        KENJI M. PRICE
        United States Attorney
        District of Hawaii

        By */s/ Gregg Paris Yates*
          GREGG PARIS YATES
          Assistant U.S. Attorney

4

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

Served Electronically through CM/ECF:

    Lars Isaacson, Esq.
    hawaii.defender@earthlink.net

    Attorney for Defendant
    ANTHONY T. WILLIAMS

Defendant to be served by First Class Mail:

    Anthony T. Williams
    Register No. 05963-122
    Inmate Mail
    FDC Honolulu
    PO Box 30080
    Honolulu, HI 96820

DATED: November 29, 2019, at Honolulu, Hawaii.

                                                    /s/ Melena Malunao
                                                    U.S. Attorney's Office
                                                    District of Hawaii