Anthony Williams
Private Attorney General
P.O. Box 30080
Honolulu, HI 96820
cc. LEK, copy mailed to tiler 12/9/19

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 0 6 2019

at ⁔11 o'clock and 07 min. A M
SUE BEITIA, CLERK ᴸˢ

ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA<br>(Federal Corporation, 28 USC 3002, 15(a))<br>Erroneous Plaintiff) | CASE NO. 17-00101 LEK |
| VS. | PRIVATE ATTORNEY GENERAL Anthony Williams MOTION CHALLENGING COMPLIANCE WITH GRAND JURY SELECTION PROCEDURES; STATEMENT OF THE FACTS, DECLARATION OF Anthony Williams; CERTIFICATE OF SERVICE |
| ANTHONY T. WILLIAMS<br>(Legal Fiction)<br>Defendant. | |

PRIVATE ATTORNEY GENERAL Anthony Williams'
MOTION CHALLENGING COMPLIANCE WITH
GRAND JURY SELECTION PROCEDURES

Received By Mail
Date 12/6/19 LS

PRIVATE ATTORNEY GENERAL Anthony Williams
MOTION CHALLENGING COMPLIANCE WITH
GRAND JURY SELECTION PROCEDURES

Private Attorney General Anthony Williams, a servant of Yahweh Elohim Yahshua, submits this Motion Challenging Compliance with Grand Jury Selection Procedures and asserts that the government was not in compliance with grand jury procedures and the undersigned therefore moves for dismissal of the indictment. In support of this motion the undersigned states the following facts.

I. SUBSTANTIAL FAILURE TO COMPLY WITH GRAND JURY SELECTION PROCEDURES

1. Pursuant to Rule 6(a) of the Federal Rules of Criminal Procedure it provides; "The Court shall order one or more grand juries to be summoned as the public interest requires." Empanelment should occur in open court unless extremely unusual circumstances require exclusion of the public. Either party can challenge the legal authority of a grand jury if the jurors were not legally qualified or properly selected.

2. There is no record of a grand jury being properly empaneled in this case. A grand jury consist of 23 members and in order for the transaction of business to occur, a quorum must be present consisting of 16 of the 23 members of the grand jury. If fewer than this number is present, even for a moment, the proceedings of the grand jury must stop. Twelve or more jurors must vote in favor of the proposed indictment, and if fewer than twelve (12) vote in favor, the result is called a "no true bill" or a "no bill".

3. The government has not provided any records to the defense or on the record that a proper quorum was empaneled and that at least twelve (12) jurors voted in favor of the indictment.

4. The undersigned asserts that there were no African-Americans on the grand jury nor any Hebrew Israelites which were excluded intentionally on the basis of their color and religion which violates grand jury procedures. 28 USC 1867 (e) states," The procedures prescribed by this section <u>shall be the exclusive</u> means by which a person accused of a federal crime, the Attorney General of the United States or a party in a civil case <u>may challenge any jury</u> on the ground that such jury was <u>not</u> <u>selected in conformity with the provisions of this title</u>. Nothing in this section shall preclude any person or the United States from pursuing any other remedy, civil or criminal, which may be available for the vindication or enforcement of any law prohibiting discrimination on account of race, color, religion, sex, national origin or economic status in the selection of persons for service on grand or petit juries."

## II. TESTIMONY OF JURY COMMISSIONER OR CLERK AND THEIR RECORDS

5. The undersigned is entitled to be provided with the testimony of the jury commissioner or clerk in order to support this motion or any other motion filed under 28 USC 1867 subsections (a)(b)(c). Subsection (d) provides that "upon motion filed under subsection (a), (b), or (c) of this section, containing a sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of this title, the <u>moving party</u> <u>shall be entitled to present in support of such motion the testimony</u> <u>of the jury commission or clerk</u>, if available, any relevant records and papers not public or otherwise available used by the jury commissioner or clerk, and any other relevant evidence. If the court determines that there has been a substantial failure to comply with the provisions of this title in selecting the grand jury, the court shall stay the proceedings pending the selection of a grand jury in conformity with this title or <u>dismiss the indictment</u>,

4

whichever is appropriate. If the court determines that there has been a substantial failure to comply with the provisions of this title in selecting the petit jury, the court shall stay the proceedings pending the selection of a petit jury in conformity with this title.

