# MINUTE ORDER

| | |
|---|---|
| CASE NUMBER: | CRIMINAL NO. 17-00101-1 LEK |
| CASE NAME: | United States of America v. Anthony T. Williams |
| JUDGE: Leslie E. Kobayashi | DATE:       12/9/2019 |

COURT ACTION:  EO: COURT ORDER DENYING DEFENDANT'S MOTION TO VIEW UNENCRYPTED HARD DRIVES AT THE FDC

     Before the Court is pro se Defendant Anthony T. Williams's ("Defendant") "Motion to View Unencrypted Hard Drives at the FDC" ("Motion"), filed on December 2, 2019.  [Dkt. no. 687.]  Defendant's Motion is CONSTRUED as a motion for reconsideration of: 1) the Court's oral rulings, made on November 19, 2019, regarding Defendant's viewing of materials that cannot be brought into the Federal Detention Center - Honolulu ("FDC Honolulu"); [Minutes, filed 11/19/19 (dkt. no. 647);] and 2) the November 25, 2019 entering order ("EO") setting for the procedures for Defendant to review those materials at a location within either the Prince Jonah Kalanianaole Kuhio Federal Building or the United States Courthouse, [dkt. no. 655].  The oral rulings and the EO will be referred to collectively as the "Restricted Discovery Rulings."

     The Court finds that: the Motion is suitable for disposition without a hearing pursuant to Local Rule 7.1(d); and it is not necessary for Plaintiff the United States of America ("the Government") to file a response to the Motion.  The standard applicable to motions for reconsideration in this case has been set forth in multiple previous orders and will not be repeated here.  See, e.g., EO: Court Order Denying Def.'s "Motion in Opposition to Order Denying Private Attorney General Anthony Williams Selective Prosecution Motion," filed 11/27/19 (dkt. no. 667), at 1-2 (quoting EO: Court Order Denying Def.'s "Motion for Reconsideration of Court's 8/21/18 Electronic Order Re: 'United States's Motion to Extend the Deadline to Respond to Defendant's Motion to Dismiss,'" filed 10/1/18 (dkt. no. 329), at 2.

     Defendant's Motion essentially asks this Court to reconsider the Restricted Discovery Rulings because he believes that the materials the Court has described as restricted discovery are permitted to be brought into, and viewed at, FDC Honolulu.  Thus, Defendant argues he should not be required to be transported to the federal building or courthouse to view the materials.  Defendant's stand-by counsel, Lars Isaacson, Esq., has represented that some of the materials contained on the hard drives at issue in the Motion cannot be brought into FDC Honolulu because they are prohibited by Federal Bureau of Prisons regulations.  This Court has accepted Mr. Isaacson's representations and has made rulings establishing the manner in which Defendant is to view those

materials.  Defendant merely disagrees with the Court's rulings, and his "[m]ere disagreement with a previous order is an insufficient basis for reconsideration." See Order Denying Def.'s Motion for Reconsideration, filed 2/28/19 (dkt. no. 431), at 8 (citations and quotation marks omitted).

In short, the law compels the Government to produce the restricted discovery to Defendant.  The law does not compel Defendant to review it.  If Defendant wishes to give up his review of the restricted discovery, nothing prevents him from doing so.

Defendant's Motion does not identify any newly available evidence or intervening change in the law.  Further, Defendant has not established any manifest error of law or fact in the Restricted Discovery Rulings.  Defendant's Motion is therefore DENIED.

IT IS SO ORDERED.


Submitted by: Agalelei Elkington, Courtroom Manager