# MINUTE ORDER

CASE NUMBER:     CRIMINAL NO. 17-00101-1 LEK

CASE NAME:       United States of America v. Anthony T. Williams

JUDGE:   Leslie E. Kobayashi        DATE:        12/10/2019

COURT ACTION:  EO: COURT ORDER DENYING DEFENDANT'S MOTION FILED ON DECEMBER 6, 2019

     On December 6, 2019, pro se Defendant Anthony T. Williams ("Defendant") filed "Private Attorney General Anthony Williams' Motion Challenging Compliance with Grand Jury Selection Procedures ("Motion"). [Dkt. no. 694.]  The Court finds that: the Motion is suitable for disposition without a hearing pursuant to Local Rule 7.1(c); and it is not necessary for Plaintiff the United States of America ("the Government") to file a response.

     At an August 27, 2019 status conference, which Defendant attended, the parties were informed that all motions were due by November 22, 2019.  [Minutes, filed 8/27/19 (dkt. no. 566), at 1.]  Defendant filed numerous motions on or before that date.  See, e.g., dkt. nos. 569, 570, 579, 598, 599, 614, 633, 638, 639, 644, 645, 651, 652, 653.  In addition, Defendant filed three other motions on December 2, 2019 that he signed on either November 22 or November 23 and submitted to Federal Bureau of Prisons ("BOP") officials to mail to Defendant's stand-by counsel for filing.  See dkt. nos. 686, 687, 688.  Those motions were deemed timely filed pursuant to the prison mailbox rule.  Cf. Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) ("A pro se prisoner's notice of appeal from the denial of a federal habeas petition is filed 'at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk.'" (alterations in Hernandez) (quoting Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379 (1988)).  Defendant was clearly aware of, and capable of complying with, the November 22, 2019 motions deadlines.

     The instant Motion, however, is dated November 29, 2019.  Even if the Motion was presented to BOP officials for mailing to this district court on that date, and deemed filed as of that date, it would still be untimely.  The Motion challenges the manner in which the grand jury that indicted Defendant was empaneled.  Because the original Indictment was filed on February 15, 2017, and the Superseding Indictment was filed on March 28, 2018, [dkt. nos. 1, 154,] Defendant had ample time to raise the arguments in the instant Motion prior to the November 22, 2019 motions deadline.  Defendant's Motion is therefore DENIED as untimely.

  Finally, even if the merits of the Motion were considered, the Motion would still be denied because Defendant has not established that he is entitled to inspect grand jury records pursuant to 28 U.S.C. § 1867(a) and (f).

  IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager