# MINUTE ORDER

CASE NUMBER:     CRIMINAL NO. 17-00101-1 LEK

CASE NAME:       United States of America v. Anthony T. Williams

JUDGE:   Leslie E. Kobayashi        DATE:        12/10/2019

COURT ACTION:  EO: COURT ORDER DENYING DEFENDANT'S "PRIVATE ATTORNEY GENERAL ANTHONY WILLIAMS EX PARTE REQUEST FOR TRANSPORT OF INCARCERATED PARTY"

    On November 22, 2019, pro se Defendant Anthony T. Williams ("Defendant") filed a document titled "Private Attorney General Anthony Williams Ex Parte Request for Transport of Incarcerated Party" ("Motion").  [Dkt. no. 651.]  The Court finds that: the Motion is suitable for disposition without a hearing pursuant to Local Rule 7.1(c); and it is not necessary for Plaintiff the United States of America ("the Government") to file a response to the Motion.

    The Motion seeks an order compelling Defendant's transport from the Federal Detention Center - Honolulu ("FDC Honolulu") to the office of his stand-by counsel, Lars Issacson, Esq., "at least twice a week," so that Defendant can make unmonitored telephone calls with the witnesses he intends to call at trial.  [Motion, Decl. of Counsel, Exh. A at 3 of 4.]

> The Sixth Amendment requires that an incarcerated pro se defendant be given "reasonable access to '. . . witnesses . . . to prepare a defense.'"  <u>United States v. Sarno</u>, 73 F.3d 1470, 1491 (9th Cir. 1995), quoting <u>Milton v. Morris</u>, 767 F.2d 1443, 1446 (9th Cir. 1985).  "The right of access is not unlimited, but must be balanced against the legitimate security needs or resource constraints of the prison."  <u>Id.</u>  In imposing restrictions on this access, the government "may not unreasonably hinder the defendant's efforts to prepare his own defense."  <u>Milton</u>, 767 F.2d at 1446–47.

<u>United States v. Brugnara</u>, 856 F.3d 1198, 1210 (9th Cir.), *cert. denied*, 138 S. Ct. 409 (2017).

    Defendant has made no showing that he is unable to contact his potential witnesses through traditional means of communication, such as making telephone calls and sending email messages from FDC Honolulu, or having potential witnesses who are on Oahu meet with Defendant during FDC Honolulu's standard visiting hours.  Nor has Defendant

shown that his communications with these potential witnesses are protected by any privilege.  Further, Defendant has obtained subpoenas for numerous witnesses, indicating that Defendant has not been unreasonably hindered in the preparation of his defense.  While Defendant may **prefer** to contact his potential witnesses from his stand-by counsel's office, the law only requires that Defendant be given **reasonable** access to witnesses.  Because Defendant has not established a denial of reasonable access, the Motion is DENIED.

      The denial is WITHOUT PREJUDICE to the filing of a new motion, if warranted by changed circumstances.

      IT IS SO ORDERED.


Submitted by: Agalelei Elkington, Courtroom Manager