# MINUTE ORDER

| | |
|---|---|
| CASE NUMBER: | CRIMINAL NO. 17-00101 LEK |
| CASE NAME: | United States v. Anthony T. Williams, et al. |

| | |
|---|---|
| JUDGE: | Leslie E. Kobayashi |
| DATE: | 12/30/2019 |

COURT ACTION:  EO:  COURT ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S FIRST MOTION IN LIMINE

On November 22, 2019, pro se Defendant Anthony T. Williams ("Defendant") filed "Private Attorney General Anthony Williams [sic] First Motion in Limine" ("MIL 1"). [Dkt. no. 653.]  The Court finds that: MIL 1 is suitable for disposition without a hearing pursuant to Local Rule 7.1(c); and it is not necessary for Plaintiff the United States of America ("the Government") to file a response.

The Court hereby rules on Defendant's requests in the MIL 1 as follows:

## I.   Paragraph 1

Defendant seeks a ruling that the Government's attorneys are prohibited "from lying to the jury that they have a license to practice law when they have no such license but merely a bar card and certificate of admission which state that they can practice in the courts as officers of the court." [MIL 1, Decl. of Counsel, Exh. A ("MIL 1 Mem.") at ¶ 1.]  Defendant previously raised this issue in a prior motion, which was denied by a magistrate judge. See Order Denying Def.'s Motion to Disqualify Ronald G. Johnson & Gregg Paris Yates for Not Having an Oath of Office Filed & for Not Having a Valid License to Practice Law, filed 7/25/19 (dkt. no. 532).]  The magistrate judge ruled that "Defendant's arguments are baseless – [Assistant United States Attorney ('AUSA')] Yates is appropriately qualified to represent the Government in this matter." [Id. at 1.] This Court agrees with the magistrate judge's finding as to AUSA Yates and makes the same finding as to AUSA Kenneth Sorenson.  Defendant's request in paragraph 1 is therefore DENIED.

## II.     Paragraphs 2 and 3

Defendant seeks a court order prohibiting the Government's attorneys from: "making any arguments that are not supported by facts presented in evidence"; and "offering their opinions [about Defendant] to the jury." [MIL 1 Mem. at ¶¶ 2-3.] If the Government makes such arguments during trial, Defendant must object at the appropriate time. This Court declines to assume that the Government will violate the Federal Rules of Evidence and/or other applicable law during trial. The requests in paragraphs 2 and 3 are therefore DENIED.

## III.    Paragraphs 4, 5, and 7

Defendant seeks a court order prohibiting the Government from: A) "making erroneous statements such as [Defendant] is a sovereign citizen or fake attorney when [Defendant] is a Private Attorney General"; B) "referring to Mortgage Enterprise Investments documents as fraudulent when they are not"; and C) "referring to any of [Defendant's] clients as victims because none of the clients were dissatisfied with [Defendant's] services and never made a complaint against [Defendant] nor his company." [Id. at ¶¶ 4-5, 7.] These requests are DENIED because they are factual matters which are at issue in this case.

## IV.    Paragraph 6

Defendant seeks a court order prohibiting the Government "from implying or making any erroneous statements that [Defendant] committed mortgage fraud when [Defendant] is not being charged with mortgage fraud and never has been charged with mortgage fraud because there is nothing fraudulent about [Defendant's] mortgage or mortgage company." [Id. at ¶ 6.] This request is DENIED because Defendant can object at the appropriate time during trial. Further, Defendant has notice of the offenses he is charged with. See generally Superseding Indictment, filed 3/28/18 (dkt. no. 154) (charging Defendant with fifteen counts of wire fraud and seventeen counts of mail fraud).

## V.     Paragraph 8

Defendant seeks a court order prohibiting the Government "from blatantly lying to the jury" and "from even speaking to the jury or addressing the court," i.e. he wants the Government's attorneys "to remain mute." [MIL 1 Mem. at ¶ 8.] There is no legal basis for Defendant's request to prohibit the Government's attorneys from speaking. During trial, if Defendant believes a statement by a Government attorney is untrue, Defendant must object at the appropriate time. Defendant's requests in paragraph 8 are therefore DENIED.

### VI. <u>Paragraph 9</u>

Defendant seeks a court order prohibiting the Government "from submitting false or fabricated documents that haven't been authenticated and certified and verified as true." [Id. at ¶ 9.] All parties are cautioned that they must follow the Federal Rules of Evidence, including, but not limited to, the rules regarding the authentication of evidence. See Fed. R. Evid. 901. If any party fails to comply with the applicable rules and/or other legal authority, the opposing party may object at the appropriate time. Defendant's request in paragraph 9 is therefore DENIED.

