# MINUTE ORDER

CASE NUMBER:     CRIMINAL NO. 17-00101(01) LEK

CASE NAME:       United States v. Anthony T. Williams

JUDGE:   Leslie E. Kobayashi

DATE:    12/31/2019

**EO: ORDER DENYING DEFENDANT'S REQUEST FOR DISCOVERY, FILED DECEMBER 27, 2019 [DKT. NO. 736.]**

Pro se defendant Anthony T. Williams ("Williams") filed his Request for Discovery on December 27, 2019 ("Request"). [Dkt. no. 736.] The Court finds that: the Request is suitable for disposition without a hearing pursuant to Local Rule 7.1(c); and it is not necessary for Plaintiff United States of America ("the Government") to file a response. The Court rules as follows:

1. **Request for Discovery**

Williams seeks production of all Brady and Giglio material. [Request at 2.] The magistrate judge has already ordered a deadline of January 15, 2020 for the "production of evidence favorable to [Williams] on the issue of guilty or punishment, as requested by Brady v. Maryland, 373 U.S. 83 (1963)," as well as for "impeachment material, [including] cooperation agreements, . . . required by Giglio v United States, 405 U.S. 150 (1973) and it progeny." [Amended Report of Final Pretrial Conference Minutes and Order, filed 12/24/19 (dkt. no. 733), at ¶ 3.] Thus, Williams's request for such material is MOOT and therefore DENIED.

2. **Bill of Particulars**

Williams "also requests a copy of the Bill of Particulars with regard to his indictment and all facts attached to this supporting [sic] the indictment." [Request at 2.]

"The decision whether to grant a request for a bill of particulars is directed to the trial court's discretion." United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983) (citing Will v. United States, 389 U.S. 90, 99, 88 S. Ct. 269, 275–76, 19 L. Ed. 2d 305 (1967); Wong Tai v. United States, 273 U.S. 77, 82, 47 S. Ct. 300, 302, 71 L. Ed. 545 (1927)). Such determination involves consideration of whether the defendant has been advised of the charges against him or her:

> In determining if a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government. United States v. Giese, 597 F.2d 1170, 1180 (9th Cir.), *cert. denied*, 444 U.S. 979, 100 S. Ct. 480, 62 L. Ed. 2d 405 (1979). Full discovery will obviate the need for a bill of particulars. Id.; United States v. Clay, 476 F.2d 1211, 1215 (9th Cir. 1973). . . .

Id. Thus, a bill of particulars is not necessary in this case because the indictment apprises Williams of the specific charges against him. A Superseding Indictment was filed against Williams and others on March 28, 2018. [Dkt. no. 154.] This indictment contains the names of alleged co-conspirators, the approximate dates on which the alleged illegal conduct occurred, and the overt acts comprising the alleged illegal activity, including the use of the United States Postal Service mail as well as wire communications. See United States v. DiCesare, 765 F.2d 890, 897–98 (9th Cir.) (bill of particulars not warranted when defendant seeks to obtain co-conspirator names, exact dates, and overt acts), *amended on other grounds*, 777 F.2d 543 (9th Cir. 1985). Moreover, Williams's previous request for a bill of particulars as to the original Indictment was denied. [Motion for a Bill of Particulars, filed 9/29/17 (dkt. no. 39); EP: Final Pretrial Conference, Status Conference and Continued Hearing on the Motion for Bill of Particulars), filed 10/23/17 (dkt. no. 54), at 1.]

Here, the Government has provided extensive discovery to Williams in this case and this Court has accorded Williams accommodation to review discovery not permitted to be transported to him at Federal Detention Center Honolulu. See, e.g., EO: Court Order Directing the Government and United States Marshals Service Regarding Production of Defendant Williams to the Federal Building or Courthouse for the Purpose of Reviewing Discovery Not Permitted to Be Transported into FDC Honolulu, filed 11/25/19 (dkt. no. 655).

Accordingly, Williams's request for a bill of particulars is DENIED.

### 3. General Statement Regarding Due Process

The Court construes the portion of the Request referencing Due Process as a general reference and not a specific request requiring a ruling. See Request at 2-3.

For the foregoing reasons, Williams's Request is hereby DENIED.

**IT IS SO ORDERED.**

Submitted by: LEK LC1