KENJI M. PRICE  #10523
United States Attorney
District of Hawaii

KENNETH M. SORENSON
GREGG PARIS YATES  #8225
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
E-Mail:     Ken.Sorenson@usdoj.gov
            Gregg.Yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 17-00101 LEK |
| | ) |
| Plaintiff, | ) GOVERNMENT'S PRETRIAL MOTION |
| | ) TO VACATE WITNESS LIST |
| vs. | ) EXCHANGE DEADLINE; |
| | ) CERTIFICATE OF SERVICE |
| ANTHONY T. WILLIAMS  (1), | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

GOVERNMENT'S PRETRIAL MOTION TO
VACATE WITNESS LIST EXCHANGE DEADLINE

The government respectfully submits this Motion to vacate the deadline by which the parties must exchange witness lists.  On August 27, 2019, the court

initially set the date by which the parties must exchange witness lists at December 19, 2019. ECF No. 566. In its latest Order Continuing the Trial Date, December 6, 2019, the Court continued the trial date to February 3, 2020, and continued the deadline by which the parties must exchange witness lists to January 10, 2020. ECF No. 692.

For the reasons stated below, the government has significant concerns that the defendant intends to tamper with the witnesses whom the government will call to testify at trial. To address this likelihood, the government asks that the Court vacate the parties' January 10, 2020 deadline to identify their respective trial witnesses altogether, or, in the alternative, to continue this deadline to a date shortly or immediately before trial.

## BACKGROUND

### A. The Defendant Has a History Of Threatening Or Attempting To Intimidate Law Enforcement, The Prosecution Team, And Judges

The government's motion to detain documented threats made by the defendant in his previous prosecution. *See generally* Memorandum in Supp. Motion to Detain, ECF No. 34. The defendant was convicted in 2016 in the Circuit Court for Broward County, Florida of the unlicensed practice of law. At sentencing at that matter, the defendant exclaimed to those present that "You gonna pay for what you did, every last one of you." Motion to Detain 2, Exh. E at 7-8, ECF No. 34. He later wrote to his probation officer, "[i]f I don't get the

2

respect that I deserve from this day forward I and my law enforcement team will take it by force." *Id.* Exh. F, ECF No. 34.

The defendant also threatened or attempted to intimidate the prosecution team in this matter. Earlier in this matter, the undersigned attorney signed a letter pursuant to Fed. R. Crim. Proc. Rule 16(b)(1)(A) requesting reciprocal discovery from the defendant. Declaration of Gregg Paris Yates (Yates Decl.) ¶ 2. In a letter dated October 31, 2018, the defendant responded by "making a request that you send me the names of your spouse or significant other, what he or she does for a living, where they work at, how many children you have, if any their names and ages. . . ." Yates Decl. ¶ 2; Exhibit A at 2 (Oct. 31, 2018 Ltr from A. Williams to G. Yates). Later, the defendant added, "[b]y the way, I just found out where you live. Would you rather be served papers at your home or at your office, please let me know." *Id.*

Then, a year later, at the pretrial conference for this matter, on Monday, December 23, 2019, the defendant recited into the record in open court an address that he purported represented the undersigned attorney's home address, and asked for a Court order that it be confirmed. The request was denied.

//
//

> B. The Defendant Has Been Communicating Threats
>    And Instructions To Associates Outside The FDC

On September 13, 2019, the Bureau of Prisons intercepted an e-mail from the defendant to Antonyo Williams, apparently his son, which contained the following rap lyrics:

> Cause I talk the talk and walk the walk
> the prosecutors in my case gonna be laid up in chalk
> they violated these bitches even arrested my mother
> now I'm kill they whole family they'll never recover
> I tried to be peaceful but you wouldn't leave me alone
> Now I got no other choice but make ya bleed from ya dome
> I'll have your colleagues askin' why you got this n[****] started
> First you become a target then ya dearly departed
> . . .
> The Feds want a war then dammit let there be death
> I guarantee ya I'll be breathin' and the last one left
> . . .
> 21 gun salute to my troop my son that's a soldier
> . . .
> [He] got the skills to kill from the white man's army
> but they didn't know he was being trained just to arm me

Yates Decl. ¶ 3; Exhibit B (Sept. 13, 2019 E-mail from Anthony Williams to Antonyo Williams).

