# MINUTE ORDER

CASE NUMBER:    CRIMINAL NO. 17-00101 - 1 LEK

CASE NAME:      USA vs. ANTHONY WILLIAMS

JUDGE:   Leslie E. Kobayashi          DATE:    1/6/2020

COURT ACTION:  EO: COURT ORDER DENYING DEFENDANT'S MOTION TO BE PROVIDED ACCESS TO AN UNMONITORED TELEPHONE OR TELEPHONE PROVIDED BY STANDBY COUNSEL

On December 20, 2019, pro se Defendant Anthony T. Williams ("Defendant"), through his stand-by counsel, filed his Motion to Be Provided Access to an Unmonitored Telephone or Telephone Provided by Standby Counsel ("Motion").  [Dkt. no. 720.]  The Court finds that: the Motion is suitable for disposition without a hearing pursuant to Local Rule 7.1(c); and it is not necessary for Plaintiff the United States of America to file a response to the Motion.

Defendant previously filed a motion arguing that he should be transported to his stand-by counsel's office on a regular basis so that he could make unmonitored telephone calls to his anticipated trial witnesses.  [Dkt. no. 651.]  In denying the motion, this Court noted the Sixth Amendment requires that a pro se defendant be allowed reasonable access to witnesses.  [EO: Court Order Denying Defendant's "Private Attorney General Anthony Williams ex Parte Request for Transport of Incarcerated Party," filed 12/10/19 (dkt. no. 705) ("12/10/19 EO"), at 1 (quoting United States v. Brugnara, 856 F.3d 1198, 1210 (9th Cir.), cert. denied, 138 S. Ct. 409 (2017)).]  The 12/10/19 EO stated: Defendant had not shown that he was unable to contact his potential witnesses through traditional means of communication; Defendant had not shown that any privilege applied to his communications with these potential witnesses; and the numerous subpoenas Defendant has obtained indicate that he has not been unreasonably hindered in his trial preparation. [Id. at 1-2.]

The instant Motion also argues Defendant needs to be able make unmonitored telephone calls with his potential witnesses in order to prepare adequately for trial. [Motion, Decl. of Counsel at ¶ 8.]  Because the instant Motion does not address the issues identified in the 12/10/19 EO, Defendant's Sixth Amendment argument is rejected.

The Motion is also based upon Defendant's First Amendment right to telephone access.  [Id. at ¶ 6 (quoting Strandberg v. City of Helena, 791 F.2d 744, 747 (9th Cir. 1986)).]  However, the Ninth Circuit has recognized that "[t]his right is 'subject to rational limitations in the face of legitimate security interests of the penal institution.'"

Strandberg, 791 F.2d at 747 (internal quotation marks and some citations omitted) (citing Bell v. Wolfish, 441 U.S. 520, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979)).  Because Defendant has not established that the Federal Detention Center - Honolulu's ("FDC Honolulu") denial of his request for access to an **unmonitored** telephone line is unreasonable, the Motion's First Amendment argument is rejected.

The Motion also invokes the Due Process clause and the Equal Protection clause of the Fourteenth Amendment.  [Motion at 2 (citing Gallagher v. City of Winlock, Wash., 287 F. App'x 568, 576 (9th Cir. 2008)).]  However, those provisions apply to the states, not to the federal government.  See U.S. Const. amend. XIV, § 1.  Even if the same or similar principles apply to FDC Honolulu and other similar institutions, Gallagher and the cases cited therein only "recognize[] that a detainee has a substantive due process right not to be held incommunicado."  Gallagher, 287 F. App'x at 576 (citing Halvorsen v. Baird, 146 F.3d 680, 690 (9th Cir. 1998)).  In the instant case, Defendant does not allege he is being held incommunicado; he merely challenges the manner in which he communicates with potential witnesses.  Further, Gallagher recognizes that Halvorsen "grant[s] flexibility to law enforcement officers to honor this right in a way that takes into account the logistical and security requirements of . . . confinement."  Gallagher, 287 F. App'x at 576 (some citations omitted) (citing Halvorsen, 146 F.3d at 689–90).  Because Defendant has not established that the FDC Honolulu's denial of his request for access to an unmonitored telephone line is unreasonable, the Motion's due process argument is rejected.

Finally, the Motion's equal protection argument is rejected because Defendant has not identified any individual or group that receives more favorable conditions than he does, *i.e.* anyone who FDC Honolulu or another similar institution allows to make unmonitored telephone calls.  Cf. Strandberg, 791 F.2d at 748 ("The demands of equal protection of the laws and of due process prevent unjustifiable confinement of detainees under worse conditions than convicted prisoners." (alterations, quotation marks, and citations omitted)).  Because Defendant has not identified any individual or group who receives more favorable treatment, it is not necessary to address the issue of whether the differential treatment is justified.

Defendant's Motion is therefore DENIED.

IT IS SO ORDERED.


Submitted by: Agalelei Elkington, Courtroom Manager