# MINUTE ORDER

CASE NUMBER:     CRIMINAL NO. 17-00101 LEK

CASE NAME:       USA vs. Anthony T. Williams

JUDGE: Leslie E. Kobayashi          DATE:     1/7/2020

COURT ACTION:  EO: COURT ORDER REGARDING RIGHT TO SELF-REPRESENTATION

Defendant Anthony T. Williams ("Defendant") has exercised his Sixth Amendment right to represent himself pro se. See Faretta v. California, 422 U.S. 806, 835-36 (1975). However, Defendant's right to represent himself is not absolute. See United States v. Brugnara, 856 F.3d 1198, 1212 (9th Cir. 2017). "The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." Faretta, 422 U.S. 806, 835 n.46 (1975). In Faretta, the United States Supreme Court recognized that "the trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct." Id. at 834 n.46 (citation omitted). In other words, "unduly disruptive" conduct by a pro se defendant is grounds to terminate his self-representation. Brugnara, 856 F.3d at 1212 (citing Faretta, 422 U.S. at 834 n.46, 95 S. Ct. 2525).

Unduly disruptive conduct includes, but is not limited to: "exhibit[ing] a blatant disregard for courtroom rules or protocol"; defying orders and instructions from the Court; and engaging in potentially dangerous behavior which requires that the defendant be restrained and/or removed from the courtroom. United States v. Johnson, 610 F.3d 1138, 1144 (9th Cir. 2010); see also United States v. Alexio, CR. NOS. 13-01017 JMS-BMK, 13-01018 JMS-BMK, 2016 WL 1559135, at *12 (D. Hawai`i Apr. 18, 2016). Such conduct "make[s] it impossible for the court to administer fair proceedings" and creates "a risk the trial will violate due process." Johnson, 610 F.3d 1138, 1144. It is constitutionally permissible for a court to address such conduct by: 1) restraining the defendant, but allowing him to remain in the courtroom; 2) citing him for contempt; and 3) removing him from the courtroom. United States v. Mack, 362 F.3d 597, 600 (9th Cir. 2004) (quoting Illinois v. Allen, 397 U.S. 337, 343-44, 90 S. Ct. 1057, 1061 (1970)). Although the defendant's removal from the courtroom cannot result in the deprivation of his ability to examine witnesses and present argument, id. at 601-03, stand-by counsel can be required to represent the defendant if the defendant's removal from the courtroom is required, Faretta, 422 U.S. at 835 n.46.

In this case, Defendant has acted inappropriately and aggressively toward law

enforcement agents, Plaintiff the United States of America's ("the Government") attorneys, and the judges of this district court by, for example:

- publicly disclosing what Defendant asserts are the home addresses of Government attorneys; see, e.g., Defendant's "PAG Anthony Williams Opposition to Government's Motion to Vacate Witness List," filed 1/6/20 (dkt. no. 748), Decl. of Counsel, Exh. A at 1 of 3;

- demanding that Government attorneys provide Defendant with personal information about the attorneys' families; see, e.g., Government's Pretrial Motion to Vacate Witness List Exchange Deadline, filed 12/31/19 (dkt. no. 741), decl. by Gregg Paris Yates ("Yates Decl."), Exh. A at 3 of 5;

- urging Defendant's associate to "expose all the people involved in [Defendant's] unlawful incarceration" by posting pictures of certain law enforcement agents, judges, and Government attorneys on various social media sites to "put a name and a face to the corruption"; [Yates Decl., Exh. C;] and

- referring to the Government's attorneys as "dickheads," and "pettifogger prosecutors," [Def.'s motion to continue, filed 1/6/20 (dkt. no. 750)].

Defendant is CAUTIONED that, if he continues to engage in unduly disruptive conduct, such as the type of behavior described above, his self-representation – *i.e.*, his pro se status – will be terminated, and his stand-by counsel will be required to represent Defendant until this Court determines it has received adequate assurances that Defendant will conduct himself appropriately if his pro se status is restored.

It is also noted that Defendant refused to appear at the court hearing on January 7, 2020, and this is not the first time Defendant he has done so. See, e.g., Minutes, filed 11/26/18 (dkt. no. 392), at 1 (noting Defendant was not present for the hearing on Defendant's motion for severance because he refused to be transported to the courthouse). Defendant is CAUTIONED that his refusal to appear at any court proceeding constitutes a waiver of his right to represent himself at that proceeding. See, e.g., Mathis v. Jones, Case No. 1:15cv130/WTH/CJK, 2017 WL 5633263, at *17 (N.D. Fla. June 19, 2017) (citing Faretta, 422 U.S. at 834 n.46, 95 S. Ct. 2525), *report and recommendation adopted*, 2017 WL 5632914 (Nov. 22, 2017). Should Defendant refuse to appear for another court proceeding, his stand-by counsel will be required to represent Defendant at that proceeding and Defendant's self-representation may be revoked.

IT IS ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager