KENJI M. PRICE  #10523
United States Attorney
District of Hawaii

KENNETH M. SORENSON
GREGG PARIS YATES  #8225
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
E-Mail:     gregg.yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) CR. NO. 17-00101 LEK |
|---|---|
| Plaintiff, | ) <br> ) GOVERNMENT'S RESPONSE TO THE <br> ) DEFENDANT'S "PRIVATE |
| vs. | ) ATTORNEY GENERAL ANTHONY <br> ) WILLIAMS DECLARATION" |
| ANTHONY T. WILLIAMS   (1), | ) PERTAINING TO THE <br> ) DISQUALIFICATION OF JUDGE |
| Defendant. | ) KOBAYASHI; CERTIFICATE OF <br> ) SERVICE <br> ) |

GOVERNMENT'S RESPONSE TO THE DEFENDANT'S "PRIVATE
ATTORNEY GENERAL ANTHONY WILLIAMS DECLARATION
PERTAINING TO THE DISQUALIFICATION OF JUDGE KOBAYASHI

Pursuant to the Order of this Court dated January 7, 2020, the government

respectfully submits this brief in response to Defendant Anthony T. Williams's

"Private Attorney General Anthony Williams Declaration That Leslie E. Kobayashi Is Not The Judge In This Case But A Prosecutor Working For The U.S. Attorney's Office Disguising Herself In A Black Robe" (Motion).  ECF No. 742.  The Court liberally construes the Motion as a request to disqualify the District Judge presiding over this matter.  EO, ECF No. 751.  The Motion represents the defendant's fourth request to disqualify a judge in this matter, and the third request to disqualify the presiding District Judge.

Title 28, United States Code, Section 144 precludes the defendant from filing this successive disqualification motion.  Moreover, the defendant's earlier effort to disqualify the District Judge has been fully litigated and decided, and may not be appealed until after final judgment.

## BACKGROUND

On April 26, 2018, Defendant filed a motion to disqualify the trial court judge, the Hon. Leslie E. Kobayashi, because Defendant alleged he "cannot have a fair trial in front of [her]."  Defendant's Motion for Disqualification of Judge Leslie Kobayashi (Df. Mot. Disqualification) Exh. A ¶ 1, ECF No. 241.

On April 27, 2018 the trial judge referred Defendant's motion for disqualification to another District Judge, Hon. Derrick K. Watson.  ECF No. 245.  On June 5, 2018, the Court denied Defendant's motion in an 11-page opinion and

order.  Order Denying Motion for Disqualification of Judge Leslie Kobayashi (June 5, 2018 Order), ECF No. 257.

On July 31, 2018, the defendant filed a "Motion to Appeal Order Denying Motion for Disqualification of Judge Leslie Kobayashi," together with 10 exhibits.  ECF No. 299.  The Court denied the defendant's appeal motion on September 28, 2018.  ECF No. 327.

## ARGUMENT

The Motion once again seeks to disqualify District Judge Leslie Kobayashi from this proceeding.  The Motion repeats the same allegations of bias or prejudice that the defendant made in his previous motions.  *Compare* Motion ¶ 1 ("[Judge] Kobayashi . . . has shown no semblance of jurisprudence, impartiality or fairness in any of her rulings."), ECF No. 742; *with* Mot. Disqualification Exh. A ¶ 2 ("Affiant reasonably believes that he cannot receive a fair trial because Judge Kobayashi has denied all motions submitted by Affiant . . . [and] "displayed prejudice and bias against the Affiant in favor of the prosecution . . . ."), ECF No. 241.  In addition, the defendant argues that Judge Kobayashi has demonstrated her bias recently through rulings upon his motions without requiring government responses.  Motion ¶¶ 4-8.  Moreover, the defendant argues that the Court's rulings upon the government's appeal of magistrate judge decision, ECF No. 310, and upon his motion for an evidentiary hearing on his motion to suppress, ECF No.

3

533, both of which decisions were adverse to him, demonstrate the Court's bias, and justify disqualification. *Id.* ¶¶ 9, 10.

The Motion should be denied because the defendant may not file a successive disqualification motion, even based upon new factual allegations. Title 28, United States Code, Section 144 governs motions to disqualify a judge:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Section 144, however, makes it clear that "[a] party may file only one such affidavit in any case." *See United States v. Torbert*, 496 F.2d 154, 157 (9th Cir. 1974) ("[T]he statute itself reconciles the dangers of abuse of successive challenges with the prophylactic need for disqualification by limiting a litigant to one affidavit of prejudice in a case – the potential prejudice of subsequent judges is left to be dealt with by the appellate process.").

Thus, section 144 bars repeated litigation of the disqualification issue. The defendant already filed a motion for disqualification once before in this case. Mot. Disqualification, ECF No. 241. Pursuant to Title 28, United States Code, Sections 144 and 455, that matter was referred to and decided by U.S. District Judge Derrick K. Watson. ECF No. 257. Because Section 144 limits a defendant to one

4

disqualification action in any case, the defendant is barred from moving to disqualify the presiding judge again, even in light of the defendant's purported new evidence of bias, which the defendant claims is demonstrated by recent unfavorable rulings.[1]

Moreover, the defendant may not appeal the Court's denial of his earlier disqualification motion.  As the Court succinctly ruled in its September 28, 2018 order, the June 5, 2018 Order was not an appealable final decision of the case.  Order Denying Defendant's Motion to Appeal Order Denying Motion for Disqualification of Judge Leslie Kobayashi (September 28, 2018 Order) at 1, ECF No. 327.  The Court further ruled that an interlocutory appeal was unavailable.  *Id.* at 1-2.  The same reasoning applies to deny the current Motion.  Moreover, reconsideration of the September 28, 2018 Order is not timely because the Motion was filed "more than fourteen (14) days after the court's written order is filed."  Local Rule 60.1 of the Rules of the U.S. District Court for the District of Hawaii.

//
//
//

---

[1] In any event, as noted by the Court's June 5, 2018 Order, "[u]nfavorable rulings alone are legally insufficient to require recusal, even when the number of such unfavorable rulings is extraordinarily high on a statistical basis."  June 5, 2018 Order at 8, *quoting Beverly Hills Bankcorp v. Hine*, 752 F.2d 1334, 1341 (9th Cir. 1984).

## CONCLUSION

The government respectfully requests that the Court deny the Motion.

DATED: January 7, 2020, at Honolulu, Hawaii.

        KENJI M. PRICE
        United States Attorney
        District of Hawaii

By */s/ Gregg Paris Yates*
    GREGG PARIS YATES
    Assistant U.S. Attorney

# CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

Served Electronically through CM/ECF:

    Lars Isaacson, Esq.
    hawaii.defender@earthlink.net

    Attorney for Defendant
    ANTHONY T. WILLIAMS

Defendant to be served by First Class Mail:

    Anthony T. Williams
    Register No. 05963-122
    Inmate Mail
    FDC Honolulu
    PO Box 30080
    Honolulu, HI 96820

    DATED: January 7, 2020, at Honolulu, Hawaii.

                                          */s/ Melena Malunao*
                                          U.S. Attorney's Office
                                          District of Hawaii