KENJI M. PRICE  #10523
United States Attorney
District of Hawaii

KENNETH M. SORENSON
GREGG PARIS YATES  #8225
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
E-Mail:      Ken.Sorenson@usdoj.gov
                    Gregg.Yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 17-00101 LEK |
| | ) |
| Plaintiff, | ) GOVERNMENT'S MOTION *IN LIMINE* |
| | ) TO PRECLUDE ANY TESTIMONY |
| vs. | ) FROM *PRO SE* DEFENDANT |
| | ) ANTHONY WILLIAMS IN |
| ANTHONY T. WILLIAMS,   (1) | ) NARRATIVE FORM; CERTIFICATE |
| ANABEL CABEBE          (2) | ) OF SERVICE |
| | ) |
| Defendants. | ) |
| | ) |

GOVERNMENT'S MOTION *IN LIMINE*
TO PRECLUDE ANY TESTIMONY FROM *PRO SE*
DEFENDANT ANTHONY WILLIAMS IN NARRATIVE FORM

The government respectfully moves this Court *in Limine* to preclude any

testimony from *Pro Se* Defendant Anthony Williams in narrative form.  Should the

defendant choose to testify at his own trial, an Order precluding any testimony in narrative form, and requiring his testimony in the form of questions and answers (Question/Answer form), would promote judicial economy and the efficient presentation of evidence, and prevent the repetitive, cumulative, or confusing testimony that will result from permitting the defendant to testify in narrative form. Moreover, the Question/Answer form would promote the orderly consideration of evidentiary objections and legal issues raised by the testimony.

ARGUMENT

I.    <u>Legal Standard</u>

      A. <u>Federal Rule of Evidence 611(a) and A Defendant's Right To Testify</u>

Federal Rule of Evidence (Fed. R. Evid.) 611(a) governs the mode and order of examining witnesses:

> (a) Control by the Court; Purposes.  The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to:
> (1) make those procedures effective for determining the truth;
> (2) avoid wasting time; and
> (3) protect witnesses from harassment or undue embarrassment."

As explained by the notes of the Advisory Committee, the ultimate responsibility for the effective working of the adversary system, including the rules for examination, rests with the judge.  Fed. R. Evid. 611(a), Adv. Cmte. Note to Subdiv. (a).  The court's discretion includes "such concerns as whether testimony shall be in the form of a free narrative or responses to specific questions . . . ." *Id.*

2

When the defendant seeks to testify, Rule 611(a) must be considered in light of the defendant's own Constitutional rights.  "Few rights are more fundamental than that of an accused to present witnesses in his own defense." *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973).  "A defendant in a criminal case has the right to take the witness stand to testify in his or her own defense." *Rock v. Arkansas*, 483 U.S. 44, 49 (1987).  Nonetheless, the "right to present relevant testimony is not without limitation." *Id.* 55.  "The right may in appropriate cases bow to accommodate other legitimate interests in the criminal trial process." *Id.* However, "restrictions of a defendant's right to testify may not be arbitrary or disproportionate to the purposes they are designed to serve." *Id.* 55-56.

B. The Defendant Has No Right to Testify In Narrative Form

The defendant who chooses to testify on his own behalf does not have a right to present his testimony in narrative form.  *United States v. Gallagher*, 99 F.3d 329, 332 (9th Cir. 1996) ("The district court's ruling [restricting defendant's narrative testimony] was neither arbitrary nor disproportionate to the purpose of insuring that the trial proceed in an orderly and fair manner.").

The defendant who chooses to testify has no right to do so in narrative fashion even if he waives his statutory and Sixth Amendment right to counsel, and proceeds *pro se*.  Multiple Circuit Courts of Appeal have upheld trial court orders requiring a testifying *pro se* defendant to testify in Question/Answer form.  *Hutter*

3

*Northern Trust v. Door Cty Chamber of Comemrce*, 467 F.2d 1075, 1078 (7th Cir. 1972) (requiring testifying *pro se* defendant to examine himself in Question/Answer form); *United States v. Beckton*, 740 F.3d 303, 306-07 (4th Cir. 2014) (requiring testifying *pro se* defendant to elect whether to continue to proceed *pro se* and examine himself in Question/Answer form or to elect to permit standby counsel to assume control of the case and elicit testimony from him).  *C.f. United States v. Young*, 745 F.2d 733, 761 (2d Cir. 1984) (recognizing trial judge's discretion in deciding whether or not to allow narrative testimony).

