KENJI M. PRICE  #10523
United States Attorney
District of Hawaii

KENNETH M. SORENSON
GREGG PARIS YATES  #8225
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
E-Mail:     Ken.Sorenson@usdoj.gov
            Gregg.Yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 17-00101 LEK |
| | ) |
| Plaintiff, | ) GOVERNMENT'S MOTION *IN LIMINE* |
| | ) TO PROSCRIBE USE OF INTERVIEW |
| vs. | ) REPORTS; CERTIFICATE OF |
| | ) SERVICE |
| ANTHONY T. WILLIAMS,  (1) | ) |
| ANABEL CABEBE          (2) | ) |
| | ) |
| Defendants. | ) |
| | ) |

GOVERNMENT'S MOTION *IN LIMINE*
TO PROSCRIBE USE OF INTERVIEW REPORTS

The government respectfully submits moves this Court *in Limine* to

proscribe the improper use of investigative interview reports.  The defendant's

Exhibit List directly references no fewer than 15 reports of investigation prepared by the Federal Bureau of Investigation. Def. Exh. List 3, ECF No. 767 (Defendant Exhibits (DX) 2002, 03, 04, 06, 09-19). Moreover, as most of the defendant's exhibits appear to be unrelated documents that have been scanned together into a single PDF file, it is possible that other such reports are included among the defendant's exhibits.

As demonstrated below, the interview summaries prepared by investigative case agents are not statements of the witness interviewees pursuant to the Jencks Act, 18 U.S.C. § 3500, and the government asks that the Court preclude the defendant from introducing the contents of these reports to impeach witnesses during cross examination, publishing the contents to the jury, or otherwise suggesting to the jury that the reports are statements of the witnesses, who did not write them or adopt them.

I.  Statements Contained Within Investigative Interview
    Reports Are Not Witness Statements Pursuant To The Jencks Act

In order to provide for full and fair cross-examination, the Jencks Act requires that after a witness for the government testifies on direct examination, the government must provide the defendant with any statements made by the witness that relates to the subject of his or her testimony. 18 U.S.C. § 3500. A statement within the meaning of the Jencks Act is a "written statement made by said witness and signed or otherwise adopted or approved by him," a recording or transcription

2

that is "a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously," or a statement made by a witness to the grand jury.  18 U.S.C. § 3500(e).

The Supreme Court has held that because the Jencks Act is meant to restrict the defendant's use of discoverable statements to impeachment, "only those statements which could properly be called the witness's own words should be made available to the defense."  *Palermo v. United States*, 360 U.S. 343, 349, 352 (1959).  The Court explained that "summaries of an oral statement which evidence substantial selection of material" or "statements which contain [an] agent's interpretation or impressions" are "not to be produced."  *Id.* 352-53.

Consistent with *Palmero*, interview reports are generally not discoverable under the Jencks Act because they are not statements of the witness within the meaning of the statute.  Unless the witnesses have reviewed and adopted the reports—which was not the practice in this case—they are not statements of the witness under § 3500(e)(1).  Moreover, because the reports are written after interviews are completed and reflect the thought processes and interpretations of the agent, they do not constitute a contemporary and substantially verbatim recital of the witness's statement under § 3500(e)(2).

The Ninth Circuit has held that interview reports generally are not discoverable under the Jencks Act, which is consistent with other circuits

3

addressing this issue. *United States v. Claiborne*, 765 F.2c 784, 801 (9th Cir. 1985) ("the summaries represent . . . the agents' selection of certain information. . . [so] the district court properly characterized the summaries as non-Jencks Act material"), *abrogated on other grounds by Ross v. Oklahoma*, 487 U.S. 81 (1988). *See, e.g.*, *United States v. Price*, 542 F.3d 617, 621 (8th Cir. 2008) (holding that absent evidence that the witnesses "approved or adopted" the FBI 302s, "these documents are not discoverable under . . . the Jencks Act"); *United States v. Jordan*, 316 F.3d 1215, 1255 (11th Cir. 2003) (holding that FBI 302s "are not Jencks Act statements of the witness unless they are substantially verbatim and were contemporaneously recorded, or were signed and otherwise ratified by the witness").

II.     Proper Use of Interview Reports At Trial

Although production of the interview reports was not required under the Jencks Act, the government has included its investigative interview reports for the government's witnesses at trial in its discovery production. Here, the defendant should be limited to using those reports consistent with the law and rules of evidence. In particular, the defense must be precluded from introducing the contents of the reports to impeach witnesses on the basis of inconsistent statements because the reports are not the statements of the witnesses themselves. Moreover, they must be precluded from publishing the contents of the reports to the jury, or

otherwise suggesting to the jury that the report is a statement of the witness. To allow otherwise would subvert the meaning of the Jencks Act because it would "be grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness' own rather than the product of the investigator's selections, interpretations, and interpolations." *Palermo*, 360 U.S. at 350.

The defendant can, of course, ask a witness whether he or she made a statement that is reflected in a report. However, if the defendant is not satisfied with the witness's answer, the defendant may not publish or introduce the contents of the report as a prior inconsistent statement. *See United States v. Brika*, 416 F.3d 514, 529 (6th Cir. 2005) (holding that "such documents [investigative reports] have been deemed inadmissible for impeaching witnesses on cross-examination"), abrogated on other grounds by *United States v. Booker*, 543 U.S. 222 (2005); *United States v. Leonardi*, 623 F.2d 746, 757 (2d Cir. 1980) (holding that because the "written statement of the FBI agent was not attributable to [the witness]" it was "properly rejected as a prior inconsistent statement"). Moreover, the defendant may not use the report in a way that suggests to the jury that it is a statement of the witness. *United States v. Marks*, 816 F.2d 1207, 1210-11 (7th Cir. 1987) (holding that defense counsel read from a FBI 302 during cross examination in a way that would "seem authoritative" and potentially confuse the jury).

## CONCLUSION

The government asks the Court for a pre-trial ruling to proscribe the use at trial of interview reports that are not the statements of the testifying witnesses so that the defendant is prohibited from introducing the contents of the reports to impeach witnesses during cross examination, publishing the contents to the jury, or otherwise suggesting to the jury that the reports are statements of the witnesses who did not write them or adopt them.

DATED:  January 15, 2020, at Honolulu, Hawaii.

                          KENJI M. PRICE
                          United States Attorney
                          District of Hawaii

                          By */s/ Gregg Paris Yates*
                             GREGG PARIS YATES
                             Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

<u>Served Electronically through CM/ECF:</u>

Lars Isaacson, Esq.
hawaii.defender@earthlink.net

Attorney for Defendant
ANTHONY T. WILLIAMS


Michael Jay Green, Esq.
michaeljgreen@hawaii.rr.com

Attorney for Defendant
ANABEL CABEBE

Defendant to be served by First Class Mail on or by January 15, 2020:

Anthony T. Williams
Register No. 05963-122
Inmate Mail
FDC Honolulu
PO Box 30080
Honolulu, HI 96820

DATED: January 15, 2020, at Honolulu, Hawaii.

/s/ Melena Malunao
U.S. Attorney's Office
District of Hawaii