KENJI M. PRICE  #10523
United States Attorney
District of Hawaii

KENNETH M. SORENSON
GREGG PARIS YATES  #8225
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
E-Mail:      Ken.Sorenson@usdoj.gov
             Gregg.Yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 17-00101 LEK |
| | ) |
| Plaintiff, | ) GOVERNMENT'S MOTION *IN LIMINE* |
| | ) TO EXCLUDE EVIDENCE OF |
| vs. | ) DISCOVERY DISPUTES, ALLEGED |
| | ) SEARCH WARRANT DEFECTS, AND |
| ANTHONY T. WILLIAMS,  (1) | ) FALSE CLAIMS OF SELECTIVE OR |
| ANABEL CABEBE        (2) | ) VINDICTIVE PROSECUTION; |
| | ) CERTIFICATE OF SERVICE |
| Defendants. | ) |
| | ) |

GOVERNMENT'S MOTION *IN LIMINE* TO
EXCLUDE EVIDENCE OF DISCOVERY DISPUTES,
ALLEGED SEARCH WARRANT DEFECTS, AND FALSE
CLAIMS OF SELECTIVE OR VINDICTIVE PROSECUTION

The government respectfully submits this Motion *in Limine* to exclude from trial: (1) evidence of pretrial discovery disputes or alleged defects in search warrants; and (2) arguments and/or claims of selective or vindictive prosecution. These categories of information are non-relevant to the jury's determination of the defendant's guilt or innocence, and carry a significant risk of confusion of the issues and undue prejudice to the government that outweighs any nonexistent probative value.

Moreover, as detailed below, the government gives notice of its intent to object to any attempt by the defendant to introduce into evidence or argue various forms of alleged government investigative or pretrial misconduct, or court bias.

ARGUMENT

I.    Legal Standard

"To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means."  Federal Rule of Evidence (Fed. R. Evid.) Rule 103(d).  Although the defendant is allowed to present his theory of defense to the jury, "some relevant factual basis for the defense should exist under Federal Rules of Evidence 401 and 402 before evidence or testimony is offered."  *United States v. Thompson*, 25 F.3d 1558, 1564 (11th Cir. 1994); *see also United States v. Wiman*, 77 F.3d 981, 985 (7th Cir.  1995) (defense must be supported by law and have some foundation in the evidence).

Irrelevant evidence is not admissible at trial.  Rule 402.  A defendant has no right to present witnesses or cross-examine adverse witnesses about facts that are not of consequence to the determination of the case.  *Wiman*, 77 F.3d at 985.

Moreover, relevant evidence may be excluded at trial if "its probative value is substantially outweighed by a danger of . . . confusing the issues [or] misleading the jury."  Rule 403.  Accordingly, evidence or arguments that only "relate[] to an issue of law entirely independent of the ultimate issue of whether the defendant actually committed the crimes for which [he is] charged" are questions of law for the Court, and should be excluded from the jury.  *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983).  *See, e.g.*, *United States v. Wylie*, 625 F.2d 1371, 1379 (9th Cir. 1980); *United States v. Farrar*, 338 F.Supp.3d 1186, 1190-91 (D. Hawaii 2018).

In addition, evidence that serves only to provoke the jury to disregard the law, and any argument of jury nullification, should be excluded. *See*, *e.g.*, United *States v. Sloan*, 704 F. Supp. 880, 884 (N.D. Ind.1989) (jury nullification properly considered on motion *in limine*); *United States v. Lucero*, 895 F. Supp. 1421, 1426 (D. Kan. 1995).

II.   Evidence Relating To Pretrial Discovery and Defects In Search Warrants

The Court should exclude from trial any evidence or argument pertaining to pretrial discovery or to alleged defects in search warrants that pertain to the

suppression of evidence.  Rule 12(b)(3)(C) and (E) reserves these matters for the

Court to decide as a matter of law, before trial.  *See* Rule 12(b)(3) ("The following

defenses, objections, and requests *must be raised by pretrial motion*. . . suppression

of evidence; discovery under Rule 16.").  Because issues pertinent only to the

suppression of evidence or discovery are questions of law solely for the Court, they

are not relevant to a factual determination that must be made by the jury.

Permitting evidence of these irrelevant issues would serve only to confuse the

issues and mislead the jury.[1]

## III.   Evidence of Selective Or Vindictive Prosecution Should Be Excluded

The Court should also exclude from trial any allegation or argument

pertaining to selective or vindictive prosecution, which are questions of law for the

Court before trial and not for the jury.

