KENJI M. PRICE  #10523
United States Attorney
District of Hawaii

KENNETH M. SORENSON
GREGG PARIS YATES  #8225
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
E-Mail:     Ken.Sorenson@usdoj.gov
            Gregg.Yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 17-00101 LEK |
|  | ) |
| Plaintiff, | ) GOVERNMENT'S RESPONSE TO THE |
|  | ) DEFENDANT'S MOTION *IN LIMINE* |
| vs. | ) REGARDING FRAUDULENT |
|  | ) POSTAGE EVIDENCE; CERTIFICATE |
| ANTHONY T. WILLIAMS   (1), | ) OF SERVICE |
|  | ) |
| Defendant. | ) |
|  | ) |
|  | ) |

GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION
*IN LIMINE* REGARDING FRAUDULENT POSTAGE EVIDENCE

The government respectfully submits this response to Defendant Anthony

Williams's Motion *in Limine* #2 (Motion), regarding the admissibility of fraudulent

postage evidence.  The government gave notice of evidence that may implicate Federal Rule of Evidence Rule 404(b) on January 8, 2020:

> [T]he government will introduce evidence of the defendant's fraudulent conduct in furtherance of the scheme, including the creation and usage of fraudulent stamps and badges.  The government will introduce evidence that the defendant attempted to utilize fake stamps to send MEI and CLOA-related communications, without paying postage.

Exhibit A at 2.

On January 16, 2020, the defendant moved *in limine* to exclude evidence of his use of fraudulent postage because: (1) the stamps that he created to send items in the U.S. Mail had been accepted by the U.S. Postal Service in the past; and (2) the Superseding Indictment makes no mention of the use of fraudulent postage as part of the scheme.  Df. Motion *in Limine* #2, Exh. A at 2, ECF No.  780-2.[1]

The Motion should be denied.  The defendant's fraudulent use of postage stamps is direct evidence of the defendant's scheme and artifice to defraud and to fraudulently obtain money from others, and is inextricably intertwined with the scheme, as charged in the Superseding Indictment.

---

[1]  We note for the Court's attention that the very first numbered paragraph of the Motion violates the Court's January 7, 2020 Order Regarding Right to Self Representation, which cautions the defendant regarding his "inappropriate[] and aggressive[]" conduct toward the government's attorneys, in particular by his use of the term "pettifogger" in reference to the government's attorneys.

## ARGUMENT

A. Background

  The defendant is charged in a Superseding Indictment with thirty-two (32) counts of wire fraud and mail fraud. As charged, the defendant operated a scheme and artifice to defraud others and to obtain money by means of false and fraudulent representations of fact using both interstate wire communications and the U.S. Mail. The defendant formed the entities Mortgage Enterprise Investments (MEI) and "Common Law Office of America (CLOA)." Through MEI, the defendant offered mortgage debt relief in Hawaii despite not having the required license to service mortgages. Through CLOA, the defendant offered legal services including representation in mortgage-related litigation, wills, trusts, power of attorney and document drafting and review despite not being licensed to practice law.

  In operating his scheme to defraud, the defendant represented himself to be an attorney, a Private Attorney General, and a mortgage servicer, and displayed a fake badge and credentials that gave the impression that the defendant was affiliated with law enforcement. The defendant marketed a debt relief program whereby homeowners with mortgage loans could pay him an upfront fee, then pay him one-half of their regular mortgage loan payment, for one-half the term of their respective mortgages. In return, the defendant falsely promised them he could and would eradicate their existing mortgage obligation to their lenders. As part of his

scheme, the defendant drafted fraudulent documents and submitted these documents to government offices for public recording. Also as part of his scheme, the defendant created and used fraudulent postage stamps that he used to send MEI and CLOA-related communications through the U.S. Postal System.

In reliance upon the representations of the defendant and others, the homeowners paid the defendant and MEI one-half of their regular mortgage loans, and ceased paying the service payments upon their mortgage loans. In some cases, this resulted in foreclosure upon the homeowner's homes.

B. Evidence of The Defendant's Fraudulent Postage Use Is Admissible; Does Not Constitute Evidence of "Other Acts" Pursuant To Fed. R. Evid. 404(b)

The defendant's fraudulent postage use does not constitute evidence of "other acts" pursuant to Rule 404(b).[2] Instead, it is admissible as direct evidence of the charged scheme, which is an element of wire and mail fraud, and because it is inextricably intertwined with the charged offense. *See United States v. Kow*, 43 F.3d 1173, 1177 (9th Cir. 2016).

