KENJI M. PRICE  #10523
United States Attorney
District of Hawaii

KENNETH M. SORENSON
GREGG PARIS YATES  #8225
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
E-Mail:      Ken.Sorenson@usdoj.gov
             Gregg.Yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00101-01 LEK |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S [PROPOSED] JURY |
| | ) | INSTRUCTIONS; EXHIBITS A AND B; |
| vs. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| ANTHONY T. WILLIAMS,  (01) | ) | TRIAL:      February 3, 2020 |
| | ) | TIME:       9:00 A.M. |
| Defendant. | ) | JUDGE:     Leslie E. Kobayashi |
| | ) | |
| | ) | |

## GOVERNMENT'S [PROPOSED] JURY INSTRUCTIONS

Pursuant to Criminal Local Rule (Crim.L.R.) 30.1 and Civil Local Rule

(Civ.L.R.) 51.1, the government, through its undersigned counsel, herein files its

proposed jury instructions.  Pursuant to Court's December 24, 2019 Scheduling

Order, the government timely exchanged its proposed jury instructions to the defendant and his standby counsel, Lars Isaacson, Esq., on January 15, 2020. The defendant, through Mr. Isaacson, untimely exchanged his proposed jury instructions on January 17, 2020. Exhibit A. The defendant's cover letter did not respond to any of the government's proposed instructions, and the defendant's proposed instructions did not include any of the same instructions. *Id.* The government then responded to the defendant's proposals on January 21, 2020, and asked the defendant to respond to the government's proposals. Exhibit B at 4. Moments before the filing of these jury instructions, Mr. Isaacson indicated that the defendant "does not concur with the Government's instructions."

Accordingly, pursuant to Civ.L.R. 51.1(f), the government submits its proposed instructions to the Court separately as "proposed instructions on which agreement could not be reached."

As noted below, the government proposes that the Court utilize the following instructions from its standing General Federal Jury Instructions in Federal Cases, unmodified: 1, 2A, 3A, 4A, 5-10, 11A, 12-16, 17A, 18, 19B, 20, 21B, 22-24, 25A.

Furthermore, the government requests that the Court give the proposed additional jury instructions that are attached to this filing. With one noted exception, these proposed jury instructions have been taken unmodified from the

Ninth Circuit Model Criminal Jury Instructions, or from jury instruction approved by Ninth Circuit authority.

The government respectfully reserves the right to request permission to withdraw any of the proposed instructions, to modify them, or to offer such additional instructions as may, during the course of trial, become appropriate.

DATED:  January 22, 2020, at Honolulu, Hawaii.

KENJI M. PRICE
United States Attorney
District of Hawaii


By /s/ Gregg Paris Yates
    KENNETH M. SORENSON
    GREGG PARIS YATES
    Assistant U.S. Attorneys

## [PROPOSED] INSTRUCTION NO. 1

### DUTY OF JUDGE

Members of the Jury:

You have now heard all of the evidence in the case and will soon hear the final arguments of the lawyers for the parties.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury.  It has been my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration.  It is now my duty to instruct you on the law applicable to the case.

Court's Instruction No. 1, General Federal Instructions in Criminal Cases.

GIVEN            _____
REFUSED          _____
MODIFIED         _____

[PROPOSED] INSTRUCTION NO. 2

DUTY TO FOLLOW INSTRUCTIONS -- Single Defendant

You, as jurors, are the judges of the facts.  But in determining what happened in this case -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow the law I am now defining for you.

You must follow all of my instructions as a whole.  You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I state to you.  That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I give it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the testimony and evidence in the case, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

Court's Instruction No. 2A, General Federal Instructions in Criminal Cases.

GIVEN            _____
REFUSED          _____
MODIFIED         _____

[PROPOSED] INSTRUCTION NO. 3

REASONABLE DOUBT -- Single Defendant

The indictment or formal charge against a defendant is not evidence.  The defendant is presumed to be innocent and does not have to present any evidence to prove innocence.  The government has the burden of proving every element of the charge beyond a reasonable doubt.  If it fails to do so, you must return a not guilty verdict.

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.

If after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration with your fellow jurors of all the evidence,

you are convinced beyond a reasonable doubt that the defendant is guilty, it is your

duty to find the defendant guilty.

Court's Instruction No. 3A, General Federal Instructions in Criminal Cases.

