KENJI M. PRICE  #10523
United States Attorney
District of Hawaii

KENNETH M. SORENSON
GREGG PARIS YATES  #8225
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
E-Mail:     Ken.Sorenson@usdoj.gov
            Gregg.Yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) CR. NO. 17-00101 LEK |
|---|---|
| Plaintiff, | ) <br> ) GOVERNMENT'S OBJECTIONS TO <br> ) THE DEFENDANT'S PROPOSED |
| vs. | ) JURY INSTRUCTIONS; CERTIFICATE <br> ) OF SERVICE |
| ANTHONY T. WILLIAMS,  (1) | ) <br> ) TRIAL:   February 3, 2020 <br> ) TIME:    9:00 A.M. |
| Defendants. | ) JUDGE:   Leslie E. Kobayashi <br> ) |

GOVERNMENT'S OBJECTIONS TO THE
<u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>

Pursuant to Criminal Local Rule (Crim.L.R.) 30.1 and Civil Local Rule

(Civ.L.R.) 51.1, the government, through its undersigned counsel, herein files its

1

objections to the defendant's proposed jury instructions.  Pursuant to Court's December 24, 2019 Scheduling Order the defendant, through his standby counsel, Lars Isaacson, Esq., untimely exchanged his proposed jury instructions on January 17, 2020.  Exhibit A.  The government then responded to the defendant's proposal instructions with its objections on January 21, 2020.  As of the date and time of this filing, the defendant has not responded to the government's objections.

For the reasons stated below, the government objects to the defendant's proposed jury instructions.  It should be noted at the outset that none of the defendant's proposed instructions represent the Court's standard jury instructions or the Ninth Circuit Model Jury Instructions, despite their misleading reference numbers.

## THE GOVERNMENT'S OBJECTIONS

I.  Defendant's Proposed Instruction:
    "No.20.B- GOOD FAITH DEFENSE"

> Good Faith Defense as that term is used in these instructions, means that the act or conduct of the accused was done in good faith to assist another and not done to defraud or deceive another.  Good Faith could also mean that the act was done in in accordance with the law that the accused believed was right after consulting with attorneys, government officials or agencies which would lead one to believe that there [sic] conduct was lawful

Government's Response

The government objects to the defendant's proposed instruction "No. 20.B."

The defendant's proposed instruction is confusing and argumentative. A mail or wire fraud requires proof of an intent to defraud. Ninth Circuit Model Jury Instructions 8.121 and 8.124. The defendant's proposed instruction that the defendant's intention to provide service "to assist another and not done to defraud or deceive" is a legal argument that consists of an argumentative rendition of the defendant's version of the facts. The Court is under no obligation to an instruction of this sort to the jury. *United States v. Risch*, 87 F.3d 240, 242 (8th Cir. 1996). Should the defendant wish to convey to the jury that he lacked the requisite intent to defraud because he was motivated by altruism, he may do so in closing argument.

Similarly, the defendant's proposed instruction that a mistaken belief, based upon bad advice by "attorneys, government officials or agencies," is confusing and argumentative. Good faith may be relevant to a juror's determination of the defendant's intent to defraud, or lack thereof, which is an element of both wire and mail fraud. *United States v. Molinaro*, 11 F.3d 853, 863 (9th Cir. 1993) (bank fraud). However, the defendant's proposed instruction suggests that bad advice in particular gave rise to his lack of intent is legal argument.

Moreover, the Ninth Circuit Model Jury Instructions 8.121 and 8.124, pertaining to mail and wire fraud, which are included in the government's proposed jury instructions as proposed instruction #28 and 30, sufficiently address

3

the concept of good faith. Both instructions include the following language: "Third, the defendant acted with the intent to defraud, that is, the intent to deceive or cheat." The Ninth Circuit has indicated that, where the jury instructed that "[a]n intent to defraud is an intent to deceive or cheat," "no good faith instruction was necessary at all." *United States v. Shipsey*, 363 F.3d 962, 967-68 (9th Cir. 2004). The Ninth Circuit Model Jury Instructions expressly cites *Shipley* for the same proposition. Ninth Cir. Model Crim. Jury Instr. 5.12 (2010, updated 12/2019).

Accordingly, the government objects to the defendant's proposed jury instruction.

    II.    Defendant's Proposed Instruction:
        "No.23.A- OUTSIDE RESEARCH"

> It is your constitutional right as independent jurors to be able to research legal dictionaries for the proper meaning of terms that are used in this proceeding which includes Black's Law Dictionary, Corpus Juris Secundum and Ballantines Law Dictionary.

Government's Response

The government objects to the defendant's proposed instruction "No. 23.A." The defendant's proposed instruction that the jurors have a "constitutional right . . . to be able to research legal dictionaries for the proper meaning of terms that are used in this proceeding" is legal error. *United States v. Birges*, 723 F.2d 666, 670 (9th Cir. 1984) ("[W]e have no doubt that the sending of a dictionary into the jury room, without consulting counsel is error."). The defendant has a constitutional

4

right to a fair and impartial jury, and a right pursuant to Fed. R. Crim. Proc. Rule 43 to be present and heard with respect to the selection of appropriate jury instructions. *Id.* The defendant's right does not extend to permitting the jury to conduct its own research. *See also* Ninth Cir. Model Crim. Jury Instr. 7.2 (2010, updated 12/2019) ("[D]o not do any research, such as consulting dictionaries . . ."); Court's Instruction No. 23 ("Do not do any research, such as consulting dictionaries. . ."). The government objects to the defendant's proposed jury instruction.

