# MINUTE ORDER

CASE NUMBER:      CRIMINAL NO. 17-00101 LEK

CASE NAME:        USA vs. Anthony T. Williams

JUDGE:   Leslie E. Kobayashi        DATE:        1/23/2020

COURT ACTION:   EO: COURT ORDER DENYING MOTION CONSTRUED AS A MOTION SEEKING DISQUALIFICATION

On January 2, 2020, pro se Defendant Anthony T. Williams ("Defendant"), filed a document titled "Private Attorney General Anthony Williams Declaration that Leslie E. Kobayashi Is Not the Judge in this Case but a Prosecutor Working for the U.S. Attorney's Office Disguising Herself Dressed in a Black Robe." [Dkt. no. 742.] Defendant's filing has been liberally construed as a motion seeking the disqualification of this Court, pursuant to 28 U.S.C. § 455 ("Motion to Disqualify"). [EO, filed 1/7/20 (dkt. no. 751), at 1.] Plaintiff the United States of America ("the Government") filed its response to the Motion to Disqualify on January 7, 2020. [Dkt. no. 755.] The Court finds this matter suitable for disposition without a hearing, pursuant to Local Rule 7.1(c).

Defendant previously filed a motion seeking the disqualification of this Court, pursuant to 28 U.S.C. §§ 144 and 455. [Dkt. no. 241.] That motion was referred to United States District Judge Derrick K. Watson, [dkt. no. 245,] and Judge Watson denied the motion in an order issued on June 5, 2018 ("6/5/18 Order"). [Dkt. no. 257.] The standards set forth in the 6/5/18 Order are also applicable to the instant Motion to Disqualify and are incorporated into this entering order. See 6/5/18 Order at 5-6.

Defendant makes general arguments that this Court "has shown no semblance of jurisprudence, impartiality or fairness in any of [its] rulings" and has not conducted itself in a professional manner. [Motion to Disqualify at 1-2.] Defendant also argues this Court has shown its bias in favor of the Government and its prejudice against Defendant by: granting the Government's motions, even when the motions were not meritorious; ruling on some of Defendant's motions without requiring the Government to file responses; and overturning an order by United States Magistrate Judge Richard Puglisi regarding Defendant's access to computer equipment.

As noted by Judge Watson, in order to warrant disqualification, "the alleged bias 'must usually stem from an extrajudicial source.'" [6/5/18 Order at 5 (quoting Pesnell v. Arsenault, 543 F.3d 1038, 1044 (9th Cir. 2008), abrogated on other grounds by, Simmons v. Himmelreich, 136 S. Ct. 1843 (2016)).] Further, "'[u]nfavorable rulings alone are legally insufficient to require recusal, even when the number of such

unfavorable rulings is extraordinarily high on a statistical basis."  [Id. at 8 (some citations omitted) (quoting Beverly Hills Bancorp v. Hine, 752 F.2d 1334, 1341 (9th Cir. 1984)).] Defendant's current Motion to Disqualify does not identify any ground which meets the disqualification standard described in the 6/5/18 Order.  Defendant's Motion to Disqualify is therefore DENIED.

IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager