KENJI M. PRICE #10523
United States Attorney
District of Hawaii

KENNETH M. SORENSON
GREGG PARIS YATES #8552
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone: (808) 541-2850
Email:     Ken.Sorenson@usdoj.gov
           Gregg.Yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00101 LEK |
| | ) | |
| Plaintiff, | ) | MOTION TO QUASH SUBPOENAS; |
| | ) | CERTIFICATE OF SERVICE |
| v. | ) | |
| | ) | |
| ANTHONY T. WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | | |

## MOTION TO QUASH SUBPOENAS

The government respectfully requests that the Court quash seven (7) subpoenas seeking the oral testimony of one former and six current employees of the United States Department of Justice at the trial of this matter that is scheduled to commence on February 3, 2020.   These subpoenas must be quashed because the proffered testimony from each witness lacks sufficient relevance to any charge or defense at trial.   Moreover, the Court should also quash the subpoena to Judge Ronald Johnson for the additional reason that the defendant failed to follow the Department of Justice's *Touhy* regulations for requesting information from a former employee of the Department.

## BACKGROUND

On December 2, 2019, the U.S. Marshal's Service (USMS) served a subpoena to Hawaii Circuit Court Judge Ronald G. Johnson, seeking his presence at trial in this matter.   Declaration of Gregg Paris Yates (Yates Decl.) ¶ 2; Attachment A.   Until March 2019, Judge Johnson was an Assistant U.S. Attorney in the District of Hawaii, and the lead the prosecutor in this matter.   *Id.*   The government has not received a particularized affidavit or statement containing any summary of the testimony sought from Judge Johnson, as required by the *Touhy* regulations.

On November 26, 2019, the USMS served a subpoena to the Honolulu Field

Office of the Federal Bureau of Investigation (FBI), ordering the appearance of Special Agent (SA) Jamie Lynn Stranahan at trial in this matter.   Yates Decl. ¶ 3. SA Stranahan was previously based in the FBI Miami Field Office, and once interacted with the defendant when he filed a walk-in complaint.   Yates Decl. ¶ 3. SA Stranahan is currently based in the FBI Washington Field Office, and is out of the office on maternity leave.   *Id.* ¶ 4.

On January 13, 2020, the U.S. Attorney's Office received a letter signed by Lars Isaacson, Esq., standby counsel for the defendant.   Yates Decl. ¶ 5; Attachment B.   The letter enclosed subpoenas to Federal Bureau of Investigation (FBI) Assistant Directors in Charge (ADICs) William F. Sweeney, Jr. and Paul Delacourt, FBI Special Agent in Charge (SAC) J.C. "Chris" Hacker, and Special Agents Joseph Lavelle and Jamie Stranahan, and someone named Joe Craig, purportedly also an employee of the FBI.   Yates Decl. ¶ 6.   Mr. Isaacson attached a "Declaration of Counsel" to the letter, which explained that the testimony of Sweeney, Delacourt, Hacker, and Craig were "needed" because each could testify that the defendant "had no complaints from clients" in Tennessee, New York, California, and Georgia, and that "the FBI found no evidence" of a crime committed by the defendant, MEI, or CLOA.   Yates Decl. ¶ 6; Attachment B, Declaration of Counsel (Isaacson Decl.) ¶¶ 2-5.   Since receiving this letter, the FBI has indicated that only Assistant District Agent in Charge Delacourt had been

2

served.   Yates Decl. ¶ 7.

With respect to Lavelle and Stranahan, Mr. Isaacson indicated that their testimony was "needed" because they "were contacted by clients" of the defendant that "fraud had been committed against them by other companies" and that the defendant "was the one assisting and helping them fight their foreclosure." Attachment B, Isaacson Decl. ¶¶ 6-7.

