KENJI M. PRICE  #10523
United States Attorney
District of Hawaii

KENNETH M. SORENSON
GREGG PARIS YATES  #8225
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
E-Mail:      gregg.yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00101 LEK |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S RESPONSE TO THE |
| | ) | DEFENDANT'S MOTION TO |
| vs. | ) | DISMISS; CERTIFICATE OF SERVICE |
| | ) | |
| ANTHONY T. WILLIAMS   (1), | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

GOVERNMENT'S RESPONSE TO THE
DEFENDANT'S MOTION TO DISMISS

The government respectfully submits this brief in response to Defendant

Anthony T. Williams's Motion to Dismiss (Motion).  ECF No. 806.  None of the

purported bases for the Motion support dismissal of the Superseding Indictment.

I.   <u>Allegation of Witness Tampering</u>

The Motion's accusation that the government engaged in witness tampering is baseless.  The Motion alleges that one of the defendant's witnesses, Melvyn Ventura, told another one of the defendant's witnesses, Rosy Esprecion, that "he had met with the prosecutors and that he no longer wanted to testify at trial." Motion Exh. A at 2, ECF No. 806-2.  Mr. Ventura is a homeowner victim in the scheme charged in the Superseding Indictment.  The attached declaration of Esprecion makes no mention of this conversation, but instead explains only in a conclusory fashion that Esprecion "believes the FBI and Prosecutors are engaged in 'witness tampering' in order to obtain an unlawful conviction. . . ."  Mot., Exh. A at 9 ¶ 10, ECF No. 806-2.  The Motion also attaches an email, purportedly from Mr. Ventura to Ms. Esprecion, in which he says he is "backing out of testifying for Anthony."  Mot. Exh. A at 16.

The government is not aware of any instruction or advice to Mr. Ventura to decline to testify at trial.  The government subpoenaed Mr. Ventura to testify in its own case-in-chief.  As of the date of this motion, it is the understanding of the government that Mr. Ventura fully intends to testify at trial.  Neither the undersigned attorneys nor the case agent in this matter has advised Mr. Ventura with respect to his obligations under the defendant's subpoena other than to contact the person indicated on the subpoena.

II.     Demand for Felony Charges Against the Attorneys for the Government

The Motion's demand for felony charges against the attorneys for the government is yet another effort by Williams to intimidate and bully the prosecution team with outlandish, fanciful allegations and demands lacking factual support.  Williams' motion in this regard is not an appropriate matter for the Court to order since it is the Executive Branch of our government that is vested with the power to initiate criminal charges.   The decision whether to prosecute as well as the determination of the charge to be filed, rests solely in the discretion of the prosecutor.  See *United States v. LaBonte*, 520 U.S. 751, 762, 117 S.Ct. 1673, 137 L.Ed.2d 1001 (1997) ("[T]he discretion a prosecutor exercises when he decides what, if any, charges to bring against a criminal suspect ... is an integral feature of the criminal justice system, and is appropriate, so long as it is not based upon improper factors."); *United States v. Batchelder*, 442 U.S. 114, 124, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979) (holding that the prosecutor has discretion to choose the statute under which the defendant is charged); *United States v. Nixon*, 418 U.S. 683, 693, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"). Moreover, "[c]ourts generally have no place interfering with a prosecutor's discretion regarding whom to prosecute, what charges to file, and whether to engage in plea negotiations." *United States v. Banuelos–Rodriguez*, 215 F.3d 969,

3

976 (9th Cir. 2000) (*en banc*).   Under the separation of governmental powers established by the Constitution, the executive branch has the primary responsibility for determining which violations of the law shall be prosecuted. See *United States v. Miller*, 722 F.2d 562, 565 (9th Cir. 1983) ("[S]eparation of powers requires that the judiciary remain independent of executive affairs.... Charging decisions are generally within the prosecutor's exclusive domain.")

III.   Production of Discovery Material

The defendant also erroneously accuses the government of withholding discovery from him that had purportedly been in the possession of the government since 2015.  As discussed below, this accusation is false.

A. January 8, 2020 Production – Discovery Disk 15

The defendant's accusation that the government has withheld the records produced on January 8, 2020 is baseless.  As part of its final pretrial preparation, the government has been re-interviewing witnesses.  These witnesses have been provided additional documents to the government.  As the government has been receiving new records, it has promptly made them available to the defendant and his standby counsel, Lars Isaacson, Esq.  On approximately January 7 or 8, 2020, James Evers, Enforcement Attorney, Office of Consumer Protection, provided the government with declarations signed by homeowner victims of the defendant who complained of being defrauded by the defendant.  The government promptly bates

labeled these declarations and provided them to the defendant and Mr. Isaacson on January 8, 2020 as Discovery Disk 15.  As the government produced these declarations as soon as it came into possession of them, the government complied with its discovery obligations.

