# MINUTE ORDER

CASE NUMBER:     CRIMINAL NO. 17-00101 LEK-1

CASE NAME:       USA v. (1) Anthony T. Williams

JUDGE:    Leslie E. Kobayashi          DATE:         1/28/2020

EO: COURT ORDER GRANTING IN PART AND DENYING IN PART "DEFENDANT'S (1) MOTION FOR ORDER THAT DEFENDANT TO BE TRANSPORTED TO CELL BLOCK THROUGH DURATION OF TRIAL AND (2) REQUEST FOR STATUS CONFERENCE"

On January 17, 2020, pro se Defendant Anthony T. Williams ("Williams"), through his stand-by counsel, Lars Isaacson, Esq., filed "Defendant's (1) Motion for Order that Defendant to Be Transported to Cell Block Through Duration of Trial and (2) Request for Status Conference" ("1/17/20 Motion"). [Dkt. no. 783.] The Court finds that: the 1/17/20 Motion is suitable for disposition without a hearing pursuant to Local Rule 7.1(c); and it is not necessary for Plaintiff the United States of America ("the Government") to file a response to the 1/17/20 Motion.

I.     **Request for Transportation**

On November 25, 2019, this Court issued an entering order titled "Court Order Directing the Government and United States Marshals Service Regarding Production of Defendant Williams to the Federal Building or Courthouse for the Purpose of Reviewing Discovery Not Permitted to Be Transported into FDC Honolulu" ("11/25/19 EO"). [Dkt. no. 655.] The 11/25/19 EO directed the Government to make arrangements to provide a location within either the Prince Jonah Kalanianaole Kuhio Federal Building or the United States Courthouse for Williams to: 1) review encrypted data, produced by the Government to Williams in discovery, which contain visual depictions that are prohibited by Federal Bureau of Prisons rules and regulations from being transported into the Federal Detention Center - Honolulu ("FDC Honolulu" and "the restricted discovery"); and 2) examine certain property, seized by the Government pursuant to a search warrant, and belonging to Williams, that has been returned to Williams ("the returned property"). [11/25/19 EO at 1.] The 11/25/19 EO directed the United States Marshals Service ("USMS") to transport Williams to and from FDC Honolulu for the purpose of conducting such review and examination. [Id. at 2.] Williams was permitted a total of fifteen hours of review and examination, and the 11/25/19 EO stated he could file a motion to request additional time. [Id.]

The 1/17/20 Motion states that, since December 23, 2019, "Williams has been transported a number of times to the cellblock," pursuant to the 11/25/19 EO, but Williams's recent requests for transport have been rejected because, according to the USMS, Williams has already been provided the fifteen hours directed in the 11/25/19 EO. [1/17/20 Motion, Decl. of Counsel at ¶ 4.] In the 1/17/20 Motion, Williams requests additional time: "to continue to review the hard drives provided by the Government"; and to examine "his Kindle or Amazon Fire devices that were seized from him." [Id. at ¶ 5.] Williams fails to state how much additional time is reasonably necessary, and how much more of the materials needs to be reviewed. The 1/17/20 Motion also seeks a court order requiring the Government to return the iPhones that were seized from Williams, but which have not been returned to him. [Id.]

The 1/17/20 Motion is GRANTED insofar as the Court FINDS that an additional ten hours of examination and review time is warranted, subject to the limitations described in the 11/25/19 EO. The Government is HEREBY ORDERED to make arrangements with the USMS to allow Williams to review the restricted discovery and the returned property at the district court cellblock. The USMS is HEREBY ORDERED to transport Williams to and from FDC Honolulu for the purpose of examining the returned property and reviewing the restricted discovery until Williams and Mr. Isaacson, or his designee, have completed their review. Regarding Williams' examination and review, the Court ORDERS that Williams: shall not be permitted to enter or leave the location designated for his examination and review without the permission of the USMS; shall be permitted a minimum of two hours a day for his examination and review, but any amount of time exceeding the two hours shall be at USMS's discretion, based upon their assessment of manpower and transportation availability; and shall be permitted a total of ten hours, in addition to the hours provided pursuant to the 11/25/19 EO, for his examination and review.

No request for additional time will be considered until after Williams has completed the ten hours of examination and review. If at that time additional time is requested, Williams shall file a written motion asking for this Court's permission and his request must state his reasons as to why he was not able to complete the examination and review within the twenty-five total hours provided in the 11/25/19 EO and this Entering Order. The motion must identify **specific** reasons for requesting additional time. Williams is not required to disclose his trial strategy in the motion, but he is required to describe specific reasons why additional time is necessary. For example, he may state the total number of files contained in the restricted discovery and the average size of the files, without describing the contents of the files.

Williams's 1/17/20 Motion is DENIED to the extent that he requests: 1) more than ten additional hours to review the restricted discovery and to examine the returned property; and 2) the ability to review materials other than the restricted discovery and the returned property during the ten additional hours provided in this Entering Order. Williams's 1/17/20 Motion is also DENIED to the extent that he requests a court order for the return of the seized iPhones. That issue was not addressed in the 11/25/19 EO, and Williams must file a separate motion, supported by the appropriate legal authority, seeking to compel the Government to return the iPhones.

## II. Status Conference

Williams's 1/17/20 Motion also requests a status conference to address "various matters," such as whether the Government will produce additional discovery and whether the parties will enter into any stipulations regarding documents to be offered into evidence at trial. [1/17/20 Motion, Decl. of Counsel at ¶ 9.] Since the filing of the 1/17/20 Motion, Williams has filed: "Defendant's 'Sworn Motion for Stipulation of Facts and Evidence Not Disputed by the Government nor Private Attorney'" ("Stipulation Motion"); [filed 1/23/20 (dkt. no. 797);] and "Defendant's 'Motion to Continue Trial for 70 Days'" ("Motion to Continue"), [filed 1/27/20 (dkt. no. 812)]. The Motion to Continue addresses the effect of the Government's recent discovery productions. [Motion to Continue, Decl. of Counsel, Exh. A.] A nonhearing briefing schedule has been issued for the Stipulation Motion, and the Motion to Continue has been scheduled for hearing on January 29, 2020, at 10:00 a.m. [Dkt. nos. 810, 815.] The 1/17/20 Motion's request for a status conference is therefore DENIED as unnecessary.

IT IS SO ORDERED.


Submitted by: Agalelei Elkington, Courtroom Manager