# MINUTE ORDER

CASE NUMBER:   CRIMINAL NO. 17-00101 LEK-1

CASE NAME:    USA v. (1) Anthony T. Williams

JUDGE:  Leslie E. Kobayashi    DATE:   1/29/2020

EO:  COURT ORDER REGARDING MOTIONS TO QUASH SUBPOENAS

On January 29, 2020, this Court received a letter from Bruce Bahn, requesting that this Court quash the subpoena issued to him to secure his testimony during the trial in this case. Mr. Bahn's letter is CONSTRUED as a pro se motion to quash the Bahn Subpoena ("Bahn Motion"), and the Clerk's Office is DIRECTED to file the document as such.

Also on January 29, 2020, this Court received an unfiled Motion to Quash Subpoena from pro se Movant Jacquelyn Plasner Needelman, seeking to quash the subpoena issued to her to secure her testimony during trial ("Needelman Motion"). The Clerk's Office is DIRECTED to file the Needelman Motion.

At the outset, the Court notes that Defendant Anthony T. Williams ("Defendant") anticipates calling Mr. Bahn and Ms. Needelman as witnesses in the defense's case. Although Defendant's trial will begin on February 3, 2020, the defense case will not begin until approximately February 20, 2020. **In other words, Mr. Bahn and Ms. Needelman <u>are not required to appear at trial on February 3, 2020</u>. They will not be required to appear for testimony until after their respective motions to quash have been resolved.**

Defendant is HEREBY ORDERED to file a response to the Bahn Motion and a response to the Needelman Motion by **February 5, 2020**. In particular, Defendant's responses must address whether:

1) the witness's anticipated testimony would be relevant; <u>see</u> Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.");

2) requiring compliance with the respective subpoenas "would be unreasonable or

oppressive"; see Fed. R. Crim. P. 17(c)(2) (regarding motions to quash or modify subpoenas for documents and objects); see also, e.g., United States v. Mixon, No. CR-14-00631-001-TUC-JGZ, 2015 WL 13848985, at *2 (D. Ariz. Dec. 4, 2015) (granting a motion to quash subpoena for testimony at a hearing or trial "because compliance with the subpoena would be unreasonable and oppressive"); and

3) if the witness's testimony would be relevant, but it would be unreasonable or oppressive to require the witness to be physically present to testify in court, whether arrangements can be made for the witness to testify by video-conference from a location within a reasonable distance from his or her residence.

Plaintiff the United States of America ("the Government") may file an optional response to each motion to quash by **February 5, 2020**. No other documents addressing either the Bahn Motion or the Needelman Motion will be accepted, unless the person or entity seeking to file an additional document obtains permission from this Court to file the additional document.

A hearing on the Bahn Motion and the Needelman Motion will be held on **Monday, February 10, 2020, at 2:30 p.m.** Because Mr. Bahn and Ms. Needelman are both located outside of the State of Hawai`i, they are both granted permission to participate in the hearing by telephone. If either Mr. Bahn or Ms. Needelman wish to participate in the hearing by telephone, he or she must call this Court's courtroom manager, Agalelei Elkington, by no later than **February 6, 2020** to provide Ms. Elkington with the telephone number that he or she can be reached at for the hearing. If either Mr. Bahn or Ms. Needelman fails to contact Ms. Elkington, the Court will assume that person intends to appear at the February 10, 2020 hearing in person. The Court emphasizes that Mr. Bahn and Ms. Needelman may elect whether they wish to participate in the February 10, 2020 hearing by telephone or in person, but both Mr. Bahn and Ms. Needelman are required to participate in the hearing.

IT IS SO ORDERED.


Submitted by: Agalelei Elkington, Courtroom Manager