KENJI M. PRICE  #10523
United States Attorney
District of Hawaii

KENNETH M. SORENSON
GREGG PARIS YATES  #8225
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
E-Mail:     gregg.yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) CR. NO. 17-00101 LEK |
|---|---|
| Plaintiff, | ) |
|  | ) GOVERNMENT'S MOTION TO |
|  | ) EXCLUDE NON-RELEVANT FED. R. |
| vs. | ) EVID. RULE 702 TESTIMONY; |
|  | ) CERTIFICATE OF SERVICE |
| ANTHONY T. WILLIAMS   (1), | ) |
|  | ) |
| Defendant. | ) |
|  | ) |
|  | ) |

GOVERNMENT'S MOTTION TO EXCLUDE
NON-RELEVANT FED. R. EVID. RULE 702 TESTIMONY

   Defendant Anthony Williams has provided notice to the United States that he intends to call multiple "expert" witnesses during the defense case at the trial of the above matter.  For the reasons set forth below, this testimony must be excluded

as improper Rule 702 testimony and additionally because it lacks relevance to any issue at trial.

## LEGAL ARGUMENT

I.      Williams' Expert Notification

Williams, by way of a letter notification, has advised the United States that he intends to call the designated persons in the chart below as "experts" at trial. The summary next to each name is the verbatim recital given by Williams as to the substance of their expected testimony.

| Witness | Basis for "Expert" Testimony |
|---|---|
| Michael P. Brannon | "Dr. Bannan is expected to give testimony as to his evaluation of Mr. Williams and his opinion as to Mr. Williams' intelligence". |
| Leonard Horowitz | "Dr. Horowitz is expected to present expert testimony as to the existence of governmental corruption as well as being a fact witness in this case". |
| James W. Harper and/or Harlan Yu | "Mr. Harper and/or Mr. Yu is/are expected to testify as to the privacy interests and Constitutional protections of persons' electronic data.  They are also expected to testify as to unlawful search and seizure without probable cause in situations where there was no allegation from any victim or that the accused person committed a crime against that person". |
| Lynn Szymoniak, Esq. or other designee | "[a]s an expert in the area of predatory lending by mortgage companies". |
| Robert Young | "Mr. Young will testify as an expert in the retrieval of digital information". |
| Barry Scheck, Esq; Nancy Gertner; Robert M. Cary | "These individuals may testify as expert in the area of how corrupt prosecutors are when prosecuting people they know are innocent and the tactics the Government uses in such situations." |

| Email Expert | "An expert in the area of email generation and retrieval, to be designated by the Defendant." |
|---|---|
| Anthony Williams | "Anthony Williams will testify as [sic] any number of topics as an expert, including but not limited to: 1) the mortgage system in the United States; 2) predatory lending practices of mortgage companies; and 3) fraudulent activities of banks and mortgage companies." |

Federal Rule of Evidence 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

The first requisite for expert testimony is that the person must be an expert. Rule 702 provides an expert is a person qualified by "knowledge, skill, experience, training or education" to assist the trier of fact in understanding issues relevant at trial. Rule 702 was amended in 2000 in response to *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). *Daubert* assigned a gatekeeping function to trial judges to exclude

unreliable scientific expert testimony. *Kumho* extended this gatekeeping function not only to scientific testimony but also to all expert testimony. As the Advisory Committee Notes to the 2000 Amendments indicate, "[c]onsistently with *Kumho*, the Rule as amended provides that all types of expert testimony present questions of admissibility for the trial court in deciding whether the evidence is reliable and helpful."

Before admitting expert testimony into evidence, the district court must perform a "gatekeeping role" of ensuring that the testimony is both "relevant" and "reliable" under Rule 702. *Daubert*, 509 U.S. at 597, 113 S.Ct. 2786. "Relevancy simply requires that 'the evidence logically advance a material aspect of the party's case.'" *Estate of Barabin v. Asten Johnson*, Inc., 740 F.3d 457, 463 (9th Cir. 2014) (en banc). Rule 702 "contemplates a broad conception of expert qualifications." *Thomas v. Newton Intern. Enterprises*, 42 F.3d 1266, 1269 (9th Cir. 1994). "As the terms of the rule state, an expert may be qualified either by 'knowledge, skill, experience, training, or education.'" *Id*. (quoting Fed.R.Evid. 702). However, any opinion testified to by an expert must fall within his or her area of expertise. See *White v. Ford Motor Co.,* 312 F.3d 998, 1008–1009 (9th Cir. 2002) ("A layman, which is what an expert witness is when testifying outside his area of expertise, ought not to be anointed with ersatz authority as a court-approved expert witness for what is essentially a lay opinion.")

II. Williams' Expert Notice is Insufficient Notice of
Expert Qualifications and Anticipated Testimony

Williams' expert notice to the United States is wholly defective in providing sufficient expert Fed. R. Crim. P. Rule 16 (b) obligations. Pursuant to Local Rule CrimLR16.1, Williams has a duty to properly comply with Rule 16 (b)(1)(C) with respect to proposed expert witnesses. When government counsel requested reciprocal discovery from Williams it was greeted with this response from Williams:

> Regarding the thirty (30) or more witnesses you want to know the information and communication that I have had with them, let me be very loud and lucid, that is none of your GODDAMN BUSINESS!!! You will know what they have to say at trial, if you are stupid enough to go forward with this bogus prosecution. Since I have not previously informed you as I have informed your lying colleague Ronald G. Johnson ("Satan's A Bad Lawyer"), what the numerical value of your name is and what it correlates to, I will give you the courtesy to let you know that your name Gregg Paris Yates has the same numerical value as ("Satan's A Dirty Dog"). Now you know what the DNA Code has exposed your name and your disposition to be, now you can understand why you cannot help but to be an evil, devious and mischievous charlatan.

