# MINUTE ORDER

| | |
|---|---|
| CASE NUMBER: | CRIMINAL NO.  17-00101 LEK-1 |
| CASE NAME: | USA v. (1) Anthony T. Williams |

| | | | |
|---|---|---|---|
| JUDGE:   Leslie E. Kobayashi | | DATE: | 1/30/2020 |

**EO: COURT ORDER REGARDING MOTIONS IN LIMINE**

The Court hereby rules on the motions in limine filed in this matter as follows:

1.     **Government's Motion in Limine to Preclude any Testimony From *Pro Se* Defendant Anthony Williams in Narrative Form, filed January 15, 2020.**

On January 15, 2020, Plaintiff United States of America ("the Government") filed its Motion in Limine to Preclude Any Testimony from *Pro Se* Defendant Anthony Williams ("MIL #1").  [Dkt. no. 769.]  Pro se Defendant Anthony T. Williams ("Defendant") filed his opposition memorandum on January 23, 2020.  [Dkt. no. 795.]  In its motion, the Government recognizes Defendant has a right to present evidence on his behalf, including the right to take the witness stand and testify, but argues that he "does not have a right to present his testimony in narrative form."  [Id. at 3.]  Instead, the Government requests that Defendant should be precluded from testifying in a narrative fashion and be required to testify in a question and answer format.

Fed. R. Evid. 611(a) provides: "The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment."

The Court exercises its discretion and finds that it will be more efficient to permit Defendant to present his testimony in a narrative form, rather than ask himself questions and provide answers.  However, this Court also has the discretion to place a time limit on Defendant's testimony to avoid repetition, cumulative testimony, irrelevant testimony, and confusing the jury.  See United States v. Scott, 789 F.2d 795, 799 (9th Cir. 1986); Fed. R. Evid. 403.

Thus, the Court places a **two-hour limit** on Defendant's direct examination of

himself in narrative form, and a **one-hour limit** on his redirect examination of himself in narrative form.

At the conclusion of Defendant's allotted time for direct examination, if Defendant requests additional time for direct examination, he shall be permitted, outside the presence of the jury, to make an offer of proof as to additional testimony that he would have presented.  Likewise, at the conclusion of Defendant's allotted time for redirect examination, Defendant shall be accorded the same opportunity.  Defendant is reminded that his redirect examination of himself is limited to the areas covered in cross-examination, and he cannot offer testimony about matters other than what were asked in cross-examination.

For the foregoing reasons, MIL #1 is hereby DENIED.

2.        **Government's Motion *In Limine* for Exception to Witness Exclusion Rule, filed January 15, 2020.**

On January 15, 2020, the Government filed its Motion *In Limine* for Exception to Witness Exclusion Rule ("MIL #2").  [Dkt. no. 770.]  Defendant filed his opposition memorandum on January 23, 2020.  [Dkt. no. 795.]  In this motion, the Government requests that its case agent, Federal Bureau of Investigation, Special Agent Megan Crawley ("Special Agent Crawley"), be permitted to be present in the courtroom throughout the trial and states that Special Agent Crawley will be called to testify at trial as a summary witness.  [Id. at 1-2.]

Federal Rule of Evidence 615 ("Rule 615") governs the exclusion of witnesses from the courtroom:

> At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony.  Or the court may do so on its own.  But this rule does not authorize excluding:
>
> > (a) a party who is a natural person;
> >
> > (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney;
> >
> > (c) a person whose presence a party shows to be essential to presenting the party's claim or defense; or
> >
> > (d) a person authorized by statute to be present.

Fed. R. Evid. 615.  Here, Rule 615(b) is applicable.  The Advisory Committee Notes are instructive:

> Many district courts permit government counsel to have an investigative agent at counsel table throughout the trial although the agent is or may be a witness. The practice is permitted as an exception to the rule of exclusion and compares with the situation defense counsel finds himself in – he always has the client with him to consult during the trial. The investigative agent's presence may be extremely important to government counsel, especially when the case is complex or involves some specialized subject matter. The agent, too, having lived with the case for a long time, may be able to assist in meeting trial surprises where the best-prepared counsel would otherwise have difficulty. Yet, it would not seem the Government could often meet the burden under rule 615 of showing that the agent's presence is essential. Furthermore, it could be dangerous to use the agent as a witness as early in the case as possible, so that he might then help counsel as a nonwitness, since the agent's testimony could be needed in rebuttal. Using another, nonwitness agent from the same investigative agency would not generally meet government counsel's needs.
>
> This problem is solved if it is clear that investigative agents are within the group specified under the second exception made in the rule, for "an officer or employee of a party which is not a natural person designated as its representative by its attorney." It is our understanding that this was the intention of the House committee. It is certainly this committee's construction of the rule. Senate Report No. 93-1277.

