# MINUTE ORDER

CASE NUMBER:       CRIMINAL NO. 17-00101(01) LEK

CASE NAME:         United States v. Anthony T. Williams

JUDGE:   Leslie E. Kobayashi

DATE:    02/02/2020

COURT ACTION:  EO:  COURT ORDER DENYING DEFENDANT'S "SWORN MOTION TO DISMISS"

On January 25, 2020, pro se Defendant Anthony T. Williams ("Defendant") filed Defendant's "Sworn Motion to Dismiss" ("1/25/20 Motion to Dismiss"). [Dkt. no. 806.] Plaintiff the United States of America ("the Government") filed its memorandum in opposition to the 1/25/20 Motion to Dismiss on January 27, 2020. [Dkt. no. 818.] The Court finds that the 1/25/20 Motion to Dismiss is suitable for disposition without a hearing, pursuant to Local Rule 7.1(c).

I.      **Request for Dismissal Based on Witness Tampering**

Defendant first argues the charges against him should be dismissed because the Government tampered with one of his intended trial witnesses, Melvyn Ventura. According to Defendant, after meeting with one of the Government's attorney, Mr. Ventura is no longer willing to testify in the defense case. [1/25/20 Motion to Dismiss, Decl. of Counsel, Exh. A at 2 of 18 to 3 of 18.] According to the Government, Mr. Ventura is one of the homeowners who were victims of the scheme that is the basis for the charges against Defendant, and the Government has subpoenaed him to testify in the Government's case-in-chief. The Government states: it is not aware that anyone has instructed or advised Mr. Ventura not to testify at trial; and its understanding is that Mr. Ventura intends to testify at trial. Neither the Government's attorneys nor the case agent advised Mr. Ventura regarding Defendant's subpoena to him, except to advise Mr. Ventura to contact the person identified in the subpoena. [Mem. in opp. at 2.]

> A federal court may dismiss an indictment for either:
> (1) constitutional error; or (2) under the exercise of its inherent supervisory authority, based on (with some limitations) its own

> "procedural rules not specifically required by the Constitution or the Congress." <u>Bank of Nova Scotia v. United States</u>, 487 U.S. 250, 254 (1988) (internal citation and quotation marks omitted); <u>see also</u> <u>United States v. Caruto</u>, 663 F.3d 394, 397 (9th Cir. 2011). . . .
>
> One ground for dismissal of an indictment for constitutional error is a due process violation based on outrageous government conduct, which requires that "defendants . . . show conduct that violates due process in such a way that it is so grossly shocking and so outrageous as to violate the universal sense of justice." <u>United States v. Stinson</u>, 647 F.3d 1196, 1209 (9th Cir. 2011) (internal citation and quotation marks omitted). "The defense is therefore limited to extreme cases in which the government's conduct violates fundamental fairness." <u>Id.</u> (internal citation and quotation marks omitted).

<u>United States v. Kealoha</u>, CR. NO. 17-00582 JMS-RLP, 2019 WL 847729, at *1 (D. Hawai`i Feb. 21, 2019) (some alterations in <u>Kealoha</u>).

The Government admits that its attorneys have spoken to Mr. Ventura in its preparation for its case-in-chief, but that is not enough to constitute prosecutorial misconduct. The materials that Defendant submitted, including the affidavit by Rosy E. Thomas and the purported email message written by Mr. Ventura, do not prove that the Government tampered with Defendant's witness. Although Mr. Ventura may have changed his opinion about the merits of Defendant's position, the Government's communication with Mr. Ventura, who is also one of the Government's intended trial witnesses, is not the type of outrageous conduct required to warrant dismissal for prosecutorial misconduct. See <u>Stinson</u>, 647 F.3d at 1209. Moreover, if Mr. Ventura is called as a Government witness, Defendant will have the opportunity to cross-examine him, and this Court will also allow Defendant to ask Mr. Ventura questions that Defendant would have asked Mr. Ventura if Defendant called Mr. Ventura during the defense case. If the Government elects not to call Mr. Ventura, he can be compelled to appear because he has been served with a subpoena. <u>See</u> Return of Service on Subpoena, filed 11/4/19 (dkt. no. 630).

