KENJI M. PRICE  #10523
United States Attorney
District of Hawaii

KENNETH M. SORENSON
GREGG PARIS YATES  #8225
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
E-Mail:     gregg.yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00101 LEK |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S RESPONSE TO THE |
| | ) | DEFENDANT'S REQUEST FOR |
| vs. | ) | JUDICIAL NOTICE; CERTIFICATE OF |
| | ) | SERVICE |
| ANTHONY T. WILLIAMS   (1), | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

GOVERNMENT'S RESPONSE TO THE
DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

  The government respectfully submits this brief in response to Defendant

Anthony T. Williams's requests for judicial notice.  "Private Attorney General

Anthony Williams Mandatory Judicial Notice," Exh. A, ECF No. 813-2 (JN

Requests).¹ The defendant's requests for judicial notice should be denied in its entirety. The defendant seeks judicial notice of 51 discrete matters that fall into three (3) categories. Many of the defendant's proposed matters for judicial notice are not adjudicative facts that are appropriate for judicial notice. The remainder may not be noticed because the defendant has not supplied the Court with the information necessary to determine whether judicial notice is appropriate, or because they cannot be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.

## ARGUMENT

I. <u>Legal Standard</u>

Federal Rule of Evidence Rule 201(b) provides:

> The court may judicially notice a fact that is not subject to reasonable dispute because it:
> (1) is generally known within the trial court's territorial jurisdiction; or
> (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.

Rule 201 governs judicial notice of adjudicative facts only. Rule 201(a). Adjudicative facts are the facts relevant to the particular case. Adv. Cmte Notes, Note to Subdivision (a), 1972 Proposed Rules.

---

¹ The matters about which the defendant seeks the Court to take judicial notice shall also be referenced in this brief as "JN Requests."

The Advisory Committee has explained that "[t]he key to a fair trial is opportunity to use the appropriate weapons (rebuttal evidence, cross examination, and argument) to meet adverse materials that come to the tribunal's attention." Adv. Cmte. Notes, Note to Subsection (b), 1972 Proposed Rules, *quoting* "A System of Judicial Notice Based on Fairness and Convenience," Perspectives of Law, 69, 93 (1964). The Advisory Committee noted that judicial notice "dispens[es] with traditional methods of proof," and therefore, should be applicable "only in clear cases," i.e., where the facts are not in dispute. Thus, courts may not take judicial notice of matters that are subject to dispute and which are not self-evident. *Hardy v. Johns-Manville Sales Corp.*, 681 F.2d 334, 347 (5th Cir. 1982).

Moreover, Rule 201(c)(2) directs that courts must take notice if "a party requests it, provided that "the court is supplied with the necessary information." However, that language is subject to the limitation set forth in Rule 201(b), which requires that fact to be noticed not be subject to reasonable dispute. *Gulf Ins. Co. v. Glasbrenner*, 343 B.R. 47, 63 (S.D.N.Y. 2006), *aff'd* 273 Fed. Appx 90 (2d Cir. 2008).

II.    The Defendant's Propositions Are Not Appropriate For Judicial Notice

The defendant seeks judicial notice for 51 matters that fall into three (3) categories. Generally, the defendant requests that the Court take notice of: (1) reference materials and legal authorities [JN Requests 1, 2, 18-21, 45, 46(a)-

3

46(i), 47, 49 and 50]; (2) filings with various government agencies or courts [JN Requests 3-17]; and (3) factual claims that the defendant has not been charged for other acts in other jurisdictions [JN Requests 22-44, 48, and 51].  None of the requested matters are appropriate for judicial notice.

    A.  <u>Reference Materials and Legal Authorities</u>

JN Requests 1, 2, 18-21, 45, 46(a)-46(i), 47, 49 and 50 seek judicial notice of legal references and authorities.  JN Requests 1 and 2 ask the Court to take judicial notice of Black's Law Dictionary and Corpus Juris Secundum, Volume 7.  JN Requests 18-21, 45, 46(a)-46(i), 47, 49, and 50 seek notice of a U.S. statute, a Federal Rule of Civil Procedure, and numerous court decisions.

The defendant's request for judicial notice for references and legal authorities should be denied because Rule 201 applies to judicial notice of "adjudicative fact[s] only."  Rule 201(a).  Legal authorities are not matters for judicial notice.  Should the defendant seek a legal instruction, he must propose an appropriate jury instruction to the Court.

