# MINUTE ORDER

CASE NUMBER:    CRIMINAL NO. 17-00101(01) LEK

CASE NAME:    United States v. Anthony T. Williams

JUDGE:    Leslie E. Kobayashi

DATE:    02/07/2020

COURT ACTION: EO: COURT ORDER DENYING "DEFENDANT'S 'PRIVATE ATTORNEY GENERAL ANTHONY WILLIAMS MANDATORY JUDICIAL NOTICE'"

On January 27, 2020, pro se Defendant Anthony T. Williams ("Defendant") filed "Defendant's 'Private Attorney General Anthony Williams Mandatory Judicial Notice'" ("Motion"). [Dkt. no. 813.] Plaintiff the United States of America ("the Government") filed a response to the Motion on February 2, 2020. [Dkt. no. 854.] The Court finds the Motion suitable for disposition without a hearing, pursuant to Local Rule 7.1(c).

In the Motion, Defendant makes fifty-one statements that he argues this Court must take judicial notice of pursuant to Fed. R. Evid. 201. [Motion, Decl. of Counsel, Exh. A ("Def.'s Mem.").] Only certain **facts** are subject to judicial notice. See Fed. R. Evid. 201(a) ("This rule governs judicial notice of an adjudicative fact only, not a legislative fact.").

> Adjudicative facts are simply the facts of the particular case. Legislative facts, on the other hand, are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body.

Fed. R. Evid. 201(a) advisory committee's note to 1972 proposed rules. Adjudicative facts are

> those which relate to the parties, or more fully:
>
> When a court or an agency finds facts concerning the immediate parties – who did what, where, when, how, and with what motive or

> intent – the court or agency is performing an adjudicative function, and the facts are conveniently called adjudicative facts.
>
> Stated in other terms, the adjudicative facts are those to which the law is applied in the process of adjudication. They are the facts that normally go to the jury in a jury case. They relate to the parties, their activities, their properties, their businesses.

Id. (ellipsis, citation, and internal quotation marks omitted). Rule 201 also states:

> (b) Kinds of Facts That May Be Judicially Noticed. The court may judicially notice a fact that is not subject to reasonable dispute because it:
>
> (1) is generally known within the trial court's territorial jurisdiction; or
>
> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
>
> (c) Taking Notice. The court:
>
> (1) may take judicial notice on its own; or
>
> (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.
>
> (d) Timing. The court may take judicial notice at any stage of the proceeding.

## I. Legal Authorities

Defendant makes several requests for judicial notice of legal authorities, including, among other things, court rules and case law. [Def.'s Mem. at requests 1, 2, 18-21, 45, 46.a-i, 47, 49, 50.] Defendant's Motion is DENIED as to those requests because the statements therein either are not facts or they are legislative facts. See Rule 201(a).

## II. Court or Agency Filings

Defendant next requests judicial notice of various filings with different courts and government agencies, including affidavits, lawsuits filed by Defendant, and rulings in other court cases. [Def.'s Mem. at requests 3-17.] Defendant's Motion does not provide the information necessary to support requests 3 to 17, i.e. the filings identified in those requests. See Rule 201(c)(2). The Motion is therefore DENIED as to requests 3 to 17.

Before attempting to submit any new request for judicial notice of court or agency filings, Defendant must consider the scope of judicial notice of such documents. The fact that a document has been **filed** in a court or with a government agency is something that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Rule 201(b)(2), but a court "can take judicial notice only of the **filing** of the documents, and not of the truth of the documents' **contents**." Hornish v. King Cty., 899 F.3d 680, 703 (9th Cir. 2018) (some emphases in Hornish) (citations omitted), *cert. denied sub nom.* Kaseburg v. Port of Seattle, 139 S. Ct. 1546 (2019).

## III. Civil Actions and Other Criminal Charges

Requests 22 to 44 include: requests for judicial notice that no criminal charges have been filed against Defendant in certain states; see, e.g., Def. Mem. at request 43; requests for judicial notice that no criminal charges have been filed against Defendant in any jurisdiction for certain offenses, such as for creating his "Sovereign Peace Officer badge"; [id. at request 24;] and requests for judicial notice of the lack of client complaints against him, see, e.g., id. at request 31. The Motion is DENIED as to requests 22 to 44 because the Motion does not include the information necessary to support these requests.

## IV. Other Requests and Summary

Request 48 raises some adjudicative facts that could be subject to judicial notice – that a company was created and who the company's principals are – but the Motion does not provide the required supporting information. Further, some portions of the request are not adjudicative facts, such as Defendant's allegation that the company referenced in the request is a "fraudulent copy cat company that actually defrauded homeowners." See id. at request 48. The Motion is therefore DENIED as to request 48.

Defendant's Motion is DENIED in its entirety.

IT IS SO ORDERED.

Submitted by: LEK LC1