# MINUTE ORDER

| | |
|---|---|
| CASE NUMBER: | CRIMINAL NO. 17-00101 LEK-1 |
| CASE NAME: | USA v. (1) Anthony T. Williams |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | DATE: | 2/13/2020 |

EO: COURT ORDER GRANTING THE GOVERNMENT'S MOTION TO EXCLUDE NON-RELEVANT FED. R. EVID. RULE 702 TESTIMONY

On January 29, 2020, Plaintiff the United States of America ("the Government") filed its Motion to Exclude Non-Relevant Fed. R. Evid. Rule 702 Testimony ("Motion"). [Dkt. no. 837.] Pro se Defendant Anthony T. Williams ("Defendant") presented his oral opposition to the Motion on February 12, 2020. [Minutes, filed 2/12/20 (dkt. no. 887), at 2.]

The Motion asks this Court to strike Defendant's proposed expert witnesses:

1) Michael P. Brannon;
2) Leonard Horowitz;
3) James W. Harper and/or Harlan Yu;
4) Lynn Szymoniak, Esq., or other designee;
5) Robert Young;
6) Barry Scheck, Esq.; Nancy Gertner; Robert M. Cary;
7) an email expert; and
8) Defendant.

[Motion at 2-3.] Defendant represents that the potential witnesses identified in numbers 3, 4, 5, 6, and 7 will not be called. The Government's Motion is therefore GRANTED insofar as to those potential witnesses will not be permitted to testify in this case.

Fed. R. Evid. 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

>  (b) the testimony is based on sufficient facts or data;
>
>  (c) the testimony is the product of reliable principles and methods; and
>
>  (d) the expert has reliably applied the principles and methods to the facts of the case.

The Ninth Circuit has stated:

> Before admitting expert testimony into evidence, the district court must perform a "gatekeeping role" of ensuring that the testimony is both "relevant" and "reliable" under Rule 702. Daubert [v. Merrell Dow Pharm., Inc.], 509 U.S. [579,] 597, 113 S. Ct. 2786 [(1993)]. "Relevancy simply requires that 'the evidence logically advance a material aspect of the party's case.'" [Estate of] Barabin [v. AstenJohnson, Inc.], 740 F.3d [457,] 463 [(9th Cir. 2014) (en banc)] (citation and internal alterations omitted). . . .
>
> The issue here is "reliability," which requires that the expert's testimony have "a reliable basis in the knowledge and experience of the relevant discipline." Id. (quoting Kumho Tire Co. v. Carmichael, 526 U.S. 137, 149, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999)). The district court must assess whether "the reasoning or methodology underlying the testimony is scientifically valid" and "properly can be applied to the facts in issue," Daubert, 509 U.S. at 592–93, 113 S. Ct. 2786, with the goal of ensuring that the expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field," Kumho Tire, 526 U.S. at 152, 119 S. Ct. 1167. "The test 'is not the correctness of the expert's conclusions but the soundness of his methodology,' and when an expert meets the threshold established by Rule 702, the expert may testify and the fact finder decides how much weight to give that testimony." Pyramid Techs., Inc. v. Hartford Cas. Ins. Co., 752 F.3d 807, 814 (9th Cir. 2014) (quoting Primiano v. Cook, 598 F.3d 558, 564 (9th Cir. 2010)).
>
> The reliability analysis is "a malleable one tied to the facts of each case," and "district courts are vested with 'broad latitude' to 'decide how to test an expert's reliability' and 'whether or not an expert's relevant testimony is reliable.'" Murray v. S. Route Mar. SA, 870

> F.3d 915, 922–23 (9th Cir. 2017) (quoting Kumho Tire, 526 U.S. at 152–53, 119 S. Ct. 1167).  Although Daubert identifies several factors that may be used for evaluating the reliability of an expert — whether the scientific theory or technique has been tested, peer reviewed, identified as having a particular rate of error, and generally accepted in the scientific community, see 509 U.S. at 592–94, 113 S. Ct. 2786 — district courts are not required to consider all (or even any) of these factors, nor are they required to hold a "Daubert hearing."  Barabin, 740 F.3d at 463–64.

United States v. Ruvalcaba-Garcia, 923 F.3d 1183, 1188–89 (9th Cir. 2019) (footnote omitted).

Defendant offers the Competency to Proceed Evaluation by Michael P. Brannon, Psy. D., as the proffer of Dr. Brannon's anticipated testimony.  See Def.'s Tr. Exh. 2123.  The simple fact is that Defendant's competency is not being challenged or put in issue by the Government or Defendant.  Thus, Dr. Brannon's testimony is not relevant because Defendant's competency is not at issue in the trial.  See Barabin, 740 F.3d at 463; see also Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").  The Government's Motion is therefore GRANTED insofar as Dr. Brannon will not be permitted to testify in this case.  In light of this ruling, it is not necessary to address the issue of whether Dr. Brannon is qualified to give expert testimony regarding competency.

Defendant presents the qualifications of Leonard G. Horowitz, D.D.M., see Def.'s Tr. Exh. 2124 (Dr. Horowitz's curriculum vitae ("CV")), and he states "'Dr. Horowitz is expected to present expert testimony as to the existence of governmental corruption as well as being a fact witness in this case,'" [Motion at 2 (quoting Defendant's letter to the Government identifying his intended expert witnesses)].  To the extent that Defendant offers Dr. Horowitz as an expert in government corruption, the Court finds that the qualifications set forth in Dr. Horowitz's CV do not support Defendant's position that Dr. Horowitz is an expert in that area.  Further, the Court concludes that issues of government corruption are not relevant to the issues at trial.  See, e.g., EO: Court Order Regarding Motions in Limine, filed 1/30/20 (dkt. no. 841), at 6 ("Defendant is put on notice that he shall not raise arguments, attempt to question witnesses, and seek to enter evidence regarding alleged defects in search warrants, alleged discovery abuse, alleged selective or vindictive prosecution, nor alleged prosecutorial misconduct before the jury.").  The Government's Motion is GRANTED insofar as Dr. Horowitz will not be permitted to testify as an **expert** witness for Defendant.  This ruling does not prevent Defendant from presenting Dr. Horowitz as a percipient witness in Dr. Horowitz's capacity as a client of Defendant and/or Mortgage Enterprise Investments ("MEI"), subject to the limits of relevancy.  That is, Defendant must first establish that the testimony is relevant to the charges against him.

Finally, Defendant intends to offer himself as an expert witness regarding "'any

number of topics . . . , including but not limited to: 1) the mortgage system in the United States; 2) predatory lending practices of mortgage companies; and 3) fraudulent activities of banks and mortgage companies.'" [Motion at 3.] Defendant has not established that he has the knowledge of and experience in either the banking industry or mortgage industry that would be necessary to qualify him as an expert in one or both of those fields. Defendant's knowledge and experience regarding banking and mortgages relates to his work with MEI and The Common Law Office of America ("CLOA"), both of which are part of the allegedly fraudulent scheme that resulted in the offenses Defendant is charged with.  See generally Superseding Indictment, filed 3/28/18 (dkt. no. 154).  Defendant's knowledge and experience from MEI and CLOA therefore do not qualify him to give expert testimony regarding banking and mortgages.  The Government's Motion is GRANTED insofar as Defendant will not be permitted to give **expert** testimony.

The Government's Motion is therefore GRANTED in its entirety.  None of Defendant's proposed expert witnesses will be permitted to testify at trial.  Dr. Horowitz and Defendant will be limited to providing testimony as percipient lay witnesses.

IT IS SO ORDERED.


Submitted by: Agalelei Elkington, Coutroom Manager