# MINUTE ORDER

| | |
|---|---|
| CASE NUMBER: | CRIMINAL NO. 17-00101 LEK |
| CASE NAME: | USA vs. Anthony T. Williams |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | DATE: | 2/24/2020 |

COURT ACTION:  EO: COURT ORDER REGARDING CROSS-EXAMINATION OF DEFENDANT AND THE GOVERNMENT'S REBUTTAL CASE

On February 24, 2020, pro se Defendant Anthony T. Williams ("Defendant") commenced his testimony in the defense case.

## I. Grand Theft Conviction

Plaintiff United States of America ("the Government") will be permitted to cross-examine Defendant regarding his prior conviction in the State of Florida for grand theft, in violation of Fla. Stat. § 812.014, and unlawful filing of false documents or records against property, in violation of Fla. Stat. § 817.535, in State of Florida v. Anthony Troy Williams, Case No. 17-74 CF 10, in the Seventeenth Judicial Circuit in and for Broward County, Florida (collectively "the Grand Theft Conviction").  See United States of America's Notice of Intent to Admit Crimes or Other Acts Evidence Pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b) Notice"), filed 4/18/18 (dkt. no. 223), Exh. A (Judgment for the Grand Theft Conviction), Exh. B (Sentence for the same case); see also Gov't Tr. Exh. 822.  This Court has previously ruled that Defendant opened the door to testimony regarding the Grand Theft Conviction during Defendant's cross-examination of Federal Bureau of Investigation Agent Joseph Lavelle by eliciting testimony that no charges against Defendant were filed in any federal court in Florida that are similar to the charges in the instant case.

> In a criminal prosecution, the government may introduce otherwise inadmissible evidence when the defendant "opens the door" by introducing potentially misleading testimony.  A defendant may open the door by minimizing, or attempting to explain away, a prior conviction.  See, e.g., United States v. Baylor, 97 F.3d 542, 545 (D.C. Cir. 1996) (noting that "a witness may 'open the door' to more extensive cross-examination by attempting to minimize the conduct for which he was convicted").  If a defendant opens the door, the prosecution may introduce evidence on the same issue to rebut any false impression that might have resulted from the earlier admission.

United States v. Osazuwa, 564 F.3d 1169, 1175–76 (9th Cir. 2009) (some citations and internal quotation marks omitted).  Although the charges in the Grand Theft Conviction were different from the offenses that have been charged in the instant case, the evidence in the instant case has shown that the charges Defendant was convicted of in the Grand Theft Conviction arise from a scheme that is sufficiently similar to the scheme to defraud that is at issue in the instant case to render the Grand Theft Conviction relevant to the instant case.

Further, the Government will be permitted to cross-examine Defendant regarding Grand Theft Conviction because it "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  See Fed. R. Evid. 404(b)(2).  As previously noted, the Government filed a timely notice of its intent to utilize evidence of the Grand Theft Conviction pursuant to Rule 404(b)(2).

## II.    Unauthorized Practice of Law Conviction

In light of the testimony given during Defendant's direct examination by stand-by counsel, the Government will be permitted to cross-examine Defendant regarding his prior conviction in the State of Florida for the unauthorized practice of law, in violation of Fla. Stat. § 454.23, and making false official statements, in violation of Fla. Stat. § 837.06, in State of Florida v. Anthony Williams, Case No. 15-14566 CF 10A, in the Seventeenth Judicial Circuit in and for Broward County, Florida (collectively "the Unauthorized Practice of Law Conviction").  See Rule 404(b) Notice, Exh. D (Judgment for the Unauthorized Practice of Law Conviction); see also Gov't Tr. Exh. 821.  The Government's use of such evidence is limited to impeachment purposes only.  See Fed. R. Evid. 609(a)(2) (stating evidence of prior criminal conviction "for any crime regardless of the punishment . . . must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement"); see also Fed. R. Evid. 105 ("If the court admits evidence that is admissible against a party or for a purpose – but not against another party or for another purpose – the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly.").

