# MINUTE ORDER

CASE NUMBER:      CRIMINAL NO. 17-00101(01) LEK

CASE NAME:      United States v. Anthony T. Williams

JUDGE:      Leslie E. Kobayashi

DATE:      02/28/2020

COURT ACTION:  EO:  COURT ORDER REGARDING DEFENDANT'S FEBRUARY 28, 2020 FILING

      On February 21, 2020, a status conference was held regarding the jury instructions and the special verdict form.  [Minutes, filed 2/21/20 (dkt. no. 924).]  The Court subsequently distributed versions of the jury instructions and the special verdict form that reflected the parties' agreements and the Court's rulings at the status conference.  The parties were instructed to submit to the Court, via email, any typographic, stylistic, and other non-substantive changes to the jury instructions and special verdict form.

      Plaintiff the United States of America ("the Government") submitted its proposed changes via email on February 27, 2020.  [Dkt. no. 937.]  Pro se Defendant Anthony T. Williams ("Defendant"), through his stand-by counsel, filed his proposed changes ("Defendant's Proposal") on February 28, 2020.  [Dkt. no. 936.]  The Court HEREBY RULES on the parties' suggested changes as follows:

1)      The Government's proposed changes to Instruction No. 16 are ADOPTED, over Defendant's objections.  The Government's proposed changes to this instruction: a) clarify the purpose for which the jury can consider evidence of Defendant's prior conviction in a Florida state court of the unauthorized practice of law; and b) show the distinction between the purpose for the evidence of the unauthorized practice of law conviction from the purposes for which the jury can consider evidence of Defendant's prior conviction in a Florida state court of grand theft.  Further, the Government's proposed changes are consistent with this Court's prior order addressing the introduction of evidence regarding those convictions.  See EO: Court Order Regarding Cross-Examination of Defendant and the Government's Rebuttal Case, filed 2/24/20 (dkt. no. 927), at 1-3.

2)     The Government's proposed changes to Instruction No. 31 are ADOPTED, over Defendant's objections. The underlining that the Government requests be removed from the instruction was inadvertently included in the version of the instruction that this Court distributed to the parties. The Court concludes that the underlying is not necessary for the instruction to constitute an accurate reflection of the applicable law.

3)     The Court has ruled that a redacted version of the Superseding Indictment, [filed 3/28/18 (dkt. no. 154),] must be provided to the jury with the special verdict form. The Government prepared a redacted version of the Superseding Indictment, pursuant to the Court's instructions at the February 21, 2020 status conference. Defendant objects to the Government's version and proposes additional redactions. See Def.'s Proposal, Decl. of Counsel, Exh. B. Defendant's proposed version of the Superseding Indictment is REJECTED because is in an incomplete version of the Superseding Indictment. The Government's redacted version of the Superseding Indictment will be provided to the jury, over Defendant's objections, because the Government's redactions are appropriate and the Government's redacted version is a complete presentation of the portions of the Superseding Indictment that are necessary to the jury's deliberations.

4)     Defendant also proposes two new jury instructions. See Def.'s Proposal, Decl. of Counsel, Exhs. C, D. First, the parties' submissions after the February 21, 2020 status conference were to be limited to typographic, stylistic, and other non-substantive changes; they were not given leave to propose new instructions. The Court, however, has considered Defendant's Exhibits C and D. Exhibit C is a proposed instruction regarding the Seventh Amendment to the United States Constitution and the right to a trial by jury. Exhibit D is a proposed instruction regarding article I, section 13 of the Hawai`i State Constitution and the right to a trial by jury.

      a)     These instructions are REJECTED because they are not relevant either to the charges against Defendant in this case or to his defenses. There has been evidence in this case that some of Defendant's clients – including some of the persons referred to in the counts charged in the Superseding Indictment – faced foreclosure proceedings, and Defendant argued on their behalf that any foreclosure would not be valid without a jury trial. However, whether or not those clients actually had a constitutional right to a jury trial in those proceedings is not relevant to either the charges or the defenses in this case. Further, providing the proposed instructions in Defendant's Exhibits C and D would like cause unnecessary jury confusion.

      b)     The proposed instruction in Defendant's Exhibit C is also REJECTED because there has been no evidence that any of Defendant's clients were facing judicial foreclosure actions in federal court. There has been evidence about proceedings in federal courts that involved some of Defendant's

>clients and/or associates, but those proceedings were not judicial foreclosure proceedings. Thus, Defendant's argument that there is a right to a jury trial in a judicial foreclosure action under federal law is not relevant.

The trial will proceed as scheduled on **March 2, 2020** for jury instructions and closing arguments.

IT IS SO ORDERED.

Submitted by:  LEK LC1