UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR NO. 17-00101 LEK |
| Plaintiff, | |
| vs. | |
| ANTHONY T. WILLIAMS | |
| Defendant. | |

## JURY INSTRUCTIONS

The jury instructions in the numerical order as read to the jury are attached hereto.

DATED:  Honolulu, Hawaii, March 2, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

JURY INSTRUCTION NO. 1

Members of the Jury:

You have now heard all of the evidence in the case
and will soon hear the final arguments of the lawyers
for the parties.

It becomes my duty, therefore, to instruct you on
the rules of law that you must follow and apply in
arriving at your decision in the case.

In any jury trial there are, in effect, two judges.
I am one of the judges; the other is the jury.  It has
been my duty to preside over the trial and to determine
what testimony and evidence is relevant under the law
for your consideration.  It is now my duty to instruct
you on the law applicable to the case.

JURY INSTRUCTION NO. 2

You, as jurors, are the judges of the facts.  But in determining what happened in this case -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow the law I am now defining for you.

You must follow all of my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I state to you.  That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I give it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the testimony and evidence in the case, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

JURY INSTRUCTION NO. 3

The indictment or formal charge against a defendant is not evidence.  The defendant is presumed to be innocent and does not have to present any evidence to prove innocence.  The government has the burden of proving every element of the charge beyond a reasonable doubt.  If it fails to do so, you must return a not guilty verdict.

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.

If after a careful and impartial consideration with your fellow jurors of all the evidence, you are not

convinced beyond a reasonable doubt that the defendant
is guilty, it is your duty to find the defendant not
guilty.  On the other hand, if after a careful and
impartial consideration with your fellow jurors of all
the evidence, you are convinced beyond a reasonable
doubt that the defendant is guilty, it is your duty to
find the defendant guilty.

## JURY INSTRUCTION NO. 4

As stated earlier, it is your duty to determine the facts, and in doing so, you must consider only the evidence I have admitted in the case.  The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections, or arguments made by the attorneys and Anthony Williams while representing himself are not evidence in the case.  The function of the attorneys and Anthony Williams while representing himself is to point out those things that are most significant or most helpful to their side of the case, and in doing so, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the attorneys and Anthony Williams while representing himself say are not binding upon you.

JURY INSTRUCTION NO. 5

Rules of evidence control what can be received into evidence.  During the course of trial, when a party asked a question or offered an exhibit into evidence and a party on the other side thought that it was not permitted by the rules of evidence, that party may have objected.  If I overruled an objection, the question was answered or the exhibit received.  If I sustained an objection, the question was not answered and the exhibit was not received.

Whenever I sustained an objection to a question, you must not speculate as to what the answer might have been or as to the reason for the objection.  You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken from the record; such matter is to be treated as though you had never known of it.

## JURY INSTRUCTION NO. 6

During the course of the trial I may have occasionally made comments to the parties, or asked questions of a witness, or admonished a witness concerning the manner in which he or she should respond to the questions. Do not assume from anything I said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I said during the trial in arriving at your own findings as to the facts.

JURY INSTRUCTION NO. 7

In this case, the parties have agreed, or stipulated, as to certain facts.  This means that they agree that these facts are true.  You should therefore treat these facts as having been conclusively proved.

JURY INSTRUCTION NO. 8

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as the testimony of an eyewitness.  Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the testimony and evidence in the case.

You are to consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

JURY INSTRUCTION NO. 9

Now, I have said that you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony.  In evaluating the testimony of a witness, you may consider:  (1) the opportunity and ability of the witness to see or hear or know the things testified to; (2) the witness' memory; (3) the witness' manner while testifying; (4) the witness' interest in the outcome of the case, if any; (5) the witness' bias or prejudice, if any; (6) whether other evidence contradicted the witness' testimony; (7) the reasonableness of the witness' testimony in light of all the evidence; and (8) any other factors that bear on believability.  You may accept or reject the testimony of any witness in whole or in part.  That is, you may believe everything a witness says, or part of it, or none of it.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact.  You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

## JURY INSTRUCTION NO. 10

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

JURY INSTRUCTION NO. 11

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify and state his or her opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves.  If you decide that the opinion of an expert witness is not based upon sufficient education and/or experience, or if you conclude that the reasons given in support of the opinion are not sound, or if you conclude that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

JURY INSTRUCTION NO. 12

A witness may be discredited or impeached by contradictory evidence by a showing that:  (1) the witness testified falsely concerning a material matter; or (2) at some other time, the witness said or did something that is inconsistent with the witness' present testimony; or (3) at some other time, the witness failed to say or do something that would be consistent with the present testimony had it been said or done.

If you believe that any witness has been so impeached, then it is for you alone to decide how much credibility or weight, if any, to give to the testimony of that witness.

## JURY INSTRUCTION NO. 13

A witness may also be discredited or impeached by evidence that the general reputation of the witness for truth and veracity is bad in the community where the witness now resides, or has recently resided.

If you believe that any witness has been so impeached, then it is for you alone to decide how much credibility or weight, if any, to give to the testimony of that witness.

JURY INSTRUCTION NO. 14

Evidence of the defendant's previous conviction in the State of Florida for the Unauthorized Practice of Law is to be considered by you only as it may affect the credibility of that defendant as a witness, and must never be considered as evidence of guilt of the crime for which that defendant is on trial.

