KENJI M. PRICE #10523
United States Attorney
District of Hawaii

KENNETH M. SORENSON
GREGG PARIS YATES #8225
Assistant United States Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
E-Mail:     Ken.Sorenson@usdoj.gov
            Gregg.Yates@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) CR. NO. 17-00101 LEK |
|---|---|
| Plaintiff, | ) |
| | ) UNITED STATES'S RESPONSE TO |
| | ) DEFENDANT'S SECOND MOTION |
| vs. | ) FOR RETURN OF PROPERTY; |
| | ) CERTIFICATE OF SERVICE |
| ANTHONY T. WILLIAMS, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

UNITED STATES'S RESPONSE TO
DEFENDANT'S SECOND MOTION FOR RETURN OF PROPERTY

Pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure (Fed. R.

Crim. Proc.), the government respectfully responds to the defendant's Second

Motion for Return of Property (2d Rtn Prop. Mot.).  The Motion seeks the return of certain items that were "seized from [him] by the Broward Sheriff's Office[,]" which "transferred custody of the items to the Miami FBI."  2d Rtn. Prop. Mot. 1, ECF No. 961-2 at 2; Exhibit A.  The Motion identifies the items that the defendant seeks returned by reference to a photograph that the defendant acknowledges was received into evidence at his February 3, 2020 trial for wire and mail fraud, trial exhibit 602.  2d Rtn. Prop. Mot. 1, ECF No. 961-2 at 2; Exh. A.

The defendant's motion must be denied.  Contrary to the unsupported representation made in the Motion, all but three of the specific items referenced by the defendant are in the possession of the Broward County Sheriff's Office, which is an agency of the State of Florida.  Regarding the remaining three items, which were loaned to the Federal Bureau of Investigation (FBI) for the purpose of presentation at trial—a badge, identification, and handcuffs—they were presented to and relied upon by the jury when it reached its verdict finding the defendant guilty of wire and mail fraud.  Because this criminal matter is not concluded, the defendant is not entitled to return of these items.

## BACKGROUND

Anthony Williams was arrested by the Broward County Sheriff's Department in Miami, Florida pursuant to a Florida state arrest warrant as he

2

disembarked from an airplane.  Declaration of Gregg Paris Yates ¶ 2; Exhibit A (Trial Tr. 4:8-22, Feb. 3, 2020).

      On March 28, 2020, the defendant was charged in a thirty-two count Superseding Indictment.  ECF No. 154.  The defendant's trial began on February 3, 2020.  ECF No. 925.  FBI Special Agent Lavelle testified at trial that he witnessed the defendant's arrest.  *Id.*  At the time of Williams's arrest, Special Agent Lavelle witnessed that the defendant possessed a "rolling bag," "a gold-plated badge on his belt, a[n] identification badge of sorts on his lapel, and a pair of handcuffs," in addition to "[d]ocuments, checks, [and] things of that nature."  Yates Decl. Exh. A (Trial Tr. 5:2-7).  The items in Williams's possession at the time of his arrest were seized and photographed; the photographs of the items were admitted into evidence at the defendant's trial. Yates Decl. Exh. A (Trial Tr. 5:12-6:23); Exhs. B and C.

      At trial, SA Lavelle testified that he physically retrieved the gold-plated badge, the identification, and handcuffs from the Broward County sheriff's office in the weeks prior to trial, and brought them to FBI in Honolulu for use at trial. Yates Decl. Exh. A (Trial Tr. 7:1-9:15).  These items were also admitted into evidence at trial.  *Id.*

      Trial Exhibit 602 also depicted bank cards from Extraco, Wells Fargo, and Bank of America.  Yates Decl. Exh. B.  While these physical cards were not introduced into evidence, the jury heard from FBI forensic accountant Laurice

Otsuka, who testified that the FBI obtained records from each of these banks, including physical checks, which demonstrated that the defendant utilized these accounts to collect payments from his victims. Yates Decl. ¶ 5.

On March 3, 2020, after a four week trial, a federal jury returned a verdict of guilty upon all thirty-two counts in the Superseding Indictment.  ECF No. 946.

## ARGUMENT

I.   <u>Legal Standard</u>

Fed. R. Crim. Proc. Rule 41(g) governs the return of property seized pursuant to a warrant:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.  The motion must be filed in the district where the property was seized.  The court must receive evidence on any factual issue necessary to decide the motion.  If it grants the motion, the court must return to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

For the purposes of Rule 41(g), a "person aggrieved by an unlawful search or seizure" or "by the deprivation" of property is a person with a "proprietary or possessory interest in the seized property." *United States v. Colacurcio*, 499 F.2d 1401, 1406 (9th Cir. 1974), *citing Brown v. United States*, 411 U.S. 223 (1972). The person from whom property is seized bears the burden to prove that s/he is

entitled to lawful possession of the property. *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987).

