|  |  |
|---|---|
| UNITED STATES COURT OF APPEALS | **FILED** |
| FOR THE NINTH CIRCUIT | APR 27 2020 |
|  | MOLLY C. DWYER, CLERK<br>U.S. COURT OF APPEALS |

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff-Appellee,<br><br>v.<br><br>ANTHONY TROY WILLIAMS,<br><br>        Defendant-Appellant. | No. 20-10019<br><br>D.C. No. 1:17-cr-00101-LEK-1<br>District of Hawaii,<br>Honolulu<br><br>ORDER |

Before: MURGUIA, OWENS, and BENNETT, Circuit Judges.

A review of the record and appellant's response to this court's February 14, 2020, order to show cause demonstrates that the court lacks jurisdiction over this appeal because the district court's January 6, 2020, order denying appellant's motion for access to an unmonitored telephone or a telephone provided by standby counsel, is not a final judgment or otherwise appealable order. *See* 28 U.S.C. § 1291; *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989) (finality requirement in criminal cases generally "prohibits appellate review until after conviction and imposition of sentence"). To the extent appellant's "Emergency Expedited Writ for the Court to Exercise its Supervisory Power" (Docket Entry No. 7) is intended as a petition for a writ of mandamus, rather than a response to the court's order to show cause, it is denied because appellant has not shown that

he "has no other adequate means, such as a direct appeal, to attain the relief he . . . desires." *Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654 (9th Cir. 1977).

**DISMISSED.**