IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 17-00101 LEK |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **[973] MOTION DEMANDING** |
| vs. | ) | **ACCESS TO COURTS AND [979]** |
| | ) | **MOTION TO SUPPLEMENT** |
| ANTHONY WILLIAMS, | ) | **MOTION TO DEMAND ACCESS TO** |
| | ) | **THE COURT** |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S [973] MOTION
DEMANDING ACCESS TO COURTS AND [979] MOTION TO
SUPPLEMENT MOTION TO DEMAND ACCESS TO THE COURT**

Defendant Anthony Williams ("Defendant") filed a Motion Demanding Access to Courts on April 17, 2020, ECF No. 973, and a Motion to Supplement Motion to Demand Access to the Court on April 22, 2020, ECF No. 979 (together, the "Motion"). The Government filed a response to the Motion on May 29, 2020 ("Response"). ECF No. 996. The Court decides this matter without a hearing pursuant to 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii, as incorporated by Rule 12.3 of the Criminal Local Rules.

On March 28, 2018, Defendant was charged in a thirty-two count Superseding Indictment. ECF No. 154. On March 3, 2020, following a fifteen-day jury trial, Defendant was convicted of thirty-two counts of wire fraud and mail

fraud. ECF No. 946. Following Defendant's conviction, on March 11, 2020, the World Health Organization declared that the COVID-19 virus had reached pandemic status. On March 13, 2020, President Donald J. Trump declared a national emergency in light of the COVID-19 pandemic. Shortly thereafter, the State of Hawaii and the City and County of Honolulu each issued stay at home/work from home orders, requiring Honolulu residents to stay in their residences unless they met certain essential exemptions. Very recently, the State and the City have issued various "reopening" orders, allowing for the gradual reopening of businesses and other operations in Honolulu.

As set forth in detail in the Government's Response, the Bureau of Prisons ("BOP") and FDC Honolulu have taken national and local measures to mitigate the spread of COVID-19 within BOP facilities. Early in the COVID-19 emergency, FDC Honolulu curtailed outside visitors and instituted mandatory quarantine policies for new detainees. BOP suspended social and legal visits, limited access for contractors and volunteers, and established enhanced screening for staff and inmates. FDC Honolulu maximized social distancing by staggering meal times and recreation times.

On March 31, 2020, the BOP began limiting inmate out-of-cell time to 90 minutes per day. Response at PageID#: 8605. During this 90 minute period, the inmates were permitted to shower, make telephone calls, and access e-mail in

groups of up to thirty inmates.  *Id.*

On April 13, 2020, the BOP expanded inmate out-of-cell time to 90 minutes, every other day in groups of no more than ten inmates.  *Id.*  During this 90 minute period, inmates can access e-mail, review electronic discovery, and conduct legal research at multiple terminals equipped with the electronic law library.  *Id.* at PageID#: 8605-06.  Legal calls are scheduled separate and apart from inmates' out-of-cell time.  *Id.* at PageID#: 8606.  Legal calls can be scheduled during regular business and evening hours by counsel or the inmate's request.  *Id.*

In his Motion, Defendant asserts that these restrictions deny him sufficient access to the law library to adequately pursue his appeal of his conviction.  Defendant seeks a Court order re-opening the law library for his exclusive use four hours a day, unlimited nighttime access to a computer, and permission to bring a hard drive into the FDC.

The Motion is another attempt by Defendant to challenge the conditions of his confinement.  As such, and consistent with its numerous prior rulings on similar motions, the Court finds that Defendant must exhaust the BOP administrative process before challenging such conditions in this Court.

"The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law."  *Woodford v. Ngo*, 548 U.S. 81, 88 (2006) (quoting *McKart v. United States*, 395 U.S. 185, 193 (1969)). "The doctrine

provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" *McKart*, 395 U.S. at 193 (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938)). The Court specifically outlined the BOP grievance process for the Defendant in its March 7, 2018 Order at 4-5, ECF No. 132. Defendant has been on notice since at least that time of the exhaustion requirement before seeking redress from this Court. *Id.* Accordingly, because there is no information before the Court indicating that Defendant has exhausted his administrative remedies, the Court DENIES the Motion.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, June 2, 2020.

Kenneth J. Mansfield
United States Magistrate Judge

*United States of America v. Williams*, Crim. No. 17-00101 LEK; Order Denying Defendant's [973] Motion Demanding Access to Courts and [979] Motion to Supplement Motion to Demand Access to the Court