1            IN THE UNITED STATES DISTRICT COURT

2               FOR THE DISTRICT OF HAWAII

3
    UNITED STATES OF AMERICA,        ) CR 17-00101 LEK
4                                    )
               Plaintiff,            ) Honolulu, Hawaii
5         vs.                        ) February 12, 2020
                                     )
6                                    ) PARTIAL TRANSCRIPT:
    (1) ANTHONY T. WILLIAMS,         ) TESTIMONY OF PATRICIA A.
7                                    ) MAU-SHIMIZU
               Defendant.            )
8    _____)

9
               PARTIAL TRANSCRIPT OF TRIAL PROCEEDINGS
10          BEFORE THE HONORABLE LESLIE E. KOBAYASHI
                 UNITED STATES DISTRICT JUDGE
11
    APPEARANCES:
12
    For the Government:        KENNETH M. SORENSON, AUSA
13                             GREGG PARIS YATES, AUSA
                               Office of the United States Attorney
14                             300 Ala Moana Boulevard, Suite 6100
                               Honolulu, Hawaii 96850
15
    Also Present:             MEGAN CRAWLEY, FBI Special Agent
16
    For the Defendant (1)     ANTHONY T. WILLIAMS, *Pro Se*
17  Anthony T. Williams:       05963-122
                               Federal Detention Center Honolulu
18                             Inmate Mail/Parcels
                               P.O. Box 30080
19                             Honolulu, Hawaii 96820

20  Standby Counsel:          LARS ROBERT ISAACSON, ESQ.
                               547 Halekauwila Street, Suite 102
21                             Honolulu, Hawaii 96813

22  Official Court Reporter:  DEBRA READ, RDR
                               United States District Court
23                             300 Ala Moana Boulevard
                               Honolulu, Hawaii 96850
24
    Proceedings recorded by electronic sound recording; transcript
25  produced with computer-aided transcription (CAT).

UNITED STATES DISTRICT COURT

1                          I N D E X

2              CHRONOLOGICAL INDEX OF WITNESSES

3

4    GOVERNMENT'S WITNESS                                    PAGE

5

6    **PATRICIA A. MAU-SHIMIZU**
       Direct Examination By Mr. Yates                         3
7      Cross-Examination By The Defendant                      7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1  WEDNESDAY, FEBRUARY 12, 2020                    11:11 A.M.

2                 (Partial transcript begins:)

3  **PATRICIA A. MAU-SHIMIZU, GOVERNMENT'S WITNESS, WAS SWORN**

4              THE COURTROOM MANAGER:  Thank you.  If you could

5  state your full name and spell your first and last name for the

6  record.

7              THE WITNESS:  My name is Patricia A. Mau, M-a-u

8  hyphen Shimizu, S-h-i-m-i-z-u.

9       Judge, excuse me.  I'm coming down with a cold.

10             THE COURT:  All right.  There's water there if you

11  need.  Please help yourself.

12       Mr. Yates, your witness.

13             MR. YATES:  Yes, Your Honor.

14                        DIRECT EXAMINATION

15  BY MR. YATES:

16       Q     Ms. Mau-Shimizu, can you please tell the jury who

17  your employer is?

18       A     I'm employed by the Hawaii State Bar Association.

19       Q     And what is your title at the Hawaii State Bar

20  Association?

21       A     Executive director.

22       Q     And what are your responsibilities as executive

23  director?

24       A     My daily responsibilities is to meet the goals and

25  objective of the bar association, that is, to improve and

1    regulate the practice of law, and that entails -- the major

2    responsibility is the licensing and registration of all

3    attorneys licensed to practice law in the state of Hawaii.

4        Q    Okay.  Now, let me ask you a question.  Can you

5    please briefly explain to the jury what the Hawaii State Bar

6    Association is?

7        A    The Hawaii State Bar Association is a nonprofit

8    organization.  It's a trade organization established for

9    attorneys.  It's beginnings is I believe it was 1899 when the

10   Hawaii State Bar Association was formed, and in 1989 it was

11   formally incorporated and the Hawaii Supreme Court mandated

12   that all attorneys who wanted to practice law in state courts

13   in the state of Hawaii would have to become members of the

14   Hawaii State Bar Association.

15       Q    And can you please briefly explain to the jury what

16   functions the Hawaii State Bar Association has?

17       A    The primary function is the licensing and

18   registration of attorneys licensed to practice in state courts

19   in the state of Hawaii.

20            And the second major responsibility is the education

21   of attorneys through a continuing legal education.

22            And then the third is we do encourage *pro bono,* that

23   means the attorneys to provide community service at no charge

24   or at reduced fees for the community at large.  So those are

25   the three main responsibilities.

1       Q      Okay.  And how does one become licensed to practice

2    law in the state of Hawaii?

3       A      Well, first I have to back up.  You have to apply to

4    take the Hawaii State Bar examination.  So you have to submit

5    an application to the Hawaii Supreme Court and that entails,

6    you know, all your personal data, whether you've been licensed

7    in another jurisdiction, and there's a character and fitness

8    question and background check.

9              And then once you are qualified to take the bar

10   exam, then you can sit for the bar exam either in June or

11   November.  And then once you pass the bar exam, then the

12   Supreme Court notifies you that you are eligible to be sworn in

13   so that you can practice law in the state of Hawaii.

