Anthony Williams
Private Attorney General
P.O. Box 30080
Honolulu, HI 96820
sui juris

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 15 2020

at 12 o'clock and 30 min. P M
CLERK, U.S. DISTRICT COURT

**ORIGINAL**

LS
file copy
mailed 6/16/20

# UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

UNITED STATES OF AMERICA        CASE No. 17-00101 LEK

vs.

ANTHONY WILLIAMS

Received By Mail
Date _____

## MOTION IN OPPOSITION TO GOVERNMENTS MOTION TO CONTINUE SENTENCING DATE

Private Attorney General Anthony Williams, a servant of the Most High Yahweh Elohim Yahshua, submits this Motion In opposition to Governments Motion To Continue Sentencing Date. In support of this motion the undersigned state the following facts.

1. The government investigated the undersigned since 2013 by multiple FBI offices in several states.

2. The government contacted most, if not all of the undersigned's clients trying to get them to make a complaint against the undersigned.

3. Megan Crawley from the Honolulu FBI office visited many of these clients unsolicited and unannounced to try to get them to file a complaint against the undersigned.

4. Crawley submitted numerous Investigative reports wherein she visited numerous clients in an attempt to get them to make a complaint or say something negative about the undersigned and his business but received no such complaint from any one of them. (I would attach Crawley's 302's

an *[illegible]* reports *[illegible]* the *[illegible]* order *[illegible]* has denied me access to my legal work and I cannot print out the reports because of Kobayashi's ruling overturning Judge Hughes's ruling which would have made printing exhibits from the discovery discs possible).

5. The government filed its indictment in February 2017, and as such they should have, could have and did know who the undersigned's clients were and knew how much each lawfully paid for the service rendered which the undersigned was under contract to do.

6. The government got a subpoena to obtain all of the bank records of MEI which contained electronic copies of all the actual checks paid by the undersigned's clients which contained their names, addresses and phone numbers and had over 5 years to get these clients to make a complaint about them being defrauded yet not one of them made such a complaint, not even the six(6) clients the government was able to coerce into lying at trial ever made a complaint.

7. The government cannot claim that these clients were so ignorant that they don't know when they are scammed or defrauded because at least 44 clients made complaints against Henry Malinay and Anabel Cabebe but none against the undersigned because the undersigned did exactly what he promised the clients, many of whom only paid once but the undersigned continued to do the work for them without being compensated or paid.

8. Gregg Paris Yates erroneously argues that the Probation office requires additional time to accurately compute the fraud loss which there is none and if there was they have had the bank records of the undersigned for 5 years when they got the search warrant for the MEI bank records which outlines

every client that paid and is the reason the undersigned was so adamant about clients paying by check and not cash in order to have a true account of all the lawful business transactions. People that scam people do like Edna Franco, Henry Malinay, Anabel Cabebe and Rowena Valdez did by only accepting cash and never giving clients a receipt.

9. Yates also erroneously asserts that they need additional time to review the transcripts of the trial and that they just received the transcripts on May 30, 2020.

10. Yates could have ordered the transcripts the day after the unlawful conviction and could have had the transcripts in March just as the undersigned had ordered parts of the transcript in March and received them. Therefore, there is no good cause to delay sentencing because of either the incompetence of Yates and Kenneth M. Sorenson to order the transcripts in March just as the undersigned did or the more probable cause was that ordering the transcripts late was calculated and intentional in order to try and use it as an excuse to delay sentencing for another 2 months. I subscribe to the latter.

11. The government has unlimited resources and KNEW of all the requirements of information, documents and the contacting of clients would entail when they brought this malicious and bogus action against the undersigned, and therefore their incompetence and legal insufficiencies is not good cause to grant a two (2) month extension for sentencing.

12. A continuance of sentencing would violate Rule 32(a) which requires that the Court impose sentence without unnecessary delay.

13. The causes and reasons put forth by Yates are unnecessary because they had every opportunity to have all the information they needed years ago.

14. The government now wants to send letters to clients and try to entice them to file a complaint so that they can receive some type of compensation even though they are not victims and were very satisfied with the undersigned's services. This is why Yates outlined in his motion that, "the FBI has worked with the Probation office to find the last known address for each victim so that the Probation office could send each victim a questionnaire to determine a potential restitution amount." By doing so, the government is clearly trying to entice people to respond with the hope of getting some money but not that they are actually victims. This is only being done by the government in order to try to enhance the undersigned's guidelines to sentence the undersigned to more time.

15. The government has known for years now that the undersigned has no victims and therefore there is no restitution amount to discuss. However, the government has also known for years the restitution amount that Henry Malinay and Anabel Cabebe is liable for because both were sued by the SEC on behalf of their victims and the monetary amounts have already

been established.

16. The OCP contacted many of the undersigned's clients and yet did not get one complaint from none of them and is the reason that the OCP nor the DCCA has sued the undersigned for restitution for any victims because there are none.

