KENJI M. PRICE                    #10523
United States Attorney
District of Hawaii

KENNETH M. SORENSON
GREGG PARIS YATES        #8225
Assistant United States Attorneys
United States Attorney's Office
300 Ala Moana Boulevard, Ste. 6-100
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
E-Mail:        Ken.Sorenson@usdoj.gov
                    Gregg.Yates@usdoj.gov

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO.  17-00101 LEK |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S RESPONSE TO |
| | ) | DEFENDANT'S MOTIONS: [1] |
| vs. | ) | DEMANDING DEPARTMENT OF |
| | ) | JUSTICE TO CORRECT [ITS] LIES |
| ANTHONY T. WILLIAMS, | ) | SENT TO CLIENTS; [2] FOR |
| | ) | LEGAL MAIL TO BE PROVIDED |
| Defendant. | ) | TO HIM; [3] TO SHOW THE |
| | ) | GOVERNMENT HAS DIVESTED |
| | ) | THE DEFENDANT OF THE |
| | ) | ABILITY TO RESEARCH; |
| _____ | ) | CERTIFICATE OF SERVICE |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTIONS: [1] DEMANDING DEPARTMENT OF JUSTICE
TO CORRECT [ITS] LIES SENT TO CLIENTS; [2] FOR LEGAL
MAIL TO BE PROVIDED TO HIM; [3] TO SHOW THE GOVERNMENT
<u>HAS DIVESTED THE DEFENDANT OF THE ABILITY TO RESEARCH</u>

The United States respectfully submits this brief in opposition to the

defendant's "Motion Demanding Department of Justice to Correct Their Lies Sent

to Clients" (Correction Motion); "Motion for Legal Mail to be Provided to Him,"

(Legal Mail Motion); and "Motion to Show the Government in Complicity with

the Court Has Divested Private Attorney General Anthony Williams of the Ability

to Properly Research, Draft, and Respond to Motions" (Access to Courts Motion).

ECF Nos. 1017, 1033.  For the reasons set forth below, the Court should deny each

of the defendant's motions.

<u>RESPONSE TO CORRECTION MOTION</u>

The Correction Motion should be denied.  The Correction Motion

mischaracterizes the mandatory notice sent by the U.S. Probation Office to the

victims of the defendant's scheme, and demands an Order from this Court to the

government to "resend the letter sent to clients correcting the blatant lies," among

other remedies.  Corr. Mot. 3.  Properly stated, the Correction Motion objects to

the probation office's victim notice and seeks a remedy that is contrary to law.

The Mandatory Victims Restitution Act of 1996 (MVRA) requires a

defendant to pay restitution to a victim who is "directly and proximately harmed as

a result of [a] fraud." *United States v. Peterson*, 538 F.3d 1064, 1074 (9th Cir

.2008) *quoting United States v. Berger*, 473 F.3d 1080, 1104 (9th Cir. 2007).  In

order to determine the amount of restitution that is due, the MVRA dictates that the

Court "shall order the probation officer to obtain and include in its presentence

report, or in a separate report, as the court may direct, information, sufficient for

the [C]ourt to exercise its discretion in fashioning a restitution order."  18 U.S.C.

§ 3664(a).  In preparation for the presentence restitution determination, the MVRA

requires that the probation officer "provide notice to all identified victims of the

offense or offenses of which the defendant was convicted," along with certain

other information pertaining to amounts subject to restitution and the sentencing

hearing.  18 U.S.C. § 3663(d)(2)(A).

Following the defendant's March 3, 2020 conviction, on or about May 11,

2020, the U.S. Probation Office sent the mandatory notifications to the victims of

the defendant's fraudulent scheme, as identified by the Federal Bureau of

Investigation.  *See, e.g.*, Exhibit A (May 11, 2020 U.S. Probation Office Letter).

