# MINUTE ORDER

CASE NUMBER:        CRIMINAL NO. 17-00101(01) LEK

CASE NAME:          United States v. Anthony T. Williams

JUDGE:   Leslie E. Kobayashi     DATE:     10/14/2020

COURT ACTION: EO: COURT ORDER DENYING DEFENDANT'S "MOTION FOR ORDER FROM THE COURT DIRECTING THE FDC TO PROVIDE ACCESS TO THE COMPUTERS 8 HOURS PER DAY TO ALLOW PRIVATE ATTORNEY GENERAL ANTHONY WILLIAMS ADEQUATE TIME TO RESEARCH AND DRAFT HIS APPEAL"

    On August 26, 2020, pro se Defendant Anthony T. Williams ("Defendant") filed his "Motion for Order from the Court Directing the FDC to Provide Access to the Computers 8 Hours Per Day to Allow Private Attorney General Anthony Williams Adequate Time to Research and Draft His Appeal" ("8/26/20 Motion"). [Dkt. no. 1075.] Plaintiff United States of America ("the Government") filed its response to the 8/26/20 Motion on September 17, 2020. [Dkt. no. 1085.] The 8/26/20 Motion is suitable for disposition without hearing, pursuant to Local Rule 7.1(c) and (d).

    The Motion requests the same relief as Defendant requested in his Motion Demanding Access to the Courts, filed April 17, 2020 ("4/17/20 Motion"), and his April 22, 2020 motion to supplement the 4/17/20 Motion ("4/22/20 Motion"). [Dkt. nos. 973, 979.] The magistrate judge denied the 4/17/20 Motion and the 4/22/20 Motion in a June 2, 2020 order ("6/2/20 Order"). [Dkt. no. 1013.] When a magistrate judge rules on a non-dispositive, pretrial motion, any appeal from the magistrate judge's order must be filed within fourteen days after service of the order. Local Rule CrimLR57.3(b). The 4/17/20 Motion and the 4/22/20 Motion were not case-dispositive motions, but they were filed after Defendant's jury trial. Nevertheless, this Court concludes that Criminal Local Rule 57.3(b) applies because Defendant has not yet been sentenced, nor has a judgment been entered.

    To the extent that the 8/26/20 Motion is an appeal from the 6/2/20 Order, it is untimely. Further, even if the appeal was timely, the 8/26/20 Motion does not present any ground to reverse the 6/2/20 Order. This Court has previously set forth the legal standards applicable to an appeal from a magistrate judge's order:

Pursuant to 28 U.S.C. § 636(b)(1) and Criminal Local Rule 57.3(b), a party may appeal to a district judge any pretrial nondispositive matter determined by a magistrate judge. Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge's order may be reversed by the district court only if it is "clearly erroneous or contrary to law." The threshold of the "clearly erroneous" test is high. United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."); see also Thorp v. Kepoo, 100 F. Supp. 2d 1258, 1260 (D. Hawai`i 2000) (the clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed").

[Order Granting the Government's Appeal and Request to Reconsider a Pretrial Matter Determined by the Magistrate Judge, filed 9/5/18 (dkt. no. 310), at 6 (some citations omitted).] Because nothing in the 8/26/20 Motion establishes that the 6/2/20 Order is either clearly erroneous or contrary to law, Defendant has failed to present any ground that warrants the reversal of the 6/2/20 Order.

Even if this Court reviewed the issues presented in the 8/26/20 Motion de novo, this Court would apply the same analysis that the magistrate judge applied in the 6/2/20 Order. This Court would deny the 8/26/20 Motion for the same reasons that the magistrate judge denied the 4/17/20 Motion and the 4/22/20 Motion. Therefore, whether it is construed as an appeal of the 6/2/20 Order or as a separate motion, Defendant's 8/26/20 Motion is DENIED.

IT IS SO ORDERED.

Submitted by: Tammy Kimura, Courtroom Manager