# MINUTE ORDER

CASE NUMBER:        CRIMINAL NO. 17-00101(01) LEK

CASE NAME:          United States v. Anthony T. Williams

JUDGE:   Leslie E. Kobayashi          DATE:          10/14/2020

COURT ACTION:  EO:  COURT ORDER DENYING DEFENDANT'S MOTIONS FOR SUBPOENA DUCES TECUM

    Before the Court are: pro se Defendant Anthony T. Williams's ("Defendant") Motion for Subpoena Duces Tecum, which he filed on August 13, 2020; and the version of the same motion, which was filed on August 20, 2020 by his stand-by counsel (collectively "Motions"). [Dkt. nos. 1066, 1073.] Plaintiff United States of America ("the Government") filed its response to the Motions on August 28, 2020.  Dkt. no. 1077; see also Government's Notice Regarding Def.'s Duplicative Motions for Subpoena Duces Tecum, filed 9/1/20 (dkt. no. 1079).  The Motions request the issuance of subpoenas, which Defendant alleges are necessary to establish that the Government's attorneys and the case agent engaged in witness tampering.  Specifically, Defendant seeks recordings of all of the telephone calls that he has made from the Federal Detention Center in Honolulu since January 1, 2020.

    On March 3, 2020, a jury returned a guilty verdict as to all of the charges against Defendant. [Verdict Form, filed 3/3/20 (dkt. no. 947).]  His sentencing is scheduled for **October 26, 2020, at 2:30 p.m.**

    Federal Rule of Criminal Procedure 17 governs the issuance of pretrial subpoenas. The Ninth Circuit has stated:

> a "pretrial" criminal subpoena can be issued for a sentencing proceeding.  See United States v. Winner, 641 F.2d 825, 833 (10th Cir. 1981).  However, such a right is not unfettered, as the Tenth Circuit explained:
>
>> In such situations, the party seeking production must show: (1) that the information is evidentiary and relevant; (2) that it is not otherwise procurable in advance through the exercise of due diligence; (3) that the party seeking production cannot properly prepare for post-trial motions or sentencing without

>   advance inspection; and (4) that the application is made in good faith and is not simply intended as a general "fishing expedition."
>
>   Id. (citing [United States v.] Nixon, 418 U.S. [683,] 699–700, 94 S. Ct. 3090 [(1974)]). In short, if a pre-sentencing subpoena is sought, the trial court must apply the Nixon factors in the specific context of sentencing.

United States v. Krane, 625 F.3d 568, 574 (9th Cir. 2010).

Defendant states he intends to use the information obtained from the subpoenas in his appeal. [Dkt. no. 1066 at ¶ 5.] Thus, the subpoenas he seeks are not for a post-trial motion or for his sentencing. Defendant previously raised the issue of witness tampering in his motion for judgment of acquittal, and the supplements to that motion. See, e.g., Def.'s "Private Attorney General Anthony Williams Motion for Judgment of Acquittal," filed 3/15/20 (dkt. no. 955), Decl. of Counsel, Exh. A at ¶¶ 201, 306. Defendant's motion for judgment of acquittal, as supplemented, was denied in an August 19, 2020 order. [Dkt. no. 1070.] The subpoenas requested in the Motions therefore do not meet the third Nixon factor. Further, even if Defendant's challenge to his conviction is construed as an argument relevant to his sentencing, issuance of the requested subpoenas would not be warranted under the Nixon analysis.

Defendant states he received "several calls from witnesses who stated they were contacted by the above named culprits who intimidated, coerced or persuaded them to change their testimony at trial." [Dkt. no. 1066 at ¶ 3.] Defendant does not identify which trial witnesses he is referring to. Further, to the extent that these persons previously disclosed information to Defendant during the telephone calls which the Motions seek recordings of, the Motions fail to explain why those persons could not repeat the information directly to Defendant or his stand-by counsel. This Court therefore finds that: the information Defendant seeks in the requested subpoenas could have been obtained through other means, in the exercise of due diligence; and the requested subpoenas are merely "a general 'fishing expedition.'" See Krane, 625 F.3d at 574. Because the second and fourth Nixon factors are not met, it is not necessary to address whether the first Nixon factor is met.

This Court therefore CONCLUDES that the issuance of the requested subpoenas are not warranted and DENIES the Motions.

   IT IS SO ORDERED.

Submitted by: Tammy Kimura, Courtroom Manager