KENJI M. PRICE               #10523
United States Attorney
District of Hawaii

KENNETH M. SORENSON
GREGG PARIS YATES        #8225
Assistant United States Attorneys
United States Attorney's Office
300 Ala Moana Boulevard, Ste. 6-100
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
E-Mail:     Ken.Sorenson@usdoj.gov
            Gregg.Yates@usdoj.gov

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | CR. NO.  17-00101 (LEK) |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S RESPONSE TO |
| vs. | ) | DEFENDANT'S MOTION TO |
| | ) | RECONSIDER BOND; |
| ANTHONY T. WILLIAMS, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION TO RECONSIDER BOND

Pursuant to the Order of this Court, dated October 7, 2020, ECF No. 1094, the United States respectfully submits this brief in opposition to the defendant's "Motion to Reconsider Bond" (Motion). ECF No. 1089. The defendant is currently in pre-sentence detention, and is scheduled to be sentenced on October 26, 2020, ten (10) days after the filing of this brief. ECF No. 1071. The Motion seeks the defendant's immediate release from pre-sentence detention based upon the claim that the "court denied bail previously based upon the premise that there was still a detainer from the State of Florida," and that the defendant now has proof that "[t]he detainer from Florida is no longer active or valid and the undersigned should be given bail pending sentencing." Mot. ¶¶ 1, 8. The Motion attaches as an exhibit a Bureau of Prisons inmate request form with a handwritten note indicating that the defendant has "NO DETAINERS AT THIS TIME." Mot. Exh. 1.

The Motion must be denied. This Court has repeatedly ruled upon the defendant' demands for pre-sentence release. *See, e.g.*, Order Denying Defendant Anthony Williams' Expedited Emergency Motion for Immediate Relief Due to the Coronavirus Pandemic, ECF No. 972; Order Denying Defendant's Motion for Immediate Release Due to Staff and Inmates Contracting the Coronavirus, ECF No. 1063. The Motion offers no basis for reopening his detention status pursuant Section 3142(f)(2) of Title 18 of the United States Code, or reconsideration of this Court's earlier rulings.

The exhibit relied upon by the Motion regarding the absence of detainers is irrelevant to the defendant's detention, and confuses the basis of the defendant's presence in this District. The defendant was convicted on June 23, 2017 of a felony in the State of Florida and is currently serving a sentence of imprisonment of fifteen (15) years in Florida. Govt Mot. Detain Exhs A-C, ECF No. 34; Order Granting Motion to Detain 2, ECF No. 189. Following his conviction in Florida, this Court issued a writ of *habeas corpus ad prosequendum*, which ordered the defendant to be brought to this District to answer for the charges in the Superseding Indictment. ECF No. 23 (Writ). A writ of *habeas corpus ad prosequendum* is an order from the District Court to bring a prisoner from another jurisdiction immediately into court to testify or for trial. *United States v. Mauro*, 436 U.S. 340, 357 (1978) (citing 28 U.S.C. § 2241(a)). Although the defendant is physically present in this District, the State of Florida has primary jurisdiction over him, which continues without interruption as the defendant awaits sentencing for his conviction in this proceeding on October 26, 2020. *Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991).

There is no detainer lodged against the defendant at the Federal Detention Center in this District because the State of Florida requires no such detainer against a defendant over whom it retains primary jurisdiction. A detainer is merely a "notification filed with the institution in which a prisoner is serving a sentence,

3

advising that he is wanted to face pending criminal charges in another jurisdiction." *Mauro*, 436 U.S. at 359. *See generally* Interstate Agreement on Detainers, 18 U.S.C. App. 2.

The Supreme Court has explained the distinction between the writ of *habeas corpus ad prosequendum* and a detainer:

> Unlike a writ of habeas corpus *ad prosequendum* issued by a federal district court, a detainer may be lodged against a prisoner on the initiative of a prosecutor or law enforcement officer. Rather than requiring the immediate presence of the prisoner, a detainer merely puts the officials of the institution in which the prisoner is incarcerated on notice that the prisoner is wanted in another jurisdiction for trial upon his release. Further action must be taken by the receiving State in order to obtain the prisoner.

*Id.* at 358-59.

In sum, detainers merely provide notice to a primary jurisdiction with custody over a defendant of a claim by another jurisdiction to the defendant following his release. Here, the State of Florida retains primary jurisdiction over the defendant, and needs no detainer to place the United States on notice of its claim upon the defendant's sentencing. By the terms of the writ, the defendant is to remain with the U.S. Marshals Service "until termination of the criminal charges now pending against the defendant." Writ of *Habeas Corpus ad Prosequendum* 2, ECF No. 23; *see also Taylor v. Reno*, 164 F.3d 440, 444 (9th Cir. 1998) ("Because [the defendant] was still in state custody at the time the district court imposed [his]

4

federal sentence, the district court did not have the authority to order [the defendant] into federal custody to commence his federal sentence.").

In light of the forgoing, there is no basis for reopening the defendant's detention status or reconsidering the Court's earlier rulings on this subject.

## CONCLUSION

In light of the foregoing, the government respectfully requests that the Court deny the Motion.

DATED: October 16, 2020, at Honolulu, Hawaii.

KENJI M. PRICE
United States Attorney
District of Hawaii


By */s/ Gregg Paris Yates*
KENNETH M. SORENSON
GREGG PARIS YATES
Assistant United States Attorneys

5

## CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

Served Electronically through CM/ECF:

    Lars Isaacson, Esq.
    hawaii.defender@earthlink.net

    Standby Attorney for Defendant
    ANTHONY T. WILLIAMS

Defendant served by First Class Mail:

    Anthony T. Williams
    Register No. 05963-122
    Inmate Mail
    FDC Honolulu
    PO Box 30080
    Honolulu, HI 96820

    DATED: October 16, 2020, at Honolulu, Hawaii.

                                      */s Melena Malunao*
                                      U.S. Attorney's Office
                                      District of Hawaii