IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:17-cr-00101-LEK-1 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ANTHONY T. WILLIAMS, | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER BAIL (ECF NO. 1089)**

Defendant Anthony Williams ("Defendant") filed a Motion to Reconsider Bail ("Motion"), which seeks immediate release from pre-sentence detention based upon Defendant's claim that the "court denied bail previously based upon the premise that there was still a detainer from the State of Florida," and that the Defendant now has proof that "[t]he detainer from Florida is no longer active or valid and the undersigned should be given bail pending sentencing." ECF No. 1089 at ¶¶ 1, 8. The Motion includes as an exhibit a Bureau of Prisons inmate request form with a handwritten note indicating that the Defendant has "NO DETAINERS AT THIS TIME." ECF No. 1089-1.

1

This Court has repeatedly ruled upon the Defendant' demands for pre-sentence release. *See, e.g.*, ECF Nos. 972, 1063.  The "new" information Defendant provides – that his Florida detainer is no longer active – does not change the Court's prior analysis or conclusion regarding detention.  As previously stated by the Court, because Defendant appeared in the District of Hawaii on a *writ of habeas corpus prosequendum* from the State of Florida, the Court could not release Defendant, but could at best transfer Defendant to a Florida state facility.  This is the case regardless of whether the State of Florida has lodged a detainer against Defendant at the Federal Detention Center.  Likewise, the Court's previous analysis of the Section 3142(g) factors remains applicable, and require Defendant's detention.  Accordingly, the Court DENIES Defendant's Motion to Reconsider Bail.

**IT IS SO ORDERED.**

Kenneth J. Mansfield
United States Magistrate Judge