KENJI M. PRICE   #10523
United States Attorney
District of Hawaii

KENNETH M. SORENSON
GREGG PARIS YATES   #8225
Assistant United States Attorneys
United States Attorney's Office
300 Ala Moana Boulevard, Ste. 6-100
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
E-Mail:   Ken.Sorenson@usdoj.gov
          Gregg.Yates@usdoj.gov

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | CR. NO. 17-00101 (LEK) |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S RESPONSE TO |
| vs. | ) | DEFENDANT'S MOTION FOR |
| | ) | VARIANCE/SENTENCING |
| ANTHONY T. WILLIAMS, | ) | MEMORANDUM; CERTIFICATE |
| | ) | OF SERVICE |
| Defendant. | ) | |
| _____ | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR VARIANCE/SENTENCING MEMORANDUM

The government respectfully submits this brief response to the Defendant's Motion for Variance/Sentencing Memorandum (Motion) to respond to the Motion's characterization of the trial evidence as it applies to the sentencing adjustment for obstruction of justice pursuant to U.S.S.G. 3C1.1.

The Motion argues that the obstruction of justice adjustment should *not* apply on at least one of the grounds stated in the Presentence Report: namely that "the defendant testified [falsely] that only the Laforteza[ family] retained [his company, Mortgage Enterprise Investments (MEI)] for mortgage reduction assistance, and MEI's other Hawaii clients hired MEI for mortgage foreclosure assistance."  Motion 4, citing PSR 55.  The PSR found that the defendant's testimony was false based upon the trial testimony of several victims that they were not in foreclosure at the time they signed up for MEI.  *Id.*

The Motion factually disputes the PSR's finding that the defendant's testimony was false.  The Motion argues that that, to the contrary, at least victims Loreen Troxel, Nelson Madamba, and Julita Asuncion testified falsely that they were not in foreclosure when they signed up for MEI.  Motion 4-5.  The Motion argues that Troxel, Madamba, and Asuncion all went into foreclosure in 2014, but did not sign MEI mortgages until 2015.  *Id.*  The Motion asks this Court to infer from the 2015 dates on their MEI mortgages that Troxel, Madamba, and Asuncion did not become MEI clients until 2015, after they went into foreclosure in 2014.

Therefore, the Motion asserts, "[t]hese records show that these witnesses' testimonies were not correct, and Mr. Williams' allegedly contradictory testimony does not constitute a proper basis for an obstruction of justice enhancement." *Id.*

The Motion re-litigates facts that were firmly established at trial. Troxel, Madamba, and Asuncion testified that they became MEI clients in 2013, and only went into foreclosure after followed Williams's instruction to stop making service payments; additional MEI documents corroborate the dates the victims became clients of the defendant. The Motion's purported evidence does contradict this.

Loreen Troxel testified that she paid her previous mortgage servicer, Ocwen, before she signed up for MEI and Williams instructed her to stop paying her mortgage. Exh. A (Troxel Trial Tr. 12:24-13:7). As part of the MEI process, Troxel signed an MEI application and a UCC financing statement was recorded for her at the Bureau of Conveyances; both documents are dated 2013. Exh. B (GX 806 MEI application p. 1); Exhs. C (GX 206 Troxel UCC financing statement).

Nelson Madamba testified that he hired Williams in May 2013, and that he stopped paying his Quicken loans mortgage payments because Williams directed him to. Exh. D (N. Madamba Trial Tr. 12:15-23; 15:18-16:11). The Madambas' MEI application confirms that they signed up for MEI in 2013. Exh. E (GX 504 Madamba application) (dated May 26, 2013).

Finally, Julita Asuncion testified that she signed up for MEI around the time that MEI recorded her UCC financing statement with the Bureau of Conveyances, in September 2013. Exh. F (Asuncion Trial Tr. 20:19-21:24); Exh. G (GX 200 Asuncion UCC financing statement). Asuncion also testified that she was current with her mortgage payments before starting with MEI, but stopped paying her mortgage on Williams's instructions. Exh. F (Asuncion Trial Tr. 16:19-17:11).

In sum, the testimony of these witnesses that they retained Williams and MEI in 2013, before they went into foreclosure in 2014, was corroborated by admitted exhibits at trial. Contrary to the Motion's assertions otherwise, the existence of MEI documents bearing a 2015 date does not contradict this proposition. Therefore, the PSR's finding that Williams testified falsely that all his clients except the Lafortezas were already in foreclosure when they hired him—as opposed to falling into foreclosure as a result of following his advice—is unrebutted. The obstruction of justice adjustment pursuant to 3C1.1 should apply.

DATED: October 25, 2020, at Honolulu, Hawaii.

KENJI M. PRICE
United States Attorney
District of Hawaii

By /s/ Gregg Paris Yates
KENNETH M. SORENSON
GREGG PARIS YATES
Assistant United States Attorneys

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following by the method indicated on the date of filing:

<u>Served Electronically through CM/ECF:</u>

    Lars Isaacson, Esq.
    hawaii.defender@earthlink.net

    Standby Attorney for Defendant
    ANTHONY T. WILLIAMS

Defendant served by First Class Mail on October 26, 2020:

    Anthony T. Williams
    Register No. 05963-122
    Inmate Mail
    FDC Honolulu
    PO Box 30080
    Honolulu, HI 96820

    DATED:  October 25, 2020, at Honolulu, Hawaii.


                                      */s/ Gregg Paris Yates*
                                      U.S. Attorney's Office
                                      District of Hawaii