# MINUTES

| | |
|---|---|
| CASE NUMBER: | CRIMINAL NO. 17-00101 LEK |
| CASE NAME: | USA vs. Anthony T. Williams |
| ATTYS FOR PLA: | Gregg Paris Yates<br>Kenneth M. Sorensen |
| ATTYS FOR DEFT: | Pro se (by video conference)<br>Lars Isaacson, stand by counsel |
| USPO: | Darsie Ing-Dodson |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | REPORTER: | Debi Read |
| DATE: | 10/26/2020 | TIME: | 1:35 PM - 3:20 PM |

COURT ACTION:   EP: Sentencing to Counts one (1) through thirty-two (32) of the Superseding Indictment as to defendant Anthony T. Williams  held.

Defendant Anthony T. Williams present,  in custody via video teleconference.

All other parties present in the courtroom.

The defendant was asked by the court about consenting to proceed by video conference, and he *consented*.  The court made the finding pursuant to Section 15002(b)(2) of the Coronavirus Aid Relief and Economic Security Act, also known as the CARES Act that the sentencing hearing under Federal Rule 11 of FRCP cannot be conducted in person without seriously jeopardizing public health and safety. The Court further finds the following specific reasons exist that this sentencing for the defendant, Anthony T. Williams, cannot be further delayed without serious harm to the interest of justice; thus the hearing must be conducted by Mr Williams appearing by video teleconference.

 First, on October 9, 2020, the Chief Judge of the District of Hawaii made the appropriate findings as required under the CARES Act that the change of plea and sentencing hearings cannot be conducted in person without seriously jeopardizing public health and safety.

 Two, on October 9, 2020, the Chief Judge of the District of Hawaii issued a

temporary general order limiting in-court hearings and delaying jury trials until November 15, 2020, because of the COVID-19 pandemic.

Three, the State of Hawaii Governor David Ige issued his 14th proclamation related to the COVID-19 emergency and extended mandatory self-quarantine for inter-island and out-of-state travelers and also providing a negative test exemption as of October 15, 2020.

The Court concludes that this sentencing hearing cannot be further delayed without serious harm to the interest of justice. If the Court were to delay this hearing until it could be held in person, it would add to the backlog of the criminal and civil cases facing the court when normal operations resume. With regard to this specific case, the sentencing cannot be further delayed without serious harm to the interest of justice because the defendant is in custody at FDC Honolulu and is subject to mandatory quarantine when leaving the facility.

Defendant was found guilty by a jury on March 3, 2020 to Counts one (1) through fifteen (15) and sixteen (16) through thirty-two (32) of the Superseding Indictment

Parties have reviewed the Presentence Report, Court overrules the Defendant's Objections. The Presentence Report is placed in the record under seal.

Court findings made as to the applicable sentencing guidelines. Court adopts the factual findings of the PSR.

Court notes the aggravating and mitigating factors related to Defendant's Sentencing.

Recommendations by counsel as to proposed sentence heard.

Victims R.T. and E.G. addresses the Court.

Allocution by Defendant

Court's proposed sentence stated. No legal objections to the proposed sentence. Court imposes sentence:

SENTENCE:

IMPRISONMENT: TWO HUNDRED FORTY (240) MONTHS as to each of counts 1 through 32, to run concurrently; and consecutively with Florida Case No. 17-000074CF10A.

SUPERVISED RELEASE: THREE (3) YEARS as to each count to run concurrently.

RESTITUTION: $230, 527.13

SPECIAL ASSESSMENT: $3200.00 ($100.00 per count)

Conditions of Supervised Release:

You must abide by the mandatory and standard conditions of supervision, including the following conditions:

You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision. (mandatory condition) **- WAIVED -**

You must cooperate in the collection of DNA as directed by the probation officer. (mandatory condition)

You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you are released, unless the probation officer instructs you to report to a different probation office or within a different time frame. (standard condition)

You must abide by the following special conditions:

1. You must participate in a mental health assessment, and any recommended treatment in a mental health program, and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (such as provider, location, modality, duration, and intensity).

2. Restitution of $230,527.13 is due as specified in PSR Attachment A. Any unpaid balance is to be paid during the period of supervision in monthly installments of 10% of your gross monthly income, commencing 30 days after the start of supervision. The court may order that this requirement be changed from time to time as your circumstances warrant, but no court order shall be required for your voluntary agreement to pay more than the court-ordered amount. Interest is waived. Payments must be made by payroll deduction, when applicable. You must notify the probation officer of any change in your financial circumstances that affect your ability to pay. Your financial circumstances must be reviewed by the probation officer on at least an annual basis. The victims' recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victims receive full restitution.

3. You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

4. You must apply all monies received from income tax refunds, lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation, at the discretion and direction of the court.

5. You must not incur new credit charges, or open additional lines of credit, or apply for any loans without the prior approval of the probation officer. You must not borrow money or take personal loans from any individual without the prior approval of the probation officer.

6. You must maintain a single personal bank account, separate and apart from your spouse, any family members or others, into which all income, financial proceeds, and gains must be deposited and from which all expenses must be paid.

7. You must provide the probation officer with a signed release authorizing credit checks and an accurate financial statement, with supporting documentation, as to all of your sources and amounts of income, all of your expenses, and any business you own, in whole or in part.

8. You must provide the probation officer with access to any and all business records, financial records, client lists, and other records, pertaining to the operation of any business you own, in whole or in part, as directed by the probation officer.

9. You must not be employed in any position that requires licensing and/or certification by any local, state, or federal agency without the prior approval of the probation officer. You are specifically prohibited from practicing law without the prior approval of the probation officer. You must not represent yourself as a "Private Attorney General," a "lawyer," an "attorney," a government employee, or a law enforcement officer.

10. You must disassociate yourself from The Common Law Office of America, Mortgage Enterprise Investments, and Mortgage Enterprise, and not have any contact with any principals, associates, and/or employees of these businesses. Should any of your family members work for these businesses, you must reside at another residence separate and apart from those family members.

11. You must submit your person, property, house, residence, vehicle, papers, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

Defendant advised of his right to appeal within 14 days of entry of judgment.

JUDICIAL RECOMMENDATIONS: Designation to a facility in the Atlanta area to be in close proximity to family.

Mittimus forthwith.

Defendant remains in custody.

Submitted by: Rachel Sharpe/Agalelei Elkington, Courtroom Manager