# MINUTE ORDER

CASE NUMBER:      CRIMINAL NO. 17-00101(01) LEK

CASE NAME:        United States v. Anthony T. Williams

JUDGE:   Leslie E. Kobayashi            DATE:        05/29/2021

COURT ACTION:  EO:  COURT ORDER DENYING DEFENDANT'S MOTION TO SHOW UNREASONABLENESS OF GOVERNMENT'S RETENTION OF BADGE, HANDCUFFS AND PRIVATE ATTORNEY GENERAL IDENTIFICATION CARD

On February 23, 2021, Defendant Anthony T. Williams ("Williams") filed a Motion to Show Unreasonableness of Government's Retention of Badge, Handcuffs and Private Attorney General Identification Card ("Motion").  [Dkt. no. 1168.]  Williams filed the Motion pro se, although he is represented by Deanna Dotson, Esq., for purposes of his appeal.  Plaintiff the United States of America ("the Government") filed its response to the Motion on March 19, 2021.  [Dkt. no. 1172.]

The crux of Williams's Motion is that the Government's continued retention of his badge, his handcuffs, and a card identifying him as a Private Attorney General is unreasonable, and therefore the Government should be required to show why its continued retention of these items is necessary.  These arguments are essentially the same as the arguments that Williams raised in his Motion for Return of Property, which he filed pro se on November 6, 2020 ("11/6/20 Motion").  [Dkt. no. 1124.]  Williams's 11/6/20 Motion was denied in an entering order filed on January 26, 2021 ("1/26/21 EO").  [Dkt. no. 1165.]  In the 1/26/21 EO, this Court stated that Williams had the burden to establish that the Government's continued retention of the items at issue in the 11/6/20 Motion – which included the badge, handcuffs, and identification card at issue in the current Motion – was unreasonable.  [Id. at 2 (citing United States v. Van Cauwenberghe, 827 F.2d 424, 433 (9th Cir. 1987); Fed. R. Crim. P. 41 advisory committee's note to 1989 amendments).]  The 1/26/21 EO stated that the denial of the 11/6/20 Motion was without prejudice to Williams filing a new Fed. R. Crim. P. 41(g) motion which established that the Government's continued retention of the items is unreasonable.

Because the current circumstances of this case are the same as the circumstances at the time of the 1/26/21 EO, Williams fails to meet his burden in the instant Motion for the same reasons that the 11/6/20 Motion failed.  Williams's current Motion is therefore DENIED, WITHOUT PREJUDICE to the filing of a future Rule 41(g) motion, if warranted by a change in the circumstances of this case.

The Clerk's Office is DIRECTED to send Williams a copy of this entering order.

IT IS SO ORDERED.

Submitted by:  LEK LC1