6. To show forth that the grand jury was not in compliance with selection procedures, the undersigned is entitled to inspect, reproduce and copy any and all of the records of the jury commissioner or clerk pursuant to 28 USC 1867 subsection (F) which states, "The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, <u>except</u> pursuant to the district court plan or as <u>may be necessary in the preparation or presentation of a motion under subsection (a), (b), or (c)</u> of this section, until after the master jury wheel has been emptied and refilled pursuant to Section 1863 (b)(4) of this title and all persons selected to serve as jurors before the master wheel was emptied have completed service. <u>The parties in a case shall be allowed to inspect, reproduce and copy such records or papers</u> at all reasonable times during the preparation and pendency of such a motion. Any person who discloses the contents of any record or paper in violation of this subsection may be fined not more than $1,000 or imprisoned not more than one year, or both."

III. REMEDIES FOR NON-COMPLIANCE WITH SELECTION PROCEDURES

7. Because of the role that a grand jury has as a buffer for the people from malicious and unlawful prosecutions by pettifoggers Congress inserted certain provisions to protect the accused when the grand jury selection procedures have been violated.

8. Congress have afforded the accused two remedies when the grand jury selection procedures have not been complied with and these remedies are not up to the discretion of the court to disregard them.

9. Pursuant to 28 USC § 1867 (a) the law states, "In criminal cases, before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, the <u>defendant may MOVE TO DISMISS THE INDICTMENT</u> or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury.

CONCLUSION

   Based upon the foregoing facts the undersigned is entitled to inspect, reproduce and copy the records of the jury commissioner or clerk in order that the undersigned may present these records or lack thereof to dismiss this case upon motion of the undersigned with the attached sworn statement of facts.
   WHEREFORE, the undersigned moves to have an order issued for the undersigned to be given access to all the records of the jury commissioner or clerk in order to submit the proper Motion To Dismiss.
   Executed this 28th day of November 2019.

Righteously submitted,

Anthony Williams
Anthony Williams
Private Attorney General
Counsel to the Poor (Psalms 14:6)
Common Law Counsel (28 USC 1654, First Judiciary Act of 1789, § 35)

   "For I know how many are your offenses and how great your sins. You oppress the righteous and take bribes and you deprive the poor of justice in the courts."
                                          Amos 5:12

6

# SWORN STATEMENT OF FACTS

## DECLARATION OF Anthony Williams

I, Anthony Williams, do declare, depose and state that under the penalty of law, this Sworn Statement of Facts is true, correct and complete to the best of my knowledge and information and belief.

1. Declarant is not in receipt of any documentation from the prosecutors office that a grand jury was properly empaneled according to the law.

2. Declarant is not in receipt of any records that there was a proper quorum of at least 16 persons to empanel the jury for the proceeding to proceed.

3. Declarant is not in receipt of any records that there were at least 12 votes in favor of the superseding indictment.

4. Declarant is not in receipt of any records of the minutes that a grand jury was even empaneled to issue an indictment.

5. Declarant is not in receipt of any records that at least one African-American or Hebrew Israelite was on the grand jury.

6. Declarant is not in receipt of any records that the empanelment occured in open court to the public as required by law.

7. Declarant is not in receipt of any documents or records which show that the empanelment was in compliance with selection procedures.

8. Declarant has not been able to inspect the records of the jury commissioner or clerk pursuant to 28 USC 1867 (F).

9. Declarant believes his rights have been violated because a grand jury was not properly empaneled to issue an indictment.

10. Declarant asserts pursuant to 28 USC § 1867(a), the superseding indictment must dismissed upon a Motion TO Dismiss filed by declarant.

Executed from Fall... ...8th day of November 2018                7

Further Declarant sayeth naught.

*(signature)*
Declarant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing
was furnished by U.S. Mail to the following pettifoggers.

US ATTORNEYS OFFICE
Gregg Paris Yates
Kenneth M. Sorenson
KKK Federal Bldg
300 Ala Moana Blvd, Rm 6-100
Honolulu, HI 96850 .

on the __28th__ day of __November__ 2019.

*(signature)*