### VII. <u>Paragraph 10</u>

Defendant seeks a court order prohibiting the Government "from striking all African-American, Samoan, Hawaiian, or Hispanics from the jurors using preemptory [sic] strikes." [MIL 1 Mem. at ¶ 10.] The Equal Protection Clause prohibits the use of "a peremptory challenge to remove a potential juror solely on the basis of the juror's gender, ethnic origin, or race." United States v. Martinez-Salazar, 528 U.S. 304, 315 (2000) (citations omitted). All parties in this case must follow this rule and other related legal authority. Any party that suspects another party has violated this rule must object at the appropriate time. Defendant's request in paragraph 10 is therefore DENIED.

### VIII. <u>Paragraphs 11, 12, and 14-16</u>

Defendant seeks a court order prohibiting the Government from:

A. "mentioning the complaints made against Henry Malinay, Edna Franco, Rowena Valdez and Hop Guinn and Mortgage Enterprise to make it appear as if these complaints had anything to do with [Defendant] when they did not"; [MIL 1 Mem. at ¶ 11;]

B. "implying that [Defendant's] unlawful conviction in Florida has any relevance to this unlawful prosecution"; [id. at ¶ 12;]

C. "mentioning, discussing or arguing about anything other than what in each of the email counts that were false, fraudulent or misrepresentations that would constitute wire fraud"; [id. at ¶ 14;]

D. "mentioning, discussing or arguing about anything other than what in each of the mail counts that were false, fraudulent or misrepresentations that would constitute mail fraud"; [id. at ¶ 15;]

E. "soliciting testimony from any expert witness that has nothing to do with the offenses [Defendant] is charged with," [id. at ¶ 16].

These requests are GRANTED insofar as evidence regarding these subjects will not be permitted if the evidence is irrelevant. See Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). These requests are DENIED insofar as evidence regarding these subjects will be permitted if the evidence is relevant and proper foundation is laid by the party presenting the evidence. Further, argument regarding evidence excluded as irrelevant will not be permitted, but argument regarding evidence admitted at trial will be permitted. Defendant's requests in paragraphs 11, 12, 14, 15, and 16 are therefore GRANTED IN PART AND DENIED IN PART.

## IX.     Paragraph 13

Defendant seeks a court order prohibiting the Government "from submitting hearsay testimony" and requiring "testimony from [percipient] witnesses who have personal first hand knowledge of when, where, how, and why the offenses of mail and wire fraud was committed and against whom was it committed against." [MIL 1 Mem. at ¶ 13.] This request is GRANTED insofar as testimony that is not permitted by the Federal Rules of Evidence and other applicable legal authority will not be permitted. See, e.g., Fed. R. Evid. 802 ("Hearsay is not admissible unless any of the following provides otherwise: • a federal statute; • these rules; or • other rules prescribed by the Supreme Court."). This request is DENIED insofar as testimony to which a hearsay exception applies will be allowed. See, e.g., Fed. R. Evid. 803, 804 (exceptions to the hearsay rule). Defendant's request in paragraph 13 is therefore GRANTED IN PART AND DENIED IN PART.

## X.      Paragraph 17

Defendant seeks a court order prohibiting the Government "from soliciting testimony from any expert witness who does not have first hand knowledge of the alleged offenses and in what way [Defendant] committed them and no first hand knowledge of the dates and times they were allegedly committed." [MIL 1 Mem. at ¶ 17.] However, an expert witness is permitted to rely on hearsay evidence in preparing his opinion. See, e.g., United States v. Bonelli, 665 F. App'x 593, 596 (9th Cir. 2016) (discussing Fed. R. Evid. 703). Defendant's request in paragraph 17 is therefore DENIED because the Government may present relevant expert witness testimony that is based upon relevant evidence, even if the evidence the expert relied upon would be considered hearsay if presented by the parties.

## XI.     Paragraph 18

Finally, Defendant seeks a court order prohibiting the Government "from not calling their listed witnesses as the prosecutors did in Florida." [MIL 1 Mem. at ¶ 18.] Defendant's request in paragraph 18 is DENIED because the Government has the burden to prove its case beyond a reasonable doubt and, to meet that burden, the Government can

choose how to present its case.  Cf. Old Chief v. United States, 519 U.S. 172, 186 (1997) ("the prosecution is entitled to prove its case by evidence of its own choice").

     IT IS SO ORDERED.

Submitted by:  LEK LC1