On October 21, 2019, the BOP intercepted an e-mail from the defendant to "sharonhickthurman" at gmail.com, which appeared to incite a campaign of public harassment of law enforcement officers, members of the prosecution team, and judges on this Court. Yates Decl. ¶ 4. In the e-mail, the defendant instructed the recipient to "expose all the people involved in my unlawful incarceration." *Id.*;

4

Exhibit C (Oct. 21, 2019 E-mail from A. Williams to "sharonhickthurman@gmail.com). The defendant then provided a list of fourteen names, including, among others, "Leslie Ann Kobayashi, pseudo Judge, Hawaii," "Kenneth J. Mansfield, pseudo Judge, Hawaii," "Wes Reber Porter, pseudo Judge, Hawaii," the FBI case agent on this matter, and the attorneys for the government. *Id.* The defendant's goal was to have "the pictures of these people" posted "all over youtube, facebook, Instagram so that people can put a name and a face to the corruption," and to have the recipient incite the public to "start writing letters to let them know what they have done and are doing is not going unnoticed. . . ." *Id.*

On November 19, 2019, the Court held a sealed hearing upon the motion of standby counsel Lars Isaacson, Esq. for an *in camera* status conference. The Court excused from the courtroom the counsel for the government as well as a woman in the gallery. Yates Decl. ¶ 5. Outside the courtroom, the woman approached the attorneys for the government and explained that she was an "investigative journalist," who was closely following Williams's case. *Id.* ¶ 6. The woman threatened the government attorneys that Williams would destroy their careers, and named someone whom the woman claimed had suffered that fate. *Id.* ¶ 8.

On December 3, 2019, the U.S. Attorney for the District of Hawaii received a letter addressed to him from someone named Rosy S. Esprecion, which attached handwritten letters written by the defendant. One of the letters, dated November

5

19, 2019, references the recorded mortgages of several judges of this Court. Yates Decl. ¶ 10; Exhibit D (Attachment to Dec. 3, 2019 Letter from R. Esprecion to K. Price). Enclosed with the letter were the public land records of property purportedly owned by District Judge Kobayashi, Magistrate Judges Kurren, Mansfield, and Porter, Asst. U.S. Attorney Kenneth Sorenson, and U.S. Attorney Kenji Price, and his own standby counsel, Lars Isaacson, Esq.

## ARGUMENT

I. The Court Has The Discretion Not To Order Pretrial Witness Disclosure

The Court has the inherent authority to manage its own docket and issue scheduling orders relating to trial. *United States v. Grace*, 526 F.3d 499, 512 (9th Cir. 2008). This authority includes the discretion to order parties to make pretrial disclosures of their witness lists. *Id.* at 513. However, the pretrial exchange of non-expert witness lists is not mandated by any authority. *Id.* at 510-11; *see, e.g.*, Fed. R. Crim. Proc. Rule 16 (a)(1)(G) (requiring government disclosure of expert witnesses); 18 U.S.C. § 3432 (requiring government disclosure of witness list in capital cases). Moreover, Rule 16(d)(1) permits this Court to enter such pretrial orders that "deny, restrict, or defer discovery or inspection, or grant other appropriate relief."