II.     The Defendant Should Be Required To Testify In Question/Answer Form

An Order precluding the defendant from testifying in narrative form, and requiring the defendant, if he chooses to testify on his own behalf, to do so in Question/Answer form, ensures that the trial will proceed in an orderly and fair manner, and is therefore neither arbitrary nor disproportionate to this purpose. *Gallagher*, 99 F.3d at 332.  The defendant has elected to waive his Sixth Amendment and statutory right to counsel and to proceed to trial *pro se*.  "When a litigant elects to exercise his right of self-representation, the burden on the trial judge increases exponentially.  He must not only safeguard the orderly processes of trial against the incursions of a neophyte, but must take on an added responsibility for protecting the defendant from the consequences of his own folly." *United States v. Nivica*, 887 F.2d 1110, 1122 (1st Cir. 1989).

The defendant's motions forecast the risk to the proceeding should the defendant be permitted to testify in narrative form.  The defendant's motions have generally been disorganized, rambling, and interspersed with non-legal and incoherent arguments.  *See, e.g.*, Sworn Motion to Dismiss Superseding Indictment, Exh. A-1 (Motion 1-14) [ECF No. 294-2], Exh. A-2 (Memorandum of Law 1-12) [ECF No. 294-3], Exh. A-3 (Declaration of Anthony Williams 2-7) [ECF No. 294-4], Exh. B-1(Affidavit of Anthony Williams  2-3) [ECF No. 294-5]; *see also* Motion for Suppression of Evidence 2-15 [ECF No. 437-2].  Should the defendant testify in a similar stream-of-consciousness fashion as the statements in his motions, his testimony will be difficult for the court to police for irrelevant, hearsay, repetitive, cumulative, or otherwise objectionable testimony before it is given.  Moreover, there will be a substantial risk that the testimony presented in narrative fashion will be confusing to the jury.

Presentation of the defendant's testimony in Question/Answer format would permit the government to evaluate whether each question elicits proper testimony, and to object otherwise.  This would allow the Court the opportunity to rule before objectionable testimony is given.  If an objection is sustained, the defendant would then have the opportunity thereafter to correct his questioning.  In any event, the defendant may not invoke his *pro se* status to testify in the narrative to evade the relevant rules of procedural and substantive law.  *See, e.g.*, *Faretta v. California*,

422 U.S. 806, 834 n.46 (1975) ("The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law.").

The government takes no position as to the particular form that the Question/Answer format must take, or what accommodations should be afforded to the defendant. Should the defendant elect to testify at trial, he may prepare written questions before he testifies, and read each into the record before testifying in response. Alternatively, he may choose to phrase his testimony in the form of questions, before pausing and responding. Or, he may seek leave from the Court to permit standby counsel to assume control of the case and elicit testimony. *See, e.g.*, *Beckton*, 740 F.3d at 306-07. However, how the defendant conducts his Question/Answer examination is not at issue on this Motion.

CONCLUSION

The government respectfully requests that the Court grant this Motion.

DATED: January 15, 2020, at Honolulu, Hawaii.

KENJI M. PRICE
United States Attorney
District of Hawaii


By */s/ Gregg Paris Yates*
  GREGG PARIS YATES
  Assistant U.S. Attorney

6

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

<u>Served Electronically through CM/ECF:</u>

Lars Isaacson, Esq.
hawaii.defender@earthlink.net

Attorney for Defendant
ANTHONY T. WILLIAMS

Michael Jay Green, Esq.
michaeljgreen@hawaii.rr.com

Attorney for Defendant
ANABEL CABEBE

Defendant to be served by First Class Mail on or by January 15, 2020:

Anthony T. Williams
Register No. 05963-122
Inmate Mail
FDC Honolulu
PO Box 30080
Honolulu, HI 96820

DATED:  January 15, 2020, at Honolulu, Hawaii.

/s/ Melena Malunao
U.S. Attorney's Office
District of Hawaii