The government retains broad discretion in its prosecution decisions to

enforce the Nation's criminal laws.  *Wayte v. United States*, 470 U.S. 598, 607

(1985).  As a result, "[i]n the ordinary case, so long as the prosecutor has probable

cause to believe that the accused committed an offense defined by statute, the

---

[1]  In any event, we note that the sufficiency of the searches and warrants supporting
this investigation were fully litigated and decided.  Order Denying Defendant's
Motion for Suppression of Evidence, ECF No. 533.  Moreover, the defendant has
filed and sought to litigate no fewer than twenty-five discovery motions.  ECF Nos.
15, 39, 65, 146, 173, 174, 196, 239, 265, 272, 349, 350, 357, 361, 363, 435, 436,
459, 460, 488, 497, 555, 614, 644, and 736.

decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *United States v. Armstrong*, 517 U.S. 456, 464 (1996). A prosecutor's discretion is nonetheless subject to constitutional constraints that may be challenged in a motion before trial. *Id.*

Fed. R. Crim. Proc. Rule 12(b)(3)(A)(iv) makes clear that a motion regarding "a defect in instituting the prosecution, including . . . selective or vindictive prosecution" "must be raised by pretrial motion." The Supreme Court has further explained that challenges to alleged improper conduct by the government in instituting a prosecution are "not a defense on the merits of the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution. *Armstrong*, 517 U.S. at 463. As the challenges are "not a defense on the merits of the criminal charge itself," the challenges may not be raised to the jury." *United States v. Mausali*, 590 F.3d 1077, 1080 (9th Cir. 2010) (explaining that defects in the institution of the prosecution itself are questions of law for the court that are to be decided before the trial).

IV.    Evidence or Argument Of Misconduct Or Court Bias Should Be Excluded

Finally, the government notifies the Court of the likelihood of related, irrelevant accusations that the defendant may make during trial, and the government's intent to object to these issues. In 113 motions and other filings to

the Court, the defendant persistently alleged government misconduct, by the prosecution team, the investigative agency, and the Bureau of Prisons, in keeping the defendant in pretrial detention.  Pursuant to Rules 401 and 403 of the Federal Rules of Evidence, all these arguments should be precluded at trial as irrelevant, unduly prejudicial, and improperly appealing to the jury for jury nullification.

Examples of the accusations leveled against the government, which are irrelevant to a jury's determination of the defendant's guilt or innocence are too numerous to exhaustively list here.  However, in addition to the categories described earlier in this motion, the defendant has accused the government of:

- unlawfully arresting the defendant; ECF No. 437-2 at 3.

- unlawfully searching and/or seizing the defendant's property; ECF No. 437-2 at 11-13.

- purposefully delaying the prosecution of this case and committing Speedy Trial Act and other procedural violations; ECF No. 133; ECF No. 268-2 at ¶ 4; ECF No. 294-3 at 2-3.

- violating his rights while he is in pretrial detention, by for instance, interfering with his ability to prepare for trial.  ECF Nos. 65, 83, 87, 117, 167, 195, 287, 307, 375, 418, 433, 479, 598, 687.

Relatedly, the defendant has several times alleged bias by the District Judge and Magistrate Judges of this Court.  ECF Nos. 147, 241, 742.

None of these pretrial complaints bears any relevance to defendant's guilt or innocence.  Moreover, these complaints are unsubstantiated, false, unduly prejudicial, and would only serve to confuse the issues presented to the jury.  Fed. R. Evid. 403.  In light of the defendant's previous, persistent accusations of government misconduct, the government respectfully submits to the Court that the defendant is likely to raise these arguments again, even though they are improper and impermissible.  The government intends to object at trial to any defendant claim of pretrial misconduct, whether during voir dire, opening statements, witness examinations—including the defendant's own testimony, should he choose to testify, and during closing arguments.

<u>CONCLUSION</u>

The government respectfully requests that the Court grant this Motion.

DATED:  January 15, 2020, at Honolulu, Hawaii.

KENJI M. PRICE
United States Attorney
District of Hawaii


By */s/ Gregg Paris Yates*
   GREGG PARIS YATES
   Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

Served Electronically through CM/ECF:

Lars Isaacson, Esq.
hawaii.defender@earthlink.net

Attorney for Defendant
ANTHONY T. WILLIAMS

Michael Jay Green, Esq.
michaeljgreen@hawaii.rr.com

Attorney for Defendant
ANABEL CABEBE

Defendant to be served by First Class Mail on or by January 15, 2020:

Anthony T. Williams
Register No. 05963-122
Inmate Mail
FDC Honolulu
PO Box 30080
Honolulu, HI 96820

DATED:  January15, 2020, at Honolulu, Hawaii.


/s/ Melena Malunao
U.S. Attorney's Office
District of Hawaii