To prove a wire fraud, the government can introduce evidence of the entire scheme to prove the existence of a scheme to defraud. *Kow*, 43 F.3d at 1177. The elements of a wire fraud include: (1) the existence of a scheme to defraud; (2) the

---

[2] Rule 404(b)(1) precludes evidence of other crimes, wrongs, or acts as propensity evidence of the defendant's character. The permitted uses of other acts evidence is included in Rule 404(b)(2).

4

use of a wire to further the scheme; and (3) a specific intent to defraud. *Id.* Based on these elements, the *Kow* court explained that the crime includes not only the specific executions described in the second element, "but also the overall scheme alleged in the first element . . . [because the wire fraud] 'necessarily includes a fraudulent scheme as a whole . . . including additional executions of the scheme that were not specifically charged." *Id.* (*quoting United States v. Lo*, 839 F.3d 777, 793 (9th Cir. 2016)).

Evidence that is inextricably intertwined in the scheme to defraud is also admissible. *Id*. The Ninth Circuit explained in *United States v. Rizk* that Rule 404(b) "is inapplicable . . . where the evidence the government seeks to introduce is directly related to, or inextricably intertwined with, the crime charged in the indictment." 660 F.3d 1125, 1131 (9th Cir. 2011) (*quoting United States v. Lillard*, 354 F.3d 850, 854 (9th Cir. 2003) (admitted evidence of real estate transactions to cover the entire course of the conspiracy and not simply the charged overt acts). *See also United States v. Mundi*, 892 F.2d 817, 820 (9th Cir. 1989).

The government seeks to introduce testimony and evidence that the defendant created fraudulent stamps that he used to mail communications to co-defendant Barbara Williams, who processed MEI checks in Texas. Moreover, the government intends to call U.S. Postal Inspector Bryan Shaughnessy to testify that the purported stamps printed on MEI and/or CLOA stationary are fraudulent, and

5

he will testify that the U.S. Postal Service will not deliver such items if it identifies postage as fraudulent, but often does not catch items with fraudulent stamps.

The defendant's postal fraud is relevant evidence and inextricably intertwined with the charged wire and mail fraud scheme. The gravamen of the charges is a mortgage fraud scheme, operated by the defendant with and through his companies, MEI and CLOA, which includes numerous fraudulent submissions by the defendant and his companies to government offices to lend credibility to his scheme and facilitate its operation. Among the fraudulent representations submitted to government offices to facilitate his scheme were fraudulent postage, printed on MEI and/or CLOA stationary. The Motion's argument that the fake postage evidence must be excluded because it was not referenced in the Superseding Indictment is not supported by Ninth Circuit case law. *Rizk*, 660 F.3d at 1131.

In the alternative, the defendant's submission of fraudulent documents is admissible evidence pursuant to Rule 404(b) to prove the defendant's modus operandi, common scheme or plan, as well as his intent and knowledge.

The Motion's other argument that "there was nothing fake about the stamps as these stamps have been utilized for over 14 years" is also not a basis for exclusion. This is a factual dispute for trial, albeit an unhelpful one to the

defendant that appears to blatantly admit the alleged fraudulent conduct.  Motion Exh. A at 2, ECF No. 780-2.

## CONCLUSION

The government respectfully requests that the Court deny the defendant's Motion *in Limine* pertaining to the admissibility of evidence of the defendant's use of fraudulent postage.

DATED:  January 20, 2020, at Honolulu, Hawaii.

                KENJI M. PRICE
                United States Attorney
                District of Hawaii


                By */s/ Gregg Paris Yates*
                    GREGG PARIS YATES
                    Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

Served Electronically through CM/ECF:

    Lars Isaacson, Esq.
    hawaii.defender@earthlink.net

    Attorney for Defendant
    ANTHONY T. WILLIAMS

Defendant to be served by First Class Mail on or before January 21, 2020:

    Anthony T. Williams
    Register No. 05963-122
    Inmate Mail
    FDC Honolulu
    PO Box 30080
    Honolulu, HI 96820

DATED: January 20, 2020, at Honolulu, Hawaii.

                      */s/ Gregg Paris Yates*
                      U.S. Attorney's Office
                      District of Hawaii