GIVEN          _____
REFUSED        _____
MODIFIED       _____

<u>[PROPOSED] INSTRUCTION NO. 4</u>

DEFENDANT'S DECISION NOT TO TESTIFY -- Single Defendant

A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that the defendant did not testify.

Court's Instruction No. 4A, General Federal Instructions in Criminal Cases.

GIVEN      _____

REFUSED    _____

MODIFIED    _____

[PROPOSED] INSTRUCTION NO. 5

EVIDENCE -- EXCLUDING ARGUMENT OF COUNSEL

As stated earlier, it is your duty to determine the facts, and in doing so, you must consider only the evidence I have admitted in the case.  The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in doing so, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

Court's Instruction No. 5, General Federal Instructions in Criminal Cases.

GIVEN          _____
REFUSED        _____
MODIFIED       _____

## [PROPOSED] INSTRUCTION NO. 6

### EVIDENCE – OBJECTIONS

Rules of evidence control what can be received into evidence.  During the course of trial, when a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected.  If I overruled an objection, the question was answered or the exhibit received.  If I sustained an objection, the question was not answered and the exhibit was not received.

Whenever I sustained an objection to a question, you must not speculate as to what the answer might have been or as to the reason for the objection.  You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken from the record; such matter is to be treated as though you had never known of it.

Court's Instruction No. 6, General Federal Instructions in Criminal Cases.

GIVEN        _____
REFUSED      _____
MODIFIED     _____

[PROPOSED] INSTRUCTION NO. 7

EVIDENCE -- EXCLUDING STATEMENTS OF JUDGE

During the course of the trial I may have occasionally made comments to the lawyers, or asked questions of a witness, or admonished a witness concerning the manner in which he or she should respond to the questions of counsel. Do not assume from anything I said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I said during the trial in arriving at your own findings as to the facts.

Court's Instruction No. 7, General Federal Instructions in Criminal Cases.

GIVEN            _____
REFUSED          _____
MODIFIED         _____

[PROPOSED] INSTRUCTION NO. 8

EVIDENCE – STIPULATIONS

In this case, the parties have agreed, or stipulated, as to certain facts.  This means that they agree that these facts are true.  You should therefore treat these facts as having been conclusively proved.

Court's Instruction No. 8, General Federal Instructions in Criminal Cases.

GIVEN     _____
REFUSED   _____
MODIFIED   _____

[PROPOSED] INSTRUCTION NO. 9

EVIDENCE -- DIRECT AND CIRCUMSTANTIAL

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as the testimony of an eyewitness.  Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the testimony and evidence in the case.

You are to consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Court's Instruction No. 9, General Federal Instructions in Criminal Cases.

GIVEN            _____
REFUSED          _____
MODIFIED         _____

[PROPOSED] INSTRUCTION NO. 10

EVIDENCE -- CREDIBILITY OF WITNESSES

Now, I have said that you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony.  In evaluating the testimony of a witness, you may consider:  (1) the opportunity and ability of the witness to see or hear or know the things testified to; (2) the witness' memory; (3) the witness' manner while testifying; (4) the witness' interest in the outcome of the case, if any; (5) the witness' bias or prejudice, if any; (6) whether other evidence contradicted the witness' testimony; (7) the reasonableness of the witness' testimony in light of all the evidence; and (8) any other factors that bear on believability.  You may accept or reject the testimony of any witness in whole or in part.  That is, you may believe everything a witness says, or part of it, or none of it.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact.  You may

//

//

//

//

//

//

find that the testimony of a smaller number of witnesses as to any fact is more

credible than the testimony of a larger number of witnesses to the contrary.

Court's Instruction No. 10, General Federal Instructions in Criminal Cases.

GIVEN _____
REFUSED _____
MODIFIED _____

<u>[PROPOSED] INSTRUCTION NO. 11</u>

DEFENDANT'S DECISION TO TESTIFY -- Single Defendant

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

Court's Instruction No. 11A, General Federal Instructions in Criminal Cases.

GIVEN _____

REFUSED _____

MODIFIED _____

<u>[PROPOSED] INSTRUCTION NO. 12</u>

EVIDENCE -- EXPERT WITNESSES

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify and state his or her opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves.  If you decide that the opinion of an expert witness is not based upon sufficient education and/or experience, or if you conclude that the reasons given in support of the opinion are not sound, or if you conclude that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

Court's Instruction No. 12, General Federal Instructions in Criminal Cases.