> III. Defendant's Proposed Instruction: "No.2.A- RIGHT TO FOLLOW OR DISREGARD INSTRUCTIONS"
>
>> You do not have to follow all of my instructions. You are the sole judge of what is right and what is wrong. You have the right of jury nullification which means if you as a jury feel that this case is unfair and biased and that the defendant has been unfairly prosecuted it is your right to nullify the trial and find the defendant innocent of all charges and acquit him.
>>
>> It is your duty to based your verdict solely upon your own conscious determination regardless of what testimony and evidence is presented. You as human beings have the right to make your judgment based on the facts, evidence and sympathy for the defendant if you determine that the defendant has been unfairly prosecuted and you determine that the prosecution was commenced based upon an impermissible motive such as racial discrimination or retaliation against any particular defendant for asserting their rights and rights of others

Government's Response

The government objects to the defendant's proposed instruction "No. 2.A." The defendant's proposed instruction encourages jury nullification, and is legal error. Federal defendants are not entitled to a jury nullification instruction. *United States v. Powell*, 955 F.2d 1206, 1213 (9th Cir. 1991).

    IV.    Defendant's Proposed Instruction:
            "No.26- PROSECUTION'S MOTIVE"

> It is your duty to weigh the motives of the prosecutors in prosecuting this case. If you determine that the prosecutors have declined to prosecute any other similarly situated subjects of a different race than the defendant, you have a duty to return a innocent [*sic*] or not guilty verdict. Remember you are the sole judge in this case. Not the presiding judge nor the prosecutors or attorneys in this case [*sic*]. You have the sole power in your discretion to acquit or convict and nothing that the judge or prosecutor state [*sic*] can alter your independent decision as to your verdict.

Government's Response

The government objects to the defendant's proposed instruction "No. 26." The defendant's proposed instruction is legal error. The motive underlying the prosecution's charging decision is neither an element of, nor a defense to the charged offenses. Fed. R. Crim. Proc. Rule 12(b)(3)(A)(iv) makes clear that a motion regarding "a defect in instituting the prosecution, including . . . selective or vindictive prosecution" "must be raised by pretrial motion." The Supreme Court has further explained that challenges to alleged improper conduct by the

government in instituting a prosecution are "not a defense on the merits of the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). As such challenges are "not a defense on the merits of the criminal charge itself," the challenges may not be raised to the jury. *United States v. Mausali*, 590 F.3d 1077, 1080 (9th Cir. 2010) (explaining that defects in the institution of the prosecution itself are questions of law for the court that are to be decided before the trial). The government objects to this proposed jury instruction.

    V.    Defendant's Proposed Instruction:
"No.21.C- CAUTION – PUNISHMENT –
<u>MULTIPLE DEFENDANTS, SINGLE DEFENDANT"</u>

> I caution you, members of the jury, that you are here to determine whether each of the defendants is guilty or not guilty from the evidence in this case. The defendants are not on trial for any act or conduct or offense not alleged in any of the counts in the indictment. If applicable, you can determine that based upon the evidence presented that others should have been arrested and indicted for the offenses and not the accused, it is your duty to return a verdict of innocent or not guilty.

<u>Government's Response</u>

The government objects to the defendant's proposed instruction "No. 21.C." The defendant's proposed instruction is legal error. Proposed instruction No. 21C appears to have borrowed one sentence from the Court's Instruction No. 21.C.

7

However, the remainder of this instruction invites the jury to hinge its determination of the defendant's guilt upon whether other uncharged individuals should have been "arrested and indicted for the offenses and not the accused."

The sole issue for determination by the jury is whether the defendant is guilty of the charged crime.  Whether others might also be charged is not relevant to the jury's determination of the defendant's guilt or innocence.  The charging decision rests within the discretion of the government.  The government objects to this proposed jury instruction

## CONCLUSION

For the foregoing reasons, the government respectfully objects to the defendant's proposed instructions.

DATED:  January 22, 2020, at Honolulu, Hawaii.

KENJI M. PRICE
United States Attorney
District of Hawaii


By */s/ Gregg Paris Yates*
   KENNETH M. SORENSON
   GREGG PARIS YATES
   Assistant U.S. Attorneys

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

<u>Served Electronically through Electronic Mail:</u>

    Lars Isaacson, Esq.
    hawaii.defender@earthlink.net

    Attorney for Defendant
    ANTHONY T. WILLIAMS

Defendant to be served by First Class Mail on or by January 23, 2020:

    Anthony T. Williams
    Register No. 05963-122
    Inmate Mail
    FDC Honolulu
    PO Box 30080
    Honolulu, HI 96820

    DATED:  January 22, 2020, at Honolulu, Hawaii.

    */s/ Gregg Paris Yates*
    U.S. Attorney's Office
    District of Hawaii