<u>ARGUMENT</u>

I.    Judge Johnson Cannot Testify Unless He Is Authorized To Provide
      <u>Oral Testimony Under Applicable Department of Justice Regulations</u>

Title 5, United States Code, Section 301 authorizes "the head of an Executive Department . . . to prescribe regulations for the government of his department, the conduct of its employees, . . . and the custody, use, and preservation of its records, papers and property . . . ."   Pursuant to this authority, the United States Attorney General has promulgated regulations controlling the production of documents in the custody of the Department.   These regulations are found at Title 28, Code of Federal Regulations (C.F.R.), Sections 16.21, *et seq*. Assistant U.S. Attorneys and FBI agents are employees of the Department of Justice and, therefore, their ability to respond and comply with a subpoena to provide oral testimony is controlled by these regulations.   The regulations apply to former employees.   Justice Manual 1-6.111.

3

Title 28, C.F.R., Section 16.23 provides in pertinent part:

> § 16.23 General disclosure authority in Federal and State proceedings in which the United States is a party.
>
> (a) Every attorney in the Department of Justice in charge of any case or matter in which the United States is a party is authorized, after consultation with the ""originating component" as defined in §§ 16.24(a) of this part, to reveal and furnish to any person, including an actual or prospective witness, a grand jury, counsel, or a court, either during or preparatory to a proceeding, such testimony, and relevant unclassified material, documents, or information secured by any attorney, or investigator of the Department of Justice, as such attorney shall deem necessary or desirable to the discharge of the attorney's official duties:   *Provided*, Such an attorney shall consider, with respect to any disclosure, the factors set forth in § 16.26(a) of this part: *And further provided,* An attorney shall not reveal or furnish any material, documents, testimony or information when, in the attorney's judgment, any of the factors specified in § 16.26(b) exists, without the express prior approval by the Assistant Attorney General in charge of the division responsible for the case or proceeding, . . . or such person's designees.
>
> *      *      *      *      *
>
> (c) If oral testimony is sought by a demand in a case or matter in which the United States is a party, <u>an affidavit, or, if that is not feasible, a statement</u> by the party seeking the testimony or by the party's attorney <u>setting forth a summary of the testimony sought</u> must be furnished to the Department attorney handling the case or matter.

(Italics in original) (emphasis added).   Such a summary is necessary because it

allows the Department to determine whether the disclosure of such information is

appropriate and should be allowed, or whether the information should not be

revealed based on consideration of the factors set forth in § 16.26(a).[1]

If a factor listed in § 16.26(b) exists, disclosure cannot be made without the

express prior approval of the Assistant Attorney General in charge of the division

responsible for the case.   *See* §§ 16.23(a) and 16.23(b).[2]

It has long been recognized that the Department of Justice has the right to

rely on its regulations in refusing to supply information pursuant to a subpoena.

These regulations were adopted pursuant to 5 U.S.C. § 301, as set forth above, and

such regulations have the force of law.   *Ex Parte Sackett*, 74 F.2d 922, 923 (9th

---

[1]   Section 16.26 sets out the factors that should be considered in determining whether a production or disclosure should be made and provides in pertinent part:

> § 16.26.   Considerations in determining whether production or disclosure should be made pursuant to a demand.

> (a)   In deciding whether to make disclosures pursuant to a demand, Department officials and attorneys should consider:

> (1)   Whether such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose . . . .

(emphasis added).

[2]   Section 16.23(b) permits the attorney handling the case to refer the matter for higher level review at any stage of a proceeding, when that attorney determines that a factor listed in 16.26(b) exists or foresees that higher level approval will be required before disclosure of the information or testimony in question.

Cir. 1935) (Federal court has no power to punish Department of Justice official for refusal, pursuant to regulation, to produce documents).   Without authorization from appropriate Department officials, employees may not testify or provide any records or information even if a state or federal court orders such disclosure.   In such circumstances, "the employee or former employee upon whom the demand has been made shall, if so directed by the responsible Department of official, respectfully decline to comply with the demand."   28 C.F.R. § 16.28.   In *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1950), a Department order precluding a Department of Justice official from producing Department papers which were in his possession was sustained and held valid.