     B. <u>January 13, 2020 Production – Discovery Disk 16</u>

     The defendant's accusation that the government produced "another discovery disc #16 which has over 1,400 additional pages of discovery" is misleading.  The production referenced by the defendant represents recorded telephone calls and e-mails from and to Anthony Williams, while he had been at the Federal Detention Center, Honolulu, from September 2017 to sometime in 2018.  The government uncovered this disk in December 2019, during a routine review of its files to ensure that all discovery had been produced to the defendant. When the disk was initially discovered, the U.S. Attorney's Office mistakenly believed that it had already been produced in discovery, and e-mailed standby counsel to verify this fact.  Exhibit A.  Later, it was determined that a previous production contained a different set of jailhouse calls and e-mails, and the re-discovered disk was promptly produced as Discovery Disk 16.  Exhibit B.

     In any event, the defendant has not been prejudiced by the late production of Discovery Disk 16.  The defendant has always had access to his own e-mails, notwithstanding the government's production of them to him.  Moreover, insofar

as the defendant was a party to jailhouse calls, they represent his own self-serving statements and conversations and would not represent *Brady* evidence.  Finally, none of the files contained on this disk appear on the government's exhibit list and the government has no intention to use any of these files in its case in chief.

    C.  January 21, 2020 Production – Discovery Disk 17

    The government also recently sent the defendant Discovery Disk 17 of pretrial disclosures required by *Giglio* and the Federal Rules of Evidence.  As the Court is aware, co-defendant Anabel Cabebe appeared before U.S. Magistrate Judge Kenneth Mansfield to enter a guilty plea to an Information, pursuant to a plea agreement.  Because the government reserves the right to call Cabebe to testify at trial, the government has produced her plea agreement to the defendant, pursuant to its *Giglio* obligations.

    The government also has been working to create summary chart exhibits of voluminous records, which it intends to introduce as substantive evidence pursuant to Fed. R. Evid. Rule 1006.  As required by the rule, the government gave notice to the defendant and produced two summary charts on Discovery Disk 17.  Rule 1006 ("The proponent must make the originals or duplicate available for examination or copying, or both, by other parties at a reasonable time and place.").  The government will shortly provide the defendant two updated charts, as well as two additional charts.

In sum, the defendant's accusations that the government has engaged in "illegal tactics or gamesmanship by . . . withholding discovery" are baseless.  The government has complied with its discovery and pretrial disclosure obligations and will continue to do so.

IV.   <u>Double Jeopardy</u>

The defendant has previously litigated his claim of double jeopardy in his Sworn Motion to Dismiss Superseding Indictment.  *See generally* Df. Mem. Law in Supp. Sworn Mot. Dismiss Exh. A-2 at 5-7, ECF No. 294-3.  This issue has been decided. Order Denying Defendant's Motion to Dismiss Superseding Indictment 21, ECF No. 330 ("The Court therefore concludes the charges against Defendant in the instant case do not violate his double jeopardy rights.") (October 1, 2018 Order).  The time to file for reconsideration of this decision has run because the Motion was filed "more than fourteen (14) days after the court's written [October 1, 2018 Order was] filed."  Local Rule 60.1 of the Rules of the U.S. District Court for the District of Hawaii.

//

//

//

//

//

//

CONCLUSION

In light of the foregoing, the government respectfully requests that the Court

deny the Motion.

DATED:  January 27, 2020, at Honolulu, Hawaii.


KENJI M. PRICE
United States Attorney
District of Hawaii


By */s/ Gregg Paris Yates*
GREGG PARIS YATES
Assistant U.S. Attorney

8

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

<u>Served Electronically through CM/ECF:</u>

Lars Isaacson, Esq.
hawaii.defender@earthlink.net

Attorney for Defendant
ANTHONY T. WILLIAMS

Defendant to be served by First Class Mail on or before January 28, 2020:

Anthony T. Williams
Register No. 05963-122
Inmate Mail
FDC Honolulu
PO Box 30080
Honolulu, HI 96820

DATED:  January 27, 2020, at Honolulu, Hawaii.


*/s/ Gregg Paris Yates*
U.S. Attorney's Office
District of Hawaii