More recently, in an apparent effort to provide the least possible expert disclosure possible, Williams provided the grossly deficient notice quoted above. This notice fails to provide the government, or the Court, with any way to gauge the relevance and reliability of his proposed evidence, or the qualifications of the

5

so-called "experts." The little guidance offered by Williams' notice reveals that nearly all of the proposed testimony is unrelated to the proof of any fact at issue in this case. Summaries such as "Dr. Bannan is expected to give testimony as to his evaluation of Mr. Williams and his opinion as to Mr. Williams' intelligence" or "Dr. Horowitz is expected to present expert testimony as to the existence of governmental corruption as well as being a fact witness in this case" offer little guidance on the substance of the actual testimony and the basis therefore. Williams has not filed a notice of an intent to pursue a mental health based defense. His personal IQ, whatever it might or might not be, is non-relevant. Proposed testimony about "government corruption" from a Dr. Horowitz, is also not relevant to Williams' defrauding poor homeowners of their money.

Testimony about privacy and Constitutional protection of personal data, unlawful search and seizure, and alleged predatory lending practices have no relevance to this case. Williams' proffered evidence from attorneys Barry Scheck, Nancy Gertner and Robert M. Cary states that they will testify "on how corrupt prosecutors are when prosecuting people they know are innocent and the tactics the Government uses in such situations." This line of evidence is not only offensive and untrue, it has no relevance to this case. Moreover, the Government has filed a motion *in limine* to exclude evidence of vindictive prosecution and unlawful

searches, which would affect whether the defendant may call five of his proffered experts, Scheckj, Gertner, and Cary, as well as James Harper and Harlan Yu.

In sum, Williams' notice is grossly deficient. Secondarily, even if it were sufficient, the underlying factual content is unrelated to the subject matter of this litigation. For the above reasons, Williams must not be permitted to turn this trial into a circus of unsupported, unreliable, non-relevant testimony that bears no connection to the charges Williams faces.

III. <u>Relevance</u>

It is apparent that Williams intends to conduct an evidentiary fishing expedition far beyond the permissible reach of Fed. R. Evid. 401. Rule 401 provides:

> Evidence is relevant if:
>
> **(a)** it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> **(b)** the fact is of consequence in determining the action.

Even when evidence is relevant, the Court may exclude it when its probative value is substantially outweighed the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time or the needless presentation of cumulative evidence. Fed. R. Evid. 403. The government has learned that Williams has subpoenaed multiple witnesses to Hawaii, many of whom appear to

have little to no relevant evidence to offer. Some appear to be subpoenaed simply to "observe" the trial and enjoy a week or so in Hawaii. Williams' boasted on a recently recorded YouTube video that Dr. Leonard Horowitz is being paid $6,000 to be an expert witness on "government corruption" at the trial of this case. Dr. Horowitz appears to be a former dentist who has a website which touts him as an "[a]ward winning author, filmmaker, whistleblower, music industry evolutionary and natural medicine pioneer". Other witnesses subpoenaed by Williams have contacted government counsel because they have no familiarity with Williams or this case. Based on our current knowledge of both expert and non-expert witnesses subpoenaed by Williams, it appears that much of their anticipated testimony is wholly non-relevant, or it presents the danger of confusing the issues presented, misleading the jury or a waste of time.

With the above in mind, the United States suggests the Court conduct a hearing pursuant to Fed. R. Evid. 104(a) in order to decide the preliminary question of admissibility of defense evidence. We suggest such a hearing may occur at the close of the government's case-in-chief, and prior to the defense case. At this juncture, the Court will have a fully informed understanding of the facts at issue and will likely be better positioned to decide issues of admissibility. The government suggests Williams can proffer the proposed substance and purpose of proposed witness testimony. The government could then make objections, if

deemed appropriate.  Otherwise, we will simply proceed to object, if and when appropriate, during defense witness testimony.  The advantage of a preliminary finding on admissibility is that witnesses could be spared travel to Hawaii if the Court determines their evidence to be inadmissible.

## CONCLUSION

Based on the foregoing the United States respectfully asks this honorable Court to reject Williams' proposed expert testimony as improperly noticed, non-relevant, unreliable evidence offered by witnesses lacking in the expertise and qualifications to render such opinions.

DATED:  January 29, 2020, at Honolulu, Hawaii.

KENJI M. PRICE
United States Attorney
District of Hawaii

By */s/ Gregg Paris Yates*
    KENNETH M. SORENSON
    GREGG PARIS YATES
    Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

Served Electronically through CM/ECF:

Lars Isaacson, Esq.
hawaii.defender@earthlink.net

Attorney for Defendant
ANTHONY T. WILLIAMS

Defendant to be served by First Class Mail on or before January 29, 2020:

Anthony T. Williams
Register No. 05963-122
Inmate Mail
FDC Honolulu
PO Box 30080
Honolulu, HI 96820

DATED: January 29, 2020, at Honolulu, Hawaii.

*/s/ Gregg Paris Yates*
U.S. Attorney's Office
District of Hawaii