Fed. R. Evid. 615 advisory committee's note to 1974 enactment.

Based on the foregoing reasoning, MIL #2 is hereby GRANTED, and Special Agent Crawley is permitted to be designated as the Government's representative.

**3.      Government's Motion *in Limine* to Proscribe Use of Interview Reports, filed January 15, 2020.**

On January 15, 2020, the Government filed its Motion *In Limine* to Proscribe Use of Interview Reports ("MIL #3"). [Dkt. no. 771.] Defendant filed his opposition memorandum on January 23, 2020. [Dkt. no. 795.] In this motion, the Government seeks to preclude introduction of the contents of investigative reports compiled by law enforcement on the basis that: (1) these reports are not Jencks Act witness statements but summaries; and (2) the reports are not admissible evidence and thus may not be published or entered into evidence.

First, the portion of the Jencks Act pertinent to the issue at hand is subsection (e) of the Act, which defines the term "statement" as:

> (1)    a written statement made by [a government] witness and signed or otherwise adopted or approved by him;
>
> (2)    a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or
>
> (3)    a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

18 U.S.C. § 3500(e).  Thus, if the investigative reports contain notes of interviews which were not adopted or approved by the witnesses nor were recorded substantially verbatim, then the information are not "statements" under the Jencks Act.  United States v. Griffin, 659 F.2d 932, 937 (9th Cir. 1981) ("If [the officer's testimony] that her rough notes of the interviews were neither read to each interviewee nor adopted or approved by any of them, is not disputed, then her rough notes cannot be 'statements' of the interviewees under § 3500(e)(1), which requires that a written statement be 'signed or otherwise approved.'").

Provided that the Government can establish (or the parties agree) that the interviewee's remarks were not substantially verbatim and contemporaneously recorded, or adopted or approved by the interviewee, then the investigative reports cannot be used as Jencks Act material.

Second, statements attributed to witnesses in the investigative reports (which are neither adopted by the witness nor substantially verbatim recordings of the statements given) are **not** admissible:

> While limited portions of police reports were admissible (United States v. Wolosyn, 411 F.2d 550, 551 (9th Cir. 1969)), statements in the reports which were attributed to other persons were generally excluded. United States v. Smith, 521 F.2d 957, 964 (D.C. Cir. 1975); United States v. Colvin, 479 F.2d 998, 1003 (9th Cir. 1973).

United States v. Sims, 617 F.2d 1371, 1377 (9th Cir. 1980) (footnote omitted).

Based on the foregoing, MIL #3 is hereby GRANTED, and Defendant is prohibited from using the contents of the investigation reports which contain statements attributed to witnesses but which have not been adopted by the witness nor contain substantially verbatim recordings of the statements given.  Specifically, Defendant shall

not be permitted to use in opening statement, introduce such statements attributable to witnesses as evidence nor publish the same to the jury at trial.

4. **Government's Motion *In Limine* to Exclude Evidence of Discovery Disputes, Alleged Search Warrant Defects, and False Claims or Selective or Vindictive Prosecution, filed January 15, 2020.**

On January 15, 2020, the Government filed its Motion *In Limine* to Exclude Evidence of Discovery Disputes, Alleged Search Warrant Defects, and False Claims or Selective or Vindictive Prosecution ("MIL #4"). [Dkt. no. 772.] Defendant filed his opposition memorandum on January 23, 2020. [Dkt. no. 795.] In this motion, the Government seeks to preclude introduction of evidence or argument regarding "various forms of alleged government investigative or pretrial misconduct, or court bias." [MIL #4 at 2.]

In a nutshell, evidence must be relevant to be admissible:

> Rule 402 of the Federal Rules of Evidence declares that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." In turn, Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." To be "relevant," evidence need not be conclusive proof of a fact sought to be proved, or even strong evidence of the same. All that is required is a "tendency" to establish the fact at issue. The Advisory Committee Notes to the 1972 Proposed Rules remind us that "[r]elevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case." In that relation, "[t]he fact to be proved may be ultimate, intermediate, or evidentiary; it matters not, so long as it is of consequence in the determination of the action." Id.

United States v. Curtin, 489 F.3d 935, 943 (9th Cir. 2007) (alterations in Curtin).

As noted in MIL #4, issues regarding defects in search warrants are issues of law that are for the Court to decide, not the jury. [MIL #4 at 3 (citing United States v. Washington, 705 F.2d 489, 495 (D.C. Cir. 1983)).] Such objections should have been raised in pretrial motions. See Fed. R. Crim. P. 12(b)(3)(C), (E). Alleged defects in the warrants are not relevant to the criminal charges against nor any defenses raised by

Defendant, and therefore not admissible before the jury.