Ms. Thomas's affidavit states she "heard a recorded call on December 7, 2019, published on YouTube from another witness of Mr. Williams who was contacted by a man, who claimed himself from the U.S. Marshal, named Stan Salas, who threatened the witness not to support Mr. Williams . . ." [1/25/20 Motion to Dismiss, Decl. of Counsel, Exh. A at 9 of 18, ¶ 4.] The 1/25/20 Motion to Dismiss does not identify the other witness, nor does it identify the YouTube recording. Thus, Defendant has failed to establish the type of outrageous conduct required to warrant dismissal for prosecutorial misconduct. Similarly, none of the other allegations in the 1/25/20 Motion to Dismiss rise to the level of outrageous conduct warranting dismissal.

To the extent that the 1/25/20 Motion to Dismiss requests dismissal based on Defendant's allegation that the Government has tampered with his witnesses, the motion is DENIED.

## II.     Request for Dismissal Based on Discovery Violations

Defendant also argues the charges against him should be dismissed because the Government withheld discovery material from him until approximately three weeks before trial. [1/25/20 Motion to Dismiss, Decl. of Counsel, Exh. A at 3 of 18.] This argument is rejected for the reasons stated in the Government's memorandum in opposition, [mem. in opp. at 4-7,] and during the hearing on Defendant's motion to continue the trial. See Minutes, filed 1/29/20 (dkt. no. 836), at 1. To the extent that the 1/25/20 Motion to Dismiss requests dismissal based on alleged discovery abuses, the motion is DENIED.

## III.    Request for Dismissal Based on Double Jeopardy

Defendant next argues the charges against him should be dismissed because they violate his constitutional right against double jeopardy. [1/25/20 Motion to Dismiss, Decl. of Counsel, Exh. A at 3 of 18 to 4 of 18.] Defendant previously raised this argument in his July 20, 2018 "Sworn Motion to Dismiss Superseding Indictment" ("7/20/18 Motion to Dismiss"). [Dkt. no. 294.] This Court denied the 7/20/18 Motion to Dismiss in an order issued on October 1, 2018 ("10/1/18 Order"). [Dkt. no. 330.] This Court expressly rejected Defendant's double jeopardy argument. [10/1/18 Order at 21.]

To the extent that the 1/25/20 Motion to Dismiss is a motion for reconsideration of the 10/1/18 Order, it is untimely and could be denied on that basis alone. See Local Rule LR60.1 (stating motions for reconsideration based on "[m]anifest error of law or fact . . . must be filed and served within fourteen (14) days after the court's order is issued"). Moreover, Defendant's 1/25/20 Motion to Dismiss does not identify any newly available evidence or intervening change in the law since the 10/1/18 Order, and Defendant has not established any manifest error of law or fact in the 10/1/18 Order. See EO: Court Order Denying Def.'s "Motion in Opposition to Order Denying Private Attorney General Anthony Williams Selective Prosecution Motion," filed 11/27/19 (dkt. no. 677), at 1-2 (quoting motion for reconsideration standard). Defendant's mere disagreement with the 10/1/18 Order does not warrant reconsideration. See Order Denying Def.'s Motion for Reconsideration, filed 2/28/19 (dkt. no. 431), at 8 (quoting Riley v. Nat'l Ass'n of Marine Surveyors, Inc., Civil No. 14-00135 LEK-RLP, 2014 WL 4794003, at *1 (D. Hawai`i Sept. 25, 2014)). To the extent that the 1/25/20 Motion to Dismiss requests dismissal based on double jeopardy, the motion is DENIED.

**IV.     Remaining Issue and Summary**

Finally, Defendant argues that either this Court or one of the magistrate judges must have criminal charges brought against the Government's attorneys for witness tampering. Initiating criminal charges is not the within the powers of the federal courts. See United States v. Armstrong, 517 U.S. 456, 464 (1996) ("The Attorney General and United States Attorneys retain broad discretion to enforce the Nation's criminal laws." (citation and internal quotation marks omitted)). In the alternative, Defendant urges this Court or one of the magistrate judges to report the alleged witness tampering to "the proper authorities." [1/25/20 Motion to Dismiss, Decl. of Counsel, Exh. A at 3 of 18.] To the extent this Court has the discretion to make such a report, it declines to do so because this Court has found that the Government did not tamper with Defendant's witnesses, and it is clear that Defendant, and others acting on his behalf, are willing and able to make any reports of alleged witness tampering. See id. at 12 of 18 (email dated 12/8/19 form Rosy Thomas to internal.affairs@usdoj.gov). This portion of Defendant's 1/25/20 Motion to Dismiss is therefore DENIED.

Defendant's 1/25/20 Motion to Dismiss is HEREBY DENIED in its entirety.

IT IS SO ORDERED.

Submitted by:  Theresa Lam, Courtroom Manager