    B.  <u>Filings With Government and Courts</u>

JN Requests 3-17 seek judicial notice of documents filed with various government entities and courts.  JN Requests 3-17 should be denied because they do not request judicial notice of any fact relevant to this prosecution.

As a general rule, the fact that a document has been filed in a court or office may be an appropriate subject for judicial notice, with the appropriate foundation, if the fact that the document had been filed is not being challenged. *See, e.g.*, *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (judicial notice of a court's own records); *Valdivia v. Schwarzenegger*, 599 F.3d 984, 994 (9th Cir. 2010) (authentication of court transcripts by judicial notice appropriate where state did not challenge authenticity). However, judicial notice is not appropriate to admit any statement contained within the filed document, or the effect of the filed document. *See, e.g.*, *Madeja v. Olympic Packers*, 310 F.3d 628, 639 (9th Cir. 2002) (no abuse of discretion to deny judicial notice of filed documents that were not authenticated); *M/V American Queen v. San Diego Marine Constr.*, 708 F.2d 1483, 1491 (9th Cir. 1983) (no judicial notice of otherwise inadmissible statements merely because they are part of a court record or file).

JN Requests 3-17 are not proper matters for judicial notice because the defendant has not "supplied the necessary information" to the Court to establish that each referenced document has in fact been filed at the agency or court, as the defendant purports in his JN Requests. Rule 201(c)(2). Because the Court does not have sufficient foundation with respect to JN Requests 3-17, they should be denied. Additionally, the fact that the documents referenced in JN Requests 3-17 have been filed with some government agency or court is not relevant to a charge

5

or defense at issue in this matter, and the defendant has not argued otherwise. Thus, it appears that the defendant's purpose in seeking judicial notice of these documents is to reference a statement or argument contained within the document, or the effect of the document. As noted, these are not appropriate matters for judicial notice. *M/V American Queen*, 708 F.2d at 1491. Should the defendant seek to introduce these filings into evidence, he must authenticate them and introduce them through a proper witness.[2] JN Requests 3-17 should be denied.

C. Factual Issues Subject to Dispute

JN Requests 22-44, 48, and 51 ask this Court to judicially notice factual propositions that are subject to dispute and that are inappropriate for judicial notice. Broadly speaking, these propositions seek to establish the defendant's innocence by judicial notice of the fact that no criminal charges were filed against him in a number of states, for a variety of acts.

None of these matters is appropriate for judicial notice. First, none of these propositions is relevant to this prosecution. Evidence of the absence of prior or other charges is not relevant to whether the defendant committed the charges in the

---

[2] In any event, it appears that many of the referenced documents in Requests 3-17 were written and filed by the defendant himself, and would therefore be inadmissible hearsay if offered by him.

6

Superseding Indictment, and the risk of confusion would render that evidence inadmissible in any respect, and therefore inappropriate for judicial notice.

Moreover, the defendant has not established that any of the JN Requests is appropriate for judicial notice. Verification of each of the propositions contained within the JN Requests requires reference to external sources. The defendant has failed to supply these sources to the Court, as required by Fed. R. Evid. 201(c)(2). Finally, the facts underlying JN Requests are all subject to dispute. In light of the foregoing, JN Requests 22-44, 48, and 51 should be denied.

## CONCLUSION

In light of the foregoing, the government respectfully requests that the Court deny the defendant's Request for Judicial Notice.

DATED: February 2, 2020, at Honolulu, Hawaii.

KENJI M. PRICE
United States Attorney
District of Hawaii


By */s/ Gregg Paris Yates*
    KENNETH M. SORENSON
    GREGG PARIS YATES
    Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

Served Electronically through CM/ECF:

    Lars Isaacson, Esq.
    hawaii.defender@earthlink.net

    Attorney for Defendant
    ANTHONY T. WILLIAMS

Defendant to be served by First Class Mail on or before February 3, 2020:

    Anthony T. Williams
    Register No. 05963-122
    Inmate Mail
    FDC Honolulu
    PO Box 30080
    Honolulu, HI 96820

    DATED: February 2, 2020, at Honolulu, Hawaii.

    */s/ Gregg Paris Yates*
    U.S. Attorney's Office
    District of Hawaii