## III.   Other Issues Related to Florida Convictions

As to the Grand Theft Conviction and the Unauthorized Practice of Law Conviction, Defendant argues that it is fundamentally unfair to admit such evidence because this Court has previously ruled that Defendant is not permitted to call witnesses to testify regarding services that Defendant and his entities, including Mortgage Enterprise Investments ("MEI") and Common Law Office of America ("CLOA"), rendered to clients in other states, including Florida.  Defendant proposed to present such testimony to establish that his mortgage reduction system was effective in other states; Defendant did not propose such testimony to establish that either the Grand Theft Conviction or the Unauthorized Practice of Law Conviction was erroneous or illegally obtained.  If any portion of either the Grand Theft Conviction or the Unauthorized

Practice of Law Conviction was overturned or invalidated, Defendant has the opportunity to present court documents or records to that effect. Moreover, Defendant has presented his own testimony regarding the asserted effectiveness of his mortgage reduction system in other states. This Court therefore rejects Defendant's argument that admission of evidence regarding the Grand Theft Conviction and the Unauthorized Practice of Law Conviction is unfair in light of the exclusion of witnesses regarding Defendant's clients outside of Hawai`i. This Court reaffirms its prior rulings excluding the testimony of witnesses regarding Defendant's clients outside of Hawai`i.

To the extent it is necessary, and provided that the proper evidentiary foundation is laid, the Government may also introduce evidence regarding the Grand Theft Conviction and the Unauthorized Practice of Law Conviction in its rebuttal case.

### IV.    Hawai`i Injunction

Provided that the proper evidentiary foundation is laid, the Government will also be permitted to introduce evidence during its rebuttal case regarding the permanent injunction in State of Hawai`i v. Anthony Williams, et al., Civil No. 13-1-2484, filed in the State of Hawai`i First Circuit Court, enjoining Defendant from, *inter alia*, offering legal services. See Gov't Tr. Exh. 862. The conduct described in the injunction document is inextricably intertwined with the conduct that forms the basis of the charges against Defendant in the instant case. See United States v. Loftis, 843 F.3d 1173, 1178 (9th Cir. 2016) ("In the context of mail and wire fraud, we have held that uncharged transactions that are part of an overall scheme are part of the same transaction as the charged transactions, such that evidence of the uncharged transactions falls under the first inextricably intertwined exception." (internal quotation marks omitted)). While evidence regarding the permanent injunction will have some prejudicial effect on Defendant, it is substantially outweighed by the probative value of the evidence. See Fed. R. Evid. 403.

### V.    Tax Evidence

Finally, the Government will be permitted to cross-examine Defendant and introduce evidence, provided that the proper evidentiary foundation is laid, regarding Defendant's failure to pay income taxes on what Defendant has asserted are legitimate payments for services provided by Defendant, MEI, or CLOA. Such evidence is relevant to relevant to Defendant's treatment of funds collected from the persons the Government has characterized as Defendant's victims in this case. See United States v. Kuiken, 198 F. App'x 643, 647 (9th Cir. 2006) (citing United States v. Fuchs, 218 F.3d 957, 965 (9th Cir. 2000), and United States v. Ordonez, 737 F.2d 793, 811 (9th Cir. 1983), "which upheld the introduction of evidence concerning tax returns in criminal cases as relevant to the accuseds' characterization of the funds allegedly received as part of the underlying criminal schemes"). Although Defendant is not charged with tax fraud or tax evasion in the instant case, the purported failure to pay the appropriate taxes is inextricably intertwined with the conduct that forms the basis of the charges against him. See Loftis, 843 F.3d at 1178. Further, any prejudicial effect of such evidence on Defendant is substantially outweighed by the probative value of the evidence. See Rule 403.

IT IS SO ORDERED.


Submitted by: Agalelei Elkington, Courtroom Manager