## JURY INSTRUCTION NO. 15

You have heard testimony from Henry Malinay and Anabel Cabebe, witnesses who have pleaded guilty to crimes arising out of the same events for which the defendant is on trial.  These guilty pleas are not evidence against the defendant, and you may consider them only in determining these witnesses' believability.  You should consider these witnesses' testimony with greater caution than that of other witnesses.

JURY INSTRUCTION NO. 16

The testimony of a law enforcement officer should be weighed and considered, and credibility determined, in the same way as that of any other witness.  A law enforcement officer's testimony is not entitled to any greater weight, nor should you consider it more credible, than any other witness' testimony simply because it is given by a law enforcement officer.

## JURY INSTRUCTION NO. 17

Certain charts and summaries have been admitted in evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

## JURY INSTRUCTION NO. 18

The defendant is charged in Counts 1 through 15 of the Superseding Indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code. In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in, or devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises. Deceitful statements of half-truths may constitute false or fraudulent representations;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive or cheat; and

Fourth, the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendants' words and statements, but also the circumstances in which they are used as a whole.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

JURY INSTRUCTION NO. 19

In determining whether a scheme to defraud exists, you are entitled to consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

A defendant's actions can constitute a scheme to defraud even if there are no specific false statements involved. The deception need not be premised upon words or statements standing alone. The arrangement of the words or the circumstances in which they are used may create an appearance which is false or deceptive, even if the words themselves fall short of this. Thus, even if statements as part of the scheme are not literally false, you may consider whether the statements taken as a whole were misleading and deceptive. Evidence beyond a reasonable doubt that a scheme was reasonably calculated to deceive is sufficient to establish a scheme to defraud.

JURY INSTRUCTION NO. 20

The defendant is charged in Counts 16 through 32 of
the Superseding Indictment with mail fraud in violation
of Section 1341 of Title 18 of the United States Code.
In order for the defendant to be found guilty of that
charge, the government must prove each of the following
elements as to each defendant beyond a reasonable
doubt:

First, the defendant knowingly participated in or
devised a scheme or plan to defraud, or a scheme or
plan for obtaining money or property by means of false
or fraudulent pretenses, representations, or promises.
Deceitful statements of half-truths may constitute
false or fraudulent representations.

Second, the statements made or facts omitted as
part of the scheme were material; that is, they had a
natural tendency to influence, or were capable of
influencing, a person to part with money or property;

Third, the defendant acted with the intent to
defraud; that is, the intent to deceive or cheat; and

24

Fourth, the defendant used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

A mailing is caused when one knows that the mails will be used in the ordinary course of business or when one can reasonably foresee such use. It does not matter whether the material mailed was itself false or deceptive so long as the mail was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

## JURY INSTRUCTION NO. 21

You may determine whether a defendant had an honest, good faith belief in the truth of the specific misrepresentations alleged in the indictment in determining whether or not the defendant acted with intent to defraud.  However, a defendant's belief that the victims of the fraud will be paid in the future or will sustain no economic loss is no defense to the crime.

JURY INSTRUCTION NO. 22

A defendant may be found guilty of mail fraud or wire fraud even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To "aid and abet" means intentionally to help someone else commit a crime.  To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, someone else committed the charged mail fraud or wire fraud;

Second, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of mail fraud or wire fraud, with all of you agreeing on the element and the individual charge;

Third, the defendant acted with the intent to facilitate the wire fraud offenses charged in Counts 1-15 and/or the mail fraud offenses charged in Counts 16 through 32 of the Superseding Indictment; and

Fourth, the defendant acted before the crime was

completed.

It is not enough that a defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit mail fraud or wire fraud as charged in Counts 1 through 32.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

JURY INSTRUCTION NO. 23

You will note that the indictment charges that the offenses were committed "on or about" certain dates. The evidence need not establish with certainty the exact date of an alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that an offense was committed on a date reasonably near the date alleged.

JURY INSTRUCTION NO. 24

The word "knowingly," as that term has been used in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

JURY INSTRUCTION NO. 25

A separate crime or offense is charged in each count of the indictment.  Each charge and the evidence pertaining to it should be considered separately.  The fact that you may find the defendant guilty or not guilty as to one of the offenses charged should not control your verdict as to any other offense charged.

I caution you, members of the jury, that you are here to determine whether the defendant is guilty or not guilty from the evidence in this case.  The defendant is not on trial for any act or conduct or offense not alleged in the indictment.  Nor are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case.

Also, the punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the judge, and should never be considered by the jury in any way in arriving at an impartial verdict.

## JURY INSTRUCTION NO. 26

Some of you took notes during the trial.  Whether
or not you took notes, you should rely on your own
memory of what was said.  Notes are only to assist your
memory.  You should not be overly influenced by your
notes or those of other jurors.

JURY INSTRUCTION NO. 27

Remember that even during your deliberations, my mandate to you still applies that you not read any news stories or articles, listen to any radio, or watch any television reports about the case or about anyone who has anything to do with it.  Do not do any research, such as consulting dictionaries, searching the internet, or using other reference materials, and do not make any investigation about the case on your own. And do not discuss the case in any manner with others, directly or through social media.  You may only discuss the case with your fellow jurors during your deliberations, with all twelve of you  present.

JURY INSTRUCTION NO. 28

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

JURY INSTRUCTION NO. 29

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.  A verdict form has been prepared for your convenience.

(Explain Verdict Form)

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you desire to communicate with the court, please put your message or question in a note, have the foreperson sign the note, and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.  I caution you, however, that you should never state or specify your numerical division at any time.  For example, you should never state that "x" number of

jurors are leaning or voting one way and "x"  number of

jurors are leaning or voting another way.