Generally, a Rule 41(g) motion is properly denied if "the government's need for the property as evidence continues." *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993) (construing former Rule 41(e)). "[R]easonableness under all of the circumstances must be the test when a person seeks to obtain the return of property." Fed. R. Crim. P. 41(g) advisory committee's note to 1989 amendment. "[I]f the United States has a need for the property in an investigation or prosecution, its retention of property is generally reasonable." *Id.* Therefore, after indictment, an item of property should only be subject to Rule 41(g) if it is not pertinent to the ongoing prosecution.

II.   The Motion Is Misdirected And Filed In The Wrong Venue

The Motion should be denied. Most of the items at issue are not in the possession of the federal government, and three items that were borrowed by the government from the Broward County Sheriff's Office for use at trial. Moreover, separate and apart from whether the federal government is the appropriate target here, this Motion has been filed in the wrong venue.

The Motion only seeks the return of certain identifiable items depicted in a photograph, which the government introduced into evidence at trial as trial exhibit 602. 2d Rtn. Prop. Mot. 1, ECF No. 961-2 at 2; Exh. A; Yates Decl. Exh. B (trial

5

exhibit 602). The government is not in possession of most of the items depicted in trial exhibit 602: Special Agent Lavelle testified at trial that the items depicted in trial exhibit 602 were seized by the Broward County Sheriff's Office, not the FBI, at the time of the defendant's arrest. Yates Decl. Exh. A (Trial Tr. 4:6-5:7). Lavelle further testified that he retrieved only certain specific items from the Broward sheriff's office just prior to trial. *Id*. (Trial Tr. 6:14-7:7). These were a badge, an identification, and handcuffs. *Id*. (Trial Tr. 7:8-9:15). The remaining items remain with the Broward County Sheriff's Office.[1]

The defendant does not address the appropriateness of filing a motion to this Court for an order to the federal government to return items seized by and in possession of the State of Florida. Neither does the defendant explain why it is appropriate for this Court to order the return of three items that the government utilized at trial that were on loan from the State of Florida.

Separate and apart from whether this motion is misdirected, it is clear that the Motion has been filed in the wrong venue, if it is appropriate at all. Rule 41(g)

---

[1] The items sought in this Motion are distinguishable from the items that the defendant sought returned in his prior motion for return of property. ECF No. 398. The electronic devices and storage media at issue in that motion were also seized by the Broward County Sheriff's Office from the defendant. However, the Broward County Sheriff's Office turned over those devices and media to the FBI to support its investigation in 2015. Gov't's Resp. Df. Mot. Rtn Prop. 3, ECF No. 416. Accordingly, those devices were within the federal government's possession and subject to discovery at the time of the prior motion.

requires that a motion for the return of property be filed in "the district where the property was seized." The Motion acknowledges that the property at issue was seized in Florida; Special Agent Lavelle's testimony confirms this. Yates Decl. Exh. A (Trial Tr. 4:23-6:9). Accordingly, the Motion must be dismissed and re-filed in the appropriate district.

III.    The Defendant Is Not Entitled To Evidence
        That Remains Relevant To This Ongoing Matter

Separate and apart from whether this Motion is properly directed at the government, the defendant has failed to satisfy his burden that he is entitled to the return of the evidence he requests. The Motion acknowledges that trial exhibit 602 was admitted into evidence at his trial. 2d Mot. Rtn. Prop. 1; ECF No. 961-2 at 2 ("The government at trial submitted exhibit 602 which was a picture of some of the items seized from the undersigned . . . ."). The jury therefore relied upon trial exhibit 602, and by extension, all the physical items depicted within it, in its deliberation and in reaching its verdict finding the defendant guilty upon all counts of the Superseding Indictment. In particular, the government also separately introduced into evidence the defendant's fraudulent credentials, badge, and handcuffs. Yates Decl. Exh. A (Trial Tr. 7:1-9:15).

The government's need for the items at issue in the Motion continues because this matter is ongoing. On March 3, 2020, the defendant was convicted of mail fraud and wire fraud. The defendant has not yet been sentenced. To date, the

7

defendant has filed three (3) post-trial motions for acquittal or new trial. ECF Nos. 955, 961, 973. Should the defendant prevail upon his motion for a new trial, or upon appeal, the government will be required to retry the defendant, and will likely utilize the same evidence. Because the government can demonstrate an ongoing need for the evidence seized from the defendant, the Motion must be denied.

## CONCLUSION

In light of the foregoing, the government respectfully requests that Defendant's motion for return of property be denied.

DATED: April 20, 2020, at Honolulu, Hawaii.

> KENJI M. PRICE
> United States Attorney
> District of Hawaii
>
>
> By */s/ Gregg Paris Yates*
>   GREGG PARIS YATES
>   Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

Served Electronically through CM/ECF:

    Lars Isaacson, Esq.
    hawaii.defender@earthlink.net

    Attorney for Defendant
    ANTHONY T. WILLIAMS

Defendant to be served by First Class Mail:

    Anthony T. Williams
    Register No. 05963-122
    Inmate Mail
    FDC Honolulu
    PO Box 30080
    Honolulu, HI 96820

DATED: April 20, 2020, at Honolulu, Hawaii.

                                    /s/ Rowena Kang
                                    U.S. Attorney's Office
                                    District of Hawaii