14      Q      Can you generally explain what it is to practice

15   law, what it means to practice law?

16      A      Well, it's to be able to use your knowledge that

17   you've gained through law school and through experiences,

18   because most of us work through law school.  It's to hone in

19   your craft and to represent people, whether it's in the

20   courtroom in a traditional setting like this, or whether it's

21   in transactional, whether you're drafting contracts or

22   agreements, or for like for me before I became the Hawaii

23   State -- before I came to the HSBA, I served for 30 years at

24   the Hawaii state capitol first as a legislative attorney and

25   then the Clerk of the House.  So it's a -- practicing law is

1    applying the law that which you have and researching the law,

2    and then assisting people who come and need your services,

3    whether it's for free or for a fee.

4         Q    How does the HSBA attract licensed members and

5    licensed attorneys in Hawaii?

6         A    We have the only database in the state.  The Hawaii

7    Supreme Court when they formed -- formally

8    incorporated -- well, mandated the membership in the Hawaii

9    State Bar Association in 1989, there was a database that was

10   transferred to the Hawaii State Bar Association -- well, I

11   shouldn't say database in the traditional because its

12   traditional setting was on paper and pencil, then we

13   computerized it.

14        So the Hawaii State Bar Association, we track all of

15   the attorneys who have been authorized by the Supreme Court

16   through their bar numbers.  We started number 100 and we're up

17   to about I think over 11,000 numbers have been issued by the

18   Hawaii State Supreme Court.

19        Q    Okay.  Do you have records -- excuse me.  Do you

20   have access to the Hawaii State Bar Association records as the

21   executive director?

22        A    Yes, I do.

23        Q    Okay.  And you're a custodian of records for the

24   Hawaii State Bar Association, correct?

25        A    Yes.

1      Q      Have you had the opportunity to access and review

2  the records of the Hawaii State Bar Association for Anthony

3  Williams?

4      A      Yes.

5      Q      Okay.  And can you please tell the jury what your

6  findings were?

7      A      There was no one listed by the name of Anthony

8  Williams in our database as being admitted to the practice of

9  law by the Hawaii State Supreme Court.

10      Q      Okay.  Ever, correct?

11      A      Yes.

12      Q      So at no time has Mr. Anthony Williams ever been

13  licensed to practice law in Hawaii; is that correct?

14      A      Not according to our official records.

15      Q      Okay.  And to be very clear, does one need to be a

16  licensed attorney to practice law in court?

17      A      Yes.

18              MR. YATES:  Okay.  No further questions on direct,

19  Your Honor.

20              THE COURT:  Okay.  Do you have any questions for

21  this witness, Mr. Williams?

22              THE DEFENDANT:  Yes, I do.

23              THE COURT:  All right.

24                          CROSS-EXAMINATION

25  BY THE DEFENDANT:

UNITED STATES DISTRICT COURT

1      Q      Ms. Mau-Shimizu, is the Hawaii State Bar Association

2 a Hawaii state governmental agency?

3      A      No.  We were established by the Hawaii State Supreme

4 Court, but I am not officially -- we are not officially a state

5 agency.  We are a 501(c)(6) according to the IRS.

6      Q      So that means this -- the Hawaii State Bar is a

7 private corporation, correct?

8      A      It's a corporation.  It's a nonprofit corporation.

9      Q      But it's a private corporation, correct?

10      A      It is not a government entity.

11      Q      I'm saying it's a private corporation, correct?

12      A      It's not a government entity.

13      Q      Right.  But I'm asking you --

14           THE COURT:  All right.  So --

15           MR. YATES:  Objection --

16           THE COURT:  -- asked and answered.  Ask the next

17 question.

18           THE DEFENDANT:  It's a yes or no.

19           THE COURT:  She answered the question.  You can ask

20 another question.

21      Q      (BY THE DEFENDANT:)  Is there a constitutional

22 article or amendment that created the Hawaii State Bar?

23      A      The Hawaii State Bar Association was created by the

24 Hawaii State Supreme Court by its rules.

25      Q      This is a yes or no question.  Is there a article or

UNITED STATES DISTRICT COURT

1    amendment in the Constitution that created the Hawaii State

2    Bar?

3         A    It was created by rule by the Hawaii State Supreme

4    Court through their rules.

5         Q    Maybe you're misunderstanding my question.  This is

6    a yes or no question, Ms. Mau-Shimizu.  Is there an article or

7    an amendment in the U.S. Constitution that has a provision that

8    created the Hawaii State Bar?  Yes or no?

9              MR. YATES:  Objection.  Asked and answered.

10             THE COURT:  Overruled.

11             THE WITNESS:  There is a provision in the Hawaii

12   State Constitution which authorizes the judiciary as the third

13   branch of government and part of that is the regulation of the

14   practice of law in the state of Hawaii.  That's the Hawaii

15   State Constitution.  And no, there is no provision in the U.S.

16   Constitution creating the Hawaii State Bar Association.

17        Q    (BY THE DEFENDANT:)  Now, does the Hawaii State

18   Constitution override the U.S. Constitution?  Yes or no?

19        A    I think it's -- it works in conjunction with the

20   Federal Constitution.

21        Q    Do you know what Article VI in the U.S. Constitution

22   states?

23             MR. YATES:  Objection.  Calling for a legal --

24             THE DEFENDANT:  She's a attorney.

25             THE COURT:  Wait.  Let him put his objection on the

1    record and then I'll rule on it.  So your objection?