17. The continuance of 2 months is prejudicial because it unlawfully prolongs the undersigned's incarceration by postponing his ability to appeal his unlawful conviction which will delay the ruling on the appeal and keep the undersigned incarcerated an additional 2 months that were unnecessary and unwarranted.

18. The government has more resources than the state, yet the state of Florida was able to have all of the necessary procedures done in order to sentence the undersigned within a week of his unlawful conviction.

19. At trial the government submitted a detailed printout of all the clients who sent payments to MEI and how much they paid, they had this printout sorted in three (3) different was which was 1) In alphabetical order from A to Z; 2) alphabetical order reversed from Z to A; and 3) by the amount they paid. This was done after the FBI analyst did an analysis on the MEI accounts and found no evidence of bank fraud or money laundering which were two of the reasons Crawley listed in her search warrant as what she believed they would find evidence of.

20. The government KNEW about the fraudulent mortgage Enterprise (ME) accounts that were opened in California by Henry Malinay, Edna Franco, Anabel Cabebe and Angelita Pasion to deceive the undersigned and clients, YET they CHOSE not to do an analysis on any of those accounts as was testified to by the FBI analyst.

21. The bogus indictment by the U.S. Attorney's office lists only six (6) clients as victims, and these were the ones that Yates and Sorenson was able to coerce into lying at trial and in Melvyn Ventura's case, they were able to coerce, threaten or persuade him to be a witness for the government 2 weeks before trial when he was already listed as a witness for the defense.

22. The government had 5 years from 2015 when Crawley went to numerous clients homes to induce them into filing a false complaint yet was unsuccessful in doing so and out of the 112 clients that the government erroneously characterize as victim they were only able to convince 5 clients to come to court and lie on the witness stand. If the other clients could have been persuaded that they were defrauded, they would have gladly shown up for trial to testify against the undersigned and yet they chose not to because they know that they were not defraud by the undersigned and are not victims.

23. Four (4) of the government's witnesses who testified at trial had previously filed sworn affidavits in 2015 and 2018 that the undersigned did not defraud them but that it was Edna Franco, Henry Malinay, Rowena Valdez and Hope Gwinn that

defrauded them. (Nelson Madamba, Marie the Madame, Mercy Ventura and Anabel Cabebe).

24. The undersigned has numerous other affidavits from clients who were defrauded by those charlatans in which the court denied the defense from submitting into evidence at trial.

25. The only clients who should be eligible for restitution (if they were defrauded by the undersigned, which none were), are those that filed a complaint to the OCP, DCCA or FBI in 2013-2017 which as of the date of this motion there have been ZERO complaints filed at the FBI, OCP or DCCA against the undersigned as evidence by the documents submitted by the OCP per the courts subpoena order.

26. This whole case was based on the racist disposition of Ronald G. Johnson, Kenneth M. Sorenson, Gregg Paris Yates, Megan Crawley, Joseph Lavelle and the whole U.S. Attorney's office and FBI in Honolulu only because the undersigned is Hebrew (erroneously referred to as Black) and if that wasn't true they would have arrested and indicted at least one of the Caucasian employees here in Hawaii that was working out of the same office, accepting payments through the mail, emailing and drafting documents on behalf of clients like Private Attorney General PJ Stewart. But because she is of the same color as the prosecutors she was not indicted.

27. The government has had ample time to do whatever the hell they needed to do to be prepared for sentencing on July 9, 2020 and they failed to do so.

28. They previously were given an extension from 5/19 to 6/19 over the objection of the undersigned, now they want another one and if they don't get what they are looking for they will ask for another one again.

29. The governments incompetence, lack of due diligence and procrastination of things they could have and should have done earlier is not good cause to grant them an extension at the detriment of the undersigned.

30. The undersigned would only agree to an extension upon the condition he be released to home confinement and can have an ankle monitor or whatever means that the court can track that the undersigned remains confined at home here in Hawaii until sentencing. This is a reasonable compromise in light of the fact that the real scam artists Anabel Cabebe and Henry Malinay has not been confined for their crimes and Malinay lives in Las Vegas and is not deemed a flight risk when he could easily go to the Philippines or run and hide someplace else.

31. The undersigned was given a bond in his Georgia case and was facing 40 years to life and did not run but showed up for court until his case was dismissed. The undersigned was also given a bond in Florida and did not run but when he was told that his release was a mistake (which it wasn't) the undersigned turned himself in and did not run. Innocent people don't run because they know they haven't done anything wrong to run for.

32. The undersigned requests leave of court for Mr. Isaacson to add legal authorities to this motion if possible.

# CONCLUSION

Based upon the foregoing facts the undersigned submits that the continuance should be denied or in the alternative release the undersigned to home confinement so that he would still be given credit for time of incarceration and able to work on his appeal which at present he is being denied because FDC has shut down all access to the law library.

Executed this 10th day of June 2020.

Righteously Submitted,

Anthony Williams
Anthony Williams
Private Attorney General
Counsel to the Poor (Psalms 14:6)
Common Law Counsel (28 USC 1654, First Judiciary Act of 1789, Sec. 35)
Lawyah (not Lawyer)