The notification letter included a declaration form for the victim to identify his/her

losses attributable to the defendant, as required by the MVRA.  *Id.*

The Correction Motion objects to the victim notification letter, which the

Motion misattributes to the Department of Justice.  Corr. Mot. 1.  The Motion

alleges that the "government mailed a letter dated May 11, 2020 to various

3

clients," which "intentionally stated damnable lies" concerning the defendant's conviction.  Corr. Mot. 1, ECF No. 1017.  In particular, the defendant erroneously claims that the letter falsely categorized the "main charge" of the defendant's conviction as "mortgage fraud."  *Id.*  The Correction Motion re-litigates his fraud conviction, and argues that the recipients of the probation office's victim notification letter were his clients and were not defrauded, upon the grounds that: (a) others are to blame for the fraudulent scheme for which he was convicted, (b) his clients were not harmed by his scheme, and (c) government witnesses at trial were coerced into lying. *Id.* 2-3.

The defendant's objections to the victim notice should be overruled.  Under the MVRA, a "victim" is defined as a "person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered."  18 U.S.C. § 3663A(a)(2); *Peterson*, 538 F.3d at 1074 ("A victim is a person who has suffered a loss caused by the specific conduct that is the basis of the offense of conviction.") (internal quotation omitted).  The defendant was convicted of wire fraud and mail fraud after a four-week federal jury trial, during which the defendant had a full and fair opportunity to present a defense to the government's evidence.  For all counts of conviction, the jury found that the defendant engaged in a scheme to defraud others or obtain money from the clients of his mortgage company.  Upon the defendant's conviction, the victims of the defendant's scheme

4

became entitled to notice of sentencing and restitution.  18 U.S.C. § 3663(d)(2)(A).

The defendant's objections that his clients should not be characterized as victims

or that other people were responsible for the charged scheme was decided at trial.

His objection that the mandatory victim notification misstates his conviction as

"mortgage fraud" is unsupported.  *See generally* Exh. A.

To the extent that the defendant objects to the calculation of restitution

contained in the Presentence Investigation Report (PSR), Federal Rule of Criminal

Procedure Rule 32 provides for a process by which the defendant may object, and

if necessary, to present evidence in support of his objections.  Fed. R. Crim. Proc.

R 32(f), 32(i)(2).  The Correction Motion should be denied.

<u>RESPONSE TO LEGAL MAIL MOTION</u>

The Legal Mail Motion should be denied as moot.  The Legal Mail Motion

alleges that the defendant's standby counsel, Lars Isaacson, Esq., mailed "three

large flat rate postal boxes" to the defendant at the Federal Detention Center,

Honolulu (FDC), where he is currently housed.  Decl. Counsel in Supp. of Legal

Mail Mot. 1, ECF No. 1033-1.  The motion alleges that the three flat rate postal

boxes contained the transcripts of the defendant's trial, motion hearings, and

closing.  *Id.*  The defendant further alleges that the FDC explained to him that he

"couldn't receive my legal mail because I'm in the [Special Housing Unit]."  Legal

Mail Mot. Exh. A at 1, ECF No. 1033-2.  The defendant implies that the FDC has

completely prevented him from reviewing his legal transcripts, which the defendant argues violates his First Amendment right to send and receive mail. Legal Mail Mot. 2.

The defendant's legal mail grievance arises out of the conditions of his confinement to the Special Housing Unit (SHU). As noted in the government's prior filing, the defendant was confined to the SHU on May 7, 2020 for multiple infractions of FDC rules including threatening an FDC staff member and utilizing the personal identification numbers of other inmates to conduct telephone calls. Gov't Resp. Df. Mot. Access Cts, Suppl. Mot, at Exh. B (May 6, 2020 FDC Incident Report); Exh. C (May 8 and 21, 2020 Incident Reports), ECF No. 996-2, 996-3. On June 1, 2020, an FDC employee delivered three flat-rate USPS boxes to the defendant in the SHU. Exh. B at 2 (Email from Lynel Lazo to Michael Miller, dated June 12, 2020). While in the SHU, FDC Honolulu rules limit the defendant to one cubic foot of legal materials in his cell. Exh. B at 1 (Hon. Inst. Supp. No. HON 5580.07G, Apr. 28, 2014). The dimensions of the three U.S. Postal Service flat rate boxes received by the defendant together exceeded one cubic foot. *Id.*