//

II.  **The Court Should Not Order Pretrial Disclosure Of Nonexpert Witnesses To Prevent The Defendant From <u>Tampering With Or Intimidating Government Witnesses</u>**

The Court should not require early pretrial disclosure of trial witnesses in this case because of the likelihood that the defendant will tamper with or attempt to intimidate the trial witnesses. The defendant is charged with a wire and mail fraud scheme and artifice to defraud homeowners and lenders and to obtain money for himself that would otherwise have been paid to the lenders or the mortgage servicers. As part of his scheme, the defendant targeted distressed homeowners in an immigrant community with limited English skills in the District of Hawaii. Some of these homeowners will be testifying at trial.

There is a likelihood that the defendant will tamper with or attempt to intimidate these former homeowner victims. The defendant has amply demonstrated his willingness and ability to attempt to intimidate the prosecution team. Moreover, although he is in pretrial detention, the defendant has been communicating with associates outside the FDC to act as his agents, to gather information at his request and to communicate on his behalf.

The homeowner victims are particularly susceptible to intimidation. These victims do not possess an advanced education background or strong English-language ability. The defendant consistently claims to be a "Private Attorney General," which connotes both legal expertise and law enforcement authority. The

7

defendant invoked this fictitious law enforcement authority in threats against his probation officer from Broward County, Florida.  Mot. Detain Exh. F ("If I don't get the respect that I deserve from this day forward I and my law enforcement team will take it by force").  Indeed, the defendant apparently created fake badge claiming that he was a "Private Attorney General" with a United States Seal that he has appended to his Court filings.  *See* Sworn Motion to Dismiss at Exh. B-1 p. 9 of 21, ECF No. 294-5.

It is also troubling that the defendant has sent the U.S. Attorney's Office copies of the records of title and mortgages for the judges of this Court, certain members of the prosecution team, and his own standby counsel.  Although these records are public, there is no reason for the defendant to obtain this information other than to harass these individuals.  The Superseding Indictment charges that, as part of the defendant's fraud scheme, he filed false UCC financing and mortgage documents to cloud title and the interest of the homeowner's lenders.  Moreover, there is no reason to forward these records to the U.S. Attorney's Office other than to threaten that the defendant intends to harass these individuals.

An admonition or an Order from this Court will not prevent the defendant from intimidating the witnesses.  A jury in the Circuit Court in Florida convicted the defendant of practicing law without a license, among other things, and the court

there included in his sentence a prohibition against referring to himself a private attorney general:

> No. 2, he's prohibited from calling himself a private attorney general, an attorney or implying in any way shape or form that he has any ability to practice law, or that he's a lawyer, or that he's qualified to represent anybody in any way shape or form in any type of legal proceeding whatsoever which would include going to court or representing somebody in any type of transactional – any type of transaction.

Mot. Detain Exh. F (Transcript, *State of Florida v. Anthony Williams*, No. 15-14566CF10A, 4:22-5:4 (Feb. 24, 2016)).  As this Court is aware, the defendant regularly defies this order in his appearances before this Court.

In light of the foregoing, the government respectfully requests that the Court vacate the January 10, 2020 deadline by which the government must disclose its witness list.  In the alternative, the government requests that the date of the witness list exchange be moved to as close to the trial date as possible to minimize the opportunity to tamper with or attempt to intimidate witnesses.

//
//
//
//
//
//

## CONCLUSION

The government respectfully requests that the Court grant this Motion.

DATED: December 31, 2019, at Honolulu, Hawaii.


> KENJI M. PRICE
> United States Attorney
> District of Hawaii
>
>
> By */s/ Gregg Paris Yates*
>    GREGG PARIS YATES
>    Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

Served Electronically through CM/ECF:

Lars Isaacson, Esq.
hawaii.defender@earthlink.net

Attorney for Defendant
ANTHONY T. WILLIAMS

Defendant to be served by First Class Mail:

Anthony T. Williams
Register No. 05963-122
Inmate Mail
FDC Honolulu
PO Box 30080
Honolulu, HI 96820

DATED: December 31, 2019, at Honolulu, Hawaii.

/s/ Melena Malunao
U.S. Attorney's Office
District of Hawaii