GIVEN          _____
REFUSED        _____
MODIFIED       _____

[PROPOSED] INSTRUCTION NO. 13

IMPEACHMENT GENERALLY

A witness may be discredited or impeached by contradictory evidence by a showing that:  (1) the witness testified falsely concerning a material matter; or (2) at some other time, the witness said or did something that is inconsistent with the witness' present testimony; or (3) at some other time, the witness failed to say or do something that would be consistent with the present testimony had it been said or done.

If you believe that any witness has been so impeached, then it is for you alone to decide how much credibility or weight, if any, to give to the testimony of that witness.

Court's Instruction No. 13, General Federal Instructions in Criminal Cases.

GIVEN           _____
REFUSED         _____
MODIFIED        _____

[PROPOSED] INSTRUCTION NO. 14

IMPEACHMENT REPUTATION FOR TRUTHFULNESS

A witness may also be discredited or impeached by evidence that the general reputation of the witness for truth and veracity is bad in the community where the witness now resides, or has recently resided.

If you believe that any witness has been so impeached, then it is for you alone to decide how much credibility or weight, if any, to give to the testimony of that witness.

Court's Instruction No. 14, General Federal Instructions in Criminal Cases.

GIVEN          _____
REFUSED        _____
MODIFIED       _____

[PROPOSED] INSTRUCTION NO. 15

IMPEACHMENT OF WITNESS -- PRIOR CONVICTION

The fact that a witness has previously been convicted of a felony, or a crime involving dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness.  The fact of such a conviction does not necessarily destroy the witness' credibility, but is one of the circumstances you may take into account in determining the weight to give to the testimony.

Court's Instruction No. 15, General Federal Instructions in Criminal Cases.

GIVEN            _____
REFUSED          _____
MODIFIED         _____

<u>[PROPOSED] INSTRUCTION NO. 16</u>

IMPEACHMENT OF DEFENDANT – PRIOR CONVICTION

Evidence of a defendant's previous conviction of a crime is to be considered by you only as it may affect the credibility of that defendant as a witness, and must never be considered as evidence of guilt of the crime for which that defendant is on trial.

Court's Instruction No. 16, General Federal Instructions in Criminal Cases.

GIVEN              _____

REFUSED         _____

MODIFIED      _____

<u>[PROPOSED] INSTRUCTION NO. 17</u>

WITNESS WHO HAS PLEADED GUILTY -- Single Defendant

You have heard testimony from [witness], a witness who has pleaded guilty to a crime arising out of the same events for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness' believability.  You should consider this witness' testimony with greater caution than that of other witnesses.

Court's Instruction No. 17A, General Federal Instructions in Criminal Cases.

GIVEN       _____

REFUSED    _____

MODIFIED   _____

<u>[PROPOSED] INSTRUCTION NO. 18</u>

TESTIMONY OF LAW ENFORCEMENT OFFICER

The testimony of a law enforcement officer should be weighed and considered, and credibility determined, in the same way as that of any other witness.  A law enforcement officer's testimony is not entitled to any greater weight, nor should you consider it more credible, than any other witness' testimony simply because it is given by a law enforcement officer.

Court's Instruction No. 18, General Federal Instructions in Criminal Cases.

GIVEN          _____
REFUSED        _____
MODIFIED       _____

## [PROPOSED] INSTRUCTION NO. 19

ON OR ABOUT -- Multiple Counts

You will note that the indictment charges that the offenses were committed "on or about" certain dates.  The evidence need not establish with certainty the exact date of an alleged offense.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that an offense was committed on a date reasonably near the date alleged.

Court's Instruction No. 19B, General Federal Instructions in Criminal Cases.

GIVEN            _____
REFUSED          _____
MODIFIED         _____

[PROPOSED] INSTRUCTION NO. 20

KNOWINGLY

The word "knowingly," as that term has been used in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

Court's Instruction No. 20, General Federal Instructions in Criminal Cases.

GIVEN          _____
REFUSED        _____
MODIFIED       _____

[PROPOSED] INSTRUCTION NO. 21

CAUTION -- PUNISHMENT -- Single Defendant, Multiple Counts

A separate crime or offense is charged in each count of the indictment.  Each charge and the evidence pertaining to it should be considered separately.  The fact that you may find the defendant guilty or not guilty as to one of the offenses charged should not control your verdict as to any other offense charged.