In *United States v. Allen*, 554 F.2d 398 (10th Cir.), *cert. denied*, 434 U.S. 836 (1977), the defendant attempted to force a prosecutor to testify at a hearing by issuing a subpoena *duces tecum* to him.   At the hearing, the prosecutor advised the court that he respectfully declined to testify since he was not authorized to testify under the regulations governing testimony by Department of Justice employees, 28 C.F.R. § 16.23(c).   In upholding the trial court's refusal to require the testimony, the Tenth Circuit ruled that the disclosure regulations were valid, and noted that the defendant had failed to submit the required affidavit or statement summarizing the desired testimony that would have allowed the Department to determine whether or not to authorize the testimony.   554 F.2d at 406.   The *Allen* court also

6

declined to reach and consider the defendant's argument that the prosecutor's refusal to testify violated defendant's Fifth and Sixth Amendment rights because of the defendant's failure to comply with the regulations and provide the summary of the requested testimony.   554 F.2d at 406-407.   *See also United States v. Marino, et al.*, 658 F.2d 1120 (6th Cir. 1981).   In *Marino*, the defendants sought to examine representatives of the FBI and the United States Marshals Service about assistance given to certain witnesses under the Witness Protection Program.   The defendants contended that this testimony would demonstrate that the witnesses had a possible bias.   In making their demand upon the Department of Justice to disclose this information, the defendants failed to follow the procedures set out in 28 C.F.R. §§ 16.21, *et seq.*, and the prosecution denied the defendants the witnesses' testimony.   In rejecting the defendants' argument that the prosecution violated their Sixth Amendment right to confront and cross-examine witnesses, the Sixth Circuit recognized that 28 C.F.R. § 16.22 required a Department official to give approval before an employee could respond to such a demand.   658 F.2d at 1125 (emphasis added) (citation omitted).

The above cases make clear that in situations where a Department employee is not authorized to testify, a court should not attempt to compel production of documents or testimony through the exercise of its contempt powers.   The Ninth Circuit has reaffirmed this principle, and provided guidance to parties who seek

7

judicial review of a Department decision not to produce.   *See In re Boeh*, 25 F.3d 761, 763 (9th Cir. 1994).

In this case, the defendant served his subpoenas on Judge Johnson on December 2, 2019.   However, at no time did the defendant provide to the Department any notice of the subject matter of the testimony sought from its former employee.   As a result of the defendant's failure, the U.S. Attorney's Office has not had the opportunity to conduct the process set forth in the Department's *Touhy* regulations and to consult with the appropriate Department officials to determine whether the requests for three witnesses to testify in response to the subpoenas should be denied.   As a result, Judge Johnson should not be compelled to testify at the February 3, 2020 trial.

Because of the defendant's failure to follow the Department's *Touhy* regulations—and because the requested testimony is largely inappropriate and irrelevant to any charges and defenses at trial—the United States respectfully requests that the Court quash the subpoena against Judge Johnson.

II.   The Court Should Quash the Subpoenas as
        Inappropriate Under the Governing Rules of Procedure

The United States respectfully requests that the Court quash the subpoenas because the requested testimony is not relevant to the charges in the Superseding Indictment.   *See* Fed. R. Crim. P. 17(c), which empowers this Court to quash a

subpoena "if compliance would be unreasonable or oppressive."