For the same reasons, issues regarding alleged discovery abuses, selective or vindictive prosecution, and prosecutorial misconduct are for the Court to decide and are not relevant to the criminal charges against Defendant nor any defenses raised by Defendant, and therefore not admissible before the jury.

With regard to claims of judicial misconduct, Defendant is well aware that he may avail himself of filing complaints of misconduct against judicial officers in this matter with the Chief Judge of the Ninth Circuit. Nothing in this ruling, however, precludes him from raising such complaints at trial even though these allegations bear no relevance to the charges against nor any defenses Defendant may raise.

For the foregoing reasons, the Government's MIL #4 is hereby GRANTED. Defendant is put on notice that he shall **not** raise arguments, attempt to question witnesses, and seek to enter evidence regarding alleged defects in search warrants, alleged discovery abuse, alleged selective or vindictive prosecution, nor alleged prosecutorial misconduct before the jury. If he fails to abide by this ruling, he may be found by this Court to have refused to comply with the relevant rules of procedural and substantive law, and his *pro se* status will be revoked, and his stand-counsel will represent him as his defense counsel for the trial. See EO: Court Order Regarding Right to Self-Representation ("Self-Representation EO"), filed 1/7/20 (dkt. no. 754), at 2. Defendant is again reminded that, while the Sixth Amendment affords every criminal defendant the right to self-representation, this right is not absolute. See Faretta v. California, 422 U.S. 806, 819 (1975). His right may be forfeited by his refusal to follow this Court's orders and courtroom protocol:

> The right of self-representation is not a license to abuse the dignity of the courtroom. Id. [at 834 n.46]; see also United States v. Mack, 362 F.3d 597, 601 (9th Cir. 2004) ("A defendant does not forfeit his right to representation at trial when he acts out. He merely forfeits his right to represent himself in the proceeding."). An accused's Sixth Amendment right to conduct his own defense exists only so long as the accused "knowingly and intelligently foregoes his right to counsel" **and "is able and willing to abide by rules of procedure and courtroom protocol."** McKaskle v. Wiggins, 465 U.S. 168, 173, 104 S. Ct. 944, 79 L. Ed. 2d 122 (1984).

Hatten v. Yates, No. CV 06-3751 DMG(JC), 2011 WL 6941698, at *14 (C.D. Cal. June 15, 2011) (emphasis added), *report and recommendation adopted*, 2011 WL 6941697 (Dec. 29, 2011).

**5.      Defendant's "Private Attorney General Anthony Williams Motion in Opposition to Motion in Limines Submitted by the Corrupt Government Attorneys," filed January 23, 2020.**

On January 23, 2020, Defendant filed his Motion in Opposition to Motion in Limines Submitted by the Corrupt Government Attorneys. [Dkt no. 795.] This Court construes this filing as Defendant's opposition memorandum to the motions in limine filed by the Government and determines this filing is not a motion seeking court action.

**6.          Defendant's "Motion in Limine #2," filed January 16, 2020.**

On January 16, 2020, Defendant filed Defendant's "Motion in Limine #2" ("Defendant's MIL #2"). [Dkt. no. 780.] Defendant asks this Court to preclude evidence that Defendant attempted to use fake stamps. The Government filed its Response to the Defendant's Motion *in Limine* Regarding Fraudulent Postage Evidence on January 20, 2020 ("Opposition"). [Dkt. no. 784.]

On January 8, 2020, the Government filed its Fed. R. Evid. 404(b) disclosure which gave notice that it "will introduce evidence that the defendant attempted to utilize fake stamps to send MEI and CLOA-related communications, without paying postage." [Government's Opp. at 2 (quoting Exh. A at 2).] The Government argues that the use of the fake stamps is direct evidence of Defendant's scheme and artifice to defraud others. Given that Defendant is charged with mail fraud, evidence regarding the use of fake stamps is relevant and thus admissible. See Fed. R. Evid. 402.

For the foregoing reasons, Defendant's MIL #2 is hereby DENIED.

Moreover, Defendant is reprimanded for his use of derogatory and harassing language in Defendant's MIL #2 by referring to the prosecutor as a "pettifogger" and using language stating that the Government should be prevented from "blatantly lying on the record." See Def's MIL #2, Decl. of Counsel, Exh. A. Defendant is once again reminded that his *pro se* status will be revoked if he continues to refuse to follow this Court's orders and courtroom protocol. See Self-Representation EO at 2; EO: Court Order Regarding the Filing of Documents with Unnecessary Personal Identifying Information, filed 1/8/20 (dkt. no. 759), at 1.

**IT IS SO ORDERED.**

Submitted by: Agalelei Elkington, Courtroom Manager