2          MR. YATES:  Asking for a legal opinion and we have

3    not qualified Ms. Mau-Shimizu as a legal expert.

4          THE COURT:  Right.  But she's testified that she has

5    been in the practice of law and she regulates lawyers.

6          MR. YATES:  Yes, correct.

7          THE COURT:  All right.  So overruled.

8       All right.  So do you want the question repeated?

9          THE WITNESS:  Yes, please.

10          THE COURT:  All right.  So let me just read the

11    question from the record:  "Do you know what Article VI in the

12    U.S. Constitution states?"

13          THE WITNESS:  I'm not familiar verbatim.

14    Q     (BY THE DEFENDANT:)  Okay.  So did you study

15    constitutional law in law school?

16    A     Over 40 years ago, yes.

17    Q     And so if you studied over 40 years, don't you all

18    still have to have continuing education to be abreast on the

19    laws of the United States, especially the Constitution?

20    A     The continuing legal education requirements here in

21    the state of Hawaii, as well as the other 49 states, you don't

22    have to necessarily take constitutional law if that's not your

23    area of practice.  Usually attorneys take continuing legal

24    education in their area of practice or if they're transitioning

25    to a new practice.  But then of course at the Hawai State Bar

1   Association we offer every year a program by the UH law school

2   dean that gives a overview of the issues coming -- arising from

3   the federal courts.  But there's no requirement to take

4   constitutional law as a continuing legal education subject.

5        Q    Do you have an oath that you took to uphold the U.S.

6   Constitution?

7        A    Yes.

8        Q    Now, is it possible to uphold something you know

9   absolutely nothing about?

10       A    I didn't say I didn't know absolutely nothing about

11   the U.S. Constitution.

12       Q    Okay.

13            THE COURT:  Okay.  So just ask her about if you have

14   a question about Article VI.

15            THE DEFENDANT:  Okay.

16            THE COURT:  But she just said she can't repeat it

17   verbatim.

18       Q    (BY THE DEFENDANT:)  So if I was to quote you the

19   Article VI, would you remember that that's what it states?

20            THE COURT:  Okay.  So it's not a memory test.  Do

21   you have a question about Article VI?

22       Q    (BY THE DEFENDANT:)  Well, do you know that

23   Article VI states that the U.S. Constitution is the supreme law

24   of the land?

25       A    Yes, the U.S. Supreme -- U.S. Constitution is the

UNITED STATES DISTRICT COURT

1    law of the land for the 50 states and territories.

2         Q     Right.  So therefore, if a state pass a law, whether

3    it's a state constitutional law or a state law, if it abrogates

4    the Constitution or contravenes the Constitution, is that law

5    valid?

6         A     It could be challenged.

7         Q     So --

8         A     But there's sovereignty in all the 50 states, so it

9    could be challenged if a state promulgated a law, whether it's

10   criminal or civil, which is not -- which is not consistent with

11   the U.S. Supreme Court and the U.S. Constitution.

12        Q     So all the laws would have to be in concordance or

13   in harmony with the U.S. Constitution to be valid, correct?

14        A     You would hope so.

15        Q     Well, isn't that how --

16              THE COURT:  Okay.  So what's your question on a

17   specific law?  Honestly, I'm not going to let you have this big

18   discussion philosophically about the constitutional scope --

19              THE DEFENDANT:  Okay.

20              THE COURT:  -- of the U.S. Constitution versus

21   state.

22        Q     (BY THE DEFENDANT:)  Is there a provision in the

23   Constitution, any article or amendment that mentions the word

24   attorney at law anywhere?

25              THE COURT:  Okay.  Again, she's not being offered to

UNITED STATES DISTRICT COURT

1   talk about the United States Constitution.

2           THE DEFENDANT:  But --

3           THE COURT:  Just ask her is that does the United

4   States Constitution permit practice of law by unlicensed people

5   that you don't have to -- that's your point, right?

6           THE DEFENDANT:  Well, I have to make the

7   ground -- foundation first to ask that.

8           THE COURT:  No, you could ask her because she's

9   already testified what the requirements to practice law in

10  Hawaii.

11      Q    (BY THE DEFENDANT:)  So according to the

12  Constitution, is there any article or amendment that says

13  someone that's not a member of the bar cannot assist others in

14  court?

15      A    I don't believe so.

16      Q    Are you familiar with the first Judiciary Act of

17  1789?

18      A    No, I'm not.

19      Q    Do you know what year the Sixth Amendment was added

20  to the Constitution?

21          THE COURT:  Okay.  Again, I'm not going to let you

22  ask her these questions because it has nothing to do with the

23  issue she's testifying about about what you need to practice

24  law in the state of Hawaii.

25          THE DEFENDANT:  But --

1       THE COURT:  So if you have a question that says

2  there's another law that permits an unlicensed person to

3  practice law in Hawaii, go ahead and ask her.

4       Q     (BY THE DEFENDANT:)  Well, does the Sixth Amendment

5  allow a accused who's been accused of a crime the assistance of

6  counsel?

7       THE COURT:  All right.  I'm not going to ask

8  you -- let you ask her questions on that 'cause that has

9  nothing to do with the issues in this case.