The defendant's Legal Mail Motion presents a factual question as to whether the FDC prevented the defendant from accessing the contents of any of the three U.S.P.S. flat rate mail boxes sent by his counsel. Put another way, it is unclear from the Legal Mail Motion as to whether the FDC permitted—and the defendant

6

unreasonably refused to accept—the delivery of the legal flat-rate boxes *one at a time* to comply with the FDC Honolulu SHU size limitation.

In any event, this question need not be resolved; the Legal Mail Motion is moot. The size restrictions on legal mail at issue in the motion only apply to the SHU. The defendant was released from the SHU on June 15, 2020. Exh. C (FDC Record of Williams's transfers showing transfer to "Z"-series cell in SHU between May 7, 2020 and June 15, 2020, and transfer to "D"-series cell in general population). Because the defendant is now no longer in the SHU, his access to legal materials is no longer restricted to one cubic foot, and the defendant should have access to all three of his flat rate mail boxes at the same time. Accordingly, the Legal Mail Motion is moot.

<u>RESPONSE TO ACCESS TO COURTS MOTION</u>

The Access to Courts Motion should also be denied for mootness. The gravamen of the Access to Courts Motion is a complaint that "[t]he undersigned has no access to a computer to do proper research [to respond to] the cases the government submits in their motion[s]." Access Cts. Mot. ¶ 7, ECF No. 1037. The defendant mailed the Access to Courts Motion on June 8, 2020, while he was still confined in the SHU.[1] ECF No. 1037-1. Whatever additional restrictions

---

[1] Contrary to the defendant's claim otherwise, Access Cts. Mot. ¶¶ 1, 6, this motion does not raise the same issues that were raised in the defendant's prior motions

there were upon the defendant's access to legal materials in the SHU are

inapplicable to the defendant as of June 15, 2020, when he was released back into

the FDC general population.  Exh. C.  Today, the defendant is in the FDC general

population, with access to a computer terminal with an electronic law library for 90

minutes every other day, pursuant to the FDC's general population COVID-19

pandemic restrictions.  Gov't Resp. Mot. Demanding Access Cts at Exh. A (May

20, 2020 Declaration of AnnElizabeth Card, PhD, ¶¶ 9, 10, 13), ECF No. 996-1.

Therefore, the defendant's claim in the Access to Courts motion that he has no

access to electronic legal research is moot.  This motion should be denied.

//

//

//

//

//

//

//

//

---

relating to access to the courts, ECF Nos. 973, 979, which this Court resolved in its
June 2, 2020 Order.  ECF No. 1013.  The prior motions pertained only to the
defendant's access to legal resources under the FDC's COVID-19 pandemic
restrictions *in the FDC general population*.  The SHU has different COVID-19
pandemic restrictions upon the defendant's access to legal research.

<u>CONCLUSION</u>

The government respectfully requests that the defendant's Correction

Motion, Legal Mail Motion, and Access to Courts Motion should be denied.

DATED: <u>June 19, 2020</u>, Honolulu, Hawaii.


KENJI M. PRICE
United States Attorney
District of Hawaii

By <u>/s/ Gregg Paris Yates</u>
  KENNETH M. SORENSON
  GREGG PARIS YATES
  Assistant U.S. Attorney

9

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

<u>Served Electronically through CM/ECF:</u>

Lars Isaacson, Esq.
<u>hawaii.defender@earthlink.net</u>

Standby Attorney for Defendant
ANTHONY T. WILLIAMS

Defendant served by First Class Mail:

Anthony T. Williams
Register No. 05963-122
Inmate Mail
FDC Honolulu
PO Box 30080
Honolulu, HI 96820

DATED:  June 19, 2020, at Honolulu, Hawaii.


<u>/s/ Melena Malunao</u>
U.S. Attorney's Office
District of Hawaii