I caution you, members of the jury, that you are here to determine whether the defendant is guilty or not guilty from the evidence in this case.  The defendant is not on trial for any act or conduct or offense not alleged in the indictment.  Nor are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case.

Also, the punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the judge, and should never be considered by the jury in any way in arriving at an impartial verdict.

Court's Instruction No. 21B, General Federal Instructions in Criminal Cases.

GIVEN            _____
REFUSED          _____
MODIFIED         _____

## [PROPOSED] INSTRUCTION NO. 22

### TAKING NOTES DURING TRIAL

Some of you took notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors

Court's Instruction No. 22, General Federal Instructions in Criminal Cases.

GIVEN            _____
REFUSED          _____
MODIFIED         _____

[PROPOSED] INSTRUCTION NO. 23

NO OUTSIDE RESEARCH

Remember that even during your deliberations, my mandate to you still applies that you not read any news stories or articles, listen to any radio, or watch any television reports about the case or about anyone who has anything to do with it.  Do not do any research, such as consulting dictionaries, searching the internet, or using other reference materials, and do not make any investigation about the case on your own.  And do not discuss the case in any manner with others, directly or through social media.  You may only discuss the case with your fellow jurors during your deliberations, with all twelve of you present.

Court's Instruction No. 23, General Federal Instructions in Criminal Cases.

GIVEN            _____
REFUSED          _____
MODIFIED         _____

[PROPOSED] INSTRUCTION NO. 24

DUTY TO DELIBERATE

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Court's Instruction No. 24, General Federal Instructions in Criminal Cases.

GIVEN            _____
REFUSED          _____
MODIFIED         _____

[PROPOSED] INSTRUCTION NO. 25

VERDICT FORMS -- Single Defendant

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.  A verdict form has been prepared for your convenience.

 (Explain Verdict Form)

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you desire to communicate with the court, please put your message or question in a note, have the foreperson sign the note, and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.  I caution you, however, that you should never state or specify your numerical division at any time.  For example, you should never state that "x" number of jurors are

//

//

//

leaning or voting one way and "x"  number of jurors are leaning or voting

another way.

Court's Instruction No. 25A, General Federal Instructions in Criminal Cases.

GIVEN          _____
REFUSED        _____
MODIFIED       _____

2

[PROPOSED] INSTRUCTION NO. 26

Certain charts and summaries have been admitted in evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

9th Cir. Model Crim. J. Instr. 4.17 (2010) (updated 12/2019).

GIVEN          _____
REFUSED        _____
MODIFIED       _____

[PROPOSED] INSTRUCTION NO. 27

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case.  These charts and summaries were not admitted in evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

9th Cir. Model Crim. J. Instr. 4.16 (2010) (updated 12/2019).

GIVEN         _____
REFUSED       _____
MODIFIED      _____

[PROPOSED] INSTRUCTION NO. 28

The defendant is charged in Counts 1 through 15 of the Superseding Indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code.  In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in, or devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises.  Deceitful statements of half-truths may constitute false or fraudulent representations;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive or cheat; and

Fourth, the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendants' words and statements, but also the circumstances in which they are used as a whole.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate in nature.  Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

9th Cir. Model Crim. J. Instr. 8.124(2010) (updated 12/2019).
GIVEN           _____
REFUSED         _____
MODIFIED        _____

2

[PROPOSED] INSTRUCTION NO. 29

In determining whether a scheme to defraud exists, you are entitled to consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

A defendant's actions can constitute a scheme to defraud even if there are no specific false statements involved.  The deception need not be premised upon words or statements standing alone.  The arrangement of the words or the circumstances in which they are used may create an appearance which is false or deceptive, even if the words themselves fall short of this.  Thus, even if statements as part of the scheme are not literally false, you may consider whether the statements taken as a whole were misleading and deceptive.  Evidence beyond a reasonable doubt that a scheme was reasonably calculated to deceive is sufficient to establish a scheme to defraud.

Approved by Ninth Circuit in *United States v. Woods*, 335 F.3d 993, 997-998 (9th Cir. 2003); *See also United States v. Halbert*, 640 F.2d 1000, 1007 (9th Cir. 1981) (citing Unite*d States v. Bohonus*, 628 F.2d 1167 (9th Cir.1980); *Lustiger v. United States*, 386 F.2d 132, 138 (9th Cir. 1967); and *Lemon v. United States*, 278 F.2d 369, 373 (9th Cir. 1960)).