    A. <u>Hon. Ronald G. Johnson</u>

The subpoena to Judge Johnson should be quashed for the additional reason that there is no relevant purpose for calling a current or former member of the prosecution as a witness to testify at trial in this matter. The defendant has made no proffer of evidence or allegation that, at the time of his employment with the Department, then-Assistant U.S. Attorney Johnson had been a direct witness to the conduct underlying the charges in the Superseding Indictment. Accordingly, the defendant appears to be subpoenaing Judge Johnson for testimony regarding his charging decisions, or conduct in the handling of the pretrial discovery. "A defect in instituting the prosecution" and a challenges to discovery are matters of law that are to be considered by the judge upon pretrial motions. Fed. R. Crim. Proc. Rules 12(b)(3)(A), (E). These are not defenses to the merits of the charges to be presented to the jury at trial. *United States v. Mausali*, 590 F.3d 1077, 1080 (9th Cir. 2010) (regarding defects in instituting the prosecution).

The defendant has not alleged or made any proffer of evidence that then-Assistant U.S. Attorney Johnson has percipient, first-hand knowledge of the defendant's underlying charged scheme other than what he learned from the gathered by the FBI. Unless the defendant can demonstrate that Judge Johnson has any percipient, first-hand knowledge of events that took place at the time of the

charged conduct, his subpoena should be quashed.

> **B. FBI Assistant Directors in Charge Sweeney and Delacourt, and Special Agents in Charge J.C. Hecker Have Not Been Noticed To Testify As To Any Relevant Matter, and Have No Direct, Percipient Knowledge Of The Investigation**

The subpoenas to FBI ADICs Sweeney and Delacourt, and SAC Hecker should be quashed because they have not been noticed to provide testimony as to any relevant matter within their personal knowledge.   As an initial matter, the defendant's *Touhy* affidavit does not establish that these witnesses have any first-hand knowledge of the defendant's investigation in New York, California, and Georgia.   The Superseding Indictment charges that the defendant operated a scheme and artifice to defraud from May 2013 to December 2016.   Superseding Indictment ¶ 12, ECF No. 154.   However, ADIC Delacourt did not take charge of the FBI Los Angeles office until October 2017.   Yates Decl. ¶ 8.   SAC Hacker did not take charge of the FBI Atlanta until November 2018.   *Id.* ¶ 10.   Moreover, the affidavit does not allege that any of these individuals within FBI's management had any involvement in the Williams investigation, in any capacity.

The subject of the requested testimony is also of minimal relevance but poses substantial risk of confusion of issues.   The defendant has been charged with 32 counts of wire and mail fraud, involving a scheme and artifice to defraud and obtain money from others in connection with a fraudulent mortgage debt relief

10

program.   The defendant seeks testimony from ADIC Sweeney, ADIC Delacourt, and SAC Hacker that the FBI received no complaints from his clients about his conduct in New York, California, and Georgia, respectively.   However, the mere fact that the FBI, which is just one federal investigative agency, did not receive complaints of the defendant's conduct in just three states—even if true—is not probative of the defendant's innocence.   This does not disprove or even address the proposition that the defendant may have conducted his scheme in other states, or that he conducted the scheme in those same states but was not caught, or that he conducted the scheme in those same states and was being investigated by other investigative agencies.   Thus, the absence of complaint evidence is of minimal relevance, and it is vastly outweighed by the risk of confusion of the issues.

Moreover, the subpoenas are unduly burdensome.   One of the purposes of the *Touhy* regulations is to protect the efficiency of the government.   *Marino*, 554 F.2d at 1125 ("Without a procedure governing demands by potential litigants, the efficiency of the Department could be greatly impaired.").   ADICs Sweemey and Delacourt, and SAC Hacker, manage three major FBI operations with hundreds of investigative agents and thousands of active investigations, which include the highest level of national security and terrorism cases.   The defendant should not be permitted to disrupt the operations of three FBI field offices to demand the testimony of FBI officials with no information directly relevant to the defendant's

11

defense.   The subpoenas to ADICs Sweeney and Delacourt, and SAC Hacker,
should be quashed.

### C.  "Joe Craig"

The government is not aware of any employee of the FBI by the name, "Joe
Craig."   Yates Decl. ¶ 11.