10      THE DEFENDANT:  But that --

11      THE COURT:  No, no.  I've permitted you to represent

12  yourself in this case.  That's not an issue before the jury.

13   What's before the jury are the allegations that the

14  government has to prove against you about Mortgage Enterprise,

15  et cetera.  So you can ask her questions about representing

16  people in civil matters.

17      THE DEFENDANT:  Well, this is what I'm trying to

18  establish because present in -- this is their witness that she

19  works for the Hawaii State Bar and see --

20      THE COURT:  I'm not going to have this dialog with

21  you.  I'm just telling you move on, and at the next recess you

22  can put it on the record.  But I'm not going to have you

23  inquire about self-representation in criminal law cases.  All

24  right.  You can ask her about civil cases.

25      Q     (BY THE DEFENDANT:)  So in civil cases is -- can

1    someone who's not a member of the bar assist anyone in court?

2         A    No.  A person -- in civil cases a person who is a

3    party in the action may represent him or herself.

4         Q    So you're not familiar with the term "next friend"?

5         A    No.

6         Q    You've never read Rule 17 of the Federal Rules of

7    Civil Procedure?

8         A    I'm not familiar with Rule 17, but on rule -- I'm

9    familiar with Rule 17 of the Hawaii State Supreme Court rules

10   which establishes the Hawaii State Bar Association.

11        Q    So is the Hawaii state rules different than the

12   federal civil rules?

13        A    Yes.

14        Q    How so?

15        A    Numerous differences.  I only practiced in state

16   court.  I'm not familiar with federal court.  Federal Rules of

17   Civil Procedure, I took that class over 40 years ago, but I

18   never really practiced in federal court.  I practiced in state

19   court.

20        Q    So then you don't know -- if you didn't practice in

21   federal court, so then you don't know if the rules are similar?

22             THE COURT:  Well, okay.  So I'm not going to -- so

23   you can ask her if the federal rules or the state rules of

24   civil procedure have anything to do with the licensed practice

25   of law.  That's what she's being offered for, the licensed

UNITED STATES DISTRICT COURT

1    practice of law in the state of Hawaii.  So is there some rule

2    you want to point out to her that covers the licensed -- or who

3    can practice law?

4              THE DEFENDANT:  Right.  That's the U.S. --

5         Q    (BY THE DEFENDANT:)  Well, you testified earlier

6    that the laws have to be in concordance with the U.S.

7    Constitution, the U.S. Supreme Court, correct?

8         A    Yes.

9         Q    Okay.  So if the U.S. Supreme Court rules on an

10   issue, is all the states bound by that ruling by the U.S.

11   Supreme Court?

12        A    Should be.

13        Q    Okay.  So if the U.S. Supreme Court rules that

14   someone that's not a member of the bar can assist other people

15   in court, whether it's criminal or civil, then the states are

16   bound to obey that U.S. Supreme Court ruling, correct?

17        A    If there's such a rule -- if there's such a rule.

18        Q    Right.  So if I showed you a rule, a plethora of

19   rules from the Supreme Court that states that laymen in and out

20   of prison can assist other people in court without being

21   charged with the unlicensed practice of law, then would you be

22   in accordance with the ruling of the Supreme Court?

23        A    I would have to review your documents.

24        Q    So if -- if we had a recess and you could look up

25   those --

UNITED STATES DISTRICT COURT

1          MR. YATES:  Objection, Your Honor.

2          THE COURT:  Let him finish his question.

3     Q    (BY THE DEFENDANT:)  So if we had a recess and you

4 could look up those Supreme Courts -- 'cause I can give you the

5 actual case number -- and you read that, then would you agree

6 with the U.S. Supreme Court that one does not have to be a

7 member of the bar, that they can assist others in court without

8 being a member of the bar?

9          MR. YATES:  Objection, Your Honor.  This witness is

10 not being offered as an expert.  She's merely being offered to

11 demonstrate that Mr. Williams is not a licensed member of the

12 Hawaii State Bar Association.  This is an inappropriate line of

13 questioning for this witness.  You know, had the -- had

14 Mr. Williams posed this line of question with a legal expert,

15 that might be a different matter.  This is an inappropriate

16 line of questioning for this witness.  Thank you.

17          THE COURT:  All right.  Sustained.

18      Okay.  So next question.  She's here to testify whether or

19 not you're licensed to practice law in the state of Hawaii and

20 what the requirements are to be licensed to practice law.  If

21 you want to ask her questions --

22          THE DEFENDANT:  Okay.

23          THE COURT:  -- on that, go ahead.

24     Q    (BY THE DEFENDANT:)  Ms. Mau-Shimizu, did the Hawaii

25 State Bar write me a letter stating that what I was doing is

```
 1    the unlicensed practice of law?

 2         A     I don't recall.

 3         Q     Did the Hawaii State Bar ever charge me for

 4    representing people in court for the unlicensed practice of

 5    law?

 6         A     Not to my knowledge since I been there because it

 7    hadn't been reported to the Hawaii State Bar Association.

 8         Q     Well, you just said you looked up the -- my name in

 9    your system, correct?

10         A     Yes.

11         Q     Okay.  So if you looked up my name in the system,

12    why were you looking up my name?

13         A     I was asked to verify whether you were an attorney

14    licensed to practice law in the state of Hawaii.

15         Q     Okay.  And so who told you to -- who asked you to

16    look that up?

17         A     Someone from the U.S. Attorney's Office.

18         Q     Do you have a name?

19         A     I don't recall the initial person I spoke to.

20         Q     Okay.  What about second person you talked to?

21         A     I spoke to Mr. Yates and I spoke to Megan and

22    Heather.

23         Q     And so when you talked to them, did they say that I

24    was violating the unlicensed practice of law statutes?

25         A     No.  They just asked whether your name was in the
```

1  database as a attorney licensed to practice law in the state of

2  Hawaii.

3      Q      Okay.  Did they tell you that I was telling

4  customers that I was a member of the bar?