GIVEN         _____
REFUSED       _____
MODIFIED      _____

[PROPOSED] INSTRUCTION NO. 30

The defendant is charged in Counts 16 through 32 of the Superseding Indictment with mail fraud in violation of Section 1341 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements as to each defendant beyond a reasonable doubt:

First, the defendant knowingly participated in or devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises.  Deceitful statements of half-truths may constitute false or fraudulent representations.

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud; that is, the intent to deceive or cheat; and

Fourth, the defendant used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

A mailing is caused when one knows that the mails will be used in the ordinary course of business or when one can reasonably foresee such use.  It does not matter whether the material mailed was itself false or deceptive so long as the mail was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

9th Cir. Model Crim. J. Instr. 8.121 (2010) (updated 12/2019).

GIVEN          _____
REFUSED        _____
MODIFIED       _____

## [PROPOSED] INSTRUCTION NO. 31

A defendant may be found guilty of mail fraud or wire fraud even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To "aid and abet" means intentionally to help someone else commit a crime.  To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, someone else committed the charged mail fraud or wire fraud;

Second, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of mail fraud or wire fraud, with all of you agreeing on the element and the individual charge;

Third, the defendant acted with the intent to facilitate the wire fraud offenses charged in Counts 1-15 and/or the mail fraud offenses charged in Counts 16 through 32 of the Superseding Indictment; and

Fourth, the defendant acted before the crime was completed.

It is not enough that a defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit mail fraud or wire fraud as charged in Counts 1 through 32.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

9th Cir. Model Crim. J. Instr. 5.1 (2010) (updated 12/2019) (as modified).

GIVEN          _____
REFUSED        _____
MODIFIED       _____

2

<u>CLEAN SET OF JURY INSTRUCTION</u>

## INSTRUCTION NO. 1

### DUTY OF JUDGE

Members of the Jury:

You have now heard all of the evidence in the case and will soon hear the final arguments of the lawyers for the parties.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury.  It has been my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration.  It is now my duty to instruct you on the law applicable to the case.

INSTRUCTION NO. 2

DUTY TO FOLLOW INSTRUCTIONS -- Single Defendant

You, as jurors, are the judges of the facts.  But in determining what happened in this case -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow the law I am now defining for you.

You must follow all of my instructions as a whole.  You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I state to you.  That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I give it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the testimony and evidence in the case, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

INSTRUCTION NO. 3

REASONABLE DOUBT -- Single Defendant

The indictment or formal charge against a defendant is not evidence.  The defendant is presumed to be innocent and does not have to present any evidence to prove innocence.  The government has the burden of proving every element of the charge beyond a reasonable doubt.  If it fails to do so, you must return a not guilty verdict.

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.

If after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration with your fellow jurors of all the evidence,

you are convinced beyond a reasonable doubt that the defendant is guilty, it is your

duty to find the defendant guilty.

<u>INSTRUCTION NO. 4</u>

DEFENDANT'S DECISION NOT TO TESTIFY -- Single Defendant

A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that the defendant did not testify.

## INSTRUCTION NO. 5

### EVIDENCE -- EXCLUDING ARGUMENT OF COUNSEL

As stated earlier, it is your duty to determine the facts, and in doing so, you must consider only the evidence I have admitted in the case.  The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in doing so, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

INSTRUCTION NO. 6

EVIDENCE – OBJECTIONS

Rules of evidence control what can be received into evidence.  During the course of trial, when a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected.  If I overruled an objection, the question was answered or the exhibit received.  If I sustained an objection, the question was not answered and the exhibit was not received.

Whenever I sustained an objection to a question, you must not speculate as to what the answer might have been or as to the reason for the objection.  You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken from the record; such matter is to be treated as though you had never known of it.

## INSTRUCTION NO. 7

### EVIDENCE -- EXCLUDING STATEMENTS OF JUDGE

During the course of the trial I may have occasionally made comments to the lawyers, or asked questions of a witness, or admonished a witness concerning the manner in which he or she should respond to the questions of counsel.  Do not assume from anything I said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I said during the trial in arriving at your own findings as to the facts.