### D. SA Stranahan

Likewise, the subpoena to SA Stranahan should be quashed because the
defendant's affidavit does not identify any area of testimony from SA Stranahan
that would be admissible or that is relevant to the issues to be decided at trial.   The
defendant's *Touhy* affidavit indicates that SA Stranahan "was contacted by clients
of [Williams's] that fraud had been committed against them by other companies
and that [Williams] was the one assisting [them.]"   Attachment B, Isaacson Decl.
¶ 7.   The government is unaware of any other involvement that SA Stranahan had
in the investigation of the defendant's mortgage fraud activity.

First, according to the defendant's own affidavit, SA Stranahan has no first-
hand knowledge of any conduct by the defendant, but was evidently given
information about the defendant's conduct by others.   SA Stranahan would not be
able to testify as to the information given to her by others as that information
would be inadmissible hearsay, absent an applicable exception.   Fed. R. Evid. 802.
Should the defendant wish to introduce evidence of his own conduct, he must

testify himself or call witnesses with first-hand knowledge of that conduct.

Moreover, the defendant's *Touhy* affidavit does not identify any area of testimony from SA Stranahan that would be relevant to this prosecution.   Separate and apart from the hearsay hurdle, the proffered allegation that certain "clients of [the defendant]" had been defrauded in some unnamed way and that the defendant provided them assistance has no bearing on the Superseding Indictment.   The government intends to prove its wire and mail fraud charges, in part, by calling homeowner and lender/servicer victims to testify that the defendant defrauded them in connection with a mortgage debt reduction program.   The fact that the defendant purportedly assisted other individuals with respect to other matters has no bearing on the conduct charged in the Superseding Indictment.   Moreover, notice by the government of the defendant's purported altruism toward other individuals is not relevant to the charges in the Superseding Indictment.

Because SA Stranahan possesses no relevant knowledge, requiring her presence at trial would be unreasonable and oppressive.   SA Stranahan is based in Washington, D.C., and is currently on maternity leave.   Yates Decl. ¶ 4.   SA Stranahan cannot travel with her newborn and should not be required to leave her newborn to appear at trial to testify regarding a matter of such minimal relevance. The government requests that the Court quash the subpoena to SA Stranahan.

//

13

E.  <u>SA Lavelle</u>

The defendant's *Touhy* affidavit notices the same subject matter for the testimony of SA Lavelle as it does for the testimony of SA Stranahan.   Therefore, SA Lavelle's subpoena seeks testimony that is similarly objectionable.   However, SA Lavelle was the case agent for the FBI's investigation into the defendant's criminal conduct in Miami and, therefore, he possesses information that is relevant to this prosecution.   The government anticipates calling SA Lavelle in its own case-in-chief, and will not object to the defendant calling SA Lavelle in his own case for a relevant purpose.

<u>CONCLUSION</u>

For the foregoing reasons, the United States respectfully urges this Court to quash the subpoenas served upon Judge Ronald G. Johnson, and FBI ADICs Sweeney and Delacourt, SAC Hacker, and SA Stranahan.   The subpoenas for the FBI employees appear as attachments to Attachment B.

DATED:   January 27, 2020, at Honolulu, Hawaii.

KENJI M. PRICE
United States Attorney
District of Hawaii

By /s/ Gregg Paris Yates
   KENNETH M. SORENSON
   GREGG PARIS YATES
   Assistant U.S. Attorneys

14

Attorneys for Plaintiff
UNITED STATES OF AMERICA

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

<u>Served Electronically through CM/ECF:</u>

Lars Isaacson, Esq.
hawaii.defender@earthlink.net

Attorney for Defendant
ANTHONY T. WILLIAMS

Defendant to be served by First Class Mail on or by January 27, 2020:

Anthony T. Williams
Register No. 05963-122
Inmate Mail
FDC Honolulu
PO Box 30080
Honolulu, HI 96820

DATED:   January 27, 2020, at Honolulu, Hawaii.


/s/ Melena Malunao
U.S. Attorney's Office
District of Hawaii