5      A      I had inquired as to why the inquiry.

6      Q      And what did they say?

7      A      That you were representing yourself as an attorney

8  licensed to practice in the state of Hawaii.

9      Q      So -- so they told you that I was actually

10  representing myself as a licensed attorney in Hawaii?

11      A      I believe so.

12      Q      So they didn't tell you that I was representing that

13  I was a private attorney general and not a licensed attorney

14  and not a member of the bar?  That's not what they told you?

15      A      No.  They told me that you were not -- they asked me

16  if you were licensed to practice in the state of Hawaii.

17      Q      Did you see any of the videos of me assisting people

18  in Hawaii state court here?

19      A      I didn't research anything on you.

20      Q      So you just basically just took their word?

21      A      I answered their question.

22      Q      I'm saying you said they told you what -- that I was

23  claiming to be an attorney licensed.  So you just took their

24  word that that's what I was telling people?

25      A      I had no reason to believe what they said was not

UNITED STATES DISTRICT COURT

1   true.  They didn't say they were telling people.  They were

2   answering my question as to why they were inquiring about an

3   Anthony Williams.

4        Q    So did they ask you to file civil charges against me

5   for unlicensed practice of law?

6        A    No, because that's not within the jurisdiction of

7   the Hawaii State Bar Association.

8        Q    So let me get this straight.  So if the Hawaii State

9   Bar alleges someone is practicing law without a license, they

10  don't send a letter to that person?

11            THE COURT:  Okay.  So why don't you ask her if

12  that's what the Hawaii State Bar Association does.

13       Q    (BY THE DEFENDANT:)  Is that what the Hawaii State

14  Bar Association does?

15       A    If someone is reporting to us that they are

16  practicing law, representing themselves as an attorney, and we

17  check the database and they're not licensed in the state of

18  Hawaii, I refer the name to the Office of Disciplinary Counsel,

19  and that's the Supreme Court entity created for the

20  disciplining of people and the investigation.  The Hawaii State

21  Bar Association does not investigate allegations.  We do not

22  prosecute.

23       Q    So is the Hawaii State Bar Association, is it

24  operated differently than the other state bar association?

25       A    No, it's very similar.  And I might add to my prior

UNITED STATES DISTRICT COURT

1   answer, I can also refer the matter to the Attorney General's

2   Office, Hawaii State Attorney General's Office, because they do

3   investigate unauthorized practice of law.

4        Q     Okay.  So I -- 2013 -- so I been in Hawaii since

5   2013.  So did they tell you I've ever been charged or ever had

6   any complaints sent to the Attorney General where I was charged

7   with unlicensed practice of law?

8        A     No.

9        Q     So you said that most of the state bars are similar

10  in rules and practice and their code of conduct and ethics,

11  correct?

12       A     Yes.

13       Q     Okay.  So if I was assisting clients in another

14  state and, say, a state bar wrote me a letter, would not the

15  Hawaii State Bar do the same thing?

16            MR. YATES:  Objection.  This is far out of scope --

17            THE DEFENDANT:  It's not.

18            MR. YATES:  -- of my direct as an initial matter,

19  and second this is irrelevant to the question.

20            THE COURT:  Sustained.  Sustained.  She's only

21  talking about the Hawaii State Bar Association.

22            THE DEFENDANT:  Right, but she said that they're

23  similar to --

24            THE COURT:  No.

25            THE DEFENDANT:  -- and the rules --

UNITED STATES DISTRICT COURT

1              THE COURT:  I understand.

2              THE DEFENDANT:  What I'm trying to establish that --

3              THE COURT:  I understand and I have sustained the

4     objection.  Ask her another question about the Hawaii State Bar

5     Association.

6         Q    (BY THE DEFENDANT:)  So -- so before 1899 in the

7     state of Hawaii, one did not have to be a member of the bar

8     association, correct?

9         A    No, it was a loose-knit organization in 1899.

10        Q    So before 1899, who could assist people?

11             THE COURT:  Okay.  So why is that relevant?  She's

12    talking about during the period of time that's alleged in the

13    indictment.  As fascinating as it is, what happened in the 19th

14    century, it's not relevant to what's going on today.

15         So if you have any questions regarding the area that

16    Mr. Yates asked her questions on, go ahead and ask her other

17    questions.

18        Q    (BY THE DEFENDANT:)  So if someone was violating the

19    Hawaii State Bar so-called licensed rules, wouldn't that person

20    be sanctioned by the Hawaii State Bar?

21        A    No.  We would refer the matter to the Office of

22    Disciplinary Counsel or to the Hawaii Attorney General's Office

23    for investigation and possible prosecution.  The Hawaii State

24    Bar Association does not investigate or prosecute.  That's not

25    within our jurisdiction.