## INSTRUCTION NO. 8

### EVIDENCE – STIPULATIONS

In this case, the parties have agreed, or stipulated, as to certain facts.  This means that they agree that these facts are true.  You should therefore treat these facts as having been conclusively proved.

INSTRUCTION NO. 9

EVIDENCE -- DIRECT AND CIRCUMSTANTIAL

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as the testimony of an eyewitness.  Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the testimony and evidence in the case.

You are to consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 10

EVIDENCE -- CREDIBILITY OF WITNESSES

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. In evaluating the testimony of a witness, you may consider: (1) the opportunity and ability of the witness to see or hear or know the things testified to; (2) the witness' memory; (3) the witness' manner while testifying; (4) the witness' interest in the outcome of the case, if any; (5) the witness' bias or prejudice, if any; (6) whether other evidence contradicted the witness' testimony; (7) the reasonableness of the witness' testimony in light of all the evidence; and (8) any other factors that bear on believability. You may accept or reject the testimony of any witness in whole or in part. That is, you may believe everything a witness says, or part of it, or none of it.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

## INSTRUCTION NO. 11

DEFENDANT'S DECISION TO TESTIFY -- Single Defendant

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

## INSTRUCTION NO. 12

EVIDENCE -- EXPERT WITNESSES

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify and state his or her opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves.  If you decide that the opinion of an expert witness is not based upon sufficient education and/or experience, or if you conclude that the reasons given in support of the opinion are not sound, or if you conclude that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

## INSTRUCTION NO. 13

## IMPEACHMENT GENERALLY

A witness may be discredited or impeached by contradictory evidence by a showing that: (1) the witness testified falsely concerning a material matter; or (2) at some other time, the witness said or did something that is inconsistent with the witness' present testimony; or (3) at some other time, the witness failed to say or do something that would be consistent with the present testimony had it been said or done.

If you believe that any witness has been so impeached, then it is for you alone to decide how much credibility or weight, if any, to give to the testimony of that witness.

## INSTRUCTION NO. 14

## IMPEACHMENT REPUTATION FOR TRUTHFULNESS

A witness may also be discredited or impeached by evidence that the general reputation of the witness for truth and veracity is bad in the community where the witness now resides, or has recently resided.

If you believe that any witness has been so impeached, then it is for you alone to decide how much credibility or weight, if any, to give to the testimony of that witness.

## INSTRUCTION NO. 15

### IMPEACHMENT OF WITNESS -- PRIOR CONVICTION

The fact that a witness has previously been convicted of a felony, or a crime involving dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness.  The fact of such a conviction does not necessarily destroy the witness' credibility, but is one of the circumstances you may take into account in determining the weight to give to the testimony.

INSTRUCTION NO. 16

IMPEACHMENT OF DEFENDANT – PRIOR CONVICTION

Evidence of a defendant's previous conviction of a crime is to be considered by you only as it may affect the credibility of that defendant as a witness, and must never be considered as evidence of guilt of the crime for which that defendant is on trial.

INSTRUCTION NO. 17

WITNESS WHO HAS PLEADED GUILTY -- Single Defendant

You have heard testimony from [witness], a witness who has pleaded guilty to a crime arising out of the same events for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness' believability.  You should consider this witness' testimony with greater caution than that of other witnesses.

## [PROPOSED] INSTRUCTION NO. 18

### TESTIMONY OF LAW ENFORCEMENT OFFICER

The testimony of a law enforcement officer should be weighed and considered, and credibility determined, in the same way as that of any other witness.  A law enforcement officer's testimony is not entitled to any greater weight, nor should you consider it more credible, than any other witness' testimony simply because it is given by a law enforcement officer.

## INSTRUCTION NO. 19

ON OR ABOUT -- Multiple Counts

You will note that the indictment charges that the offenses were committed "on or about" certain dates.  The evidence need not establish with certainty the exact date of an alleged offense.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that an offense was committed on a date reasonably near the date alleged.

INSTRUCTION NO. 20

KNOWINGLY

The word "knowingly," as that term has been used in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

INSTRUCTION NO. 21

CAUTION -- PUNISHMENT -- Single Defendant, Multiple Counts

A separate crime or offense is charged in each count of the indictment.  Each charge and the evidence pertaining to it should be considered separately.  The fact that you may find the defendant guilty or not guilty as to one of the offenses charged should not control your verdict as to any other offense charged.