                    UNITED STATES DISTRICT COURT

1    Q    Okay.  So since 2013, has the Hawaii State Bar

2  referred me and my actions of assisting people in court here in

3  Hawaii for investigation and criminal charges for unauthorized

4  practice of law?

5    A    Not to my knowledge; however, during that time frame

6  I must disclose I was filling out an insurance form for my

7  volunteer attorneys and you had sued the Hawaii State Bar

8  Association, the governor, lieutenant governor, and all -- the

9  chief justice of the Hawaii Supreme Court and all the judges of

10  the state bench and the Hawaii State Bar Association.  I came

11  across that case in which you filed against us, the Hawaii

12  State Bar Association.

13    Q    Right.  And so since you came across that, what did

14  I allege in that lawsuit?

15    A    That you were allowed to practice law.

16    Q    That I didn't have to be a member of the bar to

17  practice law, correct?

18    A    Yes.

19    Q    And since I filed that lawsuit, if what I was doing

20  was illegal, wouldn't the Hawaii State Bar would have answered

21  and say, "You are practicing law and we're charging or the

22  Attorney General?"  Wouldn't they would have filed a response

23  to say What you were doing was wrong?

24    A    A case was filed in Florida, and this Hawaii State

25  Attorney General's office notified me that the case was

24

1  dismissed.

2       Q    Right.  So I'm saying in Hawaii, so if I was doing

3  that, wouldn't I have been charged in Hawaii since the Attorney

4  General knew what I was doing?  They actually put an

5  advertising on the TV about if anybody was represented by me to

6  call them and make a complaint.  Do you remember that?

7            MR. YATES:  Objection.

8            THE WITNESS:  No, I don't.

9            MR. YATES:  Relevance and speculation and calls for

10  speculation.

11            THE COURT:  All right.  She's indicated she doesn't

12  know, so, okay.

13       Q    (BY THE DEFENDANT:)  So I was never charged with

14  unlicensed practice of law in your system in the state of

15  Hawaii, correct?

16       A    I don't keep track of people who have been charged

17  with any infraction of the law.  I keep track of people who are

18  licensed to practice law in state courts in the state of

19  Hawaii.

20       Q    So the Hawaii Bar Association only has authority

21  then over bar members, correct?

22       A    We have authority over bar members and we assist the

23  Hawaii Supreme Court to make sure that only those individuals

24  who have been authorized by the Hawaii State Supreme Court to

25  practice law in the state of Hawaii do so.

1    Q    So if I leave practicing to attorneys at law and

2  what I did is being an expert, is that different between

3  practicing and being an expert in law?

4    A    I don't understand your question.

5    Q    Well, let me explain it like this:  You saying the

6  attorneys at law practice law, right?

7    A    Licensed attorneys, yes, practice law.

8    Q    Okay.  So if -- just to give you an analogy, if you

9  wanted to have, say, triple bypass surgery, would you want a

10  medical student that's practicing or would you want a doctor

11  that's an expert in triple bypass surgery?

12    THE COURT:  Okay.  So interesting question, but it's

13  not really relevant.  She's talking about licensed individuals

14  so -- to practice law.  She doesn't have any training or

15  experience in the medical practice.  So...

16    THE DEFENDANT:  But she asked what the difference

17  between practice and being an expert.  I was just giving her an

18  a analogy so she can understand the question.

19    THE COURT:  Understood.  So you can ask her

20  questions about license -- what do you have to be to be

21  licensed, how the database is kept.  You can ask her those

22  questions.  So I'm not going to let you ask her that

23  hypothetical 'cause it's not really relevant.

24    THE DEFENDANT:  Well, the only reason I did that

25  because she said she didn't understand --

26

1          THE COURT:  You can ask another question.  You can

2   ask another question.

3          Q     (BY THE DEFENDANT:)  So the practice of law

4   constitute what?

5          A     Use the skills one has gained through education and

6   experience to assist people, whether it's in court, drafting

7   documents, or draft -- or drafting laws, like at the state

8   capitol, what I used to do for 30 years.

9          Q     So there's no provision where someone who's not a

10  member of the bar can fill out forms for somebody else other

11  than an attorney at law, member of the bar?

12         A     Could you repeat the question?

13         Q     So there's no other way a person can draft legal

14  pleadings for someone else unless they are a member of the bar

15  association?

16         A     But there are a lot of -- I don't know how to answer

17  your question because there are a lot of these forms online

18  like LegalZoom and the rest.  So they're licensed in other

19  jurisdictions, and attorneys in other jurisdictions are

20  assisting people here in the state of Hawaii and all across the

21  nation, so they're using technology.

22         Q     Okay.  You just mentioned LegalZoom.  Do you -- are

23  you familiar with the lawsuit that the state bar associations

24  filed against LegalZoom?

25         A     No.  I'm not a party to that.

 1      Q      Okay.  If you was to look at the lawsuit, the

 2  lawsuit was about --

 3             THE COURT:  No, no.  Do you have any objection to

 4  this?  Isn't this far afield, Mr. --

 5             MR. YATES:  Yes, yes, Your Honor.

 6             THE COURT:  I mean, I don't want to earn your

 7  paycheck for you.

 8             MR. YATES:  I apologize, Your Honor.  Out of scope

 9  and improper hypothetical.