I caution you, members of the jury, that you are here to determine whether the defendant is guilty or not guilty from the evidence in this case.  The defendant is not on trial for any act or conduct or offense not alleged in the indictment.  Nor are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case.

Also, the punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the judge, and should never be considered by the jury in any way in arriving at an impartial verdict.

INSTRUCTION NO. 22

TAKING NOTES DURING TRIAL

Some of you took notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors

## INSTRUCTION NO. 23

## NO OUTSIDE RESEARCH

Remember that even during your deliberations, my mandate to you still applies that you not read any news stories or articles, listen to any radio, or watch any television reports about the case or about anyone who has anything to do with it.  Do not do any research, such as consulting dictionaries, searching the internet, or using other reference materials, and do not make any investigation about the case on your own.  And do not discuss the case in any manner with others, directly or through social media.  You may only discuss the case with your fellow jurors during your deliberations, with all twelve of you present.

## INSTRUCTION NO. 24

### DUTY TO DELIBERATE

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

INSTRUCTION NO. 25

VERDICT FORMS -- Single Defendant

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.  A verdict form has been prepared for your convenience.

 (Explain Verdict Form)

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you desire to communicate with the court, please put your message or question in a note, have the foreperson sign the note, and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.  I caution you, however, that you should never state or specify your numerical division at any time.  For example, you should never state that "x" number of jurors are leaning or voting one way and "x" number of jurors are leaning or voting another way.

## INSTRUCTION NO. 26

Certain charts and summaries have been admitted in evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

INSTRUCTION NO. 27

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case.  These charts and summaries were not admitted in evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

INSTRUCTION NO. 28

The defendant is charged in Counts 1 through 15 of the Superseding Indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code.  In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in, or devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises.  Deceitful statements of half-truths may constitute false or fraudulent representations;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive or cheat; and

Fourth, the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendants' words and statements, but also the circumstances in which they are used as a whole.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate in nature.  Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

INSTRUCTION NO. 29

In determining whether a scheme to defraud exists, you are entitled to consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

A defendant's actions can constitute a scheme to defraud even if there are no specific false statements involved.  The deception need not be premised upon words or statements standing alone.  The arrangement of the words or the circumstances in which they are used may create an appearance which is false or deceptive, even if the words themselves fall short of this.  Thus, even if statements as part of the scheme are not literally false, you may consider whether the statements taken as a whole were misleading and deceptive.  Evidence beyond a reasonable doubt that a scheme was reasonably calculated to deceive is sufficient to establish a scheme to defraud.

INSTRUCTION NO. 30

The defendant is charged in Counts 16 through 32 of the Superseding Indictment with mail fraud in violation of Section 1341 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements as to each defendant beyond a reasonable doubt:

First, the defendant knowingly participated in or devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises.  Deceitful statements of half-truths may constitute false or fraudulent representations.

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud; that is, the intent to deceive or cheat; and

Fourth, the defendant used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

A mailing is caused when one knows that the mails will be used in the ordinary course of business or when one can reasonably foresee such use.  It does not matter whether the material mailed was itself false or deceptive so long as the mail was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

INSTRUCTION NO. 31

A defendant may be found guilty of mail fraud or wire fraud even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To "aid and abet" means intentionally to help someone else commit a crime.  To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, someone else committed the charged mail fraud or wire fraud;

Second, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of mail fraud or wire fraud, with all of you agreeing on the element and the individual charge;

Third, the defendant acted with the intent to facilitate the wire fraud offenses charged in Counts 1-15 and/or the mail fraud offenses charged in Counts 16 through 32 of the Superseding Indictment; and

Fourth, the defendant acted before the crime was completed.

It is not enough that a defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit mail fraud or wire fraud as charged in Counts 1 through 32.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

Served Electronically through Electronic Mail:

      Lars Isaacson, Esq.
      hawaii.defender@earthlink.net

      Attorney for Defendant
      ANTHONY T. WILLIAMS

Defendant served by First Class Mail on or by January 22, 2020:

      Anthony T. Williams
      Register No. 05963-122
      Inmate Mail
      FDC Honolulu
      PO Box 30080
      Honolulu, HI 96820

      DATED:  January 22, 2020, at Honolulu, Hawaii.

                    /s/ Dawn Aihara

                    _____
                    U.S. Attorney's Office
                    District of Hawaii