10             THE COURT:  All right.  Sustained.

11      So you need to ask her questions in the area that

12  Mr. Yates asked her questions in about what you have to be to

13  be licensed, how she keeps the database.  We're going kind of

14  far afield here.

15      Q      (BY THE DEFENDANT:)  Okay.  So the licensing by the

16  bar is only for members of the bar, correct -- well, from your

17  agency?

18      A      Only people authorized by the Hawaii Supreme Court

19  to practice in state courts come to the Hawaii State Bar

20  Association to check in with us and to become members.

21      Q      And are you -- you familiar with the Black's Law

22  Dictionary, correct?

23      A      Yeah, I saw one 40 years ago when I was in law

24  school.

25      Q      So after you got out of law school, you stopped

1    looking at legal books, legal dictionaries?

2            THE COURT:  Okay.  So what do you want to ask her

3    that has to do with licensing within the state of Hawaii to

4    practice law?

5            THE DEFENDANT:  'Cause in the Black's Law Dictionary

6    it states who can be licensed and who don't have to be

7    licensed.

8            THE COURT:  All right.  Is the Black's Law

9    Dictionary something the Hawaii Bar Association relies on to

10   determine who can be licensed to practice law?

11           THE WITNESS:  No, we do not rely on Black's Law

12   Dictionary.

13           THE COURT:  Okay.

14   Q      (BY THE DEFENDANT:)  So how do you define legal

15   terms?  What authority do you use to define the legal terms?

16           MR. YATES:  Objection.  Out of scope and irrelevant.

17           THE COURT:  Legal terms for what?  Like who can

18   practice law?

19           THE DEFENDANT:  Right.

20           THE COURT:  So where do you get your direction as to

21   how people can be licensed to practice law?

22           THE WITNESS:  Through the Hawaii State Supreme

23   Court.

24   Q      (BY THE DEFENDANT:)  And what is the Hawaii State

25   Supreme Court relying on?

1          THE COURT:  Well, she's not on the Hawaii Supreme

2     Court.  She just follows the rules that are promulgated by the

3     Hawaii Supreme Court.  She's not one of the justices or direct

4     them, so she doesn't know 'cause that's not her job.

5          Q     (BY THE DEFENDANT:)  Okay.  Well, if a judge here in

6     Hawaii looked at the laws that I presented in my notice of

7     appearance and allowed me to practice law in front of their

8     court, would you agree that that judge knew what they were

9     doing?

10         MR. YATES:  Objection.  Irrelevant and improper

11    hypothetical.

12         THE COURT:  Okay.  So let me just rephrase the

13    question so we can get to the point.

14         Okay.  You've testified what the requirements are to be a

15    licensed attorney, correct?

16         THE WITNESS:  Yes.

17         THE COURT:  Okay.  And if there was a judge who

18    permitted somebody who was not a licensed attorney to come into

19    court and represent someone else, does that change your

20    understanding of what is required to become a licensed attorney

21    to practice law?

22         THE WITNESS:  No.

23         Q     (BY THE DEFENDANT:)  So you would disagree with the

24    judge?

25         A     If the judge had knowledge that the person -- that

UNITED STATES DISTRICT COURT

1    it was state court and the judge had knowledge that the person

2    was not licensed in the state of Hawaii, that state judge would

3    not allow the person to practice law unless he or she was a *pro*

4    *se* party to an action.

5          Q    Well, I'm telling you in the state of Hawaii I have

6    done that.  So I'm asking --

7               MR. YATES:  Objection.  Testifying.

8               THE COURT:  Okay.

9               THE DEFENDANT:  I'm asking --

10              THE COURT:  No, no.  So she's answered your

11   question.  She said no, that wouldn't be proper --

12              THE DEFENDANT:  So --

13              THE COURT:  -- to let somebody and she wouldn't

14   agree.  So what's your next question?

15         Q    (BY THE DEFENDANT:)  Okay.  So if the judge knows

16   what the bar rules are -- correct? -- and he saw the actual

17   U.S. Supreme Court rulings that I presented to show that I

18   don't have to be a member of the bar --

19              THE COURT:  All right.  So you're asking the same

20   question but adding more stuff into it.  So she's already

21   answered that no, that wouldn't be proper if the judge allowed

22   an unlicensed person to represent somebody else, so you need to

23   ask another question.

24         Q    (BY THE DEFENDANT:)  So you can correct the judge?

25         A    No.

UNITED STATES DISTRICT COURT

31

 1      Q     Okay.  So are you reprimanding the U.S. Supreme

 2   Court?

 3            MR. YATES:  Objection.  Argumentative.

 4            THE COURT:  Okay.  So the U.S. Supreme Court doesn't

 5   have anything to do with this.

 6            THE DEFENDANT:  That's how I get the authority --

 7            THE COURT:  No, no.

 8            THE DEFENDANT:  -- to assist people, so I'm trying

 9   to ask her.

10            THE COURT:  That's your understanding.  She's

11   testified what it requires in the state of Hawaii.  That's all

12   she's testifying about, in the state of Hawaii.  She's not

13   testifying about U.S. Supreme Court law.  She's just testifying

14   what is the basis to become licensed --

15            THE DEFENDANT:  Okay.

16            THE COURT:  -- in the state of Hawaii to practice

17   law.  So you can ask her about that, but that's all she's being

18   offered for --

19            THE DEFENDANT:  Okay.

20            THE COURT:  -- whether you were on the licensed

21   rolls and what it takes to become a licensed attorney.

22      Q     (BY THE DEFENDANT:)  Okay.  So is it safe to say

23   that in your understanding that you know is that someone has to

24   be a member, a part of your private organization to practice

25   law in the courts in Hawaii?

1       A       If the Supreme Court has told me through court order

2    that the individual has passed the exam, passed the character

3    fitness test and all the other items required by the Hawaii

4    State Supreme Court, yes I would admit them to be licensed with

5    the Hawaii State Bar Association.

6       Q       Well, no, I'm asking you so that's the only thing

7    you know.  So you don't know any U.S. Supreme Court rulings

8    outside of what you been taught that you have to be a member of

9    the bar association, correct?

10      A       No, this is the Hawaii State Bar Association.

11      Q       Right, that's what I'm saying, the Hawaii State Bar.

12   So that's the only thing that you know, correct?  So you've

13   never done the research in looking up the U.S. Supreme Court

14   rulings that give people like me the right to assist others in

15   court, correct?

16      A       I have not -- did not have occasion to do so.

17   That's out of the scope of my responsibility.

18      Q       Okay.  So you don't know that it's true 'cause you

19   haven't done the research?

20      A       Yes.

21      Q       Okay.  Now, since I been in Hawaii and you -- are

22   you the director of the Hawaii State Bar Association or you the

23   manager or --

24              THE COURT:  She's the executive director.

25              THE DEFENDANT:  You the executive director.  Okay.

1          THE COURT:  She's testified to that.

2     Q    (BY THE DEFENDANT:)  Okay.  So you the executive

3 director, so are you the one that reprimands attorneys?

4          MR. YATES:  Objection.  Asked and answered.

5          THE COURT:  Sustained.  She's already testified she

6 doesn't do that.  She doesn't -- she just is the director of

7 the licensing.  She says she refers it -- if there's

8 unauthorized practice of law, she refers it to attorney

9 generals or to the Office of Disciplinary Counsel.

10          THE DEFENDANT:  No, I'm not talking about -- is she

11 the one that actually discipline, like, them.

12          THE COURT:  So if there are ethical complaints

13 against lawyers, is that something the Hawaii State Bar

14 Association handles?

15          THE WITNESS:  No.  We refer it to the -- if it's a

16 licensed attorney, we refer to the Office of Disciplinary

17 Counsel.

18     Q    (BY THE DEFENDANT:)  Okay.  And so in regards to the

19 licensed attorneys and the practice of law, in your system and

20 according to your knowledge, I have never been charged with

21 unlicensed practice of law in the state of Hawaii?

22          MR. YATES:  Objection.  Foundation.

23          THE COURT:  Okay.  So she's testified that that's

24 not what she -- her organization does.

25          THE DEFENDANT:  But she said they refer.

UNITED STATES DISTRICT COURT

1          THE COURT:  Right.  But --

2     Q     (BY THE DEFENDANT:)  So you've never --

3          THE COURT:  She doesn't prosecute.  All right.  So

4     you could be prosecuted by the AGs and she doesn't know about

5     it.

6          So, anyway, so it's been asked and answered.  So you can

7     ask another question.

8     Q     (BY THE DEFENDANT:)  Okay.  So you didn't get any

9     letters from the Attorney General Office that they was going to

10    file some -- a complaint against me for the unlicensed practice

11    of law, correct?

12    A     I didn't.  That's not a standard practice.

13    Q     So would they let you know if they was going to go

14    after somebody?  Or you wouldn't know?

15    A     They wouldn't necessarily let me know other than to

16    ask me or give me a call or email to say Is this individual in

17    your database authorized to practice law in the state of

18    Hawaii.

19    Q     Okay.  Did Gregg Yates or Ken Sorenson tell you that

20    I been charged with unlicensed practice of law in the state of

21    Hawaii?

22    A     Yes.  When they called me to ask me to search the

23    database, then I inquired Why are you searching for the name of

24    this individual?

25    Q     No, no, I think you misunderstood what I just asked.

1    I said did they tell you that I have been charged in the state

2    of Hawaii and convicted of unlicensed practice of law?

3         A    No.

4              THE DEFENDANT:  Okay.  I have no more questions.

5              THE COURT:  All right.  Any redirect?

6              MR. YATES:  No redirect from the government, Your

7    Honor.

8              THE COURT:  All right.  Thank you, Ms. Mau-Shimizu.

9    You're released as a witness.  Please don't discuss your

10   testimony with anyone until the conclusion of the trial.  Thank

11   you.

12             THE WITNESS:  Thank you.

13             (This concludes the partial testimony requested.)

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    COURT REPORTER'S CERTIFICATE

 2

 3           I, DEBRA READ, Official Court Reporter, United

 4   States District Court, District of Hawaii, do hereby certify

 5   that pursuant to 28 U.S.C. §753 the foregoing is a complete,

 6   true, and correct transcript of the stenographically reported

 7   proceedings held in the above-entitled matter and that the

 8   transcript page format is in conformance with the regulations

 9   of the Judicial Conference of the United States.

10                    DATED at Honolulu, Hawaii, February 23, 2020.

11

12

13                         /s/ Debra Read

14                    DEBRA READ, CSR CRR RMR RDR

15

16

17

18

19

20

21

22

23

24

25
```

UNITED STATES DISTRICT COURT